UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,

    Defendants.

Case No.:

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Aaron Greenspan ("Plaintiff") commences this litigation seeking injunctive relief and damages against Defendants Diego MasMarques, Jr., Sergei Igorevich Kudriavtsev, and Mediolex Ltd., which have for years knowingly conspired to damage his reputation. Plaintiff seeks: (1) an Order requiring Defendants Kudriavtsev and Mediolex Ltd. to immediately delete false and libelous posts involving Plaintiff from the website they control at https://www.complaintsboard.com ("ComplaintsBoard"); (2) an Order requiring Defendants Kudriavtsev and Mediolex Ltd. to identify the IP address and e-mail address of the author associated with each deleted post; (3) an Order requiring the United States Department of Homeland Security and Federal Bureau of Investigation to expunge any record of the temporary restraining order(s) entered against Plaintiff based upon Defendant MasMarques's false pretense, that Plaintiff owned a "weapon"; and (4) a permanent injunction enjoining all Defendants from authoring and/or publishing, on any medium including but not limited to ComplaintsBoard,

1

additional posts that describe Plaintiff, Plaintiff's family members, Plaintiff's friends, or Plaintiff's co-workers in any of the specific ways already described in the Complaint in this action.

## I. INTRODUCTION

Plaintiff submits this memorandum of points and authorities in support of his Motion for a Temporary Restraining Order and Preliminary Injunction. An injunction and the associated Orders requested will prevent further irreparable harm to Plaintiff's reputation, Plaintiff's ability to freely travel, and given Plaintiff's work promoting public access to judicial documents, are in the public interest.

## II. FACTUAL BACKGROUND

Plaintiff is the founder of PlainSite, a website at https://www.plainsite.org that makes public records, including millions of court documents, easily and freely accessible. As described in the Complaint, Defendant Diego MasMarques, Jr.'s criminal court records are available on PlainSite. Despite this fact, Defendant MasMarques denies that he has any criminal history and has gone to incredible lengths to make this wish a seeming reality, by endeavoring to erase any record of his crimes. Since Plaintiff has steadfastly refused to accede to Defendant MasMarques's demands, Defendant MasMarques has made use of ComplaintsBoard, a gripe site and criminal enterprise based in Latvia and the Russian Federation that targets Americans, to smear Plaintiff's reputation in the hope of extorting a revised decision on his privacy requests. ComplaintsBoard is owned by Defendant Mediolex Ltd. The ultimate beneficial owner of Mediolex Ltd. is Defendant Sergei Igorevich Kudriavtsev, who, like Defendant MasMarques, has used a number of aliases over the years to shield his criminal activities from public scrutiny.

Defendant MasMarques has in the past denied using ComplaintsBoard.  His denials do not hold up to even basic scrutiny.  Several of the e-mail addresses used to communicate death threats and other threats to Plaintiff are already registered with ComplaintsBoard, as evidenced by the fact that an attempt to sign up for a new ComplaintsBoard account with those e-mail addresses is denied because they are already in use.  In addition, Defendant MasMarques has been uniquely linked to false and libelous posts on ComplaintsBoard through his former Comcast IP address.  Comcast responded to a 2018 subpoena issued by the Middlesex County District Attorney's Office regarding that IP address.  The Comcast account the IP address was registered to during the relevant timeframe in June 2018 was registered to Mary MasMarques, Defendant MasMarques's wife, who lives at the same residential address as Defendant MasMarques, which is the same mailing address on the account.  In addition, Defendant MasMarques is linked to similar posts targeting Plaintiff on another website (now offline) because he inadvertently included his unusual Mac OS username, "tech," in at least one of those posts, which he admitted to in open court in the Superior Court of Santa Clara County in 2019.

The posts in question make claims about Plaintiff that are libelous *per se*, such as the false allegations that Plaintiff was arrested for possession of child pornography; that Plaintiff is a tax cheat; that Plaintiff runs or ran a "fraudulent" 501(c)(3) non-profit organization; that Plaintiff extorts people; that Plaintiff charges thousands of dollars to have posts removed from PlainSite; that Plaintiff batters women; that Plaintiff seduces children; that Plaintiff has made harassing phone calls; and that Plaintiff's family members are part of a vast conspiracy.  Many of the posts focus on the fact that Plaintiff is Jewish; at least one even named Plaintiff's parents' former synagogue around the time that news headlines discussed the Tree of Life synagogue shooting in Pittsburgh.  Across the internet, the posts number in the thousands.  Given Defendant

MasMarques's criminal history and the content of these posts, Plaintiff considers Defendant MasMarques to be dangerous and considers these posts to be an immediate threat to his and his family's safety. Plaintiff has come to this Court reluctantly after years of attempting to convince criminal law enforcement to take the threat posed by Defendants seriously.

