## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

**AARON GREENSPAN**,

     Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,

    Defendants.

</td><td>

Case No.:

</td></tr>
</table>

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS KUDRIAVTSEV AND MEDIOLEX LTD.

Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), Plaintiff Aaron Greenspan hereby respectfully requests that he be permitted to effectuate service on Defendants Sergei Igorevich Kudriavtsev[1] and Mediolex Ltd. ("Mediolex," and together, "ComplaintsBoard Defendants") using alternative means.  Defendants Kudriavtsev and Mediolex operate a criminal enterprise run from Latvia and the Russian Federation with no known mailing address.  Mediolex is a shell company incorporated in the Seychelles with no physical office.  The website ComplaintsBoard Defendants operate at https://www.complaintsboard.com ("ComplaintsBoard") lists a purported residential address at an apartment building in Riga as its headquarters, but there is reason to believe that no one at that address actually has any connection to Mediolex or

---

[1] Plaintiff has chosen to use the standard English transliteration of the Russian spelling of Defendant Kudriavtsev's name throughout this action.  At various times the same individual's name has been spelled Sergejs Kudrjavcevs, Sergey Kudrjavcev, and Sergeui Kudriavtsev.

Kudriavtsev.  Kudriavtsev himself does not appear to live there; he and Mediolex have provided a variety of different addresses in both the United States and Latvia in different contexts over the years, but it is difficult to know which, if any, is current or valid given that some are shared rental offices in the United States used by his business partners while others are listed on forms filed years ago.  Accordingly, traditional service methods are unlikely to be effective when attempting to serve Defendants Kudriavtsev and Mediolex.

## I.     FACTUAL BACKGROUND

Despite their overseas operations, ComplaintsBoard Defendants are not strangers to the United States justice system.  *See* Exhibit A.  By virtue of their operations, ComplaintsBoard Defendants have harmed hundreds if not thousands of Americans who are generally not sophisticated enough or wealthy enough to pierce the veil of secrecy and obfuscation surrounding the web of shell companies, global internet service providers, and Russian freelancers behind the Mediolex extortion engine.  Some have tried, however.  A few of ComplaintsBoard Defendants' victims have filed lawsuits naming Mediolex and Kudriavtsev as Defendants.  More often, the named defendants have been among the variety of aliases and/or nominee contractors used by ComplaintsBoard Defendants to register domain names and provide contact information mandatory under United States law, including but not limited to "Mark Schultz,"[2] "Elizabeth Arden," "Ivonne Wainwright," "Daniel Shu," and "Dzianis Beltyukov."[3]

---

[2] Despite "Mark Schultz" filing a declaration dated April 29, 2010 "under penalty of perjury under the laws of the United States of America" in Arizona District Court Case No. 2:12-cv-00130-SMM, the declaration was signed in Riga, Latvia.  Under oath during a deposition on April 30, 2013, Defendant Kudriavtsev admitted that it was actually him using a "pen name."
[3] Differences in English spelling between Latvian and Russian make it difficult to know if Mr. Beltyukov, the purported Mediolex DMCA Agent registered with the United States Copyright Office, actually exists, let alone has a legitimate connection to Defendant Mediolex.  The Latvian phone number on file with the copyright office is invalid and the listed mailing address is another apartment complex in Riga.

Plaintiffs who have previously pursued litigation against ComplaintsBoard Defendants have spent tens of thousands of dollars to unravel the web of lies, and have still found the enterprise to be a "moving target."

Other courts have previously granted motions for alternative service on these particular defendants.  *Xcentric Ventures LLC v. Mediolex Ltd. d/b/a ComplaintsBoard.com et al*, Case No. 2:12-cv-00130-SMM (D. Ariz. May 24, 2012); *see* Exhibit B.  The physical whereabouts of ComplaintsBoard Defendants remain elusive.

## II.      ALTERNATIVE SERVICE OF PROCESS IS NECESSARY AND PROPER

Service of process through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents is unlikely to be effective because there is no known valid mailing address for either of ComplaintsBoard Defendants.  According to a previous investigation instigated by the plaintiff in *Xcentric Ventures*, "According to the Enterprise Register for the Republic of Latvia, Executive Department, the records maintained by the Register do not contain any information regarding any business with the name 'Mediolex.'"

The Federal Rules of Civil Procedure grant this Court the authority to permit alternative service of process when the Hague Convention cannot be utilized effectively, even if service has not yet been attempted.  Fed. R. Civ. P. 4(f)(3).  "By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email.  Given that the district court was presented with 'an elusive international defendant, striving to evade service of process,' the court acted within its discretion when it authorized alternative service under Rule 4(f)(3)." *AngioDynamics, Inc. v. BIOLITEC AG*, 780 F. 3d 420, 429 (1st Cir. 2015).  This is the situation here.

Given this context, pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests that the Court permit service of the Summons, Complaint, Civil Cover Sheet, Civil Category Sheet, Motion For Leave To File Electronically Via CM/ECF, and this Motion by the following means:

(1) E-mailing the documents as attachments to editor.complaintsboard@gmail.com;

(2) E-mailing the documents as attachments to legal@complaintsboard.com;

(3) Mailing the documents via First Class Mail to Sergei Igorevich Kudriavtsev, Kaivas iela 50 k-5, Unit 108, Riga, LV-1021, Latvia;

(4) Mailing the documents via First Class Mail to Mediolex Ltd., Šmerļa iela 3-216a, Riga, LV-1006, Latvia.

## III.    CONCLUSION

Plaintiff respectfully requests an Order from the Court granting leave to use the alternative service methods described above as regards Defendants Kudriavtsev and Mediolex Ltd. and deeming service effective on those Defendants once the aforementioned documents have been sent as described.


Dated: January 18, 2023                    Respectfully submitted,


Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org