# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN,<br>　　　Plaintiff<br><br>v.<br><br>DIEGO MAS MARQUES, ET AL.,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No.: 1:23-cv-10134-DJC<br>)<br>) |

## <u>DEFENDANT, DIEGO MAS MARQUES' MOTION TO REMOVE DEFAULT</u>

Now comes the defendant, Diego Mas Marques, pursuant to F.R.C.P. 55(c), and moves this Court Vacate the Default entered against him on February 22, 2023.  As grounds for this motion the defendant states the there is "good cause" to vacate the default as follows:

**1. <u>Service of process was faulty / ineffective.</u>**

Pursuant to the plaintiff's "Affidavit of Service", the special process server claims to have served the defendant by "posting the documents in a conspicuous place at the premises".  The time of service on January 27, 2023 is listed at 10:20 a.m.  Photographs attached to the Affidavit of Service, (as Exhibits 1 and 2), show that the documents to be served were left in a stack under a shoe on the defendant's doorstep.  The photographs show that the documents were not in an envelope, or secured to each other in any manner, but rather left in a loose pile.  The plaintiff's Complaint alone consists of 624 pages (See Affidavit of Defendant, Diego Mas Marques).

When the defendant, Mas Marques, returned to his home later in the day on January 27, 2023, he found hundreds of pages of documents blown around his front door.  He also found several hundreds of pages of documents that were scattered along the side yard of his building, and further

into an adjacent playground area behind his apartment (See Affidavit of Defendant, Diego Mas Marques).

The defendant tried to retrieve as many documents as he could, but the documents were in no semblance of order. The defendant does not recall a summons being one of the documents he retrieved from his yard.  The defendant was not aware at that time he was required to file a responsive pleading with this Court (See Affidavit of Defendant, Diego Mas Marques).

The defendant ultimately discovered he was a party to this lawsuit via an online search. When the defendant contacted the Court Clerk's Office to inquire as to the status of the case, he was informed he had been defaulted (See Affidavit of Defendant, Diego Mas Marques).

## 2. **The plaintiff will not be prejudiced.**

The plaintiff will not be prejudiced by a removal of the default at this time.  The Complaint was filed on January 20, 2023. The plaintiff applied for a default immediately. The removal of the default will not result in any unreasonable delay in this matter, or hinder the plaintiff's ability to pursue any claims he has in due course.

Further, there are two other defendants in this matter who also have sited issues with service and are seeking additional time to file responsive pleadings.

## 3. **The Defendant has good faith defenses.**

As set out in the Affidavit of the Defendant, Diego Mas Marques, the defendant has good faith defenses to the claims raised by the plaintiff's Complaint.

## 4. **The matter should be resolved on its merits.**

"Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits, [United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985)]; [Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)]; American & Foreign Ins. Assn. v. Commercial Ins. Co., 575 F.2d

980, 982 (1st Cir. 1978); [United States v. 147 Division St., Located in Woonsocket, R.I., 682 F.

Supp. 694, 697 (D.R.I. 1988)], and with the command of the [c]ivil [r]ules themselves. See

Fed.R.Civ.P. 1 (rules "shall be construed to secure the just . . . determination of every action").

These policy considerations, we suggest, are at their zenith in the [r]ule 55(c) milieu. Early in the

case, as when a default has been entered but no judgment proven, a liberal approach is least likely to

cause unfair prejudice to the nonmovant or to discommode the court's calendar. Cf. Phillips [v.

Weiner, 103 F.R.D. 177, 179 (D. Me. 1984)] (liberality justified under [r]ule 55(c) because entry of

default a clerical act and not a final judgment). In these circumstances, a [trial] court should resolve

doubts in favor of a party seeking relief from the entry of a default. Gross v. Stereo Component

Systems, 700 F.2d 120, 122 (3d Cir. 1983); 147 Division St., 682 F. Supp. at 697."  Coon v.

Grenier, 867 F.2d 73, 76 (1st Cir. 1989). "There is no mechanical formula for determining whether

good cause exists and courts may consider a host of relevant factors." Indigo America, Inc. v. Big

Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). "The three typically considered are (1) whether the

default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a

meritorious defense is presented." Ibid. "[C]ourts may [also] consider other relevant factors,

including '(4) the nature of the defendant's explanation for the default; (5) the good faith of the

parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside the entry

of default].'" Id., quoting KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).

See also 10A Wright, Miller, & Kane, Federal Practice and Procedure §§ 2694-2695 (2016).

The defendant further relies upon the Affidavit of the Defendant, Diego Mas Marques, and

Exhibit "A" thereto.

WHEREFORE, the defendant, Diego Mas Marques, respectfully requests that this Court:

1. Vacate the Default entered against the defendant, Diego Mas Marques, on February 22, 2023.

2. Grant the defendant, Diego Mas Marques thirty (30) days to file a responsive pleading to plaintiff's 624 page Complaint package.

Respectfully submitted,
DIEGO MAS MARQUES,
By his Attorney,

/s/ Joseph E. Phelan
_____
Joseph E. Phelan, Esquire
PHELAN LAW OFFICES, P.C.
738 Main Street
Hingham, MA 02043
(781) 740-5055
BBO# 555305
Dated:  March 1, 2023                       jphelan@southshorelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on March 1, 2023, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Joseph E. Phelan
_____
March 1, 2023                       Joseph E. Phelan, BBO # 555305