UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>   Plaintiff,<br><br>   v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,<br><br>   Defendants. | Case No.: 1:23-cv-10134-DJC |

## PLAINTIFF'S MOTION TO STRIKE ECF NO. 19 AND ECF NO. 20

**I.  Introduction**

Plaintiff Aaron Greenspan ("Plaintiff") hereby moves this Court to strike the documents filed by Defendant Diego MasMarques, Jr.[1] and registered on the docket as ECF No. 19 and ECF No. 20, especially including but not limited to ECF No. 19-1, styled as "Affidavit of Defendant, Diego Mas Marques" and dated March 1, 2023 (the "First Defective Purported Affidavit") and ECF No. 20-2, also styled as "Affidavit of Defendant, Diego Mas Marques" and dated March 3, 2023 (the "Second Defective Purported Affidavit"). These documents are defective and should be struck from the record because 1) ECF No. 19 is completely superseded by the "revised" ECF

---

[1] Defendant MasMarques has spelled his last name in communications to Plaintiff and to various government agencies both with and without a space between "Mas" and "Marques," but far more often without. *Compare* ECF No. 1-6 at 2, ECF No. 1-7 at 3, 4, 7, 8, 24 (without a space) to ECF No. 1-7 at 9, 14, 27 (with a space). For clarity, Plaintiff will use the spelling without a space.

1

No. 20 and should have been withdrawn; 2) ECF No. 20 falsely refers to itself as a motion that Plaintiff "[a]ssented to" when in fact Plaintiff did not assent; 3) both the First Defective Purported Affidavit and Second Defective Purported Affidavit are not actually affidavits; 4) both the First Defective Purported Affidavit and Second Defective Purported Affidavit contain false statements made under penalty of perjury; 5) opposing counsel indicated to Plaintiff that the First Defective Purported Affidavit would be withdrawn as of Friday, March 3, 2023, but then left for "vacation" instead; and 6) neither ECF No. 19 nor ECF No. 20 appears to have been served properly on all parties.

**II.    Procedural History**

The Complaint in this action was filed on January 20, 2023. ECF No. 1. Plaintiff e-mailed Defendant MasMarques the case materials and various forms asking him to waive service the same day, but Defendant MasMarques did not respond. Defendant MasMarques was formally served pursuant to Federal Rule of Civil Procedure 4(e)(1) and Massachusetts Rule of Civil Procedure 4(d)(1) on January 27, 2023. ECF No. 12. The deadline for Defendant MasMarques to file a responsive pleading to the Complaint was February 17, 2023. No response was filed. Plaintiff motioned for the entry of default against all Defendants on February 21, 2023. ECF No. 14. The Court granted the motion the following day. ECF No. 15. On February 22, 2023, the Clerk then entered default against all Defendants. ECF No. 16. On March 1, 2023, counsel appeared for Defendant MasMarques. ECF No. 18. Later that day, Defendant MasMarques filed a "Motion To Remove Default" with an attached purported "affidavit" of Diego MasMarques, Jr. ECF No. 19. Pursuant to Civil Local Rule 7.1(a)(2), Plaintiff contacted opposing counsel about defects in the filing. Opposing counsel did not deny that the First Defective Purported Affidavit lacked the seal of a notary and contained at least one false

statement of fact. *See* Exhibit A. Opposing counsel agreed to withdraw the First Defective Purported Affidavit, but did not. Opposing counsel then indicated that he was leaving for vacation. On March 3, 2023, opposing counsel instead filed a "Revised Motion To Remove Default," falsely referring to itself as having Plaintiff's assent, with a new "affidavit" containing false statements, the Second Defective Purported Affidavit. ECF No. 20. Plaintiff explicitly did not assent to the relief sought in ECF No. 20.

## III.    Argument

In summary, Defendant MasMarques's first two acts in this Court have been to perjure himself and then perjure himself a second time. The numerous defects in the two motions he has filed so far merit their being struck from the record, and there is no need to give Defendant MasMarques a third chance to lie to the Court about his purported reasons for failing to respond.

### A.    ECF No. 19 Is Completely Superseded By ECF No. 20 And ECF No. 20 Falsely States That Plaintiff Assented To The Relief It Seeks

Opposing counsel should have withdrawn ECF No. 19 before filing what is, practically speaking, an errata version of the same motion two days later. Instead, he allowed it to remain on the docket and filed a "revised" motion with the arguably more egregious error of claiming that Plaintiff had "[a]ssented to" that motion when in fact Plaintiff did no such thing. ECF No. 20. While Plaintiff and opposing counsel did discuss the *possibility* that Plaintiff could assent to a revised motion, Defendant MasMarques was ultimately unwilling to meet Plaintiff's reasonable conditions and opposing counsel provided a draft that Plaintiff unambiguously rejected for numerous reasons. *See* Exhibit A. That ended the discussion about assent.

