**<u>EXHIBIT A</u>**

Relevant Correspondence With Counsel For Defendant Diego MasMarques, Jr.

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 1, 2023 at 7:55 PM
**To:** Joseph Phelan  jphelan@southshorelaw.com

Mr. Phelan,

I wanted to get in touch pursuant to Civil Local Rule 7.1(a)(2) to let you know that I intend to motion to strike the purported "Affidavit of Defendant, Diego Mas Marques." For one thing, it's not an affidavit. There's no notary seal anywhere. For another, it contains at least one false statement of fact made under penalty of perjury.

Alternatively, you can withdraw it and, if you so choose, file it again properly and without the perjury.

Please let me know what you plan to do.

Regards,

Aaron

PlainSite | https://www.plainsite.org

**From:** **Joe Phelan** jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 2, 2023 at 7:04 AM
**To:** Aaron Greenspan aaron.greenspan@PLAINSITE.ORG

Mr. Greenspan,
    Please let me know which fact(s) contained in the affidavit, and I will verify with my client.
If there is an inaccurate statement contained in the Affidavit I will withdraw it.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

-----Original Message-----
From: Aaron Greenspan [mailto:aaron.greenspan@PLAINSITE.ORG]
Sent: Wednesday, March 01, 2023 10:55 PM
To: Joseph Phelan
Subject: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

I wanted to get in touch pursuant to Civil Local Rule 7.1(a)(2) to let you know that I intend to motion to strike the purported "Affidavit of Defendant, Diego Mas Marques." For one thing, it's not an affidavit. There's no notary seal anywhere. For another, it contains at least one false statement of fact made under penalty of perjury.

Alternatively, you can withdraw it and, if you so choose, file it again properly and without the perjury.

Please let me know what you plan to do.

Regards,

Aaron

PlainSite | https://www.plainsite.org

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 2, 2023 at 7:25 AM
**To:** Joe Phelan  jphelan@southshorelaw.com

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite I https://www.plainsite.org

> Begin forwarded message:
>
> **From:** 56544 <56544@protonmail.com>
> **Subject: Work it out**
> **Date:** September 30, 2021 at 11:11:58 PM PDT
> **To:** "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
> **Reply-To:** 56544 <56544@protonmail.com>
>
> Aaron,
>
> Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.
>
> I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?
>
> Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.
>
> Going to bed.
>
>
>
> Sent with ProtonMail Secure Email.

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG  📎
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 2, 2023 at 7:30 AM
**To:** Joseph Phelan  jphelan@southshorelaw.com

---

Mr. Phelan,

Your client wrote this two hours ago:

https://twitter.com/Giza299792458N/status/1631280870374998018

I am also fairly certain he did not just "find" the article on that gripe site; I believe he wrote it.

Aaron

PlainSite | https://www.plainsite.org



20230302.mas
marques.pdf

Case 1:23-cv-10134-DJC Document ... - (@Giza299792458N) ... Found the following ... Aaron Greenspan ... describes his wrongdoings that he is doing to the public,...





← Tweet



**Giza299792458N**
@Giza299792458N

···

Found the following article about Aaron Greenspan and it describes his wrongdoings that he is doing to the public, when it comes to cyberstalking, doxxing, harassment & destroying people's careers & reputations online with his plainsite.org



cybercrimecomplaints.in

Aaron Greenspan Plainsite.org Think Computer Foundation

X Auto Nonprofit involved in cyberbullying Tesla community is being funded by journalists, Elon Musk responds to the ...

5:10 AM · Mar 2, 2023 · **1** View

       

---

**New to Twitter?**

Sign up now to get your own personalized timeline!

 Sign up with Google

 Sign up with Apple

Create account

By signing up, you agree to the Terms of Service and Privacy Policy, including Cookie Use.

