**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**, <br><br> Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION TO STRIKE AND SEAL ECF NO. 28**

**I.      Introduction**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), Plaintiff Aaron Greenspan ("Plaintiff") hereby moves this Court to strike the documents filed by Defendant Diego MasMarques, Jr. as ECF No. 28 and attachments.  Rule 12(f) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter."  Defendant MasMarques's 28-page rant is all of those things, but especially the last three.

**II.      Procedural History**

The Complaint in this action was filed on January 20, 2023.  ECF No. 1.  Plaintiff e-mailed Defendant MasMarques the case materials and various forms asking him to waive service the same day, but Defendant MasMarques did not respond.  Defendant MasMarques was formally served pursuant to Federal Rule of Civil Procedure 4(e)(1) and Massachusetts Rule of Civil Procedure 4(d)(1) on January 27, 2023.  ECF No. 12.  The deadline for Defendant

1

MasMarques to file a responsive pleading to the Complaint was February 17, 2023. No response was filed. Plaintiff motioned for the entry of default against all Defendants on February 21, 2023. ECF No. 14. The Court granted the motion the following day. ECF No. 15. On February 22, 2023, the Clerk then entered default against all Defendants. ECF No. 16. On March 1, 2023, counsel appeared for Defendant MasMarques. ECF No. 18. On March 9, 2023, counsel filed a motion to withdraw his representation of Defendant MasMarques. ECF No. 22. On the same day, Defendant MasMarques provided the Court with a non-functional e-mail address. ECF No. 23.

### III. Argument

Despite being in default and having failed to lodge any responsive pleading to the Complaint, Defendant MasMarques has now filed three sworn declarations (two of them styled as "affidavits") under oath before this Court, all of them containing false statements. In the case of this most recent filing, a great many of the false statements are provably false.

#### A. ECF No. 28 Is Immaterial

ECF No. 28 was filed as a free-standing declaration without being attached to any other pleading, let alone a pleading responsive to the Complaint. Effectively, its filing serves no purpose other than to further libel Plaintiff and Plaintiff's friends and family under the guise of litigation privilege. The Court should not permit Defendant MasMarques to abuse the docket for this purpose, and the document should be sealed, or at least restricted for access only within the courthouse.

Though motions to strike are not generally favored, this Court has struck similarly irrelevant material in the recent past.

> "Pursuant to Fed. R. Civ. P. 12(f), the court may strike from a pleading 'any redundant, immaterial, impertinent, or scandalous matter.' Rule 12(f) specifically gives the court

discretion as to whether or not to strike a particular matter, although motions to strike are generally disfavored.  *See Zurich Am. Ins. Co. v. Watts Regulator Co.,* 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Alvarado-Morales v. Digital Equip. Corp.,* 843 F.2d 613, 618 (1st Cir. 1988)).

The challenged portions of the complaint contain substantial amounts of attorney argument, inadmissible opinion, legal conclusions, and irrelevant allegations. Such statements, at a minimum, are immaterial because they have 'no essential or important relationship to the claim for relief or the defenses being pleaded' and are impertinent because they 'do not pertain, and are not necessary, to the issues in question.'  Wright & Miller, 5C FEDERAL PRACTICE & PROCEDURE, § 1382 (3d ed.).  They will accordingly be struck."

*McLeod et al v. The Fessenden School et al*, Case No. 1:21-cv-10807-FDS (D. Mass. August 17, 2022).  Much of the document here pertains to the websites leagle.com and unitedstatescourts.org, which are not owned by or otherwise affiliated with Plaintiff and never have been.  Nor does Plaintiff's time at Harvard University twenty years ago have anything to do with the present dispute.  For this reason alone, the document should be struck.

**B.     ECF No. 28 Is Impertinent**

As with many of his libelous posts referenced in the Complaint, Defendant MasMarques has a difficult time containing his dislike for Plaintiff in his declaration.  In colorful yet stilted prose, he describes Plaintiff as hatching more than one "vicious plan," claims (without any basis at all) that Plaintiff was "lying under oath for an hour," and mischaracterizes Plaintiff by claiming, "Aaron Greenspan completely disrespects a Judge's Order and Law Enforcement." Defendant MasMarques also accuses Plaintiff of "shouting in the courtroom" until purportedly realizing that a judge of the Superior Court of Santa Clara County, California "meant business."

This type of language qualifies as impertinent under Rule 12(f).  "[I]t is larded with inappropriate editorial statements, such as the last sentences of paragraphs 4 and 164."  *McLeod*, *supra*.

