FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AARON JACOB GREENSPAN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:23-cv-10134-DJC |
| | ) | |
| DIEGO MAS MARQUES, ET AL., | ) | |
| Defendants | ) | |

# DEFENDANT'S MOTION TO STRIKE AND SEAL ECF NO. 21

## I. Introduction

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant Diego Mas Marques, hereby moves this Court to strike the documents, filed by Plaintiff Aaron Jacob Greenspan, as ECF 21 and attachments.

Rule 12(f) "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff Aaron Jacob Greenspan has repeatedly shown a disrespect for this Court and Defendant, by not abiding by the Federal Rules of Civil Procedures, as ECF No. 21, especially Exhibits A, B and C, not only shows in plain view, before this Court, that Plaintiff repeatedly commits perjury under oath, but is maliciously defaming, doxxing, intimidating and harassing Defendant.

## II. Argument

Plaintiff is essentially using this Court, as another one of his platforms, in order to continue with his defamation, doxxing, harassment, intimidation and stalking towards Defendant. In ECF 21, Exhibit A, there was absolutely no basis, or logic in uploading 67 pages of emails,

Page 1 of 6

many of which were "redundant", "impertinent" and scandalous for violating privacy, as there was no purpose for this, except for doxxing and harassing Defendant and the Defense Attorney.

As for ECF 21, Exhibit B, again this is "redundant", "impertinent" and shows this Court, the total disregard that Plaintiff has for anyone, when he is on a mission to attack a targeted victim, such as Defendant in this case.

Plaintiff hacked in to Defendant's msn email in September 2017 and it was clear that it was Plaintiff, as he is also well known as a hacker and after hacking in to my msn email, Plaintiff uploaded personal information, that was only on this msn email on to various gripe sites, many of which Plaintiff himself created using WordPress. This again, shows that Plaintiff has no boundaries, no limits to what he will do to Defendant and immediate family in this case, when it comes to defamation, doxxing, intimidation, hacking, harassment, libel and slander.

In ECF 21, Exhibit C, Plaintiff has violated every rule in Federal Rule of Civil Procedure 12(f), as Plaintiff is using this Court to further his vexatious litigation, by defaming, doxxing, harassing, and committing libel and slander towards Defendant in plain view of this Court.

Plaintiff has altered the appearance and information of his weaponized website plainsite.org, for his "Exhibit C", in order to continue his defamation, doxxing and harassment of Defendant. In ECF 21, Exhibit C, Plaintiff only displays in a biased manner, what he feels like it, in order to do his personal attacks on Defendant.

### ECF 21, Exhibits A, B and C are Redundant, Immaterial, Impertinent and Scandalous

ECF No. 21, especially Exhibits A, B and C were done, by Plaintiff, as a means to continue with his doxxing, intimidation and harassment of Defendant and waste everyone's time and resources in this matter.

The Court should prohibit Plaintiff from abusing the docket for this purpose and the documents in its entirety, Exhibits, A, B and C should be sealed from this case.

**1) ECF 21, Exhibit A** is completely Redundant and Plaintiff has assembled emails, between himself and the Defense Attorney, then repeated these emails multiple times, which was done in bad faith.

"Redundant material includes any allegations that are needlessly duplicative or repetitive (see, for example, *Espinoza v. Gentry Courts Home Owners Ass'n, Antioch, Inc.*, 2017 WL 2311310, at *5 (N.D. Cal. May 26, 2017); *Tagle v. Bean*, 2017 WL 2192969, at *3 (D. Nev. May 18 2017))."

Plaintiff is a vexatious litigant, with over 60 Federal and State Lawsuits, that he has filed under different names, addresses and emails, such as Aaron Jacob Greenspan, Aaron Greenspan, Think Computer Corporation and Think Computer Foundation.

Plaintiff's conduct is out of control and he is showing, "bad faith, vexatious, wanton or oppressive behavior", see the following:

**"GILLARD v. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, Civil Action No. 16-10750-DJC."**

"Apart from authority under Rule 11 and § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same)."

