FILED
IN CLERKS OFFICE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS  2023 AUG 21  PM 2: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **AARON GREENSPAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DIEGO MASMARQUES, JR. a/k/a DIEGO** ) | **Case No: 1:23-cv-10134-DJC** |
| **MAS HOWARD a/k/a RICKY MASMARQUES** ) | |
| **a/k/a JACK JONES, SERGEI IGOREVICH** ) | |
| **KUDRIAVTSEV, MEDIOLEX, LTD.,** and ) | |
| **ASTRAD, LTD.,** ) | |
| ) | |
| Defendants. ) | |

## DEFFENDANT, DIEGO MAS MARQUES, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendant, Diego Mas Marques, respectfully submits this memorandum of law in support of the motion to dismiss the Plaintiff's Amended Complaint.

### Introduction

In July 2017, Defendant emailed the Plaintiff via his website in an attempt, to have certain posts related to the Defendant removed from the Plaintiff's website plainsite.org. What ensued by Plaintiff can only be described as a case of cyberstalking at the highest level. Plaintiff began an online campaign to intimidate and harass Defendant and immediate family, using his website and other social media accounts. Plaintiff set out to disseminate numerous diatribes

1

against the Defendant, as well as certain false and derogatory information, some of which Plaintiff obtained, by accessing Defendant's cell phone and/or laptops without consent.

Plaintiff's harassing conduct was not limited to the virtual world. Beginning in April 2018, Plaintiff filed a restraining order against Defendant in the Superior Court of Santa Clara County, California, based on the Plaintiff committing perjury under oath and fabricating narratives. Plaintiff has filed over sixty frivolous Federal and State lawsuits, including lawsuits against the FBI, SEC, and Elon Musk to name a few. Due to the Plaintiff's campaign of threats and harassment, Defendant has suffered immense emotional distress and other losses.

## I. APPLICABLE STANDARDS

### A. Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true in order to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 678 (2009). The factual allegations of the complaint must "possess enough heft" to allege a plausible entitlement to relief. Bell Atlantic v. Twombly, 550 U.S. 547 (2007). The plaintiff must offer more than labels and conclusions, and a formulaic recitation of a cause of action and its elements will not do. Id.

In determining whether a Plaintiff has met his pleading obligations, statements that merely offer legal conclusions couched as facts or threadbare recitals of the elements of a cause of action must be disregarded, Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 40 (1st Cir. 2012). A court shall not accept "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions." Fantini v. Salem State College, 557 F.3d 22, 26 (1st Cir. 2009). Here,

Plaintiff has not, and cannot, meet his burden to state a claim against the Defendant, Diego Mas Marques.

Although the Plaintiff Aaron Jacob Greenspan is proceeding *pro se*, he still is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. <u>Wright v. Town of Southbridge</u>, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009).

<u>Plaintiff alleges seven counts against this Defendant, i.e.,</u>

Count 1 - Libel Per Se

Count 2 - Civil Harassment pursuant to Massachusetts General Laws Chapter 258E

Count 3 – Tortious Interference

Count 4 – Abuse of Process

Count 5 – Malicious Prosecution

Count 13 – False Light Invasion of Privacy

Count 14 – Intentional Infliction of Emotional Distress

Count 1 of Libel Per Se involves the unprivileged publication to a third party of a written false statement concerning another that exposes its subject to ridicule or contempt. <u>Draghetti v. Chmielewski</u>, 416 Mass. 812 (1994).

Here, Plaintiff's Amended Complaint states that "The false and defamatory statements are so numerous as to be impossible to list fully, but touch on a number of general themes, represented by the following examples" and goes on to list 38 quotes, generally, and alleging, such statements like "aaron jacob greenspan is a low life parasite". Plaintiff has not made the

requisite showing to establish a claim for libel. Except for vague and conclusory references in the Plaintiff's Amended Complaint of statements like "Aaron Greenspan owes his victims millions of dollars" the Plaintiff failed to disclose any purported defamatory statements. Plaintiff lists examples of statements that do not amount to defamation. <u>Foley v. Lowell Sun Pub. Co.</u>, 404 Mass. 11 (1989).  Further, the Plaintiff has not established that this Defendant made any defamatory statements, whether libelous or slanderous, and the Plaintiff's Libel Per Se claim must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Count 2 alleges Civil Harassment in violation of Mass Gen. Law Ch. 258E claiming that Defendant invoked the name of a mafia crime boss against the Plaintiff. This law does not create a private right of action to bring a civil claim against an alleged wrongdoer in this Court as proceedings under this chapter shall be filed, heard and determined in the Superior Court department or the respective divisions of the District Court department, or the Boston Municipal Court Department having venue over the Plaintiff's residence. Thus, Count 2 must be dismissed.

