UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

    Plaintiff,

  v.

DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,

    Defendants.

Case No.: 1:23-cv-10134-DJC

## PLAINTIFF'S MOTION TO APPEAR VIA ZOOM (OR SIMILAR) TELECONFERENCE AT OCTOBER 26, 2023 HEARING

Plaintiff Aaron Greenspan hereby respectfully moves the Court for permission to appear at the Motion to Dismiss hearing presently scheduled for October 26, 2023 via Zoom (or similar) teleconference, instead of in person, for good cause. Although Plaintiff is willing to appear in person if required, there are three reasons why a remote appearance is in the best interest of all parties and the Court.

First, as the Court noted in ECF No. 70, "there is great vitriol between the parties." Although Plaintiff takes some issue with this statement to the extent that it may suggest false equivalence with regard to the parties' conduct, it is certainly true that the parties strongly disagree on a great many things. While Plaintiff has no trouble conducting himself in a professional manner, Defendant MasMarques's frequent provocations and his tendency to make false representations to the Court—or whichever court or government agency he is before—puts

1

Plaintiff in a position of needing to constantly correct the record or prevent the further formation of a false record. *See*, e.g., ECF Nos. 21, 30, 46.

Defendant MasMarques's aggressive and deceptive conduct, whether on paper or in person, is consistent with his criminal history. *See USA v. MasMarques*, Case No. 1:09-cr-10304-MLW (D. Mass. October 15, 2009), ECF No. 1 at 4-6. This dynamic became an issue during the in-person hearings before the Superior Court of California for the County of Santa Clara, for which Defendant MasMarques travelled to California to appear *in propia persona* on more than one occasion. Even though Plaintiff made absolutely no attempt to interact with Defendant MasMarques outside of the courtroom—quite the opposite—and even though Plaintiff conducted himself in court in a perfectly calm and professional manner, Defendant MasMarques took issue with the independent conduct of Plaintiff's attorney and subsequently fabricated baseless and false stories *about Plaintiff* and his conduct inside and outside of the courtroom which were then submitted to that court, requiring additional time from the parties and the court.

Therefore, in the interest of avoiding unnecessary conflict and further cluttering the docket, Plaintiff would prefer to appear remotely so as to eliminate any chance that Defendant MasMarques might start an altercation, physical or otherwise, involving Plaintiff's presence. Although Plaintiff has full faith in the ability of the Court's bailiffs to do their jobs, their authority stops at the courtroom doors, and such limitations did pose an issue previously.

Second, there has been a notable uptick in the spread of COVID-19 due to new variants. *See* https://www.nytimes.com/article/covid-variant.html. As the weather grows colder and people spend more time indoors, it is reasonable to expect that this trend will continue through late October. Plaintiff has a history of spontaneous pneumothorax as well as a genetic variant directly affecting his immune system, increasing the risk that a COVID-19 infection (which

Plaintiff has thus far avoided) would be life-threatening. Plaintiff would prefer to appear remotely to reduce the risk of infection.

Third, Plaintiff sees no reason why Defendant MasMarques or the other defendants in this action would be prejudiced by a remote appearance. Although in-person hearings are understandably preferred, the Court's experience with remote hearing technology throughout the COVID-19 pandemic suggests that videoconferences can adequately substitute for in-person appearances for the purposes of both real-time argument and of building an accurate record, if and when necessary. Plaintiff believes that this motion hearing presents one such instance.

Dated: September 8, 2023    Respectfully submitted,

_/s/ Aaron Greenspan_
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

### CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on September 5, 2023, I attempted to confer with Defendants in regards to this motion in a good faith effort to resolve this issue and/or to narrow the issues. Defendant Diego MasMarques, Jr. responded indicating that he does not assent to the relief requested.

_/s/ Aaron Greenspan_
Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2023 I filed the foregoing with the Clerk of Court using the CM/ECF system, and delivered true and correct copies of the foregoing to the defendants in this action as follows:

E-Mail
Diego MasMarques, Jr.
dmas5@protonmail.com

Mediolex, Ltd. / Astrad, Ltd.
legal@complaintsboard.com
editor@complaintsboard.com
editor.complaintsboard@gmail.com

Sergei Igorevich Kudriavtsev
ivestules@gmail.com


Aaron Greenspan