Stesha Emmanuel (Massachusetts Bar No. 682293)
McCarter & English LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
Email: semmanuel@mccarter.com
*Local Counsel for Defendants Kudriavtsev, Mediolex, and Astrad*

Christopher B. Ingle (Arizona Bar No. 025553)
Gillespie Shields & Taylor
7319 North 16th Street
Phoenix, Arizona 85020
Telephone (602) 870-9700
Facsimile (602) 870-9783
Email: cingle@gillaw.com
*Attorneys for Defendants Kudriavtsev, Mediolex, and Astrad*
*Pro Hac Vice Application Pending*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| AARON GREENSPAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,<br><br>　　　　Defendants. | Case No. 1:23-cv-10134-DJC<br><br>**DEFENDANTS KUDRIAVTSEV, MEDIOLEX, AND ASTRAD'S REPLY IN SUPPORT OF MOTION AND CONSENT OF SPONSORING LOCAL COUNSEL FOR *PRO HAC VICE* ADMISSION OF CHRISTOPHER B. INGLE** |

Defendants Sergey Igorevich Kudriavtsev, Mediolex Ltd., and Astrad Ltd. (the "Mediolex Defendants"), by and through undersigned counsel, and pursuant to Local Rule 83.5.3, hereby reply in support of their Motion and Consent of Sponsoring Local Counsel for *Pro Hac Vice* Admission of Christopher B. Ingle (Doc. 86).

1

Local Rule 83.5.3 governs legal practice by attorneys who are not members of the bar of this Court. Section (b) sets forth the qualifications for admission – namely, that the attorney be a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice, and the attorney shall not be the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar.

Section (e) sets forth the procedure for seeking admission. The attorney seeking admission shall have a lawyer who is a member of the bar of this Court file a Notice of Appearance and a Motion for Admission *Pro Hac Vice*. The attorney seeking admission shall file a signed certification stating that he or she is 1) a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice, 2) not be the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar, 3) has not previously had a *pro hac vice* admission to this Court, or other admission for a limited purpose, revoked for misconduct, and 4) has read and agrees to comply with the Local Rules for this Court. The attorney seeking admission shall also pay the appropriate filing fee, currently $125.00, to the court clerk.

In this case, the Mediolex Defendants retained attorney Christopher B. Ingle ("Ingle") on September 18, 2023. On September 26, Ingle arranged for the Mediolex Defendants to retain attorney Stesha A. Emmanuel ("Emmanuel"), who is a member of the bar of this Court, to serve as local counsel. Emmanuel filed a Notice of Appearance (Doc. 85), and a Motion for Admission *Pro Hac Vice* (Doc. 86). The Motion was accompanied by a certification, signed by Ingle, averring that he is a member of the bar in good standing in every jurisdiction in which he has been admitted to practice, 2) is not be the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar, 3) has not previously had a *pro hac vice* admission to this Court, or other admission for a limited purpose, revoked for misconduct, and 4) has read and agrees to comply with the Local Rules for this Court (Doc. 87). The filing fee of $125.00 was paid concurrently with those filings (Doc. 86). Ingle meets all the requirements for *pro hac vice* admission and the Mediolex Defendants followed the correct procedure to seek such admission.

1  Turning now to Plaintiff's opposition (Doc. 89), Plaintiff appears to be concerned that in a different case before a different court more than a decade ago, Defendant Kudriavtsev filed a declaration under the name Mark Shultz. That document was submitted in support of a motion to dismiss, before any discovery had been done on the case, presumably around the time Kudriavtsev and Ingle first met. At the time, Ingle did not know that Kudriavtsev had used the Shultz name to protect himself from harassment, and reasonably believed these were in fact two separate people. When Ingle learned that Kudriavtsev used the name "Mark Shultz" as an alias, Ingle had Kudriavtsev clarify that these were in fact the same person. The information was disseminated in a supplemental disclosure statement. Exhibit A.

In deposition, and again at trial, Kudriavtsev explained the discrepancy. The Mediolex Defendants won that case at trial, which the Ninth Circuit affirmed on appeal. At no point did anyone, even the plaintiff in that case, take issue with the discrepancy. Nobody was deceived. Nobody complained to the court. Nobody sought or received disciplinary action. Plaintiff's suspicion that Ingle may have possibly done something wrong - in a different case, in a different court, in a different state, before a different judge, more than a decade ago - is incorrect. Ingle complied with his ethical obligations by having Kudriavtsev clarify this issue when it surfaced. Moreover, none of this has any bearing on the requirements or procedure for seeking *pro hac vice* admission to the bar of this Court. Plaintiff's opposition is factually incorrect and irrelevant.

The Court should grant the Mediolex Defendants' Motion and Consent of Sponsoring Local Counsel for *Pro Hac Vice* admission of Christopher B. Ingle (Doc. 86) because Ingle meets the qualifications for admission, followed the proper procedure for seeking admission, and paid the necessary filing fee. Ingle is knowledgeable about the Mediolex Defendants and the law in this area, wrote the pending Motion to Dismiss (Doc. 95), and is best suited to represent the Mediolex Defendants in this action by practicing *pro hac vice* under Emmanuel's supervision. Plaintiff's opposition is factually incorrect, fails to address any of the factual standards or procedural requirements for *pro hac vice* admission, and fails to identify any reason why the Court should deny the Motion. For all the foregoing reasons, the Court should grant leave for Ingle to appear *pro hac*

///

1  *vice* in this matter. A proposed form of order has previously been lodged as Doc. 88.

2  **RESPECTFULLY SUBMITTED** this 9th day of October, 2023.

**GILLESPIE, SHIELDS & TAYLOR**

By: */s/ Christopher B. Ingle*
       Christopher B. Ingle
       *Attorneys for Defendants Kudriavtsev,*
       *Mediolex, and Astrad*

**CERTIFICATE OF SERVICE**

I, Christopher B. Ingle, hereby certify that on the 9th day of October, 2023, a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (Case Management - Electronic Case Filing) system to those registered to receive a Notice of Electronic Filing for this case and paper copies will be sent to those indicated as non-registered participants:

Aaron Greenspan
956 Carolina Street
San Francisco, California 94107-3337
Email: aaron.greenspan@plainsite.org
*Plaintiff pro se*

Diego MasMarques, II
P.O. Box 301
Marlborough, Massachusetts 01752
Email: dmas5@protonmail.com
*Defendant pro se*

Stesha Emmanuel
McCarter & English LLP
265 Franklin Street
Boston, Massachusetts 02110
Email: semmanuel@mccarter.com
*Local Counsel for Defendants Kudriavtsev, Mediolex, and Astrad*

By: /s/ *Christopher B. Ingle*