UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

    Plaintiff,

  v.

DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Pursuant to the Court's Orders at ECF Nos. 118 - 119, Plaintiff Aaron Greenspan hereby respectfully moves the Court for permission to file a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) regarding the dismissal of the allegations in the First Amended Complaint (ECF No. 54) and proposed Second Amended Complaint ("SAC," ECF No. 108-2) regarding ComplaintsBoard. The main substance of the proposed motion is as follows.

The Court's ruling is paradoxical for three reasons. First, the Court has deemed that although ComplaintsBoard, a collection of foreign entities that spreads disinformation in the guise of a consumer review website, seeks the protection of 47 U.S.C. § 230—protection that is available in Massachusetts—"this federal statute is not limited to Massachusetts citizens and applies broadly. A defendant cannot reasonably anticipate being haled to court in Massachusetts for invoking protections under a federal statute that applies everywhere." ECF No. 118 ("Opinion") at 20. In so ruling, the Court rules that a foreign defendant (especially one acting in

1

bad faith) widely abusing Section 230 or any federal protection cannot "reasonably anticipate being haled to court" in *any* district simply because federal law applies nationwide. This is flatly contradicted by decades of jurisprudence surrounding 28 U.S.C. § 1331. Such defendants can and should reasonably anticipate being haled to court in *any* district in the United States where they abuse United States law to the detriment of citizens of that district.

The Court's selective reading of *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), its only citation to support this paradoxical result, gives those who seek to harm the United States free reign to do so, without ever having to worry about liability in any district court so long as the harm caused is sufficiently broadly distributed geographically. Yet *Burger King* continues:

> "[A] publisher who distributes magazines in a distant State may fairly be held accountable in that forum for damages resulting there from an allegedly defamatory story. *Keeton v. Hustler Magazine, Inc.*, *supra*; *see also Calder v. Jones*, 465 U. S. 783 (1984) (suit against author and editor)."

*Id*. at 473. ComplaintsBoard is one such "publisher," and the Court has just ruled that Plaintiff was plausibly defamed in Massachusetts by a Massachusetts resident, Defendant MasMarques.

The second paradox is that the Court did not address Plaintiff's citation to *Xcentric Ventures LLC v. Mediolex Limited et al*, Case No. 2:12-cv-00130-SMM (D. Ariz. October 24, 2012), leading to a strange circumstance where federal judges in Arizona seem to have personal jurisdiction over the foreign entities behind ComplaintsBoard, but federal judges in Massachusetts somehow do not, despite the same entities engaging in the same conduct. While Defendant Mediolex, Ltd. was then defending itself against a federal copyright claim, there is more of a record of the company doing business now in Massachusetts than then in Arizona.[1]

---

[1] The Court's opinion here makes no mention of Defendant Mediolex, Ltd. paying its Massachusetts attorney, Marc Randazza, to influence United States federal courts regarding Section 230, long before this case was filed. *See* ECF 108-2 at 8. Nor was the use of Cloudflare's geographically distributed data centers at issue in 2012, as it is now.

2

Third, the Court engages in improper circular reasoning regarding the denial of leave to file the proposed SAC, ECF No. 108-2.  While the Court does acknowledge the presence of "a new count seeking declaratory judgment 'clarifying that criminal extortion enterprises such as the Complaints Board Defendants are not immune from civil suit under 47 U.S.C. § 230,'" (Opinion at 37), it seems to forget that that proposed count is a federal claim pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act.  ECF No. 108-2 at 61, ¶ 282.  The Court's other finding in its footnote 3, that "all claims alleged are state law claims and, therefore, Rule 4(k)(2) does not apply" is therefore misleading or incorrect.  Denial of state claims for purported lack of jurisdiction is not cause to forbid a new federal claim that would grant jurisdiction and permit exercise of supplemental jurisdiction.  Rather, Plaintiff has both invoked Rule 4(k)(2) and made his suggestion of supplemental authorities—which support the finding of personal jurisdiction where Content Distribution Networks (CDNs), such as Cloudflare, are involved—apposite.[2]

There are also factual issues.  The Court incorrectly states that Plaintiff "does not allege having been present in Massachusetts."  Plaintiff was present in Massachusetts at least once during the time period in question, as specifically alleged in the proposed SAC.  ECF No. 108-2 at 6, ¶ 21 ("Plaintiff visited Massachusetts in 2018 and discussed the harm caused by Defendants in this action with his maternal uncle" who runs "Keene Promotions, Inc., a Massachusetts business run by Plaintiff's family since 1949…").  The Court goes on that, "Greenspan does not point to any facts around the circumstances of the injury he claims to have suffered while present

---

[2] The Court incorrectly states that "Greenspan, however, cites no case 'in which a court exercised personal jurisdiction on such a theory [involving the use of CDN services].'"  Opinion at 21.  Yet the Court acknowledges that it "considered" *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022) and *Doe v. WebGroup Czech Republic, a.s.*, 93 F.4th 442, 450-51 (9th Cir. 2024), where the Ninth Circuit did in fact exercise personal jurisdiction on exactly this basis.  The Court's citation to *BGDG Enterprises LLC* confuses web hosts with CDNs, which are materially different.

