UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE

Pursuant to the Court's Orders at ECF Nos. 118-119, Plaintiff Aaron Greenspan hereby respectfully moves the Court for permission to file a Request for Judicial Notice in light of the Court's personal jurisdictional analysis in its Memorandum and Order dated March 25, 2024 (ECF No. 118, "Opinion"). The Court's Opinion overlooks two key documents filed in this case, and the Opinion must therefore be vacated in part pursuant to binding First Circuit precedent.

Plaintiff wishes for the Court to judicially notice ECF Nos. 25 and 56 in this action, the Motion to Vacate Default Judgment as to Sergei Igorevich Kudriavtsev and Mediolex Ltd. filed March 30, 2023 (the "Motion"), and the Answer to the initial Complaint filed July 26, 2023 (the "Answer"), respectively, both by Defendant Sergei Igorevich Kudriavtsev. Both the Motion and the Answer were "defensive moves," and the Motion was Defendant Kudriavtsev's first. In the Motion, both Defendant Kudriavtsev and Defendant Mediolex, Ltd. expressly submitted to this Court's jurisdiction, waiving the defense they attempted to invoke later in ECF No. 95.

1

> "Nitsua's response to the government's amended motion for default was a defensive move that triggered the provisions of Rule 12(h).  Therefore, Nitsua should have included its objection to the court's exercise of personal jurisdiction in its response to the motion for default.  If Nitsua had objected to the court's exercise of in personam jurisdiction at the time it responded to the government's amended motion for default, the objection would have been timely.  Nitsua's failure to object in a timely fashion, however, waived the defense.  *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398-99 (7th Cir.1993) (holding that party waived objection to court's exercise of personal jurisdiction when it failed to include objection in its initial motion to vacate the entry of default); *cf. Accounts Nos. XXXXXXXXX & XXX-XXXXX*, 971 F.2d at 983-84 (applying waiver provisions of Rule 12(h) to claimant in civil forfeiture action); 953 *E. Sahara*, 807 F.Supp. at 582 (same)."

*U.S. v. 51 Pieces of Real Property Roswell, NM*, 17 F. 3d 1306, 1314 (10th Cir. 1994).

Defendant Kudriavtsev's Answer at ECF No. 56 was his second defensive move.  In it, he once again explicitly submitted to this Court's jurisdiction, writing, "I, Serguei Kudriavtsev, stand ready to fully engage in the Deposition process through a video conference.  Furthermore, I commit to overseeing the removal of all posts pertaining to Aaron Greenspan from ComplaintsBoard.com, should the court find it requisite to do so."  ECF No. 56 at 2.

Subsequent to filing this responsive pleading from Latvia—a process that required Court assistance due to a firewall that restricts international access to the Court website, including its virtual "drop box" that serves as an alternative for CM/ECF—Defendant Kudriavtsev hired counsel for himself and his alter-ego shell companies, Defendants Mediolex, Ltd. and Astrad, Ltd.[1]  In Defendant Kudriavtsev's third defensive move, his counsel finally invoked a jurisdictional defense, but by this point he had already waived it twice.  Nonetheless, Defendant Kudriavtsev's first *and* second defensive moves remained on the record, each explicitly submitting to this Court's jurisdiction.

---

[1] That counsel has since motioned to withdraw from this case.  *See* ECF Nos. 115, 117.  The Court denied those motions as moot (*see* ECF No. 118 at 38, n. 5), but the Court's oversight here puts such mootness in question.

Binding First Circuit precedent makes clear that Defendant Kudriavtsev waived his personal jurisdiction defense. Whether Defendant Mediolex, Ltd. also waived its personal jurisdiction defense depends on whether the Court considers a filing on behalf of a corporation by a non-lawyer a "defensive move," and also whether the Court considers that corporation, in these particular circumstances, to be an alter-ego of the individual, as Plaintiff has alleged.

> "It is clear under this rule that defendants wishing to raise any of these four defenses must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading. *See, e.g., Myers v. American Dental Association*, 695 F.2d 716, 720-21 (3d Cir.1982), *cert. denied*, ___ U.S. ___, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir.1978); *Pila v. G.R. Leasing and Rental Corp.*, 551 F.2d 941, 942-43 (1st Cir.1977); *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 46 (4th Cir.1968). If they fail to do so, the only manner in which to salvage the defense is by an amendment made as a matter of course. Such an amendment was not available to Lilly here because the requisite time period set forth in Rule 15(a) had expired. Although Rule 15(a) also provides for amendments to pleadings by leave of the court and states that 'leave will be freely given when justice requires,' it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense."

*Glater v. Eli Lilly & Co.*, 712 F. 2d 735, 738 (1st Cir. 1983).

This Court has relied on this specific doctrine in the recent past to evaluate arguments concerning whether or not a defendant has waived his or her right to invoke a jurisdictional defense. "[A] defendant may argue lack of personal jurisdiction so long as the defense is raised in his 'first defensive move, be it a Rule 12 motion or a responsive pleading.' *See Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983)." *Darby v. Lelling*, Case No. 1:20-cv-11115-DJC (D. Mass. January 25, 2022).

In conclusion, Plaintiff respectfully requests that he be allowed to file a Request for Judicial Notice raising these issues in support of the Court's vacating the portion of its Opinion concerning the Court's personal jurisdiction over Defendants Kudriavtsev and Mediolex, Ltd.

Dated: March 31, 2024          Respectfully submitted,

*[signature]*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

### CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on March 30, 2024, I conferred or attempted to confer with Defendants in regards to this motion in a good faith effort to resolve this issue and/or to narrow the issues. Defendant MasMarques responded indicating that he does not assent to the relief requested. ComplaintsBoard Defendants did not respond.

*[signature]*
Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2024 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

                                                                                 */s/ Aaron Greenspan*
                                                                                  Aaron Greenspan