UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>    v.<br><br>**DIEGO MASMARQUES, JR.** a/k/a **DIEGO MAS HOWARD** a/k/a **RICKY MAS MARQUES** a/k/a **JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Pursuant to the Court's Order at ECF Nos. 118-119[1], Federal Rule of Civil Procedure 54(b) and Federal Rule of Appellate Procedure 4(a)(5)(A)(i), Plaintiff Aaron Greenspan ("Plaintiff") hereby moves the Court for leave to file a Motion for Certification Pursuant to Federal Rule of Civil Procedure 54(b) and Extension of Time To File Notice of Appeal, should doing so be necessary.

On March 26, 2024, one day after the Court entered its Memorandum and Order at ECF No. 118, Plaintiff motioned the Court for leave to file a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  On March 31, 2024, Plaintiff further motioned the Court for leave to file a Request for Judicial Notice regarding filings on the docket that appear to have

---

[1] A typographical error in Plaintiff's filing at ECF No. 126 referenced ECF No. "199".  This should have referenced ECF No. 119.  Plaintiff apologizes to the Court for any confusion.

1

been overlooked in the drafting of ECF No. 118. The Court has yet to grant or deny these requests, but the clock is ticking nonetheless on the 30-day window from March 25, 2024 to file a Notice of Appeal. Federal Rule of Appellate Procedure 4(a)(1)(A).

However, because claims involving only some of the defendants were improperly dismissed by the Court's March 25, 2024 Memorandum and Order, the matter would not typically be appealable without a certification by the Court pursuant to Federal Rule of Civil Procedure 54(b). While it is possible that the Court could still allow the filing of a Motion for Reconsideration or amend its Memorandum and Order *sua sponte*, in the event that the Court decides not to, there is no reason to delay an appeal, and certification is appropriate.

It is also possible that the Court will not have time to address these matters until the scheduling conference currently set for April 22, 2024. In theory, a Notice of Appeal would then be due only a few days later, which would not permit much time for the Court to issue a ruling on the Rule 54(b) certification issue. Therefore, Plaintiff also would include in the proposed motion a request to extend the time allowed to file a Notice of Appeal by another 30 days, or whatever time period the Court finds appropriate.

Should the Court grant Plaintiff's prior motions or amend its Memorandum and Order *sua sponte*, this request is moot.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that the Court permit Plaintiff to file a motion requesting certification under Fed. R. Civ. P. 54(b) and additional time to file a Notice of Appeal, if necessary.

Dated: April 18, 2024          Respectfully submitted,

*[signature]*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

### CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on April 17, 2024, I attempted to confer with Defendants regarding this motion in a good faith effort to resolve this issue and/or to narrow the issues.  Defendants did not respond.

*[signature]*
Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 18, 2024 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

              _____
              Aaron Greenspan