UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**AARON JACOB GREENSPAN**,                  )
                                            )
Plaintiff,                                  )
                                            )
v.                                          )   Case No: 1:2023-cv-10134-DJC
                                            )
**DIEGO MAS MARQUES, et al.**               )
                                            )
                                            )
Defendants.                                 )
_____

### DEFENDANT *PRO SE*, DIEGO MAS MARQUES, MOTION FOR LEAVE TO FILE COUNTERCLAIM

NOW COMES the Defendant *pro se*, Diego Mas Marques, and hereby files this Motion for Leave to file a Counterclaim and hereby states as follows:

1. Pursuant to Judge Denise J. Casper's electronic order dated September 5, 2023, neither Plaintiff nor this Defendant *pro se* may make any other filings in this case, without first seeking leave of court to do so. Such motion for leave shall not exceed five pages, shall comply with L.R. 7.1 and shall not attach any exhibits.

2. This Defendant *pro se* has substantial grounds for a Counterclaim, including but not limited to, valid claims against the Plaintiff, who repeatedly files frivolous lawsuits, engages in abusive litigation practices, and has pursued legal actions without a reasonable basis, often to harass or subdue an adversary, including this Defendant *pro se*. *Perry v. Dickhaut*, No. 10-11975-DPW, 2011 WL 1226278 (D. Mass. Mar. 30, 2011). In *Perry*, the court outlined factors to

consider when determining whether a litigant is vexatious, such as the litigant's history of litigation, the motive behind the filings, and the burden on the courts and defendant.

3. Allowing the Defendant *pro se* to file a Counterclaim will serve the interests of judicial economy. The issues to be raised in the Counterclaim are intertwined with the Plaintiff's claims and will likely involve overlapping evidence and witnesses. Addressing both claims in a single proceeding will avoid duplicative litigation and conserve judicial resources.

4. It is in the interest of fairness and justice to permit the Defendant *pro se* to assert his Counterclaim. The Defendant *pro se* has a legitimate right to seek redress for the harm caused by the Plaintiff's actions, and denying this motion would unduly prejudice this Defendant's ability to fully defend against the Plaintiff's allegations and to pursue his own claims.

5. This motion complies with Local Rule 7.1 in that the motion is concise and does not exceed the five-page limit set by the Court's order, and no exhibits are attached hereto.

WHEREFORE, this Defendant *pro se* respectfully requests that leave of court be granted to file a Counterclaim.

Dated: June 13, 2024                     Respectfully submitted,

/s/ Diego Mas Marques
P.O. Box 301
Marlborough, MA 01752
Dmas5@protonmail.com
Defendant *pro se*

## Statement of Points and Authorities

Local Rule 7.1

**Perry v. Dickhaut**, No. 10-11975-DPW, 2011 WL 1226278 (D. Mass. Mar. 30, 2011)

## CERTIFICATE OF SERVICE

I, Diego Mas Marques, Defendant *pro se*, hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 13, 2024.

Dated: June 13, 2024                                   Respectfully submitted,

/s/ Diego Mas Marques
Defendant Pro Se
P.O. Box 301
Marlborough, MA 01752
Dmas5@protonmail.com
Defendant *pro se*