UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

## PLAINTIFF'S OPPOSITION TO DEFENDANT MASMARQUES'S MOTION FOR LEAVE TO FILE COUNTERCLAIM

Defendant MasMarques's instant motion, ECF No. 137, is obviously without merit, both procedurally and substantively. There is no conceivable "counterclaim" that Defendant MasMarques has against Plaintiff, and any attempt to file a frivolous counterclaim nonetheless would demand the imposition of sanctions under Federal Rule of Civil Procedure 11.

Plaintiff files this opposition primarily to alert the Court to what appears to be yet another outrageous and sanctionable act by Defendant MasMarques. The motion's sole citation, to "*Perry v. Dickhaut*, No. 10-11975-DPW, 2011 WL 1226278 (D. Mass. Mar. 30, 2011)" is a total fabrication, likely generated through the use of OpenAI's ChatGPT or similar "artificial intelligence" software.

Although the case of *Perry v. Dickhaut* does exist, its case number is 4:11-cv-40004-TSH, having been filed in a different year (2011, not 2010) with a different serial number. The

1

case number 1:10-cv-11975-RGS, which matches the fabricated citation, corresponds to *Novak v. USA*. Furthermore, at different points, the real *Perry* case was heard by Judge Timothy S. Hillman and Judge F. Dennis Saylor, IV, but not Judge Douglas P. Woodlock (the "DPW" in Defendant MasMarques's cited case number). The Westlaw citation "2011 WL 1226278" appears to be associated with a different case entirely, notably, in a different federal court: *Aretakis v. Fed. Express Corp.*, Case No. 1:10-cv-01696 (S.D.N.Y. Feb. 28, 2011).

In his motion, Defendant MasMarques (or more likely, a confused software application) wrote, "In *Perry*, the court outlined factors to consider when determining whether a litigant is vexatious, such as the litigant's history of litigation, the motive behind the filings, and the burden on the courts and defendant." This also appears to be false. The word "vexatious" does not appear in any published opinion from *Perry*, which actually concerns inmate conflicts and allegations of inadequate medical care in a prison setting. Furthermore, in ECF No. 118, the Court properly denied Defendant MasMarques's baseless request to rule Plaintiff a "vexatious litigant," and it is not even the first court to have denied such a request.

At least one other Massachusetts court has found the use of false citations in civil litigation to be sanctionable. *See Smith v. Farwell*, Case No. 2282CV01197 (Norfolk County Sup. Ct. February 15, 2024) (available at https://www.plainsite.org/dockets/download.html?id=328121552&z=584d455f). While the document in question in *Smith* was nominally filed by professional legal staff and not a *pro se* litigant, Defendant MasMarques does not deserve the benefit of the doubt here. Notwithstanding the unlawful conduct that led to the filing of this action—conduct which the Court has already ruled plausibly led to intentional infliction of emotional distress—in the course of this case alone, Defendant MasMarques has 1) defaulted; 2) perjured himself through the filing of false

affidavits; 3) intimidated a witness; 4) violated court orders; 5) repeatedly ignored the Federal Rules of Civil Procedure and Civil Local Rules; 6) refused to engage with mandatory discovery procedures; 7) continued to stalk and libel Plaintiff outside of the courtroom; and 8) threatened to instantiate *more* frivolous litigation against Plaintiff, Plaintiff's friends and family, and/or Plaintiff's company.  This conduct is not merely unprofessional; it violates multiple federal criminal statutes and it merits a referral to the United States Attorney's Office.

Defendant MasMarques's likely use of ChatGPT, the software most responsible for a recent rash of false citations like this one, is entirely his own fault.  Earlier in the case, Defendant MasMarques chose to dispense with his legal counsel, which the Court allowed.  *See* ECF Nos. 22, 40.

For all of these reasons, Plaintiff not only opposes the relief that Defendant MasMarques seeks, but requests that the Court impose sanctions and issue an order denying Defendant MasMarques the right to bring any counterclaim(s) against Plaintiff or *any* future litigation against Plaintiff without prior review of the Court.

Dated: June 17, 2024              Respectfully submitted,

_[signature]_
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 17, 2024 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan