UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**, <br><br> Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MASMARQUES'S MOTION REQUESTING THAT A PRO BONO ATTORNEY BE ASSIGNED TO THIS CASE**

Having fired his attorney, Defendant MasMarques, a nominally successful investor who enjoys boasting about his healthy stock gains, would like the Court to provide him one for free. *See* ECF No. 22. The Court should deny this request.

Defendant MasMarques does not meet the criteria set out in any part of 28 U.S.C. § 1915 for *pro bono* counsel. He has made no attempt to prove that he is impoverished. To the contrary, the operative First Amended Complaint quotes Defendant MasMarques's e-mail to Plaintiff in which Defendant MasMarques writes, "I invested in Jazz Pharmaceuticals in May of 2009 when the Stock was only a couple of bucks and then sold it at $192 in 2014," and, "We can pay you of course." ECF No. 54 at 14, ¶ 54. Defendant MasMarques has made similar boasts about his investments in Tesla, Inc. stock on social media. This is not the type of defendant the Court should spend its limited resources on. "In short, absent a response from the defendants the

1

expenditure of the Court's scarce *pro bono* resources cannot be justified." *Delacruz v. Spencer*, Case No. 1:13-cv-10327-DJC (D. Mass. March 17, 2013).

Defendant MasMarques is free to hire any lawyer he can afford on his own.  What he is not free to do is to use the docket as a vehicle to assassinate Plaintiff's character, which he has now attempted both with and without counsel.

The instant motion, ECF No. 140, contains a number of false, disparaging, and shockingly outrageous statements that merit the entire document being struck from the record pursuant to Federal Rule of Civil Procedure 12(f) for the deliberate inclusion—again—of "immaterial, impertinent, or scandalous matter."  Namely, Defendant MasMarques posits that: (1) Plaintiff owns leagle.com, which is false, as Plaintiff has stated *repeatedly*; (2) that Plaintiff "has been selectively uploading [purportedly disparaging] documents on to a vast array of online Blog's, such as GoogleGroups," which is false, and ironically so, since Defendant MasMarques has been attempting to smear Plaintiff's name on Google Groups, among other sites; (3) that Plaintiff has sent "highly selective legal documents to the leasing office" where Defendant MasMarques lives, which is false; (4) that Plaintiff "is mentally disturbed," which is false except to the extent that Plaintiff is disturbed by Defendant MasMarques's incessant harassment, which has caused mental anguish; (5) that Plaintiff's documented allegations concerning the origins of Facebook, Inc. are false, which is itself false; (6) that Plaintiff is "literally part of the 'Slander Industry,'" which is false; (7) that Plaintiff is "committing perjury and slander under oath," which is false, and again, ironic given his constant false statements under oath; (8) that Plaintiff "has been caught, by the Shaker Heights, Ohio Police with child pornography on his computer," which is false not only with regard to the Shaker Heights Police Department, but any and all law enforcement agencies, because Plaintiff does not possess child pornography on any device; and

(9) that Plaintiff "has been denied to adopt a child," which is false, as Plaintiff has never even attempted to adopt a child, let alone been "denied" the right to do so.  Many of these false representations—and they are not the only ones in the document, but merely the highlights—are *prima facie* evidence of what Plaintiff alleges in ¶ 12 of the First Amended Complaint ("FAC"): "Defendant MasMarques frequently uses the manipulative psychological tactic known as DARVO—an abbreviation for Deny And Reverse Victim and Offender.  In other words, Defendant MasMarques projects his experiences and crimes onto his victims."

To call this conduct unacceptable is a considerable understatement.  Plaintiff is now in the eighth year of attempting to defend himself against Defendant MasMarques's outrageous and arguably criminal conduct.  Compounding the libel and harassment that got us here, he is now openly weaponizing this Court's filing system to call Plaintiff a criminal and a danger to children *based on complete fabrications*.  This Court should immediately terminate Defendant MasMarques's access to CM/ECF, lift all filing restrictions on Plaintiff, issue sanctions and/or an order to show cause as to why sanctions should not be issued, order Defendant MasMarques to explain his use of at least one false citation to non-existent precedent, strike ECF No. 140 from the record, seal this opposition brief, and reconsider its ruling on ECF No. 3 as injunctive relief is warranted, especially considering the waste of public resources described in FAC ¶ 132-143.

Dated: June 24, 2024		Respectfully submitted,

_Aaron Greenspan_
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 24, 2024 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan