## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | Case No: 1:2023-cv-10134-DJC |
| AARON JACOB GREENSPAN, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S ANSWERS AND |
| | ) | AFFIRMATIVE DEFENSES |
| v. | ) | |
| | ) | |
| DIEGO MAS MARQUES, JR., et al. | ) | Honorable Denise J. Casper |
| | ) | |
| | ) | |
| Defendants. | ) | Request for a Jury Trial |
| | ) | |
| _____ | | |

## DEFENDANT DIEGO MAS MARQUES' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Diego Mas Marques, appearing pro se, hereby Answers the Complaint of Aaron Jacob

Greenspan as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b), Fed. R. Civ. P., Defendant denies generally all claims not specifically

admitted herein.

This answering party denies generally and specifically, each, every and all of the allegations,

acts, or omissions, contained in Plaintiff's Complaint, and each and every alleged cause of action

contained therein, and each and every paragraph thereof, and deny by reason of any matter, or

matters therein alleged, either as therein alleged, or otherwise, or at all, said Plaintiff has

sustained, or will in the future sustain any injury, or damage in any amount at all.

As affirmative defenses to the Complaint and each purported cause of action, this answering Defendant alleges as follows:

## **INTRODUCTION AND SUMMARY**

**1.**     Defendant admits that this action arises from a dispute, regarding public access to judicial records, where plaintiff has accessed these judicial records to then use them and weaponize them on his website **plansite.org** for his cyber stalking, doxing, harassment, intimidation, online shaming, threats, blackmail and extortion purposes. Defendant denies violating any court orders and denies that Plaintiff's characterization of events is accurate or complete and that plaintiff, continuously is committing perjury under oath.

**2.**     Defendant admits that Plaintiff is the founder and President of Think Computer Corporation, founded in 1998 and Think Computer Foundation, founded in 2000. Think Computer Foundation was permanently closed in May of 2021, by plaintiff's father Neil Sanford Greenspan under which, they operate the website Plainsite.org with his father Neil Sanford Greenspan, who is the VP, Treasurer and Board Member of both Think Computer Corporation, see **https://businesssearch.ohiosos.gov?=businessDetails/1000499** and Think Computer Foundation, see **https://businesssearch.ohiosos.gov?=businessDetails/1189731** and Plaintiff's mother Judith Keene Greenspan, who is a Board Member of both Think Computer Corporation and Think Computer Foundation.

Plaintiff's website **plainsite.org** is not free of charge, as Plaintiff makes his money with this website through advertising, online clicks, subscriptions and receiving payments to suppress URLs on **plainsite.org**. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

**3.**     Defendant denies Plaintiff's characterization of "gripe sites" and their alleged purposes.

Essentially defendant's data mining, monetized and weaponized website plainsite.org is an extortion website, where plaintiff demands thousands of Dollars to suppress each URL, and plaintiff operates his website plainsite.org as an extortion racket. If a person, or company does not pay thousands of Dollars to suppress each URL on Plaintiff's websites plainsite.org, then Plaintiff resorts to doxing, extortion, harassment, intimidation and threats to totally ruin the careers and reputations of people and companies. Defendant lacks sufficient knowledge or information to form a belief about the truth of the specific allegations regarding the operations of such sites and therefore denies them.

4.    Defendant lacks sufficient knowledge, or information to form a belief about the truth of the allegations regarding Plaintiff's involvement with The New York Times and therefore denies them. Though, defendant can state as a fact, that Plaintiff is directly involved in the "Slander Industry", where Plaintiff commits defamation, libel and slander against his victims and will at first seek out as much legal and personal information that he can find on his victims, through FOIA requests, and other means, then Plaintiff will upload on to his website plainsite.org a lot of legal and personal information, and sensitive personal identifying information,  where plaintiff will expose and upload home and employers addresses, email addresses, telephone numbers, date of birth's, and much more, then plaintiff will create his own highly selective and fabricated narrative to totally destroy a person's career and reputation, as plaintiff has done towards this Defendant.

5.    Defendant denies Plaintiff's characterization of the differences between Plainsite.org and other websites. Defendant asserts that Plaintiff's website plainsite.org's malicious practices of legal document and personal data collection is being weaponized, by this Plaintiff to then destroy people and companies and is causing serious economic, emotional and social harm to individuals

and companies, under the guise of the First Amendment and the Decency Act 230.   Plaintiff with

his data mining, monetized and weaponized website plainsite.org has destroyed hundreds if not

thousands of careers, reputations and livelihoods. Since Plaintiff first created plainsite.org with

his partner Eric Steven Teasley in 2011, it was and is intended to cause serious harm to their

targeted victims, that hosts selectively false and fabricated information on victims,  and  hosts

slanderous and libelous materials,  intended to destroy careers, reputations and livelihoods, while

making money for both the Plaintiff and his partner Eric Steven Teasley.

**6.**   Defendant lacks sufficient knowledge or information to form a belief about the truth of the

allegations regarding "removal services" and their operations and therefore denies them.

Though, Defendant can with evidence, prove that this Plaintiff makes money with his "removal

services" of URLs from his website plainsite.org and receives payment via third parties, with

money transfers, or cryptocurrencies in the thousands of Dollars for each URL that is suppressed

on plainsite.org. Plaintiff also uploads highly sensitive information on his victims on to the Dark

Web. Defendant received a call in January of 2018, where a third party on behalf of Plaintiff

requested Defendant to pay $4,500 to suppress each of the 8 URLs that this Plaintiff had

uploaded on the Internet and that if Defendant had paid one lump sum, that there would be a

discount for a total of $34,000, instead of the full price of $36,000 to have all of the 8 URLs

suppressed on Plaintiff's website plainsite.org. Defendant refused to pay any money to have the

8 URLs suppressed from plainsite.org, as a consequence the online doxing and harassment, by

Plaintiff increased after January 2018.

**7.**   Defendant affirms with clear evidence, that Plaintiff is committing perjury under oath, as

Plaintiff does accept money to suppress URLs on his website plainsite.org and Plaintiff does

work with third parties and other websites to collect this money to suppress URLs from his

website plainsite.org. Plaintiff is perjuring himself, before this Court.

**8.**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the

allegations regarding individuals contacting Plainsite.org and Plainsite.org's response procedures

and therefore denies them. Though, Plaintiff mentions the word "suppress" and not delete, as

Plaintiff does not delete anything, only suppresses URLs for thousands of Dollars for each URL.

In the following article from October 12, 2014, and in the first sentence of the third paragraph,

Plaintiff writes and states, "It comes down to this: I am now a Judge.", see

http://www.aarongreenspan.com/writing/20141012/the-internet-court-is-now-in-session/.

**9.**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the

allegations regarding Plainsite.org's privacy policy and its implementation and therefore denies

them. Though, it is known that this Plaintiff does IP Harvesting and uses this information to do

cyber stalking, blackmail, extortion, doxing, harassment and uses all information that Plaintiff

can gather on his victims to threaten and destroy their careers, reputations and livelihoods.

Plaintiff contacts his victims' employers, leasing offices, and many other agencies, as Plaintiff

has done towards this Defendant, in order to destroy the career and reputation of this Defendant.

Plaintiff believes that he is a Judge on the Internet and only he can determine, what will be

suppressed from his data mining, monetized and weaponized website plainsite.org.

**10.**     Defendant denies being "obsessively enraged" about his history being public. Defendant

denies engaging in any libel or harassment against Plaintiff. Defendant further denies targeting

other website owners. Defendant defended his career and reputation from online cyber stalkers,

and individuals, such as this Plaintiff, who are data mining legal documents and personal

information, then weaponizing this information to attack their victims.

Plaintiff goes through his victims' legal documents in a highly selective manner and then, when he decides to destroy his victims, he then starts posting the legal documents, that he has collected, along with all the personal identifying information and uploads these legal documents on a variety of Blog's. such as Google Groups and many others and uploads personal identifying information, such as email addresses, phone numbers, employers addresses and much more, as Plaintiff has done and continues to do with this Defendant on his website plainsite.org.

Plaintiff will seek out the employers contact information, places of residence and City and Town Hall's, where his victims reside, as Plaintiff has done to Defendant, then Plaintiff will send highly selective negative legal documents and personal information to these employers, leasing offices Mayor's Office, where they reside to publicly destroy their career, reputation and publicly shame them, as Plaintiff has done to Defendant

On January 24, 2017, Plaintiff filed a complaint with the Arkansas Attorney General's Office, as the 7-page legal decision, by Judge Mark L. Wolf with a lot of non-factual items was uploaded on the website leagle.com.

The owners name of leagle.com and address, according to ICANN WHOIS, where someone has the obligation to report their true identity of their website, reported a fake name, address and phone numbers. The Investigator at the Attorney General of Arkansas was Ms. Liz Garcia and when the complaint was sent out to the owner of leagle.com, Ms. Garcia explained to Defendant, that this website leagle.com had many complaints against it, as people were complaining about having their career, reputations and lives ruined, by leagle.com, but nobody really knows who owns, or runs it and all they had was an email address. At that point, Defendant had asked Ms. Garcia to withdraw my complaint, as I had explained to Ms. Garcia,

ANSWERS & AFFIRMATIVE DEFENSES

that whoever owns and runs leagle.com could retaliate against me and that is exactly what occurred.

When the response came in from the owner of the website leagle.com, the writing was similar to the way this  Plaintiff writes, where he starts his sentences with the word "We" and there were too many similarities to the manner in which this Plaintiff Aaron Jacob Greenspan writes.

A couple of weeks after the answer from the supposed owner of leagle.com arrived, Defendant started to be viciously attacked online and harassed with the doxing of Defendant's legal documents and personal information. The first noticeable website that was posting dozens of URLs with pages and pages of legal documents in a highly selective manner, that took up more than the first three to four pages of the Internet, when searching under Defendant's name, came from a website called unitedstatescourts.org.

It took Defendant approximately three months to find out, who exactly owned this career and reputation destroying website, called unitedstatescourts.org. Defendant realized that this website unitedstatescourts.org was owned and run, by an actual Attorney named Jeffrey Allen Steinport and his partner Jesus Alfredo Garza from Grand Rapids, Michigan, where they had posted all false information on ICANN WHOIS, where there was a fake name, fake address, where they rented and used a mailbox at a UPS Store in Grand Rapids, Michigan and fake phone numbers, fake fax numbers and everything was fabricated and made up, by Jeffrey Allen Steinport, in order to hide his true identity from the public.

When Defendant realized that this website unitedstatesscourts.org was owned by Attorney Jeffrey Allen Steinport, Defendant asked Jeffrey Allen Steinport about this and his only response was, "Decency Act 230".

ANSWERS & AFFIRMATIVE DEFENSES

Defendant was surprised and disgusted to find out, that Attorney Jeffrey Allen Steinport was advertising as an Attorney to defend people with Defamation and Employment cases, when in fact, Jeffrey Allen Steinport was participating online in destroying people's careers, reputations and livelihoods, without a care in the world, as long as the income was coming in, with his website unitedstatescourts.org. There were hundreds if not thousands of complaints against this website unitedstatescourts.org from people for having their careers and reputations destroyed, by this website unitedstatescourts.org, that was under a fraudulent 501(c)(3), called the Franklin Archive, also based out of Grand Rapids, Michigan.

The IRS had immediately denied Attorney Jeffrey Allen Steinport his request for a 501(c)(3), but this did not stop Jeffrey Allen Steinport from ignoring this and setting up a PayPal account, linked to his Bank Account and continued to ask the public for monetary donations, where Jeffrey Allen Steinport was advertising on his website unitedstatescourts.org, that any monetary donations were tax deductible, which was not only completely false, but this was also completely illegal and a crime.

Defendant explained to Attorney Jeffrey Allen Steinport, who was licensed in two States as an Attorney, Michigan and Arizona and had worked as a Computer Administrator for many years, before becoming an Attorney, that if he did not delete the many pages of URLs all over the Internet, that Defendant was going to file a State Bar of Michigan Complaint against him. Attorney Steinport didn't care about that and told Defendant to go ahead, that nothing would happen.

Defendant filed a State Bar of Michigan Complaint against Attorney Jeffrey Allen Steinport and it was sent back by mail, without being looked in to, by the State Bar of Michigan,

which was unbelievable, as this is something that would occur in a third world country and shows the high level of corruption that exists.

Defendant then filed an Arizona State Bar Complaint against Attorney Jeffrey Allen Steinport, who apparently had an address in Scottsdale, Arizona. The Arizona State Bar was professional and investigated this matter against Attorney Jeffrey Allen Steinport. In July of 2017, Defendant had received a phone call from a Phoenix, Arizona FBI Agent and after speaking with the FBI Agent, he stated, that after speaking with me, that he realized that this Attorney Jeffrey Allen Steinport was lying to him about how he had portrayed me to him and that he wanted all the information on his fraudulent 501(c)(3)  The Franklin Archive and the tax frauds and other crimes, that Attorney Jeffrey Allen Steinport was committing online.

Attorney Jeffrey Allen Steinport had set up a PayPal account and linked this to his Bank account, where he made false statements to the public, that any and all monetary donations would be tax deductible. Only problem with this, was the fact that the IRS immediately denied Jeffrey Allen Steinport's 501(c)(3). The Phoenix FBI decided to immediately shut down this website unitedstatescourts.org and many people online were happy to see unitedstatescourts.org shut down, as Attorney Jeffrey Allen Steinport had ruined so many people's careers and reputations, just so he could make some easy money with his website unitedstatescourts.org. Shortly after this website unitedstatescourts.org was shut down, then Attorney Jeffrey Allen Steinport shut down his fraudulent 501(c)(3) The Franklin Archive.

It needs to be noted, that Jeffrey Allen Steinport also owns and runs dozens of other data mining, monetized websites, where he makes money off gathering the public's data and personal information.

