UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>      Plaintiff,<br><br>   v.<br><br>**DIEGO MASMARQUES, JR.** a/k/a **DIEGO MAS HOWARD** a/k/a **RICKY MAS MARQUES** a/k/a **JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,<br><br>      Defendants. | Case No.: 1:23-cv-10134-DJC |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT DIEGO MASMARQUES, JR.

Pursuant to the Court's Orders at ECF Nos. 118, 119, 134, and 135, Federal Rule of Civil Procedure 12, and Federal Rule of Civil Procedure 55(a), Plaintiff Aaron Greenspan ("Plaintiff") hereby moves the Court to permit the filing of a motion requesting that the Clerk of Court enter default against Defendant Diego MasMarques, Jr.  Defendant MasMarques has failed to serve or file an Answer to Plaintiff's First Amended Complaint, the operative complaint, within the period of time permitted by law and/or by this Court.

Federal Rule of Civil Procedure 12(a), entitled "Time to Serve a Responsive Pleading," provides in pertinent part that, "Unless the court sets a different time, serving a motion under [Federal Rule of Civil Procedure 12] alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served *within 14 days after notice of the court's action…*" (emphasis added).  Fed. R. Civ. P. 12(a)(4)(A).

1

Federal Rule of Civil Procedure 55(a), entitled "Entering a Default," provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default" (emphasis added). Fed. R. Civ. P. 55(a).

Defendant MasMarques was required to file his Answer by April 8, 2024, fourteen (14) days after the entry of ECF No. 118, the Court's Order on his motion to dismiss. No response was filed.

Then, on June 12, 2024, in response to Plaintiff's last Motion for Leave to File Motion for Clerk's Entry of Default Against Defendant Diego MasMarques, Jr., filed April 15, 2024 as ECF No. 126, this Court set aside Rule 55(a) and entered an Electronic Order at ECF No. 135, stating in part, "Defendant still has not filed an answer to the operative complaint. Given the Court's rulings today, the Court gives Defendant until July 10, 2024 to do so. Such answer shall be in a form and substance that complies with the Federal Rules of Civil Procedure and Local Rules. The Court does not anticipate any extensions of this deadline and the failure to do by this deadline will likely result in the entry of default." In addition to providing Defendant MasMarques with a three-month extension which he technically never asked for after Defendant MasMarques voluntarily fired his attorney, the Court also ruled that, "Plaintiff's motion for default against Defendant is DENIED without prejudice to renewal." ECF No. 134. Plaintiff hereby renews that motion.

After the June 12th Orders, Defendant MasMarques subsequently filed a variety of frivolous motions which flagrantly abused his CM/ECF privileges, and then, finally, on July 8, 2024, he filed a ***77-page*** document that was at least styled as an Answer. ECF No. 143. However, this document suffered from two fatal defects, among other less serious ones. First, to

2

the extent it was purportedly an Answer, it was an Answer to the wrong complaint: it responded to the initial complaint, ECF No. 1, which has not been the operative complaint since July 25, 2023, when the First Amended Complaint was filed at ECF No. 54.[1]  Second, the document, which is full of lengthy diatribes, conspiracy theories, and irrelevant statements as described in Plaintiff's Motion for Leave to File a Motion to Strike filed at ECF No. 144, runs afoul of Federal Rules of Civil Procedure 8 and 12.  Therefore, even a liberal construal of Defendant MasMarques's filing does not comply with the Court's Electronic Order to file "an answer to the operative complaint… in a form and substance that complies with the Federal Rules of Civil Procedure" by July 10, 2024.

The end result is that this lawsuit has been now pending for 538 days and there is still no proper Answer on file from Defendant MasMarques, but Defendant MasMarques has been able to amplify the reach of his hate-filled nonsense by using the United States District Court for the District of Massachusetts as a replacement for ComplaintsBoard.  This action was filed by Plaintiff to put a definitive end to a harassment campaign that has lasted for seven years and spanned multiple courts in various jurisdictions nationwide.  Plaintiff has been more than patient.  Yet Plaintiff has also been prejudiced by this Court's notable willingness to bend the rules for Defendants: first by improperly dismissing the ComplaintsBoard Defendants (Kudriavtsev, Mediolex, Ltd. and Astrad, Ltd.) on jurisdictional grounds in direct contravention of First Circuit precedent given that *Defendant Kudriavtsev twice explicitly acceded to this Court's jurisdiction*, second by allowing Defendant MasMarques to violate its Orders time and time again with no

---

[1] The description for ECF No. 143 on CM/ECF reads, "ANSWER to [1] Complaint,, with Jury Demand by Diego MasMarques.(MasMarques, Diego)," explicitly referencing Document 1.  This is not merely a labeling error.  The paragraphs responded to also do not number and do not match those in the First Amended Complaint, ECF No. 54.

3

consequence whatsoever, and third by giving Defendant MasMarques seemingly infinite time to respond to the operative complaint.  Meanwhile, as Plaintiff has waited—while being restricted from typical filing by the Court for no clear reason—Defendant MasMarques's harassment has continued, and not only through the Court's docket.  Plaintiff reminds the Court that Defendant MasMarques is a violent criminal, which is a cause for concern.

Defendant MasMarques has already defaulted once in this case.  ECF No. 16.  While it is always preferred that litigation be resolved on the merits, this particular defendant has shown himself to be fundamentally incapable of obeying rules, following court orders, or conducting himself in a professional manner.  He has not answered the operative complaint properly because he cannot, and despite having the means to do so, he will not again employ counsel.  Default is the appropriate—and pursuant to Rule 55(a), required—remedy, not more prejudicial delay.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that the Court permit Plaintiff to file a motion requesting that the Clerk enter Defendant MasMarques's default pursuant to Fed. R. Civ. P. 55(a), or that the Court order the Clerk to enter default against Defendant MasMarques *sua sponte*.

Dated: July 11, 2024                    Respectfully submitted,

*[signature: Aaron Greenspan]*

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that on July 11, 2024, I conferred with Defendant MasMarques in regards to this motion in a good faith effort to resolve this issue and/or to narrow the issues. Defendant MasMarques responded, "I do not assent. That's the only way you seem to want to win a case is by default. I want this case to go to a Jury Trial, so I can win this case, as I have a lot more evidence and witnesses to bring to the Jury Trial."

Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2024 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

_____
Aaron Greenspan