# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON JACOB GREENSPAN ) | |
| ) | |
| Plaintiff ) | Case No: 1:2023-cv-10134-DJC |
| ) | |
| ) | DEFENDANT'S MOTION FOR |
| v. ) | CONTINUANCE |
| ) | |
| ) | Honorable Denise J. Casper |
| ) | |
| DIEGO MAS MARQUES, JR., et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S MOTION TO CONTINUE SCHEDULING CONFERENCE

NOW, COMES Defendant Diego Mas Marques, Jr., appearing pro se, and respectfully moves this Honorable Court for a continuance of the scheduling conference currently set for March 5th, 2025 at 2PM, and requests a new date no earlier than mid-May 2025.

### GROUNDS FOR REQUEST

**Personal Hardship & Justifiable Delay**

Defendant recently suffered the loss of both his wife and father within the past six months. Wife, MaryBeth Mas Marques, passed away on July 28, 2024, and father, Diego Mas Marques, Sr., passed away on December 8, 2024. These tragic losses have required Defendant's attention to personal and family matters, including estate-related affairs and final arrangements, which have made it impractical to meaningfully participate in the case at this time.

Courts recognize that personal hardships may constitute "good cause" for extensions under Federal Rule of Civil Procedure 6(b)(1)(A), which allows courts to extend deadlines upon a showing of good cause if requested before the original time expires. Defendant submits that the emotional and logistical burdens associated with recent family losses constitute such good cause.

**Denial of a Continuance Would Be Prejudicial**

The Supreme Court has held that "the denial of a continuance in these circumstances was 'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay'" (Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). Given Defendant's recent losses and the voluminous filings submitted by Plaintiff, denying this motion would severely impact Defendant's ability to fairly respond to the claims.

**Plaintiff's Pattern of Vexatious Litigation**

Plaintiff Aaron Jacob Greenspan has a documented history of abusive litigation tactics, including filing multiple lawsuits against high-profile individuals such as Elon Musk and others. His frequent duplicative filings, attempts to modify complaints, and misuse of discovery are clear hallmarks of vexatious litigation. In similar cases, courts have found that when a litigant repeatedly files lawsuits to harass defendants, courts have discretion to delay proceedings to assess the full scope of such litigation (In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984)).

Given Plaintiff's history of aggressive legal maneuvering, Defendant requires additional time to adequately assess the claims, respond to discovery requests, and prepare any necessary counterclaims or motions for dismissal.

**Discovery Issues & Judicial Efficiency**

Plaintiff has also served ESI discovery demands, which appear to be excessive and primarily intended to harass rather than to fairly litigate the case. Defendant requests additional time to review these requests, assert proper objections, and seek legal consultation if necessary.

Moreover, courts favor ensuring that defendants—particularly those appearing pro se—have a fair opportunity to respond to legal claims. A short continuance will promote judicial efficiency by reducing unnecessary filings and objections, allowing for more orderly proceedings.

## RELIEF REQUESTED

For the reasons set forth above, Defendant respectfully requests that this Court continue the currently scheduled conference and reset it for a date no earlier than mid-May 2025.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18TH day of February 2025, a true and accurate copy of the foregoing motion was served upon the Plaintiff via electronic filing (ECF) and email at his address of record.

Respectfully submitted,

s/ Diego Mas Marques, Jr.

Diego Mas Marques, Jr.
Pro Se Defendant
P.O. Box 301
Marlborough, MA 01752
Dmas5@protonmail.com
508-850-6228

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

AARON JACOB GREENSPAN )
)
    Plaintiff )  Case No: 1:2023-cv-10134-DJC
)
) **DEFENDANT'S MOTION FOR**
v. ) **PROTECTIVE ORDER**
)
) Honorable Denise J. Casper
)
DIEGO MAS MARQUES, JR., et al. )
)
    Defendants. )

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO TEMPORARILY STAY DISCOVERY RESPONSES

    NOW, COMES Defendant Diego Mas Marques, Jr., appearing pro se, and respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order temporarily relieving Defendant from responding to Plaintiff's interrogatories and other discovery requests until the Court rules on Defendant's pending Motion to Continue, conducts a scheduling conference and issues a scheduling order. In support of this motion to temporarily stay discovery responses, Defendant states as follows:

## I. RELEVANT BACKGROUND

Plaintiff Aaron Jacob Greenspan has a well-documented history of vexatious litigation, filing numerous lawsuits against high-profile individuals and others, including multiple duplicative and harassing filings in this case.

