UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

## PLAINTIFF'S OPPOSITION TO SIMON B. MANN AND MANN LAW FIRM PC'S REQUEST TO WITHDRAW AS COUNSEL FOR THE DEFENDANT DIEGO MASMARQUES, JR.

There have been five attorneys involved in this action since its inception in January 2023, and this is the fifth motion to withdraw as counsel that has been filed. Three of the five motions to withdraw as counsel have been filed by attorneys representing, or at least attempting to represent, Defendant Diego MasMarques, Jr.; the other two involved the ComplaintsBoard Defendants (Sergei Igorevich Kudriavtsev, Mediolex, Ltd., and Astrad, Ltd.) who were revealed to be impersonating *The Boston Globe* shortly after this Court determined that it had no personal jurisdiction over them—a plainly erroneous decision that Plaintiff intends to appeal if it is not corrected *sua sponte*.

The Court should not permit Attorney Mann to withdraw until he does what he told the Court he would do: namely, prepare a proper Answer to the operative complaint (since this litigation has now been pending for 826 days, or 2.26 years, without a proper Answer on file,

1

which is unacceptable); and respond to Plaintiff's requests for production. Although Attorney Mann did forward a document styled as a discovery response, thus far, Defendant MasMarques has not actually properly responded to any of the document requests. None of the documents produced are non-public, and Plaintiff was already in possession of or aware of all of them. Court records indicate that other documents, such as e-mails and Twitter direct messages, have been deliberately withheld without any explanation or objection. Furthermore, the discovery non-response signed by Attorney Mann contained numerous provable falsehoods, indicating that Attorney Mann violated Rule 4.1 of the Massachusetts Supreme Judicial Court's Rules of Professional Conduct *at minimum*. Attorney Mann has not retracted this document despite being given the opportunity to do so.

Given that this is the third withdrawal motion related to Defendant MasMarques to cite something similar to "an irretrievable breakdown of the attorney-client relationship," Attorney Mann should be required to explain the specific nature of that breakdown to the Court before he withdraws. Defendant MasMarques's revolving door of incompetent (Attorney Mann repeatedly confused "plaintiff" and "defendant" in his own filings; also note the date of "December April 25, 2025" in ECF No. 171 at 3) and dishonest (*see* above) lawyers has prejudiced Plaintiff by compounding delay upon delay upon delay, to the point where this case has been effectively frozen in time. Defendant MasMarques should not be the beneficiary of additional leeway from the Court, especially if, in fact, he has caused these "irretrievable breakdowns."

Dated: April 25, 2025						Respectfully submitted,

							_____
							Aaron Greenspan, *pro se*
							956 Carolina Street
							San Francisco, CA  94107-3337
							Phone: +1 415 670 9350
							Fax: +1 415 373 3959
							E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 25, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan