UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED ANSWER**

There have now been six attorneys involved in this action since its inception in January 2023, with four of them representing, or at least attempting to represent, Defendant Diego MasMarques, Jr., in sequence. Defendant MasMarques has already been admonished twice by the Court that his delays were becoming excessive. *See* ECF No. 52 ("The Court does not anticipate further extensions."). *See also* ECF No. 135 ("The Court does not anticipate any extensions of this deadline and the failure to do by this deadline will likely result in the entry of default.").

ECF No. 135 is directly relevant to the situation at issue here. Defendant MasMarques was ordered to file an Answer to the "operative complaint" "in a form and substance that complies with the Federal Rules of Civil Procedure and Local Rules" on June 12, *2024*. The deadline for him to comply was set as July 10, *2024*. Defendant MasMarques did not comply.

1

Instead, he filed a long screed which violated the Federal Rules of Civil Procedure repeatedly, styled as an Answer to the *initial* Complaint, not the operative First Amended Complaint. At first—yet again giving a convicted murderer the benefit of the doubt while he actively harassed Plaintiff and others outside of the courtroom, *which continues to this day in violation of 18 U.S.C. § 1512*[1]—the Court sought to band-aid over Defendant MasMarques's non-compliance by inappropriately shifting the burden to Plaintiff to interpret his purported "Answer" according to the Order at ECF No. 148. This Order attempted to surgically repair the document by striking large swaths of non-compliant psychotic rambling. As Plaintiff pointed out at the also-significantly-delayed-by-Defendant-MasMarques Scheduling Conference on April 9, 2025, the Court's attempted solution was prejudicial and moreover, hopeless, since the purported Answer answered the wrong document. The Court agreed with Plaintiff, and ordered Defendant MasMarques to file a proper Amended Answer by May 8, 2025, having taken into account a proposed schedule filed by Defendant MasMarques's *third* attorney, Simon Mann, who then withdrew days later.

It is an open secret that there is no rule of law left in the United States of America, a country presided over by a 34-times-convicted felon who has been an enthusiastic asset of the Russian Federation since 1987 and who is, as this is being written, in open defiance of a Supreme Court Order seeking to rein in the Executive Branch's attempts to re-create the horrors of Nazi Germany. Strange as it may seem, cases like this one are illustrative as to how the

---

[1] Defendant MasMarques has now filed two versions of his Rule 26 Initial Disclosures prepared by two different attorneys. On the more recent filing, Defendant MasMarques acknowledged that aside from Plaintiff, at least one other person he has been harassing via Twitter/X is a "witness" in this action, which Plaintiff interprets as an explicit admission that Defendant MasMarques knows he is committing a federal crime: witness tampering. The Court's apparent willingness to overlook this matter, which Plaintiff has raised in previous filings, is disturbing.

2

United States failed. Defendant MasMarques is an avid supporter of Donald Trump, Elon Musk, and Vladimir Putin, and like them, he uses harassment and bullying to accomplish his ends.

By giving Defendant MasMarques the benefit of the doubt time and time again, since 2023, in the interest of being fair and evenhanded, the Court has paradoxically allowed obvious injustices to persist in this action. While the Federal Rules of Civil Procedure are often convoluted, on the issue of a defendant who fails to answer a complaint, they are crystal clear: the next and appropriate step to take is default. Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id*. Yet even after default was entered against Defendant MasMarques once on February 22, 2023 (*see* ECF No. 16) and then vacated (*see* ECF No. 39), the Court refused to again enter default against him, contrary to Rule 55(a) and its use of the word "must," on September 5, 2023, June 12, 2024, and February 12, 2025. *See* ECF Nos. 72, 134, and 149. Each time, Defendant MasMarques had failed to file a responsive pleading by the required deadline, and each time, the Court's response was to offer him an extension or a reprieve.

When Defendant MasMarques did finally file his 77-page screed at ECF No. 143, while the Court at first "declined to strike Defendant[']s answer in its entirety" as it should have, the effect of Magistrate Judge Boal's decision and Order dated April 29, 2025 was to supersede and reverse this decision. (*See* ECF No. 173, "Defendant MasMarques, must, to the extent not already done, serve plaintiff Greenspan with MasMarques' initial disclosures and amended answer by May 8, 2025. He must also, as directed at the April 8, 2025, status conference provide responses to Greenspan's request for documents by May 8, 2025.") As May 8, 2025, Defendant MasMarques has for the fourth time failed to adhere to the Court's Orders on responding to the

3

operative complaint. Having also been twice warned about excessive delays in writing as described above, and with Magistrate Judge Boal having adopted and promulgated a relatively accelerated Scheduling Order specifically intended to avoid additional delay, his fourth attorney now wants *more time*. All of this while the so-called "responses" to Plaintiff's First Set of Requests for Production of Documents and Things are clearly non-compliant with the Federal Rules of Civil Procedure and woefully deficient, having been provided by an attorney who withdrew after mere days and clearly had limited experience litigating in federal court.

      No litigant is entitled to infinite bites at the apple or endless refusals to comply with Court Orders, especially after a documented history of non-compliance.[2] Now **ten months** after its already-three-months-extended deadline of July 10, **2024** to file an appropriate Answer, the Court's response should not just be "no." It should be the entry of default. It is beyond clear that no matter how many lawyers he hires, Defendant MasMarques will never be able to respond to the First Amended Complaint. Rule 55 accounts for such situations. Most Recent Counsel's request for more time pursuant to Rule 6 is analogous to a similar request made under Rule 16 in a case where successive new lawyers also led to delays. "In essence, plaintiff concedes that his sole reason for the late filing is that his predecessor counsel was insufficiently diligent in bringing claims. Without more, the fact that plaintiff has switched counsel is insufficient to establish good cause under Rule 16." *Federico v. Town of Rowley*, Case No. 1:15-cv-12360-FDS (D. Mass. December 7, 2016). The same is true here. The motion should be denied, and pursuant to Rule 55(a), the Clerk of Court must enter default.

---

[2] As the First Amended Complaint makes clear, Defendant MasMarques's adamant refusal to tolerate an Order of this Court, upheld by the United States Court of Appeals for the First Circuit, is the underlying reason why this action exists. First Amended Complaint ¶¶ 1, 33-34.

Dated: May 9, 2025                           Respectfully submitted,

                                                                                                   /s/ Aaron Greenspan

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan