UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

---

**AARON GREENSPAN,**

    Plaintiff

v.

**DIEGO MASMARQUES JR. a/k/a
DIEGO MAS HOWARD a/k/a RICKY
MAS MARQUES a/k/a JACK JONES,
SERGEI IGOREVICH KUDRIAVSTEV,
MEDIOLEX, LTD., and ASTRAD, LTD.,**

    Defendants.

Case No.: 1:23-cv-10134-DJC

---

## DEFENDANT DIEGO MASMARQUES' AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Diego MasMarques ("Defendant"), by and through his undersigned counsel, hereby submits this Amended Answer to the First Amended Complaint filed by Plaintiff Aaron Jacob Greenspan ("Plaintiff"), responding to each paragraph therein using the same numbering as set forth in the First Amended Complaint.

## INTRODUCTION AND SUMMARY

The paragraph found before the first numbered paragraph of the Amended Complaint constitutes introductory material to which no response is required. To the extent a response is deemed required, it is denied.

1.    Defendant denies the allegations set forth in Paragraph 1 of the Amended Complaint.

2.    Defendant admits that Plaintiff is the founder and President of Think Computer

Corporation, which operates the website Plainsite.org. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 2 of the Amended Complaint and therefore denies them.

3.      Defendant denies Plaintiff's characterization of "gripe sites" and their alleged purposes.

4.      Defendant admits that Plaintiff was featured in a New York Times expose. Defendant, however, lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Amended Complaint regarding Plaintiff's involvement with the article and therefore denies them.

5.      Defendant denies Plaintiff's characterization of the differences between Plainsite.org and other websites. Defendant further asserts that Plaintiff's website, Plainsite.org, does not host true and accurate government records or neutral analyses; it applies subjective and misleading "tags" to litigation records that disparage or target certain parties. Except as expressly admitted, Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

6.      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 6 of the Amended Complaint regarding "removal services" and their operations and therefore denies them.

7.      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 7 of the Amended Complaint regarding Plaintiff or Plainsite's acceptance of payment from any removal service and, therefore, denies them.

8.      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 8 of the Amended Complaint regarding individuals contacting Plainsite and Plainsite's response procedures and therefore denies them. Defendant,

however, denies that Plainsite does not charge any fees to suppress or remove public records from its site.

9.      Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 9 of the Amended Complaint and  therefore denies them.

10.     Defendant admits only that he is an "individual", but otherwise denies the allegations set forth in Paragraph 10 of the Amended Complaint.

11.     Defendant admits that he was convicted of homicide in Spain in 2000—which has since been expunged— and admits that Plaintiff obtained a civil restraining order against him in 2019, which, upon information and belief, expired in August 2021.  Defendant denies the remaining allegations in Paragraph 11 of the Amended Complaint.  Defendant further asserts that he also obtained a civil restraining order against Plaintiff. Defendant also states that his prior criminal history, particularly any conviction that has been expunged, is not relevant to the claims in this matter and has no bearing on the legal issues before this Court. Plaintiff's continued reference to such matters appears intended solely to prejudice the Court and cast Defendant in a negative light, rather than to serve any legitimate purpose.

12.     Defendant denies the allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Amended Complaint.  Defendant further denies that he ever used third-party intermediaries to violate any restraining orders.

14.     Defendant denies that criminal proceedings against him resulted from violations of restraining orders. Defendant further denies making any false representations leading to the

dismissal of the two criminal harassment charges on November 24, 2020, and then the expungement on February 9, 2021, at the Marlborough, Massachusetts Court. Defendant asserts that any expungement was lawful and proper. Defendant further asserts, upon information and belief, that Plaintiff knowingly fabricated false evidence in an attempt to initiate baseless criminal proceedings against him. Defendant denies all remaining allegations in Paragraph 14 of the Amended Complaint.

15.    Defendant denies creating or being responsible for any false, libelous, or defamatory postings about Plaintiff or Plaintiff's family members. Defendant further denies engaging in harassment, email harassment, abuse of process, or extortion attempts. Defendant states that Plaintiff had thousands of complaints against him and his website plainsite.org online, before Defendant was even aware of who Plaintiff was. Defendant also asserts that Plaintiff engaged in harassing conduct, including the use of legal threats and subpoenas, to pressure website owners into removing online criticism in 2018.  Except as expressly admitted, Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16.    Defendant denies the allegations set forth in Paragraph 16 of the Amended Complaint.

## JURISDICTION

17.    Defendant denies that this Court has subject matter jurisdiction.

18.    Defendant admits that he lives in this judicial District but denies that the Court has personal jurisdiction over him as it lacks subject matter jurisdiction. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding other defendants and therefore denies them.

