UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br> v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND IMPOSE CONTEMPT SANCTIONS**

1

## TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.      STATEMENT OF THE ISSUE ....................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 1

III.    ARGUMENT ................................................................................................................. 3

        A.     Contempt Sanctions Should Be Imposed On Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade ..................................................................... 3

        B.     Defendant MasMarques Has Failed To Respond To Plaintiff's Document Requests and Should Be Compelled To Do So Immediately ............................... 3

        C.     Defendant MasMarques Has Failed To Respond To Plaintiff's Interrogatories and Should Be Compelled To Do So Immediately ........................................ 4

        D.     Defendant MasMarques Has No Intent To Comply With Discovery In This Action and Rule 37 Sanctions, Including Default, Are In Order ........................... 5

IV.    CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Costa v. SAKI, LLC, et al*,
   Case No. 1:21-cv-10154-AK (D. Mass. September 14, 2022) .................................................. 5

*Crispin-Taveras v. Municipality of Carolina*,
   647 F. 3d 1, 7 (1st Cir. 2011) .................................................................................................... 5

*RW Intern. Corp. v. Welch Foods, Inc.*,
   937 F. 2d 11, 15 (1st Cir. 1991) ................................................................................................ 3

**Rules**

Federal Rule of Civil Procedure 15(a)(1)(B) ................................................................................ 1

Federal Rule of Civil Procedure 37 ........................................................................................ 1, 5

Federal Rule of Civil Procedure 37(a)(4) ..................................................................................... 3

## NOTICE OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND IMPOSE CONTEMPT SANCTIONS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2025 at 9:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, located at 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court to compel Defendant Diego MasMarques, Jr. to immediately produce responses to Plaintiff's discovery requests, specifically including requests for document production and interrogatories, and to impose Rule 37 and/or contempt sanctions on Defendant MasMarques and his counsel for willfully disobeying an Order of the Court.

The Court should grant Plaintiff's motion because the above party and his counsel have repeatedly missed deadlines (including Court-ordered deadlines), obfuscated, delayed, lied to the Court, and generally made continued progress in this litigation impossible.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF THE ISSUE

The issues raised by this motion are whether Defendant Diego MasMarques, Jr. should be compelled to produce responses to Plaintiff's requests for document production (served February 12, 2025, and interrogatories; and whether Defendant MasMarques and his counsel should be subject to Federal Rule of Civil Procedure 37 and/or contempt sanctions.

### II.   FACTUAL BACKGROUND

Plaintiff initiated this action against Defendant MasMarques on January 20, 2023. A First Amended Complaint ("FAC"), ECF No. 54, was filed pursuant to Rule 15(a)(1)(B) on July 25, 2023 subsequent to Plaintiff being served with an Answer to the initial Complaint by

1

Defendant Sergei Igorevich Kudriavtsev on July 20, 2023 (docketed as ECF No. 56 on July 26, 2023). Defendant MasMarques filed a motion to dismiss on August 21, 2023. ECF No. 66. The motion to dismiss was granted in part and denied in part on March 25, 2024. ECF No. 118. Defendant MasMarques filed an improper document styled as an "Answer" responding to the initial Complaint on July 8, 2024. ECF No. 143. The Court selectively struck parts of ECF No. 143 on February 12, 2025. ECF No. 148. On February 12, 2025, Plaintiff served his first set of requests for production of documents on Defendant MasMarques. The Court then ordered for a second time the filing of an Answer responding to the operative pleading on April 9, 2025, memorialized in the Electronic Order issued on April 29, 2025. ECF No. 173. On April 9, 2025, the Court also authorized the filing of this motion. The Electronic Order also set a deadline of May 8, 2025 for "responses to Greenspan's request for documents." *Id*. On April 17, 2025, via his former counsel, Defendant MasMarques served evasive non-responses that failed to comply with the Federal Rules of Civil Procedure regarding the document requests, including 77 unlabeled, non-Bates stamped, publicly-available, in many cases partial excerpts of files lacking metadata and/or sourcing information, several of which were completely irrelevant to this action. By May 8, 2025, in violation of the Court's Order, Defendant MasMarques did not respond to Plaintiff's requests for documents. On May 9, 2025, Attorney Ashley Andrade wrote, "I'll supplement the document responses produced to you last month and will serve the supplemental responses as soon as I finish my review." This was a lie. On May 19, 2025 at 3:00 P.M. EST, pursuant to Civil Local Rule 37.1, Plaintiff and Attorney Andrade held a one-hour telephonic conference call regarding Defendant MasMarques's failure to produce discovery responses and his other sanctionable conduct. The parties agreed that Defendant MasMarques would produce responsive documents by May 20, 2025 and interrogatory responses by May 23, 2025. On May 20, 2025, Defendant MasMarques, represented by counsel, violated his agreement. On May 21, 2025, Attorney Andrade produced only the exact same documents to Plaintiff that had already been produced. *See* Exhibit A.[1]

