**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AARON GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES JR., et. al.<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

## DEFENDANT DIEGO MASMARQUES, JR.'S OPPOSITION TO PLAINTIFF AARON GREENSPAN'S MOTION TO COMPEL

Defendant Diego MasMarques, Jr. respectfully requests that this Honorable Court deny Plaintiff Aaron Greenspan's Motion to Compel in its entirety and states as follows:

**A. Procedural Background**

On February 12, 2025, the Court issued an Electronic Order, striking, in part, Defendant's Answer and denying Plaintiff's motion for entry of default judgment against Defendant. *See* Doc. 148.

On or about April 9, 2025, the parties attended the Scheduling Conference. At the conference, Plaintiff requested permission to file a motion to compel both initial disclosures and responses to requests for production of documents from Defendant. At the conference, this Court set dates for Defendant to comply with both requests. *See* Doc. 169.

On or about April 17, 2025, Defendant, through prior counsel, complied with the Court's directive by serving Plaintiff with his initial disclosures and document responses. Plaintiff,

however, promptly objected to the sufficiency of those responses. *See* Doc. 179-1. Subsequently, on April 29, 2025, the Court ordered Defendant, "to the extent not already done," to serve his initial disclosures and to file an Amended Answer by May 8, 2025. *See* Doc. 173.

On May 6, 2025, undersigned counsel entered an appearance on behalf of Defendant. See Doc. 174. Shortly thereafter, the Court granted Defendant's request for additional time, extending the Amended Answer deadline to May 16, 2025. *See* Doc. 177.

Since her appearance, undersigned counsel has acted in good faith to resolve discovery issues raised by Plaintiff. On May 7, 2025, Defendant served supplemental Initial Disclosures and began addressing Plaintiff's purported concerns regarding the sufficiency of earlier discovery responses. On May 9, 2025, counsel proposed that both parties enter into a stipulated protective order to facilitate more complete discovery responses—particularly the production of sensitive, nonpublic communications—while safeguarding the confidentiality of such materials in accordance with Rule 26(c). *See* Doc. 179-1, p. 17.

On or about May 16, 2025, Defendant filed his Amended Answer.[1] Within a few hours of the filing of the "Amended Answer", Plaintiff emailed undersigned counsel, threatening to file a complaint with the Massachusetts Board of Bar Overseers unless she retracted or amended the

---

[1] Undersigned counsel identified a procedural error—namely, that Defendant's initial Answer, prepared when he was unrepresented by counsel, was directed at the superseded Complaint.[1] As a result of this discovery, the Amended Answer was submitted shortly after the Court deadline. In substance, the Amended Answer represents Defendant's *first* formal response to the operative First Amended Complaint. The delay was not due to bad faith or dilatory conduct, but rather a good-faith effort by counsel to correct a prior procedural misstep made while Defendant was *pro se* and to ensure compliance with the pleading requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure. To the extent necessary, Defendant respectfully requests that the Court grant relief under Rule 6(b)(1)(B) on the basis of excusable neglect.

newly filed Amended Answer, and further announced his intention to seek Rule 11 sanctions for purported discovery violations. *See* Doc. 179-1, p. 18.

Notwithstanding the threats, Defendant's counsel met and conferred with Plaintiff on May 19, 2025, and committed to providing supplemental document responses by May 20, and interrogatory responses by May 24. Upon discovering additional responsive emails late on May 20, Defendant reviewed, prepared, and served Amended and Supplemental Responses to Plaintiff's First Set of Requests for Production, noting the production would proceed in two parts and requesting that Part 2 be subject to a protective order, due to her Defendant's concerns about improper dissemination of sensitive information. *See* Doc. 179-1, p. 27.

To be clear, Defendant's concern over confidentiality is not speculative. In a prior state court action between the parties, Plaintiff publicly disseminated highly sensitive personal information belonging to Defendant—including his Social Security number, home address, and his wife's place of employment—by first filing sealed documents from that matter into a separate court action in another state, and then uploading those same filings to his website, Plainsite. Plaintiff subsequently amplified the exposure by sharing direct links to those documents on both his personal and Plainsite's Twitter accounts. These disclosures were not only deeply invasive but posed serious risks to Defendant's personal safety and privacy, and they have understandably left him apprehensive about further intrusions and misuse of discovery materials in this litigation.

