# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

      Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

      Defendants.

Case No.: 1:23-cv-10134-DJC

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND IMPOSE CONTEMPT SANCTIONS

## I.      INTRODUCTION

Defendant Diego MasMarques, Jr.'s brief opposing the instant motion at ECF No. 181 was filed late, beyond the 14-day window required by Civil Local Rule 7.1(b)(1), and should be entirely disregarded by this Court. Defendant MasMarques no longer has the excuse that he is *pro se* for violating this Court's Rules—he is represented for the time being by his *fourth* attorney so far in this action and his *sixth* since he began harassing Plaintiff more than seven years ago. Overall, Defendant MasMarques's defense has been, in layman's terms, "You've got the wrong guy." But Plaintiff does not have the wrong guy. Defendant MasMarques has been lying: to Plaintiff, to his attorneys, to the Superior Court of California, to the Trial Court of Massachusetts (both the Superior and District Courts), and to this Court. In turn, his attorneys have been lying for him, until it becomes too risky to continue. The instant motion gets to the

heart of Defendant MasMarques's ongoing deception, which is why two-and-a-half years after the Complaint in this action was filed, Plaintiff still has none of the discovery documents he has requested—only publicly available documents and partial Twitter screenshots lacking metadata.

Should the Court decide to consider the brief at ECF No. 181 despite Defendant MasMarques's chronic non-compliance with this Court's Rules, the Court should note that counsel carefully omitted material facts from the brief in order to maintain the ruse of her client's preposterous and stupendously dishonest defense.[1]  Attorney Ashley Andrade does not mention the portion of this Court's Order at ECF No. 173 that states that her client "must also, as directed at the April 8, 2025, status conference *provide responses to Greenspan's request for documents by May 8, 2025*" (emphasis added).  ECF No. 173.  Nor does she discuss the fact that she quickly amended her client's interrogatory responses once Plaintiff notified her via e-mail that she had just signed her name, as a Massachusetts attorney, to a document containing obviously false statements made under penalty of perjury.  These are not small details.  If Attorney Andrade does not want to be reported to the Massachusetts Board of Bar Overseers, she should stop knowingly violating Rule of Professional Conduct 3.3.  Defendant MasMarques's persistent disingenuousness requires that this motion be granted in the interests of justice.

## II.    ARGUMENT

### A.    After This Motion Was Filed, Defendant MasMarques Produced Perjurious Responses To Certain Interrogatories and Refused To Respond To Others

Plaintiff filed the instant motion on May 21, 2025.  ECF No. 179.  At the time it was filed, Defendant MasMarques had not served Plaintiff with responses to any interrogatories,

---

[1] It is curious that without citing to any Rule or precedent, Attorney Andrade implicitly objects to the inclusion of her e-mails to Plaintiff in the record given that it is standard practice for attorney correspondence to be filed in court in the event of a dispute.

despite having been served with Plaintiff's first set on February 12, 2025.[2]  On May 23, 2025, Attorney Andrade served Defendant MasMarques's Answers To Interrogatories, which were signed by Defendant MasMarques under penalty of perjury at 11:35 P.M. the same day.  *See* Exhibit A.

Defendant MasMarques's opposition brief deliberately omits any mention of what happened next.  Plaintiff reviewed the responses and immediately recognized that several of them were provably false.  Plaintiff e-mailed Attorney Andrade to alert her to her client's dishonesty, which Plaintiff had already warned her about repeatedly in advance.  *See* Exhibit B. In response, the same day, Attorney Andrade—who apparently agreed with Plaintiff—served "Amended Answers to Interrogatories Nos. 5 and 12."  This document was also signed by Defendant MasMarques under penalty of perjury at 1:32 P.M. on May 24, 2025.  *See* Exhibit C.

