**EXHIBIT A**

Defendant Diego MasMarques, Jr.'s Answers To Interrogatories Dated May 23, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES JR., et. al.<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**DEFENDANT DIEGO MASMARQUES, JR.'S ANSWERS TO INTERROGATORIES**

Defendant Diego MasMarques, Jr. ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's First Set of Interrogatories, as follows:

**PRELIMINARY STATEMENT**

1. These answers and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts at trial.

2. By making the accompanying answers and these objections to Plaintiff's interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such answers into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these answers and objections herein without in any way implying that he considers the interrogatories thereto to be relevant or material to the subject matter of this action.

3. Defendant expressly reserves the right to supplement, clarify, revise, or correct

any or all of the answers and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

4. Defendant objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the extent these interrogatories lack any definitions or instructions.

5. Defendant objects to each Interrogatory to the extent it is overly broad, unduly burdensome, or not proportional to the needs of the case, including where the Interrogatory is not limited in time or subject matter scope. Defendant further objects to any Interrogatory that seeks information not relevant to any party's claim or defense or not reasonably calculated to lead to the discovery of admissible evidence under Federal Rule of Civil Procedure 26(b)(1).

6. Defendant objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or any other applicable privilege or protection recognized under federal law.

7. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that Request. Moreover, Defendant does not waive his right to amend and/or supplement his answers.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

8. Defendant objects to the definition of "YOU," "YOUR," or "ANYONE ACTING

ON YOUR BEHALF" as overbroad, vague, and improperly expansive to include individuals or entities over whom Defendant has no control, and to the extent it seeks privileged or irrelevant information.

9. Defendant objects to the Definition of "PLAINTSITE" to the extent that it seeks information relating to unnamed and unidentified staff and contributing authors. Defendant asserts that this aspect of the definition is vague, overbroad, and not reasonably limited in scope. Furthermore, Plaintiff brings this action in his personal capacity and any such information relating to "Plainsite" is not relevant to the underlying litigation as Think Computer Corporation, which is the company of which Plainsite operates under, is a separate legal entity and not a party to the underlying litigation.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person that YOU expect to call as a witness, and each person YOU may call as a witness if the need arises, at the evidentiary hearing to be set by the Court in this matter.

> OBJECTION: Defendant objects to this Interrogatory No. 1 on the grounds that it is premature, overbroad, and unduly burdensome, as it seeks identification of individuals who may be called as witnesses at an evidentiary hearing that has not yet been scheduled. The Interrogatory also seeks information that is not yet fully known or determined, and which is more appropriately addressed through pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3). Defendant further objects to the extent that the Interrogatory seeks disclosure of persons whose identity and involvement may reflect attorney work product or legal strategy.
>
> Subject to and without waiving these objections, Defendant states that it will supplement this response in accordance with Federal Rules of Civil Procedure 26(e) and 33(b), and in compliance with any Court-ordered deadlines or pretrial scheduling orders governing the disclosure of anticipated witnesses.

**INTERROGATORY NO. 2**

Identify each document or other exhibit that YOU expect to offer, and each document or other exhibit YOU may offer if the need arises, at the evidentiary hearing to be set by the Court in this matter.

> OBJECTION: Defendant objects to this Interrogatory No. 2 on the grounds that it is premature and seeks information that is not yet known or fully determined, as the evidentiary hearing has not yet been scheduled and pretrial disclosures under Federal Rule of Civil Procedure 26(a)(3) have not yet become due. Defendant further objects to the extent this Interrogatory seeks identification of documents protected by the attorney work product doctrine or that reflect legal strategy and trial preparation.
>
> Subject to and without waiving the foregoing objections, Defendant states that it will timely supplement this response in accordance with Federal Rules of Civil Procedure 26(e) and 33(b), and any scheduling orders issued by the Court regarding the disclosure of trial exhibits.

**INTERROGATORY NO. 3**

Explain YOUR full process for determining that Aaron Greenspan was directly responsible for YOU receiving a telephone call regarding YOUR public records appearing on PlainSite.

> ANSWER: In January 2018, I got a phone call from a man who said he could get all eight URLs about me removed from Plainsite.org—and eventually from the internet—for $4,500 each. He offered me a "discount" if I paid a lump sum of $34,000. He claimed he had worked with Aaron Greenspan in the past, and said that Aaron Greenspan uses third parties like him to collect money in exchange for taking down content from Plainsite. I told him I wasn't going to pay a cent because what he was describing sounded like extortion. I said those URLs should be taken down without payment. After that conversation in January 2018, I started seeing my name linked to multiple Plainsite documents being shared across various online threads and websites—including posts made by Aaron Greenspan on his personal Twitter account (@aarongreenspan) and on his company's website (@plainsite).

