UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

    Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

    Defendants.

Case No.: 1:23-cv-10134-DJC

**DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE SPECIAL MOTION TO DISMISS PURSUANT TO G.L. c. 231, § 59H AND RULE 12 MOTIONS**

Defendant Diego MasMarques, Jr. ("Defendant") respectfully moves for leave to file a special motion to dismiss pursuant to the Massachusetts anti-SLAPP statute, G.L. c. 231, § 59H, as well as dispositive motions under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. In conjunction with this request, Defendant also moves to stay all discovery proceedings pending this Honorable Court's resolution of the anticipated anti-SLAPP motion. Furthermore, Defendant respectfully requests that the Court grant a period of fourteen (14) days from the date of the Court's order granting this motion to file the above-referenced motions.

This request is made in accordance with Rule 7(b) and in the interests of judicial efficiency. It is submitted in good faith, is timely, and is supported by substantial legal and procedural justification. These motions are also necessary to preserve Defendant's constitutional and procedural rights and to promote judicial economy by allowing for early resolution of claims that are facially deficient, time-barred, and jurisdictionally defective.

I.  **RELEVANT BACKGROUND**

On or about July 25, 2023, Plaintiff filed a First Amended Complaint, which superseded the original Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).  *See* ECF. No. 54.  On March 25, 2024, the Court granted in part Defendant's motion to dismiss filed in August 2023, striking Counts II (civil harassment) and III (tortious interference).  *See* ECF No. 119.

At the time of filing his motion to dismiss, Defendant was self-represented and lacked the benefit of legal counsel.  Moreover, the controlling legal framework for interpreting Massachusetts' anti-SLAPP statute had not yet been clarified by the Massachusetts Supreme Judicial Court's ("SJC") decision in *Bristol Asphalt Co. v. Rochester Bituminous Products, Inc.*, 493 Mass. 539 (2024).  As a result, the prior motion to dismiss neither raised nor could have raised the arguments the Defendant now seeks to advance—arguments that are not only legally viable but also directly supported by controlling precedent.

On February 29, 2024, the SJC issued its decision in *Bristol Asphalt*, which significantly restructured the analytic framework courts must apply to special motions to dismiss under G.L. c. 231, § 59H.  *Id.*  Indeed, the SJC's revised standard materially changes the legal landscape applicable to this case and renders Defendant's anti-SLAPP arguments both timely and compelling.  Defendant's anticipated special motion—now prepared with the assistance of counsel—squarely addresses the governing framework as announced in *Bristol Asphalt* and reinforced by recent decisions in *Hidalgo v. Watch City Construction Corp.*, 105 Mass. App. Ct. 148 (2024) and *D.D.S. Industries, Inc. v. Leftfield LLC*, 105 Mass. App. Ct. 1103 (2024).

On July 8, 2024, while still *pro se*, Defendant inadvertently filed an Answer to the original Complaint rather than the operative First Amended Complaint.  *See* ECF No. 143.  Plaintiff has conceded this procedural oversight.  *See* ECF No. 179.  On February 12, 2025, the

Court issued an Order striking in part Defendant's Answer and denying Plaintiff's meritless request for default judgment. *See* ECF No. 148. On April 29, 2025, the Court ordered Defendant to file a corrected Answer by May 8, 2025, later extended to May 16, 2025. *See* ECF Nos. 173, 177.

On May 16, 2025, now represented by counsel, Defendant filed a comprehensive and procedurally correct Amended Answer, addressing the First Amended Complaint in full. *See* ECF Nos. 178. Since that time, Plaintiff has continued to prosecute this litigation with tactics that are quintessentially abusive and retaliatory. These include baseless discovery motions, the filing of discovery responses and e-mail communications meant to harass Defendant and his counsel, and the express threat of sanctions and complaints to the board of bar overseers for protected litigation conduct. *See* ECF Nos. 179, 182, 183.

The present request reflects a significant change in both the legal framework and the procedural posture of this case. While Defendant previously filed a motion to dismiss *pro se*, he now seeks to assert additional dispositive defenses—including a special motion to dismiss under G.L. c. 231, § 59H, a motion for judgment on the pleadings under Rule 12(c), and a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)—with the benefit of legal representation and in light of significant intervening developments in controlling Massachusetts law.

II.   **GROUNDS FOR LEAVE TO FILE SPECIAL AND DISPOSITIVE MOTIONS**

   A. **Special Motion To Dismiss Under Massachusetts Anti-Slapp Statute, And Request To Stay Discovery**

Defendant respectfully seeks leave to file a special motion to dismiss pursuant to the Massachusetts anti-SLAPP statute, G.L. c. 231, § 59H ("Section 59H"). Plaintiff's remaining claims are a transparent attempt to punish Defendant for exercising his constitutionally protected

3

right to petition the government.  Section 59H was enacted to provide an early and effective mechanism to dismiss exactly this type of retaliatory litigation.

As further detailed in Defendant's forthcoming motion, the conduct alleged against Defendant falls squarely within the statute's broad scope. Section 59H protects "any statement made in connection with an issue under consideration or review" by a legislative, executive, or judicial body, or any other governmental proceeding. It also extends to statements that are "reasonably likely to encourage consideration or review of an issue" or to "enlist public participation" in governmental processes. G.L. c. 231, § 59H.

The SJC recently reaffirmed and clarified the scope and analytical framework for anti-SLAPP motions in *Bristol Asphalt.* 493 Mass. at 555–60.  There, the SJC specifically held that to prevail at the threshold stage, a defendant must show that the claims are based solely on petitioning activity.  *Id.*  The burden then shifts to the plaintiff to show either that the petitioning activity is devoid of any reasonable factual support or arguable basis in law.  *Id.* at 557.

