UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

---

### PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE SPECIAL MOTION TO DISMISS PURSUANT TO G.L. c. 231, § 59H AND RULE 12 MOTIONS

## I. INTRODUCTION

Defendant Diego MasMarques, Jr. and his counsel, who is bound by Massachusetts Rule of Professional Conduct 3.3, refuse to stop lying. Already caught in a web of his own perjurious lies from his initial discovery responses, Defendant MasMarques now seeks to stay discovery ***while in violation of this Court's Order regarding discovery at ECF No. 173***.[1] In the process of so doing, he then claims that the instant 7-page motion—itself filed in violation of this Court's Order at ECF No. 78—is filed in "good faith" (despite being an obvious bad-faith ploy to evade discovery, which will prove Plaintiff's claims), is "timely" (false, at least with respect to one of

---

[1] As of the drafting of this brief, Plaintiff has yet to receive a single non-public document from Defendant MasMarques. Attorney Andrade has already admitted that the initial "search" for documents conducted by her client was insufficient, and did not include, for example, e-mails, yet on behalf of her client she refuses to produce any subsequent documents.

1

the proposed motions), and "supported by substantial legal and procedural justification" (only true when one omits controlling precedent, *see* Rule of Professional Conduct 3.3(a)(2)).

## II.     ARGUMENT

### A.     Proposed Massachusetts Anti-SLAPP Motion

#### 1.     The Motion Fails Because Plaintiff's Claims Are Not *Solely* Related To Defendant MasMarques's Right To Petition Government

"Aaron Jacob Greenspan and his Sociopath father Neil S Greenspan both receive the medication called Haldol for their Sociopathy."  FAC ¶ 99(f).  "Aaron Greenspan belongs locked up in a Psychiatric Hospital where he was locked up in Cleveland, Ohio."  FAC ¶ 99(h).  "Aaron Greenspan is a liar, fraudster, unfit to be in charge or employed anywhere…"  FAC ¶ 99(bb).  "He signs people up with porno co.'s..."  FAC ¶ 99(ff).  These are simply a few of the *hundreds* of examples out of *thousands* of libelous posts that Plaintiff alleges that Defendant MasMarques authored.  They are not directed at any form of government.  They were not delivered to any government agency.  They have nothing to do with government, or facts, whatsoever.

So, even given that Defendant MasMarques sent numerous screeds about Plaintiff laced with still more fabrications and paranoid delusions to more than a dozen government agencies, this is obviously not a lawsuit *solely* about his right to petition government.  The majority of the damage caused by Defendant MasMarques was the result of his posting on gripe sites and social media, *not* targeted at government readers in any way.  The text of the Massachusetts Anti-SLAPP Statute makes plain that it cannot be invoked here.

> "The anti-SLAPP statute provides … the special motion to dismiss, which can be brought prior to engaging in discovery, and is intended to dispose of 'civil claims, counterclaims, or cross claims' that are based solely on a party's exercise of its right to petition.  *See* G. L. c. 231, § 59H…
>
> To prevail on such a motion, a special movant, such as the hospital defendants here, 'must make a threshold showing through pleadings and affidavits that the claims against it `are 'based on' the petitioning activities alone and have no substantial

2

basis other than or in addition to the petitioning activities.`' *Fustolo v. Hollander*, 455 Mass. 861, 865 (2010), quoting *Duracraft*, *supra* at 167-168. *See Fabre*, 436 Mass. at 524 (special movant must demonstrate that 'the *only* conduct complained of is ... petitioning activity')" (emphasis in original).

*Blanchard v. Steward Carney Hospital, Inc.*, 477 Mass. 141, 147 (Mass. 2017).

Furthermore, to the extent that Plaintiff's claims are in part, but not solely, related to that right, this Court has already decided that Plaintiff has stated claims for abuse of process and malicious prosecution. ECF No. 118. Generally, that is because Plaintiff sufficiently alleged that Defendant MasMarques's "exercise of [his] right to petition was devoid of any reasonable factual support or any arguable basis in law." Mass G.L. c. 231, § 59H. Defendant MasMarques has failed to articulate any reason why this Court, which already allowed these claims after one motion to dismiss, would dismiss or strike them in another. Nothing has changed in the interim.

### 2.     An Anti-SLAPP Motion Would Be Untimely

Nowhere in the instant motion for leave does the word "sixty" (or "60") appear. This is strange, because on May 22, 2025, Plaintiff discussed with Attorney Andrade, verbally and in writing, the fact that a motion under Massachusetts's Anti-SLAPP Statute would be untimely.[2] "Said special motion to dismiss may be filed within *sixty days* of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper" (emphasis added). Mass G.L. c. 231, § 59H. Yet the instant request was made 874 days after the initial Complaint in this action was filed, and 688 days after the FAC was filed. Defendant MasMarques's counsel calls this "timely"—and is surprised that Plaintiff finds her misrepresentations outrageous. Plainly, it is not. Discovery has already begun and the case has already dragged on for years due to

---

[2] On May 22, 2025, Plaintiff sent Attorney Andrade an e-mail memorializing the telephone conference earlier that day. That message stated in part, "[N]o matter which complaint you select as the baseline, you are years past the sixty-days-from-the-complaint limitation."

