**<u>EXHIBIT A</u>**
Plaintiff's First Set of Requests for Production of Documents and Things To Defendant Diego MasMarques, Jr. Dated February 12, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>       Plaintiff,<br><br>   v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>       Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF AARON GREENSPAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DIEGO MASMARQUES, JR.**

PROPOUNDING PARTY:    Plaintiff, Aaron Greenspan

RESPONDING PARTY:    Defendant, Diego MasMarques, Jr.

SET NUMBER:        ONE

Plaintiff Aaron Greenspan ("Greenspan"), requests that Defendant Diego MasMarques, Jr. ("MasMarques") identify, produce and permit the inspection and copying of the following DOCUMENTS and things, pursuant to Federal Rule of Civil Procedure 34.  Greenspan requests that the following Documents and things be identified, produced and made available for inspection and copying via e-mail or electronic portal.

Further, pursuant to Federal Rule of Civil Procedure 34, the party on whom the request is served shall serve a written response subscribed under oath by such party, within thirty (30) days after the service of the request, stating whether (a) YOU intend to comply with each of the individual requests for production; (b) YOU are unable to comply with the requests for production and, if so, the reason for YOUR inability to comply after a diligent search; or (c)

YOU intend to object to an item or category of items specified in this request and, if so, the grounds therefore. If an objection is made to part of an item or individual request, or to part of a category of items or individual requests, the part objected to shall be specified.

## DEFINITIONS

1. "YOU," "YOUR," or "ANYONE ACTING ON YOUR BEHALF" refer to Defendant Diego MasMarques, Jr., and his agents, attorneys, accountants, trusts, and any other PERSON acting for or on his behalf.

2. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, without limitation, meetings, conferences, seminars, discussions, conversations, telephone calls, recordings, photographs, notes, memoranda, letters, facsimiles, telexes, electronic mail, or electronic media.

3. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things, including without limitation all writings (as defined in Section 250 of the California Evidence Code) and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, text messages, Signal messages, WhatsApp messages, Twitter direct messages, X direct messages, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes.

PLAINTIFF AARON GREENSPAN'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT DIEGO MASMARQUES, JR.

2

1:23-cv-10134-DJC

Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all electronic records.

    4.    "ADDRESS" means the street address, including the city, state, and zip code.

    5.    "IDENTIFY" when used with respect to a PERSON means the name of the PERSON, the ADDRESS of the PERSON, and the PERSON's other identifying information, such as employer, title and affiliation to any other PERSON.

    6.    "IDENTIFY" when used with reference to DOCUMENTS, files or reports means to describe each and every item and to state the name, address and employer of preparer, the date of preparation, and present location and custodian of the item sufficiently for YOU to respond to a subpoena duces tecum containing such descriptions.

    7.    "PERSON" means as so defined in California Evidence Code Section 175 and includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

    8.    "PLAINSITE" means the website at https://www.plainsite.org and its staff and contributing authors, including but not limited to Aaron Greenspan.

    9.    "SIGNAL" means the encrypted messaging application Signal on iOS, Android, desktop, or any other platform.

## **INSTRUCTIONS**

    1.    In answering these Requests, YOU shall consult and respond based on ALL information known or reasonably available to YOU, including information in the possession, custody, or control of any of YOUR members, managers, officers, directors, board observers, attorneys, trustees, partners, agents, employees, representatives, associates, investigators, divisions, affiliates, subsidiaries, and other PERSONS under YOUR control or acting on YOUR behalf, not merely information known to YOU based on YOUR own personal knowledge.

2.      If YOU contend that YOU cannot fully respond to any portion of any of the following Requests after exercising due diligence to secure the information requested thereby, (a) please respond fully and completely to those portions to which YOU are able; and (b) for each portion of each Request to which YOU cannot respond fully and completely, please state what efforts were made to obtain the requested information; the facts which YOU contend support that the Request cannot be answered fully and completely; and all response knowledge, information, or belief YOU have concerning the unanswered portion of any such Request.

3.      In the event YOU believe that YOU lack the ability to respond to any portion of any Request, YOU must specify whether such inability is because the particular item or category of information never existed; has been destroyed; has been lost, misplaced, or stolen; or has never been, or is no longer, in YOUR possession, custody, or control, in which case YOU must IDENTIFY all PERSONS known or believed by YOU to have possession, custody, or control of that information or category of information.

4.      In the event YOU are producing DOCUMENTS in response to these Requests, such DOCUMENTS shall be produced in the form and order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof. YOU shall not impose any technical or other restrictions limiting Respondents' ability to review and/or interact with the DOCUMENTS, including but not limited to by preventing the ability to copy content from the DOCUMENTS, to print the DOCUMENTS in hard copy or electronic format, and/or to extract particular page ranges from the files produced.

5.      DOCUMENTS which are ordinarily maintained in an electronic format shall be produced in their native formats. Additionally, all metadata production fields referenced in Appendix 1 must also be produced, to the extent they exist.

6.      Any DOCUMENT that is produced in a non-standard format must be accompanied by the appropriate software to open and review the DOCUMENT.

PLAINTIFF AARON GREENSPAN'S FIRST SET
OF REQUESTS FOR PRODUCTION TO
DEFENDANT DIEGO MASMARQUES, JR.

