UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON JACOB GREENSPAN,

    Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

    Defendants.

Case No.: 1:23-cv-10134-DJC

## DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Diego MasMarques, Jr. ("Defendant"), by and through undersigned counsel, respectfully moves this Court for leave to file the attached surreply ("Surreply") in response to new arguments and misleading factual assertions made by Plaintiff Aaron Jacob Greenspan ("Plaintiff") in his Reply in Support of Motion to Compel ("Plaintiff's Reply"). These arguments were not raised in Plaintiff's initial motion to compel filing ("Motion"), and Defendant has therefore not had an opportunity to respond.

It is well established that a party may not sandbag its opponent by producing new arguments in the last allowed reply brief where the opposing party has no opportunity to respond. *See, e.g., WNAC, LLC v. Verizon Corp. Servs. Grp.*, No. 21-cv-10750, 2024 WL 778794, at *7 (D. Mass. Feb. 26, 2024); *Smith v. Liberty Mut. Ins. Co.*, No. 20-cv-11583, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021. Plaintiff's Reply disregards this rule entirely. Rather than limit his reply to issues raised by Defendant's opposition—or actually briefed in his Motion for that matter—Plaintiff's Reply improperly expands its scope by introducing new arguments and factual assertions in connection with Defendant's interrogatory responses—which were neither

1

due nor served at the time Plaintiff first filed his Motion. By including these new materials in his Reply, Plaintiff attempts to bootstrap a procedurally premature and separate discovery dispute into an already pending motion to compel, without affording Defendant a meaningful opportunity to respond, in contravention of Federal Rules of Civil Procedure Rules 26 and 37.

Moreover, Plaintiff's Reply contains numerous misrepresentations and factual inaccuracies that distort the record, including mischaracterizations of communications and inflammatory assertions that appear calculated to mislead the Court and unfairly prejudice Defendant. In light of these distortions, Defendant must be afforded the opportunity to correct the record and ensure that the Court is presented with an accurate and complete account of the relevant facts and procedural history.

Accordingly, Defendant respectfully requests that this Honorable Court grant leave to file the attached Surreply, which is narrowly tailored to address the new arguments and misstatements introduced for the first time in Plaintiff's Reply.

                        Respectfully submitted,

                        DEFENDANT, DIEGO MASMARQUES, JR.,

                        By his Attorney,

                        */s/ Ashley A. Andrade*
                        Ashley A. Andrade, Esq.
                        ANDRADE LEGAL, LLC
                        867 Boylston Street, 5th Floor #1119
                        Boston, MA 02116
                        BBO# 697189
                        Phone: 617.206.1822
                        Email: ashley@andrade-legal.com

Dated: June 23, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON JACOB GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES JR., et. al.<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**DEFENDANT DIEGO MASMARQUES, JR.'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Diego MasMarques, Jr. ("Defendant") respectfully submits this surreply ("Surreply") pursuant to leave requested in the accompanying motion, in order to address new arguments and correct several misstatements and distortions of the factual record made for the first time in Plaintiff's Reply in Support of Motion to Compel Discovery Responses ("Plaintiff's Reply").

I.   **Plaintiff Misrepresents the Timeline for the Interrogatory Responses.**

Plaintiff's Reply significantly distorts the procedural record and seeks to manufacture a narrative of discovery non-compliance in order to retroactively input a new and separate discovery dispute into his already pending Motion to Compel ("Motion").

1

As an initial matter, Plaintiff's interrogatories were not served until **April 18, 2025**, first on Defendant's then-counsel and subsequently re-served, as a courtesy, on Defendant's current counsel on May 8, 2025. *See* Doc. 179-1, at 4-5.[1]

Moreover, Plaintiff expressly agreed to extend Defendant's deadline to respond to the first set of interrogatories to May 23, 2025. *See* Doc. 179-1, at 11 ("You requested an extension of time for the document request responses through tomorrow and for the interrogatories through Friday [May 23, 2025]. I agreed and indicated that I am not inclined to grant any future extensions of time for any reason.").[2] Despite this agreement, Plaintiff filed his initial Motion papers on May 21, 2025—two days before the parties' agreed-upon deadline for the first set of interrogatories—after unilaterally revoking the previously granted extension and falsely declaring Defendant's interrogatory responses delinquent. *See* Doc. 179-1, at 15 ("You're late, you violated our agreement, I'm not signing anything, and your interrogatory responses are due now.").[3] Such conduct is emblematic of bad-faith and violates both the spirit and letter of Federal Rule of Civil Procedure 37 and Local Rule 26.2(c).

## II. **Plaintiff's Reply Amounts to Improper Sandbagging.**

---

[1] Plaintiff's original Reply claimed that the interrogatories were served upon Defendant on February 12, 2025 (*See* Doc. 182, at 3)—after conferring with Defendant's counsel, Plaintiff amended his Reply to include the correct date. *See* Doc. 189.

