UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**I.    INTRODUCTION**

Responding to the fountain of lies and fabricated legal citations put forth by Defendant Diego MasMarques, Jr. and his merry-go-round of attorneys in one procedurally defective filing after another for the past seven years has been exhausting. Yet Defendant MasMarques shows no sign of letting up.

Earlier in this action, this Court understandably expressed its displeasure at the flurry of filings on the docket and imposed three types of counter-measures as a result. First, it struck several of Defendant MasMarques's rambling, conspiracy-theory-laden affidavits and irrelevant passages embedded in documents. *See* ECF Nos. 41, 77, 146, 148. Second, it imposed a pre-filing order on Defendant MasMarques (and for some reason, Plaintiff) requiring each to "first seek[] and receiv[e] leave of Court to" file any document, such that the required motion for leave

1

"shall not exceed five pages, shall comply with L.R. 7.1 and shall not attach any exhibits." *See* ECF Nos. 78, 119. Third, it warned Defendant MasMarques, who filed a document containing hallucinated, fabricated citations to purported caselaw in ECF No. 137, that the Court has "authority to impose such sanctions" as Plaintiff requested. ECF No. 150.

## II.    ARGUMENT

### A.    Defendant MasMarques and Attorney Ashley Andrade Should Be Sanctioned For Filing ECF No. 190, Which Violates This Court's Orders and Contains a False-In-Context Citation To Caselaw

With his latest filing requesting leave to file a sur-reply, ECF No. 190, Defendant MasMarques has managed to flout all of this Court's Orders described above at once. The document is by definition extraneous and unnecessary as the Federal Rules of Civil Procedure and Civil Local Rules do not contemplate sur-replies, as opposing counsel herself admitted to Plaintiff via e-mail before filing. On top of that, ECF No. 190 is procedurally improper because it should be styled as a motion for leave *to file a motion for leave*, because, in opposing counsel's own words, "Any surreply requires leave of Court under the Federal Rules and applicable local rules." It was her client's persistent abuse of the docket that resulted in the Court's counter-measures described above, which restricted motions for leave to no more than "five pages" with no exhibits. Yet ECF No. 190 skips the step where the Court could choose whether or not to grant permission to file a more complete motion for leave containing an exhibit. The instant motion is itself nine pages long, containing the proposed sur-reply as an exhibit—two violations of the Court's Order. To make matters worse, in a list of lawsuits, most of which are FOIA-related because Plaintiff is a data journalist who routinely makes Freedom of Information Act requests, ECF No. 190 *also* contains a false-in-context citation in footnote 5 on page 6 of the exhibit: "*Greenspan et al. v. County of Los Angeles*, No. B323864 (Cal. App. Dist. 2nd 2022)."

This is the second filing in which Defendant MasMarques has submitted a problematic citation to this court, and he has now done so both with and without counsel. While *Greenspan et al. v. County of Los Angeles*, No. B323864 (Cal. App. Dist. 2nd 2022) does appear to reference a real lawsuit in the Second Appellate District of the Court of Appeal of the State of California, the appellate opinion was published in 2023, not 2022, the citation for some reason lacks the case reporter reference (98 Cal. App. 5th 135), **and it does not concern the Plaintiff in this case in any way, shape, or form**. The Plaintiff in this action, Aaron Jacob Greenspan, did not file the underlying lawsuit against the County of Los Angeles, was not party to the underlying lawsuit, was not at any point aware of the underlying lawsuit, and has no knowledge of the underlying lawsuit. The Plaintiff in this action, Aaron Jacob Greenspan, also similarly had no involvement whatsoever in the appeal of that lawsuit. Plaintiff is a resident of San Francisco County, not Los Angeles County, as should be evident from every signature block containing Plaintiff's address in this action. **The most cursory examination of the 2023 California appellate opinion in Case No. B323864 reveals that the plaintiffs in that appeal, Yaakov and Sarah Greenspan—who are not related to Plaintiff—are not named "Aaron."** While the Hebrew word for "Jacob" (Plaintiff's middle name, which he rarely uses except in official documents, and a persistent obsession of Defendant MasMarques, *see* FAC ¶¶ 57, 99(a), 99(e), 99(f), 99(i), 99(t), 99(u), 99(ii), 99(ll), 99(mm)) is "Yaakov," any assumption that this coincidence is somehow a direct reference to Plaintiff could only be described as an expression of Defendant MasMarques's latent anti-Semitism, which has been on full display in the past. Furthermore, Defendant MasMarques has a history of falsely associating Plaintiff with legal matters he has absolutely nothing to do with, from insisting that Plaintiff owns and operates leagle.com, which he does not, to writing repeatedly on gripe sites and in motions that Plaintiff

3

was a defendant in an action brought by the United States in the Northern District of Illinois, which he never was. FAC ¶ 80-81, 99(i), 99(q). Defendant MasMarques is the only party in this action with a criminal record.

