UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br> v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FRCP 11 SANCTIONS
[LEAVE TO FILE GRANTED VIA ECF NO. 192 ON JUNE 25, 2025]**

1

# **TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I.      STATEMENT OF THE ISSUE ........................................................................................ 3

II.     FACTUAL BACKGROUND ........................................................................................... 3

III.    ARGUMENT .................................................................................................................... 4

        A.    Defendant MasMarques Denied Allegations In the First Amended Complaint That He Knew To Be True and Fabricated Allegations of His Own .............................. 5

            1.    Answer To FAC Paragraph 5 ..................................................................... 5
            2.    Answer To FAC Paragraph 8 ..................................................................... 5
            3.    Answer To FAC Paragraph 10 ................................................................... 6
            4.    Answer To FAC Paragraph 11 ................................................................... 6
            5.    Answer To FAC Paragraph 14 ................................................................... 6
            6.    Answer To FAC Paragraph 15 ................................................................... 7
            7.    Answer To FAC Paragraph 18 ................................................................... 7
            8.    Answer To FAC Paragraph 19 ................................................................... 7
            9.    Answer To FAC Paragraph 37 ................................................................... 7
            10.  Answer To FAC Paragraph 38 ................................................................... 7
            11.  Answers To FAC Paragraphs 39-43 ........................................................... 8
            12.  Answer To FAC Paragraph 45 ................................................................... 8
            13.  Answer To FAC Paragraph 46 ................................................................... 8
            14.  Answers To FAC Paragraph 51-53 ............................................................ 9
            15.  Answer To FAC Paragraph 55 ................................................................... 9
            16.  Answer To FAC Paragraph 62 ................................................................... 9
            17.  Answer To FAC Paragraph 63 ................................................................... 9
            18.  Answer To FAC Paragraph 71 ................................................................. 10
            19.  Answer To FAC Paragraph 72 ................................................................. 10
            20.  Answer To FAC Paragraph 73 ................................................................. 10

        B.    Defendant MasMarques Used "Artificial Intelligence" Software To Fabricate Legal Citations ......................................................................................................... 10

        C.    Counsel for Defendant MasMarques Failed To Conduct a Reasonable Inquiry, Filing an Answer Lacking Factual and Legal Basis ........................................... 10

    D.    Defendant MasMarques Delayed For Hundreds of Days Only To File a Document Containing Falsehoods ................................................................................................... 11

IV.    CONCLUSION ................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*Citibank Global Mkts., Inc. v. Santana,*
   573 F.3d 17, 32 (1st Cir. 2009) ................................................................................................ 2

*Cooter & Gell v. Hartmarx Corp.,*
   496 U.S. 384, 399 (1990) ........................................................................................................ 3

*CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA,*
   659 F. 3d 53, 60 (1st Cir. 2011) ............................................................................................... 2

*Smith v. Farwell,*
   Case No. 2282CV01197 (Norfolk County Sup. Ct. February 15, 2024) .................................. 8

*USA v. MasMarques,*
   Case No. 1:09-cr-10304 (D. Mass *filed* October 16, 2009) ..................................................... 4

**Rules**

Federal Rule of Civil Procedure 11(b)(1) ..................................................................................... 2

Federal Rule of Civil Procedure 11(b)(3) ..................................................................................... 2

Federal Rule of Civil Procedure 11(b)(4) ..................................................................................... 2

Federal Rule of Civil Procedure 15(a)(1)(B) ................................................................................ 1

## NOTICE OF MOTION FOR RULE 11 SANCTIONS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2025 at 9:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, located at 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court to enter sanctions against Defendant Diego MasMarques, Jr., as well as his counsel.

The Court should grant Plaintiff's motion because the above party and his counsel have knowingly made false statements and misrepresentations to this Court and to Plaintiff on several occasions in violation of numerous rules and ethical obligations.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE ISSUE

The issue raised by this motion is whether Defendant Diego MasMarques, Jr. and his counsel should be sanctioned because a) he has provided the court with fabricated legal citations hallucinated by artificial intelligence software; b) he filed an "Amended Answer," ECF No. 178, containing false statements that he knew to be false; and c) the "Amended Answer," ECF No. 178, was filed late, even after hundreds of days of extensions in aggregate.

