UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF FRCP 45 SUBPOENA ON MEDIOLEX, LTD.**
**[LEAVE TO FILE GRANTED VIA ECF NO. 192 ON JUNE 25, 2025]**

I.   **INTRODUCTION**

On January 20, 2023, Plaintiff filed a motion for alternative service on former Defendants Sergei Igorevich Kudriavtsev, a national of Latvia, and Mediolex, Ltd., his Seychelles-based shell company that operates ComplaintsBoard, both of which had no known mailing address. ECF No. 6. The Court granted the motion. ECF No. 11. After that, former defendant Kudriavtsev participated in this action using the e-mail address ivestules@gmail.com; he and Mediolex, Ltd. eventually retained counsel. That counsel immediately withdrew after Plaintiff revealed that Kudriavtsev and the other ComplaintsBoard Defendants (Mediolex, Ltd. and Astrad, Ltd.) had deceived, if not outright lied to, the Court in order to secure dismissal from this action. ECF Nos. 114, 115, 117.

1

Plaintiff now seeks to serve Mediolex, Ltd. with a subpoena under Federal Rule of Civil Procedure 45. It is not clear if the ComplaintsBoard website or Kudriavtsev is telling the truth about ComplaintsBoard's actual physical location, and postal mail to Latvia requires significant delays, but e-mail has historically proven to be a reliable and instantaneous method of service with regard to the former ComplaintsBoard Defendants.

## II.   ARGUMENT

### A.   Mediolex, Ltd. Is A Shell Company Designed To Evade Legal Process Making Alternative Service of Process Appropriate

Mediolex, Ltd. ("Mediolex") is a Seychelles-based shell company that was incorporated to evade United States law. ComplaintsBoard, an English-language website and extortion operation staffed by Latvians and Russians that Mediolex nominally operates among other international properties in its portfolio, is targeted at the United States and in many respects, targeted at Massachusetts consumers in particular. To personally serve Mediolex, Plaintiff would technically have to serve an unknown registered agent of the corporation in the Seychelles,[1] which does not have a public corporate register.

Fortunately, it is known who really runs Mediolex: Latvian national Sergei Igorevich Kudriavtsev, a former defendant in this action who admitted to being a "citizen of Latvia." ECF No. 56 at 7. Due to his location overseas, the Court granted ECF No. 6, Plaintiff's motion for alternative service of process in this action on Kudriavtsev and his shell company, Mediolex. ECF No. 11. That motion's request was not limited to the Complaint, as Plaintiff served subsequent documents on Kudriavtsev via e-mail afterward, but it did specify that the Complaint

---

[1] This has already been confirmed by the Court. "The Complaints Board *[sic]* Defendants confirm that Mediolex is a Seychellean *[sic]* company." ECF No. 118 at 11.

2

would also be served by postal mail. The Court's Order at ECF No. 11 granting the motion did not specify any limitations.

Once he had been served with the opening case documents, Kudriavtsev failed to contest jurisdiction in his first responsive filing, ECF No. 25, and wrote that he voluntarily submitted to this Court's jurisdiction in his second responsive filing, ECF No. 56, stating, "I, Serguei Kudriavtsev, stand ready to fully engage in the Deposition process through a video conference."[2] Nonetheless, contradicting binding First Circuit precedent, the Court erroneously dismissed former defendant Kudriavtsev and his alter-ego companies from this action after ignoring his voluntary submission to its jurisdiction, finding somehow instead that jurisdiction was lacking. ECF No. 118. *See also* ECF No. 122. Plaintiff plans to appeal this clear error unless it is corrected *sua sponte*.

While Defendant Kudriavtsev did participate in this case as an active defendant, he did so exclusively via e-mail before he eventually hired counsel. The e-mail address he used to communicate with Plaintiff and the Court was ivestules@gmail.com. In addition, ComplaintsBoard is known to use several e-mail addresses which Plaintiff has exchanged e-mails with before, and the ComplaintsBoard Defendants (Kudriavtsev, Mediolex, and Astrad, Ltd.) all shared two lawyers, who have since withdrawn but are nonetheless still reachable by e-mail: Christopher Ingle and Stesha Emmanuel. Attorney Ingle still receives CM/ECF notifications in this action as of the date of this filing.

> "Rule 45 of the Federal Rules of Civil Procedure provides that '[s]erving a subpoena requires delivering a copy to the named person.' Fed. R. Civ. P. 45(b)(1). 'The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.' *Civelli v. J.P. Morgan Securities, LLC*, No. 2:21-mc-00163-JCN, 2021 WL 2853647, at *2 (D. Me. Jul. 8, 2021) (quoting Wright & Miller, Service of a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2454). However, a

---

[2] Plaintiff uses the spelling Sergei, as Kudriavtsev himself did in ECF No. 25 on pages 5 and 6.

growing number of courts have approved alternative service of a subpoena so long as service is calculated to provide timely actual notice. *Id*.; see also *Government Employees Ins. Co. v. Kalitenko, MD*, No. 22-CV-3804, 2022 WL 16798219, at *1 (E.D.N.Y. Nov. 8, 2022) (collecting cases).  'Courts typically require a party seeking leave to serve by alternative means `to demonstrate a prior diligent attempt[s] to personally serve' before permitting substituted service under Rule 45.' *Securities and Exchange Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citation omitted)."

*Bloom v. Campbell*, Case No. 1:24-cv-10339-RGS (D. Mass. June 17, 2025).  This case is perhaps unusual for two reasons.  First, Mediolex and its ultimate beneficial owner were both previously defendants in the action, and second, the Court already granted alternative service of process via e-mail on both of them.

