# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

AARON JACOB GREENSPAN,

      Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

      Defendants.

Case No.: 1:23-cv-10134-DJC

## DEFENDANT DIEGO MASMARQUES, JR.'S  RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SPECIAL MOTION TO DISMISS PURSUANT TO G.L. c. 231, § 59H, RULE 12 MOTIONS, AND MOTION TO STAY

Plaintiff's opposition to Defendant's motion for leave to file a special motion to dismiss pursuant to the Massachusetts Anti-SLAPP statute and motions under Rule 12 of the Federal Rules of Civil Procedure notably fails to argue that there is no good faith basis to raise such motions and they would fail on the merits—because Plaintiff cannot.  While the substance of Defendant's arguments will be fully addressed in his forthcoming briefing, Defendant nevertheless submits this response to address the legal and factual misstatements in Plaintiff's opposition.

1. **Plaintiff's Claims Are Based and Have No Substantial Basis Other Than or In Addition to Defendant's Petitioning Activity.**

Plaintiff's objections to Defendant's filing of a special motion to dismiss under the Massachusetts Anti-SLAPP statute are misplaced. More importantly, Plaintiff misstates the

applicable legal standard. Under the simplified framework recently set forth in *Bristol Asphalt Co., Inc. v. Rochester Bituminous Products, In*c., 493 Mass. 539 (Mass. 2024), a proponent of a special motion to dismiss under § 59H must "make a threshold showing through the pleadings and affidavits that the claims against it are 'based on' the [party's] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." Id. at 555. "Thus, to survive this first stage, the proponent must show that the challenged count has **no substantial basis in conduct other than *or in addition to* the special motion proponent's alleged petitioning activit**y." *Id (emphasis added).*

A cursory review of Plaintiff's own allegations set forth in the First Amended Complaint and evidence attached thereto, reveals that his claims are "based on" Defendant's petitioning activity protected under G.L. c. 231, § 59H:

- **August 29, 2017**: Defendant submitted a complaint to the Internal Revenue Service ("IRS") concerning Plaintiff and his company, Think Computer Corporation, which operates the website www.plainsite.org. *See* Doc. 54-5, p. 3.

- **December 11, 2017**: Defendant submitted a second IRS complaint against Plaintiff and Think Computer Corporation. *See* Doc. 54, ¶ 53; Doc. 54-5, p. 7.

- **April 2, 2018**: Defendant submitted a third IRS complaint regarding Plaintiff and his company. *See* Doc. 54-5, p. 9.

- **April 3, 2018**: Defendant posted information on a public message board, including approximately eight pages from a 60-page licensing file obtained from the Cleveland, Ohio Business Licensing Office concerning Think Computer Corporation. *See* Doc. 54-5, p. 14.

- **April 4, 2018**: Plaintiff—despite residing roughly 3,000 miles away from Defendant— filed for and obtained a temporary restraining order against Defendant in Santa Clara County, California. *See* Doc. 54, ¶ 60.

In addition, Defendant will present further evidence demonstrating that just before the initiation of this action on January 20, 2023, he had lodged additional complaints with

government agencies regarding Plaintiff and Think Computer Corporation, including, without

limitation:

- **June 19, 2022**: Complaint to the U.S. Securities and Exchange Commission ("SEC"). See Doc. 54-5, p. 35.

- **December 10, 2022**: Complaint to the Cybersecurity and Infrastructure Security Agency ("CISA").

These facts further reinforce that Plaintiff's lawsuit is a classic example of retaliatory

litigation intended to punish and chill Defendant's petitioning conduct.  As such, it squarely

implicates the protections afforded by the Massachusetts Anti-SLAPP statute.

2. **Plaintiff Cannot Show that an Anti-SLAPP Motion Is Untimely or Prejudicial**

Plaintiff's arguments regarding the purported untimeliness of Defendant's filing under

the Massachusetts Anti-SLAPP statute are misplaced. General Laws c. 231, § 59H provides that

a special motion to dismiss may be filed within sixty days of service of the complaint, or

thereafter with leave of court. Defendant now seeks such leave in good faith, and within the

discretion afforded by the statute and based on recent caselaw.

Plaintiff also ignores the critical fact that, during the original sixty-day period following

service of the First Amended Complaint, Defendant was precluded from asserting an Anti-

SLAPP defense under the then-existing framework of Massachusetts jurisprudence.  Since that

time, significant developments in Massachusetts caselaw—most notably clarifying the scope and

application of § 59H as discussed above—have altered the legal landscape. Defendant is entitled

to an opportunity to raise arguments in light of this updated precedent.

Defendant's former attorneys represented him for only a matter of weeks and lacked

sufficient time or familiarity with the procedural history and related litigation to meaningfully

assess whether a special motion to dismiss under the Massachusetts Anti-SLAPP statute was

appropriate. *See* Doc. 185, fn. 5. For the majority of this litigation, Defendant appeared *pro se* without the benefit of legal representation

Even more improper is Plaintiff's attempt to attribute delays in this litigation to Defendant. As previously explained, Defendant's wife was diagnosed with cancer shortly after Plaintiff initiated this baseless action in 2023, and Defendant devoted the following year to caring for her and accompanying her to medical treatments. In the span of the past eleven months, Defendant endured the profound loss of both his wife and his father, who passed away just six months apart. These extraordinary and deeply personal circumstances plainly establish either good cause under Federal Rule of Civil Procedure 16(b)(4) or excusable neglect under Rule 6(b). Plaintiff has suffered no cognizable prejudice as a result, and any delay attributable to Defendant has been minimal, reasonable, and entirely justified in light of the circumstances.

### 3.   Defendant's Rule 12(c) Motion Is Proper and Raises Dispositive Defenses

Contrary to Plaintiff's baseless assertions, the Court's prior ruling on Defendant's Motion to Dismiss the First Amended Complaint does not preclude Defendant from now seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant did not raise the statute of limitations defense in his motion to dismiss; therefore, this Court could not have adjudicated that issue, and its prior Order is silent on this very question. *See.* Doc. 118. Accordingly, Defendant now properly raises the statute of limitations defense in the forthcoming motion papers, and Plaintiff cannot avoid the fact that his claims are, in fact, time-barred.

Moreover, the Marlborough District Court**,** in an expungement order dated February 9, 2021 (Docket No. 1821CR1157), expressly determined that the proceeding initiated based on Plaintiff's allegations concerning online posts was not supported by a good faith basis. The court

found that Defendant was not responsible for the posts Plaintiff attributed to him, further undermining the factual foundation of Plaintiff's claims in this action.

As for Plaintiff's unfounded argument that Defendant is attempting to force Think Computer Corporation to retain counsel because it is an entity, that is a consequence of the law—not a strategic maneuver.  *See* Doc. 185, fn. 5. Defendant should not be prejudiced by Plaintiff's refusal to pay for legal representation or to join all parties required under Rule 19.  Plaintiff, having initiated this baseless action, cannot now rely on his own procedural omissions to shield the suit from dismissal or judicial scrutiny.  Rule 19 of the Federal Rules of Civil Procedure exists to ensure the just and efficient resolution of disputes and to prevent prejudice to any party resulting from the absence of necessary or indispensable parties.

Moreover, Plaintiff's claims of reputational harm and alleged harassment affecting "himself *and his family members*" only further underscore the absence of all necessary and indispensable parties.  *See* Doc. 185, p. 4. (emphasis added).  These assertions further support Defendant's position that the litigation cannot proceed in equity and good conscience without the joinder of *all* necessary and indispensable parties, particularly Think Computer Corporation's whose interests are not just central to Plaintiff's suit—they are his lawsuit.

### 4.  <u>Defendant Raises a Good Faith Challenge As To Subject Matter Jurisdiction.</u>

Subject matter jurisdiction may be challenged at any time under the Federal Rules of Civil Procedure.  Now represented by counsel, Defendant raises a good faith challenge to subject matter jurisdiction on the basis that the damages Plaintiff claims in his personal capacity either (i) do not meet the statutory threshold required under 28 U.S.C. § 1332(a), or (ii) are not personal damages at all, but rather damages attributable to Think Computer Corporation.

Indeed, Plaintiff's own exhibits submitted in opposition to Defendant's Motion to Dismiss confirm that any purported damages were incurred on behalf of Think Computer Corporation. For example, the invoice located Doc. 68-1, p.116) shows attorneys allegedly retained by Plaintiff in connection with matters involving Defendant were, in fact, engaged on behalf of Think Computer Corporation.  Similarly, another invoice (*see* Doc. 68-1, p. 64) purports to reflect Plaintiff's hourly rate and purported lost wages in connection with "defending [himself] against Mr. Mas Marques", yet references Think Computer Corporation, not Plaintiff personally, as the billing entity. In fact, that invoice does not mention Plaintiff at all; it references only Think Computer Corporation.  *Id.*

5. <u>**Conclusion**</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file a special motion to dismiss pursuant to the Massachusetts Anti-SLAPP statute, G.L. c. 231, § 59H, as well as motions under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. Defendant brings these motions in good faith and on the basis of legal and factual grounds that are timely, well-supported, and procedurally proper.

Respectfully submitted,

DEFENDANT, DIEGO MASMARQUES, JR.,

By his Attorney,

*/s/ Ashley A. Andrade*

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

Dated:  June 25, 2025

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this document was filed electronically on June 25, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ashley A. Andrade*

_____

Ashley A. Andrade
BBO # 697189