UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

    Plaintiff,

  v.

DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATION IN SUPPORT OF ECF NO. 185, PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE SPECIAL MOTION TO DISMISS PURSUANT TO G.L. c. 231, § 59H AND RULE 12 MOTIONS**[1]

Some 48 hours after Defendant Diego MasMarques, Jr., through his counsel in ECF No. 190, falsely accused Plaintiff of "sandbagging" by including new arguments in a reply brief that could have been presented previously—which was not the case—Defendant MasMarques has done exactly that. In his reply brief, he for the first time accuses Plaintiff of having paid for an attorney in California using corporate funds, because the lawyer's firm sent invoices (already in the record at ECF No. 68-1 at 113 and 116) to "Think Computer Corporation," which

---

[1] The caption of the motion filed at ECF No. 184, which Plaintiff matched in his opposition brief at ECF No. 185, seems to have transformed to encompass a fourth proposed motion, a "motion to stay," by the time the docket reached Defendant MasMarques's reply at ECF No. 195. Opposing counsel should be admonished for using the reply brief's modified caption to move the goalposts, which is both confusing and impermissible. Plaintiff uses the initial caption here.

1

MasMarques argues nominally supports the argument that Think Computer Corporation should be joined as a party in this matter.

At this point, it should not surprise the Court that Defendant MasMarques's accusations are false. Think Computer Corporation never paid for any attorney related to any litigation concerning Defendant MasMarques, and Plaintiff has the images of the cashed personal checks made out to Broderick Saleen Attorneys At Law to prove it. For example:

[Image of a personal check from Aaron J Greenspan, 884 College Ave, Palo Alto, CA 94306, check number 146, dated January 9, 2019, pay to the order of Broderick Saleen Attorneys at Law, amount $1,000.00, One thousand dollars, UnionBank, memo: Santa Clara Case No. 18CH[redacted]7]

Broderick Saleen addressed its invoices to Think Computer Corporation because the firm had previously and separately represented Plaintiff's corporate entity as local counsel in a patent lawsuit totally unrelated to this matter, Northern District of California Case No. 3:14-cv-01374-EDL, and its office staff apparently did not bother to create a new client record for Plaintiff personally. Whether or not the firm engaged in good internal recordkeeping practices has no bearing on the fact that Broderick Saleen was representing Plaintiff Aaron Greenspan in the relevant restraining order proceedings, not Think Computer Corporation, just as it says in the transcripts. *See* ECF No. 1-6 at 13:3-4 ("MS. SALEEN: Your Honor, line item 9. I am specially appearing for Aaron Greenspan.") and 30:7-8 ("MR. BRODERICK: Timothy Broderick for

2

Aaron Greenspan."). What this demonstrates is that Plaintiff deliberately chose to deem this matter personal, even when presented with the opportunity for his company to cover the expense.

Sensing an opportunity to vexatiously increase the cost of litigation for Plaintiff here by abusing the Federal Rules of Civil Procedure, Defendant MasMarques and/or his eighth attorney in this group of matters, Ashley Andrade, latched onto a half-baked theory without conducting proper due diligence, which they could have pursued during discovery, *but chose not to*. Written fact-based discovery is now closed. ECF No. 170. Instead, Attorney Andrade took yet another gamble that "facts" she was putting before the Court might actually be true. She lost that bet. Plaintiff, who is not an attorney, should not be made to endure pointless motion practice because one sloppy attorney confused by another sloppy attorney's office practices jumped to conclusions as a result.

Not only did Think Computer Corporation *not* pay for Plaintiff's attorneys in this constellation of legal proceedings involving Defendant MasMarques *because the corporation's interests are not central to the dispute*, but it also did not pay for public records requests related to his campaign of harassment, or transcripts from the restraining order litigation in Santa Clara County, or transportation to and from the courthouse in California, or meals on days when Plaintiff had to be at the courthouse and could not prepare them himself, or Plaintiff's plane ticket to Boston in 2023, or Plaintiff's hotel in Boston, or filing fees, *or any other directly related expenses for years on end*. That is because Plaintiff has consistently treated this as a personal matter, not a corporate one, because that is exactly what it is.

Incredibly, Defendant MasMarques goes on to suggest that all of Plaintiff's extended family members, and presumably co-workers, whom Defendant MasMarques has ever targeted should also be joined as parties to further needlessly increase the cost and complexity of

3

litigation. As if his tactics are not already vexatious and harassing enough, Defendant MasMarques, with the assistance of counsel, would like to make them even worse by weaponizing the Rules, even as he is being sued over those very tactics.

Defendant MasMarques also raises for the first time in his reply brief the argument that there was no "good faith basis" for the Middlesex County District Attorney's Office and Marlborough Police Department to jointly decide to file criminal charges against Defendant MasMarques in 2018. This is a misrepresentation. The hand-written expungement order in the referenced case—issued after a hearing at which Plaintiff was not present and had no input—is difficult to read, but does not appear to use the words "good faith basis" at all. Instead, it confuses a variety of facts and reaches unsupported conclusions while noting that already-convicted-murderer MasMarques complained that he was having trouble finding employment.

Rather than clog the docket with three (or four!) pointless sets of motions, oppositions, and replies, Plaintiff should be permitted to file a declaration containing exhibits that clarify these material points and avoid the needless complexity. No further argument is necessary; the evidence speaks for itself. Or, in the alternative, the Court should deny this motion as moot as it denies Defendant MasMarques's motion in full—which, after all, is now pending as both his document request responses *and* second set of interrogatory responses are missing.

Dated: June 26, 2025          Respectfully submitted,

 

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

4

## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on June 26, 2025, I conferred with counsel for Defendant Diego MasMarques, Jr. in regard to this motion in a good faith effort to resolve this issue and/or to narrow the issues. In response, she threatened to request Rule 11 sanctions.

_____
Aaron Greenspan

**CERTIFICATE OF SERVICE**

 I hereby certify that on June 26, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan