UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND IMPOSE CASE-ENDING SANCTIONS

On May 24, 2025, Plaintiff served additional interrogatories on counsel for Defendant Diego MasMarques, Jr. Although they were clearly due "within thirty (30) days," Defendant MasMarques did not respond within thirty days. Plaintiff e-mailed opposing counsel on June 25, 2025, pointing out that the responses were again late. Opposing counsel responded the same day claiming, without citation to any authority, that "you served those interrogatories on a Saturday, during Memorial Day Weekend. Service was, therefore, accepted on the next business day—Tuesday, May 27." Plaintiff disputed this interpretation with opposing counsel but continued to wait. On June 26, 2025, thirty days from opposing counsel's unsubstantiated deadline, still no responses were forthcoming. Plaintiff made clear that he intended to file a motion to compel.

On June 30, 2025, the Court held a hearing on ECF No. 179, Plaintiff's first motion to compel discovery responses from Defendant MasMarques. The Court specifically admonished

1

opposing counsel, stating that she could not defer responses to some date of her choosing, and that responses had to be produced forthwith.  An order has not yet been entered on the docket.

After the hearing on June 30th, Plaintiff e-mailed opposing counsel, once again inquiring to the whereabouts of the missing discovery responses, writing, "Please advise.  It's well past 30 days even from your incorrectly-calculated deadline."  Opposing counsel did not respond.  Plaintiff wrote again.

On July 2, 2025, opposing counsel finally responded, stating, "We just had a hearing on Monday, and I am currently awaiting the Court's decision regarding my client's request for a protective order.  Until the Court rules, it is reasonable to hold off on serving my client's responses to your latest set of interrogatories.  If necessary, I will file a formal motion."  Furthermore, opposing counsel wrote, "I will be sending you a deposition notice."  There is no "Court rule" that allows for delayed responses to discovery requests when a hearing has been held on a Monday well after those responses were actually due.

Defendant MasMarques's games must stop.  Plaintiff wishes to move the Court for an order compelling responses to Plaintiff's additional discovery requests served in May, as well as an order prohibiting the service of any notice of deposition on Plaintiff so long as any of Defendant MasMarques's discovery responses remain outstanding or deficient, as well as an order entering default as a sanction against Defendant MasMarques for persistently refusing to obey this Court's Rules and Orders.

Accordingly, Plaintiff respectfully requests that this Court permit the filing of a motion for the above relief.

Dated: July 7, 2025                    Respectfully submitted,

*[signature]*

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org


### **CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that on June 30, 2025 and thereafter, I attempted to confer with counsel for Defendant Diego MasMarques, Jr. in regard to this motion in a good faith effort to resolve this issue and/or to narrow the issues.

*[signature]*

Aaron Greenspan

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan