UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 23-10134-DJC |
| v. ) | |
| ) | |
| DIEGO MASMARQUES, ) | |
| ) | |
| Defendant. ) | |

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 179]

July 8, 2025

Boal, M.J.

Pro se plaintiff Aaron Greenspan ("Greenspan") moves to compel discovery responses from defendant Diego MasMarques ("MasMarques"). Docket No. 179.[1] After careful consideration of the parties' submissions, as well as the arguments presented at the June 30, 2025, hearing, I grant in part and deny in part the motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Greenspan brings claims including libel, abuse of process, and malicious prosecution against MasMarques. Greenspan founded Think Computer Corporation, a software company which operates PlainSite, a website that provides free access to court documents and other public records. Docket No. 54 at ¶ 2. Greenspan oversees the operation of PlainSite. Id. An individual may contact PlainSite to seek the suppression of his court records. Id. at ¶ 8. Since 2016,

---

[1] On February 12, 2025, Judge Casper referred this case to the undersigned for full pretrial management. Docket No. 152.

1

Greenspan alleges that MasMarques has sought the removal of his criminal records from PlainSite, which was denied. Id. at ¶¶ 36-41. Thereafter, Greenspan alleges that MasMarques, among other actions, sent him threatening emails, harassed him and his family, made defamatory posts, and filed false complaints about Greenspan. See, e.g., id. at ¶¶ 46, 50-53, 55-56, 115, 132-33.

Greenspan served his first set of document requests on February 12, 2025, and his first set of interrogatories on April 18, 2025. Docket No. 179 at 5-6.[2] At a scheduling conference on April 9, 2025, this Court ordered defendant to respond to the document requests by May 8, 2025. See Docket Nos. 169; 173; 181 at 1. On April 17, 2025, defendant's prior counsel provided document responses, which Greenspan argued were insufficient. Docket Nos. 179 at 5; 181 at 1-2. Greenspan filed the subject motion on May 21, 2025. Docket No. 179. On May 23, 2025, MasMarques served interrogatory responses. Docket No. 189 at 3. After conferral, MasMarques supplemented his document production. Docket No. 181 at 3. He also provided amended interrogatory responses on May 24, 2025. Id; Docket No. 189 at 3. With respect to the document production, MasMarques bifurcated the production of documents. He has turned over the first part of the production but argues that a protective order is needed prior to the disclosure of the remaining documents. Id.

II.  ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

2

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information. See Fed. R. Civ. P. 37(a)(3). "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

A. Interrogatories

When Greenspan filed the instant motion, MasMarques had not responded at all to the interrogatory requests. The motion logically therefore sought responses to all 19 interrogatories. Since the filing of the motion, MasMarques responded to all of the interrogatories (including objecting to some interrogatories in their entirety) on May 23, 2025, and provided supplementary responses to interrogatory numbers 5 and 12 on May 24, 2025. Docket Nos. 182-1; 182-3. In his reply, Greenspan identifies deficiencies with respect to responses to interrogatory numbers 5, 6, 9, 10, and 12, which I address herein.[3] Docket No. 189 at 3-5. He also seeks to compel answers to interrogatory numbers 13-19, to which MasMarques only provided objections. Docket No. 189 at 5.

---

[3] Local Rule 37.1 requires the movant with respect to discovery disputes to specify disagreements for each contested request. I, therefore, do not address the interrogatory responses about which Greenspan did not specifically complain.

Interrogatory number 5 states "Describe YOUR process for creating fake accounts on gripe sites such as ComplaintsBoard." Docket No. 182-1 at 6. MasMarques objects to characterization of the accounts as "fake." Nevertheless, with that objection, MasMarques has provided a sworn response, and this Court sees no basis to order him to change it. Greenspan alleges that MasMarques' response to interrogatory number 5 is inaccurate and contradicted by the allegations in the complaint. Greenspan may well be right, but MasMarques has answered the interrogatory and Greenspan may use the answer as he sees fit in further proceedings.

Interrogatory number 6 seeks each username that MasMarques has used on the internet. Docket No. 182-1 at 6. MasMarques stated that he does not "use social media and [does not] remember ever creating any user names. If I did, it would have been to view content." Id. at 7. Greenspan, however, has identified twitter accounts used by MasMarques. Docket No. 189 at 4. At oral argument, counsel agreed to check with her client and supplement this interrogatory response as appropriate. Similarly, counsel agreed to check with her client about the response to interrogatory number 9 and supplement as appropriate. Based on the discussion at oral argument, counsel is also directed to determine whether there are any further email addresses (including those associated with protonmail.com) that are responsive to interrogatory numbers 10 and 12. In addition, this Court orders MasMarques to answer interrogatory number 13 but denies the motion with respect to interrogatory numbers 14-19 as those requests do not seek relevant information or are otherwise improper.

At oral argument, it was not clear what role counsel played in searching MasMarques' electronic devices or electronic accounts. It is the duty of counsel to ensure a proper search of the electronic devices. Cf. Equal Emp. Opportunity Comm'n v. M1 5100 Corp., No. 19-CV-81320, 2020 WL 3581372, at *3 (S.D. Fla. July 2, 2020) ("Abdicating completely the discovery

4

search, collection and production to a layperson or interested client without the client's attorney having sufficient knowledge of the process, or without the attorney providing necessary advice and assistance, does not meet an attorney's obligation under our discovery rules and case law."). Therefore, counsel for defendant must ensure that a proper search is conducted of MasMarques' electronic devices and accounts in conjunction with responding to Greenspan's discovery requests and supplement the defendant's responses to both the interrogatories and document requests accordingly.

B. <u>Document Requests</u>

MasMarques has withheld part of his document production on the basis that this Court should enter a protective order prior to his release of those documents.

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984). "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." <u>Baker v. Liggett Group, Inc.</u>, 132 F.R.D. 123, 125 (D. Mass. 1990) (citing <u>Anderson v. Cryovac</u>, Inc., 805 F.2d 1, 7 (1st Cir. 1986)). The party seeking a protective order has the burden of demonstrating good cause. <u>Cartel Asset Mgmt. v. Ocwen Fin. Corp.</u>, No. 01–cv–01644–REB–CBS, 2010 WL 502721 at *10 (D. Colo. Feb. 8, 2010). The moving party cannot sustain its burden by offering conclusory statements. <u>Id.</u>; <u>Baker</u>, 132 F.R.D. at 125. This Court finds that MasMarques has not met the standard under Rule 26(c).

Accordingly, MasMarques must produce the remaining documents within two weeks of the date of this order.

III. ORDER

For all of these reasons, this Court grants in part and denies in part Greenspan's motion to compel. I decline to award sanctions.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE