UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON JACOB GREENSPAN,

        Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

        Defendants.

Case No.: 1:23-cv-10134-DJC

### DEFENDANT DIEGO MASMARQUES, JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR FRCP 11 SANCTIONS

#### I.    INTRODUCTION

Defendant Diego MasMarques, Jr. ("Defendant") respectfully submits this opposition to Plaintiff Aaron Jacob Greenspan's ("Plaintiff") motion for sanctions under Federal Rule of Civil Procedure 11 ("Motion"). Plaintiff's Motion is procedurally defective, substantively meritless, and represents a clear misuse of Rule 11 for improper tactical purposes. Rule 11 was never intended to be wielded as a tool to pressure opposing parties or to suppress the presentation of potentially valid claims or defenses. Instead, it was enacted to deter the filing of frivolous submissions lacking a factual or legal foundation and made without reasonable investigation. Plaintiff's Motion fails to meet this standard and should be denied in its entirety.

1

## II.     PROCEDURAL BACKGROUND

Defendant filed a motion to dismiss on August 21, 2023.  *See* Doc. No. 66.  Following the Court's ruling—granting the motion in part and denying it in part—Defendant filed an Answer[1] to the initial Complaint on July 8, 2024.  *See* Doc. No. 143.

On February 12, 2025, the Court issued an Electronic Order, striking, in part, Defendant's Answer.  *See* Doc. 148.  On April 29, 2025, the Court ordered Defendant, "to the extent not already done," to serve his initial disclosures and to file an Amended Answer by May 8, 2025.  *See* Doc. 173.

On May 6, 2025, undersigned counsel entered an appearance on behalf of Defendant. *See* Doc. 174.  Shortly thereafter, the Court granted Defendant's request for additional time, extending the Amended Answer deadline to May 16, 2025.  *See* Doc. 177.

On or about May 16, 2025, Defendant filed his Amended Answer.  Within a few hours of the filing of the "Amended Answer", Plaintiff emailed undersigned counsel, threatening to file a complaint with the Massachusetts Board of Bar Overseers unless she and Defendant retracted or amended the newly filed Amended Answer, and further announced his intention to seek Rule 11 sanctions. *See* Doc. 179-1, p. 18.

Defendant's counsel met and conferred with Plaintiff on May 19, 2025, regarding his purported issues regarding the Answer—all of which were meritless, as further discussed below.

On or about June 12, 2025, Defendant filed a motion for leave to file a special motion to dismiss pursuant to the Massachusetts anti-SLAPP statute, G.L. c. 231, § 59H, as well as

---

[1] Defendant's initial Answer, prepared when he was unrepresented by counsel, was directed at the superseded Complaint.

dispositive motions under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure. *See* Doc. 184.[2]

On or about June 25, 2025, Plaintiff filed the underlying motion. *See* Doc. 193.

### III. STANDARD OF REVIEW

Rule 11 provides in relevant part:

> By presenting a signed pleading, motion, or other paper to the Court, the attorney certifies that:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)-(3).

The use of sanctions "serves two main purposes: deterrence and compensation." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992). Rule 11 is a "potent weapon," *id*., and so "a judge should resort to [sanctions] only when reasonably necessary—and then with due circumspection." *United States v. Figueroa-Arenas*, 292 F.3d 276, 279 (1st Cir. 2002) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). "[F]or Rule 11 purposes, a party's pleading must be judged on the basis of what was reasonable when the pleading was filed rather than in hindsight." *Navarro-Ayala*, 968 F.2d at 1425.

Courts in this Circuit generally resolve all doubts in favor of the signer. *See Anaqua, Inc. v. Schroeder*, No. 12-10710-FDS, 2014 WL 1795310, at *3 (D. Mass. May 5, 2014); *see also* 2-

---

[2] Defendant's motion for leave remains pending.

3

11 Moore's Federal Practice - Civil § 11.23 ("For example, in determining whether a particular claim is merely a losing argument or is losing and sanctionable, the trial courts are to resolve all doubts in favor of the signer." (internal quotation omitted)).  Furthermore, "Rule 11 sanctions should be reserved for only most egregious of lawyerly missteps." *McGee v. Town of Rockland*, No. 11-cv-10523-RGS, 2012 WL 6644781, at *1 n. 2 (D. Mass. Dec. 20, 2012).

## IV.    ARGUMENTS

**A. Defendant's Filings Are Objectively Reasonable And In Compliance With Rule 11.**

Rule 11 is designed to discourage the filing of frivolous and unsupported claims by "impos[ing] a duty on counsel to investigate their clients' claims before making any filings and to reassess them throughout the litigation." *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 758 (1st Cir. 1988).  Under the Rule, "[p]rior to signing a pleading, a litigant must fulfill the affirmative duty to conduct a reasonable inquiry into the facts and the law." *Navarro-Ayala v. Nunez,* 968 F.2d 1421, 1426 (1st Cir. 1992) (quotation and citations omitted).  Such duty has been (and continues to be) met here.

Nothing in the record—nor in Plaintiff's Motion—suggests that Defendant filed any pleadings or motions with the intent to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Moreover, Plaintiff has not alleged that Defendant engaged in any "egregious" conduct, or conduct rising to that level.  *See also Dubois v. U.S. Dep't of Agric.*, 270 F.3d 77, 83 (1st Cir. 2001) (affirming a refusal to impose sanctions under Civil Rule 11 where conduct at issue was not "egregious").

Indeed, sanctions are only warranted if a litigant continues "insisting upon a position after it is no longer tenable." *See* Fed. R. Civ. P. 11, Advisory Committee Notes (1993).  That has not happened here.  Even then, such a motion still would not be permitted.  *See also, Unanue-Casal*

4

*v. Unanue-Casal*, 898 F.2d 839, 847 (1st Cir. 1990) ("Since Rule 11 targets abuse ... the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute. Otherwise the existence of Rule 11 and its frequent application might have a chilling effect on many possibly meritorious claims.").

### B. Plaintiff's Motion Misuses Rule 11 To Avoid Merits Adjudication.

The primary substance of Plaintiff's Motion is that Defendant's "denials" in the Amended Answer "is not warranted" and that Defendant and his attorney "presented false statements to the Court." *See generally,* Doc. No. 193. In essence, Plaintiff's Motion seeks to sanction Defendant for asserting defenses and his attorney for advocating on his behalf.

Plaintiff's assertions are not only conclusory and meritless, but also fundamentally flawed. Rule 11 does not require a party to investigate a claim "to the point of absolute certainty." *CQ Int'l Co., Inc. v. Rochem Int'l, Inc.*, 659 F.3d 53, 63 (1st Cir. 2011) (quotation omitted). "Rather, it is sufficient if a factual contention 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Id*. (citing Fed. R. Civ. P. 11(b)(3)).

Moreover, courts have consistently cautioned that Rule 11 motions should not be used as an improper substitute for dispositive motions. *See* Fed. R. Civ. P. 11 Advisory Committee Notes (1993) ("Rule 11 motions . . .should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes."). Plaintiff's motion is a textbook example of such misuse, attempting to attack the legal and factual sufficiency of the Defendant's defenses under the guise of a sanctions motion.

Importantly, courts in this Circuit often defer ruling on sanctions motions until after resolution on the merits—by summary judgment or trial. In *Lichtenstein v. Consol. Servs. Grp., Inc.*, the First Circuit held:

> It was also entirely appropriate for the court to consider the Rule 11 motion at the conclusion of the bench trial. Courts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where the thrust of the sanctions motion is that the institution of the case itself was improper. See 5A Charles Wright & Arthur R. Miller, Federal Practice and Procedure §1337 at 121 (2d ed. 1990).

173 F.3d 17, 23 (lst Cir. 1999).

Here, Plaintiff advances arguments that are inappropriate for a Rule 11 motion, including challenges to the legal and factual sufficiency of Defendant's defenses. As such, Plaintiff's Motion is both procedurally improper and substantively unwarranted. There is simply no legitimate purpose for filing a Rule 11 motion in response to an answer to the Complaint, particularly while discovery remains ongoing. Filing such a motion at this stage serves only to cause the very type of "unnecessary delay of disposition of the case on the merits" that the *Lichtenstein* Court and Wright & Miller explicitly caution against.

Indeed, if Plaintiff felt so confident in his claims, he would be filing a motion for summary judgment, not attempting to argue the "merits" on a Rule 11 motion. For these reasons alone, the Plaintiff's Motion must be denied

### C. Plaintiff's Motion Is Itself Sanctionable.

Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits and provides for sanctions as a deterrent. *See Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992). The Rule expressly provides that the filing of a motion for sanctions is itself subject to Rule 11 and must be filed only for a proper purpose. See Fed. R.

Civ. P. 11(c)(2), Advisory Committee Notes (1993) ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.").

Here, Plaintiff's Motion is devoid of merit and was plainly filed to harass Defendant and counsel, increase litigation costs, and delay resolution of Defendant's forthcoming dispositive motions, for which leave has been requested. Such conduct is, in itself, sanctionable. *See Siri v. Town of Hingham*, 662 F. Supp. 3d 44, 49 (D. Mass. 2023) (recognizing that the Court has the power to sanction pro se litigants for filing pleadings that "harass or . . . cause unnecessary delay or needlessly increase in the cost of litigation") (quoting *Simon v. Navon*, 71 F.3d 9, 17 (1st Cir. 1995)).

## V.  CONCLUSION

**WHEREFORE,** Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion and award Defendant reasonable expenses, including attorneys' fees, incurred in responding to this improper motion, and grant to Defendant any and all other relief which this Honorable Court deems just and equitable.

    Respectfully submitted,

    DEFENDANT, DIEGO MASMARQUES, JR.,

    By his Attorney,

    */s/ Ashley A. Andrade*
    _____
    Ashley A. Andrade, Esq.
    ANDRADE LEGAL, LLC
    867 Boylston Street, 5th Floor #1119
    Boston, MA 02116
    BBO# 697189
    Phone: 617.206.1822
    Email: ashley@andrade-legal.com

Dated: July 9, 2025

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on July 9, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ashley A. Andrade*

Ashley A. Andrade
BBO # 697189