UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN, <br><br> Plaintiff, <br><br> v. <br><br> DIEGO MASMARQUES, <br><br> Defendant. | Civil Action No. 23-10134-DJC |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE SPECIAL
MOTION TO DISMISS AND RULE 12 MOTIONS**
[Docket No. 184]

July 14, 2025

Defendant Diego MasMarques has filed a Motion for Leave to File Special Motion to Dismiss and Rule 12 Motions.[1]  Docket No. 184.  For the following reasons, this Court denies the motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Aaron Greenspan owns and operates Think Computer Corporation, a software company that operates PlainSite, a website that provides free access to court documents and other public records.  Docket No. 54 ¶ 2.  Through a "Contact Us" form, PlainSite allows an individual who wishes to have his or her court records suppressed or removed from PlainSite to submit a request.  Id. ¶ 8.

---

[1] On February 12, 2025, Judge Casper referred this case to the undersigned for full pretrial management.  Docket No. 152.

1

PlainSite published information about MasMarques' alleged criminal history. See id. ¶ 37. Since 2016, MasMarques has allegedly sought the removal of his criminal records from PlainSite, which Greenspan refused. Id. ¶¶ 36-41. Thereafter, Greenspan alleges that MasMarques, among other actions, sent him threatening emails, harassed him and his family, made defamatory posts, and filed false complaints about Greenspan. See, e.g., id. ¶¶ 46, 50-53, 55-56, 115, 132-33.

On January 20, 2023, Greenspan filed the present action against MasMarques. Docket No. 1. On July 25, 2023, he filed an amended complaint asserting libel per se (Count I), civil harassment (Count II), tortious interference (Count III), abuse of process (Count IV), malicious prosecution (Count V), civil conspiracy (Count XII), false light invasion of privacy (Count XIII), and intentional infliction of emotional distress (Count XIV).[2] Docket No. 54. Greenspan requests both monetary and injunctive reliefs against MasMarques. See id. at 46-48.[3] Particularly with respect to the injunctive relief, Greenspan asks this Court to issue an injunction ordering MasMarques to remove libelous posts about Greenspan and prohibit any future posting. Id.

On August 21, 2023, MasMarques filed pro se a motion to dismiss arguing, inter alia, that the complaint failed to state a claim with respect to all counts. See Docket No. 67 at 3-7. Judge Casper granted in part and denied it in part in a comprehensive decision. See Docket No. 118.

---

[2] The amended complaint also named Sergei Igorevich Kudriavtsev, Mediolex Ltd., and Astrad Ltd. as co-defendants whom Judge Casper dismissed for lack of personal jurisdiction. Docket No. 118 at 22.

[3] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

2

Specifically, the Court dismissed Count II (Civil Harassment) and III (Tortious Interference) but denied the motion with respect to the rest the counts.  Id. at 38.

After deciding the motion to dismiss, Judge Casper ordered, due to their tendency to file unwarranted motions, that the parties "are not permitted to file any other papers in this matter without first seeking leave of Court."  Docket No. 119.

On June 12, 2025, more than two years after the case was filed and after the parties have engaged in discovery, MasMarques' new counsel[4] filed this motion seeking leave from this Court to file a special motion to dismiss pursuant to the Massachusetts anti-SLAPP statute.  Docket No. 184 at 3-5.  MasMarques also seeks leave to file Rule 12 motions on the following grounds:

- The remaining claims are barred by the statute of limitations;

- The complaint fails to meet Iqbal/Twombly pleading standard;

- The complaint fails to plead actual malice with respect to the defamation-based claims;

- Greenspan failed to join Think Computer Corporation as an indispensable party under Rule 19(a); and

- This Court lacks subject matter jurisdiction because the complaint fails to allege a concrete, particularized injury in fact.

Id. at 5-7.

---

[4] MasMaques' current counsel entered an appearance on May 6, 2025.  Docket No. 174.  Three other attorneys previously have entered an appearance and subsequently withdrawn.  Docket Nos. 22, 159, 171.

II.     ANALYSIS

    A.     Massachusetts Anti-SLAPP Statute

MasMarques' leave to file a special motion to dismiss under the Anti-SLAPP statute is untimely. The Massachusetts Anti-SLAPP statute provides for a special motion to dismiss that allows courts to "dispose expeditiously of meritless lawsuits that may chill petitioning activity." Town of Hanover v. New England Reg'l Council of Carpenters, 467 Mass. 587, 594 (2014) (internal quotation marks omitted). The purpose of the special motion is to resolve anti-SLAPP suits "quickly with minimum cost by establishing a procedural remedy for early dismissal." Donovan v. Gardner, 50 Mass. App. Ct. 595, 602 (2000) (internal quotation marks omitted). Thus, under the statute, a defendant may, as a matter of right, file such a motion to dismiss "within sixty days of the service of the complaint" or "in the court's discretion, at any later time upon terms it deems proper." M.G.L. c. 231, § 59H. Courts sometimes will entertain a special motion to dismiss outside of the sixty days' time window if "little discovery has been taken place and the case is in its infancy." Shire City Herbals, Inc. v. Blue, No. 15-30069-MGM, 2016 WL 2757366, at *3 (D. Mass. May 12, 2016).

Here, the sixty-day window has long passed. The amended complaint was filed and served on July 25, 2023, almost two years ago. The parties have already engaged in significant motion practice, including a motion to dismiss, and discovery is well underway. Under the circumstances, this Court declines to exercise its discretion to extend the Section 59H special motion filing timeline as such motion at this stage of the case no longer serves its intended purpose.[5] See French v. Smith, 99 Mass. App. Ct. 1111, 2021 WL 650340, at *1 (Feb. 19, 2021)

---

[5] MasMarques states that "[a]t the time of filing his motion to dismiss . . . the controlling legal framework for interpreting Massachusetts' anti-SLAPP statute had not yet been clarified by the Massachusetts Supreme Judicial Court's [] decision in *Bristol Asphalt Co. v. Rochester*

4

(holding that the trial court did not abuse its discretion in denying a special motion to dismiss as untimely because "the defendants waited until over three years from the filing of the complaint, after discovery had closed, to file their anti-SLAPP motion."); Trifiro v. French, 63 Mass. App. Ct. 1111, 2005 WL 840372, at *2 (Apr. 11, 2005) (holding that the trial judge did not abuse his discretion for refusing to extend the period of filing beyond the sixty days timeframe to ten months "because of the time-lapse and because of the progress in the case."). For all these reasons, this Court denies MasMarques' request to file an anti-SLAPP motion.

> B. Rule 12 Motions
>
> > 1. Subject Matter Jurisdiction

MasMarques seeks to file a motion pursuant to Rule 12(b)(1) arguing that the complaint fails to allege that Greenspan has suffered a concrete, particularized injury in fact as required by Article III of the U.S. Constitution. Docket No. 184 at 6. To satisfy the standing requirement for subject matter jurisdiction, a plaintiff must prove, inter alia, he "suffered an injury in fact." Spokeo v. Robins, 578 U.S. 330, 338 (2017). "To establish an injury in fact, a plaintiff must show that he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical." Id. at 339 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

MasMarques does not specify for which claims he alleges Greenspan lacks standing. Nevertheless, I have reviewed the complaint and find that Greenspan has plausibly pled standing for all of the remaining claims. For example, Greenspan alleges that MasMarques' defamatory

---

*Bituminous Products, Inc.*, 493 Mass. 539 (2024)." Docket No. 184 at 2. To the extent MasMarques intends to rely on Bristol Asphalt Co. to excuse his delay, that argument is unpersuasive as the decision was published in February 2024, more than a year before this motion was filed.

5

statements injured his reputation and caused him to suffer "great mental anguish and emotional distress." Docket No. 54 at 27-28; see also Amrhein v. eClinical Works, LLC, 954 F.3d 328, 331 (1st Cir. 2020) ("[T]he common law has long permitted recovery by certain tort victims— e.g., for libel or slander per se—even if their harms (e.g., to reputation) may be difficult to prove or measure." (internal quotation marks omitted)). Moreover, MasMarques acknowledges, in his motion, that Greenspan has alleged "injury stems from . . . reduction in valuation of [his] company, Think Computer," and "this diminution in value adversely affected [Greenspan's] personal compensation or wages." Docket No. 184 at 6; see also Docket No. 54 at 4; cf. Stafford v. CSL Plasma, Inc., 504 F. Supp.3d 9, 13 (D.R.I. 2020) (finding a loss of employment and monetary compensation from that employment to be injury in fact). These are concrete and particularized injuries. Therefore, this Court denies MasMarques' request to file a 12(b)(1) motion.

        2.       Judgment On The Pleadings

MasMarques' request to file a Rule 12(c) motion is based on grounds that are either already decided by this Court or inappropriate for this stage of the case. First, Judge Casper has already ruled on a Rule 12(b)(6) motion filed by MasMarques. Second, it is inappropriate and inefficient to test the plausibility of the pleading on factual issues such as the statute of limitations or actual malice when the parties are in the midst of factual discovery, which is scheduled to be completed by August 29, 2025. See Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 46 (1st Cir. 2012) (expressing that "one of the main goals of the plausibility standard [under Rule 12(c)] is the avoidance of unnecessary discovery" and that "[a]pplying the plausibility standard to a complaint after discovery is nearly complete would defeat [its] core purpose.").

Indeed, the First Circuit has cautioned that district courts should "hesitate to entertain a Rule 12(c) motion" once "the parties have invested substantial resources in discovery." Id. at 46. Instead, these factual issues are more appropriate for summary judgment. See, e.g., Redondo Const., Co. v. Izquierdo, 929 F. Supp.2d 1, 5 (D.P.R. 2012) (declining to entertain a Rule 12(c) motion on the issue of damage because "substantial pretrial discovery has taken place in this case and [i]gnoring the entire panoply of facts developed during discovery makes little sense" but advised the defendants to bring the issue in a summary judgment motion (internal quotation marks omitted) (alteration in original)); AM Gen. LLC v. Demmer Corp., No. 3:12CV333, 2013 WL 5348484, at *1, *6 (N.D. Ind. Sep. 23, 2013) (noting that many issues raised in the Rule 12(c) motion "are more appropriate for a summary judgment motion especially considering the amount of discovery that has taken place in this case"); Antero Res. Corp. v. C&R Downhole Drilling, Inc., No. 4:16-CV-00668-Y, 2019 WL 13193860, at *2-3 (N.D. Tex. Sep. 13, 2019) (denying the defendants' motion for judgment on the pleadings "[i]n light of the extensive discovery conducted in this matter" and stated that the "Defendants may move for summary judgment on all of the allegations . . . if they so choose"). Thus, this Court denies MasMarques' request to file a 12(c) motion.

III.    ORDER

For the reasons stated above, this Court denies MasMarques' leave to file certain motions.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE