UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>     Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>     Defendants. | Case No.: 1:23-cv-10134-DJC |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FRCP 72(a) OBJECTIONS TO ORDERS AT ECF NOS. 203 AND 205

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully requests that this Court grant motion for leave to file two formal Objections to Magistrate Judge Jennifer C. Boal's non-dispositive Electronic Orders at ECF No. 203 and 205 in this action, both filed July 11, 2025 (less than fourteen days ago). Plaintiff has a First Amendment right to petition the government and numerous rights to file various types of documents without impediment pursuant to the Federal Rules of Civil Procedure.[1] In this instance, Plaintiff believes that Magistrate Judge Boal

---

[1] Federal Rule of Civil Procedure 72(a) specifically uses the word "must" in the sentence, "The district judge in the case ***must*** consider timely objections…" (emphasis added). This suggests that any material delay in *permitting* an objection to be filed in a timely manner would not be lawful, nor would it be lawful for a court to prevent a Rule 72(a) objection from being filed. Thus, this motion for leave is being filed only out of respect for the Court and will be followed by the formal Objections before the deadline of "14 days" is over, or any decision denying leave will be contested on appeal. Alternatively, if time does not permit, the Court should construe this motion for leave as two respective Objections itself.

1

may have inadvertently made errors of law in her Electronic Orders and respectfully requests the ability to fully brief the issues.

In ECF No. 203, Magistrate Judge Boal denied Plaintiff's motion at ECF No. 194 for alternative service of a Rule 45 subpoena on dismissed party Mediolex, Ltd. ("Mediolex"). Since Mediolex is an overseas shell company, it is not located within the United States. Yet the Electronic Order failed to address several factors that distinguish this set of circumstances from the fact patterns in the cases cited: (1) one of Mediolex's United-States-based agents is still receiving Notices of Electronic Filing in this action and another—a Massachusetts attorney who is a member of the Bar of this Court and is thus within its jurisdiction—is still easily reachable by e-mail; (2) Latvia, unlike Canada (the foreign country at issue in *SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 148 (D. Or. 2021)), is a signatory to both the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Evidence Convention") and the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Service Convention"), and does not object to postal service pursuant to Article 10(a) of the Service Convention[2]; (3) as *SiteLock* explains,

> "Service on an agent of a corporation is sufficient, however, even though the agent on whom service is made does not have control of the books and records required to be produced, since it is not the agent who is to respond to the subpoena but the corporation, and the agent in that situation is merely the vehicle for reaching the corporation. A corporation is amenable to service of a subpoena under Rule 45(b) in any forum in which it has sufficient minimum contacts."

---

[2] *See* https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17: "In accordance with Article 10 of the Convention the Republic of Latvia does not object to the freedom to send a judicial document, by postal channels, directly to an addressee within the Republic of Latvia (paragraph (a) of Article 10) if the document to be served is in Latvian or it is accompanied by translation into Latvian and it is sent to the addressee using a registered postal letter (with an acknowledgement of receipt)."

citing 9A Charles H. Wright and Arthur R. Miller, Fed. Prac. and Proc. (Wright & Miller) § 2454 (3d ed. Oct. 2020 update); (4) the doubly non-binding reasoning adopted from *In re Three Arrows Cap., Ltd.*, 647 B.R. 440, 449 (Bankr. S.D.N.Y. 2022) is unavailing because *no* corporation can be considered "a United States national or resident" as no corporation is a natural person; and (5) more recent precedent expresses support for the service of Rule 45 subpoenas on foreign entities in foreign countries which have agreed to the Service Convention. *See Clayton v. Does*, Case No. 2:24-cv-00182-JLR, n. 1 (W.D. Washington July 16, 2024).

In ECF No. 205, Magistrate Judge Boal denied Plaintiff's motion at ECF No. 193 for Rule 11 sanctions, disregarding facts and relevant precedent to reach the incorrect conclusion that Plaintiff was asking the Court to prematurely adjudicate this case on the merits through a sanctions motion. This is simply not the case. Magistrate Judge Boal's misreading of the motion has the perverse effect of writing Rule 11(b)(4) out of the Federal Rules of Civil Procedure—a section notably omitted without explanation from Defendant MasMarques's opposition brief. Yet this specific sub-section has been applied in nearly identical circumstances, without waiting for the conclusion of an action. "The order also imposed sanctions pursuant to Rule 11(b)(4) based on Krull Electric's failure to make admissions of fact in its answer ***that it had previously admitted in the litigation*** before Judge Kocoras" (emphasis added). *Divane v. Krull Elec. Co., Inc.*, 200 F. 3d 1020, 1024 (7th Cir. 1999). Here, Defendant MasMarques made previous admissions in another court—admissions that were available as part of the record as part of the initial Complaint in this action, *see* ECF No. 1-6—that he and his counsel now brazenly contradict in his delayed and late "Amended Answer." This type of disingenuous backtracking is sanctionable, wastes everyone's time, and renders Plaintiff's motion anything but "frivolous." Furthermore, while Magistrate Judge Boal wrote that, "I see no reason to reconsider that decision

[of Judge Casper regarding fake citations]," she did not allow Plaintiff ample time to file a reply brief, which would have raised the fact that Defendant MasMarques and his counsel filed *another* false-in-context citation before the Court after he had already been warned that such conduct is sanctionable.  *See* ECF No. 191 at 2-4.  *See also* ECF No. 150 ("Although Plaintiff seeks to have this Court enter sanctions against Defendant for this filing, D. 138, the Court does not do so at this juncture but notes its authority to impose such sanctions.").

Therefore, Plaintiff respectfully requests that this Court permit the filing of Rule 72(a) Objections to ECF Nos. 203 and 205 and vacate its pre-filing Order—which the Court has never justified—at least as to Plaintiff.

Dated: July 14, 2025                    Respectfully submitted,

*[signature]*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

Civil Local Rule 7.1(a)(2) would not appear to apply to this motion since it concerns the filing of formal objections to the Court's rulings themselves.

*[signature]*
Aaron Greenspan

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan