## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

     Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO
MAS HOWARD a/k/a RICKY MAS MARQUES
a/k/a JACK JONES**, **SERGEI IGOREVICH
KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,

     Defendants.

Case No.: 1:23-cv-10134-DJC

### PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL NON-PARTY
### X CORP. TO COMPLY WITH FRCP 45 SUBPOENA
### [LEAVE TO FILE GRANTED VIA ECF NO. 206 ON JULY 11, 2025]

## TABLE OF CONTENTS

NOTICE OF MOTION ............................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I.      STATEMENT OF THE ISSUE ................................................................................. 1

II.     FACTUAL BACKGROUND .................................................................................... 1

III.    ARGUMENT ............................................................................................................ 2

      A.     This Court Has The Authority To Enforce Its Own Subpoena ............................ 2

      B.     X Corp. Acknowledged Receipt of The Subpoena and Failed To Object ............. 3

      C.     The Subpoena Is Valid ....................................................................................... 6

      D.     X Corp. Has A History Of Willful Non-Compliance With Subpoenas ................. 6

IV.    CONCLUSION ........................................................................................................ 7

## TABLE OF AUTHORITIES

### Cases

*Diaz v. Chapters Health Sys., Inc.,*
   2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020) ...................................................... 5

*In re DMCA Subpoena to X Corp. dba Twitter,*
   Case No. 3:23-mc-80294-PHK (N.D. Cal. September 18, 2024) ............................... 7

*In re Sealed Case,*
   77 F.4th 815, 829 (D.C. Cir. 2023) ........................................................................... 6

*In re: New England Compounding Pharmacy, Inc. Products Liability Litigation,*
   Case No. 1:13-md-02419-RWZ at 8 (D. Mass. November 13, 2013) ........................ 3

*Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC,*
   Case No. 2:23-mc-00032-PHX-DWL, 2023 WL 8185701, at 8 (D. Ariz. Nov. 27, 2023) ........ 3

*Ott v. City of Milwaukee,*
   682 F. 3d 552, 557 (7th Cir. 2012) ........................................................................... 3

*Rivera v. United States Attorney General,*
   Case No. 6:23-cv-2113-DCI (M.D. Florida March 10, 2025) .................................... 5

*S.E.C. v. Rex Venture Grp., LLC,*
   2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) ................................................ 5

*Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Ctr. PC,*
   2016 WL 159952, *2 (D. Ariz. 2016) ....................................................................... 3

### Rules

Federal Rule of Civil Procedure 15(a)(1)(B) ................................................................. 1

Federal Rule of Civil Procedure 45 ................................................................................. 1

Federal Rule of Civil Procedure 45(c)(2)(A) ................................................................................ 6

Federal Rule of Civil Procedure 45(d)(2)(B) ................................................................................ 2

Federal Rule of Civil Procedure 45(d)(3) ..................................................................................... 2

Federal Rule of Civil Procedure 45(e)(2)(B) ................................................................................ 2

Federal Rule of Civil Procedure 45(f) .......................................................................................... 3

<u>**NOTICE OF MOTION TO COMPEL NON-PARTY X CORP. TO COMPLY WITH**</u>
<u>**FRCP 45 SUBPOENA**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

 **PLEASE TAKE NOTICE** that on _____, 2025 at 9:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, located at 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court to compel non-party X Corp. to comply with the subpoena issued under Federal Rule of Civil Procedure 45 by this Court on June 18, 2025.

 The Court should grant Plaintiff's motion because X Corp. has been properly served with the subpoena, confirmed receipt of the subpoena, failed to object to the subpoena in any way, and yet has still not responded in any substantive manner.

 This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the attached declaration of Aaron Greenspan, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. STATEMENT OF THE ISSUE**

 The issue raised by this motion is whether non-party X Corp. must comply with a subpoena issued by this Court pursuant to Federal Rule of Civil Procedure 45.

**II. FACTUAL BACKGROUND**

 Plaintiff initiated this action against Defendant MasMarques on January 20, 2023.  A First Amended Complaint ("FAC"), ECF No. 54, was filed pursuant to Rule 15(a)(1)(B) on July 25, 2023 subsequent to Plaintiff being served with an Answer to the initial Complaint by Defendant Sergei Igorevich Kudriavtsev on July 20, 2023 (docketed as ECF No. 56 on July 26, 2023).  The Court denied Defendant MasMarques's motion to dismiss the FAC on March 25, 2024.  ECF No. 118.  More than a year later, Defendant MasMarques filed a late "Amended Answer" to the FAC on May 17, 2025.  ECF No. 178.  In response to Plaintiff's discovery requests, Defendant MasMarques claimed that he does not use social media, including Twitter.

Twitter, Inc. is now X Corp.  On June 18, 2025, Plaintiff requested that the Court issue a subpoena directed at X Corp., formerly known as Twitter, Inc.  The Court issued the subpoena and Plaintiff e-mailed it to X Corp. attorneys the same day.  Multiple X Corp. attorneys confirmed receipt of the subpoena.  The subpoena was served by Certified Mail to X Corp. on June 20, 2025.  Nonetheless, to date, X Corp. has refused to comply.

## III.    ARGUMENT

### A.    This Court Has The Authority To Enforce Its Own Subpoena

It is frequently the case that "Rules 45(d)(2)(B), (d)(3), and (e)(2)(B) of the Federal Rules of Civil Procedure require[] subpoena-related motions to be made to the court where compliance is required under Rule 45(c) not necessarily the issuing court."  ECF No. 206.  This is one of those not-as-frequent cases where a subpoena may be enforced by the Court that issued it in the first place.  Federal Rule of Civil Procedure 45(d)(2)(B) states in relevant part that an "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  ***If an objection is made***, the following rules apply…  (i) At any time, on notice to the commanded person, the serving party may move ***the court for the district where compliance is required*** for an order compelling production or inspection" (emphasis added).  Federal Rule of Civil Procedure 45(d)(2)(B).  Here, no written objection has been made at all, let alone within 14 days of service.  Therefore, the requirement that only "the court for the district where compliance is required" may be petitioned to enforce the subpoena does not apply.  This Court therefore has the authority to issue a motion to compel compliance with its own subpoena.[1]

---

[1] Even in situations where an objection has been made and the relevant portion of Rule 45(d)(2)(B) is followed, courts often transfer miscellaneous enforcement cases back to the originating court because the originating court often has a better grasp of details of the case.  "Under Rule 45(f), '[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.'"  *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, Case No. 2:23-mc-00032-PHX-DWL, 2023 WL 8185701, at 8 (D.

**B.    X Corp. Acknowledged Receipt of The Subpoena and Failed To Object**

On June 18, 2025, this Court issued a subpoena to X Corp., formerly known as Twitter, Inc., pursuant to Federal Rule of Civil Procedure 45.  The subject of the subpoena was user information concerning seven (7) Twitter accounts, with a deadline of July 4, 2025 at 5:00 P.M. Plaintiff had the subpoena served on X Corp. by Certified Mail via a non-party on June 20, 2025, and also sent a courtesy copy via e-mail to both inside counsel (Adam Mehes, X Corp.'s Senior Director, Legal) and outside counsel (Kenneth Trujillo-Jamison of Willenken, LLP) for X Corp. on June 18, 2025.  Certified Mail service of Rule 45 subpoenas is permissible.

> "An agent of the postal service surely qualifies as a 'person at least 18 years of age and not a party.'  And certified mail is a service that provides the sender with a mailing receipt; the Post Office also maintains a proof-of-delivery record with a copy of the recipient's signature for two years from the date of mailing.  USPS, Frequently Asked Questions, http://faq.usps.com/ (last visited May 23, 2012).  We see no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result."

*Ott v. City of Milwaukee*, 682 F. 3d 552, 557 (7th Cir. 2012).  *See also In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, Case No. 1:13-md-02419-RWZ at 8 (D. Mass. November 13, 2013) (this Court noting "*the obvious purpose of Rule 45(b) is to mandate effective notice*" and "This Court agrees with the growing minority trend and finds that service [via Certified Mail] was proper").

---

Ariz. Nov. 27, 2023), citing *Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Ctr. PC*, 2016 WL 159952, *2 (D. Ariz. 2016).  "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Federal Rule of Civil Procedure 45(f) Advisory Committee notes.  X Corp.'s social media product has a global audience that affects every judicial district in the nation.

Both Mr. Mehes and Mr. Trujillo-Jamison immediately confirmed receipt of the subpoena, but both attorneys claimed via e-mail that they were not "authorized" to accept service on behalf of X Corp.  The physical subpoena reached X Corp.'s physical mailbox in Bastrop, Texas on June 28, 2025 at 11:37 A.M. CDT according to tracking information from the United States Postal Service.[2]  On June 30, 2025, Plaintiff e-mailed Mr. Mehes and Mr. Trujillo-Jamison again making them aware that the subpoena had been served and was in X Corp.'s mailbox.

As of July 15, 2025, the subpoena has not been picked up from X Corp.'s physical mailbox, which is the only way for non-law enforcement personnel to serve a subpoena on X Corp. despite the company's "Help Center" website suggesting otherwise.  Although X Corp. does offer an electronic portal for service of subpoenas from law enforcement agencies, that portal rejects any e-mail address that does not end in .gov, even though X Corp. states, "All legal requests… may be submitted via X's Legal Request Submissions site available at [URL]."



---

[2] *See* https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&
tLabels=9589071052701772611101%2C&tABt=false.

Under the heading, "Where to submit requests," the Bastrop, Texas mailbox is the only United States mailing address listed in connection with service for subpoenas.[3]  *See* Declaration of Aaron Greenspan, Exhibit C at 16.  X Corp. is not physically located at that address and no person's name or location is listed for personal service.  In other words, aside from its electronic law enforcement portal, there is no publicly available information about an agent of X Corp. that would be "authorized" to accept a subpoena from a civil litigant.  X Corp.'s use of an electronic portal for subpoena processing suggests a consent to electronic service, but even if that is not the case, Certified Mail is reasonably calculated to ensure receipt—receipt which was already verified by e-mail in this case before the Certified Mail envelope was sent.

> "[T]he Court finds that Plaintiff has demonstrated that personal service cannot be easily obtained.  Plaintiff has described her unsuccessful attempts at contact with Cheng and the Court finds that it is appropriate to authorize service through alternative means.  Also, Plaintiff's proposed method of service of service through certified mail is 'reasonably calculate to ensure receipt of the subpoena by the witness.'  *See Diaz v. Chapters Health Sys., Inc.*, 2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020) (finding that subpoenas could be served by Federal Express); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding proper service of subpoena by Federal Express and certified mail)."

*Rivera v. United States Attorney General*, Case No. 6:23-cv-2113-DCI (M.D. Florida March 10, 2025).

Before filing this motion, Plaintiff sent Mr. Mehes and Mr. Trujillo-Jamison one final e-mail message on July 9, 2025, inquiring as to whether X Corp. intended to comply with the subpoena, which contains a stated deadline of July 4, 2025.  As of July 15, 2025, there has been no response despite the immediate response from both attorneys to Plaintiff's e-mail containing the subpoena in June.

---

[3] Although X Corp. also states, "Non-law enforcement requests should be submitted through our Help Center," the "Help Center" is designed such that this is functionally impossible.

Overall, this fact pattern indicates that despite being properly served with the subpoena, and despite acknowledging receipt via both inside and outside counsel, X Corp. will not comply.

**C.    The Subpoena Is Valid**

Since the subpoena at issue here concerns only a very small number of documents, Federal Rule of Civil Procedure 45(c)(2) applies.  Rule 45(c)(2)(A) states that "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Since Plaintiff designated the "place" of compliance only as his e-mail address, compliance would require X Corp.'s agent or representative to travel 0 miles in order to comply. Therefore, the subpoena complies with Federal Rule of Civil Procedure 45(c)(2)(A).

Nor is the subpoena unduly burdensome.  It requests basic user information about seven (7) Twitter accounts.  This type of lookup task could be completed within 30 minutes by an appropriate X Corp. representative.  There is no legitimate basis on which X Corp. could object to the subpoena's scope.

**D.    X Corp. Has A History Of Willful Non-Compliance With Subpoenas**

X Corp. has a documented history of willful non-compliance with federal subpoenas.  In 2023, the United States Court of Appeals for the District of Columbia Circuit upheld sanctions on Twitter, Inc. (before it became X Corp., but after it was purchased by Elon Musk) in the amount of $350,000.00 for failing to comply with a subpoena, with that amount the result of *exponentially compounding* daily sanctions.  *In re Sealed Case*, 77 F.4th 815, 829 (D.C. Cir. 2023).  In 2024, in circumstances similar to those in this action where a litigant sought information about a limited number of specific Twitter accounts, the United States District Court for the Northern District of California had to deny X Corp.'s frivolous motion citing "First

Amendment" grounds to quash a valid subpoena before X Corp. would respond. *In re DMCA Subpoena to X Corp. dba Twitter*, Case No. 3:23-mc-80294-PHK (N.D. Cal. September 18, 2024). *See also* CBS News, "Senate panel forced to use U.S. marshals to subpoena CEOs of X and Discord to testify on protecting kids online," November 21, 2023, https://www.cbsnews.com/news/senate-panel-us-marshals-subpoenas-ceos-x-discord/ (stating "Discord and X refused to accept service of the subpoenas and the panel was forced to enlist the U.S. Marshals Service to personally subpoena the CEOs").

The fact that X Corp. believes itself to be above the law, and will only respond to subpoenas when faced with exponentially-compounding daily sanctions, indicates that the Court needs to intervene to enforce the subpoena.

## IV.    CONCLUSION

X Corp. will not comply with Plaintiff's subpoena until and unless this Court issues an order compelling X Corp. to do so. Plaintiff respectfully requests that this motion be granted.

Dated: July 15, 2025                  Respectfully submitted,

Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

X Corp. is not a party to this case.

Aaron Greenspan, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2025 I filed the foregoing with the Clerk of Court using

the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev


Aaron Greenspan