UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S FRCP 72(a) OBJECTION TO ORDER AT ECF NO. 203**
**[LEAVE TO FILE GRANTED VIA ECF NO. 210 ON JULY 17, 2025]**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 1

    A. Unlike Many Foreign Corporations, Mediolex Has Agents Within The Borders of the United States and Within This Court's Jurisdiction .......................................... 1

    B. Not All Foreign Corporations Are Situated Identically In The Context of Service of Process ............................................................................................................. 2

    C. The Magistrate Judge Acknowledges That The Purpose of Rule 45(b) Is To "Mandate Effective Notice" .................................................................................... 3

    D. The Non-Binding Precedent of *In Re Three Arrows Cap*. Is Inapposite ................ 4

    E. ECF No. 203 Sets a Precedent Contrary To The Public Interest and National Security .................................................................................................................. 4

III. CONCLUSION ............................................................................................................. 5

**TABLE OF AUTHORITIES**

**Cases**

*Clayton v. Does*,
   Case No. 2:24-cv-00182-JLR, n. 1 (W.D. Washington July 16, 2024) ...................................... 3

*In re Three Arrows Cap., Ltd.*,
   647 B.R. 440, 449 (Bankr. S.D.N.Y. 2022) .............................................................................. 4

*NML Cap. Ltd. v. Republic of Argentina*,
   Case No. 2:14-cv-492-RFB-VCF, 2014 WL 3898021, at *9 (D. Nev. Aug. 11, 2014) ......... 3, 4

*SiteLock, LLC v. GoDaddy.com, LLC*,
   338 F.R.D. 146, 148 (D. Or. 2021) ........................................................................................... 2

**Rules**

Federal Rule of Civil Procedure 45 ................................................................................ 1, 3, 4, 5

Federal Rule of Civil Procedure 45(b) ........................................................................................ 3

Federal Rule of Civil Procedure 45(b)(2) ................................................................................... 2

Federal Rule of Civil Procedure 45(b)(3) ................................................................................... 4

Federal Rule of Civil Procedure 72(a) ........................................................................................ 1

**Other Authorities**

9A Charles H. Wright and Arthur R. Miller, Fed. Prac. and Proc. (Wright & Miller) § 2454 (3d ed. Oct. 2020 update) .......................................................................................................... 2

Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ............................................................................ 2

Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ................................................................................................................................ 2

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully files this Objection to Magistrate Judge Jennifer C. Boal's non-dispositive Electronic Order at ECF No. 203, filed July 11, 2025 (less than fourteen days ago).

## I.    INTRODUCTION

Magistrate Judge Boal denied Plaintiff's motion at ECF No. 194 for alternative service of a Federal Rule of Civil Procedure ("Rule") 45 subpoena on dismissed party Mediolex, Ltd. ("Mediolex"). Since Mediolex is an overseas shell company, it is not located within the United States. Courts are split on whether or not foreign corporations can be served with Rule 45 subpoenas. In this particular instance, the plain facts are distinguishable from those circumstances from where courts have ruled that foreign corporations cannot be served. The Magistrate Judge erred by not sufficiently reviewing the facts of the case and by not carefully examining the cited precedent.

## II.   ARGUMENT

### A.    Unlike Many Foreign Corporations, Mediolex Has Agents Within The Borders of the United States and Within This Court's Jurisdiction

The Magistrate Judge's one-paragraph Electronic Order failed to address several factors that distinguish this set of circumstances from the fact patterns in the cases cited. First and foremost is the fact that one of Mediolex's United States-based agents, Attorney Christopher Ingle, is still receiving Notices of Electronic Filing in this action, which makes the fact pattern here unique. Stesha Emmanuel, who also represents or at least recently represented Mediolex, is a Massachusetts attorney who is a member of the Bar of this Court and is thus within its jurisdiction. She is still easily reachable by e-mail.

Rule 45 does not explicitly state that foreign corporations cannot be served with subpoenas; it only states that "[a] subpoena may be served at any place within the United States."

1

Federal Rule of Civil Procedure 45(b)(2).  Both Ingle and Emmanuel live and work in the United States.  There is no reason why Mediolex's subpoena could not be served on them electronically (via CM/ECF in the case of Ingle and/or e-mail) or via Certified Mail.

As *SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 148 (D. Or. 2021), cited in ECF No. 203, explains,

> "Service on an agent of a corporation is sufficient, however, even though the agent on whom service is made does not have control of the books and records required to be produced, since it is not the agent who is to respond to the subpoena but the corporation, and the agent in that situation is merely the vehicle for reaching the corporation.  A corporation is amenable to service of a subpoena under Rule 45(b) in any forum in which it has sufficient minimum contacts."

citing 9A Charles H. Wright and Arthur R. Miller, Fed. Prac. and Proc. (Wright & Miller) § 2454 (3d ed. Oct. 2020 update).  Here, Ingle and Emmanuel would be "merely the vehicle for reaching the corporation." *Id*.

B. **Not All Foreign Corporations Are Situated Identically In The Context of Service of Process**

Mediolex is a Seychelles-based corporation that actually operates in Latvia and whose ultimate beneficial owner, Sergei Igorevich Kudriavtsev, resides in Latvia.  Latvia, unlike Canada—the foreign country at issue in *SiteLock*—is a signatory to both the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Evidence Convention") and the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Service Convention"), and does not object to postal service pursuant to Article 10(a) of the Service

2

Convention.[1]  This is a material difference.  Precedent more recent than *SiteLock* expresses support for the service of Rule 45 subpoenas on foreign entities in foreign countries which have agreed to the Service Convention.  *See Clayton v. Does*, Case No. 2:24-cv-00182-JLR, n. 1 (W.D. Washington July 16, 2024).

The Magistrate Judge cites *NML Cap. Ltd. v. Republic of Argentina*, Case No. 2:14-cv-492-RFB-VCF, 2014 WL 3898021, at *9 (D. Nev. Aug. 11, 2014) for the non-binding assertion that "[i]n general, this means that the only people who cannot be served under Rule 45 are foreign nationals residing in a foreign country."  While Plaintiff does not dispute this specific finding, it is immaterial.  All corporations, whether domestic or foreign, are never considered "nationals" or "residents" as they are not natural persons, even if theories of corporate personhood in some contexts may render them "people."

C. **The Magistrate Judge Acknowledges That The Purpose of Rule 45(b) Is To "Mandate Effective Notice"**

In the case of *In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, Case No. 1:13-md-02419-RWZ at 8 (D. Mass. November 13, 2013), the Magistrate Judge wrote that, "*the obvious purpose of Rule 45(b) is to mandate effective notice*" (emphasis in original) and "This Court agrees with the growing minority trend and finds that service [via Certified Mail] was proper."  In an action where a nation has clearly agreed to the terms of Article 10(a) of the Service Convention and an agent of a corporation based in that nation is

---

[1] *See* https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17: "In accordance with Article 10 of the Convention the Republic of Latvia does not object to the freedom to send a judicial document, by postal channels, directly to an addressee within the Republic of Latvia (paragraph (a) of Article 10) if the document to be served is in Latvian or it is accompanied by translation into Latvian and it is sent to the addressee using a registered postal letter (with an acknowledgement of receipt)."

3

already on the Notice of Electronic Filing service list for that action, it follows that a subpoena should be permitted to be served via CM/ECF to "to mandate effective notice."

### D. The Non-Binding Precedent of *In Re Three Arrows Cap.* Is Inapposite

The Magistrate Judge relies on the doubly non-binding reasoning—first, because it is out-of-circuit, and second, because it is the opinion of a bankruptcy court—adopted from *In re Three Arrows Cap., Ltd.*, 647 B.R. 440, 449 (Bankr. S.D.N.Y. 2022). This opinion is unavailing for several reasons. Although *Three Arrows* argues, citing Rule 45(b)(3), that "[A] foreign corporation 'is not a United States national or resident and therefore cannot be served with a subpoena under Rule 45,'" it is also true that *no* corporation can be considered "a United States national or resident" as no corporation is a natural person, and yet federal courts routinely allow the service of subpoenas on corporations within the borders of the United States, regardless of their citizenship. *Three Arrows* also cites *NML Cap. Ltd.*, *supra*, for the same quotation cited in the Magistrate Judge's Electronic Order here and quoted above, but taken literally, that citation also argues *for* the ability to serve foreign corporates because if the "only people who cannot be served" under Rule 45 are foreign-born natural persons residing outside of the United States—which is what the Rule says—then foreign corporations do not fit into this bucket.[2]

### E. ECF No. 203 Sets a Precedent Contrary To The Public Interest and National Security

The Magistrate Judge's Electronic Order at ECF No. 203 inadvertently jeopardizes national security by providing foreign adversaries with a convenient loophole that the authors of

---

[2] A broad search of court precedent for references to corporations as "nationals" reveals that the term "national" is often used as a descriptor for banks that are "National Associations" or as an adjective when describing the market reach of a business, but never in the results found as a standalone noun to describe a corporate entity the way that "national" can refer to a natural person. Nor do corporations "reside," even if they may be considered citizens of one state or another.

the Federal Rules of Civil Procedure surely never intended. Under this misinterpretation of Rule 45, criminal enterprises such as Mediolex, ***deliberately incorporated overseas to attempt to evade the reach of United States law, despite simultaneous efforts to deliberately target United States residents and Massachusetts residents in particular***, are immune from accountability. Latvia in particular is known to be a haven for Russian intelligence services. *See The New York Times*, "Hiker or Russian Spy? Latvia Advises Its People How to Be on the Lookout." by Eve Sampson, May 16, 2025, https://www.nytimes.com/2025/05/16/world/europe/latvia-russia-spies-saboteurs.html. Corporations *with even a de minimus presence or any agent physically in the United States* should not be exempt from the reach of federal subpoenas, especially when they are based in countries that have agreed to international conventions regarding judicial cooperation with the handling of evidence and/or the service of process. As described at the October 2023 motion to dismiss hearing in this action, Mediolex has employed at least three attorneys in the United States in recent years, filed an amicus brief in federal court to attempt to further immunize itself from the reach of United States law, and utilizes United States-based data centers to syndicate its content, helping to trick Americans into thinking that its operation is entirely based here by avoiding slow connections to its core servers in Latvia. The notion that a predatory corporation such as Mediolex should be permitted to voluntarily file amicus briefs in federal courts, yet avoid federal subpoenas when it finds them inconvenient, does not serve the interests of justice.

### III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests *de novo* review of the Electronic Order at ECF No. 203 by a District Judge of this Court.

Dated: July 21, 2025                    Respectfully submitted,

*[signature]*

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 21, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan