**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**AARON GREENSPAN**,

Plaintiff,

v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S FRCP 72(a) OBJECTION TO ORDER AT ECF NO. 205**
**[LEAVE TO FILE GRANTED VIA ECF NO. 210 ON JULY 17, 2025]**

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. Federal Rule of Civil Procedure 11(b)(4) Is Specifically Intended To Discourage The Exact Behavior Engaged In By Defendant MasMarques and His Counsel ..... 1

B. The Magistrate Judge Should Not Have Taken Defendant MasMarques's Opposition Brief Into Consideration Because It Was Filed Late ..... 2

C. Plaintiff's Motion Was Substantive Yet Defendant MasMarques Had No Substantive Response ..... 3

D. Sanctions Are Warranted For Deliberately Lying To The Court and Refusing To Correct The Lies ..... 5

1. Defendant MasMarques Is a Savvy Repeat Offender Who Intentionally Lied To This Court To Evade Accountability ..... 5

2. Attorney Andrade Knew That Her Client Could Not Be Trusted, Was Warned Repeatedly, and Still Refused Her Ethical Obligations ..... 6

E. Sanctions Are Warranted For Repeatedly Using Fabricated and False-In-Context Citations ..... 7

III. CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Cases**

*Aretakis v. Fed. Express Corp.*,
Case No. 1:10-cv-01696 (S.D.N.Y. Feb. 28, 2011) ..... 8

*Bean v. NICE Systems, Inc.*,
Case No. 1:23-cv-12394-BEM, n. 7 (D. Mass. April 30, 2025) ..... 5

*Bunce v. Visual Technology Innovations, Inc. et al*,
Case No. 2:23-cv-01740-KNS (E.D. Penn. February 27, 2025) ..... 11

*Coomer v. Lindell et al*,
Case No. 1:22-cv-01129-NYW-SBP (D. Colorado July 7, 2025) ..... 12

*Divane v. Krull Elec. Co., Inc.*,
200 F. 3d 1020, 1024 (7th Cir. 1999) ..... 1

*Greenspan et al. v. County of Los Angeles*,
No. B323864 (Cal. App. Dist. 2nd 2023) ..... 9

*Hoover v. Gershman Inv. Corp.*,
774 F. Supp. 60, 65 (D. Mass. 1991) ..... 9

*Lacey, et al v. State Farm General* Insurance *Company*,
Case No. 2:24-cv-05205-FMO-MAA (C.D. Cal. May 6, 2025) ............................................ 11

*Mata v. Avianca, Inc.*,
Case No. 1:22-cv-01461-PKC (S.D.N.Y. June 22, 2023) ..................................................... 11

*Montany v. University of New England*,
858 F. 3d 34, 41 (1st Cir. 2017) ............................................................................................. 5

*Perry v. Dickhaut*,
Case No. 4:11-cv-40004-TSH (D. Mass. 2011) ....................................................................... 8

*Smith v. Farwell*,
Case No. 2282CV01197 (Norfolk County Sup. Ct. February 15, 2024) ................................. 11

**Rules**

Federal Rule of Civil Procedure 11 ....................................................................................... 7, 9

Federal Rule of Civil Procedure 11(b)(1) ................................................................................... 3

Federal Rule of Civil Procedure 11(b)(3) ................................................................................... 3

Federal Rule of Civil Procedure 11(b)(4) ................................................................................ 1, 3

Federal Rule of Civil Procedure 11(c)(2) ................................................................................... 2

Federal Rule of Civil Procedure 11(c)(4) ................................................................................. 10

Federal Rule of Civil Procedure 37 ............................................................................................ 5

Federal Rule of Civil Procedure 72(a) ......................................................................................... 1

Massachusetts Rule of Professional Conduct 3.1 ...................................................................... 11

Massachusetts Rule of Professional Conduct 3.3(a)(1) ............................................................. 11

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully files this Objection to Magistrate Judge Jennifer C. Boal's non-dispositive Electronic Order at ECF No. 205, filed July 11, 2025 (less than fourteen days ago).

## I. INTRODUCTION

In ECF No. 205, Magistrate Judge Boal denied Plaintiff's motion at ECF No. 193 for Rule 11 sanctions, disregarding facts and relevant precedent to reach the incorrect conclusion that Plaintiff was asking the Court to prematurely adjudicate this case on the merits through a sanctions motion. This is simply not the case.

Magistrate Judge Boal also suggested that Plaintiff's motion might be considered "frivolous." The Court should make clear that this suggestion was made in error.

## II. ARGUMENT

### A. Federal Rule of Civil Procedure 11(b)(4) Is Specifically Intended To Discourage The Exact Behavior Engaged In By Defendant MasMarques and His Counsel

Magistrate Judge Boal's misreading of Plaintiff's motion for sanctions has the perverse effect of writing Rule 11(b)(4) out of the Federal Rules of Civil Procedure—a section notably omitted without explanation from Defendant MasMarques's opposition brief at ECF No. 201. Yet this specific sub-section has been applied in nearly identical circumstances, without waiting for the conclusion of an action. "The order also imposed sanctions pursuant to Rule 11(b)(4) based on Krull Electric's failure to make admissions of fact in its answer ***that it had previously admitted in the litigation*** before Judge Kocoras" (emphasis added). *Divane v. Krull Elec. Co., Inc.*, 200 F. 3d 1020, 1024 (7th Cir. 1999). Here, Defendant MasMarques made previous admissions in another court—admissions that were available as part of the record as part of the initial Complaint in this action, *see* ECF No. 1-6—that he and his counsel now brazenly

contradict in his delayed and late "Amended Answer." This type of disingenuous backtracking is sanctionable, wastes everyone's time, and renders Plaintiff's motion anything but "frivolous."

**B. The Magistrate Judge Should Not Have Taken Defendant MasMarques's Opposition Brief Into Consideration Because It Was Filed Late**

Defendant MasMarques's opposition brief begins by arguing that Plaintiff's instant motion is "procedurally defective," but then fails to identify a single procedural defect for the next seven pages. Plaintiff provided Defendant MasMarques with the required 21-day notice pursuant to Federal Rule of Civil Procedure 11(c)(2), and Defendant MasMarques does not argue otherwise, let alone that any other rule or rule sub-part was violated. Plaintiff substantiated each and every point in the motion.

In contrast, Defendant MasMarques's brief was filed late, with a certificate of service on page 8 that is obviously false (claiming "this document was filed electronically on July 9, 2025" when the PACER header just above states "Filed 07/10/25"). While a lone one-day-delayed filing might be excusable and not cause for sanctions, this is far from the only example.

| ECF No. | Description | Due Date(s) | Date Served | Delay (Days) |
|---|---|---|---|---|
| 178 | "Amended Answer" | ~~4/8/2024~~<br>~~7/10/2024~~<br>5/16/2025 | 5/17/2025 (Late) | 404 |
| N/A | Responses to Plaintiff's First Set of Interrogatories | 5/18/2025 | 5/23/2025 (Late) | 5 |
| N/A | Responses to Plaintiff's First Set of Requests for Production of Documents | ~~3/14/2025~~<br>5/20/2025 | 5/21/2025 (Late, Non-Responsive) | 68 |
| 181 | Opposition to Plaintiff's Motion to Compel | 6/4/2025 | 6/5/2025 (Late) | 1 |
| N/A | Responses to Plaintiff's Second Set of Interrogatories | 6/23/2025 | Outstanding (Late) | 28+ |
| 201 | Opposition to Plaintiff's Motion for Sanctions | 7/9/2025 | 7/10/2025 (Late) | 1 |

Deadlines are a crucial part of procedure. Despite being made aware of this pattern of delay and late filings that pre-dated her involvement, opposing counsel decided to ignore the warnings and

continue serving documents late on a routine basis. For this reason alone, Defendant MasMarques's opposition should have been afforded no weight.

### C. Plaintiff's Motion Was Substantive Yet Defendant MasMarques Had No Substantive Response

Plaintiff explained in considerable detail, with citations, why Defendant MasMarques's "Amended Answer" at ECF No. 178 ran afoul of Federal Rule of Civil Procedure 11. Although Attorney Andrade claims that ECF No. 178 was not filed "with the intent to harass, cause unnecessary delay, or needlessly increase the cost of litigation," using the language of Rule 11(b)(1), Plaintiff did not directly allege a violation of Rule 11(b)(1) regarding ECF No. 178 ("Defendant MasMarques has violated Rule 11(b)(3) and (4)"). Motion at 4. Yet by violating those subparts, Defendant MasMarques's actions arguably have caused unnecessary delay and increased the cost of litigation while Defendant MasMarques himself has continued to harass Plaintiff outside of the courtroom—so a violation of sub-part (b)(1) is not out of the question.

Since Defendant MasMarques's opposition brief deliberately omits sub-part (b)(4) from its "Standard of Review" section,[1] Plaintiff will reiterate it here for the Court's convenience:

> "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Federal Rule of Civil Procedure 11(b)(3)-(4).

---

[1] It was disingenuous in the extreme for Attorney Andrade to write, "Plaintiff advances arguments that are inappropriate for a Rule 11 motion, including challenges to the legal and factual sufficiency of Defendant's defenses. As such, Plaintiff's Motion is both procedurally improper and substantively unwarranted," as she simultaneously *omits the portion of Rule 11* that relates to "denials of factual contentions" from her brief.

It is clear that Defendant MasMarques's "factual contentions" and "denials" of Plaintiff's factual allegations do not have evidentiary support, never did, and that it was known that they lacked such support *as soon as this action was filed*. No delay is needed to evaluate the entirety of the case to see this. Plaintiff deliberately chose to file the official transcripts representing much of this saga's history from the Superior Court of California for the County of Santa Clara as an attachment to the original Complaint for this very reason. ECF No. 1-6. Those transcripts were fully (and on PlainSite, freely) available to opposing counsel both when she agreed to take on the case and when she filed ECF No. 178. There was no "lack of information." *Id.*

Totally absent from the opposition brief was any sort of response to Plaintiff's factual contentions about the numerous provable falsehoods in ECF No. 178. Therefore, Defendant MasMarques and his counsel waived their ability to argue that Plaintiff is in any way mistaken. "[F]ailure to address the argument waives any opposition to it…" *Bean v. NICE Systems, Inc.*, Case No. 1:23-cv-12394-BEM, n. 7 (D. Mass. April 30, 2025) citing *Montany v. University of New England*, 858 F. 3d 34, 41 (1st Cir. 2017). Notably, Plaintiff's motion did not just state that Defendant MasMarques had made false representations to the Court through counsel, but that he denied allegations *that he knew to be true and fabricated allegations of his own*. Motion at 5.

### D. Sanctions Are Warranted For Deliberately Lying To The Court and Refusing To Correct The Lies

Even given the lack of any real response from Defendant MasMarques,[2] there are two questions the Court must ask to determine whether Rule 11 sanctions are merited for the filing of ECF No. 178. The first question is whether Defendant MasMarques himself knew that what he was telling his attorney to file before this Court was false. The second question is whether or not Attorney Andrade had an obligation to do her due diligence before she took Defendant MasMarques's words at face value. The answer to both of those questions is "yes."

#### 1. Defendant MasMarques Is a Savvy Repeat Offender Who Intentionally Lied To This Court To Evade Accountability

If anything is clear from the ordeal of the past eight years, it is that Defendant MasMarques knows his way around government paperwork. ECF No. 54-5. Many people file frivolous complaints to government agencies; not so many people are as successful at doing as much damage with them as Diego MasMarques, Jr. has been. *See*, *e.g.*, FAC ¶ 137 ("Plaintiff realized that he was unable to renew his vehicle registration"). It is therefore difficult to believe that Defendant MasMarques did not know what he was doing by denying Plaintiff's factual allegations that he knew to be true.

Although Rule 37 discovery sanctions are considered separate from Rule 11 sanctions, ***Defendant MasMarques himself revealed that his "Amended Answer" at ECF No. 178 contained false statements when he amended his interrogatory responses for Interrogatories***

---

[2] Defendant MasMarques suggested, and the Magistrate Judge consequently adopted the view, that Plaintiff has an ulterior motive for requesting sanctions: as a way to "avoid merits adjudication". Opposition at 5. This is not true. Plaintiff fully intends to file a motion for summary judgment. That motion will need to include a list of *undisputed* facts, upon which the entire case could turn. By disputing facts that are obviously not in dispute, Defendant MasMarques has engaged in a bad-faith, vexatious effort to prolong this litigation and make it far more complex than it would otherwise be, effectively forcing Plaintiff to re-litigate closed issues.

***No. 5 and 12***, finally admitting that he was not just a passive reader of gripe sites, but an active poster—yet only after Plaintiff confronted Attorney Andrade about their accuracy. That narrowly-tailored, selective amendment left loose ends everywhere, both in the other interrogatory responses (as discussed at the June 30, 2025 Motion To Compel hearing) and in the "Amended Answer."

**2. Attorney Andrade Knew That Her Client Could Not Be Trusted, Was Warned Repeatedly, and Still Refused Her Ethical Obligations**

Attorney Andrade protested that she was not required "to investigate a claim 'to the point of absolute certainty'" and that "Plaintiff's Motion seeks to sanction Defendant for asserting defenses and his attorney for advocating on his behalf." Opposition at 5. These are gross mischaracterizations. No one is asking for "absolute certainty"—just basic due diligence using materials already in the record for this very case. Even if Attorney Andrade believed her client initially, subsequent events should have dissuaded that belief.

Context matters. Diego MasMarques, Jr. is a convicted murderer with a long history of other criminal acts and a publicly-visible "Special Mental Health Aftercare Condition" note in his United States Department of Justice file, so any reasonable attorney would think twice before repeating his unfiltered claims in a court document. Even a cursory glance at just the complaints and attached materials filed *in this action*, ECF Nos. 1 and 55, would have suggested that perhaps her client's denials and counter-allegations were not accurate. Compounded with the fact that Attorney Andrade knew she was replacing a string of three attorneys in this lawsuit alone, let alone the four attorneys that came before them, *and* the fact that Plaintiff *specifically warned Attorney Andrade verbally and in writing about her client's tendency to make false statements as soon as she made her initial appearance*, she had a legal and ethical duty to conduct due diligence before filing ECF No. 178 on the record. Her subsequent vital assistance

with Defendant MasMarques's amendments to his interrogatory responses once he miraculously "remembered" more about his criminal and harassing acts indicates that she was well aware of inconsistencies in her client's story, which should have also triggered an amendment of ECF No. 178. Yet even when given the opportunity to amend in the 21-day grace period for the instant motion, Attorney Andrade refused, "insisting upon a position after it [was] no longer tenable," and leaving a self-contradictory mess for Plaintiff to clean up with further needless litigation. Federal Rule of Civil Procedure 11, Advisory Committee Notes (1993). This should not be Plaintiff's burden. When criminals and their lawyers make up facts to slow down justice and muddle the record, get caught, and then refuse to budge, Rule 11 sanctions are warranted.

**E. Sanctions Are Warranted For Repeatedly Using Fabricated and False-In-Context Citations**

While Magistrate Judge Boal wrote that, "I see no reason to reconsider that decision [of Judge Casper regarding fake citations]," she did not allow Plaintiff ample time to file a reply brief, which would have raised the fact that Defendant MasMarques and his counsel filed *another* false-in-context citation before the Court after he had already been warned that such conduct is sanctionable. *See* ECF No. 191 at 2-4. *See also* ECF No. 150 ("Although Plaintiff seeks to have this Court enter sanctions against Defendant for this filing, D. 138, the Court does not do so at this juncture but notes its authority to impose such sanctions.").

When the motion for sanctions was initially written and served on May 18, 2025, Defendant MasMarques had used a false citation in ECF No. 137, which Plaintiff had responded to in ECF No. 138. As Plaintiff wrote then:

> "Plaintiff files this opposition primarily to alert the Court to what appears to be yet another outrageous and sanctionable act by Defendant MasMarques. The motion's sole citation, to '*Perry v. Dickhaut*, No. 10-11975-DPW, 2011 WL 1226278 (D. Mass. Mar. 30, 2011)' is a total fabrication, likely generated through the use of OpenAI's ChatGPT or similar 'artificial intelligence' software.

> Although the case of *Perry v. Dickhaut* does exist, its case number is 4:11-cv-40004-TSH, having been filed in a different year (2011, not 2010) with a different serial number. The case number 1:10-cv-11975-RGS, which matches the fabricated citation, corresponds to *Novak v. USA*. Furthermore, at different points, the real *Perry* case was heard by Judge Timothy S. Hillman and Judge F. Dennis Saylor, IV, but not Judge Douglas P. Woodlock (the 'DPW' in Defendant MasMarques's cited case number). The Westlaw citation '2011 WL 1226278' appears to be associated with a different case entirely, notably, in a different federal court: *Aretakis v. Fed. Express Corp.*, Case No. 1:10-cv-01696 (S.D.N.Y. Feb. 28, 2011).
>
> In his motion, Defendant MasMarques (or more likely, a confused software application) wrote, 'In *Perry*, the court outlined factors to consider when determining whether a litigant is vexatious, such as the litigant's history of litigation, the motive behind the filings, and the burden on the courts and defendant.' This also appears to be false. The word 'vexatious' does not appear in any published opinion from *Perry*, which actually concerns inmate conflicts and allegations of inadequate medical care in a prison setting. Furthermore, in ECF No. 118, the Court properly denied Defendant MasMarques's baseless request to rule Plaintiff a 'vexatious litigant,' and it is not even the first court to have denied such a request."

ECF No. 138. This led the Court to note in ECF No. 150,

> "Although Plaintiff seeks to have this Court enter sanctions against Defendant for this filing, D. 138, the Court does not do so at this juncture but notes its authority to impose such sanctions. *See Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 65 (D. Mass. 1991) (noting that '[w]hile pro se pleadings are viewed less stringently, courts and Rule 11 itself indicate that the Rule applies to represented and pro se parties alike'); Fed. R. Civ. P. 11(b) (providing that '[b]y presenting to the court a... written motion,... [an] unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:... (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law')."

ECF No. 150.

Then, Defendant MasMarques did it again. But this time, he provided the Court with a false-in-context citation with the assistance of counsel. As described in Plaintiff's filing at ECF No. 191,

> "This is the second filing in which Defendant MasMarques has submitted a problematic citation to this court, and he has now done so both with and without counsel. While *Greenspan et al. v. County of Los Angeles*, No. B323864 (Cal. App.

> Dist. 2nd 2022) does appear to reference a real lawsuit in the Second Appellate District of the Court of Appeal of the State of California, the appellate opinion was published in 2023, not 2022, the citation for some reason lacks the case reporter reference (98 Cal. App. 5th 135), ***and it does not concern the Plaintiff in this case in any way, shape, or form***. The Plaintiff in this action, Aaron Jacob Greenspan, did not file the underlying lawsuit against the County of Los Angeles, was not party to the underlying lawsuit, was not at any point aware of the underlying lawsuit, and has no knowledge of the underlying lawsuit. The Plaintiff in this action, Aaron Jacob Greenspan, also similarly had no involvement whatsoever in the appeal of that lawsuit. Plaintiff is a resident of San Francisco County, not Los Angeles County, as should be evident from every signature block containing Plaintiff's address in this action. ***The most cursory examination of the 2023 California appellate opinion in Case No. B323864 reveals that the plaintiffs in that appeal, Yaakov and Sarah Greenspan—who are not related to Plaintiff—are not named 'Aaron.'*** While the Hebrew word for 'Jacob' (Plaintiff's middle name, which he rarely uses except in official documents, and a persistent obsession of Defendant MasMarques, *see* FAC ¶¶ 57, 99(a), 99(e), 99(f), 99(i), 99(t), 99(u), 99(ii), 99(ll), 99(mm)) is 'Yaakov,' any assumption that this coincidence is somehow a direct reference to Plaintiff could only be described as an expression of Defendant MasMarques's latent anti-Semitism, which has been on full display in the past. Furthermore, Defendant MasMarques has a history of falsely associating Plaintiff with legal matters he has absolutely nothing to do with, from insisting that Plaintiff owns and operates leagle.com, which he does not, to writing repeatedly on gripe sites and in motions that Plaintiff was a defendant in an action brought by the United States in the Northern District of Illinois, which he never was. FAC ¶ 80-81, 99(i), 99(q). Defendant MasMarques is the only party in this action with a criminal record."

ECF No. 191 at 3-4 (emphasis in original).

Defendant MasMarques and his counsel have now formally responded to these allegations by saying precisely nothing. There is no mention of these citations in the opposition brief at all. There is no section of the brief dedicated to explaining how they got there.[3] For this reason, the Court should issue an Order To Show Cause forcing Defendant MasMarques and

---

[3] While Attorney Andrade does generally write, "There is simply no legitimate purpose for filing a Rule 11 motion in response to an answer to the Complaint, particularly while discovery remains ongoing," the 404-day delayed "Amended Answer" full of lies was not the *only* reason for the filing of the instant Motion. How many false citations and false refutations of clear fact should Plaintiff be required to tolerate? What authority requires that sanctions motions be filed only after discovery is complete? A delay in filing would be criticized as "untimely."

Attorney Andrade to explain themselves. The use of false (in the broadest sense, since some aspects of each citation were "real" independent data elements) citations is detrimental to the rule of law every bit as much as the filing of blatant, easily contradicted falsehoods.

As Plaintiff also pointed out in ECF No. 191, there is ample precedent for monetary sanctions in response to the use of false—and especially "artificial intelligence"-generated—citations:

> "Sanctions have been imposed in nearly every other situation in which a litigant provided false citations generated by "artificial intelligence" software. *See Mata v. Avianca, Inc*., Case No. 1:22-cv-01461-PKC (S.D.N.Y. June 22, 2023) (imposing monetary sanctions in the amount of $5,000, among others). *See also Bunce v. Visual Technology Innovations, Inc. et al*, Case No. 2:23-cv-01740-KNS (E.D. Penn. February 27, 2025) (imposing monetary sanctions in the amount of $2,500). Such sanctions have been imposed because false citations undermine trust in the judiciary and waste time.
>
>> 'I have struck, and decline to consider, any of the supplemental briefs that Plaintiff submitted on the privilege issue. From this, I decline to award any of the discovery relief (augmenting a privilege log, ordering production of materials, or requiring in camera review of items) that Plaintiff sought in the proceedings that led up to the bogus briefs. I conclude that these non-monetary sanctions will suffice to 'deter repetition of the conduct or comparable conduct by others similarly situated.' Fed. R. Civ. P. 11(c)(4). If the undisclosed use of AI and the submission of fake law causes a client to lose a motion or case, lawyers will undoubtedly be deterred from going down that pointless route...
>>
>> Additionally, Plaintiff's law firms are ordered (jointly and severally) to pay compensation to the defense in the aggregate amount of $31,100.'
>
> *Lacey, et al v. State Farm General* Insurance *Company*, Case No. 2:24-cv-05205-FMO-MAA (C.D. Cal. May 6, 2025). Defendant MasMarques's violations are no different and should be treated accordingly."

ECF No. 191 at 4-5. In Massachusetts, there is also the case of *Smith v. Farwell*, Case No. 2282CV01197 (Norfolk County Sup. Ct. February 15, 2024) (available at https://www.plainsite.org/dockets/download.html?id=328121552&z=584d455f). New bad-

citation sanctions seem to be issued weekly as lawyers increasingly outsource their jobs to extremely fallible algorithms they do not understand. *See also Coomer v. Lindell et al*, Case No. 1:22-cv-01129-NYW-SBP (D. Colorado July 7, 2025) (issuing Rule 11 sanctions totaling $6,000).

Defendant MasMarques's and his counsel's deliberate refusal to explain themselves is inexcusable, gives lie to the notion that Plaintiff's motion for sanctions is somehow itself sanctionable (were that true, Defendant MasMarques would presumably be able to respond to the allegations contained therein), and in the case of Attorney Andrade may itself be a violation of Massachusetts Rule of Professional Conduct 3.3(a)(1), which states that "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal ***or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer***; …" (emphasis added). This is on top of the violation of Massachusetts Rule of Professional Conduct 3.1, which states in relevant part, "A lawyer shall not bring, continue, or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." This is exactly what Attorney Andrade did, on more than one occasion. There may have been a "basis in law and fact" for defending Defendant MasMarques while Attorney Andrade believed that he had not been involved with the harassment campaign he is accused of. But once he admitted that, in fact, he was at least partially responsible, Attorney Andrade was obligated to withdraw her representation, as did at least six of the seven attorneys who preceded her.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests *de novo* review of the Electronic Order at ECF No. 205 by a District Judge of this Court.

Dated: July 21, 2025

Respectfully submitted,

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan