UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>　　Plaintiff,<br><br>　v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>　　Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S CORRECTED MOTION FOR LEAVE TO FILE SECOND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND MOTION TO QUASH NOTICE OF DEPOSITION OF AARON GREENSPAN**

*This document corrects the direction of travel discussed (east/west not west/east) and includes a certificate pursuant to Civil Local Rule 7.1(a)(2) that was inadvertently omitted.*

On July 8, 2025 this Court ordered Attorney Ashley Andrade, counsel for Defendant Diego MasMarques, Jr., and/or her client to:

1. "check with her client and supplement this interrogatory response [to Interrogatory No. 6] as appropriate";

2. "check with her client about the response to interrogatory number 9 and supplement as appropriate";

3. "determine whether there are any further email addresses (including those associated with protonmail.com) that are responsive to interrogatory numbers 10 and 12";

4. "answer interrogatory number 13";

1

5. "ensure that a proper search is conducted of MasMarques' electronic devices and accounts in conjunction with responding to Greenspan's discovery requests and supplement the defendant's responses to both the interrogatories and document requests accordingly"; and

6. "produce [] remaining documents within two weeks of the date of this order".

ECF No. 200. In violation of the Order, Defendant MasMarques and his counsel did none of these things, except that some (not all) documents were ultimately produced on July 22, 2025.

Plaintiff did not receive any certification or assurance that Attorney Andrade checked with her client regarding Interrogatory Nos. 6, 9, 10, or 12. Only the response to Interrogatory No. 10 was amended on July 25, 2025 *after* Plaintiff protested, yet it remains incomplete. The new Amended Answer to Interrogatory No. 13 consists mostly of objections; the new response does not address the request itself, which asks for device serial numbers to disambiguate them and clarify which devices Defendant MasMarques still possesses. Instead, counsel used the amended response ordered by the Court as a vehicle to make false statements about Plaintiff, mischaracterizing Plaintiff's published security research as supposed proof of nefarious intent.

Attorney Andrade further failed to conduct a proper search of her client's electronic devices. She does not know which web browsers are installed on them; what, if any, VPN software is installed; what, if any, graphics software is installed, etc. She lacks the technical skills to discern whether that software might have been installed previously. She admits that she does not know how to read a basic URL. She did not make any effort to ensure that each and every one of her client's dozens, if not hundreds, of e-mail accounts were checked. Instead, she certified that she did not see a ComplaintsBoard "app." ComplaintsBoard has no "app" and never did. Attorney Andrade's representations are useless and devoid of meaning.

On July 2, 2025, Attorney Andrade requested that Plaintiff send "a list of dates during July and August you will be available" for a deposition. Plaintiff responded, "Sorry, but I will not be able to provide you dates I am available for a deposition until you serve the discovery responses you owe me," thus agreeing to provide available dates on or after July 22, 2025 provided that Defendant MasMarques met his discovery obligations. Knowing this, Attorney Andrade served Plaintiff with a defective Notice of Deposition on July 21, 2025, demanding a sweeping array of documents from Plaintiff pursuant to Federal Rule of Civil Procedure ("Rule") 34 in addition to his presence on August 19, 2025 (a date she never confirmed Plaintiff would be available on) in Marlborough, Massachusetts. Written fact discovery closed in this action on June 20, 2025. Realizing that her Notice was defective, Attorney Andrade *then* consulted the Rules and promised "I'll go ahead and amend the deposition schedule of documents so that it is limited and tied only to what I plan to cover," such that Rule 34 would no longer be invoked.

Attorney Andrade's too-little-too-late walk-back fails to resolve the larger problems with her Notice. First, her client has still failed to comply with his discovery obligations. Attorney Andrade produced 636 pages on July 22, of which 252 pages were part of the initial Complaint, 38 pages were irrelevant PACER records, and 2 pages were blank or completely illegible. The remaining 344 pages—jumbled, with pages within each document often out of order, sometimes water-stained, and often involving duplicate copies—did not include material responsive documents that Plaintiff *knows* are in Defendant MasMarques's possession, custody, or control. For example, Defendant MasMarques now admits that he posted on ComplaintsBoard, yet there are no documents or e-mails from ComplaintsBoard. Defendant MasMarques insists that "I don't use social media," but he is singing a different tune than he did in 2019, when he could not

3

seem to "recall" or "remember" if Twitter account @R62607249 was one of his.[1]  ECF No. 1-6 at 335:13-15.  In one of the documents produced, Bates stamped Def-P2_000241, Defendant MasMarques e-mailed his former federal probation officer Jeffrey Smith on September 3, 2019 admitting that he had reported one of Plaintiff's posts to Twitter—***a function which could only be executed by signing into Twitter with a different account***.  Twitter users routinely received e-mail messages from the Twitter social media service.  Yet Defendant MasMarques produced zero documents of this nature to maintain the falsehood, perpetuated repeatedly by his counsel in violation of her ethical obligations, that he does not use social media.  In addition, Defendant MasMarques refused to respond to Plaintiff's Interrogatory No. 21 except with objections.  Plaintiff should not be required to sit for a deposition so that his words can be used against him while Defendant MasMarques flagrantly refuses to comply with basic discovery obligations.

Furthermore, the Notice of Deposition's proposed logistics are problematic.  Defendant MasMarques is a convicted murderer, with a history of additional violent crimes (attempted vehicular manslaughter, alleged rape, etc.) and mental illness according to the United States Department of Justice.  Plaintiff is his latest victim who lives in California.  Defendant MasMarques's counsel now suggests forcing a violent criminal's latest victim to fly six hours east to Boston, followed by an extra hour-plus drive back west, to a remote office park ***with no security on site*** via a cross-country red-eye flight to begin a deposition at 7:00 A.M. in the deponent's original time zone after arriving at 3:14 A.M. in that time zone.  This is not a Notice of Deposition.  This is harassment and abuse of process, which is precisely why this lawsuit was

---

[1] Similar to the many of the e-mail addresses Defendant MasMarques has admitted to using in his response to Interrogatory No. 10, this account name is almost exclusively numeric except for one letter.  *See also* First Amended Complaint ("FAC") ¶ 35, citing "8986431@gmail.com", ¶ 36, citing "87764a@gmail.com" and FAC ¶ 47 citing "986842a@gmail.com".

4

filed.  Given the circumstances, Plaintiff requested a virtual deposition via Zoom instead.  Attorney Andrade refused, insisting that because Plaintiff sued in this District, he must be brought to the home town of the violent criminal who has been stalking him for the past eight years and whose police department and District Attorney's office bungled an open-and-shut case.

> "In making a determination with respect to location, a court may consider factors such as the location of counsel for both parties, the size of the defendant corporation and the regularity of executive travel, the nature of the claim, and the relationship of the parties.  *Nat'l Cmty Reinvestment Coal. v. NovaStar Fin., Inc.*, 604 F. Supp. 2d 26, 31-32 (D.D.C. 2009); *see Smith*, 2001 WL 1757184, at *2-3 (also listing as factors the number of corporate representatives to be deposed and the likelihood of significant discovery disputes arising that would necessitate resolution).  'Expense is also `an important question in determining where to hold the examination.`'  *Nat'l Cmty Reinvestment Coal*, 604 F.Supp.2d at 31-32 (citation omitted)."

*SRH Holdings, LLC v. GEICO, et al*, Case No. 1:23-cv-10325-DJC (D. Mass. October 29, 2024).  The "relationship of the parties" is especially relevant here.  It is dangerous enough having this defendant merely *writing* about this plaintiff and, for example, his parents' synagogue, on the internet.  It is *especially* dangerous to have this plaintiff and this defendant in the same place.  When the parties were brought together *in a court with bailiffs present* in California, Defendant MasMarques and his "private investigator" still fabricated allegations against Plaintiff which resulted in more litigation.  Plaintiff considers Defendant MasMarques physically dangerous.

Plaintiff should therefore be permitted to file a second motion to compel and a motion to quash the Notice of Deposition served on July 21, 2025, with responses due in four days.

Dated: July 25, 2025          Respectfully submitted,

*[signature]*

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that on July 22, 2025 and thereafter, I conferred with counsel for Defendant Diego MasMarques, Jr. in regard to this motion in a good faith effort to resolve this issue and/or to narrow the issues.

_____
Aaron Greenspan

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev

Aaron Greenspan