UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN,<br><br>                Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, and MEDIOLEX, LTD.,<br><br>                Defendants. | Case No.: 1:23-CV-10134-DJC |

**NON-PARTY X CORP.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
COMPLIANCE WITH FRCP 45 SUBPOENA**

I.      **INTRODUCTION**

Plaintiff's Motion to Compel Non-Party X Corp. to Comply with FRCP 45 Subpoena (ECF No. 209; "Motion to Compel") should be denied because Plaintiff did not properly serve X Corp. with the subpoena that is the subject of his Motion to Compel (the "Subpoena"). Plaintiff argues he served X Corp. with the Subpoena by (a) emailing a copy of it to two attorneys on June 18, 2025, neither of whom was authorized to accept service on X Corp.'s behalf, and (b) sending a copy of the Subpoena, purportedly addressed to "X Corp. Safty-Legal [sic] Policy," by certified mail two days later. Motion to Compel at 5. These attempts at service fail to comply with Rule 45 for several reasons.

*First*, Plaintiff's attempt at serving the Subpoena by email did not comply with Rule 45 for two reasons. A party may not serve a subpoena himself or by email, so Plaintiff's email

attaching the Subpoena could not constitute service. Even if it did, a subpoena cannot be served by sending it to the recipient's attorneys—particularly attorneys who informed him they were not authorized to accept service of the Subpoena on X Corp.'s behalf.

*Second*, Plaintiff's attempt at serving the Subpoena by certified mail failed to comply with Rule 45 for several reasons. First, most federal courts have interpreted Rule 45 to require *personal*, not mail, service, and so his purported mailing of the Subpoena to X Corp. did not comply with that requirement. Second, even in the minority of courts that have found service by certified mail to be sufficient, those courts required that, among other things, the non-party to have actually received the subpoena. Tracking information confirms that the package Plaintiff purportedly sent to X Corp. containing the Subpoena was *never delivered*, and therefore failed to comply with Rule 45. And lastly, even if it had been delivered, Plaintiff failed to deliver a copy of the Subpoena to X Corp.'s registered agent or anyone authorized to accept service of the Subpoena on X Corp.'s behalf, as required by Rule 45.

Accordingly, Plaintiff's Motion to Compel should be denied.

## II.     FACTUAL BACKGROUND

On June 18, 2025, Plaintiff emailed Adam Mehes, an attorney at X Corp., and Kenneth Trujillo-Jamison, a partner at Willenken LLP who has served as outside counsel on various matters for X Corp., attaching a purported copy of the Subpoena. Dkt. 209-1 ¶¶ 1, 3 & Ex. B at 11. Both Mr. Mehes and Mr. Trujillo-Jamison promptly informed Plaintiff they were not authorized to accept service of the Subpoena on behalf of X Corp. *Id.*

Plaintiff asserts that, two days later, a copy of the Subpoena was sent by certified mail to "X Corp. Safty-Legal [sic] Policy, 865 FM 1209 Bldg 2, Bastrop, TX 78602." *Id.* ¶ 1, Ex. A. Plaintiff has not filed a proof of service for the Subpoena, much less one properly signed by

someone who served the Subpoena.

Plaintiff later emailed Mr. Mehes with a website link for the tracking information for the package Plaintiff purportedly mailed to X Corp. ECF No. 209-1 at 12. As of the date of the filing of this brief, that tracking information shows that (a) on June 28, 2025, "No Authorized Recipient [was] Available" to accept the package," and (b) on July 16, 2025 the package was "Unclaimed" and "Being Returned to Sender." Declaration of Kenneth Trujillo-Jamison ("Trujillo-Jamison Decl."), ¶ 6 & Ex. A.

**III.   ARGUMENT**

    **A.   Plaintiff's Attempt at Serving X Corp. Via Email Did Not Comply with Rule 45**

Plaintiff's attempt at serving the Subpoena by sending an email to Mr. Mehes and Mr. Trujillo-Jamison on June 18, 2025 failed to comply with Rule 45 for two separate reasons.

*First*, Rule 45(b)(1) expressly provides that a party cannot serve a Rule 45 subpoena. *Id.* ("Any person who is at least 18 years old **and not a party** may serve a subpoena.)(emphasis added); *see also, e.g.*, *Smith v. Benson*, No. 08-CV-0485SR, 2010 WL 11750690, at *1 (W.D.N.Y. Nov. 4, 2010) ("Plaintiff cannot attempt to serve third party subpoenas by regular mail because a party may not effect service himself under Rule 45."); *Khan v. Rogers*, No. 17-CV-05548-RS (LB), 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (finding a subpoena invalid where plaintiff "personally mailed the subpoena," which defied the language of Rule 45 "which provides that a subpoena must be served by a person who is not a party to the litigation."). Plaintiff himself emailed the Subpoena to Mr. Mehes and Mr. Trujillo-Jamison. ECF No. 209-1, ¶¶ 1, 3 & Ex. B at 11. Plaintiff's email attempt to serve X Corp. therefore did not comply with Rule 45.

*Second*, providing a copy of a subpoena to a non-party's attorneys is insufficient to effectuate service. *See, e.g.*, *Fujikura Ltd. v. Finisar Corp.*, No. 15-MC-80110-HRL (JSC), 2015 WL 5782351, at *6 (N.D. Cal. Oct. 5, 2015) ("[C]ourts have long held that service on an attorney is not sufficient to compel production of documents or presence at a deposition. . . . [T]he scope of [the attorney's] representation is irrelevant: even if he had been representing [the company] for all purposes, he would not be a sufficient conduit for service of a Rule 45 subpoena on the company."). Plaintiff was required to serve the Subpoena on X Corp., the named party in the Subpoena—not to Mr. Mehes, who is an attorney employed by X Corp., or Mr. Trujillo-Jamison, a partner at a private law firm.

In sum, Plaintiff's attempt at serving the Subpoena by personally emailing it to Mr. Mehes and Mr. Trujillo-Jamison did not comply with Rule 45.

### B.     Plaintiff's Attempt to Serve X Corp. by Certified Mail Did Not Comply with Rule 45

Plaintiff's attempt at serving X Corp. by purportedly mailing a package containing the Subpoena to an address in Bastrop, Texas also failed to comply with Rule 45 for several reasons.

*First,* Rule 45 required Plaintiff to personally serve X Corp.; mail service is insufficient. As explained by Wright & Miller:

> The longstanding interpretation of Rule 45 has been that *personal service* of subpoenas is required. The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. Under this construction, contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.

Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) (collecting cases); *see also Fujikura Ltd.*, 2015 WL 5782351, at *5 ("The majority of courts understand

"delivering" to require personal service of the subpoena."); *Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) ("[D]istrict court therefore did not err when it failed to compel the recipients to comply" with subpoenas that were served "by mail rather than by personal service as required by F.R.C.P. 45(b)(1)."); *F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1323 (D.C. Cir. 1980) (finding that "Federal Rule of Civil Procedure 45(c) . . . impose[s] the requirement of personal service . . . ."). Plaintiff's attempt at serving X Corp. through the mail does not constitute personal service, and therefore did not comply with Rule 45.

Although a minority of courts have authorized alternative or substitute service of a Rule 45 subpoena by mail, *see Fujikara Ltd.*, 2015 WL 5782351, at *5 ("There appears to be a growing—although still minority—trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash"), here "alternative service [was not] authorized by a court prior to service, [there were no] prior diligent attempts at personal service, and . . . the alternative form [was not] calculated to provide timely actual notice." Charles Alan Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) (collecting cases); *see Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, No. 99-cv-9623(RWS), 2006 WL 1311967, at *2 (S.D.N.Y. May 12, 2006) ("[A]ll of cases that have permitted alternative service have also emphasized that such service was sufficient only because the alternative manner employed was reasonably calculated to provide timely notice to the third party witness. . . . Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service. Rule 45 subpoenas are not sufficiently served whenever there is mere notice to the third

party witness . . . ."). Plaintiff has made no showing he attempted to personally serve X Corp., nor did he seek, much less obtain, leave of court to serve X Corp through the mail. Accordingly, his attempt at serving X Corp. by mail failed to comply with Rule 45.

*Second*, even if the Court deems service by certified mail to be a valid method of serving a Rule 45 subpoena (it should not), Plaintiff did not satisfy that requirement because Plaintiff—by addressing the package to "X Corp. Safty-Legal [sic] Policy" at an address in Bastrop, Texas—did not "ensure the subpoena is placed in the actual possession or control of the person to be served." *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000); *contra In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013) (service by certified mail sufficient "where it was effectuated by a means reasonably calculated to complete delivery and the respondents *received actual notice of the subpoena*") (emphasis added). Plaintiff did not address the Subpoena package to X Corp.'s registered agent or anyone authorized to accept service of process on X Corp.'s behalf. Confirming that fact, the tracking information for the package purportedly containing the Subpoena show that (a) on June 28, 2025, "No Authorized Recipient [was] Available" to accept the package," and (b) on July 16, 2025, the package was "Unclaimed" and "Being Returned to Sender." Trujillo-Jamison Decl. ¶ __ & Ex. A at __. As such, Plaintiff failed to "deliver" the package purportedly containing the Subpoena to X Corp., and thus he failed to serve the Subpoena on X Corp. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires *delivering* a copy to the named person . . . .") (emphasis added); *cf. Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (allowing service by certified mail where the mailing receipt and Post Office had proof-of-delivery record).

*Third*, even had Plaintiff's package been delivered (it was not), it still would not suffice as service on X Corp. because the package was not addressed nor delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, No. 19-CV-02033-YGR (JCS), 2021 WL 1176641, at *10 (N.D. Cal. Mar. 29, 2021) (internal quotation marks omitted); Fed. R. Civ. P. 4(h)(1)(B) (requiring delivery of process "to an . . . agent authorized by appointment or by law to receive service of process"); *Shumway v. Gurnee Prop. Mgmt., Inc.*, No. 20-CV-7181, 2022 WL 1211507, at *3 (N.D. Ill. Apr. 25, 2022) ("[A] plaintiff seeking to serve a corporation's registered agent must deliver process to the registered agent, *not just any person who may be present*.") (emphasis added); *Pulido v. Unitrin, Inc.*, No. CIV-S-05-0678-FCD-JFM-PS, 2005 WL 8176709, at *1 (E.D. Cal. Sept. 19, 2005) ("Plaintiff must serve the corporation's registered agent for service of process."); *TDY Indus., LLC v. IWY, Inc.*, No. 20-CV-1627-LJV, 2022 WL 1590608, at *4 (W.D.N.Y. May 19, 2022) (finding service ineffective because plaintiff failed to serve the registered agent). Plaintiff did not address his mail package to X Corp.'s registered agent. Accordingly, Plaintiff's attempt at serving X Corp. through certified mail—even if it had been delivered—still would have been insufficient to serve X Corp.

In sum, Plaintiff failed to serve X Corp. by certified mail, and because he also failed to serve X Corp. by email, as explained above, Plaintiff's Motion to Compel should be denied.[1]

---

[1] X Corp. disputes Plaintiff's accusations that "X Corp. has a documented history of willful non-compliance with federal subpoenas," that "X Corp. believes itself to be above the law," and that X Corp. "will only respond to subpoena when faced with exponentially-compounding daily sanctions." Motion to Compel at 6. The cases invoked by Plaintiff have no relevance to this case, where, as explained above (*see* § III.A-B, *supra*), Plaintiff failed to comply with Rule 45's service requirements. Because Plaintiff failed to properly serve X Corp. with the Subpoena, it is not obligated to comply with it.

## IV. CONCLUSION

For the reasons stated above, this Court should deny Plaintiff's Motion to Compel.

Dated: July 28, 2025

Respectfully submitted,

/s/ Cathryn Spaulding
Cathryn Spaulding
cspaulding@lshattorneys.com
LAMONTAGNE, SPAULDING & HAYES, LLP
34 Washington Street, Suite 200
Wellesley Hills, MA 02481
(781) 489-1414 (Telephone)
(781) 431-8749 (Facsimile)

Kenneth M. Trujillo-Jamison
(application for pro hac vice admission forthcoming)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
(213) 955-9240 (Telephone)
(213) 955-9250 (Facsimile)

*Attorneys for Non-Party X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, the foregoing document was electronically filed with the Court's CM/ECF system, thereby effectuating service on counsel for all parties.

/s/ Cathryn Spaulding
Cathryn Spaulding