UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES JR., et. al.<br><br>　　　　　Defendants. | Case No.: 1:23-cv-10134-DJC |

**DEFENDANT'S MOTION FOR LEAVE TO FILE CROSS-MOTION FOR SANCTIONS, INCLUDING DISMISSAL WITH PREJUDICE, OR, IN THE ALTERNATIVE, TO CLOSE FACT DISCOVERY AND GRANT DEFENDANT LEAVE TO MOVE FOR SUMMARY JUDGMENT**

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), including, without limitation, Rules 16(f), 26(a), 26 (g), 37(b), 37(d) and 41(b)[1], and the Court's inherent authority, Defendant Diego MasMarques, Jr. ("Defendant") respectfully moves for leave to file a cross-motion for sanctions, including dismissal with prejudice of Plaintiff Aaron Greenspan's ("Plaintiff") First

---

[1] FRCP Rule 37(b) authorizes the imposition of sanctions for discovery misconduct. Specifically, Rule 37(b)(2) authorizes the district court to sanction a party that "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2)(A) describes the type of sanctions the court may impose, which include dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, FRCP Rule 16(f) authorizes dismissal as a sanction when a party or its attorney fails to "obey a scheduling or other pretrial order." *See* Fed. R. Civ. P. 16(f)(1)(C) (incorporating sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii), which include dismissal). *See also Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) (holding "a litigant who ignores a case-management deadline does so at his peril"). Additionally, FRCP Rule 41(b) allows a district court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" The First circuit has upheld such dismissals for disobedience of court orders, long period of inaction, ignorance of warnings, contumacious conduct, or failure to prosecute by the plaintiff. *See Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir. 1987).

1

Amended Complaint, or, in the alternative, deem fact discovery closed as to Plaintiff and grant Defendant leave to file a motion for summary judgment based on the existing record. In support thereof, Defendant states as follows:

## I.    RELEVANT BACKGROUND

On June 30, 2025, the Court held a hearing on Plaintiff's initial motion to compel discovery responses. Doc. 197.

On or about July 2, 2025, Defendant's counsel requested deposition dates from Plaintiff. Plaintiff responded, via email, that he is "not available in July to be deposed. [He] will get back to [Defendant's counsel] on potential dates in August".

On July 7, 2025, during the pendency of the Court's ruling, Plaintiff filed for leave to file a second motion to compel and case-terminating sanctions against Defendant. *See* Doc. 199. In this filing, Plaintiff requested that the Court **"prohibit the service of any notice of deposition on Plaintiff so long as any of Defendant MasMarques's discovery responses remain outstanding or deficient..."** *See* Doc. 199 (emphasis added). [2]

On July 8, 2025, this Court granted in part Plaintiff's initial motion to compel and directed Defendant to provide discovery responses by July 22, 2025. *See* Doc. No. 200.

On July 9, 2025, defense counsel—having received no response from Plaintiff regarding deposition dates in August—sent him another request. Shortly after sending the email, Plaintiff responded: "Sorry, but I will not be able to provide you dates I am available for a deposition until you serve the discovery responses you owe me."

---

[2] This motion for leave was subsequently denied pursuant to the Court's July 8, 2025 Order regarding Plaintiff's initial motion to compel. *See* Doc. 204.

On or about July 10, 2025, this Court denied Plaintiff's motion for FRCP Rule 11 sanctions, warning that said motion was "frivolous" and "maybe in and of itself sanctionable under Rule 11." *See* Doc. 205.

On or about June 20, 2025, written fact discovery closed in this action.

On July 21, 2025, Defendant served Plaintiff with a notice of deposition scheduled for August 19, 2025—providing reasonable advance notice, accommodating Plaintiff's prior assertions of being "unavailable" during July, and ensuring compliance with the August 29, 2025 fact discovery deadline. Plaintiff neither responded to the notice nor acknowledged its receipt at the time of service.

On July 22, 2025, in accordance with the Court's July 8, 2025 Order, Defendant served his amended answer to Interrogatory No. 13, responses to Plaintiff's Second Set of Interrogatories, and completed his document production.[3]

About ninety minutes after service was made, Plaintiff replied by email, summarily declaring Defendant's discovery responses to be "nonresponsive" and "deficient"—without offering any explanation or identifying specific objections. He further informed defense counsel of his intention to file various motions—including a motion to quash his scheduled deposition, motion to extend the discovery deadline for issuing FRCP Rule 45 subpoenas, motion for sanctions, a renewed motion to compel, and a "motion to amend" (without specifying what he sought to amend). Nevertheless, in a good faith effort to avoid unnecessary motion practice, defense counsel asked Plaintiff to specifically identify which discovery responses he believed were "deficient" or "nonresponsive" and to "explain what [he] believes is lacking."

---

[3] In her accompanying email, Defendant's counsel noted that Plaintiff's interrogatories exceeded the 25-interrogatory limit under FRCP Rule 33 and accordingly no responses would be provided to Interrogatories 26 through 30.

3

On July 23, 2025, Plaintiff sent Defendant a list of 15 purported "deficiencies" in Defendant's discovery production.[4] In response, Defendant's counsel addressed each item in turn, providing detailed explanations and clarification.[5]

On July 24, 2025, Plaintiff contacted Defendant's counsel to request that his deposition be conducted remotely by video on the basis that travelling was an "inconvenience" and "financial burden." Defendant's counsel denied the request, reminding Plaintiff that he chose to file his complaint in this district, thereby availing himself of its jurisdiction, and further noting that Defendant has had to incur substantial expenses in this lawsuit. In response, Plaintiff claimed that if he must travel to Massachusetts for his deposition, then Defendant should be required to travel to California—a demand that simply has no legal basis. At no point during the call—or in any email communications—did Plaintiff raise any concerns for his safety or his

---

[4] Most of the alleged "deficiencies" identified by Plaintiff are based on pure speculation regarding documents he merely *assumes* must exist and, therefore, must be in Defendant's possession, rather than any actual discovery obligation under Rule 34. Plaintiff also broadly objected to all redactions in Defendant's production, despite defense counsel explaining—and documenting via redaction and privilege logs—that only a limited number of redactions were made by the defense. Most redactions appeared in documents as originally received and related to other matters involving the parties, such as public records obtained through FOIA requests to the Marlborough Mayor's Office and filings from unrelated legal proceedings.

[5] In a July 23, 2025 email, Defendant's counsel described the scope of her in-person review:

> "As mentioned, I met with my client in person and conducted a good-faith review of his devices. There were no social media apps (including X or ComplaintsBoard), related app installers, or saved login credentials on either his iPhone or laptop, including any web browser. I also searched for responsive materials, including emails from accounts actively logged in during the review. With respect to other known email accounts, I asked my client to confirm that he had conducted a complete search, and at my request, he re-reviewed those accounts and confirmed that all responsive materials have been identified and collected for production. I also inquired about any external storage devices, and a flash drive was identified, which he searched. Responsive materials from that device have been included in the production."

deposition attendance being "dangerous".[6] To the contrary, in an email later that day at 3:09 p.m., Plaintiff states: "…as I explained on the phone, **A) traveling is burdensome, and totally pointless—you want me to travel 12 hours by plane for a deposition that could be done easily via Zoom—and B) your document requests are untimely.**…" (emphasis added).[7]

Approximately one hour after Defendant's counsel rejected Plaintiff's Zoom deposition request, Plaintiff—without leave of Court or any substantial justification—served an amended Rule 26(a) initial disclosure—well past the April 18, 2025 deadline set forth in the Scheduling Order. The amendment increased his claimed damages by nearly $200,000, now totaling "at least $1,011,500.00," and replaced his previously asserted compensatory damages with <u>entirely new</u> damages, including "Loss of Time; Loss of Asset Value; Loss of Reputation; Loss of Good Standing with State and Federal Government Agencies; Emotional Distress and Suffering."[8] Upon receipt, Defendant's counsel promptly requested a computation and supporting documentation pursuant to Rule 26(a)(1)(A)(iii). Plaintiff has not responded to this request.[9]

---

[6] Notably, in the approximately fifteen emails Plaintiff sent to Defendant's counsel during the week following service of the deposition notice, not once did he mention any concern for his safety as a reason for refusing to appear in this District for his deposition.

[7] Plaintiff also attempted to challenge the deposition notice as "defective" on the grounds that it includes document requests. However, neither the FRCP nor the Scheduling Order here prohibit including document requests in a FRCP Rule 30(b)(2) deposition notice after the written discovery deadline has passed but discovery remains ongoing.

[8] In his original initial disclosures dated April 18, 2025, Plaintiff claimed compensatory damages for "**direct security realized losses**" totaling $812,500.00 and "*costs*" in the amount of $11,000.00, bringing his total purported damages to "at least $823,500.00".

[9] In fact, Plaintiff has never made available for inspection or copying any documents or other evidentiary materials supporting the computation of damages set forth in his initial disclosures dated April 18, 2025, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

On July 25, 2025, after confirming that certain redacted personal information had already been disclosed in public filings, Defendant's counsel—acting in good faith and to avoid unnecessary motion practice—reissued Defendant's document production with those redactions removed.  At 3:38 p.m. that same day, defense counsel sent Plaintiff a copy of the updated document production via Dropbox, along with redaction and privilege logs and a supplemental response to Interrogatory No. 10.[10]

In her accompanying email, Defendant's counsel also raised concerns about Plaintiff's improper dissemination of Defendant's July 22, 2025, document production, noting that records showed Plaintiff had shared the production's access link with a third party not involved in this litigation—who then requested "editor" access to the materials (which defense counsel denied).  Defendant's counsel further noted that this conduct directly contradicts Plaintiff's express representation to the Court during the June 30, 2025 hearing, in which Plaintiff assured the Court that he would not disseminate Defendant's document production.

At approximately 3:45 p.m. on July 25, 2025, Plaintiff responded by attempting to qualify his prior representation, claiming he had only agreed not to "**publicly**" disseminate Defendant's document production, while admitting to sharing the link to the document production with his partner—who is not a party to this litigation and is listed as a witness in both Plaintiff's original and improperly amended Rule 26(a)(1) disclosures.  Plaintiff offered no legitimate justification for sharing access to Defendant's production and, instead, appears to confirm it was done for an improper purpose, asserting his partner was mentioned in Defendant's

---

[10] The supplemental response included an old email address last used in 2018, which Defendant had previously forgotten existed.

documents and may have "clear standing to also sue [Defendant] for libel…[and] that may be coming as well."

At approximately 4:25 p.m. that same day—and just one hour after Defendant, in good faith, had further supplemented his document production— Plaintiff filed a 6-page motion for leave to submit his second—and third attempted— motion to compel, and motion to quash his scheduled deposition. *See* Doc. 213. In his filing[11], Plaintiff accuses Defendant of producing nonresponsive materials and "flagrantly refus[ing] to comply with basic discovery obligations," alleging that Defendant's production "did not include material responsive documents that **Plaintiff knows are in Defendant MasMarques's possession, custody, or control**…" *See* Doc. 213 (emphasis added). His motion filing further seeks to quash his deposition on the ground that appearing in this District is purportedly "dangerous"— a plainly ridiculous excuse, further undermined by his simultaneous admission that "Plaintiff should not be required to sit for a deposition **so that his words can be used against him**..." *See* Doc. 213 (emphasis added).

On July 26, 2025— despite the parties no longer engaging in meet-and-confer communications following Plaintiff's filing of his motion—Plaintiff nevertheless sent the following hostile and inappropriate message to defense counsel:

> "You keep lying to me, and I do not appreciate it. I am not stupid. I am also compiling a list of your lies so that when I finally do report you to the BBO, the evidence will be

---

[11] Of particular concern, Plaintiff's motion is laced with inflammatory rhetoric and demonstrably false, defamatory statements. *See* Doc. 213. In the same filing, Plaintiff refers to Defendant as "a convicted murderer, with a history of additional violent crimes (attempted vehicular manslaughter, alleged rape, etc.) and mental illness according to the United States Department of Justice," and further implies that Defendant is antisemitic by referencing purported "writing[s] about… [Plaintiff's] parents' synagogue, on the internet." *See* Doc. 213. These allegations are entirely false and wholly fabricated. Defendant has never made any such writings, nor does any factual basis exist for Plaintiff's claims. Plaintiff's filing also includes baseless personal attacks against defense counsel, including unfounded and unsupported accusations of unethical conduct. These repeated and meritless personal attacks serve no legitimate litigation purpose and reflect an escalating pattern of abuse that has increasingly disrupted the orderly progress of this case.

overwhelming and irrefutable. I do not think someone so willing to brazenly lie should be practicing law."

## II. GROUNDS FOR SANCTIONS

As shown above—and further detailed in Defendant's forthcoming motion—including supporting declaration and exhibits containing the true and accurate copies of the communications and documents referenced herein—Plaintiff's conduct in this litigation includes a repeated and willful failure to prosecute, refusal to participate in discovery, disregard of this Court's orders, and pattern of contumacious, dilatory, and abusive conduct. Such misconduct warrants the imposition of sanctions, including, without limitation, dismissal with prejudice.

In further support, Defendant submits the following specific grounds for sanctions:

A. **Plaintiff's Deliberate And Persistent Bad Faith Conduct**

- Refusing to cooperate in scheduling his deposition despite multiple requests by defense counsel and Plaintiff's shifting, unsupported explanations for his unavailability.

- Seeking to quash his deposition notice based on alleged safety concerns—concerns he never raised in any emails (including the 15 or so sent by Plaintiff) or phone communications with defense counsel following service of the notice, during which Plaintiff offered three entirely different excuses for nonattendance.

- Deliberately misrepresenting the content, adequacy, and scope of Defendant's discovery responses in court filings, despite receiving approximately 900 pages of documents in total, detailed interrogatory answers and supplemental responses, redaction and privilege logs, and good-faith explanations from defense counsel.

- Filing duplicative and meritless motions including, without limitation, duplicative, frivolous motions to compel, for default and for sanctions, including Plaintiff's recently denied motion for Rule 11 sanctions which this Court expressly warned was "frivolous."

- Making repeated, inflammatory, abusive, and defamatory personal attacks in court filings that serve no legitimate litigation purpose, including Plaintiff's knowingly false and unsubstantiated assertions that Defendant is a "convicted murderer," an "alleged rapist," or implying he is an antisemite, as well as accusing him of non-existent crimes such as "attempted vehicular manslaughter."

- Repeatedly threatening and harassing defense counsel with baseless allegations of unethical conduct and unwarranted threats of bar complaints.

- <u>Improperly disseminating discovery materials</u>, including sharing a link containing Defendant's document production with a nonparty who is also identified as a Rule 26(a)(1) witness—an individual Plaintiff claims has "clear standing to also sue [Defendant] for libel…[and] that may be coming as well" —in direct violation of Plaintiff's express representations to the Court and his certification under Rule 26(g) that discovery conduct is not interposed for an improper purpose.

- <u>Seeking to file a third motion to compel and motion to quash</u> within 45 minutes of receiving Defendant's supplemental discovery responses, including a redaction log and privilege log—strongly indicating the filing was made in bad faith and always planned, regardless of Defendant's good faith efforts to address Plaintiff's purported "deficiencies".

- <u>Refusing to respond to Defendant's request for a computation and evidentiary support</u> for his improperly amended Rule 26(a)(1) disclosures, as required under Rule 26(a)(1)(A)(iii).

B. **<u>Plaintiff's Persistent And Deliberate Violations Of Court Orders And Discovery Obligations</u>**

- <u>Plaintiff unilaterally amended his FRCP Rule 26(a)(1) disclosures</u>—increasing his claimed damages by $200,000 and replacing previously asserted compensatory damages with entirely new damages on July 24, 2025—long after the April 18, 2025, deadline set forth in the Scheduling Order—without seeking leave of Court or any showing of substantial justification.[12]

- <u>Plaintiff has not "ma[de] available for inspection and copying... the documents or other evidentiary material... on which each computation is based"</u> for either his original or his improperly amended Rule 26(a)(1) disclosures, as required under Rule 26(a)(1)(A)(iii). *See* FRCP Rule 37(a)(4)("For purposes of this subdivision (a), an evasive or incomplete disclosure… or response must be treated as a failure to disclose… respond.").

- <u>Plaintiff continues to pursue Rule 45 third-party subpoenas</u> after the close of written discovery—in direct violation of the Court's scheduling order —and has affirmatively

---

[12] *See* Fed. R. Civ. P. Rule 26 advisory committee's note, 1993 amendments (stating that "[p]aragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)."). *See, e.g., Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45–46 (1st Cir. 2002) (holding that "the court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders."). *See also, Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009) ("If a party fails to provide information... the party is not allowed to use that information... at a hearing or at trial, unless the failure was **substantially justified** or is **harmless**.") (emphasis added).

9

stated his intent to move to extend the discovery deadline to permit such subpoenas, without offering any showing of good cause as required under Rule 16(b)(4).

C. **Prejudice To Defendant.**

- <u>Plaintiff's tactics have caused severe and compounding prejudice to Defendant</u>. Defendant has been forced to expend substantial time, resources, and attorneys' fees responding to Plaintiff's duplicative, meritless filings, while simultaneously enduring repeated defamatory accusations and personal attacks directed at him.  At the same time, Plaintiff has obstructed discovery essential to Defendant's ability to prepare an adequate defense, not only by refusing to attend his deposition but also by willfully violating Court Orders and failing to comply with Rule 26(a)(1)(A)(iii).

### III.   CONCLUSION

**WHEREFORE,** Defendant respectfully requests that this Honorable Court grant Defendant leave to file a cross-motion for sanctions, including dismissal with prejudice of Plaintiff's First Amended Complaint, or, in the alternative, deem fact discovery closed as to Plaintiff and grant Defendant leave to file a motion for summary judgment based on the existing record.

    Respectfully submitted,

    DEFENDANT, DIEGO MASMARQUES, JR.,

    By his Attorney,

    */s/ Ashley A. Andrade*
    _____

    Ashley A. Andrade, Esq.
    ANDRADE LEGAL, LLC
    867 Boylston Street, 5th Floor #1119
    Boston, MA 02116
    BBO# 697189
    Phone: 617.206.1822
    Email: ashley@andrade-legal.com

Dated: August 1, 2025

LOCAL RULE 7.1.(a)(2) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on July 22, 2025, I conferred with Plaintiff regarding his obligation to appear for his deposition and advised him that Defendant would seek court intervention should he refuse to appear. In addition, on July 24, 2025, I had a phone call with Plaintiff during which I again attempted to resolve the issue informally. Despite my efforts to resolve or narrow the dispute without judicial intervention, Plaintiff refuses to engage meaningfully.

/s/ Ashley A. Andrade

Ashley A. Andrade

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on August 1, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Ashley A. Andrade

Ashley A. Andrade
BBO # 697189