UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**, <br><br> Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE CROSS-MOTION FOR SANCTIONS, INCLUDING DISMISSAL WITH PREJUDICE, OR, IN THE ALTERNATIVE, TO CLOSE FACT DISCOVERY AND GRANT DEFENDANT LEAVE TO MOVE FOR SUMMARY JUDGMENT**

I. INTRODUCTION

Defendant Diego MasMarques, Jr.'s bad-faith motions never end, whether or not he is represented by counsel. Plaintiff has not deliberately violated any Federal Rule of Civil Procedure ("Rule")—not Rule 16, not Rule 26, not Rule 37, and not Rule 41. In contrast, the filing of the instant motion for leave violates at least Civil Local Rules 5.1(a)(2), 7.1(a)(2), 37.1(a), and this Court's Orders at ECF Nos. 78, 119, and 200. It also appears designed to circumvent the 21-day grace period required by Rule 11(c)(2).

The chief gripe in Defendant MasMarques's proposed motion pertains to Plaintiff's initial disclosures. The first version of that document clearly stated, "This document is subject to amendment and/or supplementation," and after opposing counsel pointed out an error, Plaintiff

1

corrected it by amendment. This has apparently upset opposing counsel.[1] Thus, the crux of the dispute raised in the motion, which should never have been filed, is already resolved.

Besides this chief gripe about Plaintiff's initial disclosures (1), opposing counsel also raises grievances that: (2) Plaintiff has justifiably criticized her disturbing tendency to provably lie in violation of her ethical obligations as an attorney; (3) Plaintiff does not find it fair that he should be deposed 3,079 miles from his home (but not in Boston[2]) while Defendant MasMarques stonewalls discovery; (4) Plaintiff did not explicitly tell her yet again that her client, a convicted murderer with a long history of mental illness who has also physically assaulted both men and women, is dangerous; (5) Plaintiff is attempting to enforce two subpoenas, both obtained before the close of written fact discovery; (6) Plaintiff alerted his partner to his name appearing in libelous public records; and (7) Plaintiff has purportedly "wholly fabricated" claims about her client, allegedly without "factual basis." She argues, in a single-spaced bulleted list that covers pages 8, 9 and some of page 10 in a motion ordered to be five pages or less due to her client's history of frivolous filings that is also required to be double-spaced, that these purported failings merit sanctions. She is incorrect. This motion is another transparent effort to end discovery.

## II.    ARGUMENT

### A.    Plaintiff's Seven-Day Response Window To Provide Requested Documents Is Not a Basis for Sanctions Under Any Rule

Plaintiff received Attorney Andrade's open-ended[3] e-mail requesting documents pursuant

---

[1] Defendant MasMarques is in no position to ask for sanctions on this particular basis. Despite being represented by four attorneys in this action alone, he has served two different versions of his Answer (ECF Nos. 143 and 178), served two different versions of his initial disclosures, has amended his responses to multiple interrogatories repeatedly, and is now on his *third* attempt to produce documents, years late. Hundreds of pages are still being improperly withheld.
[2] *See* Civil Local Rule 30.1(a).
[3] Between July 24, 2025 and August 1, 2025, Plaintiff was also obligated to meet several tax filing deadlines with potential penalties for non-compliance.

to Rule 26(a)(1)(A)(iii) on July 24, 2025. Plaintiff responded with those documents on August 1, 2025. Despite sending five e-mails to Plaintiff after that particular request on July 24th, Attorney Andrade did not warn Plaintiff that she intended to move for sanctions on the basis of any purported delay, and did not follow up about those documents at any time verbally or in writing.

Civil Local Rule 37.1(a) spells out Attorney Andrade's "Obligation to Confer," which was her responsibility, and which she simply ignored as "counsel for the moving party." Thus, aside from its frivolous and hyperbolic nature, her motion fails for this reason alone.

### B. The Exercise of One's First Amendment Right To Tell An Officer of The Court To Stop Lying When Confronted With a Stream of Lies Easily Provable Within Minutes Is Not a Basis for Sanctions Under Any Rule

Plaintiff does not tolerate lies from attorneys, who are officers of the Court and are thus obligated to be truthful. This is not a valid basis on which to seek sanctions. Attorney Andrade is Defendant MasMarques's eighth attorney in this years-long affair. Although discovery responses have been notably incomplete, documents have already been produced proving that Defendant MasMarques and his counsel have been lying, and still are. The proper course of action for Attorney Andrade would be to withdraw, as did nearly all of her predecessors.[4]

### C. Amending Initial Disclosures Is Not a Basis for Sanctions Under Any Rule

The instant motion states that Plaintiff "unilaterally" amended his initial disclosures. That is Plaintiff's right. Plaintiff did not violate the Scheduling Order, which does not address such amendments. Nor did Plaintiff's amendments affect witnesses. They simply reflect the allegations in the active complaint. The authorities in footnote 12 are inapposite and moot.

---

[4] *See Schobinger v. Twitter, Inc., et al*, Case No. 3:23-cv-03007-VC, Tr. at 23:18-21 (N.D. Cal. May 8, 2025) (in which District Judge Vince Chhabria tells an attorney facing sanctions, "I'm very surprised they didn't file a Rule 11 motion earlier, but I'm also equally shocked that you didn't drop this case or drop this plaintiff, you know, the moment you saw the documents.").

### D. Moving To Quash an Unreasonable Notice of Deposition That Attorney Andrade Admitted Is Flawed Is Not a Basis for Sanctions Under Any Rule

Plaintiff has never stated that he refuses to be deposed. He has stated, at various points in time, that he believes travel to Marlborough, the home town of the convicted murderer and violent criminal who has been stalking him for eight years, is an unreasonable expense and burden that could jeopardize his physical safety given the alternative of a Zoom video deposition. *See* ECF No. 82. The Court has yet to rule on this. The motion is at best premature.

### E. Moving To Enforce Subpoenas Is Not a Basis for Sanctions Under Any Rule

Plaintiff's subpoenas, obtained on June 18, 2025 before the close of written fact discovery, pose a direct, dispositive threat to Defendant MasMarques's defense. Plaintiff has the right to attempt to enforce the subpoenas and Defendant MasMarques cites no authority suggesting otherwise. The filing of motions related to enforcement that could not have been brought sooner does not violate the Scheduling Order. Defendant MasMarques cannot and does not point to any delay, and he did not even oppose Plaintiff's motions at ECF Nos. 194 (seeking alternative service on Mediolex, Ltd.) or 209 (seeking to compel compliance by non-party X Corp.), so this argument has been waived. This is not a valid basis for sanctions.

### F. Stating Documented Facts Is Not a Basis for Sanctions Under Any Rule

Defendant MasMarques is, in fact, a convicted murderer with an additional history of battery against women, a separate reported conviction of attempting to run over the boyfriend of one of his former colleagues with his motor vehicle, and rape allegations.[5] *See USA v.*

---

[5] *See also* Google Translation of *Ultima Hora*, "El acusado de matar a Tatiana fue detenido dos veces en Boston por golpear a mujeres" by J.F. Mestre, December 19, 1999, https://www-ultimahora-es.translate.goog/sucesos/ultimas/1999/12/19/934701/el-acusado-de-matar-a-tatiana-fue-detenido-dos-veces-en-boston-por-golpear-a-mujeres.html?_x_tr_sl=es&_x_tr_tl=en &_x_tr_hl=en&_x_tr_pto=wapp (English headline: "The man accused of killing Tatiana was arrested twice in Boston for beating women. Diego Mas has also been sentenced in Palma for

*MasMarques*, Case No. 1:09-cr-10304-MLW (D. Mass. *filed* October 16, 2009).  As Plaintiff has pointed out each time Defendant MasMarques denies his criminal history, his case records use the specific word "Murder" in connection with 18 U.S.C. § 1111 as the analog for one of the crimes of which he was convicted in Spain.  *Id*., *see* ECF No. 1-3 at 6.  He also, to the best of Plaintiff's knowledge, posted this (redacted for safety reasons) on Blacklist Report in 2017:



The full unredacted name of the synagogue is the name Plaintiff's family's former synagogue.[6,7]

### G.  Plaintiff's Filings Have Never Been Frivolous, Yet Even If They Were, Rule 11 Would Be the Appropriate Mechanism To Request Sanctions

Plaintiff's motion to compel was granted in part; thus, it cannot have been "frivolous." Plaintiff's motion for Rule 11 sanctions has yet to be ruled on by Judge Casper.  Rule 37 does not address this type of concern.  While Rule 11 might, it requires a 21-day grace period.

### III.  CONCLUSION

The motion has no substantive merit, is severely procedurally defective, *and* contains false statements made to the Court.  Plaintiff could describe further defects, but since Plaintiff does his best to follow this Court's various rules, he has been permitted only five pages to respond to an improper motion that is more than ten pages long when formatted properly.

---

ramming his car into the boyfriend of a former colleague."  The article also notes, "the police arrested him twice for beating two young women who were his romantic partners.")

[6] Defendant MasMarques admits that his Mac OS username appeared on Blacklist Report.

[7] Defendant MasMarques's redactions cannot be blamed on "FOIA" because some records in question originated *from his own e-mail account* and appear in part *unredacted* in ECF No. 54-5.

Dated: August 2, 2025               Respectfully submitted,

*[signature]*

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_____
Aaron Greenspan