# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

**AARON GREENSPAN**,

      Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

      Defendants.

</td><td>

Case No.: 1:23-cv-10134-DJC

</td></tr>
</table>

## JOINT STATUS REPORT

## I.   INTRODUCTION

Pursuant to this Court's Scheduling Order at ECF No. 170, the remaining parties in this action, Plaintiff Aaron Greenspan and Defendant Diego MasMarques, Jr., submit the following joint status report.

## II.   CASE STATUS

### A.   Discovery

Written fact discovery is closed.  Discovery is nearly closed but there remain several areas of dispute.

#### 1.   Interrogatories

Plaintiff maintains that Defendant MasMarques has knowingly provided false responses to Plaintiff's interrogatories, which Plaintiff only knows because his responses and his amended responses conflict with his prior testimony in California and his own document production, in

violation of Federal Rules of Civil Procedure 11(b)(3)-(4) and 37.  Plaintiff's first motion to compel was granted in part on July 8, 2025 by the Court's Order at ECF No. 200.  Plaintiff has filed a motion for leave to file a second motion to compel truthful and accurate responses, ECF No. 214 (corrected version of ECF No. 213), which is pending before the Court.

Defendant maintains that he has served complete and responsive answers to Plaintiff's interrogatories in accordance with the Federal Rules of Civil Procedure and this Court's July 8, 2025 Order, *see* Doc. No. 200.  Defendant further asserts that Plaintiff's anticipated second motion to compel (*see* Doc. No. 213) is without merit, as it fails to demonstrate any legitimate deficiency in Defendant's discovery responses under the standards set forth in Rules 26(g) and Rule 37.  In addition, although Defendant initially elected not to serve interrogatories during the written discovery period, Plaintiff's amended Rule 26(a)(1)(A)(iii) disclosures—served without leave of Court, after the initial disclosure deadline set forth in the Scheduling Order, following the June 18, 2025 written discovery cutoff, and a mere 4 weeks before the close of fact discovery—asserted entirely new categories of compensatory damages and increased the total claimed damages by approximately $200,000.  Defendant maintains that this untimely and unauthorized expansion of Plaintiff's damages theory has significantly prejudiced his ability to pursue targeted and meaningful discovery within the deadlines established by the Court.

## 2.    Document Requests

Plaintiff maintains that Defendant MasMarques is withholding documents that are crucial to Plaintiff's case, and which Plaintiff can prove exist and are under Defendant MasMarques's control.  Plaintiff believes that this is a separate violation of Federal Rules of Civil Procedure 11(b)(3)-(4) and 37.  Plaintiff has filed a motion for leave to file a second motion to compel production of these documents, ECF No. 214 (corrected version of ECF No. 213), which is

pending before the Court.

Defendant denies that he is withholding any documents responsive to Plaintiff's discovery requests.  To the contrary, Defendant has complied in good faith with all applicable obligations under the Federal Rules of Civil Procedure and this Court's July 8, 2025 Order and has produced all non-privileged documents within his possession, custody, or control.  Plaintiff's assertion that Defendant is in violation of Rules 11(b)(3)–(4) and 37 is wholly unfounded and unsupported by any evidence.  Moreover, Defendant has provided both a redaction log and a privilege log consistent with the requirements of Rule 26(b)(5), and has supplemented his discovery responses as appropriate and in a timely manner.  Defendant opposes Plaintiff's pending motion for leave to file a second motion to compel (*see* Doc. No. 213), and has separately sought leave to file a motion for sanctions. *See* Doc. No. 218.  Defendant is also currently seeking documents from Plaintiff in connection with a notice of deposition served on July 21, 2025.  In addition, although Defendant initially elected not to serve separate document requests during the written discovery period, Plaintiff's amended Rule 26(a)(1)(A)(iii) disclosures—served without leave of Court, after the initial disclosure deadline set forth in the Scheduling Order, following the June 18, 2025 written discovery cutoff, and a mere 4 weeks before the close of fact discovery—asserted entirely new categories of compensatory damages and increased the total claimed damages by approximately $200,000.  Defendant maintains that this untimely and unauthorized expansion of Plaintiff's damages theory has significantly prejudiced his ability to pursue targeted and meaningful discovery within the schedule established by the Court.

### 3.    Requests for Admission

No party has served requests for admission.

### 4.    Depositions

Plaintiff anticipates appearing for a deposition presently scheduled for August 19, 2025 in Marlborough, Massachusetts.  The logistics surrounding the deposition are presently disputed.  As Plaintiff has maintained throughout this case, Zoom is far more economical for communication given his location in California.  In addition, Defendant MasMarques is dangerous and has a documented history of provoking conflict when he is in the same room as Plaintiff.  *See* ECF No. 82.  Plaintiff has filed a motion for leave to file a motion to quash the Notice of Deposition, ECF No. 214, which is pending before the Court.  Plaintiff believes that paid security arranged for *by Defendant MasMarques* would not be trustworthy based on past experience with Defendant MasMarques's private investigators, who simply perjured themselves for pay.  A remote deposition alleviates the risk of any physical altercation or future false allegations based on conduct in person.

Defendant has served a notice of deposition upon Plaintiff, scheduled for August 19, 2025 in Marlborough, Massachusetts.  Plaintiff has since sought leave to file a motion to quash the deposition notice.  It is Defendant's position that Plaintiff has no legitimate basis to seek such relief.  While Plaintiff now claims that attending the deposition in person would be "dangerous" (*see* Doc. No. 213), this assertion is inconsistent with prior communications (both by email and by phone) between Plaintiff and Defendant's counsel, in which Plaintiff cited inconvenience and financial burden as his reasons for avoiding in-person testimony.  Defendant believes the motion to quash is merely the latest in a series of shifting and unsupported excuses offered by Plaintiff to avoid having to provide testimony.  Accordingly, Defendant has sought leave to file a cross-motion for sanctions in response.  Nevertheless, should Plaintiff have genuine safety concerns, Defendant is willing to arrange and pay for appropriate security measures.

### 5.    Subpoenas

Plaintiff served two Rule 45 subpoenas on Mediolex, Ltd. and X Corp.  Neither has complied.  Plaintiff has filed motions regarding each: the Mediolex, Ltd. subpoena is addressed by the motion at ECF No. 194 and the X Corp. subpoena is addressed by the motion at ECF No. 209.  Defendant MasMarques did not oppose these motions, but non-party X Corp. has appeared to oppose ECF No. 209.  Magistrate Judge Boal denied ECF No. 194 in an Electronic Order on July 11, 2025 at ECF No. 203.  Plaintiff filed a timely Rule 72(a) objection to that Electronic Order on July 21, 2025 at ECF No. 209, which is pending before the Court.  Defendant MasMarques has refused to acknowledge his repeated use of GMail e-mail accounts, but Plaintiff may move the court for leave to submit a third subpoena to Google, Inc. regarding these accounts, which are referenced in the First Amended Complaint.

Defendant maintains that although he initially elected not to serve third-party subpoenas, Plaintiff's untimely amended Rule 26(a)(1)(A)(iii) disclosures—made without court approval and after the written discovery deadline—asserted entirely new and previously undisclosed categories of compensatory damages.  This last-minute expansion of Plaintiff's damages theories significantly prejudiced Defendant's ability to conduct meaningful and targeted discovery within the time permitted by the Court.  Furthermore, Defendant did not initially oppose Plaintiff's motions concerning the Rule 45 subpoenas (Doc. Nos. 194 and 209), as they were directed at non-parties.  Magistrate Judge Boal denied Doc. No. 194 on July 11, 2025, and Defendant supports that ruling.  With respect to Doc. No. 209, Defendant notes that non-party X Corp. has appeared in opposition.  Defendant further observes that both subpoenas were issued on June 18, 2025—two days before the final day of written discovery.  To the extent these subpoenas failed to comply with the requirements of Rule 45, were not served in accordance with Rule 4, or were

directed to non-parties lacking sufficient jurisdictional ties to this District, Defendant's position is that Plaintiff's continued pursuit of such discovery is procedurally improper and in violation of the written discovery deadline set by the Court.

### 6. Experts

Plaintiff does not intend to seek expert discovery at this time.

Defendant does not intend to seek expert discovery at this time. Defendant also contends that Plaintiff is not qualified to offer expert opinions under the Federal Rules of Evidence, and that any damages requiring more than simple arithmetic—such as, *inter alia*, loss of asset value, reputational harm, government standing, or emotional distress—require expert testimony under Rules 701(c) and 702.

### B. Dispositive Motions

Plaintiff intends to file a motion for summary judgment after the completion of all discovery.

Defendant intends to file a motion for summary judgment following the fact discovery deadline on August 29, 2025, or at such time as permitted by the Court.

### C. Mediation

As previously stated, Plaintiff is willing to engage in mediation under certain conditions, with those conditions being that Defendant MasMarques is represented by counsel, and that the mediation's costs are absorbed by the Court or Defendant MasMarques.

Defendant's position is that he is willing to participate in mediation, provided that the associated costs are shared equally among the parties.

### D. Other Relevant Matters

The parties have not identified any other relevant matters.

Dated: August 4, 2025                Respectfully submitted,


Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org




DEFENDANT, DIEGO MASMARQUES, JR.,

By his Attorney,

*/s/ Ashley A. Andrade*

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2025 I filed the foregoing with the Clerk of Court using

the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.


Aaron Greenspan