UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 23-10134-DJC |
| v. | ) |
| DIEGO MASMARQUES, | ) |
| Defendant. | ) |

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 209]

August 11, 2025

On July 15, 2025, Plaintiff Aaron Greenspan filed this motion to compel non-party X Corporation to comply with a subpoena. X Corporation filed an opposition, contending, inter alia, that the subpoena failed to comply with Rule 45(b), which requires personal service. Docket No. 215 at 4-5. For the following reasons, this Court denies the motion.

In the first instance, Greenspan filed this motion in the wrong federal court. As noted previously by this Court, Docket No. 206, Rules 45(d)(2)(B), (d)(3), and (e)(2)(B) of the Federal Rules of Civil Procedure require subpoena-related motions to be made to the court where compliance is required under Rule 45(c) not necessarily the issuing court. See, e.g., Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023) ("Although Rule 45(a)(2) requires that a Rule 45 subpoena issue from the court where the action is pending (i.e., the issuing court), Rule 45(d)(2)(B)(i) provides that motions to compel compliance with the subpoena must be heard by

1

the district court encompassing the place where compliance is required (*i.e.*, the compliance court)."). There is no indication in the record that X Corporation is in Massachusetts. Rather, there are indications that X Corporation is in Texas, in which case one of the federal districts in Texas would be the appropriate place for compliance, as well as the filing of this motion in the first instance. Fed. R. Civ. P. 45(d)(2)(B)(i). The court where compliance is required may transfer the motion to the issuing court but only under certain circumstances. Fed. R. Civ. P.45(f).

In addition, pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "The longstanding interpretation of Rule 45 has been that personal service of subpoena is required." Bloom v. Campbell, No. 24-10339-RGS, 2025 WL 1859382, at *1 (D. Mass. June 17, 2025). When the "person" is a corporation, Rule 45's mandate may be satisfied by delivering a copy to the corporation's officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. In re Newbrook Shipping Corp., 31 F.4th 889, 897 (4th Cir. 2022). Although "a growing number of courts have approved alternative service of a subpoena so long as service is calculated to provide timely actual notice . . ., [c]ourts typically require a party seeking leave to serve by alternative means" and "to demonstrate a prior diligent attempt[s] to personally serve[] before permitting substituted service under Rule 45." Bloom, 2025 WL 1859382, at *1 (internal quotation marks omitted). Service on an attorney is generally insufficient. See, e.g., Fujikura Ltd. v. Finisar Corp., No.5:13-cv-03345, 2015 WL 5782351, * 6 (N.D. Cal. Oct. 5, 2015); Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Am., 262 F.R.D. 293, 304 (S.D.N.Y. 2009); Weiss v. Allstate Ins. Co., 512 F.Supp.2d 463, 466 (E.D.La. 2007). Nor is service by certified mail on a corporation appropriate in the first

2

instance.  See, e.g., Kenyon v. Simon & Schuster, Inc., No.16 Misc. 327(P1), 2016 WL 5930265, at *2,*4 (S.D.N.Y. Oct. 11, 2016).

Greenspan has attempted service on X Corporation by the following means.  On June 18, 2025, Greenspan emailed a copy of the subpoena to Adam Mehes, an attorney at X Corporation, and Kenneth Trujillo-Jamison, an attorney at Willenken LLP, who has served as outside counsel for X Corporation.  Docket Nos. 209 at 6; 209-1 at 9-11; 215 at 2.  After receiving the email, attorney Mehes and Trujillo-Jamison both informed Greenspan that they are not authorized to accept service on behalf of X Corporation.  Docket Nos. 209-1 at 9-11; 215 at 2.

In addition, Greenspan asserts that he served X Corporation by certified mail, which was addressed to "X Corp. Safety-Legal Policy."  Docket No. 209-1 at 36.  Specifically, on June 30, 2025, Greenspan emailed attorney Mehes and Trujillo-Jamison stating that the subpoena was delivered via certified mail to X Corporation's mailbox in Bastrop, Texas and a link to the tracking record.  Docket No. 209-1 at 12.  The tracking record, however, shows that there was no authorized recipient available to accept the mail, and that the mail was returned to the sender.  Docket No. 215-2 at 1.  There is no evidence that the mailing was in fact delivered.

Here, Greenspan did not seek a leave from this Court to serve the subpoena by alternative means via certified mail, nor has he demonstrated any prior attempt at personal service on X Corporation.  See United States Bank Nat'l Ass'n v. Dernier, No. 16-cv-230, 2020 WL 3881412, at *3 (D. Vt. July 9, 2020) (finding that service by certified mail was insufficient and noted that the party did not "received leave to serve by mail, and have not shown efforts to personally serve [the respondent]"); cf. Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC, No. 15-mc-80090-MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (permitting alternative service via certified mail after six unsuccessful personal service attempts at two different locations).  Moreover, even

3

if Greenspan had a leave from this Court for alternative service via certified mail, there is no evidence that the mailing was actually delivered.

Accordingly, this Court denies Greenspan's motion to compel.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE