UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**, <br><br> Plaintiff, <br><br> v. <br><br> **DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**, <br><br> Defendants. | Case No.: 1:23-cv-10134-DJC |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FRCP 72(a) OBJECTION TO ORDER AT ECF NO. 229

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully requests that this Court grant leave to file a formal Objection to Magistrate Judge Jennifer C. Boal's non-dispositive Order at ECF No. 229 in this action, filed August 11, 2025 (less than fourteen days ago). Plaintiff has a First Amendment right to petition the government and numerous rights to file various types of documents without impediment pursuant to the Federal Rules of Civil Procedure.[1] In this instance, Plaintiff believes that Magistrate Judge Boal may have

---

[1] Federal Rule of Civil Procedure 72(a) specifically uses the word "must" in the sentence, "The district judge in the case *must* consider timely objections…" (emphasis added). This suggests that any material delay in *permitting* an objection to be filed in a timely manner would not be lawful, nor would it be lawful for a court to prevent a Rule 72(a) objection from being filed. Thus, this motion for leave is being filed only out of respect for the Court and will be followed by the formal Objection before the deadline of "14 days" is over, or any decision denying leave will be contested on appeal. Alternatively, if time does not permit, the Court should construe this motion for leave as an Objection itself.

1

inadvertently made errors of law in her Order and respectfully requests the ability to fully brief the issues.

In ECF No. 229, Magistrate Judge Boal overlooked the plain text of Rule 45(d)(2)(B), which is not discussed in her Order. That sub-section of Rule 45 permits the filing of a motion to compel regarding a subpoena in *this* Court, the Court that issued the subpoena, since at the time of filing, X Corp. had not objected to the subpoena. The Magistrate Judge's authority from an out-of-circuit court (also ignoring this text explicitly in the Rule) does not address the factual pattern present here. Furthermore, the Magistrate Judge contradicted her own ruling from *In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, Case No. 1:13-md-02419-RWZ at 8 (D. Mass. November 13, 2013), in which she ruled that Certified Mail service of Rule 45 subpoenas is permissible without leave. In that ruling, the Magistrate Judge wrote that "*the obvious purpose of Rule 45(b) is to mandate effective notice*" (emphasis in original). The Magistrate Judge provides no reason why this case should be any different or why Plaintiff should be burdened to request leave to take actions that other litigants are free to take on their own. Furthermore, the Magistrate Judge ignored all of Plaintiff's arguments in ECF No. 209, supported by screenshots and a declaration, about the fact that X Corp. obviously consents to electronic service given that A) it created an entire electronic portal to accept service of civil and criminal subpoenas; B) it instructs civil and criminal parties and law enforcement to use that portal; C) when Plaintiff attempted to use the portal, it did not function as advertised; and D) when Plaintiff used Certified Mail service as a backup, again following X Corp.'s specific instructions for service of subpoenas, X Corp. knowingly failed to check its own mailbox.

Therefore, Plaintiff respectfully requests that this Court permit the filing of Rule 72(a) Objection to ECF No. 229.

Dated: August 11, 2025               Respectfully submitted,

_____
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

Civil Local Rule 7.1(a)(2) would not appear to apply to this motion since it concerns the filing of formal objections to the Court's rulings themselves.

_____
Aaron Greenspan

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

*Aaron Greenspan*
Aaron Greenspan