Plaintiff does not own a gun a never has. Defendant MasMarques was able to secure a number of temporary restraining orders against Plaintiff pending the outcome of Plaintiff's request for a "permanent" restraining order against MasMarques—which was eventually granted—based on the false representation to the Superior Court of Santa Clara County that Plaintiff owned a "weapon," which the form clarified meant "gun." The record of these baseless temporary restraining orders in criminal law enforcement databases has repeatedly interfered with Plaintiff's ability to travel freely.

### III.   ARGUMENT

#### A.   Legal Standard

Plaintiff meets the standard for temporarily injunctive relief, which is the same as the standard for a preliminary injunction. "A motion for a temporary restraining order is evaluated by the same four factors as a motion for a preliminary injunction, namely: 1) the likelihood that the movant will succeed on the merits, 2) whether the movant is likely to suffer irreparable harm in the absence of preliminary relief, 3) the balance of the equities and 4) whether an injunction is in the public interest. *Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *see Commerce Bank & Trust Co. v. Prop. Adm'rs, Inc.*, 252 F. Supp. 3d 14, 16 (D. Mass. 2017) (applying factors to motion for temporary restraining order)." *Snell v. Descoteaux*, Case No. 1:20-cv-12093-NMG (D. Mass. November 10, 2022).

### B.     Plaintiff Is Likely To Prevail On The Merits Of His Libel Claim

It is difficult to argue that the posts in question in this action are anything but libel. Massachusetts law requires a showing of four elements to establish a claim of libel: that "[t]he defendant made a statement, concerning the plaintiff, to a third party"; (2) that the statement was defamatory such that it "could damage the plaintiff's reputation in the community"; (3) that "[t]he defendant was at fault in making the statement"; and (4) that "[t]he statement either caused the plaintiff economic loss ... or is actionable without proof of economic loss." *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012) citing *Ravnikar v. Bogojavlensky*, 438 Mass. 627, 782 N.E.2d 508, 510-11 (2003).

#### 1.     The Statements About Plaintiff Were Published On Gripe Sites To Third Parties

There can be no dispute that the statements in this action are "of and concerning the plaintiff." *Lawless v. Estrella*, 160 N.E.3d 1253, 1257 (Mass. App. Ct. 2020).  Defendant MasMarques has a pathological obsession with describing Plaintiff using his full legal name, including Plaintiff's middle name which Plaintiff rarely uses.  Therefore, "Aaron Jacob Greenspan" is peppered throughout the posts on ComplaintsBoard, making extremely clear who the smears are targeted at.  The statements have been read by thousands of third parties, including some third parties who have been inspired to author similar statements of their own, which has led to additional damage and resulting litigation.

#### 2.     Plaintiff's Reputation Has Been Severely Damaged

Plaintiff and Plaintiff's family members have received dozens, if not hundreds, of communications from third parties exposed to Defendants' false and libelous publications, making threats, jeers, and various harassing statements.  Plaintiff has filed numerous police reports as a result.  Despite a college degree from Harvard College granted with Advanced

5

Standing and a fellowship at Stanford Law School as a CodeX Fellow, Plaintiff still routinely faces skepticism and doubt from individuals who have performed a routine Google search on his name and found posts authored by Defendant MasMarques.  Numerous websites created by a third party indirectly cite to Defendant MasMarques's ramblings—copied and pasted from ComplaintsBoard—as "testimony" for the supposed "Victims of Aaron Greenspan Foundation," even though no such entity actually exists.[2]  In 2019, Tesla, Inc. CEO Elon Musk abruptly ended an e-mail interview with Plaintiff on the basis of a ComplaintsBoard post that Musk had found, bizarrely and falsely claiming that Plaintiff drives without insurance coverage.  Furthermore, Plaintiff's ability to raise funding for his company in Silicon Valley has been severely constrained by the sheer volume of false information deliberately made available by Defendants, which would naturally arise in a due diligence process.

Allowing these posts to continue being available serves no purpose except to harm Plaintiff, and would continue to irreparably harm his reputation in the community.

### 3.     Defendants Are At Fault

The vast majority of the statements authored by Defendant MasMarques about Plaintiff that are still available on the internet are available because they are on ComplaintsBoard, which boasts of its disdain for United States law.  ComplaintsBoard is operated by Defendants Kudriavtsev and Mediolex Ltd.  As discussed, Defendant MasMarques has been tied to the posts about Plaintiff in three different ways: (1) his IP address; (2) his own admission in another court

---

[2] *See*, for example, http://www.plainshit.org, one of several websites derived from Defendants' publications now asking the public to submit information that does not actually exist concerning Plaintiff's purported involvement in "harassment, intimidation, extortion, sexual harassment, identity theft, or cyberstalking."

regarding his Mac OS username; and (3) the fact that several of his known e-mail addresses are already registered with ComplaintsBoard.  There is no question that Defendants are at fault.

### 4. The Statements Are Actionable Without Proof Of Economic Loss

There is no need to prove economic loss given statements at issue here.  Defendant MasMarques has repeatedly stated that Plaintiff should be forced to take Haldol, which is used to treat mental illness such as schizophrenia, and that Plaintiff should be forced to be involuntarily committed to a psychiatric ward.  He has also repeatedly stated that Plaintiff commits a wide variety of crimes, from tax fraud to statutory rape.  These types of statements are libelous *per se*.  *See Albright v. Morton*, 321 F. Supp. 2d 130, 137 (D. Mass. 2004) (noting that mischaracterizing individuals as homosexual was once "defamatory *per se*" because "such a statement imputed criminal conduct").  Furthermore, Defendants have attempted to convince readers that PlainSite, a business run by Plaintiff, extorts individuals who wish to have their records suppressed or removed.  "Statements that damage a business reputation are actionable without proof of economic loss.  *MacDonald v. Jacobs*, 171 N.H. 668, 674 (2019)."  *Krishnan v. Blueprint Healthcare LLC*, Case No. 1:19-cv-11708-DJC (D. Mass. September 17, 2021).

### C. Plaintiff Will Suffer Immediate and Irreparable Harm Without Injunctive Relief

When members of the public read the false information on ComplaintsBoard that Plaintiff has been arrested on child pornography grounds, or that he extorts people, or that he committed tax fraud, or that he caused his brother's [inherited] disability, or that he is suspected of sexual assault, or of attempting to lure minors into abusive relationships, or any number of other outrageous and false allegations currently visible on ComplaintsBoard, Plaintiff is harmed.  Even Plaintiff's maternal aunt, a real estate agent, has been harmed, because her prospective clients have found "reviews" about her business on ComplaintsBoard that have no basis in fact

7

whatsoever.  Similarly, Plaintiff's father has been harmed and humiliated before his colleagues because of his name being repeatedly discussed by Defendant MasMarques on ComplaintsBoard.  This must stop, and injunctive relief is the most reasonable way to make it stop.  There is no other adequate remedy at law.

> D. **The Public Will Suffer Immediate and Irreparable Harm If An Order Is Not Entered**

Plaintiff is not asking this Court to enter an injunction that would constitute a prior restraint of speech in violation of the First Amendment.  Plaintiff encourages anyone—even Defendants—to discuss his work involving PlainSite *in a factual and accurate manner*.  Plaintiff has asked for a narrow injunction that specifically limits the type of false and defamatory speech *already made*, for years, by Defendants.  Simply put, there is nothing "prior" about such a request especially given that Plaintiff has already suffered the consequences of these statements for so long.

Even if the Court determines Plaintiff's request to amount to a prior restraint, however, "If the party seeking the injunction can establish that 'the evil that would result from [the offending publication] is both great and certain and cannot be mitigated by less intrusive measures,' a prior restraint may be imposed.  *CBS, Inc. v. Davis*, 510 U.S. 1315, 1317, 114 S.Ct. 912, 127 L.Ed.2d 358 (1994)…" *Sensitech, Inc. v. LimeStone FZE et al*, 487 F. Supp. 3d 66, 70 (D. Mass. 2020).  Here, Defendants' statements are intended to ultimately limit access to judicial records, which actually does harm the public and flies in the face of the First Amendment.  This is especially so given that Defendant MasMarques has sought to directly contravene the spirit of this Court's and the First Circuit's orders denying his motions to seal or expunge his records, as discussed in the Complaint.  As Judge Wolf wrote in his order denying Defendant MasMarques's 2015 motion, which Plaintiff has effectively been forced to continue litigating with this action,

8

"[T]he presumptive public right of access to court records is not outweighed solely because the record has an adverse effect on the defendant's livelihood, as such rule would vitiate the presumptive public right of access." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW at 6 (D. Mass. September 22, 2015).

### IV.   CONCLUSION

Plaintiff Aaron Greenspan seeks an injunction to prevent Defendants from furthering the harm they have caused, and Orders that would require the removal of the offending content, the identification of its author(s) to the extent reasonably possible, and the expungement of the record of the temporary restraining orders caused by Defendant MasMarques's false representations.  Such an injunction would not violate the First Amendment, and would in fact further its aims.  Plaintiff accordingly respectfully requests that the Court grant him a temporary restraining order, enter the other Orders requested, and grant the preliminary injunctive relief sought in his Complaint.

Dated: January 18, 2023            Respectfully submitted,

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org