**B.   Both The First And Second Defective Purported Affidavits Lack Notary Seals Or Seals From Any Similar Authority And Do Not Comport With 28 U.S.C. § 1746**

Although both Defective Purported Affidavits appear to be signed by Defendant MasMarques, there is no seal of a notary public or other similar authority affixed to either one. In contrast to a declaration, an affidavit requires the affiant to be sworn before a notary public.[2] It is entirely up to Defendant MasMarques and his counsel how he would like to present his statements before this Court, but if his averments are presented as "affidavits," then they should bear the appropriate and necessary seals.  "An unsworn declaration may take the place of an affidavit where it is subscribed as true subject to 'penalty of perjury,' 28 U.S.C. § 1746." *Rasheed v. D'Antonio*, Case No. 1:10-cv-11253-GAO (D. Mass. August 22, 2012).  Yet the documents here are not styled as "declarations," nor do they comport with 28 U.S.C. § 1746.

While Defendant MasMarques avers that the "above facts" in his "affidavits" are "known *to me* to be true" (emphasis added) this differs from the language of 28 U.S.C. § 1746, which requires language that is "substantially the following form: … the foregoing is true and correct." The difference is one of one man's belief versus shared and agreed-upon knowledge.  Defendant MasMarques has a documented history of mental illness.  *See USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-2 at 5 (noting "you shall be subject to the Special Mental Health Aftercare Condition that requires you to participate in an in-patient or an out-patient mental health program as directed by your U.S. Probation Officer.")  The crux of this case is that

---

[2] *See* the Glossary of Terms on the Court's website at https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf, which defines "Affidavit" as, "A written statement of facts confirmed by the oath of the party making it, *before a notary or officer having authority to administer oaths*" (emphasis added).

just because Defendant MasMarques himself believes something to be true does not mean that it is.

### C. Both The First And Second Defective Purported Affidavits Contain Provably False Statements Of Fact

Like the "unnotarized copy of a false affidavit reciting 'facts' from a year earlier" in *Gerakaris v. Champagne*, both the First and Second Defective Purported Affidavits here contain at least one provably false statement by Defendant MasMarques made under penalty of perjury. 913 F. Supp. 646, 649.

#### 1. Defendant MasMarques <u>Did</u> Make Contact With Plaintiff After March 2018, Which Was Entirely Unsolicited

Specifically, the First Defective Purported Affidavit states, "I have had no further contact with the plaintiff since March of 2018, other than in the course of Court proceedings." This is provably false. Defendant MasMarques e-mailed Plaintiff on September 30, 2021 inexplicably asking for assistance with finding a literary agent and instructing Plaintiff to "Stop mentioning that your *[sic]* Jewish," with no context provided. *See* Exhibit A. At that time, no court proceedings between the parties were ongoing. He e-mailed Plaintiff again on October 4, 2021 asking, "What is the best code for creating a highly secure website?" *See* Exhibit B. Again, no court proceedings were ongoing. Plaintiff did not solicit either of these messages.

### 2. Defendant MasMarques Is An Experienced Litigant Who Was On Notice Of This Action And Fully Aware Of The Need To Respond

In addition, both the First and Second Defective Purported Affidavit state, "I was not aware at that time I was required to file a responsive pleading with this Court."[3] This is almost assuredly false for three independent reasons.

First, on January 20, 2023, Plaintiff e-mailed Defendant MasMarques Adobe Acrobat PDF copies of ECF Nos. 1-6 and 9 (the Summons) in this action as well as Forms AO 398 and 399 in order to provide notice to Defendant MasMarques that he was being sued, as well as an opportunity to waive service. This e-mail was addressed to no fewer than *eight* of the e-mail addresses Defendant MasMarques has used in the past. *See* Exhibit B. Many of those e-mail addresses were fully functional and several messages were delivered successfully with no errors according to Plaintiff's SMTP server logs. Therefore, even if the use of e-mail did not technically fulfill service requirements under Federal Rule of Civil Procedure 4, Defendant MasMarques, who regularly uses e-mail, was likely on notice of the need to respond to the Complaint in this action on or around January 20, 2023, a week before he was formally served.

Second, Defendant MasMarques is not new to civil litigation (or criminal proceedings). He has both represented himself *pro se* and hired attorneys to represent him in civil court. Aside from his legal dealings with Plaintiff, in 1988, 1989, 2009, 2011 (twice), 2012, 2016, and 2019, Defendant MasMarques was the plaintiff in civil cases in both state and federal court where he was required to serve the other party. In 2012, he was the defendant in a civil lawsuit in state court and in 2013, he was the defendant in a civil case in state court which he appealed twice.

---

[3] Based on the writing style and the fact that a draft provided by opposing counsel was created by "Michelle Kulik," who presumably works for opposing counsel, Plaintiff suspects that Defendant MasMarques did not actually write this portion of the document.

*See* Exhibit C.  The notion that it suddenly slipped Defendant MasMarques's mind that he might need to respond to a formal legal complaint he admits he saw scattered across the entrance to his home on January 27, 2023 therefore rings false.

Third, when it comes to Plaintiff, Defendant MasMarques has a notable obsession with service of process.  He discussed this in open court during the restraining order proceedings in Santa Clara County, California.  *See* ECF No. 1-6 at 178, 209, 312.  He has also repeatedly made false statements on social media about Plaintiff being "served."  If Defendant MasMarques is able to comprehend the abstract concept that service should bind another person in litigation—which he clearly does—he should also understand that it binds him as well.

### 3. Defendant MasMarques Has Stalked Plaintiff For Years, As Evidenced By The Confused Jumble Of Irrelevant "Facts" About Plaintiff In His Second Defective Purported Affidavit

Defendant MasMarques's Second Defective Purported Affidavit contains the false and misleading statement, "The plaintiff Aaron Jacob Greenspan filed this matter in his individual capacity, but claims I have damaged his business.  His businesses are separate corporate entities, which include Think Computer Corporation, Think Computer Foundation, a 501(c)(3) under which the plaintiff ran his website plainsite.org from 2011 until May of 2022, and Turing Feynman, LLC, ThinkLink.com."  The statement is false because:

a) Defendant MasMarques states under penalty of perjury that "ThinkLink.com" is a "separate corporate entity" counted among Plaintiff's "businesses."  This is false.  In fact, thinklink.com is a domain name that belongs to Think Computer Corporation, and is not and never has been a "separate corporate entit[y]."  To the extent that Defendant MasMarques seeks to falsely portray Plaintiff as engaging in purported sham transactions using a multitude of entities, this attempt therefore fails.

    b) Defendant MasMarques states under penalty of perjury that "plainsite.org" was run "under" Think Computer Foundation, suggesting that Think Computer Foundation ran it alone. This is false. As described in Complaint ¶ 2, "Think Computer Corporation operates PlainSite." Previously, PlainSite was a joint venture of Think Computer Corporation and Think Computer Foundation. Namely, Think Computer Foundation at one point had an agreement with Think Computer Corporation whereby Think Computer Foundation simply paid for certain legal documents that were posted on PlainSite. Web site hosting expenses from 2013-2016 were also shared between the entities. The prior arrangement is described at https://www.plainsite.org/about/jointventure.html.

    c) Defendant MasMarques states under penalty of perjury that Think Computer Foundation operated PlainSite "until May of 2022." This is false for the reasons described above, and also because Think Computer Foundation ceased to exist on May 12, 2021, as certified on May 19, 2021. *See* Exhibit D.

**D.**     **Counsel Could Have Withdrawn ECF No. 19 On His Own But Failed To Do So And Further Failed To Withdraw The First Defective Purported Affidavit As Promised**

In ECF No. 20, counsel for some reason requested that the Court grant permission to withdraw ECF No. 19. No permission is necessary for a party to withdraw its own filing. Counsel should have withdrawn ECF No. 19 and all of its attachments immediately, but instead chose to delay, promised to do so with regard to ECF No. 19-1, and then failed to do so at all.

**E.**     **Both The First And Second "Motions To Remove Default" Were Not Properly Served On All Parties**

The Certificates of Service attached to both ECF No. 19 and ECF No. 20 state only that "a copy of this document was filed electronically…and thereby delivered by electronic means to

all registered participants as identified on the Notice of Electronic Filing." As ECF No. 17 makes especially clear, not all of the parties in this action are "registered" with CM/ECF. Those parties, namely Sergei Igorevich Kudriavtsev and Mediolex Ltd., must be served with each document in this action, as well. Civil Local Rule 7.1(c). Defendant MasMarques failed to even attempt to serve the documents, and did not designate them as "ex parte."

### IV.     Conclusion

Defendant MasMarques's two "Motion[s] to Remove Default" are not an opportunity for him to lay the groundwork for false narratives that he can invoke later on, nor is there any legitimate excuse for his false statements under oath. Plaintiff therefore respectfully requests that ECF Nos. 19 and 20 be struck from the record, including attachments.


Dated: March 4, 2023               Respectfully submitted,


                                   _____
                                   Aaron Greenspan, *pro se*
                                   956 Carolina Street
                                   San Francisco, CA  94107-3337
                                   Phone: +1 415 670 9350
                                   Fax: +1 415 373 3959
                                   E-Mail: aaron.greenspan@plainsite.org



### **CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that I have conferred with counsel for Defendant Diego MasMarques, Jr. in regards to this motion in a good faith effort to resolve this issue and//or to narrow the issues.


                                   _____
                                   Aaron Greenspan, *pro se*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2023 I filed the foregoing with the Clerk of Court using the CM/ECF system, and delivered true and correct copies of the foregoing to the defendants in this action as follows:

CM/ECF
Diego MasMarques, Jr.
via counsel, Joseph E. Phelan, Esquire

E-Mail
Mediolex Ltd.
legal@complaintsboard.com
editor@complaintsboard.com
editor.complaintsboard@gmail.com

Sergei Igorevich Kudriavtsev
editor@complaintsboard.com
editor.complaintsboard@gmail.com
ivestules@gmail.com

                                                                 Aaron Greenspan