**Relevant people**



**Giza299792458N**          Follow
@Giza299792458N

Entrepreneur AI Robotics Quantum Computers Polyglot

**What's happening**

NHL · Last night
**Hurricanes at Golden Knights**

Trending in United States          ···
#视频爱爱
13.1K Tweets

Entertainment · Trending          ···
**Margot Robbie**
3,021 Tweets

Trending in United States          ···
**#BoycottHersheys**
12.6K Tweets

Trending in United States          ···
**#AlexMurdaghtrial**

Show more

Terms of Service   Privacy Policy   Cookie Policy
Accessibility   Ads info   More ···
© 2023 Twitter, Inc.

**Don't miss what's happening**
People on Twitter are the first to know.

Log in     Sign up

**From:** Joe Phelan  jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 2, 2023 at 3:00 PM
**To:** Aaron Greenspan  aaron.greenspan@plainsite.org

Mr. Greenspan,

      Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.

      I do not agree that a Notary is required.

      Available good faith defenses are but one of the factors to be considered by the Court.

      Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?

      Would you assent to a motion to remove the default?

      Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

      Thank you.

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 10:26 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

> Begin forwarded message:
>
> **From:** 56544 <56544@protonmail.com>
> **Subject: Work it out**
> **Date:** September 30, 2021 at 11:11:58 PM PDT
> **To:** "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
> **Reply-To:** 56544 <56544@protonmail.com>
>
> Aaron,
>
> Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.
>
> I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?
>
> Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.
>
> Going to bed.
>
>
>
> Sent with ProtonMail Secure Email.

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 2, 2023 at 4:59 PM
**To:** Joe Phelan jphelan@southshorelaw.com

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here:
https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

> "Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

> On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> Mr. Greenspan,
>
> > Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
> > I do not agree that a Notary is required.
> > Available good faith defenses are but one of the factors to be considered by the Court.
> >
> > Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the
> default entered against my client?
> > Would you assent to a motion to remove the default?
> >
> > Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to
> Local Rule 7.1(a)(2).
> >
> > Thank you.
>
> Joseph E. Phelan
> Phelan Law Offices, P.C.
> 738 Main Street
> Hingham, MA 02043
> jphelan@southshorelaw.com
> 1-781-740-5055
> 1-781-740-7207 (Fax)
>
>
>
> From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
> Sent: Thursday, March 02, 2023 10:26 AM
> To: Joe Phelan
> Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite I https://www.plainsite.org

> Begin forwarded message:
>
> From: 56544 <56544@protonmail.com>
> Subject: Work it out
> Date: September 30, 2021 at 11:11:58 PM PDT
> To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
> Reply-To: 56544 <56544@protonmail.com>
>
> Aaron,
>
> Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.
>
> I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?
>
> Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.
>
> Going to bed.
>
>
>
> Sent with ProtonMail Secure Email.

**From:** Joe Phelan jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 6:08 AM
**To:** Aaron Greenspan aaron.greenspan@plainsite.org

Mr. Greenspan,

        I take it you will not assent to our motion?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at

all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org


On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org


Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

**From:** Joe Phelan jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 6:31 AM
**To:** Aaron Greenspan aaron.greenspan@plainsite.org

Mr. Greenspan,

I misread your email.

I am on vacation next week.

Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org


On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v.
MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in
the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he
inexplicably asked me to help him find a book agent in September 2021. No court
proceedings involving the two of us were pending at the time and I can't imagine how that
would relate to a court proceeding anyway. The above statement is false. It's also not the
only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe
your client has "good faith defenses," fine. What are they? You can't just have him say "I
believe I have good faith defenses" under penalty of perjury and leave it at that. I personally
don't think he has any good faith defenses so I would oppose your motion on that basis
unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements
on Twitter about me, my family, and my friends. If that does not stop immediately I
will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org


Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

**From:** **Aaron Greenspan**  aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 6:42 AM
**To:** Joe Phelan  jphelan@southshorelaw.com

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite I https://www.plainsite.org

> On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> Mr. Greenspan,
>           I misread your email.
> I am on vacation next week.
>           Would you assent and agree to 28 days for responses?
>
> **Joseph E. Phelan**
> **Phelan Law Offices, P.C.**
> **738 Main Street**
> **Hingham, MA 02043**
> jphelan@southshorelaw.com
> 1-781-740-5055
> 1-781-740-7207 (Fax)
>
>
> ---
>
> **From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
> **Sent:** Thursday, March 02, 2023 8:00 PM
> **To:** Joe Phelan
> **Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
>
> Mr. Phelan,
>
> Thank you.
>
> Please see the definition of "Affidavit" on the court's website here:
> https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf
>
> As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."
>
> As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

76 (1st Cir. 1989).

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.


Sent with ProtonMail Secure Email.

**From:** Joe Phelan  jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 6:55 AM
**To:** Aaron Greenspan  aaron.greenspan@plainsite.org

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
            I misread your email.
I am on vacation next week.
            Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com

1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website
here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):


"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit"

demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org


On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
      Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
      I do not agree that a Notary is required.
      Available good faith defenses are but one of the factors to be considered by the Court.

      Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
      Would you assent to a motion to remove the default?

      Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

      Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)



From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org



Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.


Sent with ProtonMail Secure Email.

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 7:05 AM
**To:** Joe Phelan  jphelan@southshorelaw.com

Mr. Phelan,

You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.

CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.

Aaron

PlainSite | https://www.plainsite.org

> On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> My problem is my schedule.
> I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
> Could we do 3/31?
>
> **Joseph E. Phelan**
> **Phelan Law Offices, P.C.**
> **738 Main Street**
> **Hingham, MA 02043**
> jphelan@southshorelaw.com
> 1-781-740-5055
> 1-781-740-7207 (Fax)
>
>
>
> **From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
> **Sent:** Friday, March 03, 2023 9:42 AM
> **To:** Joe Phelan
> **Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
>
> Mr. Phelan,
>
> Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.
>
> Aaron
>
> PlainSite | https://www.plainsite.org
>
>
> On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> Mr. Greenspan,

I misread your email.
I am on vacation next week.
        Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here:
https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):


"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org


On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not

your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

**From:** Joe Phelan  jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 7:06 AM
**To:** Aaron Greenspan  aaron.greenspan@plainsite.org

Aaron,

      I believe 28 days would be March 31.

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 10:06 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.

CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**

**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        I misread your email.
I am on vacation next week.
        Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website
here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making
it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good
faith" defense to sending pseudonymous death threats or using images from pornography
websites to make up false claims about someone—see *Keegel v. Key West & Caribbean
Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78
(1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which,
proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at
352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer,
defendants here alleged lack of subject matter jurisdiction and denied any
misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at
all, I presume because there are none. Admittedly the hurdle is not high, but you can't just
walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with
an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within
14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible
to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly
filed against him, even if he claims he somehow did not see the Summons itself. Somehow
he knew to respond in 2018 when I first obtained a restraining order against him and he
claimed that there were issues with service in that case as well. Also, he is a seemingly
habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit"
demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,

        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.

        I do not agree that a Notary is required.

        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?

        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 7:13 AM
**To:** Joe Phelan jphelan@southshorelaw.com

Mr. Phelan,

We started this conversation yesterday I believe, you chose to take an extra day to address matters, and your original motion was filed on the 1st, where you also wanted a deadline of March 31.

I think I've made myself clear. A standard Summons—one of which was served on your client—allows 21 days for a response, not 30. Your client also could have avoided all of this if he had responded to my e-mail asking to waive service. He didn't.

Aaron

PlainSite | https://www.plainsite.org

> On Mar 3, 2023, at 7:11 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> Aaron,
>
>         I believe 28 days would be March 31.
>
> **Joseph E. Phelan**
> **Phelan Law Offices, P.C.**
> **738 Main Street**
> **Hingham, MA 02043**
> jphelan@southshorelaw.com
> 1-781-740-5055
> 1-781-740-7207 (Fax)
>
>
> **From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
> **Sent:** Friday, March 03, 2023 10:06 AM
> **To:** Joe Phelan
> **Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
>
> Mr. Phelan,
>
> You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.
>
> CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.
>
> Aaron
>
> PlainSite | https://www.plainsite.org
>
> On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

On Mar 3, 2023, at 8:39 AM, Joe Phelan  jphelan@southshorelaw.com   wrote:

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
         I misread your email.
I am on vacation next week.
         Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques
et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here:
https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it,
**before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good
faith" defense to sending pseudonymous death threats or using images from pornography
websites to make up false claims about someone—see *Keegel v. Key West & Caribbean
Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73,
78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion"
which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*,
*supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed
answer, defendants here alleged lack of subject matter jurisdiction and denied any
misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at
all, I presume because there are none. Admittedly the hurdle is not high, but you can't just
walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with
an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3)
within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not
credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit
plainly filed against him, even if he claims he somehow did not see the Summons itself.
Somehow he knew to respond in 2018 when I first obtained a restraining order against him
and he claimed that there were issues with service in that case as well. Also, he is a
seemingly habitual and compulsive liar, as the fact that you are withdrawing his

"Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
         Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
         I do not agree that a Notary is required.
         Available good faith defenses are but one of the factors to be considered by the Court.

         Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
         Would you assent to a motion to remove the default?

         Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

         Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

**From:** Joe Phelan  jphelan@southshorelaw.com
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 7:45 AM
**To:** Aaron Greenspan  aaron.greenspan@plainsite.org

Mr. Greenspan,

            Thank you for the courtesy.
I will send you an Assented To motion for your review.

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 10:06 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.

CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**

**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
      I misread your email.
I am on vacation next week.
      Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan

**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,

  Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.

  I do not agree that a Notary is required.

  Available good faith defenses are but one of the factors to be considered by the Court.

  Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?

  Would you assent to a motion to remove the default?

  Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

  Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the

only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org



Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

**From:** Joe Phelan jphelan@southshorelaw.com 📎
**Subject:** RE: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 11:41 AM
**To:** Aaron Greenspan aaron.greenspan@plainsite.org

Mr. Greenspan,

     I believe the attached Motion accurately reflects the terms of your agreement to assent.

     If so, please attach your signature and return to my attention at your earliest convenience.

     I attached the Motion and Affidavit that will accompany the Motion as well.

     As I am trying to get out the door for vacation, your prompt response would be appreciated.

     Again, thank you for your courtesy.

     Joe Phelan


**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)


**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 10:06 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.

CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
          I misread your email.
I am on vacation next week.
          Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055

1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit"

habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you know you would

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.


Mtn to Remove Default...to.docx


Memo in Suppor...ult.pdf


Affidavit of Diego....23.pdf

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 12:17 PM
**To:** Joe Phelan jphelan@southshorelaw.com

Mr. Phelan,

This paragraph is now more inaccurate than before I think:

> "In July of 2017 I emailed the plaintiff via his website plainsite.org. In August of 2017 and on March 28, 2018 I telephoned the plaintiff one time each. I sent emails to the plaintiff through his website through October of 2021. All these communications were to request that the plaintiff remove certain postings from his website plainsite.org."

First, Mr. MasMarques began e-mailing in July 2016 according to my records. Complaint ¶ 33. This isn't really subject to dispute; I have the e-mails.

Second, Mr. MasMarques called me dozens of times on one occasion. Though I don't recall which date off the top of my head, I remember the experience vividly.

Third, the e-mail I sent to you was not sent through the PlainSite website. Many of the e-mails I have received from your client were not sent through the website.

Finally, once again, what you have attached is not an affidavit. It's a declaration. Whether you attach an affidavit (properly notarized) or a declaration is of no import to me, but it is important that you call it the correct thing because your client's truthfulness is at issue in this case and I will not allow anything around that to slide. Furthermore, the document does not even attempt to list a single good faith defense, and the point about my businesses being separate legal entities is misleading because the Complaint does in fact allege that I have been damaged in my personal capacity.

Based on the above I cannot assent. Enjoy your vacation.

Aaron

PlainSite I https://www.plainsite.org

> On Mar 3, 2023, at 11:46 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> Mr. Greenspan,
>       I believe the attached Motion accurately reflects the terms of your agreement to assent.
>       If so, please attach your signature and return to my attention at your earliest convenience.
>       I attached the Motion and Affidavit that will accompany the Motion as well.
>
>       As I am trying to get out the door for vacation, your prompt response would be appreciated.
>       Again, thank you for your courtesy.
>
>       Joe Phelan
>
>
> **Joseph E. Phelan**
> **Phelan Law Offices, P.C.**
> **738 Main Street**
> **Hingham, MA 02043**
> jphelan@southshorelaw.com
> 1-781-740-5055
> 1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 10:06 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.

CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.

Aaron

PlainSite | https://www.plainsite.org


On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)


**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org


On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        I misread your email.
I am on vacation next week.
        Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)


---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here: https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all, I presume because there are none. Admittedly the hurdle is not high, but you can't just walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's

Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

<Mtn to Remove Default Assented to.docx><Memo in Support of Mtn to Remove Default.pdf><Affidavit of Diego Mas Marques 03.03.23.pdf>

**From:** **Aaron Greenspan** aaron.greenspan@PLAINSITE.ORG
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
**Date:** March 3, 2023 at 2:06 PM
**To:** Joe Phelan  jphelan@southshorelaw.com

Mr. Phelan,

Again, pursuant to Civil Local Rule 7.1(a)(2), I intend to file a motion to strike the latest affidavit you just filed as ECF No. 20-2. Again, the document is not an affidavit. Again, the document contains false statements.

Please withdraw the document or I will file my motion.

Aaron

PlainSite I https://www.plainsite.org

> On Mar 3, 2023, at 11:46 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:
>
> Mr. Greenspan,
>          I believe the attached Motion accurately reflects the terms of your agreement to assent.
>          If so, please attach your signature and return to my attention at your earliest convenience.
>          I attached the Motion and Affidavit that will accompany the Motion as well.
>
>          As I am trying to get out the door for vacation, your prompt response would be appreciated.
>          Again, thank you for your courtesy.
>
>          Joe Phelan
>
>
> **Joseph E. Phelan**
> **Phelan Law Offices, P.C.**
> **738 Main Street**
> **Hingham, MA 02043**
> jphelan@southshorelaw.com
> 1-781-740-5055
> 1-781-740-7207 (Fax)
>
>
>
> **From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
> **Sent:** Friday, March 03, 2023 10:06 AM
> **To:** Joe Phelan
> **Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al
>
> Mr. Phelan,
>
> You started by asking for 28 days. Now you're asking for 29. In your motion you asked for 30. This all seems kind of ridiculous.

CM/ECF is available nationwide 24/7. I assent if you can file within 21 days from yesterday, or by March 23rd. Your client has already had extra time. If that means you have to do most of the work by March 22nd, I'm sure you can handle it.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:59 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

My problem is my schedule.
I will be out of state again 3/23 through 3/28, so will have limited time in the office, or to meet directly with my client.
Could we do 3/31?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Friday, March 03, 2023 9:42 AM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Can we meet in the middle at 21 days from yesterday? If you plan to file your Answer and respond to ECF No. 3 by March 23rd then I assent.

Aaron

PlainSite | https://www.plainsite.org

On Mar 3, 2023, at 6:35 AM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,

I misread your email.

I am on vacation next week.

Would you assent and agree to 28 days for responses?

**Joseph E. Phelan**
**Phelan Law Offices, P.C.**
**738 Main Street**
**Hingham, MA 02043**
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

---

**From:** Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
**Sent:** Thursday, March 02, 2023 8:00 PM
**To:** Joe Phelan
**Subject:** Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Thank you.

Please see the definition of "Affidavit" on the court's website here:
https://www.mad.uscourts.gov/resources/pdf/GeneralLegalTerms.pdf

As I read it, it is a "written statement of facts confirmed by the oath of the party making it, **before a notary or officer having authority to administer oaths**."

As for your client's supposed good faith defense—and it seems impossible to have a "good faith" defense to sending pseudonymous death threats or using images from pornography websites to make up false claims about someone—see *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372 (D.C. Cir 1980) (cited by *Coon v. Grenier*, 867 F. 2d 73, 78 (1st Cir. 1989):

"Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts*, *supra* at 352; *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations."

In contrast, Mr. MasMarques's statement in ECF No. 19-1 contained no alleged defenses at all. I presume because there are none. Admittedly the hurdle is not high, but you can't just

walk right into it.

I would assent to a motion to lift default if you respond to the Complaint (ECF No. 1) with an Answer and respond to the motion for a TRO/preliminary injunction (ECF No. 3) within 14 days. Otherwise, I would object to the court lifting default. Either way, it is not credible to believe that Mr. MasMarques did not know that he had to respond to a lawsuit plainly filed against him, even if he claims he somehow did not see the Summons itself. Somehow he knew to respond in 2018 when I first obtained a restraining order against him and he claimed that there were issues with service in that case as well. Also, he is a seemingly habitual and compulsive liar, as the fact that you are withdrawing his "Affidavit" demonstrates. You would be wise to double-check absolutely everything he tells you.

Regards,

Aaron

PlainSite | https://www.plainsite.org

On Mar 2, 2023, at 3:05 PM, Joe Phelan <jphelan@southshorelaw.com> wrote:

Mr. Greenspan,
        Per your request we will be withdrawing the Affidavit submitted yesterday tomorrow, and revising it to be more clear.
        I do not agree that a Notary is required.
        Available good faith defenses are but one of the factors to be considered by the Court.

        Other than the issues raised in your email of this morning, do you have any objection to having the Court remove the default entered against my client?
        Would you assent to a motion to remove the default?

        Please consider this as an attempt to narrow any issues regarding my client's request for removal of default pursuant to Local Rule 7.1(a)(2).

        Thank you.

Joseph E. Phelan
Phelan Law Offices, P.C.
738 Main Street
Hingham, MA 02043
jphelan@southshorelaw.com
1-781-740-5055
1-781-740-7207 (Fax)

From: Aaron Greenspan [mailto:aaron.greenspan@plainsite.org]
Sent: Thursday, March 02, 2023 10:26 AM
To: Joe Phelan
Subject: Re: Massachusetts District Court Case No. 1:23-cv-10134-DJC: Greenspan v. MasMarques et al

Mr. Phelan,

Specifically, "I have had no further contact with the plaintiff since March 2018, other than in the course of Court proceedings."

Below is an e-mail from your client (itself containing false statements) in which he inexplicably asked me to help him find a book agent in September 2021. No court proceedings involving the two of us were pending at the time and I can't imagine how that would relate to a court proceeding anyway. The above statement is false. It's also not the only e-mail.

Two more points.

First, if you want to lift default on the basis of a declaration or affidavit and you believe your client has "good faith defenses," fine. What are they? You can't just have him say "I believe I have good faith defenses" under penalty of perjury and leave it at that. I personally don't think he has any good faith defenses so I would oppose your motion on that basis unless you can be far more specific.

Second, up until about yesterday Mr. MasMarques has continued posting libelous statements on Twitter about me, my family, and my friends. If that does not stop immediately I will motion for sanctions.

Aaron

PlainSite | https://www.plainsite.org

Begin forwarded message:

From: 56544 <56544@protonmail.com>
Subject: Work it out
Date: September 30, 2021 at 11:11:58 PM PDT
To: "Aaron.greenspan@plainsite.org" <Aaron.greenspan@plainsite.org>
Reply-To: 56544 <56544@protonmail.com>

Aaron,

Would like to work this out with you and hopefully we can be on good terms. I am not your enemy.

I have no criminal record. Actually before you came in to my life I was finishing a non-fiction book. I started to explain things but for now saved it in a draft. I was actually in the middle of looking for an Agent to publish this book. Do you know how to find a good Agent?

Stop mentioning that your Jewish. Do you know what religion I am? If you knew you would blush with shame.

Going to bed.

Sent with ProtonMail Secure Email.

<Mtn to Remove Default Assented to.docx><Memo in Support of Mtn to Remove Default.pdf><Affidavit of Diego Mas Marques 03.03.23.pdf>