### C.      ECF No. 28 Is Scandalous

The most serious issue with ECF No. 28 is the sheer number of falsehoods it contains. First, given that the document serves no actual purpose in the context of these proceedings, Plaintiff should not bear the burden of having to disprove each and every falsehood and fabrication that Defendant MasMarques felt compelled to commit to paper and file for no reason at all.  Second, these false statements should not be permitted to remain on the record so as to improperly color the thinking of the Court or any public viewers of the case materials.

At least a few of Defendant MasMarques's false claims are easy to disprove.  The various and sundry claims Defendant MasMarques includes concerning a court hearing held on October 9, 2018 in San Jose, such as the assertion that Plaintiff was threatened by a judge with "contempt of court," are fabrications.  This can be easily verified by referencing the official transcript of that hearing, which Plaintiff filed as part of an exhibit to the Complaint.  *See* ECF No. 1-6 at 19-26.  The official record reveals that although there was a hearing held on that date, Plaintiff was never threatened with contempt of court, never shouted at any judge, and was never escorted anywhere by "the Sheriff."  Nor in reality did anything transpire that even comes close.  Plaintiff barely said anything at all, as the hearing lasted only a few minutes.

The assertion that Plaintiff "lied" by giving the Middlesex County Sheriff's Office Defendant MasMarques's *correct name* for the purpose of effecting service of process is not just false, but baffling.  As Defendant MasMarques acknowledges, he shares the same name as his father, so such a statement could not be a lie.  The document Defendant MasMarques himself attached as page 3 of ECF No. 28-7 shows clear evidence of the Middlesex County Sheriff's Office's confusion between the two individuals: one "Diego MasMarques" living in Marlborough, Massachusetts, and the other "Diego MasMarques" nearby in Medford.  In fact, it

shows that Plaintiff paid $25.00 extra for the erroneous results of what the Sheriff's Office called a "Diligent Search."  This was hardly Plaintiff's fault or "intentional" on Plaintiff's part.

Defendant MasMarques also inexplicably included as ECF No. 28-13 a sworn declaration of a private investigator he hired, John X. Haro, which *itself* includes numerous fabrications—a false declaration within a false declaration.  Plaintiff refuted these at the time, even providing the court in San Jose with a copy of a receipt from a local restaurant, Back-A-Yard Grill, showing that he was present at a different place at a different time than what was physically possible given Mr. Haro's bizarre allegations.  In contrast, Mr. Haro presented no evidence, such as even a single photograph, to back his fantastic claims made under penalty of perjury.

The list of falsehoods in ECF No. 28 is long.  It is not true that former Harvard University President Lawrence Summers gave Plaintiff an "ultimatum."  It is not true that Plaintiff "hacked" or in any way attempted to access any of Defendant MasMarques's e-mail accounts.  It is not true that any "individual contacted [Defendant MasMarques] on behalf of Aaron Greenspan" demanding payment.  It is not true that Plaintiff attempted to evade service in Shaker Heights, Ohio in September 2018, when he spent nearly all of that month in San Francisco, California moving into a new home.  It is not true that Plaintiff never lived at 500 Race Street, Apartment 4321 in San Jose, California.  It is not true that Plaintiff ever "rented an office space near the South Station MBTA."  It is not true that "Judge James Donato, Dismissed *[sic]* this case with prejudice," in reference to Northern District of California Case No. 3:20-cv-03426-JD.  This is but a partial list of the false statements made under penalty of perjury in ECF No. 28.

Most importantly, it is not true that Defendant MasMarques was the "victim" of some grand "injustice," as he claims.  To the contrary: he was convicted of the murder of Tatiana Vasic, which is ultimately why this dispute began in the first place.  Ms. Vasic, who is no longer

alive, is the victim here, as are her friends and family, whom Defendant MasMarques also harassed.

## IV.    Conclusion

Defendant MasMarques's most recent false declaration before the Court is yet another attempt lay the groundwork for false narratives that he can invoke later on.  As previously stated, there is no legitimate excuse for his repeated false statements under oath.  Plaintiff therefore respectfully requests that ECF No. 28 (including attachments) be struck from the record and be sealed or restricted from public viewing.


Dated: April 20, 2023                    Respectfully submitted,


Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org


## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that I am unable to reach Defendant Diego MasMarques, Jr. at the e-mail address he most recently provided to the Court, and thus I have not been able to make an effort to resolve this issue and/or to narrow the issues.


Aaron Greenspan, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2023 I filed the foregoing with the Clerk of Court using the CM/ECF system, and delivered true and correct copies of the foregoing to the defendants in this action as follows:

<u>CM/ECF</u>
Diego MasMarques, Jr.
via counsel, Joseph E. Phelan, Esquire

<u>E-Mail</u>
Mediolex Ltd.
legal@complaintsboard.com
editor@complaintsboard.com
editor.complaintsboard@gmail.com

Sergei Igorevich Kudriavtsev
ivestules@gmail.com


Aaron Greenspan