**2) ECF 21, Exhibit B** was done by Plaintiff out of malice, as Plaintiff who is a well known hacker, actually hacked in to my msn email account, twice in September of 2017. After Plaintiff illegally gained access to my email account, he proceeded to then post personal and private information online, that was only on this email, on to various gripe sites, that Plaintiff created, using mostly WordPress.

Plaintiff has some sort of obsessive compulsive disorder, with having the incessant need to collect legal and personal information, then Plaintiff weaponizes this information, in order to attack his targeted victims.

Plaintiff has a long history of being a vexatious serial litigant. The following defines what Plaintiff is doing throughout the United States Courts and in this case:

"Legal proceedings started with malice and without good case. Vexatious litigation is meant to bother, embarrass, or cause legal expenses to the defendant. A plaintiff who starts such litigation either knows or should reasonably know that no legal basis for the lawsuit exists. To obtain a remedy for vexatious litigation, the injured party often files a claim for malicious prosecution".

**3) ECF 21, Exhibit C** Plaintiff uploaded on to this Docket, his colorful and fabricated outline of his weaponized data mining website plainsite.org, where Plaintiff has gone and sent out FOIA requests to many Courts in Massachusetts, seeking any legal documents, that Plaintiff could find, in order to further his incessant behaviors with collecting legal and personal information on Defendant.

There are many things in Exhibit C, that have been completely fabricated, by the Plaintiff, in order to put Defendant in a bad light and continue with his defamation, doxxing and harassment.

As one example of many, Plaintiff has left the two fabricated criminal harassment charges on his website plainsite.org, as if they are still open and being continued, when Plaintiff published a false statement of fact fully aware, that it was false, these two charges were Dismissed on November 24, 2020, then Expunged on February 9, 2021, **see Exhibit A**.

In the following case, regarding Plaintiff, "A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation:

**"GILLARD v. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, Civil Action No. 16-10750-DJC."**

"A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). Under Fed. R. Civ. P. 11, the Court may impose sanctions on an unrepresented party if she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel are required to comply with the Federal Rules of Civil Procedure);"

Defendant, respectfully requests, that Plaintiff be Sanctioned for the aforementioned reasons, be made to appear, before this court for a Show Cause Hearing under Federal Rule of Civil Procedure 65, for a Preliminary Injunction Hearing, in order to put a stop, by Plaintiff to further "irreparable injury, loss, or damage", towards Defendant and immediate family.

Defendant respectfully requests, that Plaintiff be referred to the United States Attorney's Office for the District of Massachusetts for prosecution of any potential violations of 18 U.S. Code § 1030 - "Fraud and related activity in connection with computers", 18 U.S. Code § 2261A - "Stalking", 8 U.S. Code § 1324c - "Penalties for document fraud", 18 U.S. Code § 1621 - "Perjury generally"; 18 U.S. Code § 1001 - "Statement or entries generally".

WHEREFORE, Defendant respectfully requests that the Court grant this motion for the aforementioned reasons.

                                                Respectfully Submitted,

                                                /s/ Diego Mas Marques
                                                Diego Mas Marques
                                                PO Box 301
                                                Marlborough, MA 01752
August 16, 2023                               Email: dmas5@protonmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON JACOB GREENSPAN,<br>    Plaintiff<br><br>v.<br><br>DIEGO MAS MARQUES, ET AL.,<br>    Defendants | )<br>)<br>)<br>)   Civil Action No.: 1:23-cv-10134-DJC<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed, with the Clerk of the Court in person, and delivered true and correct copies of the foregoing to the plaintiff in this action, as follows:

**Email**
Aaron Jacob Greenspan
aaron.greenspan@plainsite.org

Respectfully Submitted,

*/s/ Diego Mas Marques*

Diego Mas Marques
PO Box 301
Marlborough, MA 01752
Email: dmas5@protonmail.com

August 16, 2023