Count 3 alleges Tortious Interference claiming Defendant caused the Plaintiff's Twitter accounts to be suspended. To prevail on a claim for tortious interference with business relationships under Massachusetts law, a plaintiff must prove the following:

(1) a business relationship or contemplated contract of economic benefit; (2) the defendant's knowledge of such relationship; (3) the defendant's interference with the relationship through improper motive or means; and (4) the plaintiff's loss of advantage as a direct result of the defendant's conduct. <u>Singh v. Blue Cross/Blue Shield of Mass., Inc.</u>, 308 F.3d 47 (1st Cir. 2002). The Plaintiff has failed to allege with specificity any business relationship or contemplated contract of economic benefit. Plaintiff also failed to identify any case in which a

4

Court, applying Massachusetts law, has allowed a claim for intentional interference with advantageous business relations where the alleged business relationship said to have been interfered with was as rudimentary and tenuous as alleged here. Plaintiff's tortious interference claim should therefore be dismissed.

Count 4 alleges abuse of process. To sustain an action for abuse of process, a plaintiff should allege and prove that the defendant: (1) used process; (2) for an ulterior or illegitimate purpose; (3) resulting in damage to the plaintiff. Gutierrez v. MBTA, 437 Mass. 396, 407 (2002). Here, Plaintiff has failed to allege any facts in his complaint that show, nor may it be reasonably inferred, that this Defendant initiated any abusive process against him. Therefore, Plaintiff's claim for abuse of process against Defendant must be dismissed.

Count 5 alleges Malicious Prosecution claiming that Plaintiff was forced to defend himself against a criminal proceeding in the Marlborough, Massachusetts District Court. The essential element in all malicious prosecution actions to be proved by a plaintiff is that the defendant lacked probable cause in bringing the original action against that plaintiff. Lincoln v. Shea, 361 Mass. 4 (1972). In the context of a malicious prosecution action based on a criminal complaint, probable cause has been defined as "such a state of facts in the mind of the defendant as would lead a person of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the plaintiff has committed a crime." Bacon v. Towne, 4 Cush. 239 (1849). Lack of probable cause may not be inferred from the fact of an acquittal, dismissal or anything else. Higgins v. Pratt, 316 Mass. 709 (1944). To allow Plaintiff to prevail on this count would deter many honest litigants from invoking the aid of the courts for fear of subjecting themselves to a lawsuit in return. Hubbard v. Beatty & Hyde, Inc., 343 Mass. 263 (1926). Therefore, Plaintiff's Count 5 should be dismissed.

Count 13 alleges False Light Invasion of Privacy, claiming that Defendant's alleged defamatory statements subjected Plaintiff to unreasonable and highly objectionable publicity. Massachusetts has consistently refused to recognize the false light invasion of privacy tort. Ayash v. Dana-Farber Cancer Inst., 822 N.E.2d 681 (Mass. 2005). A Federal Court applying State law must take care not to extend State law beyond its well-marked boundaries. Doe v. Trs. of Bos. Coll., 942 F.3d 535 (1st Cir. 2019). Therefore, Plaintiff's allegation of false light does not, under current Massachusetts law, state a claim upon which relief can be granted and should be dismissed.

Count 14 of Plaintiff's Complaint claims Intentional Infliction of Emotional Distress (IIED) against this Defendant. There are four elements to an IIED claim: "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress. Agis v. Howard Johnson Co., 371 Mass. 145 (1976). Plaintiff failed to sufficiently plead or provide any Affidavit outlining the elements of IIED. Other than his statement alleging that this Defendant "made it impossible for Plaintiff to travel internationally, without pointless interference and delays from Federal Agents", there is little else in the record, and no evidence at all that Defendant's conduct caused Plaintiff's distress. There is not sufficient proof to establish extreme and outrageous misconduct or that Plaintiff's distress was severe. Plaintiff has offered nothing in the way of actual evidence, other than simply stating generally that he suffered "constant stress and worry to a degree that no reasonable person could be expected to endure". Therefore, this Defendant's motion to dismiss Plaintiff's claim of intentional infliction of emotional distress should be granted.

6

**B. Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(B)(1).**

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a case where the Court

lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Because Federal Courts are

Courts of limited jurisdiction, federal jurisdiction is never presumed. Viqueira v. First Bank, 140

F.3d 12, 16 (1st Cir. 1998). On the contrary, what the Court must presume is that federal

jurisdiction is lacking until established otherwise. Kokkonen v. Guardian Life Ins. Co. of Am.,

511 U.S. 377 (1994). The burden is on the party asserting federal jurisdiction to demonstrate that

such jurisdiction exists. Aversa v. United States, 99 F.3d 1209 (1st Cir. 1996). Here, Plaintiff has

not, and cannot, meet his burden to demonstrate that jurisdiction exists in this Honorable Court.

Plaintiff's Amended Complaint alleges that this Court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1332 because the matter in controversy arises between citizens of

different States and because the amount in controversy exceeds $75,000. Plaintiff asserts

damages of $1.625 million Dollars but proffers little evidence to support his assertion, his

damages actually exceed the jurisdictional minimum. Therefore, Plaintiff's Amended Complaint

should be dismissed.

**C. Frivolous and Malicious Action Under 28 U.S.C. § 1915(e)(2)(B)(i)**

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly

baseless." Denton v. Hernandez, 504 U.S. 33 (1992). A United States District Court may dismiss

even meritorious legal theories under § 1915 if the factual allegations in the complaint are

"clearly baseless." "Fantastic" or "delusional" allegations are examples of clearly baseless

allegations. Id.

As the United States Supreme Court has explained, § 1915 is designed largely to

discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that

paying litigants generally do not initiate because of the costs, of bringing a lawsuit. A complaint that contains both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 324 (1989).

When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has the unusual power to pierce the veil of the complaint's factual allegations, meaning that the Court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. Denton, Id. Plaintiff's frivolous Amended Complaint must be dismissed with prejudice.

The First Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit and that a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." Molski v. Evergreen Dynasty Corp., 500 F.3d 1061 (9th Cir. 2007).

Here, Plaintiff has asserted grossly exaggerated, if not totally false, facts. Plaintiff seeks damages in the amount of $1.625 million in compensatory damages. Yet Plaintiff alleges no facts supporting the plausibility of his claim for $1.625 million dollars in compensatory damages. Plaintiff's allegations of economic loss are grossly exaggerated, at best, and therefore frivolous. Accordingly, this Court should grant this Defendant's motion to dismiss with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  Lack of Jurisdiction Pursuant to 28 U.S.C. § 1332(a).

Federal law provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs. 28 U.S.C. § 1332(a). In addition to alleging facts demonstrating the requisite

amount in controversy, a plaintiff asserting diversity jurisdiction must also allege that complete

diversity of citizenship exists; for example, a plaintiff may demonstrate that the lawsuit is

between "citizens of different states." Id.

     In the case at bar, Plaintiff's jurisdictional statement alleges only that "This Court has

subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy arises

between citizens of different States and because the amount in controversy exceeds $75,000.

(#17). Plaintiff seeks 1.625 million dollars in compensatory damages. (E.). Even assuming these

allegations establish an amount in controversy exceeding the $75,000.00 jurisdictional threshold,

Plaintiff's Complaint is devoid of any facts regarding the citizenship, of all the parties, or the

principal place of business for all  the corporate defendants. Thus, Plaintiff has not met his

burden of establishing that the Court has subject matter jurisdiction over his claims.

### E.     Plaintiff was not granted leave of court to file an amended complaint

     Under Fed. R. Civ. P. 15(a), a party may amend a "pleading" without leave of Court in

certain relatively narrow circumstances. In all other cases, a party may amend its pleadings only

with the opposing party's written consent, or the Courts leave. Plaintiff failed to seek leave of

Court before filing his Amended Complaint. Under these circumstances, the Court must deny the

Plaintiff's Amended Complaint.

### F.     Plaintiff Should Be Deemed a Vexatious Litigant

     Without seeking leave, Plaintiff filed a 165-page Amended Complaint. Plaintiff has filed

a restraining order and harassing legal process against Defendant and has filed over sixty

frivolous Federal and State pro se lawsuits, including lawsuits against the FBI, SEC, and

Elon Musk for example. Due to the Plaintiff's campaign of threats and harassment, Defendant has suffered immense emotional distress and other losses and an injunction is justified. An *injunction can be entered to defend the judicial system from abuse and to protect against abusive* and vexatious litigation. Potter Press v. C.W. Potter, Inc., 303 Mass. 485, 22 N.E.2d 68 (Mass. 1939). Injunctive relief is appropriate to curtail abuses by a litigant who has a history of litigation involving "vexation, harassment and needless expense" and "unnecessary burden" Id.

WHEREFORE, Defendant respectfully requests the following relief:

A. Dismiss Plaintiff's Amended Complaint with Prejudice.
B. Enjoin this Plaintiff from filing any future pleadings related to this case against Defendant;
C. Award Defendant, Diego Mas Marques, reasonable costs and expenses of this action.
D. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Diego Mas Marques
Defendant Pro Se
PO Box 301
Marlborough, MA 01752
dmas5@protonmail.com

August 21, 2023.

## CERTIFICATE OF SERVICE

I, *Diego Mas Marques, Defendant pro se, hereby certify that this document was filed, with the*

Clerk of the Court in person, and delivered true and correct copies of the foregoing to the

Plaintiff and Defendants in this action, as follows:


Aaron Jacob Greenspan
aaron.greenspan@plainsite.org

Mediolex, Ltd. / Astrad, Ltd.
legal@complaintsboard.com
editor@complaintsboard.com
editor.complaintsboard@gmail.com

Sergei Igorevich Kudriavtsev
ivestules@gmail.com



Respectfully Submitted

*Diego Mas Marques*
PO Box 301
Marlborough, MA 01752
dmas5@protonmail.com

August 21, 2023.

SCANNED
SC 8/21/23