3

in Massachusetts." Opinion at 17. Yet on page 34, the Court contradicts itself, acknowledging, "MasMarques should have known that this campaign of incessant harassment and intimidation over a six-year period against not only Greenspan but also his friends and relatives would cause emotional distress and fear." Opinion at 34. While driving from the airport to Wellesley, Massachusetts, it was indeed distressing and deeply embarrassing for Plaintiff to have to explain to a family member, that he, his business and his children were being targeted on ComplaintsBoard by a violent criminal because of Plaintiff's entirely legal actions.

The Court also conflates the tortious acts of Defendant MasMarques with those of the ComplaintsBoard Defendants, which is understandable given that there is clearly some overlap. Where the Court writes, "Greenspan has not shown that the allegedly tortious act was purposefully directed at Massachusetts with the intent to cause injury in Massachusetts" (Opinion at 17), it was not the posting by MasMarques about Plaintiff, "a non-Massachusetts resident," that constituted the only "allegedly tortious act."[3] As alleged in the proposed SAC, ComplaintsBoard committed several of these torts by setting up its website as a honey pot for libel targeted at Americans in every state, including Massachusetts specifically. The "tort" referenced in this specific context, therefore, is the design and operation of ComplaintsBoard to *encourage* such posts by those like MasMarques in Massachusetts. ComplaintsBoard pages such as the "Top 10 Worst Companies in Massachusetts" (*see* ECF No. 108-2 at 8, ¶ 24) and "New Locations" (*see* ECF No. 108-1) exist solely for search engine optimization purposes, to lure in visitors searching for merchants *in their state* on search engines. ECF No. 108-2 at 8. By virtue

---

[3] Against the ComplaintsBoard Defendants, in the proposed SAC, Plaintiff has alleged libel, contribution, negligent infliction of emotional distress, unjust enrichment, civil conspiracy, violation of Mass. Gen. L. 93A, violation of California Bus. and Prof. Code § 17200, false light invasion of privacy, intentional infliction of emotional distress, and declaratory judgment.

4

of the fact that Plaintiff has family in Massachusetts, and the fact that Plaintiff consequently felt pressure due to *their* injuries to give into the "plausibly alleged ulterior purpose" of "MasMarques [] attempting to extort compliance," it cannot be denied that ComplaintsBoard's tortious acts (plural) were "purposefully directed at Massachusetts with the intent to cause injury in Massachusetts."[4]  ComplaintsBoard used Massachusetts keywords, and thus targeted residents, to lure in those like MasMarques, who would then serve up libel victims such as Plaintiff back to ComplaintsBoard to extort for removal fees.[5]  Finally, it is now known that the ComplaintsBoard Defendants impersonated *The Boston Globe* on their website.  ECF No. 116.  Plaintiff thus requests limited jurisdictional discovery covering any attempts to impersonate Massachusetts businesses and/or involving receipts of wire transfers or payments from Massachusetts entities.

In conclusion, the dismissal of the claims against ComplaintsBoard Defendants should be vacated and Plaintiff should be permitted to amend with the proposed Second Amended Complaint.  Plaintiff also respectfully requests that the Court lift any and all filing restriction conditions with regard to Plaintiff.  The Court has already "declined" Defendant MasMarques's latest request to deem Plaintiff a vexatious litigant.  Opinion at 36.  Plaintiff has done nothing to abuse his filing privileges, and the serious imposition on his due process rights is unmerited.

---

[4] This is especially undeniable after Plaintiff e-mailed ComplaintsBoard on March 30, 2019, writing, "My own personal information ***and my family's*** information appears hundreds, if not thousands, of times on ComplaintsBoard.com due to the efforts of a mentally ill individual in the United States against whom I have a restraining order" (emphasis added) and ComplaintsBoard chose to respond by doing nothing.

[5] *See* ECF No. 108-2 at 19, ¶ 72; at 26, ¶ 101.  *See* ECF No. 54-2 at 25 (June 9, 2018 ComplaintsBoard post referring to Massachusetts business Keene Promotions, run by Plaintiff's family, as "one big huge scam not to pay the IRS"), ECF No. 54-2 at 34 (November 15, 2018 ComplaintsBoard post citing "Newton, MA" address of Keene Promotions).  *See also* ECF No. 108-2 at 274-275 ("Defendants targeted…Plaintiff's maternal uncle, Plaintiff's maternal uncle's business, Plaintiff's aunt, Plaintiff's cousins…  Plaintiff's maternal uncle and related cousins live or lived in Massachusetts.")

Dated: March 26, 2024                    Respectfully submitted,

*[signature]*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

### CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on March 25, 2024, I attempted to confer with Defendants in regards to this motion in a good faith effort to resolve this issue and/or to narrow the issues.  Defendant Diego MasMarques, Jr. responded indicating that he does not assent to the relief requested.  The remaining defendants did not respond.

*[signature]*
Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 26, 2024 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

_____
Aaron Greenspan