It became apparent that Attorney Jeffrey Allen Steinport, who lives in Michigan and Aaron Jacob Greenspan, who lives in California know and work with each other, as they are both perpetrators of online cyber stalking, doxing, extortion and harassment towards their victims and this is criminal. What both Attorney Jeffrey Allen Steinport and Aaron Jacob Greenspan are doing is in violation of the U.S. "Interstate Stalking Punishment and Prevention Act' under 18 U.S. Code §2261A of the Federal Stalking Laws and both Jeffrey Allen Steinport and Aaron Jacob Greenspan should be referred to the United States District Attorney's Office for a look into all their online crimes, that they are committing in tandem.

There are three websites, that have been doxing, harassing and cyber stalking this Defendant for many years at this point and they are leagle.com, unitedstatescourts.org, that was shut down by the Phoenix FBI in July of 2017 and plainsite.org, where this Plaintiff has continued non-stop with the online cyberstalking,  doxing and harassment towards this Defendant and immediate family.

It should be noted that Plaintiff's website plainsite.org was also under a fraudulent 501(c)(3) Think Computer Foundation from 2011, until Plaintiff's father Neil Sanford Greenspan shut it down in May of 2021 and they also had a PayPal account, linked to their Bank Account, where they asked for monetary donations from the public, falsely stating, that all donations were tax deductible, only thing is that the IRS denied their 501(c)(3) status right from the beginning. So, from 2011 until May of 2021, this Plaintiff was committing tax frauds, where he continuously asked for monetary donations, stating that these monetary donations were tax deductible, which was not only a lie, but this is also a Federal Crime, as this was never authorized, by the IRS.

Defendant was able to get in to Harvard, where his father also had attended. Once Defendant was in Harvard, he created a data mining website called HouseSystem, where he was

10

getting hold of lots of personal identifying and sensitive information on Students and Staff, much of which was, without permission from Students and Staff. A lot of complaints were made about Defendant exposing their personal information on his website HouseSystem, without their permission, so the Harvard Administration had Defendant take down his website HouseSystem. One can see that Defendant has a pattern of indulging himself with data mining the personal and sensitive information of other people and companies.

**11.**     Defendant categorically denies being a convicted murderer or alleged rapist. Defendant denies having a criminal record or documented history of mental illness. Defendant admits that Plaintiff obtained a civil restraining order against him in 2019, which has since expired in August of 2021, but denies that this order was justified or based on truthful allegations.

Defendant states that any past legal matters in Spain have been fully expunged under Spanish law. Defendant is also fully aware of what occurred in Spain, as this was explained at the Santa Clara Superior Court, before Judge Overton. Defendant was first found not guilty by a majority vote of all 9 jurors, but the Spanish Prosecutor did not want to accept the not guilty finding, so he had the 9 jurors go back in for deliberations, and had the two reserve jurors participate in those deliberations, but not before adding two words at the end of the charge, called "dolo eventual", which does not even exist in the Spanish Penal Code. As jurors are not Attorneys, the end result was 8 votes to 1 for guilty. In Spain, they only need a 2/3 vote, or 6 jurors to find one guilty.

After the website unitedstatescourts.org was shut down in July of 2017, Defendant then in August of 2017, requested from Plaintiff Aaron Jacob Greenspan, that he delete the URLs, that he had uploaded all over the Internet on his website plainsite.org. Though, dealing with Plaintiff would be completely different, as Plaintiff's main source of income is his website plainsite.org,

where he receives money from advertising, clicks, extortion in suppressing URLs and paid

subscriptions on his website plainsite.org, where Plaintiff takes credit cards for payments.

Plaintiff Aaron Jacob Greenspan, then proceeded to hack in to Defendant's msn email account,

not once but twice. Once in September of 2017, then Plaintiff hacked in to Defendant's msn

email a second time in October of 2017. Both times, Microsoft Customer Service explained to

me, that my msn email account had been hacked and both times, it took well over three weeks to

get back in to my msn email account.

Defendant knew that it was Plaintiff who had hacked in to my msn email account, as

there was personal information and pictures only in this msn email account, that were

subsequently uploaded on to all kinds of Blog's and other disgusting websites, by this Plaintiff

Aaron Jacob Greenspan. As a result of Plaintiff hacking in to Defendant's msn email, Defendant

sought a more secure email with encryption to avoid hackers, such as this Plaintiff.

Plaintiff escalated and increased his cyber stalking, doxing and harassment to the point,

that Defendant called Plaintiff on March 28, 2018, and told Aaron Jacob Greenspan, that if he did

not cease and desist with the online harassment, that Defendant was going to get a Restraining

Order against him.

Defendant can prove that I had been calling the Santa Clara Superior Court in San Jose,

California since January of 2018, in order to seek a Restraining Order against Plaintiff, after

being contacted by a third party, who wanted $34,000 to suppress 8 URLs from Plaintiff's

website plainsite.org. Defendant found it quite difficult trying to get information at the Santa

Clara Superior Court in San Jose, California, as the recording would state, that they were

understaffed and Defendant was unable to initiate the Restraining Order, or Harassment Order in

January of 2018 against this Plaintiff Aaron Jacob Greenspan. Defendant has all the phone records of the multiple times, that the Santa Clara Superior Court in San Jose, California was called, to see about receiving a Restraining Order against Plaintiff Aaron Jacob Greenspan

On April 4, 2018, this Plaintiff Aaron Jacob Greenspan went to the Santa Clara Superior Court in San Jose, California and committed perjury under oath, to receive a Harassment Order against this Defendant, based on fabricated falsehoods.

Plaintiff attempted to serve defendant his Harassment Order, with the Process Server from Worcester, Massachusetts, called Francis J. Traspaso, but was unsuccessful.

So, this Plaintiff resorted to his next underhanded plan, where he contacted the Middlesex Sheriff's Department in Cambridge, Massachusetts and Plaintiff lied to them, telling them that I lived in Medford, Massachusetts, but that was my father, who has the same name and Plaintiff knew that was my father and not me, but did this anyway.

Plaintiff played dirty, and was immoral and unethical to make false statements to the Middlesex Sheriff's Office in Cambridge, Massachusetts, by lying to them and having sent them highly selective legal documents and personal information on Defendant and telling them that my father was me and that my address was in Medford, Massachusetts, when this Plaintiff knew full well, that I lived in Marlborough, Massachusetts and not Medford, Massachusetts. Plaintiff harassed Defendant's father, by sending the Middlesex Sheriff's Department to his home, then Plaintiff kept calling Defendant's father, until finally the number was changed and made unlisted to the public. Plaintiff has no problem perjuring himself under oath, to a Judge, Police Officer, or anyone else.

On, or about June 19, 2018, Plaintiff went before the Judge Carol Weinstein Overton at the Santa Clara Superior Court and Judge Overton allowed Plaintiff a 5-year Harassment Order against Defendant, by default, without Defendant ever being served anything, by Plaintiff. Plaintiff went before Judge Overton and committed perjury under oath.

July 3, 2018, Defendant received a Harassment Order against Plaintiff from Judge Deborah Ryan at the Santa Clara Superior Court. The weapon of choice of this Plaintiff is his computer and hacking skills, that was stated in the Harassment Order against this Plaintiff. Plaintiff being aware that I had received a Harassment Order against him on July 3, 2018, left the State of California, and apparently had moved back with his parents in Shaker Heights, Ohio to avoid being served my Harassment Order. The Santa Clara Sheriff's Department were unable to locate Plaintiff Aaron Jacob Greenspan and they stated that his address, that he gave to the Santa Clara Superior Court in San Jose, California was made up and false, as he wrote that address on the court documents, but did not live at that address.

Defendant had to proceed in hiring a Private Investigator and found out, that Defendant did move back with his parents in Shaker Heights, Ohio to avoid being served the Harassment Order from the Santa Clara Superior Court in San Jose, California.

Defendant needed to serve Plaintiff the Harassment Order, so Defendant contacted the Shaker Heights, Ohio Police in September of 2018 and the Lieutenant immediately knew who the Greenspan family was, as they had harassed many neighbors for many years on their street in Shaker Heights, Ohio, where the Shaker Heights, Ohio police were frequently called, by their neighbors for being harassed by them.

The Lieutenant sent over a Shaker Heights Police Officer with the Harassment Order to be served on Plaintiff Aaron Jacob Greenspan. The person who answered the door, was the father Neil Sanford Greenspan, who literally lied to the Shaker Heights Police Officer and told him that his son Aaron Jacob Greenspan did not live there, when in fact on December 12, 2018, at the first court hearing, before Judge Overton, Aaron Jacob Greenspan admitted that in September of 2018, that he was living with his parents in Shaker Heights, Ohio. It was shocking, but later not surprising that the father Neil Sanford Greenspan also could easily lie to the Shaker Heights Police Officer, as he did this also with the Marlborough, Massachusetts Court and Police Department

After Defendant received the Harassment Order against Aaron Jacob Greenspan on July 3, 2018, there were all kinds of antisemitic and pornographic pictures going up online, referencing Aaron Jacob Greenspan. Defendant even asked my wife if she thought Aaron Jacob Greenspan was trying to set me up? My wife's answer was that he is a malicious hacker and is most likely capable of anything. And set Defendant up is exactly what Plaintiff did with two false criminal charges at the Marlborough, Massachusetts Court, where Plaintiff and his father Neil Sanford Greenspan, according to a previous defense Attorney were calling the Marlborough, Massachusetts Court and Police 4 to 5 times day, demanding that they put some criminal charges on me

It should be noted that Attorney Jeffrey Allen Steinport also participated in this fraud, by contacting the Marlborough, Massachusetts Court and Police and didn't want to send a direct email to them, so he wrote up the email, which Defendant has a copy of and sent it to Aaron Jacob Greenspan, who then sent it to the Marlborough, Massachusetts Court and Police, also requesting that they put some criminal charges on me

15

From the time Defendant received the Harassment Order on July 3, 2018, until October 9, 2018, the Plaintiff used two fake email accounts to keep writing to me in violation of the Harassment Order and there were times, where Defendant would ask Plaintiff if he was Aaron Jacob Greenspan and he would say yes, then say no, then maybe, when it was obvious that this was Aaron Jacob Greenspan who was violating my Harassment Order on a continuous basis, as he has no respect for rule of law.

October 9, 2018, was Defendant's last opportunity to have Aaron Jacob Greenspan served the Harassment Order, before Judge Deborah Ryan at the Santa Clara Superior Court in San Jose, California. The court started at 9am California time, which was 12pm on the East Coast and I was allowed a Court Call, but Aaron Jacob Greenspan started sending me emails around 8:30am California time, acting like he was someone who did not like Aaron Jacob Greenspan. Then at around 8:45am, Aaron Jacob Greenspan stopped emailing me. I then called the Court Call to attend the hearing, before Judge Deborah Ryan. The Courtroom Clerk for Judge Ryan asked me not to speak as Aaron Jacob Greenspan was in the courtroom, otherwise he would realize that I was there via the Court Call.

What I heard in Judge Ryan's courtroom was quite shocking to say the least. Aaron Jacob Greenspan was raising his voice at Judge Ryan, literally yelling at Judge Ryan and not asking, but demanding that my Harassment Order against him be dismissed. Judge Ryan told Aaron Jacob Greenspan several times, that if he did not immediately stop with his outbursts in her courtroom, that she was going to hold him in contempt of court and advised the Santa Clara Sheriff to be on notice about this situation with Aaron Jacob Greenspan.

Judge Deborah Ryan, then asked the Courtroom Clerk to call out my name and I stated, "Present Your Honor". Then things got quiet in Judge Ryan's Courtroom. Judge Ryan, then asked

me if I would like to appear at the Santa Clara Superior Court on November 13, 2018, or December 12, 2018. In hindsight, I should have immediately taken the earliest date of November 13, 2018, as this gave Aaron Jacob Greenspan the opportunity to set me up with false criminal charges at the Marlborough, Massachusetts Court.

Then Judge Ryan asked Aaron Jacob Greenspan if he didn't mind being served my Harassment Order, as he was there and that the Santa Clara Sheriff would escort him to the Clerk's Office to be served my Harassment Order.

At that time, Aaron Jacob Greenspan could not say no, so he reluctantly agreed, but not before having another explosive outburst in front of Judge Deborah Ryan, where again he made demands to have my Harassment Order dismissed and made all kinds of strange statements. Again, Judge Deborah Ryan had had enough and told Aaron Jacob Greenspan that he was on the verge of being held in Contempt of Court and to immediately leave her courtroom with the Santa Clara Sheriff and be served my Harassment Order.

Then Aaron Jacob Greenspan went on a cyberstalking and harassment mission and took to his two Twitter accounts @aarongreenspan and @plainsite insulting the entire court process at the Santa Clara Superior Court, stating that this was unconstitutional and much more. Then Aaron Jacob Greenspan started to try and provoke Defendant, so he started to upload the personal identifying information of myself and my wife.

Then in October of 2018, Defendant spoke with a Manager at Twitter and the Twitter account @plainsite was immediately shut down, until Aaron Jacob Greenspan deleted his harassing Tweets, containing the personal information that he had uploaded on myself and my

wife, such as home address, employers' addresses and much more and this violated several of the Twitter Rules.

After Aaron Jacob Greenspan was able to get his Twitter accounts back up and running, he then complained and stated, that he is a Data Journalist, or Journalist and this was not fair what occurred, as if Aaron Jacob Greenspan felt he did nothing wrong, when in fact he violated the Twitter Rules not once, or twice but multiple times, as Plaintiff never did stop with his online harassment and stalking and violating Defendant's Harassment Order, using his two Twitter accounts, uploading vile comments and pictures, regarding Defendant and sending many different magazine subscriptions to Defendant's home address, from companies, such as the Pleasure Dome in San Francisco, California. Defendant has all of this evidence.

The Marlborough, Massachusetts Police started to arrive at my home, as Aaron Jacob Greenspan and his father Neil Sanford Greenspan, according to my Attorney, kept contacting them incessantly, as well as the Marlborough, Massachusetts Court, and Marlborough, Massachusetts Mayor's Office, by calling them 4 to 5 times a day and by sending them lots of emails,  with highly selective legal documents and personal information, as they were making demands on them to put some criminal charges on me, by having framed me.

On November 15, 2018, a Marlborough, Massachusetts Police Officer handed my wife the Harassment Order from Aaron Jacob Greenspan and told her, that I am now served, but California law requires the person in question to be only physically served and nobody else.

On November 28, 2018, I had to show up to the Marlborough, Massachusetts Court for a Clerk's Hearing for two fabricated criminal harassment charges, by Aaron Jacob Greenspan, who fabricated evidence and lied under oath, with my wife and Defense Attorney. The Marlborough,

Massachusetts Assistant Clerk was Darryl S. Whitney and Aaron Jacob Greenspan was allowed a Court Call.

I, my wife and my Defense Attorney had to listen to lie, after lie, after lie, by Aaron Jacob Greenspan and he kept stating, "I'm Jewish" many times during the more than one hour, where he committed perjury under oath, as Aaron Jacob Greenspan was the one that created and falsified fake online content, falsely stating that this came from me, when this was all fabricated by one person and that one person was Aaron Jacob Greenspan, so he could set me up with two false criminal harassment charges

When it was my turn to defend myself, the Marlborough, Massachusetts Assistant Clerk told me, that I could only ask questions through my Counsel. So, as I had a lot of evidence of hacking against Aaron Jacob Greenspan and other evidence, my first question through Counsel was about Aaron Jacob Greenspan's hacking.

Plaintiff Aaron Jacob Greenspan appeared lost for words and could not get a sentence out, then the Marlborough, Massachusetts Assistant Court Clerk suddenly intervened and stated literally, "I've heard enough, I'm finding probable cause." I thought at the time, what has happened to the United States, has it become a third world corrupt country with no justice? After the Marlborough, Massachusetts Assistant Clerk stated this outrageous comment, then Aaron Jacob Greenspan kept asking if I was going to show up at the December 12, 2018, Santa Clara Superior Court Hearing, but I did not answer him and did show up for that hearing, before Judge Carol Overton.

After this Court Hearing on November 28, 2018, at the Marlborough, Massachusetts Court, Plaintiff Aaron Jacob Greenspan immediately requested, that the 27 page police report be sent to him. So, the Marlborough, Massachusetts Court Clerk Elizabeth Sacco, faxed the entire

ANSWERS & AFFIRMATIVE DEFENSES

27 page police report to this Plaintiff, without redacting anything. On that same day, November 28, 2018, Plaintiff Aaron Jacob Greenspan, took this 27 page police report, with all of Defendant's personal identifying information, such as Social Security Number, date of birth and much more, then uploaded this 27 page police report, without redacting anything on to the Santa Clara Superior Court Docket in San Jose, California.

On December 12, 2018, I showed up for the hearing, with a Bodyguard, who was also a Private Investigator, served in the military and was a prior Police Officer, before Judge Carol Overton at the Santa Clara Superior Court in San Jose, California and Aaron Jacob Greenspan was falsely stating that I had uploaded all those fabricated vile pictures and other nonsense, when it was only Aaron Jacob Greenspan that created and uploaded all those disgusting and vile antisemitic and pornographic pictures online.

Judge Overton had all parties take a 15 minute break during this hearing. Myself and the Bodyguard went outside the courthouse. Upon arriving back in front of the courtroom, the Plaintiff was aggressively telling his Attorney to take pictures of me. At first the Attorney seemed reluctant to take pictures, but Plaintiff kept telling him to take pictures of me. Then Plaintiff's Attorney started taking pictures of me, even though it was posted throughout the Santa Clara Superior Court, that no pictures are to be taken in the court.

Defendant's Bodyguard immediately went in to the courtroom to notify the Santa Clara Sheriff, who then came outside and had the Attorney delete all the pictures, that he had taken of me and Judge Overton was notified on the record of this strange behavior, by Plaintiff

Judge Carol Overton dismissed the 5 year Harassment Order against me, that Aaron Jacob Greenspan acquired, by default, committing perjury, before Judge Overton and the Santa Clara Superior Court and having served not myself, but my father at his address.

Plaintiff and his Attorney left the courthouse, before Defendant and Bodyguard, who thought it would be better to let Plaintiff go on his way. Though, once outside the courthouse, my Bodyguard communicated to me, that the Plaintiff was staring at us intensely near the cement column. Defendant looked over and noticed Plaintiff just stalking us, with a crazed look in his eyes.

At that point, the Attorney for the Plaintiff approached Defendant and Bodyguard again and lifted up his phone in our direction and told us, that he was going to take some pictures of us and I stated no. Then three Santa Clara Sheriff's immediately came outside and ordered Plaintiff and his Attorney to immediately leave the premises.

The Bodyguard advised me to wait awhile, until Plaintiff and his Attorney had actually left the area. Some minutes later, as myself and the Bodyguard were walking towards the vehicle, we noticed that Plaintiff was down the street, intensely staring in our direction, then started to cross the street, as he kept turning and staring at us.

As a result of having this experience with Plaintiff Aaron Jacob Greenspan, as he seemed mentally unstable, and most definitely a dangerous stalker, Defendant had a Bodyguard accompany me on the next two court hearings.

Because of the two criminal harassment charges that Aaron Jacob Greenspan was able to get, by way of fraud, after he created antisemetic and pornographic pictures, falsely stating that I had done this, when in fact it was Aaron Jacob Greenspan who did this, I had to show up for two more court hearings on February 28, 2019 and on May 2, 2019, before Judge Carol Overton at the Santa Clara Superior Court in San Jose, California.

At the third and last hearing, Plaintiff showed up without his Attorney, but had an open laptop in the courtroom, which was not supposed to be allowed during the court hearing.

ANSWERS & AFFIRMATIVE DEFENSES

Judge Carol Overton stated in the third and last hearing on May 2nd of 2019, that if these two criminal harassment charges had been dismissed, then she was most likely going to dismiss both Harassment Orders. Defendant was personally seeking a lifetime Harassment Order against Aaron Jacob Greenspan, but because Plaintiff set me up with two false criminal charges at the Marlborough, Massachusetts Court, Aaron Jacob Greenspan was allowed on August 30, 2019 an extension of two years on his Harassment Order against myself and my legitimate Harassment Order, based on evidence and facts against Aaron Jacob Greenspan was terminated on August 30, 2019, which was a total injustice.

These two fabricated criminal harassment charges, by Aaron Jacob Greenspan at the Marlborough, Massachusetts Court, where dismissed on November 24, 2020 and then expunged at the Marlborough, Massachusetts Court on February 9, 2021, but because this was not done soon enough, Aaron Jacob Greenspan had committed perjury under oath, fabricated two false criminal harassment charges against Defendant, by setting me up and scammed the Marlborough, Massachusetts Court, Police and Mayor's Office to receive an extension on the Harassment Order, that Aaron Jacob Greenspan should never had received, as Aaron Jacob Greenspan was not the victim, but the perpetrator of cyber crimes, hacking, harassment, stalking and much more..

**12.**    Defendant denies engaging in any manipulative psychological tactics or projecting experiences onto others. Defendant asserts that Plaintiff's characterization is false and defamatory and this is what Plaintiff is doing.

**13.**    Defendant denies violating any restraining orders or engaging in harassment through third-party intermediaries. Plaintiff was the one who violated Defendant's Harassment Order on a

continuous basis. Defendant asserts that Plaintiff's characterization of events is false and misleading.

14.    Defendant denies that criminal proceedings against him resulted from violations of restraining orders. Defendant lacks sufficient knowledge to respond to allegations about proceedings in Marlborough, Massachusetts District Court, but denies any wrongdoing related to such proceedings. Defendant denies making any false representations leading to the dismissal of the two criminal harassment charges on November 24, 2020 and then the expungement on February 9, 2021 at the Marlborough, Massachusetts Court. Defendant asserts that any expungement was lawful and proper and that Plaintiff fabricated false evidence against this Defendant to set me up with these two false criminal harassment charges and Aaron Jacob Greenspan should have been criminally charged for committing perjury, cyber stalking and harassment, before the Marlborough, Massachusetts Court and the Santa Clara Superior Court in San Jose, California and filing false police reports.

It should be noted, that even though these two false criminal charges were dismissed and expunged, by the Marlborough, Massachusetts Court, this has not stopped Plaintiff from continuing to stalk and harass Defendant, as he has kept these two false charges on his website plainsite.org and is showing this case as still open, so that the public can read these lies on the Internet, even though they were dismissed and expunged and should not be on his website plainsite.org and falsely showing these two cases as still active, when they were both expunged. Plaintiff uses his website plainsite.org as his weapon to post false information on Defendant and continue with his cyberstalking and harassment, which seems to have no end.

15.    Defendant denies creating or being responsible for any false, libelous, or defamatory postings about Plaintiff or Plaintiff's family members. Defendant denies engaging in telephone

harassment, email harassment, abuse of process, or extortion attempts and all of this is completely fabricated by this Plaintiff. Plaintiff had hundreds if not thousands of complaints against him and his website plainsite.org online, before Defendant was even aware of who Plaintiff was, where he quickly had two of these websites in 2018, shut down by harassing the website owners with legal harassment and Subpoenas. Two examples are the following: Case: 5:17-mc-80036-HRL, Re; Application for DMCA Subpoena, filed on 03/22/2017 at the United States District Court for the Northern District of California and Case: 1:18-mc-00071-CAB, Re: Application for DMCA Subpoena, filed on 07/24/2018, United States District Court for the Northern District of Ohio. Defendant asserts that Plaintiff's characterization of events is false and misleading.

16.     Defendant denies that Plaintiff is entitled to any of the relief sought. Defendant denies engaging in any unlawful conduct warranting injunctive relief or damages.

## JURISDICTION

17.     Defendant lacks sufficient knowledge or information to form a belief whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

18.     Defendant denies that the Court has personal jurisdiction over him. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding other defendants and therefore denies them.

## VENUE

19.     Defendant denies that venue is proper in this judicial District.Case No. 3:20-cv-03426-Jat the Northern District of California in San Francisco, California

## THE PARTIES

**20.**  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Plaintiff's residence, but contradictory to what Plaintiff falsely states, he is a well-known public figure, as Plaintiff for many years has falsely claimed that he created Facebook and not Mark Zuckerberg and has filed over 60 Federal, State and Patent Lawsuits in the United States Courts.

Plaintiff filed a lawsuit against Google and first won by default, but once Google realized, that they had been sued, by Plaintiff, they showed up to the court to defend the case and won against Plaintiff.

Plaintiff tries to win cases by default. Defendant will once again prove to this Court, that the Plaintiff is committing perjury under oath, as he has among many other well-known articles online, he has a Wikipedia page,  and many other articles online, the first one is the following, https://en.wikipedia.org/wiki/PlainSite and the second one is the following, https://thenextweb.com/news/zuckerberg-nemesis-aaron-greenspan-sues-facebook-again-plus-the-rest-of-silicon-valley and the third is the following, https://www.corporationwiki.com/California/Palo-Alto/aaron-jacob-greenspan/44653120.aspx and a fourth is the following https://www.corporationwiki.com/p/32kwfu/aaron-greenspan, and the fifth is the following, https://www.gofundme.com/f/legal-defense-against-aaron-greenspan, and there are many more, that prove that this Plaintiff Aaron Jacob Greenspan is committing perjury under oath, before this Court.

Defendant is respectfully requesting that this Court take action against this Plaintiff Aaron Jacob Greenspan in the form of Sanctions.

**21.**  Defendant denies having an extensive criminal record or using multiple aliases. Defendant lacks sufficient knowledge about the specific IP addresses mentioned and therefore

denies those allegations. Defendant denies creating numerous pseudonymous accounts or registering multiple email accounts for improper purposes.

Plaintiff Aaron Jacob Greenspan is a well-known cyberstalker, malicious hacker, serial harasser, Internet Troll, Patent Troll, Trademark Troll, vexatious litigant and he does IP Harvesting. The following are just a couple of examples of the Plaintiff having been caught by the Boston, Massachusetts FBI for hacking in to the MBTA at South Station in Boston over their WiFi from an office that Plaintiff had rented nearby, https://www.bizjournals.com/boston/blog/mass-high-tech/2005/02/south-station-hack-shows-security-train.html, and the online payment company PayMaxx, where Plaintiff accessed.a lot of people's SocialSecurity Numbers and other personal identifying information, https://www.zdnet.com/article/payroll-firm-pulls-web-services-citing-data-leak/ and Plaintiff was caught, by the Dallas, Texas FBI hacking in to the United States Federal Agency in New York City, GSA that operated an online auction bidding website, so that people and companies could bid on work contracts with the Federal Government, https://www.govexec.com/federal-news/2006/01/gsa-shuts-down-insecure-contracting-web-site/20964/. All claims against Defendant's against

22.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Defendant Sergei Igorevich Kudriavtsev and therefore denies them.

23.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Defendant Mediolex Ltd. and therefore denies them.

24.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Defendant Mediolex Ltd. and therefore denies them.

ANSWERS & AFFIRMATIVE DEFENSES

**FACTUAL BACKGROUND**

25.     Defendant denies the allegations in this paragraph in their entirety. Defendant asserts that any past legal matters in Spain have been fully expunged under Spanish law. As such, these allegations are inadmissible, irrelevant to the current proceedings, and their inclusion in this complaint is prejudicial. Defendant further asserts that Plaintiff's characterization of events is defamatory, false and misleading.

26.     Defendant denies the allegations in this paragraph. Defendant asserts, that because of the entire case in Spain being expunged from all records, that included the expungement and deletion of all fabricated and false news publications. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding media coverage or statements allegedly made by Ms. Vasic's parents. Defendant asserts that these allegations are defamatory, false and irrelevant to the current proceedings and their inclusion is prejudicial.

27.     Defendant vehemently denies the allegation in this paragraph. Defendant asserts that this claim is entirely false, defamatory, and made without any factual basis. Defendant demands strict proof of this allegation and reserves the right to seek sanctions for the inclusion of this false and inflammatory statement by this Plaintiff Aaron Jacob Greenspan. Plaintiff repeatedly is making up false statements in this case and committing perjury before this court. Defendant requests that Plaintiff be Sanctioned for knowingly committing perjury, before this court.

28.     Defendant denies the characterization of events in this paragraph. Defendant asserts that any past legal matters have been fully expunged and are therefore inadmissible and irrelevant to this proceeding. Defendant further contends that Plaintiff's interpretation of any alleged legal proceedings is false, inaccurate and misleading. Plaintiff is committing perjury before this court

and needs to be Sanctioned for his out-of-control defamatory and slanderous behaviors and many false statements against this Defendant.

29.     Defendant denies the allegations in this paragraph. Plaintiff is showing to this court, that he is a stalker. Defendant asserts that any information about alleged incarceration is irrelevant to this proceeding, potentially inadmissible due to expungement, and its inclusion is prejudicial.

30.     Defendant denies the allegations in this paragraph in their entirety. Defendant asserts that any allegations of past legal matters are irrelevant and to this proceeding and may be inadmissible due to dismissal and expungement. Plaintiff is fully aware that the cases that he is mentioning in his Complaint have been dismissed, sealed and expunged. This shows the high level of doxing, harassment and stalking by this Plaintiff. Defendant further contends that Plaintiff's characterization of these alleged events is false and misleading.

31.     Defendant admits that Judge Mark L. Wolf made a ruling on the date specified but denies any characterization of this ruling as it was immediately picked up, by a vicious legal document website, called leagle.com. Defendant was not notified, by Judge Wolf and only found out about this ruling online in October 2015, as it relates to the current proceedings.

Defendant states, that this ruling by Judge Wolf has many non-factual statements in it. Defendant filed a simple Motion in January of 2013 to have the case Sealed. What occurred next is beyond belief. Defendant even met Judge Wolf's Clerk, Dan Hoehler on several occasions at the Clerk's Office and after having several conversations about my Motion to Seal, I was assured, by Clerk Dan Hoehler that no decision would be made, without Defendant first being notified of any hearing. Defendant stated to Judge Wolf's Clerk Dan Koehler, that if Judge Wolf were to make a decision, without first notifying Defendant, then I would withdraw my Motion to

Seal. Clerk Dan Hoehler assured me that I would be notified to any proceedings, before a legal decision were made on my Motion to Seal.

In October 2015, Defendant only became aware, that Judge Wolf had suddenly wrote up a 7 page legal decision, that is full of non-factual statements and that Judge Wolf's 7 page legal decision, was written on September 22, 2015, and uploaded the website leagle.com, without any hearing, or notification. Defendant filed a complaint against Judge Wolf.

Judge Wolf then became extremely vindictive and used his power and authority to send a U.S. Marshall to speak to me, and intimidate me, on the day, that I was paying the Appeal Fee in November of 2015 at the  Cashiers window at the Federal Court in Boston, Massachusetts.

The U.S. Marshall stood close behind me in line, as I was waiting to pay for the Appeal Fee at the Cashiers window. As I turned around, the U.S. Marshall identified himself and told me that Judge Wolf had sent him to speak to me. I asked the U.S. Marshall if he knew what Judge Wolf did and from his body language, it was apparent that Judge Wolf tends to do whatever he feels like it, by using his power and authority to go after anyone he chooses to.

After speaking with the U.S. Marshall for a few minutes, we shook hands and parted ways. I then went over to the Appeals window with my receipt, showing that I paid for the Appeal against the 7-page legal decision from Judge Wolf. Suddenly, I observed an individual staring in my direction and it was Judge Wolf, staring at me, while adjusting the right side of his suit jacket and at times, looking straight in the direction of the Clerk's Office, where the Cashiers window is located. I decided to ignore Judge Wolf and turned around towards the Appeals window, so that I could enter in my appeal against his outrageous 7-page legal decision, that is full of non-factual statements.

ANSWERS & AFFIRMATIVE DEFENSES

The vindictive behaviors, by Judge Wolf and the corruption, that I experienced is something that I would only have expected in a third world country and not in the United States. The Appeal was then filed, but when Defendant appeared at the Clerk's Office, they were unfriendly.

The Attorney who defended Judge Wolf with my Appeal, was Dina Chaitowitz. Defendant was unable to find an Attorney to defend the Appeal and have Judge Wolf's legal decision expunged, or sealed. Defendant decided on December 28, 2015, to voluntarily withdraw my Appeal, as there was just too much mistreatment and injustice towards me, as Judge Wolf abused his authority and power in this matter. Also, the entire initial docket, regarding this case at the SDNY mysteriously was transferred to the Boston Federal Court and all the documents were removed, except for a couple that remained. Defendant does not know who had this docket transferred, but this shows that whoever did this has the power and authority to do whatever they feel like it.. Defendant asserts that this ruling is not relevant to the current matter before the Court.

**32.** Defendant admits that the United States Court of Appeals for the First Circuit affirmed Judge Wolf's decision on the date specified, as Defendant voluntarily withdrew the Appeal on December 28, 2015, because of the abuses and intimidation, incurred, by Judge Mark L. Wolf, but denies any characterization of this decision as it relates to the current proceedings.

Defendant had dropped off 4 pages of a DOJ document at the Clerk's Office titled be uploaded on the docket, but when Defendant looked at the docket on Pacer, the most important page 4 was missing and was never uploaded, after handing this document to the Clerk's Office at the Federal Court in Boston, Massachusetts. Page 4 was the most important document, as the DOJ states, that a foreign conviction is not a United States conviction, as a result there is no criminal record from a foreign conviction. That was just one more reason, as to why Defendant

decided to voluntarily withdraw the appeal, after leaving this document with the Clerk's Office,

page 4 was for some reason not uploaded on to the docket of this case, by the Clerk's Office.

Defendant filed a second complaint against Judge Mark L. Wolf in February of 2018. Defendant

asserts that this decision is not relevant to the current matter, before the court.

As one Attorney, who assisted in the transfer back to the United States, stated, "What Judge

Wolf did is a character assassination", as Judge Wolf could simply had written one word,

"Denied", but decided to write 7 pages of a lot of non-factual statements, that is supporting

individuals, who own and run data mining, monetized legal document websites, who destroy

people's careers and reputations, such as Jeffrey Allen Steinport and this Plaintiff Aaron Jacob

Greenspan and this does not support people who want to find good employment and actually

work for a living and provide for their family

**33.**   Defendant denies sending or being responsible for the email described in this paragraph.

Defendant lacks sufficient knowledge or information to form a belief about the truth of the

remaining allegations and therefore denies them. Defendant further asserts that Plaintiff's

interpretation of the alleged email as a "Death Threat" is speculative and unfounded.

**34.**   Defendant denies sending or being responsible for the emails and contact form submissions

described in this paragraph. Defendant lacks sufficient knowledge or information to form a belief

about the truth of the remaining allegations and therefore denies them.

**35.**   Defendant denies sending or being responsible for any of the emails or contact form

submissions described in these paragraphs. Defendant lacks sufficient knowledge or information

to form a belief about the truth of the remaining allegations and therefore denies them. Defendant

asserts that the volume and frequency of communications alleged by Plaintiff do not constitute

harassment and are not unlawful.

**36.**    Defendant denies sending or being responsible for the contact form submissions described in this paragraph. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**37.**    Defendant denies sending or being responsible for the contact form submissions described in this paragraph. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**38.**    Defendant denies sending or being responsible for the contact form submissions described in this paragraph. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**39.**    Defendant denies any involvement in or responsibility for the contact form submissions referenced in this paragraph. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

**40.**    Defendant denies any involvement in or responsibility for the contact form submissions referenced in this paragraph. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

**41.**    Defendant denies sending or being responsible for the contact form submissions described in this paragraph. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**42.**    Defendant denies sending or being responsible for the email described in this paragraph. Defendant categorically denies offering any bribe to Plaintiff. Defendant asserts that Plaintiff's characterization of the alleged email as a bribe attempt is false and misleading.

**43.**     Defendant denies sending or being responsible for the emails described in this paragraph. Defendant denies harassing any individual named Jeff Steinport or causing the shutdown of any website. The Phoenix FBI shut down the website unitedstatescourts.org. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Mr. Steinport or his website and therefore denies them.

**44.**     Defendant categorically denies filing any complaint, false or otherwise, with the Internal Revenue Service concerning Plaintiff. Defendant demands strict proof of this allegation.

**45.**     Defendant denies posing as "Jack Jones" or sending the emails described in this paragraph. Defendant denies making any threats against Plaintiff. Defendant asserts that Plaintiff's characterization of these alleged emails as threatening is speculative and unfounded.

**46.**     Defendant denies creating, posting, or being responsible for any content on the "Blacklist Report" website or any other website described in these paragraphs. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them. Defendant further asserts that he cannot be held responsible for the content of third-party websites.

 **47.**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies them. Plaintiff Aaron Jacob Greenspan is again committing perjury under oath, as he had communications with Attorney Jeffrey Allen Steinport, before this date he mentioned and on a continuous basis.

**48.**     Defendant denies creating, posting, or being responsible for any content described in this paragraph. Apparently, Plaintiff Aaron Jacob Greenspan moved back with his parents in June of 2018 to avoid being served my Harassment Order from the Santa Clara Superior Court in San

Jose, California and filed a DMCA Subpoena complaint against the Server of the website Blacklisreport.com, see Case: 1:18-mc-00071-CAB, Filed: 07/24/18 by Plaintiff at the United States District Court for the Northern District of Ohio. Again, Plaintiff is committing perjury under oath, before this court, as he knows exactly what occurred with this website Blacklistreport.com, as he had hundreds if not thousands of complaints against him for destroying people's careers and reputations. It should be noted that Plaintiff took this opportunity with this lawsuit to defame and slander my name in it, which will be used in the Counterclaim.

Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

49.   Defendant denies creating, posting, or being responsible for any of the content described in this paragraph. Defendant asserts that he has not engaged in any libel or defamation against Plaintiff or Plaintiff's family members. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding the specific content of these alleged posts and therefore denies them.

50.   Defendant vehemently denies creating, posting, or being responsible for any of the content described in this paragraph. Defendant categorically denies engaging in any threatening or harassing behavior towards Plaintiff or Plaintiff's family members. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding the specific content of these alleged posts and therefore denies them.

51.   Defendant categorically denies making any harassing phone calls or sending harassing emails to the plaintiff's father or colleagues. These accusations are demonstrably false and unsubstantiated. The plaintiff has a documented history of making unfounded accusations against

Defendant and others. Again, Plaintiff Aaron Jacob Greenspan is committing perjury under oath, before this court on a continuous basis.

**52.** Defendant does not recall writing the specific message referenced in the Complaint. Without the full context or evidence, Defendant cannot confirm or deny its authenticity. If such a message exists, it was not intended as harassment but as a genuine inquiry about stock trading. The Plaintiff has a pattern of selectively presenting information and lying under oath to portray Defendant negatively.

**53.** Defendant vehemently denies filing any false complaints with the IRS concerning the plaintiff. Any communications with the IRS were made in good faith based on legitimate concerns about the plaintiff's illegal activities, particularly regarding the Think Computer Foundation, which Defendant believes was under IRS investigation and shut down by the plaintiff's father who was the VP & Treasurer in May 2021.

**54.** Defendant does not recall making the specific phone call mentioned. If such a call occurred, it was not intended as harassment but as an attempt to resolve differences directly. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**55.** Defendant absolutely denies creating or posting content on the Blacklist Report website. He has no control over or association with that website. In fact, Defendant believes the plaintiff may have created this post himself to frame him, considering his history of fabricating situations and hacking to incriminate others.

**56.** Defendant denies any involvement in or knowledge of alleged phone calls to the plaintiff's family in Ohio. This accusation is entirely false and without merit.

**57.**   Defendant denies making 20 phone calls to the plaintiff on March 16, 2018. This allegation is demonstrably false and exaggerated. The plaintiff has a pattern of inflating claims and lying under oath to portray Defendant as a harasser, when Plaintiff is the harasser.

**58.**   Defendant categorically denies submitting any death threats or using aliases to harass the plaintiff. The allegations about the "Second Death Threat" are false and unfounded. The plaintiff has a history of fabricating threats, harassment claims and filing false police reports.

**59.**   Defendant denies creating or operating the Twitter account @badbadwebsites or posting any false or defamatory messages about the plaintiff on Twitter. In fact, Defendant has been the victim of the plaintiff's online harassment and doxing, including the posting of his personal information on the plaintiff's Twitter accounts @aarongreenspan and @plainsite.

**60.**   Defendant acknowledges the plaintiff applied for a temporary restraining order against him on April 4, 2018, in Santa Clara County, California. However, this was done in retaliation after Defendant informed him on March 28, 2018, that he would seek a restraining order against him if the harassment did not cease and desist. Again, Plaintiff Aaron Jacob Greenspan committed perjury under oath throughout that case.

**61.**   Defendant denies the assertion that during cross-examination in Santa Clara County on February 28, 2019, he admitted that the Mac OS username "tech" included in a Blacklist Report post was his own. The computer in question was serviced by an Apple store technician known as "tech," and any reference to this username on the device is solely due to the technician's identifier, not Defendant's personal username. Defendant did not make any such admission and maintains that any misunderstanding in court regarding the username was clarified during the proceedings.

ANSWERS & AFFIRMATIVE DEFENSES

**62.**     Defendant denies the claim that Plaintiff successfully shut down the Blacklist Report website. The allegations of criminal activity or extortion against the owner of ComplaintsBoard are unfounded and not relevant to Defendant's lawful use of the platform. Plaintiff's website plainsite.org is essentially an extortion racket, that destroys the careers and reputations of thousands of people and companies, just so Plaintiff can make his living off of other people's legal documents and personal information.

**63.**     Defendant denies the characterization of ComplaintsBoard as an extortion racket. Reviews from SiteJabber cited in the complaint are opinions of unrelated users and not attributable to Defendant. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**64.**     Defendant denies the assertion that posts concerning Plaintiff have been removed from ComplaintsBoard over time. The primary modus operandi of Plaintiff Aaron Jacob Greenspan is to harass the opposing party non-stop, until the victim gives up and no longer wants to have to deal with this Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**65.**     Defendant denies perjuring himself during cross-examination in Santa Clara County on May 5, 2019. Defendant maintains that any statements made regarding email addresses and their association with ComplaintsBoard accounts were truthful and accurate. Defendant did not knowingly provide false information under oath. Let's not forget, that Plaintiff Aaron Jacob Greenspan is a well-known malicious hacker, who is able to hack in to anything and is for that reason quite dangerous in society, as so far law enforcement for some reason have not criminally charged this Plaintiff with malicious hacking.

**66.** Defendant lacks sufficient knowledge or information to form a belief about the truth of these allegations and therefore denies them.

**67.** Defendant denies using various gripe sites, including those listed, to harass Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them. It needs to be noted, that all those grip sites mentioned by Plaintiff Aaron Jacob Greenspan were there online, with hundreds if not thousands of complaints against Plaintiff, before Defendant even knew who Plaintiff was.

**68.** Defendant denies attempting to file a false, anonymous complaint with the State of Delaware concerning Plaintiff using the email address 8587@protonmail.com. Defendant did not engage in any such activity and denies the allegation outright.

**69.** Defendant denies filing false complaints with the Internal Revenue Service concerning Plaintiff. Defendant did not make any false reports to the IRS regarding Plaintiff and denies the allegation.

**70.** Defendant denies sending a letter to the Attorney General of the United States concerning Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**71.** Defendant denies responsibility for the pseudonymous user "Expose 501(c)(3) Fraud" and any false statements attributed to Defendant on the ComplaintsBoard website. Defendant did not make any false statements or use pseudonymous accounts to harass Plaintiff.

**72.** Defendant denies accessing specific server logs related to Plaintiff's website, or using the IP address mentioned. Defendant had no involvement with the server logs or IP address cited and denies any association with them.

73.     Defendant denies harassing Plaintiff and challenges the validity of any police reports or subpoenas issued regarding alleged harassment. Defendant reported Plaintiff's harassment to the San Jose, California Police, the San Francisco, California Police and the Marlborough, Massachusetts Police and the FBI's IC3. Defendant asserts that any claims of harassment are unfounded and not based on factual evidence, but the fabrications and falsehoods of this Plaintiff Aaron Jacob Greenspan.

74.     Defendant denies that the IP address 24.60.59.25 mentioned in the subpoena response from Comcast is linked to Defendant's home address or that Defendant engaged in any harassment towards Plaintiff using that IP address. Defendant denies any wrongdoing associated with the IP address mentioned.

75.     Defendant denies that the Traceable Post contained false or libelous themes about Plaintiff. Defendant exercised his rights to express opinions and concerns about Plaintiff's based on genuine belief and not intended as defamatory. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

76.     Defendant denies that the Traceable Post contained false or libelous themes about Plaintiff. Defendant exercised his rights to express opinions and concerns about Plaintiff's business practices and public statements within the bounds of the law. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

77.     Defendant filed a consumer protection complaint with the Arkansas Attorney General's office and the Investigator was Liz Garcia, regarding leagle.com on January 24, 2017, then shortly thereafter, Defendant started to be doxed and harassed, by two websites

39

ANSWERS & AFFIRMATIVE DEFENSES

unitedstatescourts.org, owned, by Attorney Jeffrey Allen Steinport and the website plainsite.org, owned by the Plaintiff Aaron Jacob Greenspan. Defendant did not make false assertions about Plaintiff owning leagle.com or engage in harassment of Attorney General office staff regarding this matter. Defendant did not engage in any improper communications with Shawn J. Johnson or any other representatives.

78.    Defendant denies making any phone calls or sending emails to Plaintiff regarding leagle.com. Defendant did not make any death threats or engage in harassing communications towards Plaintiff or anyone else. Defendant denies the characterization of these alleged events and challenges the veracity of these claims.

79.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

80.    Defendant denies the assertion that Daniel Shu or any other representative of Complaints Board made threats towards Plaintiff. Defendant did not engage in any unlawful behavior or authorize any threatening messages towards Plaintiff. Defendant denies any association with the alleged threat, or the identity of Daniel Shu as described.

81.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

82.    Defendant denies involvement in negative SEO tactics or any attempts to damage Plaintiff's reputation through offshore websites or pornographic content. Defendant did not engage in any actions aimed at diminishing Plaintiff's Google ranking or engaging in unlawful behavior. Defendant challenges the assertions made in this paragraph.

ANSWERS & AFFIRMATIVE DEFENSES

83.   Defendant vehemently denies creating a Twitter account impersonating a Canadian lawyer or using any pseudonymous accounts to communicate with individuals about Plaintiff. Defendant did not impersonate anyone on social media platforms or engage in deceptive practices aimed at communicating with Plaintiff or his associates. Defendant asserts that these allegations are false and fabricated by this Plaintiff. As a matter of fact, this Plaintiff was suspected of contacting Mike Lissner, who runs the The Free Law Project out of Berklee, California, by using this fake identity, John Fuenchem. In other words, this fake identity John Fuenchem was used, by this Plaintiff Aaron Jacob Greenspan, who refused to speak by phone using this fake identity with Mike Lissner, as it is suspected, that the culprit of this fake identity of John Fuenchem was, this Plaintiff Aaron Jacob Greenspan. Again, one can see how easy it is for this Plaintiff to simply lie under oath and fabricate false narratives to suit his fake story line and try to defame and slander this Defendant.

84.   Defendant denies that a Superior Court judge Carol Weinstein Overton granted a restraining order against him based on the alleged incidents described. Defendant challenges the validity of the restraining order and asserts that any legal proceedings were conducted fairly and according to due process. Defendant denies any unlawful behavior towards Plaintiff as described. Plaintiff fabricated false evidence, in order to have Defendant falsely charged with two criminal harassment charges at the Marlborough, Massachusetts Court and as a result of these two charges no yet having been dismissed, by August 30, 2019, Judge Overton in a biased fashion allowed Plaintiff Aaron Jacob Greenspan to continue his Harassment Order for two more years, while terminating the Harassment Order that Defendant received against this Plaintiff on July 3, 2018. Again, because of Plaintiff having continuously lied under oath, before Judge Overton at the Santa Clara Superior Court in San Jose, The Marlborough, Massachusetts Court and Police,

41

Plaintiff was able through scamming and manipulating these judicial entities in to getting his way through his frauds and relentlessly lying under oath. Plaintiff should never had been able to receive any Harassment Order, or criminal charges against Defendant, as he is the perpetrator and should have been the one to receive criminal charges and the Harassment Order for committing his crimes.

**85.** Defendant denies obsessively tracking Plaintiff's activities or engaging in prohibited communication with Tesla enthusiasts or others. Defendant did not encourage harassment or communication aimed at Plaintiff, nor did he violate any restraining order.

Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

Again, it is imperative that this court realize to the full extent of how much of a vexatious litigant this Plaintiff Aaron Jacob Greenspan is and that he has no problem with committing perjury before this court, or any court for that matter.

To quickly address the false statements by this Plaintiff, he filed a lawsuit, Case No. 3:20-cv-03426-JD at the Northern District of California in San Francisco, California, before Judge James Donato, because Plaintiff was shorting Tesla Stocks, Put Calls and doing what's called "Short & Distort", where Plaintiff had written false information online, regarding Tesla, in order to try and get the Tesla Stock to go down and tried to make more money, but instead, Plaintiff lost approximately $50,000, then became so outraged and out of control, that Plaintiff blamed Elon Musk for the Tesla Stock price going up, then added and fabricated this in to his lawsuit.

Judge James Donato allowed this Plaintiff to amend his complaint like 5 times and each time, Plaintiff took the opportunity to mention my name in his complaints, as Plaintiff defamed and

slandered my name all over his complaints in thousands of frivolous pages of court filings in this case, when Defendant was not involved in that matter.

It should be noted, that once Judge James Donato, dismissed with prejudice in May of 2022, Case No. 3:20-cv-03426-JD at the Northern District of California in San Francisco, California, Defendant sought an Attorney in California to file a lawsuit against Plaintiff Aaron Jacob for demotion, libel, slander and more.

When contacting an Attorney in California, they wanted to know who the party was, that was to be sued. Once Defendant explained to the Attorneys in California, that his name is Aaron Jacob Greenspan, they became fearful and were worried, that Aaron Jacob Greenspan would ruin their online reputations, or file complaints against them. Some Attorneys in California even called Aaron Jacob Greenspan a vexation litigant. As a result, Defendant was unable to find an Attorney in California to file a lawsuit in 2022 against Aaron Jacob Greenspan.

Most recently on June 12, 2024, Plaintiff Aaron Jacob Greenspan filed yet another lawsuit, "AARON GREENSPAN V. ELON MUSK ET AL, Case Number: CGC24615352, SUPERIOR COURT OF CALIFORNIA,  COUNTY OF SAN FRANCISCO, June 12, 2024". In this most recent frivolous lawsuit filed, by Plaintiff, it appears to be running parallel to what he had written in his complaints at the Northern District of California, San Francisco, California, Case No. 3:20-cv-03426-JD, just with many more defendants and Plaintiff is continuing with his defamation, slander and libel in this complaint against this Defendant, where he is fabricating false narratives and  committing perjury under oath.

If anyone takes the time to read the frivolous court filings by this Plaintiff Aaron Jacob Greenspan, it will become quite clear, that there is something not quite right mentally with this Plaintiff Aaron Jacob Greenspan and that he is beyond any doubt a vexatious litigant. This

43

complaint, Case No. 3:20-cv-03426-JD, by Plaintiff went on from May of 2020 to May of 2022, when finally Judge Donato dismissed Plaintiff's complaint with prejudice and one wonders, why it took so long. In any case, after Judge Donato dismissed Plaintiff's complaint with prejudice, Plaintiff literally attacked Judge Donato's wife, where he made false accusations and then wanted Judge Donato to recuse himself, when the case was already dismissed with prejudice.

Plaintiff Aaron Jacob Greenspan became so incessantly outraged with anger, that he went on with an Appeal at the Northern District of California for the 9th Circuit in San Francisco, California, Case No. 2022-16110 and a hearing was set up for April 1, 2024, but the three Judges decided that the parties did not have to show up physically for a hearing and that they would go by what was filed in the Appeal documents. On April 4, 2024, the three Judges denied Plaintiff's Appeal and one would think that the case was finally over, but Plaintiff pushed on and wanted some sort of hearing to keep the case going, before the three Judges, who in May of 2024 denied this to Plaintiff Aaron Jacob Greenspan.

Plaintiff tends to blame everyone but himself for his woes and he takes no responsibility for his own actions, as he appears to enjoy blaming everyone else but himself for what goes wrong in his life and Plaintiff Aaron Jacob Greenspan has an uncontrolled bad temper.

As a matter of fact, when Defendant showed up at the Federal Court in Boston, Massachusetts for the Motion to Dismiss Hearing, on October 26, 2023, Defendant noticed that Plaintiff was at the Security Desk, arguing with the Federal Security Officers and appeared outraged. As Defendant immediately walked over to security to enter the courthouse   and showed identification and go through the metal detector, in order to go to courtroom 11, Plaintiff immediately came right up behind Defendant in an aggressive manner, as if trying to provoke. Later, Defendant was told, by a Federal Security Officer, that Plaintiff became angry and

demanded, that he be allowed to enter in to the Federal Court with his electronic devices and that it was imperative, that he bring all of his electronic devices in to the courtroom.

The Federal Security Officers explained to Plaintiff Aaron Jacob Greenspan, that he was supposed to receive prior permission from the Clerk of Judge Casper, but Plaintiff did not do that, so Plaintiff expected that the Federal Security Officers at the Security Desk, would succumb to his demands to bring in his electronic equipment, but this was denied.

86.   Defendant denies registering the Twitter account @BrightLightNewz with the intention to harass or libel Plaintiff. Defendant did not create social media accounts for the purpose of defaming or harassing Plaintiff. Plaintiff Aaron Jacob Greenspan appears to be a stalker and hacker, which is a dangerous combination. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

87.   Defendant denies retweeting or endorsing defamatory statements about Plaintiff on Twitter or any other platform. Defendant did not participate in spreading false information or engaging in defamation aimed at damaging Plaintiff's reputation. Defendant appears to suffer from some sort of delusional paranoia that appears out of control and dangerous for society at large, as Plaintiff just makes things up.   Defendant challenges the characterization of these events and asserts they are without merit.

88.   Defendant denies creating the Twitter account @Giza299792458N or using it to harass or libel Plaintiff. Defendant did not engage in deceptive practices or unlawful behavior on social media platforms. It has become clear that Plaintiff is a serial hacker, harasser and stalker. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**89.**     Defendant did not engage in online harassment or create pseudonymous accounts for deceptive purposes. Defendant challenges the allegations made and asserts they are unfounded. Plaintiff is the one who is using online accounts to harass or defame Defendant and has shown himself to be a serial hacker, harasser and serious stalker. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**90.**     Defendant denies impersonating a woman or using the image of an unknown person from a pornographic website to defame Plaintiff. Defendant did not engage in identity theft or use deceptive means to communicate false information about Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**91.**     Defendant did not engage in creating pseudonymous accounts or using them for deceptive purposes. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

## CLAIMS FOR RELIEF

## FIRST CLAIM

All claims against Defendants Kudriavtsev and Mediolex Ltd. were dismissed on March 25, 2024, by Judge Denise J. Casper.

### Per Se Against Defendant Diego Mas Marques

**92.**     Defendant restates and realleges the responses set forth in Paragraphs 1 through 91 as if fully set forth herein.

93.     Defendant denies the allegations of libel per se against Plaintiff. Defendant did not author

or publish thousands of defamatory statements concerning Plaintiff, Plaintiff's family, friends, or

colleagues. Defendant lacks sufficient knowledge or information to form a belief about the truth

of the remaining allegations and therefore denies them.

94.     Defendant denies the allegations that defamatory statements were authored and published

with knowledge of falsity or criminal intent. Defendant did not publish defamatory statements

with reckless disregard for the truth or with malice. Defendant lacks sufficient knowledge or

information to form a belief about the truth of the remaining allegations and therefore denies

them.

95.     Defendant denies that any defamatory statements were published with malice or without

lawful privilege. Defendant asserts that any statements made were within the bounds of protected

speech and were not defamatory per se or per quod. Defendant challenges the characterization of

the statements as defamatory.

96.     Defendant denies the allegations that the statements were published without any lawful

privilege or basis. Defendant asserts that any statements made were protected by the First

Amendment and were not made with malice or reckless disregard for the truth. Defendant

challenges the legal conclusions drawn in this paragraph. Defendant lacks sufficient knowledge

or information to form a belief about the truth of the remaining allegations and therefore denies

them.

97.     Defendant denies impersonating other individuals to make false and defamatory claims

concerning Plaintiff. Defendant did not create fake accounts or impersonate others to publish

defamatory statements about Plaintiff, or anyone else. Plaintiff created fake accounts

impersonating other individuals to make false and defamatory claims and statements, regarding Defendant and Plaintiff published these statements on various Blog's on the Internet. Defendant challenges the assertion of impersonation and asserts it has no basis in fact.

98.    Defendant denies this statement by Plaintiff, as Plaintiff is the individual who continues to publish false and defamatory information, regarding Defendant on the Internet. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

99.    Defendant denies that the statements are defamatory per se or per quod. Defendant did not publish statements that injure Plaintiff's reputation or character. Any statements made were opinions or expressions of personal belief and were not intended to harm Plaintiff's reputation or trades and businesses.

100.    Defendant denies causing mental anguish or emotional distress to Plaintiff or Plaintiff's family. Defendant did not engage in any actions that would cause harm to Plaintiff or his family members. Any communications made were lawful and within the scope of protected speech. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

101.    Defendant denies that Plaintiff has been damaged by the authorship and publication of defamatory statements. Defendant did not publish statements that impute dishonesty or immorality to Plaintiff's personal or professional character. Defendant challenges the assertions of damage and asserts they are without merit.

102.    Defendant denies that Plaintiff has been damaged by defamatory statements suggesting illegal, unethical, immoral, or criminal business practices. Defendant did not publish statements that would damage Plaintiff's professional reputation or career. Defendant lacks sufficient

knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**103.**   Defendant denies creating fake user accounts on social media platforms to impersonate Plaintiff or Plaintiff's family members. Defendant did not engage in deceptive practices or create false identities to harm Plaintiff or anyone else. Defendant challenges the allegations of impersonation and asserts they are unfounded.

**104.**   Defendant denies that Plaintiff's professional career has been damaged by defamatory statements. Defendant did not publish statements that would harm Plaintiff's career or professional standing. Any statements made were protected by the First Amendment and were expressions of opinion or personal belief and facts.

**105.**   Defendant denies that defamatory statements have put Plaintiff or Plaintiff's family in physical danger. Defendant did not publish statements containing Plaintiff's or Plaintiff's family's personal information. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies the

## SECOND CLAIM

### Civil Harassment Against Defendant MasMarques

### (Massachusetts General Laws Chapter 258E)

This claim was dismissed, by Judge Denise J. Casper on March 25, 2024.

## THIRD CLAIM

### Tortious Interference with Prospective Economic Advantage Against Defendant

### MasMarques

This claim was dismissed, by Judge Denise J. Casper on March 25, 2024.

## FOURTH CLAIM

### Abuse of Process by Defendant MasMarques

**121.**    Defendant restates and realleges the responses set forth in Paragraphs 1 through 91 as if fully set forth herein

**122.**    Defendant denies engaging in a campaign to have Plaintiff incarcerated, involuntarily committed, fined, penalized, and/or investigated as leverage in any attempt to extort a favorable ruling from Plaintiff. Defendant asserts that any legal actions taken were based on genuine concerns and were not intended to abuse the legal process. Defendant challenges the characterization of these actions as abuse of process.

**123.**    Defendant denies filing a cross-request for a temporary Restraining Order against Plaintiff in the Superior Court of Santa Clara County based on objectively false information. Any filings made were based on facts, legitimate concerns, such as  harassment and stalking by Defendant and not intended to abuse the legal process. Defendant challenges the factual accuracy of this paragraph.

**124.**    Defendant denies filing false, misleading, and fabricated claims involving Plaintiff with various government agencies and offices. Any claims filed were made in good faith and based on genuine concerns regarding Plaintiff's harassing, malicious and threatening actions towards Defendant and immediate family. Defendant challenges the characterization of these filings as abuse of process.

**125.**    Defendant denies seeking to have Plaintiff involuntarily committed to a psychiatric institution through false claims. Any actions taken regarding Plaintiff's mental health were based

ANSWERS & AFFIRMATIVE DEFENSES

on genuine concerns and not intended to abuse the legal process. Defendant challenges the characterization of these actions as abuse of process.

126.    Defendant denies causing other individuals to file false, misleading, and fabricated claims against Plaintiff with various agencies and offices. Defendant asserts that any reports made were truthful and based on the information available to those individuals. Defendant challenges the legal conclusions drawn in this paragraph.

127.    Defendant denies filing baseless complaints against Plaintiff's attorneys with the State Bar of California. Any complaints made were based on legitimate concerns and not intended to abuse the legal process. Defendant challenges the characterization of these actions as abuse of process.

128.    Defendant denies the allegations regarding the private investigator's attempt to locate Plaintiff at an incorrect address. Defendant asserts that any declarations filed were based on truthful information available at the time. Defendant challenges the factual accuracy of this paragraph.

129.    Defendant denies causing a stop on Plaintiff's CADMV records, without proper notification. Any actions taken were lawful and based on genuine concerns regarding Plaintiff's compliance with state regulations. Defendant challenges the characterization of these actions as abuse of process. Defendant denies filing a complaint with the California Department of Motor Vehicles (CADMV) with fraudulent intent. Any actions taken regarding Plaintiff's driver's license were based on legitimate concerns and not intended to abuse the legal process. Defendant challenges the legal conclusions drawn in this paragraph.

**130.**    Defendant denies causing a stop on Plaintiff's CADMV records without proper

notification. Any actions taken were lawful and based on genuine concerns regarding Plaintiff's

compliance with state regulations. Defendant challenges the characterization of these actions as

abuse of process. Defendant denies filing a complaint with the California Department of Motor

Vehicles (CADMV) with fraudulent intent. Any actions taken regarding Plaintiff's driver's

license were based on legitimate concerns and not intended to abuse the legal process. Defendant

challenges the legal conclusions drawn in this paragraph

**131.**    Defendant denies preventing Plaintiff from legally driving his car through the actions

regarding Plaintiff's vehicle registration. Defendant asserts that any issues with Plaintiff's

registration were not caused by Defendant's actions but were a result of legitimate concerns

raised to CADMV. Defendant challenges the legal conclusions drawn in this paragraph.

**132.**    Defendant denies filing an application for criminal charges against Plaintiff in the

Marlborough, Massachusetts District Court with malicious intent. Any actions taken were based

on genuine concerns and not intended to abuse the legal process. On the date of this hearing of

criminal harassment charges against this Plaintiff Aaron Jacob Greenspan at the Marlborough,

Massachusetts District Court, my Attorney could not make it for this hearing and the same

Assistant District Clerk Darryl S. Whitney, who wrongfully found probable cause against

Defendant on November 28, 2018, after allowing Plaintiff to talk via a Court Call for over an

hour and did not allow Defendant to defend himself, or ask one single question, was the same

Assistant Clerk, that heard this Defendant's criminal harassment charges against this Plaintiff,

when in fact, he was biased and should had immediately recused himself.

ANSWERS & AFFIRMATIVE DEFENSES

At the beginning of that hearing on April 8, 2019, Marlborough, Massachusetts District Clerk Elizabeth Sacco handed me a few pages of documents, that this Plaintiff had fabricated and filed as his defense, prior to this hearing and Defendant was not giving these documents prior to that hearing, to prepare for that hearing. In those documents, that this Plaintiff provided, they were full of fabricated defamatory, libelous and slanderous narratives and totally false information.

Plaintiff blatantly committed perjury under oath, as Plaintiff had committed crimes of harassment and stalking towards this Defendant and immediate family and solid evidence was presented during this hearing.

The Marlborough, Massachusetts Assistant District Court Clerk Darryl S. Whitney, decided to take this matter under advisement, then in a biased fashion decided to dismiss these legitimate criminal charges, with solid evidence against this Plaintiff. Defendant challenges the characterization of these actions as abuse of process.

**133.**    Defendant denies filing for a restraining order against Plaintiff in the Middlesex County, Massachusetts Superior Court without proper service. Any actions taken were lawful and based on legitimate concerns regarding Plaintiff's criminal and harassing conduct. Defendant had the opportunity to continue with this restraining order against this Plaintiff, though Defendant was hopeful, though Defendant decided to not continue with this restraining order, while awaiting the decision from Judge Carol Overton at the Santa Clara Superior Court in San Jose, California, as to Defendant receiving a Harassment Order against this Plaintiff.  Defendant challenges the characterization of these actions as abuse of process.

ANSWERS & AFFIRMATIVE DEFENSES

**134.**     Defendant denies the allegations regarding the motion for attorney's fees and court costs in the Superior Court of Santa Clara County. Any rulings made by the court were based on the merits of the case and not influenced by any alleged procedural errors. Defendant challenges the legal conclusions drawn in this paragraph.

**135.**     Defendant denies committing perjury throughout his testimony before the Superior Court of Santa Clara County. The only party that repeatedly committed the crime of perjury from day one and throughout his testimony at the Santa Clara Superior Court in San Jose, California, was the Plaintiff Aaron Jacob Greenspan. Any statements made were truthful and based on Defendant's genuine understanding of the facts. Defendant challenges the characterization of these statements as perjury.

**FIFTH CLAIM**

**Malicious Prosecution Against Defendant MasMarques**

**136.**     Defendant denies the allegations in this paragraph.

**137.**     Defendant denies submitting any false application for criminal charges against Plaintiff. Please, refer to Number 132.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding case assignment and therefore denies them.

**138.**     Defendant denies that Plaintiff was forced to defend himself against any false application. Defendant asserts that any actions taken by Plaintiff were voluntary.

**139.**     On May 15, 2019, after the Marlborough, Massachusetts District Assistant Court Clerk Darryl S. Whitney took this matter under advisement, instead of making an immediate decision during the Clerk's Hearing, regarding criminal harassment charges against this Plaintiff Aaron

Jacob Greenspan, and in a biased fashion dismissed this matter, even though solid evidence of harassment and other crimes were presented on April 8, 2019, regarding this Plaintiff.

**140.**     Defendant denies acting with malice and denies that there was no probable cause for criminal charges. Defendant asserts that any actions taken were reasonable and based on good faith beliefs. A couple of examples of the criminal harassment, by this Plaintiff Aaron Jacob Greenspan was creating false pictures of Defendant, calling Defendant Gay online, writing Tweets on Defendant's Twitter accounts @aarongreenspan and @plainsite, where Defendant's wife's place of employment, position and other personal information was written and uploaded on to Plaintiff's Twitter accounts in October of 2018 and other dates, as well. Also, Plaintiff asked for and received the 27-page Marlborough, Massachusetts Police Report from the Marlborough, Massachusetts Court Clerk Elizabeth Sacco on November 28, 2018, who irresponsibly sent all these 27 pages to this Plaintiff, without first redacting any of Defendant's personal identifying information, such as Social Security Number and much more. Then Plaintiff uploaded all 27 pages of this Marlborough, Massachusetts Police Report on to the Santa Clara Superior Court Docket in San Jose, California on the exact same day, November 28, 2018, and it contained all of Defendant's personal identifying information for anyone to read. This was quite concerning, as Plaintiff is a well-known malicious hacker.

## SIXTH CLAIM

### Libel Per Se Against Defendants Kudriavtsev and Mediolex Ltd.

**141.**     Defendant MasMarques respectfully declines to comment on the allegations set forth in the Sixth Claim of the Complaint. This claim concerns the actions of Defendants Kudriavtsev and Mediolex Ltd., operators of ComplaintsBoard and other websites.

As a separate party to this lawsuit, Defendant MasMarques lacks the necessary knowledge and information to address their alleged conduct

142.   Defendant MasMarques, with all due respect, refrains from commenting on the Sixth Claim, which pertains solely to the actions of Defendants Kudriavtsev and MediolexLtd. Given his distinct position in this litigation, Defendant MasMarques lacks the requisite knowledge or information to address their alleged conduct.

143.   Defendant MasMarques confines his response to the claims directly implicating him. The Sixth Claim focuses on the actions of Defendants Kudriavtsev and MediolexLtd., and as such, Defendant MasMarques respectfully declines to comment due to a lack of pertinent knowledge.

144.   The Sixth Claim of the Complaint centers on the conduct of

Defendants Kudriavtsevand Mediolex Ltd., separate parties in this lawsuit.

Defendant MasMarques lacks standing to address their alleged actions due to his distinct involvement in this case.

145.   Defendant MasMarques respectfully submits that he lacks standing to address the Sixth Claim, which pertains to the actions of Defendants Kudriavtsev and MediolexLtd. This claim falls outside the scope of his involvement in this litigation.

## SEVENTH CLAIM

### Contribution Against Defendants Kudriavtsev and Mediolex Ltd.

146.   The Seventh Claim, focusing on the actions of

Defendants Kudriavtsev and Mediolex Ltd., is inapplicable to Defendant MasMarques. He respectfully declines to comment on matters beyond the claims directly concerning him.

**147.** The Seventh Claim involves distinct parties, Defendants Kudriavtsev and MediolexLtd., and their alleged conduct. Defendant MasMarques, a separate party, respectfully declines to comment due to a lack of relevant knowledge.

**148.** While acknowledging the existence of the Seventh Claim, Defendant MasMarques respectfully declines to comment due to a lack of knowledge regarding the actions of Defendants Kudriavtsev and Mediolex Ltd.

**149.** Defendant MasMarques reserves the right to address the Seventh Claim upon further discovery and investigation. At this juncture, he lacks the requisite information to comment on the actions of Defendants Kudriavtref and Mediolex Ltd.

**150.** Defendant MasMarques respectfully declines to comment on the Seventh Claim at this time. He reserves the right to supplement this response with additional information pertaining to this claim upon further discovery and investigation.

## EIGHTH CLAIM

### Negligent Infliction of Emotional Distress Against Defendants Kudriavtsev and Mediolex Ltd.

**151.** Due to the absence of relevant facts concerning the actions Defendantts KudriavtKudriavtsev and Mediolex Ltd., as outlined in the Eighth Claim, Defendant MasMarques respectfully declines to comment.

**152.** The Eighth Claim details the alleged conduct of Defendant's Kudriavtsev and Mediolex Ltd.. Defendant MasMarques, not being personally involved in these matters, respectfully declines to comment.

ANSWERS & AFFIRMATIVE DEFENSES

**153.**     Defendant MasMarques respectfully submits that the Eighth Claim falls outside the scope of this answer. This claim pertains to the actions of Defendants Kudriavtsev and Mediolex Ltd.

**154.**     Given the distinct nature of the Eighth Claim and its focus on Defendants Kudriavtsev and Mediolex Ltd., Defendant MasMarques has no responsive duty to comment on their alleged conduct.

**155.**     Defendant MasMarques was not a participant in the alleged conduct outlined in the Eighth Claim, which focuses on Defendants Kudriavtsev and Mediolex Ltd. Therefore, he respectfully declines to comment.

**156.**     As Defendant MasMarques possesses separate legal representation in this case, the Eighth Claim, concerning Defendants Kudriavtsev and Mediolex Ltd., is outside the scope of his response.

**157.**     Defendant MasMarques respectfully directs his response to the claims directly involving him. The Eighth Claim focuses on Defendants Kudriavtsev and MediolexLtd., and commenting on their alleged conduct falls outside the scope of this answer.

**158.**     Defendant MasMarques reserves all rights to address the Eighth Claim at a later stage in the proceedings, focusing on the actions of Defendants Kudriavtsev and Mediolex Ltd., upon further investigation and discovery.

**159.**     Due to the need for further discovery to understand the specific allegations in the Eigth Claim regarding Defendants Kudriavtsev and Mediolex Ltd., Defendant MasMarques respectfully defers his comment on this claim.

## NINTH CLAIM

**Violation of Massachusetts General Laws Chapter 93A § 2 (Unfair Acts or Practices)**

**Against Defendants Kudriavtsev and Mediolex Ltd.**

**160.**    Defendant MasMarques is currently unable to respond to the Ninth Claim concerning

Defendants Kudriavtsev and Mediolex Ltd. due to a lack of relevant

information. Defendant MasMarques reserves the right to supplement this answer with additional

information regarding the Ninth Claim upon further discovery and investigation.

**161.**    The Ninth Claim, focusing on the actions of Defendants Kudriavtsev and MediolexLtd.,

is inapplicable to Defendant MasMarques. He respectfully declines to comment on matters

beyond the claims directly concerning him.

**162.**    The Ninth Claim involves distinct parties, Defendants Kudriavtsev and MediolexLtd.,

and their alleged conduct. Defendant MasMarques, a separate party, respectfully declines to

comment due to a lack of relevant knowledge.

**163.**    While acknowledging the existence of the Ninth Claim, Defendant MasMarques

respectfully declines to comment due to a lack of knowledge regarding the actions of

Defendants Kudriavtsev and Mediolex Ltd.

**164.**    Defendant MasMarques reserves the right to address the Ninth Claim upon further

discovery and investigation. At this juncture, he lacks the requisite information to comment on

the actions of Defendants Kudryavtsev and Mediolex Ltd.

**165.**     Defendant MasMarques respectfully declines to comment on the Ninth Claim currently. He reserves the right to supplement this response with additional information pertaining to this claim upon further discovery and investigation.

**166.**     Defendant MasMarques is currently unable to respond to the Ninth Claim concerning Defendants Kudriavtsev and Mediolex Ltd. due to a lack of relevant information. Defendant MasMarques reserves the right to supplement this answer with additional information regarding the Ninth Claim upon further discovery and investigation.

**167.**     The Ninth Claim, focusing on the actions of Defendants Kudriavtsev and MediolexLtd., is inapplicable to Defendant MasMarques. He respectfully declines to comment on matters beyond the claims directly concerning him.

**168.**     The Ninth Claim involves distinct parties, Defendants Kudriavtsev and MediolexLtd., and their alleged conduct. Defendant MasMarques, a separate party, respectfully declines to comment due to a lack of relevant knowledge.

**169.**     While acknowledging the existence of the Ninth Claim, Defendant MasMarques respectfully declines to comment due to a lack of knowledge regarding the actions of Defendants Kudriavtsev and Mediolex Ltd.

**170.**     Defendant MasMarques is currently unable to respond to the Ninth Claim concerning Defendants Kudriavtsev and Mediolex Ltd. due to a lack of relevant information. Defendant MasMarques reserves the right to supplement this answer with additional information regarding the Ninth Claim upon further discovery and investigation.

ANSWERS & AFFIRMATIVE DEFENSES

## **TENTH CLAIM**

**Violation of Massachusetts General Laws Chapter 93A § 2 (Deceptive Acts and Practices)**

**Against Defendants Kudriavtsev and Mediolex Ltd.**

**171.**     The Tenth Claim, focusing on the actions of Defendants Kudriavtsev and MediolexLtd., is inapplicable to Defendant MasMarques. He respectfully declines to comment on matters beyond the claims directly concerning him.

**172.**     The Tenth Claim involves distinct parties, Defendants Kudriavtsev and MediolexLtd., and their alleged conduct. Defendant MasMarques, a separate party, respectfully declines to comment due to a lack of relevant knowledge.

**173.**     While acknowledging the existence of the Tenth Claim, Defendant MasMarques respectfully declines to comment due to a lack of knowledge regarding the actions of Defendants Kudriavtsev and Mediolex Ltd.

**174.**     Defendant MasMarques reserves the right to address the Tenth Claim upon further discovery and investigation. At this juncture, he lacks the requisite information to comment on the actions of Defendants Kudriavtref and Mediolex Ltd.

**175.**     Defendant MasMarques respectfully declines to comment on the Tenth Claim at this time. He reserves the right to supplement this response with additional information pertaining to this claim upon further discovery and investigation.

**176.**     The Tenth Claim, focusing on the actions of Defendants Kudriavtsev and MediolexLtd., is inapplicable to Defendant MasMarques. He respectfully declines to comment on matters beyond the claims directly concerning him.

ANSWERS & AFFIRMATIVE DEFENSES

## ELEVENTH CLAIM

**Violation of Massachusetts General Laws Chapter 93A § 2 (Unfair or Deceptive Trade Practices) Against Defendants Kudriavtsev and Mediolex Ltd.**

**177.**     Defendant MasMarques respectfully declines to comment on this Claim at this time. He reserves the right to supplement this response with additional information pertaining to this claim upon further discovery and investigation.

**178.**     This Claim involves distinct parties, Defendants Kudriavtsev and Mediolex Ltd., and their alleged conduct. Defendant MasMarques, a separate party, respectfully declines to comment due to a lack of relevant knowledge.

## TWELFTH CLAIM

### Civil Conspiracy Against All Defendants

**179.**     Defendant MasMarques respectfully declines to comment on this Claim currently. He reserves the right to supplement this response with additional information pertaining to this claim upon further discovery and investigation.

**180.**     Defendant MasMarques denies working with Defendants Kudriavtsev and MediolexLtd. to amplify false information about Plaintiff on ComplaintsBoard. Defendant asserts that he did not conspire with any party to harm Plaintiff.

**181.**     Defendant MasMarques denies the allegation that Defendant's Kudriavtsev and Mediolex Ltd. knowingly allowed him to use ComplaintsBoard under multiple pseudonyms and email addresses. Defendant asserts that he was not part of a conspiracy.

ANSWERS & AFFIRMATIVE DEFENSES

**182.**    Defendant MasMarques denies knowledge of or participation in any refusal to comply with a subpoena issued by the District Court of the Northern District of California. Defendant asserts that any actions taken by Defendants Kudriavtsev and Mediolex Ltd. were independent and not part of a conspiracy with him.

**183.**    Defendant MasMarques denies that Defendants Kudriavtsev and Mediolex Ltd. adopted language used by him, including but not limited to the word "parasite," in communicating with Plaintiff. Defendant asserts that he had no control over the communications of other defendants.

**184.**    Defendant MasMarques denies specifically seeking to use ComplaintsBoard because it advertises itself as being outside the jurisdiction of the United States.

**185.**    Defendant MasMarques denies that Plaintiff would have likely succeeded in having content removed under United States laws but for the actions of Defendants Kudriavtsev and Mediolex Ltd. Defendant asserts that any issues with content removal were not due to a conspiracy involving him.

## THIRTEENTH CLAIM

### False Light Invasion of Privacy

**186.**    Defendant MasMarques denies the allegations and denies that the incorporation of previous allegations provides a basis for this claim. Defendant asserts that any statements made were not intended to place Plaintiff in a false light.

**187**.    Defendant MasMarques denies that any statements made subjected Plaintiff to unreasonable and highly objectionable publicity. Defendant asserts that no false characteristics, conduct, or beliefs were attributed to Plaintiff.

**188.**    Defendant MasMarques denies that any false light in which Plaintiff was placed would be highly offensive to a reasonable person. Defendant asserts that his actions were not intended to offend or harm Plaintiff.

**189.**    Defendant MasMarques denies having knowledge of the falsity and criminally harassing nature of any statements made. Defendant asserts that any actions taken were not done with reckless disregard for the truth or with the intention of placing Plaintiff in a false light.

## FOURTEENTH CLAIM

### Intentional Infliction of Emotional Distress Against All Defendants

**190.**    Defendant MasMarques denies the allegations and denies that the incorporation of previous allegations provides a basis for this claim. Defendant asserts that his actions were not intended to inflict emotional distress on Plaintiff.

**191.**    Defendant MasMarques denies sending or causing to be sent any death threats directed at Plaintiff. Defendant asserts that any communications were lawful and not intended to cause fear or distress.

**192.**    Defendant MasMarques denies making dozens of harassing telephone calls to Plaintiff. Defendant made a total of two phone calls to Plaintiff, requesting that Plaintiff cease and desist with his online harassment. Defendant asserts that any communications were lawful and not intended to harass or cause distress.

**193.**    Defendant MasMarques acknowledges filing a cross-request for a temporary restraining order against Plaintiff at the Santa Clara Superior Court in San Jose, California, but denies that it

was based on objectively false information. Defendant asserts that the filing was based on genuine concerns for the safety and wellbeing of himself and his immediate family.

194.    Defendant MasMarques has no knowledge of Plaintiff's gun ownership and denies any allegations related to such. Defendant asserts that his actions were not related to any claims about Plaintiff's possession of a gun.

195.    Defendant did write this on Judicial Council of California Form CH-100, when obtaining a Harassment Order against this Plaintiff Aaron Jacob Greenspan, as his weapon is his computer and hacking skills. Plaintiff is a well-known malicious hacker.

196.    Defendant MasMarques denies that any temporary restraining orders issued against Plaintiff were baseless. Defendant asserts that these orders were issued based on genuine concerns and legal justifications. Judge Carol Overton at the Santa Clara Superior Court in San Jose, California ruled in Plaintiff's favor on August 30, 2019, because of Plaintiff continuously committing perjury under oath and the two criminal harassment charges against Defendant were not yet dismissed at the Marlborough, Massachusetts District Court, until after this decision on November 24, 2020, then subsequently expunged on February 9, 2021. If these two fabricated and false criminal harassment charges, by this Plaintiff had been dismissed, prior to Judge Overton's ruling on August 30, 2019, then Judge Overton would have dismissed Plaintiff's restraining order on August 30, 2019. Instead, Judge Overton continued Plaintiff's fraudulent restraining order for another two years, which was acquired through perjury under oath, fraud, false testimony, and fabricating evidence, before that court.

ANSWERS & AFFIRMATIVE DEFENSES

**197.**     Defendant MasMarques denies that any temporary restraining orders have interfered with Plaintiff's ability to re-enter the United States. Defendant asserts that any legal actions taken were not intended to cause such interference.

**198.**     Defendant MasMarques denies that Defendants Kudriavtsev and Mediolex Ltd. hosted, promoted, or optimized false and libelous rants about Plaintiff. Defendant asserts that any content posted by the multitude of victims of Plaintiff Aaron Jacob Greenspan, that have had their reputations damaged by Plaintiff, was not part of a conspiracy to harm Plaintiff.

**199.**     Defendant MasMarques denies that he attacked Plaintiff or any of Plaintiff's associates. Defendant asserts that any communications from ComplaintsBoard staff were independent and not directed by him.

**200.**     Defendant MasMarques denies attacking Plaintiff, Plaintiff's business, Plaintiff's former non-profit organization, Plaintiff's parents, Plaintiff's disabled brother, Plaintiff's maternal uncle, at least one of Plaintiff's work colleagues, or any of Plaintiff's associates. Defendant did not contact any of Plaintiff's family, friends, or colleagues and Plaintiff is fabricating all of this with false statements and committing perjury under oath, before this court. Defendant asserts Plaintiff's statement, "all in an effort to extort compliance from Plaintiff." is a complete fabrication by this Plaintiff and is false.

**201.**     Defendant MasMarques has no knowledge of Plaintiff's maternal uncle and related cousins living in Massachusetts and denies any allegations related to such. Defendant asserts that his actions were not related to any of Plaintiff's family members.

**202.** Defendant MasMarques denies making it impossible for Plaintiff to drive legally in 2019. Defendant asserts that any issues Plaintiff had with driving were not caused by his actions.

**203.** Defendant MasMarques denies making it impossible for Plaintiff to travel internationally without interference from federal agents. Defendant asserts that any issues Plaintiff faced were not caused by his actions.

### RELIEF REQUESTED:

**A.** Defendant MasMarques opposes the request for a permanent injunction prohibiting the posting, propagating, copying, or promoting of alleged libelous and defamatory content. Defendant asserts that any content posted was truthful and lawful, and an injunction would violate his First Amendment rights to free speech

**B.** Defendant MasMarques opposes the request for a permanent injunction ordering the immediate removal of existing content. Defendant asserts that the content in question was not libelous or defamatory, and the removal of such content would unjustly infringe on his rights to free speech and expression.

**C.** Defendant MasMarques denies that judgment should be entered against him on all counts of the Complaint. Defendant maintains that he has acted lawfully and denies any wrongdoing or liability for the claims made by Plaintiff.

**D.** Defendant MasMarques opposes the request for a criminal referral to the United States Attorney's Office for the District of Massachusetts. Defendant asserts that he has not engaged in any criminal conduct and that such a referral is unwarranted and unsupported by the evidence.

**E.**     Defendant MasMarques opposes any award of compensatory damages to Plaintiff. Defendant asserts that Plaintiff has not suffered any actual harm or damage as a result of his actions and that any claims for damages are speculative and unsubstantiated.

**F.**     Defendant MasMarques opposes any award of general and special damages to Plaintiff. Defendant maintains that his actions did not cause any harm to Plaintiff and that any claims for such damages are without merit.

**G.**     Defendant MasMarques opposes any award of punitive damages. Defendant asserts that his conduct was neither reprehensible nor outrageous and that punitive damages are not warranted in this case.

**H.**     Defendant MasMarques opposes the award of treble damages on Plaintiff's Massachusetts General Laws Chapter 93A claims. Defendant maintains that he did not engage in any unfair or deceptive acts or practices and that Plaintiff is not entitled to such damages.

**I.**     Defendant MasMarques opposes the award of Plaintiff's reasonable costs and expenses, including attorneys' fees. Defendant asserts that he has not acted unlawfully and that Plaintiff is not entitled to recover these costs and fees under 42 U.S.C. § 1988 or any other applicable law.

**J.**     Defendant MasMarques opposes any other relief that the Court may deem just and proper. Defendant asserts that Plaintiff is not entitled to any relief and respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

**K.**     These responses argue that Defendant MasMarques has acted within his legal rights, denying any claims of libel, defamation, or other wrongful conduct alleged by the Plaintiff. They also emphasize the protection of free speech and the lack of evidence supporting Plaintiff's claims for damages and injunctive relief.

## CLAIM FOR ATTORNEY'S FEES

The Plaintiff has asserted a claim for attorney's fees against the Defendant in this action. The Defendant has retained the undersigned attorneys and Paralegals to represent him in this action and is obligated to pay them a reasonable fee for their services. If the Defendant is the prevailing parties on the substantial issues involved herein, then he is entitled to recover his reasonable attorney's fees and costs, where applicable, on the same basis as Plaintiff.

WHEREFORE, the Defendant demands judgment for attorney's fees and costs if he is the prevailing party on the substantial issues at stake in this litigation.

## DEMAND FOR JURY TRIAL

The Defendant, hereby demands a trial by jury for all claims so triable in Plaintiff's claim.

## AFFIRMATIVE DEFENSES

## FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

Defendant MasMarques, proceeding pro se asserts the following facts common to all affirmative defenses in response to Plaintiff's Complaint:

**1.**    Defendant MasMarques denies all allegations of libel, defamation, malicious prosecution, tortious interference, and other wrongful conduct alleged by Plaintiff. He asserts that all actions taken were justified, lawful, and based on legitimate concerns.

**2.**    Defendant MasMarques has not conspired with any other individuals or entities to harm Plaintiff. Any communications or actions involving third parties were independent and driven by their own legitimate concerns and legal rights.

**3.**    Plaintiff has not suffered any actual harm or damages as a result of Defendant MasMarques' actions. Any claims of harm are speculative and unsupported by concrete evidence.

ANSWERS & AFFIRMATIVE DEFENSES

**4.**    Defendant MasMarques asserts that Plaintiff's claims for damages, injunctive relief, and other remedies are unfounded and exaggerated, and that Plaintiff has not demonstrated any legal entitlement to the relief sought.

**5.**    The context and history of interactions between Plaintiff and Defendant MasMarques reveal a pattern of mutual conflict and legal disputes, with both parties taking actions to assert their rights and protect their interests.

**6.**    Defendant MasMarques has made consistent efforts to resolve disputes through lawful means and has not engaged in any conduct that would justify the severe and punitive remedies sought by Plaintiff. Plaintiff has previously stated, before Judge Overton at the Santa Clara Superior Court, that he is willing to do mediation, but on the date of mediation, Plaintiff refused to show up physically, then denied wanting to do any mediation.

## First Affirmative Defense

## Lack of Standing

**7.**    Defendant MasMarques respectfully asserts a lack of standing to respond to the allegations set forth in the Complaint. Defendant MasMarques lacks the necessary knowledge and information to address the alleged conduct concerning the publication of allegedly defamatory statements about the Plaintiff.

## Second Affirmative Defense

## Absence of Personal Involvement

**8.**    The Sixth Claim details alleged defamatory content posted on ComplaintsBoard. Defendant MasMarques denies any personal involvement in the creation, publication, or dissemination of this content. He maintains no control over the operations

of ComplaintsBoard and cannot be held liable for the actions of Defendants Kudriavtsev and

Mediolex Ltd.

### Third Affirmative Defense

### No Knowledge of Falsity (if applicable)

**9.**     In the event the Sixth Claim alleges knowledge of falsity on Defendant MasMarques' part,

he asserts that he lacked such knowledge. He maintains a good faith belief in the truth of any

statements he may have made regarding the Plaintiff, and such statements are protected by the

First Amendment.

### Fourth Affirmative Defense

### Statute of Limitations

**10.**     The Plaintiff's claims of harassment may be barred by the applicable statute of limitations.

Defendant MasMarques contends that the Pl aintiff has exceeded the timeframe for filing

lawsuits based on harassment for some or all of his alleged claim.

### Fifth Affirmative Defense

### Truth Defense

**11.**     Defendant MasMarques asserts a truth defense for any statements or actions perceived as

harassment. He maintains that the statements he made were truthful and protected by the First

Amendment. Defendant MasMarques reserves the right to demonstrate the truth of the

statements and their relevance to a matter of public concern. Defendant MasMarques asserts a

truth defense for any complaints he filed against the Plaintiff, even if they were ultimately

unsuccessful. If the complaints were based on truthful information and a reasonable belief in

their accuracy, they cannot be considered false or actionable.

## Sixth Affirmative Defense

## Opinion Defense

**12.**   Certain statements or actions interpreted as harassment were expressions of opinion protected by the First Amendment. Defendant MasMarques argues that these statements did not convey factual assertions but rather his personal beliefs about the Plaintiff.

## Seventh Affirmative Defense

## Provocation Defense

**13.**   The Plaintiff's own conduct provoked any alleged harassing behavior on the part of Defendant MasMarques. Plaintiff's actions or statements were threatening, harassing, or otherwise inappropriate, and have justified a stronger response from Defendant MasMarques.

## Eighth Affirmative Defense

## Good Faith Belief

**14.**   Even if the complaints were not entirely accurate, Defendant MasMarques have acted in good faith and with a reasonable belief in his truthfulness.

## Ninth Affirmative Defense

## Protected Petition Right

**15.**   Filing complaints with government agencies, such as the Better Business Bureau or consumer protection agencies, is a protected right. Even if the complaints ultimately prove unfounded, the act of filing them is generally not actionable unless done with malice.

## Tenth Affirmative Defense

## No Threats Made

**16.**   Defendant MasMarques denies making any death threats to the Plaintiff. He contends that any communication interpreted as a threat was a misunderstanding or taken out of context

## Eleventh Affirmative Defense

## Ambiguous Communication

**17.**   If the communication in question is ambiguous and could be interpreted in multiple ways, it cannot be considered a true threat protected by law. Defendant MasMarques asserts that any communication interpreted as a threat was not intended to convey a serious promise of harm.

## Twelfth Affirmative Defense

## Jurisdiction and Venue:

**18.**   Defendant MasMarques denies the sufficiency of the allegations regarding the Court's jurisdiction and venue over his person. He reserves the right to challenge these assertions at a later date.

## Thirteenth Affirmative Defense

## Notice Pleading Standard

**19.**   Defendant MasMarques acknowledges the application of the notice pleading standard in this case. However, he contends that the Complaint fails to provide him with sufficient fair notice of the specific claims against him, hindering his ability to formulate a proper response.

## Fourteenth Affirmative Defense

## Causation

**20.**   Defendant MasMarques denies any causal connection between his alleged actions and any harm suffered by the Plaintiff. He contends that the Plaintiff's alleged injuries were caused by other factors not attributable to Defendant MasMarques.

### Fifteenth Affirmative Defense

### Damages

**21.**   Defendant MasMarques denies the nature, extent, and amount of damages claimed by the Plaintiff. He reserves the right to challenge the reasonableness and causation of any alleged damages at a later date.

### Sixteenth Affirmative Defense

### Comparative Fault

**22.**   In the event that the Court finds Defendant MasMarques partially liable for any alleged harm, he asserts the affirmative defense of comparative fault. The Plaintiff's own actions or omissions may have contributed to his alleged injuries, thereby reducing any potential liability on the part of Defendant MasMarques.

### Seventeenth Affirmative Defense

### Mitigation of Damages

**23.**   Defendant MasMarques asserts that the Plaintiff failed to take reasonable steps to mitigate any alleged damages. The Plaintiff's own actions may have exacerbated the situation, further reducing any potential liability on the part of Defendant MasMarques.

### Eighteenth Affirmative Defense

### Equitable Defenses

**24.**   Without waiving any of the foregoing defenses, Defendant MasMarques reserves the right to assert any and all equitable defenses available to him under the law, including but not limited to unclean hands, laches, and estoppel.

## DEMAND FOR JURY TRIAL

### Defendant demands a Jury Trial

WHEREFORE, Defendant prays for judgment against Plaintiff on its complaint as follows:

Defendant denies each and every allegation and prayer for relief, including all subparts.

1. Plaintiff's lawsuit be dismissed with prejudice

2. That Plaintiff takes nothing on its complaint.

3. Defendant be awarded all costs and Attorney's fees and any other appropriate relief; that the court deems just and equitable.

4. That the Plaintiff claims are unenforceable.

5. That Plaintiff be declared a vexatious litigant.

6. Defendant respectfully requests that this Court hold Plaintiff accountable for all costs incurred, by this Defendant under Federal Statute 28 U.S. Code § 27 and Federal Rule of Civil Procedure 11.

7. For loss of opportunity damages against Plaintiff.

8. For damages against Plaintiff resulting from the fraudulent and frivolous filings.

9. For reasonable attorney's fees and costs of any kind whatsoever incurred by Defendant, regarding the fraudulent actions of Plaintiff described herein;

10. For punitive damages in an amount not exceeding the difference between the amount claimed by Plaintiff to be due or to become due and the amount actually due or to become due to Defendant; and  For any other relief this Court may find necessary and/or proper given the circumstances and events described herein.

11. Defendant respectfully requests that Sanctions under Federal Rule of Civil Procedure 11 be imposed on Plaintiff.

12.   Defendant respectfully requests of this Court, that Plaintiff be referred to the United States District Attorney's Office for cyber stalking, doxing, fabricating evidence, hacking, harassment, intimidation, perjury under oath, threats and other crime

13.   Defendant respectfully requests of this Court a permanent injunctive relief, requiring immediate removal of all of Defendant's personal information from Plaintiff's website plainsite.org, leagle.com and anywhere else online, and that this Court immediately and permanently shut down the websites plainsite.org and leagle.com for the greater good of society.

**Statement of Points and Authorities**

"Smith v. Phoenix Technologies LTD, Case No.: 11-CV-01479-LHK, (N.D. Cal. Nov. 9, 2011)"

"Greenspan v. Qazi, 20-cv-03426-JD (N.D. Cal. May. 19, 2022)"

"Greenspan v. Qazi, No. 22-16110 (9th Cir. Apr. 4, 2024)"

"AARON GREENSPAN V. ELON MUSK ET AL, Case Number: CGC24615352, SUPERIOR COURT OF CALIFORNIA,  COUNTY OF SAN FRANCISCO, June 12, 2024"

"Noll v. Peterson et al"

28 U.S. Code § 1927

Federal Rule of Civil Procedure 11

Dated: July 8, 2024                         Respectfully submitted,

/s/ Diego Mas Marques
Defendant pro se
P.O. Box 301
Marlborough, MA 01752
dmas5@protonmail.com

**Local Rule 7.1**
**CERTIFICATE OF SERVICE**

I, Diego Mas Marques, hereby certify that this document was filed through the ECF

system and will be sent electronically to the registered participants as identified on

the Notice of Electronic Filing (NEF) on July 8, 2024.

Dated: July 8, 2024                          Respectfully submitted,

                                             /s/ Diego Mas Marques
                                             Defendant Pro Se
                          ,                  P.O. Box 301
                                             Marlborough, MA 01752
                                             dmas5@protonmail.com

ANSWERS & AFFIRMATIVE DEFENSES