One such high-profile case, where Plaintiff Aaron Jacob Greenspan has filed vexatious lawsuits is against Elon Musk and has used these lawsuits for doxing and harassment purposes against not only Elon Musk, but against myself as well, as he continues to mention my name in these lawsuits for his harassment purposes.

After many years of having been a victim of Plaintiff's doxing and harassment, no Judge has even attempted to put a stop to this Plaintiff Aaron Jacob Greenspan, and to shut down his monetized websites, that Plaintiff uses for his doxing and harassment purposes and for some reason, Plaintiff is allowed to continue this doxing, harassment and vexatious litigation.

Plaintiff Aaron Jacob Greenspan is abusing the legal system, with his vexatious litigation, by filing many vexatious lawsuits, then amends complaints over and over again, with the same documents for his doxing and harassment purposes. Plaintiff is using and abusing the Federal Court system to continue doxing, harassing and stalking Defendant and his many victims, see the following two Federal Court cases:

**Greenspan, Aaron Jacob (pla) 3:2020cv03426 Greenspan v. Qazi et al California Northern District Court 05/20/2020 05/19/2022**
**Greenspan, Aaron Jacob (pla) 3:2024cv04647 Greenspan v. Musk et al California Northern District Court 07/31/2024**

On February 12, 2025, Plaintiff served Defendant with interrogatories and discovery demands that are voluminous, premature, and intended primarily for harassment rather than substantive litigation.

Defendant recently suffered the loss of both his wife and father, with MaryBeth Mas Marques passing on July 28, 2024, and Diego Mas Marques, Sr. passing on December 8, 2024. Given these tragic losses, Defendant is actively managing family and estate-related matters, making immediate participation in extensive discovery impractical and unduly burdensome.

Defendant has filed a Motion to Continue the Scheduling Conference, requesting that all proceedings be postponed until mid-May 2025 to allow sufficient time to recover and adequately prepare for this litigation.

Given these circumstances, Defendant seeks a temporary stay of discovery obligations until the Court has ruled on the scheduling conference and clarified the litigation timeline.

## II. LEGAL STANDARD

A party may seek a protective order under Federal Rule of Civil Procedure 26(c) to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense." Courts have broad discretion to limit or delay discovery where good cause is shown.

## III. ARGUMENT

### A. Good Cause Exists for a Temporary Stay of Discovery

Courts recognize that recent personal tragedies and family-related matters constitute "good cause" for temporary relief from discovery obligations. See Wright v. United States, 2005 WL 8167315, at 2 (D. Mass. Oct. 25, 2005)*(granting protective order where discovery posed an undue burden on a party facing significant personal hardship).

Moreover, denial of a reasonable request for a continuance or discovery delay may constitute an abuse of discretion, particularly where it impairs a party's ability to meaningfully

participate in litigation. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964) ("The denial of a continuance in these circumstances was an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.").

### B. Plaintiff's Discovery Requests Are Premature and Unreasonable

Plaintiff's discovery demands are premature, as a scheduling order has not yet been entered in this case. Discovery should not proceed before the parties have a clear litigation roadmap. See Fed. R. Civ. P. 26(d)(1) (barring discovery until after Rule 26(f) conference unless otherwise permitted by the court).

Further, courts have found that discovery can be stayed when a plaintiff's discovery requests appear to be used as a weapon for harassment rather than legitimate fact-finding. See In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (noting courts' discretion to limit discovery to prevent "abusive, harassing, or vexatious" tactics).

Given Plaintiff's history of vexatious litigation, a temporary stay is warranted to prevent unnecessary expense, burden, and harassment while the Court establishes a fair litigation schedule.

### C. No Prejudice to Plaintiff

A temporary stay of discovery will not prejudice Plaintiff, as it is limited in duration and merely ensures that Defendant has a fair opportunity to participate in the litigation once scheduling matters are resolved.

To the contrary, allowing Plaintiff's excessive discovery requests to proceed prematurely would prejudice Defendant by forcing him to divert attention from urgent personal matters and

respond to demands that may ultimately be unnecessary, depending on the outcome of preliminary motions

## IV. REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Honorable Court:

Issue a protective order staying Defendant's obligation to respond to Plaintiff's interrogatories and discovery requests until after the Court rules on Defendant's pending Motion to Continue and issues a scheduling order; and

Grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18TH day of February 2025, a true and accurate copy of the foregoing motion was served upon the Plaintiff via electronic filing (ECF) and email at his address of record.

Respectfully submitted,

s/ Diego Mas Marques, Jr.

Diego Mas Marques, Jr.
Pro Se Defendant
P.O. Box 301
Marlborough, MA 01752
Dmas@protonmail.com
508-850-6228