## VENUE

19.    Defendant admits that he resides in this judicial District. Defendant denies that this Court has subject matter jurisdiction over the claims asserted and denies that venue is otherwise proper under the applicable statutes. Except as expressly admitted, Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

## THE PARTIES

20.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint and therefore denies those allegations.  Defendant further states that, contrary to Plaintiff's assertions, Plaintiff is a well-known public figure.

21.    Defendant denies having an extensive criminal record or using "hundreds" of aliases. Defendant further lacks sufficient knowledge about the specific IP addresses mentioned and therefore denies those allegations. Defendant denies creating numerous pseudonymous accounts or registering multiple email accounts for improper purposes. Defendant admits to residing at 4512 Willow Trail, Marlborough, Massachusetts 01752, but denies the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 22 of the Amended Complaint and therefore denies them.

23.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 23 of the Amended Complaint and therefore denies them.

24.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 24 of the Amended Complaint and therefore denies

them.

25.     Defendant further lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding the recently dismissed ComplaintsBoard Defendants and therefore denies them.

26.     Defendant is without sufficient knowledge as to Plaintiff's belief regarding purported "additional parties," and therefore denies the allegations set forth in Paragraph 26 of the Amended Complaint.

## FACTUAL BACKGROUND

27.     Defendant admits that in 2000, he was convicted in Spain of certain offenses, including burglary and homicide, and that he was sentenced by Judge Diego Gómez Reino to a total of fifteen years of imprisonment. Defendant affirmatively states that he has consistently maintained his innocence and further states that those convictions have since been expunged under Spanish law.  Except as expressly admitted, Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding media coverage or statements allegedly made by Ms. Vasic's parents. To the extent a response is deemed required, Defendant denies those allegations.

29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant denies the characterization of events in Paragraph 30 of the Amended Complaint. Answering further, the allegations in Paragraph 30 purport to quote, summarize, or derive from a court document, which speaks for itself, and Defendant denies any characterization of its contents that is inconsistent with its text. Defendant further asserts that any past legal matters have been fully expunged in Spain and are therefore irrelevant to this proceeding and

only being used to attack and prejudice Defendant.

31.    Defendant admits that he was released from federal prison in or about 2008 but lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 31 of the Amended Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the Amended Complaint, including the characterization of the underlying matters, and states that any referenced case has since been dismissed and sealed.

33.    Defendant admits that District Judge Mark L. Wolf ruled against Defendant's motion to seal the criminal records pertaining to his convictions in Spain, but otherwise denies the allegations set forth in Paragraph 33 of the Amended Complaint. Answering further, the allegations in Paragraph 33 purport to quote, summarize, or derive from a court document, which speaks for itself, and Defendant denies any characterization of its contents that is inconsistent with its text.

34.    Defendant denies that the United States Court of Appeals for the First Circuit affirmed the District Judge Wolf's denial of Defendant's motion to seal. Answering further, the allegations in Paragraph 34 of the Amended Complaint purport to quote, summarize, or derive from a court document, which speaks for itself, and Defendant denies any characterization of its contents that is inconsistent with its text.

35.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 35 of the Amended Complaint and therefore denies them. Defendant further denies sending or being responsible for the email described in Paragraph 35 of the Amended Complaint.

36.    Defendant lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations set forth in Paragraph 36 of the Amended Complaint and therefore denies them. While Defendant admits that he made requests to Think Computer Corporation regarding the removal of personal information from Plainsite, he denies Plaintiff's characterization of those requests and the alleged frequency with which they were made. By way of further response, Defendant states that his efforts were undertaken in good faith and reflected legitimate concerns about the continued public dissemination of legal records, including criminal history information that has since been expunged or is no longer lawfully reportable under applicable law. Defendant further states that these actions were aimed at addressing a broader matter of public concern—namely, the balance between public access to court records and individual rights to privacy, rehabilitation, and fair access to employment. Defendant also asserts that the publication of this information has resulted in ongoing reputational and professional harm, including, without limitation, fewer employment prospects.

37.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 37 of the Amended Complaint and therefore denies them. Defendant further denies sending or being responsible for any emails purportedly sent by "David G" or by "bronx1842@gmail.com" as described in Paragraph 37 of the Amended Complaint.

38.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 38 of the Amended Complaint and therefore denies them. Defendant further denies sending or being responsible for any purported emails or contact form submissions sent from the email address "bronx1842@gmail.com" as alleged in Paragraph 38.

39.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of the allegations set forth in Paragraph 39 of the Amended Complaint and therefore denies them.

**40.**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 40 of the Amended Complaint and therefore denies them.

**41.**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 41 of the Amended Complaint and therefore denies them.

**42.**     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 42 of the Amended Complaint and therefore denies them.

**43.**     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Amended Complaint and therefore denies them.  While Defendant admits that he made requests to Think Computer Corporation regarding the removal of his personal information from Plainsite, he denies Plaintiff's characterization of those requests and the alleged frequency with which they were made. Defendant maintains that his actions were not improper but rather constituted a good-faith effort to address a matter of significant public concern: the tension between public access to court records and individual rights to privacy, rehabilitation, and fair employment opportunities. Defendant further states that the continued publication of this information had caused him tangible harm, including the loss of employment opportunities. Defendant maintains that his actions were driven by legitimate concerns and were not improper in any respect.

**44.**     Defendant denies offering any bribe to Plaintiff. Defendant asserts that Plaintiff's

characterization of the alleged email as a bribe attempt is false and misleading.

45. Defendant denies sending any email to Plaintiff using the alias "Roger B" or any alias, and denies sending any message intended for a third party named Jeff. Defendant lacks sufficient knowledge or information to admit or deny Plaintiff's characterization of the content or tone of any emails and therefore denies those allegations. Defendant further denies any allegation that he harassed the proprietor of unitedstatescourts.org or that such website shut down due to Defendant, and  denies the remaining allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendant denies filing a "false" complaint with the Internal Revenue Service or making any knowingly inaccurate report.  Defendant asserts that any communication with the IRS was made in good faith and based on a reasonable belief in the truth of the information provided. Defendant denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies using the alias "Jack Jones" or sending the emails described in Paragraph 47 of the Amended Complaint. Defendant further denies making any threats against Plaintiff and denies the remaining allegations in Paragraph 47 of the Amended Complaint.

48. Defendant lacks sufficient knowledge or information to form a belief and therefore denies the remaining allegations set forth in Paragraph 48 of the Amended Complaint. Defendant further denies creating or being responsible for the publication of the purported content described in this Paragraph 48 of the Amended Complaint.

49. Defendant denies that he harassed Jeff Steinport or that he targeted Plaintiff or Mr. Steinport in any unlawful manner. Defendant lacks sufficient knowledge or information to admit or deny any communications between Mr. Steinport and Plaintiff or with the FBI, and

therefore denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50 of the Amended Complaint and therefore denies them. Defendant further denies creating or being responsible for the purported publication of the 350 posts described in Paragraph 50 of the Amended Complaint.

51.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51 of the Amended Complaint, including each of the subparts (a) through (j), and therefore denies them. Defendant further denies making any knowingly false or libel statements about Plaintiff or his family.

52.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52 of the Amended Complaint, including each of the subparts (a) through (e), and therefore denies them. Defendant further denies creating or being responsible for the publication of any of the purported content described in Paragraph 52 of the Amended Complaint.

53.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53 of the Amended Complaint and therefore denies them. Defendant further denies making any harassing phone calls or sending harassing emails to  the Plaintiff's  father  or  colleagues.

54.     Defendant lacks sufficient knowledge or information to form a belief as to the authenticity or completeness of the communication quoted in Paragraph 54 and therefore denies the allegations. To the extent any portion of the quoted material is accurate, Defendant denies that it was intended to harass or defraud Plaintiff and denies any improper purpose. Except as expressly admitted, Defendant denies the allegations in Paragraph 54.

55.     Defendant denies filing any knowingly false complaints with the IRS concerning the Plaintiff. Defendant affirms that any communication made to the IRS was submitted in good faith and based on a reasonable belief in the accuracy of the information provided.  Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56 of the Amended Complaint and therefore denies them. To the extent any call occurred, Defendant denies that it was made for any improper purpose and affirms that any such communication would have been intended solely to resolve ongoing issues.

57.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint and therefore denies them. Defendant further denies creating, publishing, or authoring the post described in Paragraph 57 of the Amended Complaint.

58.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58 of the Amended Complaint and therefore denies them. Defendant further denies any involvement in or knowledge of the alleged 15 phone calls to Plaintiff's family in Ohio, including any communication from the referenced phone number or at the time alleged.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Defendant denies the allegations set forth in Paragraph 61 of the Amended

Complaint.

62.    Defendant admits the Plaintiff applied for a temporary restraining order against him on April 4, 2018, in Santa Clara County, California. Defendant, however, states that this application was made only after Defendant informed Plaintiff on or about March 28, 2018, that he would seek a restraining order against Plaintiff if the alleged harassment did not cease. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 62 of the Amended Complaint.

63.    Defendant denies the assertion that during cross-examination in Santa Clara County on February 28, 2019, he admitted that the Mac OS username "tech" included in a Blacklist Report post was his own. The computer in question was serviced by an Apple store technician known as "tech," and any reference to this username on the device is solely due to the technician's identifier, not Defendant's personal username. Defendant did not make any such admission and maintains that any misunderstanding in Court regarding the username was clarified during the proceedings.

64.    Defendant denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65.    Defendant denies the characterization of ComplaintsBoard as an "extortion racket". Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 65 of the Amended Complaint and therefore denies them.

66.    Defendant denies the characterization of ComplaintsBoard as an "extortion racket". Reviews from SiteJabber cited in the complaint are opinions of unrelated third-party users. Defendant lacks sufficient knowledge or information to form a belief about the truth of the

remaining allegations set forth in Paragraph 66 of the Amended Complaint and therefore denies them.

**67.**     Defendant denies the allegations set forth in Paragraph 67 of the Amended Complaint.

**68.**     Defendant denies the allegations set forth in Paragraph 68 of the Amended Complaint. Defendant specifically denies altering or masking his IP address to avoid detection by Plaintiff or the Court and denies any improper use of local WiFi or VPN services.

**69.**     Defendant denies the allegations set forth in Paragraph 69 of the Amended Complaint.

**70.**     Regarding Paragraph 70 of the Amended Complaint, Defendant denies posting false or libelous content about Plaintiff on ComplaintsBoard, Blacklist Report, Twitter, or elsewhere. Defendant further asserts that to the extent any statements were made, they constitute protected opinion or commentary regarding a public figure.

**71.**     Regarding Paragraph 71 of the Amended Complaint, Defendant denies attempting to file a false complaint with the State of Delaware concerning Plaintiff using the email address 8587@protonmail.com.

**72.**     Regarding Paragraph 72 of the Amended Complaint, Defendant denies filing any false complaint with the Internal Revenue Service concerning Plaintiff.  Defendant further states that any communication made to a government agency was submitted in good faith and based on a reasonable belief in its accuracy.

**73.**     Regarding Paragraph 73 of the Amended Complaint, Defendant denies sending a letter to the Attorney General of the United States concerning Plaintiff.

**74.**     Defendant lacks sufficient knowledge or information to form a belief about the

truth of the allegations set forth in Paragraph 74 of the Amended Complaint and therefore denies them.

75.    Defendant denies responsibility for the pseudonymous user "Expose 501(c)(3) Fraud" and any false statements attributed to Defendant on the ComplaintsBoard website. Defendant did not make any false statements or use pseudonymous accounts to harass Plaintiff. Defendant denies accessing specific server logs related to Plaintiff's website, or using the IP address mentioned. Defendant had no involvement with the server logs or IP address cited and denies any association with them.

76.    Regarding Paragraph 76 of the Amended Complaint, Defendant denies harassing Plaintiff and challenges the validity of any police reports or subpoenas issued regarding alleged harassment. Defendant further states that he, in good faith, reported Plaintiff's harassment to the San Jose, California Police, the San Francisco, California Police and the Marlborough, Massachusetts Police and the FBI's IC3.

77.    Regarding Paragraph 77 of the Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations that IP address 24.60.59.25 mentioned in the subpoena response from Comcast is linked to Defendant's home address and therefore denies them.  Defendant denies the remaining allegations in Paragraph 77 of the Amended Complaint.

78.    Regarding Paragraph 78 of the Amended Complaint, Defendant denies that the Traceable Post contained any knowingly false or libelous themes about Plaintiff.  Defendant exercised his rights to express opinions and concerns about Plaintiff's based on genuine belief and not intended as defamatory. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

79.     Regarding Paragraph 79 of the Amended Complaint, Defendant denies that the Traceable Post contained any knowingly false or libelous statements about Plaintiff. Defendant exercised his rights to express opinions and concerns about Plaintiff's business practices and public statements within the bounds of the law.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

80.     Regarding Paragraph 80 of the Amended Complaint, Defendant admits that he filed a consumer protection complaint with the Arkansas Attorney General's office and the Investigator was Liz Garcia, regarding leagle.com on January 24, 2017. Defendant, however, denies that the complaint was false and denies making any knowingly inaccurate statements about Plaintiff or the ownership of leagle.com. Defendant further denies harassing any staff members of the Arkansas Attorney General's Office. Except as expressly admitted, Defendant denies the allegations in Paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 82 of the Amended Complaint and therefore denies them.

83.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 83 of the Amended Complaint and therefore denies them.

84.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 84 of the Amended Complaint and therefore denies

them.

85.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 85 of the Amended Complaint and therefore denies them. Defendant further denies any involvement in negative SEO.

86.     Defendant denies the allegations set forth in Paragraph 86 of the Amended Complaint

87.     Defendant admits that on August 31, 2019, a Superior Court of Santa Clara County, California judge issued a two-year restraining order against him, which expired on August 30, 2021. Defendant asserts that he contested the restraining order and that it was entered without any criminal charges or findings of liability. Except as expressly admitted, Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations set forth in Paragraph 88 of the Amended Complaint. Defendant further states that he did not encourage harassment or communication aimed at Plaintiff, nor did he violate any restraining order.

89.     Regarding Paragraph 89 of the Amended Complaint, Defendant denies registering the Twitter account @BrightLightNewz with the intention to harass or libel Plaintiff. Defendant further states that he did not create social media accounts for the purpose of defaming or harassing Plaintiff.

90.     Defendant denies the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     Defendant denies the allegations set forth in Paragraph 91 of the Amended Complaint.

92.     Defendant denies the allegations set forth in Paragraph 92 of the Amended

Complaint.

**93.** Defendant denies the allegations set forth in Paragraph 93 of the Amended Complaint.

**94.** Defendant denies the allegations set forth in Paragraph 94 of the Amended Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### Per Se Against Defendant Diego Mas Marques

**95.** Defendant incorporates by reference his responses to the preceding paragraphs as though fully set forth herein

**96.** Regarding Paragraph 96 of the Amended Complaint, Defendant denies authoring or publishing thousands of defamatory statements concerning Plaintiff, Plaintiff's family, or Plaintiff's associates. Defendant further denies the scope, volume, and characterization of the alleged publications and denies any intent to defame.

**97.** Defendant denies the allegations set forth in Paragraph 97 of the Amended Complaint.

**98.** Defendant denies the allegations set forth in Paragraph 98 of the Amended Complaint. Defendant further asserts that any statements made were within the bounds of protected speech. To the extent any statements reflect opinion or comment on matters of public concern, Defendant asserts they are constitutionally protected under the First Amendment.

**99.** Defendant denies the allegations set forth in Paragraph 99 of the Amended Complaint. Defendant further denies that any such statements were made with actual malice or were defamatory per se or per quod. Defendant asserts that many of the statements listed, even if made, represent opinion, rhetorical hyperbole, or protected criticism under applicable law.

**100.** Regarding Paragraph 100 of the Amended Complaint, Defendant lacks sufficient knowledge or information to admit or deny the specific capitalization practices alleged and therefore denies them. Defendant denies that any such stylistic choices are material to Plaintiff's claims.

**101.** Defendant denies the allegations set forth in Paragraph 101 of the Amended Complaint.

**102.** Defendant denies the allegations set forth in Paragraph 102 of the Amended Complaint.

**103.** Regarding Paragraph 103 of the Amended Complaint, Defendant denies that any statements were false or defamatory per se or per quod. Defendant further denies any injury to Plaintiff's reputation and asserts that Plaintiff is a public figure or, at a minimum, a limited public figure who must prove actual malice, which is not present in this case.

**104.** Regarding Paragraph 104 of the Amended Complaint, Defendant denies causing mental anguish or emotional distress to Plaintiff or Plaintiff's family. Defendant did not engage in any actions that would cause harm to Plaintiff or his family members and further denies liability for any such alleged harm. Any communications made were lawful and within the scope of protected speech. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations and therefore denies them.

**105.** Regarding Paragraph 105 of the Amended Complaint, Defendant denies that Plaintiff has been damaged by the authorship and publication of defamatory statements. Defendant did not publish statements that impute dishonesty or immorality to Plaintiff's personal or professional character. Defendant denies the allegations in Paragraph 105 of the Amended Complaint.

**106.** Regarding Paragraph 106 of the Amended Complaint, Defendant denies that Plaintiff has been damaged by defamatory statements falsely suggesting illegal, unethical, immoral, or criminal business practices. Defendant denies the remaining allegations in Paragraph 106 of the Amended Complaint.

**107.** Regarding Paragraph 107 of the Amended Complaint, Defendant denies creating fake user accounts on social media platforms to impersonate Plaintiff or Plaintiff's family members. Defendant denies the allegations in Paragraph 107 of the Amended Complaint.

**108.** Regarding Paragraph 108 of the Amended Complaint, Defendant denies that Plaintiff's professional career has been damaged by defamatory statements and further denies any liability for any reputational harm. Defendant did not publish statements that would harm Plaintiff's career or professional standing. Any statements made were protected by the First Amendment and were expressions of opinion or personal belief and facts. Defendant further denies that any readers reasonably relied on the alleged statements as fact.

**109.** Defendant denies publishing Plaintiff's or his family's personal contact details, synagogue affiliation, or home addresses. Defendant denies placing Plaintiff or any third parties in physical danger. Defendant denies the remaining allegations in Paragraph 109 of the Amended Complaint.

## SECOND CLAIM
### Civil Harassment Against Defendant MasMarques (Massachusetts General Laws Chapter 258E)

*This claim was dismissed, by Judge Denise J. Casper on March 25, 2024.*

## THIRD CLAIM
### Tortious Interference with Prospective Economic Advantage Against Defendant MasMarques

*This claim was dismissed, by Judge Denise J. Casper on March 25, 2024.*

## FOURTH CLAIM
### Abuse of Process by Defendant MasMarques

129.    Defendant incorporates by reference his responses to the preceding paragraphs as though fully set forth herein.

130.    Defendant denies the allegations set forth in Paragraph 130 of the Amended Complaint.

131.    Defendant admits that he filed a cross-request for a temporary restraining order in Case No. 18CH008067 but denies that it was based on false information or used for an improper purpose. Defendant further states that any filings were made in good faith and were based on facts, legitimate concerns, such as harassment and stalking by Plaintiff and not intended to abuse the legal process.

132.    Defendant denies filing false, misleading, and fabricated claims involving Plaintiff with the listed government agencies and offices and denies any improper intent. To the extent Defendant submitted communications or complaints to government agencies, they were made in good faith and based on genuine concerns regarding Plaintiff's harassing, malicious and threatening actions towards Defendant and immediate family. Defendant denies the remaining allegations in Paragraph 132 of the Amended Complaint.

133.    Defendant denies causing other individuals to file false, misleading, and fabricated claims against Plaintiff with various agencies and offices for improper motives. Defendant further denies responsibility for any communications not made by him. Except as expressly admitted, Defendant denies the allegations in Paragraph 133 of the Amended Complaint.

134.    Defendant denies filing baseless complaints against Plaintiff's attorneys with the State Bar of California. Any complaints made were made in good faith and based on legitimate

concerns and not intended to abuse the legal process.

135.    Defendant denies the allegations regarding the private investigator's attempt to locate Plaintiff at an incorrect address. Defendant asserts that any declarations filed were based on truthful information available at the time. Defendant further denies that the investigation was abusive or unlawful and denies the remaining allegations.

136.    Defendant admits filing a complaint with the California Department of Motor Vehicles, Case No. 18B3D30150, and denies that it was false or intended to harass. Any actions taken were lawful and based on genuine concerns regarding Plaintiff's compliance with state regulations. Defendant further denies filing a complaint with the California Department of Motor Vehicles (CADMV) with fraudulent intent. Defendant further denies acting with malice or seeking to interfere with Plaintiff's legal rights.

137.    Defendant lacks sufficient knowledge or information to admit or deny the alleged effects of the DMV complaint on Plaintiff's vehicle registration and therefore denies the allegations.

138.    Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's legal ability to drive and denies that Defendant is responsible for any interference with that ability.

139.    Defendant admits filing an application for criminal charges in Case No. 1921AC000120 but denies that the filing was false or improper. Defendant states that the application was filed in good faith and not as an abuse of legal process.

140.    Defendant admits filing for a civil restraining order in Case No. 1981CV02204 but denies that it was fraudulent or abusive. Any actions taken were based on genuine concerns. Defendant lacks sufficient knowledge to admit or deny the procedural history after filing and

denies the remaining allegations.

**141.**    Defendant lacks sufficient knowledge to admit or deny the circumstances surrounding Plaintiff's motion for fees and the court's ruling, and therefore denies the allegations set forth in Paragraph 141 of the Amended Complaint.

**142.**    Defendant denies the allegations in Paragraph 142 of the Amended Complaint.

**143.**    Defendant denies the allegations in Paragraph 143 of the Amended Complaint.

<u>**FIFTH CLAIM**</u>
<u>**Malicious Prosecution Against Defendant MasMarques**</u>

**144.**    Defendant incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

**145.**    Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

**146.**    Regarding Paragraph 145 of the Amended Complaint Defendant denies that Plaintiff was forced to defend himself against any false application.

**147.**    Defendant admits that on or about May 15, 2019, the Marlborough District Court found no probable cause and closed the matter. Defendant denies that this outcome implies that his application lacked probable cause at the time it was filed.  Defendant states that, upon information and belief, the Massachusetts District Assistant Court Clerk Darryl S. Whitney took this matter under advisement prior to the Clerk Magistrate finding there was no probable cause.

**148.**    Defendant denies acting with malice and denies that there was no probable cause for criminal charges. Defendant asserts that his actions were based on genuine concern, were legally permissible, and were not motivated by an improper purpose.  As examples, Defendant references online activity by Plaintiff that included (1) publication of Defendant's personal identifying information, including expunged court-related documents, on a public docket; (2)

tweets from Plaintiff's accounts identifying Defendant's spouse and her place of employment; and (3) derogatory remarks concerning Defendant's personal identity and character, including references falsely implying a sexual orientation that Defendant does not identify with, in a manner intended to harass or demean. Defendant denies the remaining allegations in Paragraph 148 of the Amended Complaint.

### SIXTH CLAIM

### Libel Per Se Against Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd.

*Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd. were previously dismissed from the underlying action.*

### SEVENTH CLAIM
### Contribution Against Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd.

*Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd. were previously dismissed from the underlying action.*

### EIGHTH CLAIM
### Negligent Infliction of Emotional Distress Against Defendants Kudriavtsev and Mediolex Ltd., and Astrad Ltd.

*Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd. were previously dismissed from the underlying action.*

### NINTH CLAIM
### Violation of Massachusetts General Laws Chapter 93A § 2 (Unfair Acts or Practices) Against Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd.

*Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd. were previously dismissed from the underlying action.*

### TENTH CLAIM
### Violation of Massachusetts General Laws Chapter 93A § 2 (Deceptive Acts and Practices) Against Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd.

*Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd. were previously dismissed from the*

*underlying action.*

### ELEVENTH CLAIM
### Violation of Massachusetts General Laws Chapter 93A § 2 (Unfair or Deceptive Trade Practices) Against Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd.

*Defendants Kudriavtsev, Mediolex Ltd., and Astrad Ltd. were previously dismissed from the underlying action.*

### TWELFTH CLAIM
### Civil Conspiracy Against All Defendants

187.    Defendant incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

188.    Defendant denies the allegations in Paragraph 188 of the Amended Complaint.

189.    Defendant denies the allegations in Paragraph 189 of the Amended Complaint.

190.    Defendant denies the allegations in Paragraph 190 of the Amended Complaint.

191.    Defendant denies the allegations in Paragraph 191 of the Amended Complaint.

192.    Defendant denies the allegations in Paragraph 192 of the Amended Complaint.

193.    Defendant MasMarques denies knowledge of or participation in any refusal to comply with a subpoena issued by the District Court of the Northern District of California, and therefore denies the allegations set forth in Paragraph 193 of the Amended Complaint. Defendant asserts that any actions taken by Defendants Kudriavtsev and Mediolex Ltd. were independent and not part of any purported conspiracy.

194.    Defendant MasMarques denies the allegation that Defendants Kudriavtsev and Mediolex Ltd. adopted language purportedly used by him in communicating with Plaintiff. Defendant asserts that he had no control over the communications of other defendants. Defendant denies all remaining allegations set forth in Paragraph 194 of the Amended Complaint.

195.    Defendant denies the allegations in Paragraph 195 of the Amended Complaint.

196.    Defendant denies the allegations in Paragraph 196 of the Amended Complaint.

## THIRTEENTH CLAIM
## False Light Invasion of Privacy/ Mass. Gen. Laws ch. 214, § 1B

197.    Defendant incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

198.    Defendant denies the allegations set forth in Paragraph 198 of the Amended Complaint.

199.    Defendant denies the allegations set forth in Paragraph 199 of the Amended Complaint.  Defendant further denies that any statements or conduct attributed to him would be considered highly offensive to a reasonable person under Massachusetts law.

200.    Defendant denies the allegations in Paragraph 200 of the Amended Complaint. Defendant denies that he knowingly or recklessly published false or harassing statements or acted in a manner that would constitute an invasion of privacy.

## FOURTEENTH CLAIM
## Intentional Infliction of Emotional Distress Against All Defendants

201.    Defendant incorporates by reference his responses to the preceding paragraphs as if fully set forth herein.

202.    Defendant admits that he was convicted of homicide in Spain in 2000, but denies the characterization and any implication that it is relevant to the claims in this action. Defendant further asserts that the conviction has since been expunged under Spanish law.

203.    Defendant denies sending or causing to be sent any "death threats" to Plaintiff. Defendant further denies making any threats in connection with Plaintiff's refusal to remove

public records. Defendant denies the remaining allegations in Paragraph 203 of the Amended Complaint.

204.    Defendant denies making any harassing telephone calls to Plaintiff and denies all allegations in Paragraph 204.

205.    Defendant admits to filing a cross-request for a temporary restraining order against Plaintiff at the Santa Clara Superior Court in San Jose, California, but denies that it was based on objectively false information. Defendant asserts that the filing was based on genuine concerns for the safety and wellbeing of himself and his immediate family.

206.    Defendant has no knowledge of Plaintiff's gun ownership and denies any allegations related to such.

207.    Defendant admits completing Judicial Council Form CH-100 and including the quoted language set forth in Paragraph 207 of the Amended Complaint. Defendant further asserts that the statement was made in good faith in the context of a legal filing.

208.    Defendant denies that any counter-temporary restraining orders issued in 2018 and 2019 were baseless or improperly obtained. Defendant further denies that his cross-request was granted without merit and denies any liability for legal outcomes.

209.    Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's travel status or any Department of Homeland Security procedures and therefore denies the allegations.

210.    Defendant admits hiring private investigator John X. Haro but denies any instruction to commit perjury or to fabricate information. Defendant further denies any perjury

occurred.

211.    Defendant denies authorship of the content hosted by ComplaintsBoard and denies responsibility for the actions or editorial decisions of third-party website operators.

212.    Defendant lacks sufficient knowledge or information to admit or deny the statement attributed to Defendant Mediolex Ltd. and therefore denies the allegations in Paragraph 212.

213.    Regarding Paragraph 213 of the Amended Complaint, Defendant denies targeting Plaintiff or any of the individuals identified in Paragraph 213 for the purpose of extorting compliance from Plaintiff.

214.    Regarding Paragraph 214 of the Amended Complaint, Defendant has no knowledge of Plaintiff's maternal uncle and related cousins living in Massachusetts and denies any allegations related to such. Defendant asserts that his actions were not related to any of Plaintiff's family members.

215.    Defendant denies the allegations in Paragraph 215 of the Amended Complaint.

216.    Defendant denies the allegations in Paragraph 216 of the Amended Complaint.

217.    Defendant denies the allegations in Paragraph 217 of the Amended Complaint.

218.    Regarding Paragraph 218 of the Amended Complaint, Defendant denies causing Plaintiff emotional distress and denies any liability for Plaintiff's alleged mental state or claimed time spent addressing these issues.

219.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 219 of the Amended Complaint and therefore

denies them.

## RELIEF REQUESTED:

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 219, including subparts (A) through (J), and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in its favor and against Plaintiff.

The final paragraph also requires no response. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of laches, waiver, and estoppel.

### FOURTH DEFENSE

Plaintiff has failed to join one or more parties whose participation in this action is necessary for the just adjudication of the issues under Federal Rule of Civil Procedure 19.

**FIFTH DEFENSE**

To the extent any allegedly defamatory statements were made, they are true or substantially true, barring recovery.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by prior adjudications.

**SEVENTH DEFENSE**

Defendant's communications addressed matters of public interest and are constitutionally protected under the First Amendment.

**EIGHTH DEFENSE**

Statements made in the context of legal proceedings or government petitions were subject to a qualified or absolute privilege.

**NINTH DEFENSE**

Plaintiff is a public figure or, at the minimum, a limited-purpose public figure and cannot demonstrate actual malice as required for defamation claims.

**TENTH DEFENSE**

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

**ELEVENTH DEFENSE**

Statements were non-actionable opinion or rhetorical hyperbole protected by the First Amendment.

**TWELFTH DEFENSE**

Plaintiff has not suffered any damages proximately caused by Defendant's conduct.

## **THIRTEENTH DEFENSE**

Plaintiff lacks standing to assert some or all of the claims.

## **RESERVATION OF RIGHTS**

Defendant expressly reserves the right to assert additional affirmative defenses as may become available or apparent during the course of discovery and further proceedings in this matter. Defendant further reserves the right to amend or supplement this Amended Answer and its affirmative defenses in accordance with the Federal Rules of Civil Procedure and any applicable scheduling order.

Respectfully submitted,

DIEGO MASMARQUES,

By his Attorney,


*/s/ Ashley Andrade*
_____

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com


Dated:  May 17, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2025, served a true and correct copy of the foregoing

Amended Answer to Plaintiff's Complaint via electronic filing with the Court's ECF system for

notice to all counsel/parties of record.


*/s/ Ashley  Andrade*

_____

Ashley A. Andrade, BBO # 697189