---

[1] The e-mails in Exhibit A were rendered on a computer set to the Pacific Standard Time zone.

2

### III.  ARGUMENT

####   A.  Contempt Sanctions Should Be Imposed On Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade

This Court ordered, in no uncertain terms, Defendant MasMarques to "provide responses to Greenspan's request for documents by May 8, 2025." ECF No. 173.  What Defendant MasMarques actually produced by that date was completely non-responsive.  Defendant MasMarques and his counsel conducted no search of his own relevant documents, completely ignored the instructions that were contained within the requests, and provided responses that were intended to be evasive of the same type that the Court previously ordered struck from the record.  ECF No. 148.  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Federal Rule of Civil Procedure 37(a)(4).

"The taxonomy of Rule 37 is progressive.  If an order to answer is issued under Rule 37(a), and then disobeyed, Rule 37(b)(2) comes into play, authorizing the trial court to impose further sanctions, including the ultimate sanction..."  *RW Intern. Corp. v. Welch Foods, Inc.*, 937 F. 2d 11, 15 (1st Cir. 1991).  Here, the "ultimate sanction" would be default judgment, and it is appropriate for all of the reasons Plaintiff has explained in the past in this action and hereby incorporates by reference.  *See* ECF No. 176.

####   B.  Defendant MasMarques Has Failed To Respond To Plaintiff's Document Requests and Should Be Compelled To Do So Immediately

Plaintiff served his First Set of Requests for Production of Documents and Things (the "Requests") on Defendant MasMarques on February 12, 2025.  On February 24, 2025, Attorney Timothy Connors appeared in the action on behalf of Defendant MasMarques.  Attorney Connors was aware of the Requests and promised on February 27, 2025 that Defendant MasMarques would respond to them.  He did not.  On March 3, 2025, days later, Attorney Connors motioned to withdraw.  The same day, the withdrawal motion was granted.  On April 8, 2025, the day before the April 9, 2025 Scheduling Conference, Attorney Simon B. Mann appeared in the action on behalf of Defendant MasMarques.  Attorney Mann was aware of the Requests.  On April 17, 2025, he transmitted 77 non-responsive documents and evasive, non-

compliant non-responses to the Requests themselves. On April 25, 2025, Attorney Mann motioned to withdraw. On April 29, 2025, the motion was granted. On May 6, 2025, two days before the production deadline ordered in ECF No. 173, Attorney Ashley Andrade appeared in the action on behalf of Defendant MasMarques. After e-mail correspondence failed to yield any additional documents, Plaintiff threatened to file this motion and scheduled a telephonic meet and confer session for May 19, 2025, which took place at 3:00 P.M. EST for approximately one hour. The parties agreed that Defendant MasMarques could have until May 20, 2025 to provide proper responses to the Requests and May 23, 2025 to provide proper responses to separately-served interrogatories. On May 20, 2025, Defendant MasMarques produced nothing, and Attorney Andrade violated her agreement. On May 21, 2025, while claiming that Pacific Time should govern deadlines in this action in the District of Massachusetts, Attorney Andrade provided the exact same non-responsive documents that had been produced by Attorney Mann, calling them "Part 1" of the planned production, and for the first time insisting on the entry of a protective order prior to producing "Part 2."

There is no need for a protective order here. Defendant MasMarques claims to be unemployed and has no trade secrets to protect. None of his communications are confidential. To the extent he wishes to invoke spousal privilege or attorney-client privilege, that can be done entirely without a protective order. Having now benefitted from the advice of three attorneys in succession, there is no excuse at all for his failure to turn over the documents Plaintiff has requested, let alone nearly 100 days after they were requested.

  **C. Defendant MasMarques Has Failed To Respond To Plaintiff's Interrogatories and Should Be Compelled To Do So Immediately**

Plaintiff served his First Set of Interrogatories, 19 in all, on Defendant MasMarques's former counsel, Attorney Mann, on April 18, 2025. Plaintiff forwarded these to Attorney Andrade as a courtesy on May 8, 2025. Responses were due on May 18, 2025. Defendant MasMarques has responded to none of them in any form.

Although Plaintiff initially agreed that responses could be filed on or before May 23, 2025, Attorney Andrade violated that agreement and her prior written promise to "supplement

4

the document responses produced to you last month and will serve the supplemental responses as soon as I finish my review" by failing to produce documents in response to the Requests.

### D. Defendant MasMarques Has No Intent To Comply With Discovery In This Action and Sanctions, Including Default, Are In Order

Defendant MasMarques has no intent of complying with his discovery obligations in this action. Whether unrepresented by counsel or represented by an attorney, he is allergic to complying with any Order of this Court, rule, or law. This pattern has been evident since the action was filed in 2023. Defendant MasMarques evaded service, eventually began filing perjurious declarations, and then began abusing the docket with such frequency that the Court imposed a pre-filing order against all parties.

Federal Rule of Civil Procedure 37 authorizes Plaintiff to file a motion compelling discovery responses, and further authorizes the Court to impose sanctions for failure to do so. Defendant MasMarques has wasted Plaintiff's time for the past eight years—time that Plaintiff will never get back. Defendant MasMarques's family matters are no excuse. He was a menace with contempt for the rule of law while his wife and father were alive, and he continues to be a menace with contempt for the rule of law now that they are deceased. The Court has entered at least three orders striking Defendant MasMarques's inappropriate filings, has granted and implicitly allowed countless extensions of time, and afforded Defendant MasMarques every opportunity, including the ability to hire lawyer after lawyer after lawyer after lawyer. It is time for this charade to end. As a form of sanction under Rule 37, the Court should default Defendant MasMarques and enter default judgment in favor of Plaintiff.

> "Short of simply ignoring *all* communications from Plaintiff's counsel and this Court, it is difficult to imagine a more 'obstructionist adversary,' *Crispin-Taveras*, 647 F.3d at 7, than the Defendants here. The extensive history of Plaintiff's attempts to confer with defense counsel and make arrangements to complete discovery provides crucial context to Defendants' ultimate failure to comply with the Court's order compelling discovery responses [Dkt. 24]; and the circumstances of Defendants' conduct in this matter necessitate the granting of default judgment as sanction."

*Costa v. SAKI, LLC, et al*, Case No. 1:21-cv-10154-AK (D. Mass. September 14, 2022).

5

The Court should also require Attorney Andrade to pay no less than $3,750.00 to Plaintiff as a sanction for violating her agreement with Plaintiff and wasting at least five hours of his time (including the drafting of this motion), for lying to Plaintiff, and for violating the Court's Order at ECF No. 173.

In the alternative or in addition, the Court should order immediate production of all outstanding discovery responses with no further delay. Since Defendant MasMarques cannot be trusted to perform an adequate search of his own records, the Court should further compel the production of an image of each desktop and/or laptop hard drive and mobile device that Defendant MasMarques has used since 2017.

## IV. CONCLUSION

Plaintiff respectfully requests that this motion be granted.

Dated: May 21, 2025					Respectfully submitted,

*/s/ Aaron Greenspan*
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## **CERTIFICATE OF COMPLIANCE WITH RULE 37.1**

  I hereby certify that the provisions of Civil Local Rule 37.1 have been complied with and that Plaintiff has conferred with counsel for Defendant Diego MasMarques, Jr. in an effort narrow the issues involved and avoid court intervention.

Dated: May 21, 2025

_____
Aaron Greenspan

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, I served the foregoing Notice Of Motion And Motion To Compel Discovery Responses From Defendant Diego MasMarques, Jr. And Impose Contempt Sanctions via CM/ECF to all parties in this action.

Dated: May 21, 2025

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org