Notwithstanding Defendant's well-founded concerns, Plaintiff immediately rejected Defendant's request for a protective order[2] and filed the instant motion the next day, May 21, 2025. *See* Doc. 179-1, p. 26.

---

[2] In the same email exchange, Plaintiff further advised undersigned counsel that, although he purportedly had no "current" intention to publish Defendant's discovery materials online, should he later decide to do so, he would redact sensitive information such as Social Security numbers

On May 25 and May 26, 2025, Defendant served complete and amended interrogatory responses. Plaintiff again responded with more unfounded threats to report defense counsel to the Board of Bar Overseers, claiming such responses were "perjurious".

Despite this escalating hostility, undersigned counsel continued, in good faith, to cooperate meet and confer with Plaintiff, most recently on May 28, 2025, to discuss his purported concerns regarding the discovery responses.

**B. The Discovery Sought Is Overbroad, Disproportionate, and Harassing.**

As an initial matter, Plaintiff's requests at issue are facially overbroad, vague, and not reasonably limited in time, scope, or subject matter. They are not tailored to the claims and defenses in this action and instead appear designed to burden and harass the Defendant. While the Federal Rules of Civil Procedure permit broad discovery, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Plaintiff is entitled to discovery related to his claims, but "this warranted discovery does not open the floodgates for cascading discovery of every type and kind." *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 727 (1st Cir. 2022).

What Plaintiff refuses to understand is that "[d]iscovery is not a fishing expedition; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." *Milazzo v. Sentry Ins.*, 856 F.2d 321, 322 (1st Cir. 1988). "Clearly discovery is allowed to ***flesh out a pattern of facts*** already known to a party relating to an issue necessarily in the case." *Micro Motion, Inc. v. Kane Steel Co., Inc*., 894 F.2d 1318, 1326 (Fed. Cir. 1990)

---

or banking details—asserting, therefore, that no protective order was necessary. *See* Doc. 179-1, p. 26.

(emphasis added). "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevancy, however, does not automatically entitle a plaintiff to discovery." *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989). Parties who, like Plaintiff, seek materials not probative of a threshold issue are "cast[ing] too wide a net." *Heifelberg Am., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).

Equally problematic is Plaintiff's unilateral attempt to impose an ESI protocol without agreement or court approval. His demand for solely native format production and metadata is unjustified, particularly when documents have already been produced in reasonably usable PDF format, consistent with Defendant's obligations under Fed. R. Civ. P. 34(b)(2)(E). The rule does not require native format production unless specifically requested and agreed upon by the parties or ordered by the Court. Fed. R. Civ. P. 34(b).

Moreover, Plaintiff's demand for forensic imaging of Defendant's personal devices dating back to 2017 is breathtakingly overreaching, unsupported by any evidence of spoliation or misconduct, and grossly disproportionate.

**C. Plaintiff Offer No Justification Or Explanation For The Discovery Sought**

The defects in Plaintiff's motion to compel document production become evident upon review of the document requests. First, Plaintiff's motion makes no effort to demonstrate the propriety or validity of any document request. Plaintiff instead presumes entitlement to records from entities and third parties not named in this litigation and alleges—without factual support—that Defendant is concealing documents or making false statements.

Notably absent from Plaintiff's motion is any effort to demonstrate that their document requests are reasonable in scope and seek information relevant to some claim or defense in the

case. Plaintiff bears the burden of showing how his requests relate to the litigation. He has not met it (nor even tries to meet it).

Specifically, Plaintiff's First Set of Requests for Production of Documents and Things requests, *inter alia*:

- All DOCUMENTS that refer to Omar Qazi (Request No. 3)
- All DOCUMENTS that refer to Elon Musk (Request No. 4)
- All DOCUMENTS that refer to any gripe site (Request No. 7).

Additionally, Plaintiff has not established any basis on which the above-requested discovery can be justified. Nowhere do Plaintiff's Motion does it "state with particularity the…request for production" and must include a "statement of the moving party's position as to *each* contested issue, with *supporting legal authority*, which statement shall be set forth separately immediately following each contested item.". Local Rule 37(b) (emphasis). This omission is grounds alone to deny the motion.

### D. Defendant Has Acted in Good Faith and Fully Complied With Discovery Obligations.

As shown in this Opposition, Defendant has timely supplemented discovery and attempted to cooperate with Plaintiff to resolve discovery disputes, engaging in multiple meet and confers and extensive email correspondence. Plaintiff, not Defendant, has escalated matters through threats and refusals to engage meaningfully. In fact, having filed an appearance less than a month earlier, Defendant's counsel has already been threatened twice with baseless professional complaints to the Board of Bar Overseers.

While Plaintiff disparages Defendant's history in this litigation—asserting that he is "allergic to complying with any Order of this Court" and that his "family matters are no excuse"—the reality is starkly different. Defendant's late wife was diagnosed with a terminal illness just

months after this litigation commenced. He spent the following year by her side as she underwent rigorous treatment, until her passing in July 2024. Less than six months later, Defendant's father also passed away in December 2024. If such life-altering circumstances do not warrant relief under Rule 6(b)(1)(B) on the basis of excusable neglect, it is difficult to imagine what would.

### E. Protective Order

Contrary to Plaintiff's claim, Defendant is not refusing to meet discovery obligations. It is Plaintiff who continues to weaponize the discovery process through baseless threats and unnecessary motion practice.

Plaintiff's past conduct—namely, publishing Defendant's Social Security number, home address, and his late wife's place of employment online during the time she was alive—demonstrates a real and ongoing risk. Rule 26(c) empowers courts to issue protective orders to prevent "annoyance, embarrassment, oppression, or undue burden." That standard is plainly met here.

Plaintiff has a documented pattern of publicly disseminating information obtained in litigation, including by uploading filings to his website, Plainsite, and amplifying their reach through affiliated social media accounts. Defendant, a private individual with no public profile, has already suffered serious privacy violations and distress as a result of these disclosures. To prevent further abuse of the discovery process and protect Defendant's legitimate privacy interests, Defendant respectfully requests that the Court enter a protective order under Rule 26(c) to:

- Prohibit the use of discovery materials outside this litigation; <u>and</u>

- Require advance notice before filing any documents marked "Confidential" to allow Defendant the opportunity to seek sealing.

Even Plaintiff's inclusion of extensive email communications with counsel in his Motion to Compel underscores the necessity of a protective order.

### F. Sanctions Are Not Warranted

Plaintiff's request for sanctions under Rule 37(b)(2) is premature and unsupported under Fed. R. Civ. P. 37(b)(2), which requires a *prior* court order compelling discovery and a subsequent failure to comply. *See R.W. Int'l Corp. v. Welch Foods, Inc*., 937 F.2d 11, 15 (1st Cir. 1991) No such order exists here (reasoning Rule 37(b)(2) "requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed.").

Plaintiff essentially seeks a sanction for failing to obey an order to compel, Fed. R. Civ. P. 37(b)(2)(A)-(C), without an order being entered.  The relief available when a party fails to respond to a discovery demand is an Order to compel and sanctions of the reasonable costs associated with the motion to compel, Fed. R. Civ. P. 37(a)(2)(B), (4)(A).  The enhanced sanction of Rule 37(b) arises because the party disregards both the discovery demand and the Court's subsequent Order compelling production.  See also Fed. R. Civ. P. 37(b)(2)(D) (in lieu of foregoing order, party could be held in contempt of court for failing to obey discovery order). Plaintiff's request for relief could be construed as anticipating the breach of an Order to compel, but at this stage such anticipatory relief is not available.

Even withstanding, Plaintiff has provided no showing of willful delay, prejudice, or disregard for court orders on the part of the Defendant.   Rather what is clear from the record is Defendant complied with his obligations following the Status Conference on April 9, 2025 and served, through counsel, his initial disclosures and response to production on April 17, 2025.

### G. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety**,** award Defendant his reasonable attorneys' fees and costs incurred in responding to the motion, and grant such further relief as the Court deems just and proper.

> Respectfully submitted,
> DIEGO MAS MARQUES,
> By his Attorney,
>
> */s/ Ashley Andrade*
> _____
>
> Ashley A. Andrade, Esq.
> ANDRADE LEGAL, LLC
> 867 Boylston Street, 5th Floor #1119
> Boston, MA 02116
> BBO# 697189
> Phone: 617.206.1822
> Email: ashley@andrade-legal.com

Dated:  June 4, 2025

CERTIFICATE OF SERVICE

    I hereby certify that on June 4, 2025, I served the foregoing document on the opposing party via electronic filing

*/s/ Ashley  Andrade*

_____
Ashley A. Andrade, BBO # 697189