Plaintiff's Interrogatory No. 5 stated, "Describe YOUR process for creating fake accounts on gripe sites such as ComplaintsBoard."  After objections interposed by counsel, in response to Interrogatory No. 5, Defendant MasMarques stated, "I've never created any 'fake' accounts on gripe sites.  While I have looked at posts on ComplaintsBoard, I have never posted anything on the site myself."  This statement contains two obvious, provable lies.  In ¶¶ 74-76, the First Amended Complaint ("FAC") describes a "Traceable Post" on ComplaintsBoard, which was indeed traced back to Defendant MasMarques's home computer at his home address. ComplaintsBoard requires posters of content, as opposed to mere viewers, to create user accounts; Defendant MasMarques created dozens, if not hundreds.  In ¶ 63, the FAC also describes how Defendant MasMarques admitted in prior court testimony to his home computer's unusual username, "tech," being embedded in a second post on a different gripe site.

---

[2] Plaintiff's second set of interrogatories was served on May 24, 2025 and remains outstanding.

Plaintiff's Interrogatory No. 6 stated, "Identify each username YOU have ever used on the internet."  After objections interposed by counsel, in response to Interrogatory No. 6, Defendant MasMarques stated, "I don't use social media and don't remember ever creating any usernames.  If I did, it would have been to view content."  This is also a provable lie, as aside from ComplaintsBoard and other websites and gripe sites, Defendant MasMarques has used Twitter (now X) for years to harass Plaintiff, *even as this motion has been pending*.[3]

Plaintiff's Interrogatory No. 9 stated, "Explain the full circumstances surrounding the appearance of the Mac OS username 'tech' in a post YOU wrote on the 'Blacklist Report' website."  After objections interposed by counsel, in response to Interrogatory No. 9, Defendant MasMarques stated, "I've never posted on Blacklist Report."  Yet Defendant MasMarques admitted that his "tech" username matched the user-specific file path inadvertently included in a Blacklist Report gripe site post, which Plaintiff alleges he wrote.[4]

Plaintiff's Interrogatory No. 10 stated, "Identify each e-mail address YOU have ever used on the internet."  After objections interposed by counsel, in response to Interrogatory No. 10, Defendant MasMarques listed seven (7) e-mail addresses, deliberately omitting several already

---

[3] One of Defendant MasMarques's many Twitter accounts, @Giza299792458N (*see* FAC ¶¶ 91, 93), was registered to the redacted e-mail address 85**@p*********.***.  This highly unusual redacted four-character numeric e-mail address matches two of the highly unusual four-character numeric e-mail addresses disclosed in response to Interrogatory No. 10.  *See* Exhibit D.

[4] Plaintiff's Interrogatory No. 7 stated, "Identify each username YOU have ever used on YOUR own computers and/or electronic devices."  After objections interposed by counsel, in response to Interrogatory No. 7, Defendant MasMarques stated, "The computer I use at home was shared between me and my wife—we both used it and didn't have our own separate accounts.  Whatever default settings or usernames were already in place when we bought the electronic device or computer— which might have included 'Tech' at one point since we bought a refurbished computer—may have been what I used."  Defendant MasMarques further admitted to using the "tech" username in prior court proceedings.  *See* ECF No. 1-6 at 245.

known to Plaintiff and admitted to by Defendant MasMarques, including but not limited to 85086@protonmail.com.  *See* ECF No. 1-6 at 333.

Plaintiff's Interrogatory No. 12 stated, "Explain why some of YOUR known e-mail addresses are registered with ComplaintsBoard."  After objections interposed by counsel, in response to Interrogatory No. 12, Defendant MasMarques stated, "I've read posts on ComplaintsBoard.  I've never registered my email with ComplaintsBoard."  To the best of Plaintiff's knowledge, this is impossible since ComplaintsBoard requires registration with an e-mail address to post and has at all times relevant in this action.

Defendant MasMarques refused to respond to Interrogatory Nos. 13, 14, 15, 16, 17, 18, and 19 at all.

### B.    Defendant MasMarques's Counsel Agreed That He Had Committed Perjury and Amended Two Responses With More Perjurious Statements

After Plaintiff contacted Attorney Andrade generally notifying her of the above falsehoods and inconsistencies in her client's responses, Defendant MasMarques served Plaintiff with amended versions of his answers to two interrogatories: Nos. 5 and 12.  *See* Exhibit C. Respectively, the new responses stated under penalty of perjury,

> "I've never created any 'fake' accounts on so-called 'gripe' sites. To the best of my memory—and after giving it more thought—in early 2018, just before Plaintiff filed a harassment complaint against me, I uploaded or shared a link to publicly available documents on what I believe was ComplaintsBoard. The content related to Think Computer Foundation's 501(c)(3) nonprofit status. I shared that information because I had (and still have) serious concerns about whether Plainsite is truly operating as a legitimate nonprofit. I believe the public has a right to know if a nonprofit is committing fraud, especially one that claims to be a charity that donates computers to underprivileged children, while at the same time profiting from publishing—and in some cases damaging—people's personal lives online. I don't recall whether I had to create an account to post that content, but either way, nothing I posted was 'fake' or derogatory."

and

"Aside from the content I shared in 2018 (*see* my Amended Answer to Interrogatory No. 5), I've mostly just read posts on ComplaintsBoard and don't remember ever registering any email. As far as I can remember, if an email was used, it would've been for that 2018 post—but I'm not certain if the site even required an email to make a posting back then."

Although after years of denial, Defendant MasMarques's admission that, in fact, he *did* post on gripe sites (as alleged in the FAC) is remarkable, both of these amended responses are still false. Defendant MasMarques *did* create fake accounts on ComplaintsBoard, among other sites; every ComplaintsBoard post is tied to a user account, which is in turn tied to an e-mail address. In addition, what Defendant MasMarques posted from these fake accounts was, in fact, derogatory. And Defendant MasMarques's supposed memory lapse regarding whether or not he ever registered any e-mail addresses to post on ComplaintsBoard, among other web sites, is belied by the seven (7) e-mail addresses he has already admitted to using as part of his response to Interrogatory No. 10.

Furthermore, the belated admission that Defendant MasMarques posted on ComplaintsBoard renders his response to Interrogatory No. 6, "I don't…remember ever creating any usernames. If I did, it would have been to view content," both preposterous and perjurious. To start with, back on February 28, 2019, Defendant MasMarques admitted under oath to creating *at least* "[o]ne user only." *See* ECF 1-6 at 237. This was also false, as he created anywhere from dozens to hundreds. Yet the response to Interrogatory No. 6 for some reason was *not* amended and remains inconsistent with the other responses and his prior testimony.

It should further be noted that during cross-examination before the Superior Court of California, whenever Defendant MasMarques was cornered on an issue, he suddenly claimed to have forgotten the subject matter at hand. Yet his memory for details of Plaintiff's life remains

outstanding, from Plaintiff's middle name to supposed slights dating back years, as discussed below.  Somehow, Defendant MasMarques's memory loss is limited to only what *he* did.

### C.    There Is No Basis Whatsoever For a Protective Order In This Action

Months after his document request responses were due, Defendant MasMarques supposedly performed his first actual search for responsive documents and decided that he didn't like what he found, so he decided to create a new obstacle: the purported need for a protective order in a case with no trade secrets and no confidential issues whatsoever.  The basis for this protective order?  Defendant MasMarques's own garbled understanding of the justice system based on a dispute with Plaintiff that was fully resolved in 2019.

Defendant MasMarques is a frequent litigant; in 2012 he sued the Commissioner of the Social Security Administration.  *See MasMarques v. Commissioner of Social Security*, Case No. 1:12-cv-11100-NMG (D. Mass. *filed* June 20, 2012).  This case was ingested into the PlainSite database, as its docket is squarely in the public domain.  Yet Defendant MasMarques falsely insisted in court in California that PlainSite had supposedly exposed his Social Security number, because he conflated the case's public *docket* with the associated non-public *documents*, which in this particular instance were non-public specifically due to the case type.  PlainSite never published those documents.  The controversy was completely moot and entirely derived from Defendant MasMarques's paranoid confusion.  *See* ECF No. 1-6 at 189-193.

Six years later, Defendant MasMarques was criminally prosecuted by the Middlesex County District Attorney's Office for violating the restraining order issued against him in California that protected Plaintiff.  In order to alert the court in California as to the existence of those proceedings, Plaintiff filed a declaration in December 2018 that contained the Criminal Complaint documents.  Those documents did contain Defendant MasMarques's home address,

driver's license number, date of birth, and Social Security number. Plaintiff made appropriate redactions when the documents were posted on PlainSite and there was no further issue. Yet Defendant MasMarques now claims that his criminal violation of a restraining order, which set the machinery of the justice system in motion against him yet again, is cause for a protective order here. *See* ECF No. 1-6 at 202-204, 330-332.

First, the time to request a protective order was months ago. Second, this argument is utter nonsense. Plaintiff has never sought to deliberately expose any private personal information of Defendant MasMarques, and any argument to the contrary is simply a conspiracy theory spun out of whole cloth. Defendant MasMarques is mentally ill, murdered one individual and attempted to murder another, and clearly suffers from obsessive behaviors and paranoia. His viewpoint cannot be trusted as the basis for any court action without independent verification. No protective order is necessary.

### D. Failures To Respond, Persistently Late Responses, and Perjury Are Not "Good Faith" or "Compl[iance]"

Contempt sanctions are in order here pursuant to Federal Rule of Civil Procedure 37(b)(2) as an Order of this Court was in effect—ECF No. 173—which was then violated. *Da Veiga v. Santander Bank*, Case No. 1:22-cv-11364-NMG (D. Mass. April 18, 2025). As this reply is being written, despite an explicit Order of this Court to produce discovery documents, Defendant MasMarques continues to withhold discovery documents that were initially requested *four months ago*, as well as his responses to seven (7) interrogatories that, despite his boilerplate objections, are material to this action. His "Amended Answer" was filed late even after nearly a year of delay, and the opposition brief to the instant Motion was filed late. The interrogatories that Defendant MasMarques did deign to answer were answered with lies. This pattern of behavior does not represent "good faith" or "compliance" with the Federal Rules of Civil

Procedure or this Court's Civil Local Rules.  Rather, it is a crystal clear picture of continued bad faith which has prejudiced Plaintiff by extending the length and complexity of this litigation.

<blockquote>

**E.**    **Plaintiff's Discovery Requests Are All Supported By The Detailed Allegations in the First Amended Complaint**
</blockquote>

Defendant MasMarques attempts to suggest that the discovery requests he has failed to respond to are somehow irrelevant to this action.  They are not.  As the FAC spells out, Defendant MasMarques integrated himself into Elon Musk's cult in order to magnify the libel against Plaintiff and its effects—a strategy that unfortunately worked well—as soon as he realized that Plaintiff was a vocal critic of Elon Musk.  FAC ¶ 88.  Defendant MasMarques frequently communicated with members of the cult and Musk himself, even taking on a self-appointed role as Elon Musk's defender against critics.  FAC ¶ 99(ll).  All such communications are therefore relevant to this action.

<blockquote>

**F.**    **Plaintiff Is Entitled To Search Defendant MasMarques's Electronic Devices**
</blockquote>

Defendant MasMarques is clearly hiding evidence material to these proceedings.  After two-and-a-half years of deliberate obstruction and delay, Plaintiff should be permitted to examine Defendant MasMarques's electronic devices via a neutral third-party vendor for which Defendant MasMarques assumes all expenses.  *Point Bridge Capital*, *LLC v*. *Johnson*, Case No. 4:24-cv-00988-P (N.D. Tex. June 5, 2025).

## III.    CONCLUSION

Plaintiff respectfully requests that the motion be granted and that Defendant MasMarques and his counsel be sanctioned for their false statements and willful omissions before this Court.

Dated: June 9, 2025                    Respectfully submitted,


Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025 I filed the foregoing with the Clerk of Court using

the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev


Aaron Greenspan