**INTERROGATORY NO. 4**

Explain YOUR full process for determining that Aaron Greenspan was directly responsible for "hacking" YOUR msn.com e-mail account.

ANSWER:  In September 2017—just weeks after I filed complaints with the Phoenix, Arizona FBI about Plainsite and another website, unitedstatescourts.org—my email account, rickymas@msn.com, which I had used for several years, was hacked. I was locked out of the account for almost a month and had to get help from Microsoft to recover access and reset the password.  Just a few days after regaining access, the account was hacked again, and it took nearly another month to get back in.  That email account contained personal files and photos. Somehow, that content later appeared on various gripe sites.  I believe only one person had both the ability and the motive to hack into my email account—and that person is Aaron Greenspan. I also believe he did this in retaliation for the complaints I made to the FBI. Aaron Greenspan has a reputation for this kind of conduct, including past hacking incidents involving unauthorized access to systems like the Massachusetts MBTA South Station, PayMax, and the General Services Administration.

## INTERROGATORY NO. 5

Describe YOUR process for creating fake accounts on gripe sites such as

ComplaintsBoard.

OBJECTION: First, the Interrogatory is argumentative and misleading, as it assumes facts not in evidence, including the assertion that Defendant has created "fake accounts" or posted on "gripe sites" such as ComplaintsBoard. Second, the Interrogatory is vague and ambiguous, particularly in its use of the undefined term "gripe sites" and the presumption of a "process for creating fake accounts," which lacks any factual foundation and fails to describe with reasonable specificity the information sought. Third, the Interrogatory appears designed to harass or embarrass, rather than to elicit relevant information proportional to the needs of the case as required under Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the General Objections and the foregoing specific objections:

ANSWER: I've never created any "fake" accounts on gripe sites. While I have looked at posts on ComplaintsBoard, I have never posted anything on the site myself.

## INTERROGATORY NO. 6

Identify each username YOU have ever used on the internet.

OBJECTION: Defendant objects to this Interrogatory on the grounds that it is overbroad, vague, and not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). Specifically, the Interrogatory is not reasonably limited in timeframe, relevance,

or subject matter, and would encompass personal, joint, professional, inactive, or third-party usernames that have no bearing on the claims or defenses in this action. The Interrogatory is also unduly burdensome and seeks information that is private, potentially sensitive, and outside the scope of permissible discovery, especially where no showing has been made that such information is relevant to any issue in dispute.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendant shall limit his response to only usernames used on social media platforms and will respond accordingly:

ANSWER: I don't use social media and don't remember ever creating any usernames. If I did, it would have been to view content.

## INTERROGATORY NO. 7

Identify each username YOU have ever used on YOUR own computers and/or electronic devices.

OBJECTION: Defendant Objects to this Interrogatory No. 7 as it is overly broad and seeks each any "username…ever used" on undefined "electronic devices" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The Interrogatory is also not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). Specifically, the Interrogatory is not reasonably limited in timeframe, relevance, or subject matter, and would encompass personal, joint, professional, inactive, or third-party usernames that have no bearing on the claims or defenses in this action. The Interrogatory is also unduly burdensome and seeks information that is private, potentially sensitive, and outside the scope of permissible discovery, especially where no showing has been made that such information is relevant to any issue in dispute.

Subject to and without waiving the General Objections and the foregoing specific objections:

ANSWER: The computer I use at home was shared between me and my wife—we both used it and didn't have our own separate accounts. Whatever default settings or usernames were already in place when we bought the electronic device or computer—which might have included "Tech" at one point since we bought a refurbished computer—may have been what I used.

**INTERROGATORY NO. 8**

Explain the full circumstances surrounding YOUR use of the username "tech" on YOUR

Apple Mac OS-based home computer.

>OBJECTION: Defendant objects to Interrogatory No. 8 on multiple grounds. First, the interrogatory assumes facts not in evidence, including that (1) the Mac OS username "tech" appeared in or is attributable to Defendant in any relevant context, and (2) Defendant uses the username "tech." These assumptions render the interrogatory misleading and argumentative. Second, the Interrogatory is vague and ambiguous in its reference to "the appearance" and fails to provide sufficient specificity to allow a meaningful response. To the extent this Interrogatory seeks a narrative explanation based on unverified premises, it is compound and overbroad, and does not comply with the permissible scope of interrogatories under Fed. R. Civ. P. 33(a)(2).
>
>Subject to and without waiving the General Objections and the foregoing specific objections, Defendant shall limit his response to only usernames used on social media platforms and will respond accordingly:
>
>ANSWER:  The computer I use at home was shared between me and my wife. We bought it refurbished, and from what I remember, there was an account name like "tech" already on the computer when we first got it, which had been set up by a technician at the Mac store where we purchased it.  My wife and I also didn't have separate Mac accounts; we both just used the same one when logging in and using the computer.

**INTERROGATORY NO. 9**

Explain the full circumstances surrounding the appearance of the Mac OS username

"tech" in a post YOU wrote on the "Blacklist Report" website.

>OBJECTION: Defendant objects to this Interrogatory No. 9 on multiple grounds. First, the Interrogatory assumes facts not in evidence, including the assertions that (1) Defendant authored the post in question, and (2) the Mac OS username "tech" appeared in or is attributable to Defendant in any relevant context. These assumptions render the Interrogatory misleading and argumentative.  Second, the Interrogatory is vague and ambiguous in its reference to "the appearance" of a username and lacks sufficient specificity to enable a clear or meaningful response.  Third, to the extent this Interrogatory seeks a narrative explanation based on unverified or speculative allegations, it is compound, overbroad, and does not comply with the requirements of Fed. R. Civ. P. 33(a)(2).  Fourth, the Interrogatory appears designed to harass or elicit an admission based on speculation, rather than to obtain discoverable, relevant factual information.

Subject to and without waiving the General Objections and the foregoing specific objections:

ANSWER: I've never posted on Blacklist Report.

### INTERROGATORY NO. 10

Identify each e-mail address YOU have ever used on the internet.

OBJECTION: First, the Interrogatory No. 10 is overbroad, vague, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). It seeks information without any reasonable limitation as to timeframe, subject matter, or relevance. Second, the request for "each email address YOU have ever used on the internet" is unreasonably expansive and would encompass personal, professional, and obsolete accounts that have no connection to the claims or defenses in this action, and may include information outside the applicable statute of limitations.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendant shall limit his response to personal emails used by him alone in the last 8 years:

ANSWER: I've used the following email addresses:
- 3378@PROTONMAIL.COM
- 5653@PROTONMAIL.COM
- 56544@PROTONMAIL.COM
- 8587@protonmail.com
- 8586@protonmail.com
- DMAS5@PROTONMAIL.COM
- rickymas@msn.com – inactive since 2017

### INTERROGATORY NO. 11

Identify each person (by e-mail address, social media handle, and/or name) YOU have ever corresponded with electronically regarding PlainSite and the date(s) of correspondence.

OBJECTION: Defendant objects to this Interrogatory No. 11 on multiple grounds. First, the Interrogatory is vague, ambiguous, overbroad, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The phrase "regarding" is undefined and fails to describe with reasonable particularity the nature, subject matter, or scope of the requested communications. The Interrogatory further seeks information across an unbounded timeframe, encompassing any and all electronic communications regarding Plainsite. Second, the Interrogatory is not limited to communications relevant to the claims or

defenses and seeks extensive private and potentially irrelevant personal identifiers, such as email addresses and social media handles, which implicates privacy concerns and may require protection under Fed. R. Civ. P. 26(c). Third, PlainSite is not a party to this action, and Plaintiff has brought this lawsuit solely in his personal capacity. Accordingly, any communications regarding PlainSite—a third-party website owned and operated by a separate entity, Think Computer Corporation—are irrelevant and beyond the permissible scope of discovery under the Federal Rules.

Subject to and without waiving the foregoing objections, Defendant as follows:

ANSWER: I've spoken with many people about my concerns regarding Plainsite. That list includes my wife, my father, Jeffrey Smith, Liz Garcia, a Northborough Police PD detective, John X Haro, private security professionals, and legal professionals. I've also contacted the IRS; the Attorneys General of Delaware, Arkansas, California, Ohio, and the U.S. Attorney General; the California DMV; the Middlesex District Attorney's Office; the Cybersecurity and Infrastructure Security Agency ("CISA"); FBI; FTC; FCC; the PACER court records system. In addition, I've contacted several offices of elected officials in Congress, including those of Senators Josh Hawley, Chris Coons, and others.

## INTERROGATORY NO. 12

Explain why some of YOUR known e-mail addresses are registered with ComplaintsBoard.

OBJECTION: Defendant objects to this Interrogatory No. 12 on multiple grounds. First, the Interrogatory argumentative and speculative as it assumes facts not in evidence, including the assertion that Defendant has registered one or more email addresses with ComplaintsBoard. Second, the Interrogatory is vague and ambiguous, particularly in its reference to "known email addresses," lacking specificity regarding which addresses are at issue, when they were purportedly registered, and how that registration relates to any claim or defense in this action. Third, the Interrogatory appears to be intended for purposes of harassment or to elicit an admission based on unverified or speculative allegations.

Subject to and without waiving the General Objections and the foregoing specific objections:

ANSWER: I've read posts on ComplaintsBoard. I've never registered my email with ComplaintsBoard.

**INTERROGATORY NO. 13**

Identify each desktop computer, laptop computer, or mobile device YOU have used to access the internet from home since 2017, including brand, model, serial number, and current location.

> OBJECTION: Defendant objects to this Interrogatory No. 13 on grounds that it is overbroad, a fishing expedition, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendant further objects on the grounds that this Interrogatory seeks information that is private and potentially capable of being used for improper or unauthorized purposes. The Interrogatory also improperly seeks information about devices not owned by Defendant, including those jointly owned with his late spouse, owned by non-party household members, or even guests in his home since 2017, further compounding the privacy and overbreadth concerns. The request is not reasonably calculated to lead to the discovery of admissible evidence and appears designed to harass or intimidate rather than obtain relevant factual information proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).
>
> Accordingly, Defendant objects to this Interrogatory in its entirety and declines to provide a substantive response.

**INTERROGATORY NO. 14**

Identify each prescription medication YOU have been prescribed since 2016.

> OBJECTION: Defendant objects to this Interrogatory No. 14 on multiple grounds. First, the Interrogatory seeks information that is sensitive, confidential, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Specifically, the request for Defendant's prescription medication history since 2016 implicates sensitive medical information and is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Defendant is not asserting any claims for emotional distress or other mental or physical injury in this matter. Rather, Plaintiff has placed his own emotional state at issue by asserting a claim for intentional infliction of emotional distress. Second, the Interrogatory appears designed to harass or embarrass, rather than to obtain relevant factual information.
>
> Accordingly, Defendant objects to this Interrogatory in its entirety and declines to provide a substantive response.

**INTERROGATORY NO. 15**

Identify any psychologists, psychiatrists, or other mental health professionals YOU have seen since 2016.

OBJECTION: Defendant objects to this Interrogatory No. 15 on multiple grounds. First, the Interrogatory seeks information that is private, confidential, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Specifically, it requests identification of mental health providers which constitutes sensitive medical information. Second, Defendant is not asserting any claims for emotional distress in this case. In contrast, Plaintiff has placed his own emotional condition at issue by alleging intentional infliction of emotional distress. As such, Defendant's mental health history is not relevant and is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Third, this Interrogatory is overbroad and unduly invasive, and any disclosure would violate Defendant's privacy rights, as well as potentially implicate privileged communications under the psychotherapist-patient privilege recognized under Federal Rule of Evidence 501. Fourth, the Interrogatory appears designed to harass or embarrass, rather than to obtain relevant factual information.

Accordingly, Defendant objects to this Interrogatory in its entirety and declines to provide a substantive response.

## INTERROGATORY NO. 16

Identify YOUR sources of income since 2016.

OBJECTION: Defendant objects to this Interrogatory No. 16 on multiple grounds. First, the Interrogatory is overbroad, vague, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). It seeks information about all of Defendant's sources of income dating back to 2016—nearly seven years before the underlying action was filed—and, therefore, not reasonably limited as to time, subject matter, or relevant to the claims or defenses in this case. The request also extends far beyond any applicable statute of limitations and lacks a clear nexus to any material issue in the litigation. Second, the Interrogatory seeks private, confidential, and intrusive financial information that is wholly unrelated to the subject matter of the dispute. Defendant's income is not at issue, and Defendant is not seeking damages related to lost wages, income, or financial harm. To the extent income or earning capacity is relevant, it is Plaintiff—not Defendant—who has placed such matters in controversy.

Accordingly, Defendant objects to this Interrogatory in its entirety and declines to provide a substantive response.

## INTERROGATORY NO. 17

Explain why YOUR descriptions of events in Greenspan v. MasMarques, Santa Clara Superior Court Case No. 18CH008067, do not match the official court transcripts (collectively posted as ECF No. 1-6 in this action).

>OBJECTION: Defendant objects to this Interrogatory No. 17 on the grounds that it is argumentative, assumes facts not in evidence, and is not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). The Interrogatory presupposes that Defendant's descriptions of events in Greenspan v. MasMarques, Santa Clara Superior Court Case No. 18CH008067, "do not match" the official court transcripts filed as ECF No. 1-6 in this action, without identifying any specific statement or excerpt that allegedly conflicts with the record. The Interrogatory is also vague and ambiguous, as it fails to define what "descriptions" it refers to, or what is meant by "do not match," thereby requiring Defendant to speculate about the nature and scope of the inquiry. Further, to the extent the Interrogatory seeks a comparative analysis between Defendant's prior factual accounts and court transcripts, it improperly calls for legal conclusions and interpretive responses that are not the proper subject of an interrogatory under the Federal Rules of Civil Procedure and are more appropriately addressed, if at all, through testimony or legal briefing.
>
>Accordingly, Defendant objects to this Interrogatory in its entirety.

## INTERROGATORY NO. 18

Explain the nature of any disputes between YOU and YOUR previous legal counsel that

led to their withdrawal from this action.

>OBJECTION: Defendant objects to this Interrogatory No. 18 on multiple grounds. First, the Interrogatory seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine, including the nature and substance of any communications or disputes between Defendant and prior legal counsel. Such privileged material is expressly protected from disclosure and is not subject to discovery under Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 501.  Second, the Interrogatory is not relevant to any claim or defense in this action and is not proportional to the needs of the case. It appears designed to harass, embarrass, or cast aspersions on Defendant rather than elicit factual information related to the underlying dispute.
>
>Accordingly, Defendant objects to this Interrogatory in its entirety.

## INTERROGATORY NO. 19

Identify all false statements YOU have made to the Court.

>OBJECTION: Defendant objects to this Interrogatory No. 19 on multiple grounds. First, the Interrogatory is improper, argumentative, and assumes facts not in evidence, including that Defendant has made false statements to the Court.  The Interrogatory is not posed in good faith and appears designed to harass rather than elicit discoverable information. Second, the Interrogatory is vague and inherently ambiguous, as it fails to

define what constitutes a "false statement," and improperly requires Defendant to speculate or make legal conclusions regarding their own purported conduct and representations.

Accordingly, Defendant objects to this Interrogatory in its entirety.

**AS TO OBJECTIONS:**

*/s/ Ashley Andrade*
_____

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

Dated: May 23, 2025

**SWORN STATEMENT UNDER PENALTY OF PERJURY**

I do solemnly declare and affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information, and belief.

*Diego MasMarques, Jr.*
Diego MasMarques, Jr. (May 23, 2025 23:35 EDT)
_____

Diego MasMarques, Jr.

Dated: 05/23/2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I served the foregoing document on the opposing party by electronic mail.

*/s/ Ashley Andrade*

Ashley A. Andrade, BBO # 697189

# Defendant Answer to Interrogatories 5.23.2025

Final Audit Report　　　　　　　　　　　　　　　　　　　　　　　　　　2025-05-24

| | |
|---|---|
| Created: | 2025-05-24 |
| By: | Ashley Andrade (ashley@andrade-legal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAj5KEMERJMp-Bgw-10AOIGBJIXEjMhVMT |

## "Defendant Answer to Interrogatories 5.23.2025" History

- Document created by Ashley Andrade (ashley@andrade-legal.com)
  2025-05-24 - 3:26:30 AM GMT

- Document emailed to Diego MasMarques, Jr. (3378@protonmail.com) for signature
  2025-05-24 - 3:26:35 AM GMT

- Email viewed by Diego MasMarques, Jr. (3378@protonmail.com)
  2025-05-24 - 3:28:38 AM GMT

- Document e-signed by Diego MasMarques, Jr. (3378@protonmail.com)
  Signature Date: 2025-05-24 - 3:35:40 AM GMT - Time Source: server

- Agreement completed.
  2025-05-24 - 3:35:40 AM GMT

**Adobe Acrobat Sign**