Moreover, the Massachusetts Appeals Court in *Hidalgo v. Watch City Construction Corp.*, 105 Mass. App. Ct. 148, 150–51 (2024), and *D.D.S. Industries, Inc. v. Leftfield LLC*, 105 Mass. App. Ct. 1103 (2024), further made clear that the scope of petitioning does not turn on whether the plaintiff alleges a certain statement was made with malice or in retaliation for some other action.  Further, the Massachusetts Court of Appeals has ruled that social media posts can qualify as petitioning.  *See D.D.S. Industries, Inc. v. Leftfield LLC*, 105 Mass. App. Ct. 1103 (2024).

Here—and as further detailed in his forthcoming motion papers—Defendant satisfies the threshold requirement. Plaintiff's claims are predicated on Defendant's communications with public officials, government agencies, and the courts, which constitute quintessential petitioning

4

activity under the statute. Even the alleged social media posts cited by Plaintiff were directed toward invoking governmental review or drawing public attention to matters of public concern. Plaintiff cannot carry his burden of showing that Defendant's petitioning conduct was wholly devoid of any reasonable factual support or arguable basis in law. Moreover, Plaintiff's litigation tactics—marked by threats of sanctions, bar complaints, and aggressive discovery into protected communications—further underscore the retaliatory character of this lawsuit and confirm the need for dismissal under the anti-SLAPP framework.

In short, Defendant's anticipated special motion to dismiss under Section 59H is well-supported under both the facts and the evolving case law. Plaintiff's remaining claims are irreparably infected by their foundation in protected petitioning conduct and must be dismissed accordingly. Additionally, to safeguard the anti-SLAPP process and avoid unnecessary discovery burdens, Defendant requests a stay of discovery proceedings pending resolution of his special motion to dismiss in accordance with Section 59H.

### B. Motion For Judgment On The Pleadings Under Rule 12(c)

Defendant also seeks leave to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting several independent and dispositive grounds for dismissal, including, *inter alia*:

- All of Plaintiff's remaining claims are time-barred under Massachusetts' three-(3)-year limitation period. G.L. c. 260, § 2A.

- The operative complaint is deficient under *Iqbal/Twombly* and relies heavily on vague, conclusory allegations that fail to meet federal pleading standards. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

- Plaintiff qualifies as a public figure—or at minimum, a limited-purpose public figure—for purposes of this litigation. Accordingly, to prevail on his defamation-based claims, Plaintiff must plead and prove actual malice with clear and convincing evidence. *See Murphy v. Boston Herald, Inc.*, 449 Mass. 42, 48 (2007). He fails to do that.

- Plaintiff has failed to join Think Computer Corporation— his wholly-owned corporate entity that he identifies as central to the conduct and damages alleged in the First Amended Complaint. Its absence precludes the Court from affording complete relief and renders joinder mandatory under Fed. R. Civ. P. 19(a).

Each of these deficiencies, standing alone, warrants judgment on the pleadings under Fed. R. Civ. P. 12(c). Considered collectively—and as further detailed in Defendant's forthcoming motion—they establish that Plaintiff's continued pursuit of this action is both procedurally and substantively improper, and the case should be dismissed as a matter of law at this state.

Defendant further states that this motion is timely under Rule 12(c) of the Federal Rules of Civil Procedure, as the pleadings are closed and Defendant seeks to raise dispositive legal arguments at the earliest appropriate stage, consistent with the Rule's requirement that such motions be brought "early enough not to delay trial."

### C. Motion To Dismiss For Lack Of Subject Matter Jurisdiction – Rule 12(b)(1)

Finally, Defendant seeks leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that this Court lacks subject matter jurisdiction over Plaintiff's claims. Specifically, the First Amended Complaint fails to plausibly allege that Plaintiff has suffered a concrete, particularized injury-in-fact as required under Article III of the U.S. Constitution. *See O'Shea v. Littleton*, 414 U.S. 488, 493 (1974) (citing U.S. Const. art. III, § 2, cl. 1); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiff's purported injury stems from an alleged reduction in the valuation of Plaintiff's wholly-owned company, Think Computer Corporation—a non-party to this action—allegedly caused by Defendant's petitioning activity. Plaintiff further alleges that this diminution in value adversely affected his personal compensation or wages. However, as will be further detailed in

Defendant's proposed motion, these allegations reflect indirect, speculative harms that are neither concrete nor judicially cognizable under prevailing Article III jurisprudence. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016) ("concrete" injury must be "real," not "abstract"); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021) ("informational injury" without adverse effects is not sufficient).

### III.  CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court grant leave to file the following:

1. A special motion to dismiss pursuant to Section 59H and request to stay all discovery proceedings pending resolution of the special motion to dismiss;

2. A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); and

3. A motion to dismiss under Fed. R. Civ. P. 12(b)(1).

Defendant further requests that he be granted fourteen (14) days from the Court's order granting this motion to file the above-referenced motions.

Respectfully submitted,

DEFENDANT, DIEGO MASMARQUES, JR.,

By his Attorney,

*/s/ Ashley A. Andrade*
Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

Dated:  June 12, 2025

LOCAL RULE 7.1.(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on May 22, 2025, I conferred, in good faith, with Plaintiff by phone regarding Defendant's anticipated filing in an effort to narrow or resolve the issues presented in this motion.

/s/ Ashley A. Andrade
Ashley A. Andrade

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on June 12, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Ashley A. Andrade
Ashley A. Andrade
BBO # 697189