3

Defendant MasMarques's delay.[3]  Other than evasion of discovery obligations—yet another attempted abuse of process—there is no justification for allowing such a motion now.

### B.  Proposed Federal Rule of Civil Procedure 12(c) Motion

The apparent crux of the proposed Rule 12(c) motion is that Plaintiff has not been specific enough.  Aside from being false, this is a back-handed attempt to re-litigate already-decided issues long after a motion for reconsideration would have been timely, and to provide Defendant MasMarques with a second bite at the apple when he took his first having knowingly dismissed the advice of his counsel.[4]  ECF No. 22.  This Court already evaluated the First Amended Complaint and found Plaintiff's claims to be more than "conclusory" and not time-barred.  Defendant MasMarques offers no precedent to support his wild theory that relentless libel and harassment can transform a target into even a "limited-purpose public figure" or that Think Computer Corporation ("Think"), which has not "claim[ed] an interest" here pursuant to Rule 19(a), would be properly joined to a case primarily involving reputational harm to and harassment of Plaintiff and his family members *personally*.[5]  This is why initially, Plaintiff *personally* sought a restraining order against Defendant MasMarques, which was ultimately granted.  Also, Plaintiff's attempts to seek employment have had nothing to do with Think.

---

[3] During the first 60-day period relative to the initial Complaint, Defendant MasMarques was represented by Joseph E. Phelan.  He could have encouraged filing a such a motion, but no such motion was filed.  During the second 60-day period relative to the First Amended Complaint, Defendant MasMarques represented himself—but two subsequent attorneys, Timothy J. Connors and Simon Mann, also elected not to try to file a special motion to dismiss under the Massachusetts Anti-SLAPP Statute.
[4] If specificity is truly the issue, Defendant MasMarques is also free to stipulate to the filing of the even-more-specific proposed Second Amended Complaint, ECF No. 108-2.  Federal Rule of Civil Procedure 15(a)(2).  Or, he can turn over the discovery documents Plaintiff requested.
[5] Clearly, Defendant MasMarques wants to increase Plaintiff's costs of litigation as he knows that Think would be required to hire counsel.  This would defeat the very purpose of Rule 19, which is to encourage efficiency in litigation.  Think's interests are not central to the suit.

### C. Proposed Federal Rule of Civil Procedure 12(b)(1) Motion

At this stage, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) would be procedurally improper. "A motion asserting any of these defenses [including 12(b)(1)] must be made before pleading if a responsive pleading is allowed…" Federal Rule of Civil Procedure 12(b). Defendant MasMarques filed a responsive pleading on May 17, 2025. ECF No. 178. To the extent that Defendant MasMarques would like to suggest that this Court lacks subject matter jurisdiction pursuant to Rule 12(h)(3) as part of a Rule 12(c) motion, that also fails.

Defendant MasMarques argues that Plaintiff has merely alleged an "'informational injury' without adverse effects" akin to *some* of the plaintiffs who sued a credit bureau because their credit reports were inaccurate. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 594 U.S. 413 (2021). Yet despite its already-violative page length, the instant motion for leave omits the Supreme Court's actual holding, because it defeats Defendant MasMarques's core argument:

> "For 1,853 of the class members, TransUnion provided misleading credit reports to third-party businesses. We conclude that those 1,853 class members have demonstrated concrete reputational harm and thus have Article III standing to sue on the reasonable-procedures claim."

*Id*. at 2200. This describes Plaintiff's situation, as Defendant MasMarques's libel about Plaintiff has been provably read around the world, to the point where it has been repeated back to Plaintiff by numerous third parties, including but not limited to Elon Musk personally. Additionally, Plaintiff was quoted in excess of $75,000 to have a tiny portion of Defendant MasMarques's libelous nonsense removed by so-called removal services. *See* ECF No. 116-1 at 31-32. The notion that this does not constitute a "concrete, particularized injury-in-fact" is absurd on its face.

### III. CONCLUSION

Plaintiff respectfully requests that the motion be denied, especially as Defendant MasMarques is in violation of multiple Orders of this Court and continues to act in bad faith.

Dated: June 14, 2025					Respectfully submitted,

*[signature: Aaron Greenspan]*

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 14, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan

Case 1:23-cv-10134-DJC   Document 185   Filed 06/14/25   Page 8 of 8