4

1:23-cv-10134-DJC

7.     In the event that any DOCUMENT or information called for by these Requests or subsequent Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT or information is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copy(ies) of the same; (ii) the DOCUMENT's date; (iii) the number of attachments or appendices to the DOCUMENT, and total number of pages; (iv) the subject matter(s) of the DOCUMENT or information; (v) the nature of the privilege or immunity asserted; and (vi) any additional facts on which YOU would base your claim of privilege or immunity.

8.     In the event that any DOCUMENT or information called for by these Requests or subsequent Requests has been destroyed or discarded, that DOCUMENT or information is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copy(ies) of the same; (ii) the DOCUMENT's date; (iii) the number of attachments or appendices to the DOCUMENT, and total number of pages; (iv) the subject matter of the DOCUMENT or information; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the PERSONS who were authorized to carry out such destruction or discard; and (vii) whether any versions of the DOCUMENT or information presently exist and, if so, the name of the custodian of each copy.

9.     To the extent YOU contend that any portion of any Request is ambiguous, set forth (a) each portion which YOU contend is ambiguous, and (b) each construction applied, assumed, or otherwise used in YOUR response.

10.    Unless otherwise stated in a specific Request, these Requests seek information, DOCUMENTS, or other materials created, generated, sent, received, produced, modified, executed, and/or amended between January 1, 2017 and the date of YOUR response.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS that refer to Aaron Greenspan.

**REQUEST FOR PRODUCTION NO. 2**

PLAINTIFF AARON GREENSPAN'S FIRST SET
OF REQUESTS FOR PRODUCTION TO
DEFENDANT DIEGO MASMARQUES, JR.

5

1:23-cv-10134-DJC

All DOCUMENTS that refer to PLAINSITE.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS that refer to Omar Qazi.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS that refer to Elon Musk.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS that refer to ComplaintsBoard.

**REQUEST FOR PRODUCTION NO. 6**

All e-mail messages to YOU from Twitter, since renamed X.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS that refer to any gripe site.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS to or from any non-judicial federal, state or local government agency regarding any website that aggregates court records, including but not limited to PLAINSITE.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS reflecting YOUR employment history since 2017.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS reflecting YOUR investments in Tesla, Inc. common stock since 2017.

Dated: February 12, 2025          Respectfully submitted,

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## APPENDIX 1
ESI Metadata and Coding Fields

The chart below describes the metadata fields to be produced. Any ambiguity about a metadata field should be discussed with the opposing party prior to processing the subject ESI for production.

| Field Name | Field Description |
| --- | --- |
| Begin Bates | First Bates number (production number) of an item. |
| End Bates | Last Bates number (production number) of an item. **The End Bates field should be populated for single-page items.** |
| Attachment Names | File name of the attachment, with any attachments separated by semi-colon. |
| Begin Family | First Bates number of family group. |
| End Family | Last Bates number of family range (*i.e.*, Bates number of the last page of the last attachment). |
| Pages | Number of pages in an item. |
| Custodian | Name of person or source from whose/which files the item is produced. |
| All Custodians | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de-duplicated. |
| File Size | Size (in kilobytes) of the source native file. |
| Hash Value | The MD5 (or other) hash value of the item. Alternative metadata field for this value include "MD5 Hash" or "Hash." |
| Native Path | Relative path for documents provided in native format only. **The linked file must be named per the Begin Bates value.** |
| Record Type | Indicates item type (e.g., e-mail, Word document, PowerPoint presentation). MIME type is an acceptable alternative to this metadata field. |
| File Extension | Indicates file extension of the file (e.g., .docx, .pptx). |
| Date Sent (mm/dd/yyyy) | Date e-mail or calendar item was sent. |
| Time Sent (hh:mmAM/PM) | Time e-mail or calendar item was sent. (Date and time fields may be combined). |
| Date Received | Date e-mail or calendar item was received. |
| Time Received | Time e-mail or calendar item was received. (Date and time fields may be combined). |
| To | The e-mail addresses of all recipients that were included in the "To" line of the email or calendar item. |

| From | The e-mail address of the sender of the email or calendar item. |
|---|---|
| CC | The e-mail addresses of all recipients that were included on the "CC" line of the email or calendar item. |
| BCC | The e-mail addresses of all recipients that were included on the "BCC" line of the email or calendar item. |
| Attachment Count | Number of attached, embedded or grouped items. |
| Date Created (mm/dd/yyyy) | Date the item was created. |
| Time Created (hh:mm AM/PM) | Time the item was created. (Date and time fields may be combined). |
| Modified By | Person who last modified or saved the item, as populated in the metadata or document properties of the native file. |
| Date Modified (mm/dd/yyyy) | Date the item was last modified. |
| Time Modified (hh:mm AM/PM) | Time the item was last modified. (Date and time fields may be combined). |
| File Name | The filename of the source native file for an ESI item. |
| Title | Any value populated in the Title field of the source file metadata or item properties. |
| Subject/E-Mail Subject | Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item). |
| Author | Value populated in the Author field of the source file metadata or document properties. |
| Text Path | Full relative path to the location of the document-level text file. |
| Time Zone | Time Zone in which data was processed. |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the dates below, I served the foregoing PLAINTIFF AARON GREENSPAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DIEGO MASMARQUES, JR. as follows:

<u>First Class Mail (February 14, 2025)</u>
Diego MasMarques, Jr.
P.O. Box 301
Marlborough, MA 01752
*Defendant Pro Se*

<u>E-Mail (February 12, 2025)</u>
Diego MasMarques, Jr.
dmas5@protonmail.com
*Defendant Pro Se*

Aaron Greenspan