[2] Plaintiff also claims that a second set of interrogatories, served on Saturday, May 24, 2025—during Memorial Day weekend— "remains outstanding." *See* Doc. 182, fn. 2. This is deliberately misleading; these responses were not due at the time Plaintiff filed his Reply. Such a characterization creates the false impression of noncompliance where none exists.

[3] This discovery dispute only arose solely because Defendant, acting reasonably and in full compliance with Federal Rule of Civil Procedure 26(c), requested that the parties execute a mutually agreeable protective order before producing the remainder of responsive documents, which included confidential and sensitive communications. Rather than engage in a good-faith discussion or reasonably consider the request—as required by Local Rule 26.2(c)—Plaintiff abruptly revoked his previously granted extension and unilaterally declared that the interrogatory responses were automatically delinquent, despite Defendant still being within the agreed-upon response deadline.

The law in this District is clear: a party may not sandbag an opponent by raising new arguments in a reply brief absent extraordinary circumstances.  *See, e.g., WNAC, LLC v. Verizon Corp. Servs. Grp.*, No. 21-cv-10750, 2024 WL 778794, at *7 (D. Mass. Feb. 26, 2024); *Smith v. Liberty Mut. Ins. Co.*, No. 20-cv-11583, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021).

Not only did Plaintiff fail to comply with his threshold obligations under Fed. R. Civ. P. 37(a)(1) and Local Rule 26.2(c) with respect to the alleged deficiencies in Defendant's interrogatory responses—but he now compounds that failure by improperly using his Reply to introduce entirely new arguments and attachments related to Defendant's responses to Plaintiff's first set of interrogatories that were neither available nor due at the time Plaintiff filed his initial Motion.  *See* Docs. 179, 182-1, 182-3.

Indeed, the interrogatory responses upon which Plaintiff now relies were not served by Defendant until May 23, 2025, as the parties originally agreed to—two days *after* Plaintiff filed his Motion on May 21, 2025.  *See* Doc. 182-1.  Their inclusion for the first time in Plaintiff's June 9, 2025 Reply is therefore procedurally improper and unfairly prejudicial as Defendant had no opportunity to meet and confer with Plaintiff regarding the purported "perjurious" interrogatory responses, nor the opportunity to respond to Plaintiff's claims regarding said interrogatory responses.  The attachment and filing of Defendant's complete discovery responses as part of Plaintiff's Reply is likewise improper.  *See also* Local Rule 26.6 (providing "[d]iscovery materials… including interrogatories, requests for documents, and answers and responses thereto… shall not be filed unless so ordered by the court or for use in the proceeding.").  Plaintiff did not originally seek leave to file these documents, nor has he shown that their inclusion was necessary for adjudication of the pending Motion.

### III.     <u>Plaintiff's Reply Still Fails to Meet His Burden.</u>

Even if the Court does not deny reject Plaintiff's Reply and pending Motion on procedural grounds, Plaintiff's arguments as raised in his Reply still fall short of the substantive requirements of Federal Rules of Civil Procedure 26(b) and 37(a). *See also Delgado v. Galvin*, Civil Action No. 12-cv-10872 (D. Mass. Mar 14, 2014) (noting that it is the moving party's burden to demonstrate both the relevance and proportionality of the information sought). Plaintiff's Reply does not identify with specificity which interrogatory responses he deems deficient or "evasive," nor does it explain how the information sought is relevant to any claim or defense and proportional to the needs in *this* action. Instead, Plaintiff relies on sweeping accusations and inflammatory rhetoric, which fall well short of the showing required under the Federal Rules of Civil Procedure. Defendant respectfully submits this Surreply to correct these distortions and provide the Court with an accurate account of the record.

First, Plaintiff's assertion in his Reply that Defendant's counsel "agreed" Defendant committed perjury is both factually inaccurate and wholly improper. *See* Doc. 182, at 2. Defendant's interrogatory responses—served on May 23, 2025—expressly reserved the right to supplement or amend pursuant to Fed. R. Civ. P. 26(e), recognizing the inherent challenges in recalling precise details from events dating back seven to eight years. *See* Doc. 182-1. Consistent with that obligation, and following further reflection, Defendant amended his responses to Interrogatories Nos. 5 and 12 in good faith. *See* Doc. 182-3. These amendments were made not to mislead, but to ensure completeness and accuracy, in accordance with Fed. R. Civ. P. 26(e)(1). Plaintiff's accusation to the contrary is both unfounded and reckless.

Second, the Reply's repeated accusations of perjury and "provable lies" are not only devoid of evidentiary support but are also simply false. *See* Doc. 182, at 6. Plaintiff's baseless

4

attacks, clearly intended to harass and impugn rather than advance any legitimate motion, undermine the integrity of the discovery process.

Third, Plaintiff contention that Defendant "refused" to respond to Interrogatories Nos. 13–19, *see* Doc. 182, at 5, is simply inaccurate. Defendant did respond—by objecting on relevance and proportionality grounds, consistent with Rule 26(b)(1). *See* Doc. 182-1. Plaintiff further makes no attempt in his Reply to reasonably articulate why these interrogatories seek information that is tailored to the claims or defenses in this matter, or how they are proportionate given the scope of the case.

### IV. Plaintiff Has a Documented History of Using Court Filings to Disseminate Nonpublic Information and Documents.

Contrary to Plaintiff's claims, Defendant is not concerned about documents and materials properly and correctly part of the public domain by virtue of the court's electronic recordkeeping system. Rather, Defendant's concern arises from Plaintiff's repeated pattern of uploading nonpublic and/or private documents and information in the court docket or onto his wholly owned and operated website, Plainsite, in order to make otherwise nonpublic information now public. Plaintiff has used this tactic in other actions involving the parties in this litigation, uploading confidential or nonpublic documents or materials without regard to Defendant's privacy rights and/or court orders in place at the time. Plaintiff has even admitted to publishing such nonpublic documents or case actions onto Plainsite himself.[4] As such, a protective order is warranted.

---

[4] In a declaration signed under the pains and penalties of perjury and dated May 9, 2019, filed in *MasMarques v. Greenspan*, No. 1921AC000120 (Mass. Dist. Ct. 2019)—a case not accessible via the public MassCourts.org or electronic court docket—Plaintiff expressly admitted to publishing that otherwise nonpublic case and its filing onto Plainsite. He also acknowledged accessing and publishing information that was, at the time, the subject of a contemporaneous protective order in a related California proceeding, *Greenspan v. MasMarques*, No. 18CH008067 (Cal. Super. Ct. Santa Clara Cnty. 2018), which prohibited Plaintiff from accessing or publishing the Defendant's residential address, and other sensitive information. As Plaintiff stated: "Mr. MasMarques's residential address in [], Massachusetts is already public information and is therefore, by definition, not confidential. The other elements

5

V.    **Plaintiff's Litigation Conduct Warrants Scrutiny.**

Throughout the discovery process—and this litigation in general—Plaintiff has engaged in harassing and improper gamesmanship. He has repeatedly disparaged the Defendant in filings, threatened defense counsel with frivolous Bar complaints, levied baseless accusations of perjury, and engaged in personal attacks and name-calling. *See* Doc. No. 182, at 5. This behavior violates Fed. R. Civ. P. 11(b)(1) and (3), as well as this Court's Local Rules. Although proceeding *pro se,* Plaintiff is an experienced litigant[5] and should be held to the same standards of conduct and decorum as a represented party. His repeated disregard for these standards reflects a willful abuse of the judicial process. Defendant expressly reserves all rights under Rule 11 and the Court's inherent authority to seek sanctions should Plaintiff's misconduct persist.

VI.    **Conclusion**

For the foregoing reasons, Defendant respectfully requests that this Honorable Court reject the arguments raised for the first time in Plaintiff's Reply, strike the improperly filed interrogatory responses and attachments submitted therewith, and deny Plaintiff's Motion to Compel in its entirety.

---

were already voluntarily redacted when ***I published the court document in question on PlainSite***." Decl. of Aaron Greenspan ¶ 5, *MasMarques*, No. 1921AC000120 (emphasis added).

[5] Plaintiff has filed numerous court actions, including, but not limited to: *Greenspan v. SEC*, No. 22-01153, 2025 WL 901168 (D.D.C. 2025); *Greenspan v. Executive Office for U.S. Attonr. et al, No.* 1:2023-cv-01816 (D.D.C. 2023); *Greenspan v. Musk*, No. 3:24-cv-04647, (N.D. Cal. 2024); *Greenspan v. EOUSA*, No. 23-1816, 2025 WL 1040834 (D.D.C. 2025); *Greenspan v. U.S. Department of Transportation*, No. 1:22-cv-00280, (D.D.C. 2022); *Greenspan et al. v. County of Los Angeles*, No. B323864 (Cal. App. Dist. 2nd 2022); *Greenspan v. Random House, Inc*., et al., No.12-1594 (1st Cir. 2012); *Greenspan v. Qazi*, et. al., No. 22-16110 (9th Cir. 2024); *Greenspan v. Musk*, No. 3:24-cv-04647 (N.D. Cal. Dist. 2024).

                                        Respectfully submitted,

                                        DEFENDANT, DIEGO MASMARQUES, JR.,

                                        By his Attorney,

                                        */s/ Ashley A. Andrade*
                                        Ashley A. Andrade, Esq.
                                        ANDRADE LEGAL, LLC
                                        867 Boylston Street, 5th Floor #1119
                                        Boston, MA 02116
                                        BBO# 697189
                                        Phone: 617.206.1822
                                        Email: ashley@andrade-legal.com

Dated: June 23, 2025

## LOCAL RULE 7.1.(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on June 23, 2025, I contacted Plaintiff by email regarding Defendant's anticipated filing and sought his consent to the motion. Plaintiff declined to assent. We also discussed certain incorrect dates in Plaintiff's original Reply (Doc. 182), which Plaintiff has since corrected in an amended filing (Doc. 189).

                                        */s/ Ashley A. Andrade*
                                        Ashley A. Andrade

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on June 23, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                        */s/ Ashley A. Andrade*
                                        Ashley A. Andrade
                                        BBO # 697189