This is frankly outrageous, especially after Defendant MasMarques was warned by the Court not to submit false citations *and* his latest counsel was warned repeatedly by Plaintiff to be on the lookout for false statements from her client. The Court should sanction Defendant MasMarques and Attorney Andrade and issue an Order to Show Cause demanding an explanation of exactly how this citation appeared in a filing that itself already violates this Court's Order intended to keep the docket clear of such fictions.

Sanctions have been imposed in nearly every other situation in which a litigant provided false citations generated by "artificial intelligence" software. *See Mata v. Avianca, Inc.*, Case No. 1:22-cv-01461-PKC (S.D.N.Y. June 22, 2023) (imposing monetary sanctions in the amount of $5,000, among others). *See also Bunce v. Visual Technology Innovations, Inc. et al*, Case No. 2:23-cv-01740-KNS (E.D. Penn. February 27, 2025) (imposing monetary sanctions in the amount of $2,500). Such sanctions have been imposed because false citations undermine trust in the judiciary and waste time.

> "I have struck, and decline to consider, any of the supplemental briefs that Plaintiff submitted on the privilege issue. From this, I decline to award any of the discovery relief (augmenting a privilege log, ordering production of materials, or requiring in camera review of items) that Plaintiff sought in the proceedings that led up to the bogus briefs. I conclude that these non-monetary sanctions will suffice to 'deter repetition of the conduct or comparable conduct by others similarly situated.' Fed. R. Civ. P. 11(c)(4). If the undisclosed use of AI and the submission of fake law causes a client to lose a motion or case, lawyers will undoubtedly be deterred from going down that pointless route…
>
> Additionally, Plaintiff's law firms are ordered (jointly and severally) to pay compensation to the defense in the aggregate amount of $31,100."

*Lacey, et al v. State Farm General Insurance Company*, Case No. 2:24-cv-05205-FMO-MAA (C.D. Cal. May 6, 2025). Defendant MasMarques's violations are no different and should be treated accordingly. In addition, ECF No. 190 should be struck from the record.

### B. Leave To File a Sur-Reply Should Be Denied Because The Proposed Arguments Have No Merit

In light of the above and given his history of abusive litigation tactics—many of which were even alleged in the First Amended Complaint—this Court should not extend Defendant MasMarques any further deference. His motion should be flatly denied.

#### 1. Defendant MasMarques's Own Citation Disproves His Point

Defendant MasMarques cites to *WNAC, LLC v. Verizon Corp. Servs. Grp.*, No. 21-cv-10750, 2024 WL 778794, at *7 (D. Mass. Feb. 26, 2024) for the argument that Plaintiff purportedly "sandbagged" him with new arguments. Not so. While Defendant MasMarques cites the case, he does not quote from it. That is because what that case opinion actually says is, "'The purpose of a reply memorandum is not to file new arguments ***that could have been raised in a supporting memorandum***.' *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010)" (emphasis added). *WNAC, supra*. As Plaintiff wrote to Attorney Andrade via e-mail before she filed ECF No. 190, "I couldn't include arguments based on responses you hadn't provided yet, in violation of a court order, if I recall correctly." Indeed, Attorney Andrade only provided her interrogatory responses on May 23, 2025. Plaintiff therefore could not raise responsive arguments in a supporting memorandum on May 21, 2025.

#### 2. Months Late, Defendant MasMarques Violated His Agreement To Provide Documents, Yet Expected Further Leniency from Plaintiff

Defendant MasMarques protests that Plaintiff had agreed to extend the time to provide those interrogatory responses to Friday, May 23, 2025, but omits the context. That agreement

5

was conditional on Defendant MasMarques's prior promise, made via Attorney Andrade, to respond to Plaintiff's document requests by May 20, 2025—already twelve (12) days after the May 8, 2025 deadline set by the Court in its Order at ECF No. 173 and months after the requests were initially served. That specific Order curiously never appears in the proposed sur-reply, likely because it would entail admission of a violation.

Not only were Defendant MasMarques's document request responses *not* provided on May 20, 2025 by 11:59 P.M. Eastern Time, but the late document responses that were eventually provided were the exact same mish-mash of public documents that Plaintiff *already had*, with Attorney Andrade surprising Plaintiff by withholding what she unilaterally deemed "Part 2." As a result of this deception and this clear violation of their agreement, Plaintiff immediately revoked his extension of time to respond to the first set of interrogatories and filed his motion to compel, about which Attorney Andrade had also already been warned.

### 3. Even After Plaintiff Filed an Errata Brief, Defendant MasMarques Alleged That Plaintiff "Significantly Distort[ed]" The Record

Plaintiff fully admits to confusing the service date of the first set of his interrogatories with the service date of the first set of his document requests in his reply brief in support of his motion to compel, ECF No. 182. Plaintiff regrets the error. That is why when notified by Attorney Andrade, Plaintiff admitted the mistake (at 9:36 P.M. Eastern Time) and filed an errata brief, ECF No. 189, *minutes later* (at 9:49 P.M. Eastern Time). This is not what a "significant[]" distort[ion]" of the "procedural record" looks like.[1] Plaintiff's error is also immaterial because even relative to the proper service date, April 18, 2025, Defendant MasMarques *still* responded

---

[1] In stark contrast, Attorney Andrade has refused to correct Defendant MasMarques's "Amended Answer" at ECF No. 178 despite being notified that it is full of provably false statements, which is why Plaintiff has requested that Rule 11 sanctions be imposed. ECF No. 183.

6

late! The only other error in ECF No. 182 is that Attorney Andrade is Defendant MasMarques's "sixth" attorney in this constellation of matters since 2018. In fact, she is at least his *eighth*.

In a footnote and in her Civil Local Rule 7.1(a)(2) Certificate, Attorney Andrade admits that the service date error was corrected, so it is unclear why she still raised the issue at all. She also argues in a footnote that the words "remains outstanding" suggest untimeliness. They do not. If that response were untimely, Plaintiff would have said so.

### 4. The Civil Local Rules Require Filing of Discovery Requests and Responses At Issue, Whether Defendant MasMarques Likes It Or Not

In a bizarre turn, Defendant MasMarques argues that Plaintiff is at fault for attempting to comply with this Court's Civil Local Rules. As the Court reminded the parties, "Local Rule 37.1(b)(4) requires the moving party to provide each interrogatory and request for production raising an issue to be decided by the court and the response thereto." ECF No. 186. It is therefore confusing that Defendant MasMarques would object to compliance with this Rule, arguing that "attachment and filing of Defendant's complete discovery responses as part of Plaintiff's Reply is likewise improper." ECF No. 190 at 5.

### 5. Defendant MasMarques Perjured Himself

Attorney Andrade attempts to put the best spin on Defendant MasMarques's false interrogatory responses stated under oath, but the fact that he amended his answers "following further reflection" (prompted by the same kind of professional conduct that Attorney Andrade now claims merits Rule 11 sanctions) does not change the reality that he lied. ECF No. 190 at 6. Lying under oath is perjury. 18 U.S.C. § 1621. Even his "amended" responses are lies. There can be no question that Defendant MasMarques has committed perjury continually since 2018. Pinpointing specific misconduct is not "baseless" or "a willful abuse of the judicial process." It's simply the truth, even if it is one that Defendant MasMarques does not want to hear.

Plaintiff's allegations in ECF No. 182 at 6 (and in the corrected brief, ECF No. 189 at 6) are not "false." In fact, they are supported with citations to the record. Defendant MasMarques cannot absolve himself or erase his prior sworn testimony with conclusory statements.

### 6. Defendant MasMarques's Blatantly Unconstitutional California Counter-TRO Against Plaintiff Was Obtained Under False Pretenses

Defendant MasMarques lied to the Superior Court of California for the County of Santa Clara about Plaintiff owning a "weapon" (meaning gun) in order to secure an unconstitutional temporary restraining order that broadly restricted Plaintiff's speech. FAC ¶ 207. His attempts now to use that set of circumstances against Plaintiff because one document on PlainSite amongst millions contained his already-public home address are unpersuasive.

As for Marlborough District Court Case No. 1921AC000120, to the best of Plaintiff's knowledge, that case was never sealed. As Attorney Andrade surely knows, accessibility via an electronic court system is not the same as a case being "nonpublic." Plenty of courts still relied on paper records in 2019, and still do today. Furthermore, it was necessary for various "nonpublic" case documents from Massachusetts to be part of the court record in California, and Defendant MasMarques attempted to seal those documents in California. His February 20, 2019 motion to seal Plaintiff's December 6, 2018 Declaration (containing documents from Case No. 1821CR001157) was denied by Judge Carol Overton on May 2, 2019. ECF No. 1-6 at 332. Another June 17, 2021 motion to "expunge/delete" Plaintiff's December 6, 2018 Declaration was denied by Judge Overton on September 28, 2021. ECF No. 54-1 at 10.

### III. CONCLUSION

Plaintiff respectfully requests that Defendant MasMarques's motion for leave to file a sur-reply be denied and that the Court issue an Order to Show Cause regarding his persistent false and/or false-in-context citations.

Dated: June 24, 2025                    Respectfully submitted,

                                                                                                                    */s/ Aaron Greenspan*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 24, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

*[signature]*
Aaron Greenspan