### II.    FACTUAL BACKGROUND

Plaintiff initiated this action against Defendant MasMarques on January 20, 2023. A First Amended Complaint ("FAC"), ECF No. 54, was filed pursuant to Rule 15(a)(1)(B) on July 25, 2023 subsequent to Plaintiff being served with an Answer to the initial Complaint by Defendant Sergei Igorevich Kudriavtsev on July 20, 2023 (docketed as ECF No. 56 on July 26, 2023). Defendant MasMarques filed a motion to dismiss on August 21, 2023. ECF No. 66. The

3

motion to dismiss was granted in part and denied in part on March 25, 2024. ECF No. 118. Defendant MasMarques filed an improper document styled as an "Answer" responding to the initial Complaint on July 8, 2024. ECF No. 143. The Court selectively struck parts of ECF No. 143 on February 12, 2025. ECF No. 148. The Court then ordered for a second time the filing of an Answer responding to the operative pleading on April 9, 2025, memorialized in the Electronic Order issued on April 29, 2025. ECF No. 173. The Electronic Order set a deadline of May 8, 2025 for an Answer. On May 8, 2025, Defendant MasMarques requested an extension of time of two weeks. The Court granted the request in part, extending the filing deadline to May 16, 2025. Defendant MasMarques failed to file any document by the extended deadline, with counsel filing a document styled as an "Amended Answer" to the First Amended Complaint on May 17, 2025.

### III.    ARGUMENT

Rule 11 exists to deter dishonest and unethical conduct and to prevent parties from "needlessly increasing the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Court has considerable flexibility in how it should be applied.

> "Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose. *See* Fed.R.Civ.P. 11(b). We have noted, however, that this Rule 'is not a strict liability provision, and a showing of at least culpable carelessness is required before a violation of the Rule can be found.' *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009) (alteration omitted) (citations and internal quotation marks omitted)."

*CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA*, 659 F. 3d 53, 60 (1st Cir. 2011). Here, Defendant MasMarques and his counsel are responsible for, at various points in time, filing documents with fabricated legal citations and for filing ECF No. 178, the "Amended Answer" to the First Amended Complaint, in bad faith.

Accordingly, Defendant MasMarques has violated Rule 11(b)(3) and (4) by making factual contentions that he knew, at the time of filing, lacked "evidentiary support," meaning that such "denials of factual contentions" were not "warranted." Fed R. Civ. P. 11(b)(3)-(4).

Defendant MasMarques's counsel filed a document before the Court with these flaws after having been warned repeatedly that Defendant MasMarques was "lying, like he always does."

To determine if Rule 11 has been violated, a "court must consider factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading." *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 399 (1990). These questions are addressed herein.

### A. Defendant MasMarques Denied Allegations In the First Amended Complaint That He Knew To Be True and Fabricated Allegations of His Own

Plaintiff's FAC relies upon documents that describe the years of conflict between Plaintiff and Defendant MasMarques. These documents are unambiguous as to certain facts. The following examples are merely representative, and are not an exhaustive list of the false statements contained in ECF No. 178:

#### 1. Answer To FAC Paragraph 5

Defendant MasMarques "denies Plaintiff's characterization of the differences between Plainsite.org and other websites. Defendant further asserts that Plaintiff's website, Plainsite.org, does not host true and accurate government records or neutral analyses…" Defendant MasMarques goes on to attempt to substantiate this denial with the argument that user-applied tags may not be objective. Yet tags and court data are separate, and the denial pertains to the hosting of "true and accurate government records." Defendant MasMarques points to no examples of altered government records on PlainSite (beyond redactions), because there are none. This denial is not warranted.

#### 2. Answer To FAC Paragraph 8

Defendant MasMarques "denies that Plainsite *[sic]* does not charge any fees to suppress or remove public records from its site." Yet Defendant MasMarques knows that neither Think Computer Corporation, the company that owns and operates PlainSite, nor Plaintiff, who runs Think Computer Corporation, has ever asked him for money, and in fact, refused to accept money from Defendant MasMarques when he offered to pay a bribe on May 2, 2017. Defendant

MasMarques does not and cannot identify any scenario in which Think Computer Corporation or Plaintiff accepted funds from any party to remove public records from PlainSite. Accordingly, this denial is not warranted.

### 3. Answer To FAC Paragraph 10

Defendant MasMarques denies that he has "targeted the owners of numerous other websites that host court records," despite ample evidence in the record that he is obsessed with the owner(s) of leagle.com and attorney Jeffrey Steinport, who ran yet another court records site and reported Defendant MasMarques to the FBI. Accordingly, this denial is not warranted.

### 4. Answer To FAC Paragraph 11

Defendant MasMarques denies that he is a "convicted murderer and alleged rapist with a documented history of mental illness and physical violence." First, he is a convicted murderer and he is aware that he was both convicted and sentenced for a crime described in the United States as "Murder" according to public records available via PACER. *See USA v. MasMarques*, Case No. 1:09-cr-10304, ECF No. 1-3 at 6. He is also an alleged rapist. *See USA v. MasMarques*, Case No. 1:09-cr-10304, ECF No. 1 at 4 ("Following his release, it was learned that the releasee had an outstanding warrant from South Boston District Court from a case dating back to 1994 for 2 counts of Rape…"). He also has a documented history of mental illness and physical violence. *See USA v. MasMarques*, Case No. 1:09-cr-10304, ECF No. 1-2 at 5 ("…you shall be subject to the Special Mental Health Aftercare Condition that requires you to participate in an in-patient or an out-patient mental health program…") *See also Id.* at 2. ("Mas Marques was found guilty of a 'misdemeanor of bodily harm' in Spain for driving his car at a man who was in the company of Mas Marques' [sic] former girlfriend.") Accordingly, this denial is not warranted.

### 5. Answer To FAC Paragraph 14

Defendant MasMarques states, "Plaintiff knowingly fabricated false evidence in an attempt to initiate baseless criminal proceedings against him." This is false and Defendant MasMarques knows it to be false. Accordingly, this denial is not warranted.

6

### 6. Answer To FAC Paragraph 15

Defendant MasMarques "denies creating or being responsible for any false, libelous, or defamatory postings about Plaintiff or Plaintiff's family members." According to information confirmed by the Comcast subpoena discussed in the FAC, as well as Defendant MasMarques's own sworn testimony in the Superior Court of California for Santa Clara County linking him to defamatory posts, this is false and Defendant MasMarques knows it to be false. Accordingly, this denial is not warranted.

### 7. Answer To FAC Paragraph 18

There is no legal or factual basis for Defendant MasMarques to deny that this Court has subject matter jurisdiction or personal jurisdiction over the claims in this action or over him. Accordingly, this denial is not warranted.

### 8. Answer To FAC Paragraph 19

There is no legal or factual basis for Defendant MasMarques to deny that this Court has subject matter jurisdiction or personal jurisdiction over the claims in this action or over him. Accordingly, this denial is not warranted.

### 9. Answer To FAC Paragraph 37

Defendant MasMarques "denies sending or being responsible for any emails purportedly sent by 'David G' or by 'bronx1842@gmail.com' as described in Paragraph 37 of the Amended Complaint." Yet Defendant MasMarques did cause at least ten (10) e-mail messages to be sent from bronx1842@gmail.com to the PlainSite Help Line account in 2017. Some e-mails he caused to be sent used the "David G" alias. Accordingly, this denial is not warranted.

### 10. Answer To FAC Paragraph 38

Defendant MasMarques "denies sending or being responsible for any purported emails or contact form submissions sent from the email address 'bronx1842@gmail.com' as alleged in Paragraph 38." Yet Defendant MasMarques did cause at least ten (10) e-mail messages to be

sent from bronx1842@gmail.com to the PlainSite Help Line account in 2017.  Accordingly, this denial is not warranted.

##### 11. Answers To FAC Paragraphs 39-43

Defendant MasMarques claims that he "lacks sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph[s 39-43] of the Amended Complaint and therefore denies them."  This is false.  Defendant MasMarques knows that he is responsible for the actions alleged in the FAC from Paragraphs 39-43.  Accordingly, these denials are not warranted.

##### 12. Answer To FAC Paragraph 45

Defendant MasMarques "denies sending any email to Plaintiff using the alias 'Roger B' or any alias…"  Yet the fact that Defendant MasMarques uses aliases, including "Roger B," is plainly evident.  Defendant MasMarques recently asked for an extension of time on account of the deaths of his wife and father.  ECF No. 154.  His wife, Marybeth MasMarques, died in July.  An obituary for his late wife, Marybeth MasMarques, refers to him as "Rick," *one of several aliases referenced on page 1 of the FAC* ("Ricky").  See https://www.communityadvocate.com/marlborough/marybeth-mas-marques-63-of-marlborough/article_72eba9ce-8fe5-53cd-a643-00c904d776ab.html.  Furthermore, Plaintiff has at least two e-mails from "Roger B" but signed "Thanks, Diego" in his possession.  Accordingly, these denials are not warranted.

##### 13. Answer To FAC Paragraph 46

Defendant MasMarques "denies filing a 'false' complaint with the Internal Revenue Service or making any knowingly inaccurate report."  In fact, he filed at least three (3) false complaints with the Internal Revenue Service concerning Plaintiff.  Accordingly, these denials are not warranted.

### 14. Answers To FAC Paragraph 51-53

Defendant MasMarques claims that he "lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph[s 51-53] of the Amended Complaint[, including each of the subparts []] and therefore denies them." His sworn testimony before the Superior Court of California for the County of Santa Clara directly contradicts these denials. Accordingly, these denials are not warranted.

### 15. Answer To FAC Paragraph 55

Defendant MasMarques "denies filing any knowingly false complaints with the IRS concerning the Plaintiff." In fact, he filed at least three (3) false complaints with the Internal Revenue Service concerning Plaintiff. Accordingly, this denial is not warranted.

### 16. Answer To FAC Paragraph 62

Defendant MasMarques states that he "informed Plaintiff on or about March 28, 2018, that he would seek a restraining order against Plaintiff if the alleged harassment did not cease…" This is a complete fabrication with no basis in fact. There is no written evidence of such a communication because it never happened. Nor was there any verbal communication to this effect at any point in time. Nonetheless, counsel saw fit to file a total fabrication before the Court.

### 17. Answer To FAC Paragraph 63

Defendant MasMarques "denies the assertion that during cross-examination in Santa Clara County on February 28, 2019, he admitted that the Mac OS username 'tech' included in a Blacklist Report post was his own." This is directly contradicted by the official transcript of the proceedings before the Superior Court of California for the County of Santa Clara, ECF No. 1-6, in which Defendant MasMarques admitted to adopting the "tech" username of an Apple Store technician for his own use ("…*the computer was actually given to me* from the Apple store. The guy who fixes computers, that was his name, and so *it's on the computer now*…"). *Id*. at 245. Accordingly, this denial is not warranted.

### 18. Answer To FAC Paragraph 71

Defendant MasMarques "denies attempting to file a false complaint with the State of Delaware concerning Plaintiff using the email address 8587@protonmail.com." Yet he did. *See* ECF No. 1-7 at 10. Accordingly, this denial is not warranted.

### 19. Answer To FAC Paragraph 72

Defendant MasMarques "denies filing any false complaint with the Internal Revenue Service concerning Plaintiff." In fact, he filed at least three (3) false complaints with the Internal Revenue Service concerning Plaintiff. Accordingly, this denial is not warranted.

### 20. Answer To FAC Paragraph 73

Defendant MasMarques "denies sending a letter to the Attorney General of the United States concerning Plaintiff." Yet he did. *See* ECF No. 1-7 at 11. Accordingly, this denial is not warranted.

### B. Defendant MasMarques Used "Artificial Intelligence" Software To Fabricate Legal Citations

As discussed in ECF No. 138, Defendant MasMarques appears to have used ChatGPT, an "artificial intelligence" chatbot, to fabricate legal citations. This type of fraudulent activity has been sanctioned in numerous cases in Massachusetts and nationwide. *Smith v. Farwell*, Case No. 2282CV01197 (Norfolk County Sup. Ct. February 15, 2024). Defendant MasMarques should not be given a free pass here.

### C. Counsel for Defendant MasMarques Failed To Conduct a Reasonable Inquiry, Filing an Answer Lacking Factual and Legal Basis

Defendant MasMarques has now been represented by four attorneys in succession in this action. After the first three attorneys each withdrew after a matter of days, his fourth attorney had an obligation to conduct extensive due diligence before filing any paper with the Court on Defendant MasMarques's behalf. She did not. Instead, counsel rushed to file a false document, and yet still missed the filing deadline. Now, the falsehoods she signed her name to are part of the official record, and it will require Plaintiff's time and expense to correct them. Furthermore,

Plaintiff specifically warned counsel by e-mail repeatedly about this exact risk.  Sanctions are warranted.

### D.  Defendant MasMarques Delayed For Hundreds of Days Only To File a Document Containing Falsehoods

The problems with ECF No. 178 cannot be viewed in a vacuum.  The document was filed late, even after the Court repeatedly granted Defendant MasMarques extensions as he churned through lawyer after lawyer.  In retrospect, it would appear that these delays were necessary only because Defendant MasMarques has no legitimate defense for his conduct, and he wanted to prolong the moment when he would ultimately have to admit defeat, or lie to the Court.  He chose to lie to the Court, and it is now clear that the delays were part of his fraudulent conduct.

## IV.  CONCLUSION

Defendant MasMarques and his counsel have presented false statements to the Court, and presented false citations to the Court.  Such conduct is sanctionable under Rule 11.  Plaintiff respectfully requests that this motion be granted.

Dated: May 18, 2025                    Respectfully submitted,

*/s/ Aaron Greenspan*
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on May 17, 2025, I conferred with counsel for Defendant MasMarques in regards to this motion in a good faith effort to resolve this issue and/or to narrow the issues.

_____
Aaron Greenspan, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2025, I served the foregoing Notice Of Motion And Motion For FRCP 11 Sanctions as follows:

<u>E-Mail</u>
Ashley Andrade
Andrade Legal
867 Boylston Street
5th Floor, #1119
Boston, MA  02116
ashley@andrade-legal.com
*Attorneys for Defendant Diego MasMarques, Jr.*

I further certify that on June 25, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Dated: June 25, 2025              Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org