Thus, out of an abundance of caution, Plaintiff respectfully requests the Court's permission to serve Plaintiff's subpoena on Mediolex, Ltd. electronically by e-mailing the following addresses:

1. ivestules@gmail.com (Sergei Igorevich Kudriavtsev)

2. legal@complaintsboard.com

3. editor@complaintsboard.com

4. chris@citypressmedia.com (Christopher Ingle, former counsel for the ComplaintsBoard Defendants)

5. stesha.emmanuel@ogletree.com (Stesha Emmanuel, former counsel for the ComplaintsBoard Defendants)

**B.     Rule 45 Is Silent On Subpoenas Directed At Foreign Entities But Courts Look To Rule 4 To Fill The Gaps**

Federal Rule of Civil Procedure 45 does not explicitly state whether it applies to foreign entities such as Mediolex.  However, it is clear that Mediolex was incorporated as a foreign entity ***to commit crimes in the United States while evading United States law***.  As alleged

4

specifically and in great detail in Plaintiff's proposed Second Amended Complaint, ECF No. 108-2, Mediolex is part of a criminal enterprise that extorts United States citizens and corporations.

In an opinion that is not binding on this Court, *In re Three Arrows Capital, Ltd.*, No. 22-10920 (Bankr. S.D.N.Y. Dec. 29, 2022) examined whether a foreign entity could be subject to a Rule 45 subpoena alongside the related issue of whether alternative service should be granted on such an entity. That bankruptcy court determined that Rule 45 did not authorize service of subpoenas outside of the United States. Nonetheless, the circumstances here are distinguishable because unlike in *Three Arrows Capital*, Mediolex is known to have been represented by several attorneys who *are* residents of the United States and are thus capable of receiving a subpoena under Rule 45 on behalf of their client. Both Christopher Ingle and Stesha Emmanuel work in the United States, and Attorney Ingle is still registered to receive Notices of Electronic Filing in this action via CM/ECF.

This approach is supported by other courts that have found Federal Rule of Civil Procedure 4 a reasonable filler for the "gaps" in Rule 45. "Under the circumstances of this case, the undersigned concludes that it is appropriate to look to Rule 4 to fill in gaps as to what constitutes adequate service of the Subpoena. Therefore, the Court concludes that even if direct service on Pegatron Co. at the Elk Grove address was not proper, service of the Subpoena indirectly through Pegatron USA was adequate." *City of Roseville Employees' Retirement System v. Apple, Inc.*, Case No. 4:19-cv-02033-YGR (N.D. Cal. March 29, 2021). Rule 4 allows service of process on foreign entities, and is one of the underlying Rules that this Court allowed alternative service of process from when it granted Plaintiff's initial motion regarding Kudriavtsev and Mediolex. While Rules 4 and 45 are distinguishable because "Rule 4…is aimed

5

at providing notice, and Rule 45…governs service of compulsory process, compelling the recipient to do something and subjecting them to sanctions if they do not comply," that difference is immaterial here because Kudriavtsev, Mediolex's ultimate beneficial owner and alter-ego, already voluntarily submitted to this Court's jurisdiction as described above. *Id*.

**C.     As An Alternative To Rule 45, The Court Should Reverse Its Erroneous Dismissal of the ComplaintsBoard Defendants and Permit Discovery**

Plaintiff's Rule 45 subpoena is intended to obtain information from a prior party to this case that was clearly dismissed in error. That information would otherwise have been requested through typical discovery mechanisms.

Mediolex was *impersonating The Boston Globe to Massachusetts residents* even as its former counsel lied repeatedly at the October 26, 2023 motion to dismiss hearing, telling this Court that, "The way Mediolex makes money is just by advertisements that are displayed on the website," which is disproven by the clear evidence of extortion in the proposed Second Amended Complaint, and, "There's not indexing going on of Massachusetts companies." *See* ECF No. 114. *See also* ECF No. 116-1 at 24:18-19, 25:5-6. In fact, there was and is—*see* https://www.complaintsboard.com/us/ma—and more than "indexing," Mediolex was *impersonating* some of the companies it indexed, including the largest newspaper in the state!

This Court has unfortunately and inadvertently established a dangerous precedent allowing a foreign shell company to commit crimes targeting United States citizens and corporations, appear in court long enough to lie about those crimes and have valid claims dismissed, and then—should this Court find that Rule 45 does not allow service of a subpoena on a foreign corporation in any circumstances—become untouchable for discovery purposes. Given that Mediolex is part of a criminal enterprise, it is extremely unlikely that it would even respond to a request made via the Hague Evidence Convention.

6

Were the ComplaintsBoard Defendants not dismissed from this action based on misrepresentations by opposing counsel, Plaintiff would be able to obtain the information he needs from Mediolex via Federal Rule of Civil Procedure 26 and related Rules. This Court should correct its dismissal of the ComplaintsBoard Defendants to facilitate that process in the interests of justice.

**III.  CONCLUSION**

Plaintiff respectfully requests that this Court allow Plaintiff to serve Mediolex, Ltd. with a Rule 45 subpoena via its United States-based attorneys and the e-mail addresses described herein, or in the alternative, correct its improper dismissal of the ComplaintsBoard Defendants.

Dated: June 25, 2025               Respectfully submitted,

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

The ComplaintsBoard Defendants were erroneously dismissed from this action on March 25, 2024 pursuant to the Court's Order at ECF No. 118 and thus Sergei Igorevich Kudriavtsev and Mediolex, Ltd. cannot be conferred with.

Aaron Greenspan

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan