UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S FRCP 72(a) OBJECTION TO ORDER AT ECF NO. 229**
**[LEAVE TO FILE GRANTED VIA ECF NO. 231 ON AUGUST 11, 2025]**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT .......................................................................................................... 1

   A.   X Corp. and At Least One of Its Subsidiaries Is Registered as a Corporation With The Massachusetts Secretary of State ...................................................... 1

   B.   The Magistrate Judge's Order Does Not Dispute That X Corp. Failed To Object To Plaintiff's Subpoena Even After Confirming Receipt Twice ............................ 3

   C.   Plaintiff Followed This Court's Precedent Allowing Service Via Certified Mail When Serving X Corp. .................................................................................. 4

III. CONCLUSION ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Doe v. Hersemann*,
   155 F.R.D. 630, 630 (N.D. Ind. 1994) ............................................................................ 5

*In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*,
   Case No. 1:13-md-02419-RWZ at 8 (D. Mass. November 13, 2013) .................................. 4, 5

*Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*,
   Case No. 2:23-mc-00032-PHX-DWL, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023) ...... 3

*JMC Rests. Holdings, LLC v. Pevida*,
   No. 14-CV-6157 (WFK) (VMS), 2015 WL 2240492, at *1-3 (E.D.N.Y. May 12, 2015) ......... 4

*Securities and Exchange Commission v. Markman Biologics Corp.*,
   Case No. 1:23-mc-00432-VEC at 9 (S.D.N.Y. December 15, 2023) .................................... 4

**Rules**

Federal Rule of Civil Procedure 37(a) ................................................................................ 4

Federal Rule of Civil Procedure 4 ...................................................................................... 5

Federal Rule of Civil Procedure 4(i)(1)(B) ......................................................................... 5

Federal Rule of Civil Procedure 45 ............................................................................ 1, 4, 5

Federal Rule of Civil Procedure 45(b)(1) ........................................................................... 5

Federal Rule of Civil Procedure 45(d)(2)(B) ...................................................................... 3

Federal Rule of Civil Procedure 5(b)(2)(C) ........................................................................ 5

Federal Rule of Civil Procedure 72(a) ................................................................................ 1

**Other Authorities**

Ellis, Tristan M., "'Delivering' a Subpoena: What Constitutes 'Good Service' Pursuant to Federal Rule of Civil Procedure 45?" TEXAS LAW REVIEW, Online Edition, Vol. 103 ............ 5

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully files this Objection to Magistrate Judge Jennifer C. Boal's non-dispositive Electronic Order at ECF No. 229, filed August 11, 2025 (less than fourteen days ago).

## I.    INTRODUCTION

In ECF No. 229 (the "Order"), Magistrate Judge Boal denied Plaintiff's motion at ECF No. 209 to compel non-party X Corp. to comply with the subpoena for document production that Plaintiff served via Certified Mail through a non-party.  X Corp. is the only known authoritative custodian of records regarding Defendant Diego MasMarques, Jr.'s social media accounts on Twitter other than Defendant MasMarques himself.  Since Defendant MasMarques refuses to respond truthfully to discovery requests, Plaintiff subpoenaed X Corp. to confirm that he registered a limited number of accounts.

The Magistrate Judge's Order incorrectly interprets Federal Rule of Civil Procedure 45, relying on a single out-of-circuit case from the District of Arizona to reach the erroneous conclusion that Plaintiff's motion should have been filed in the Western District of Texas.  The Magistrate Judge further disregards her own prior ruling regarding Certified Mail service of Rule 45 subpoenas—a ruling that Plaintiff followed and cited—and thus contradicts this Court's own precedent.  The Magistrate Judge's Order should be reviewed *de novo* and reversed for the following reasons.

## II.    ARGUMENT

### A.    X Corp. and At Least One of Its Subsidiaries Is Registered as a Corporation With The Massachusetts Secretary of State

The Magistrate Judge's Order noted, "There is no indication in the record that X Corporation is in Massachusetts."  In fact, X Corp. is itself registered with the Massachusetts Secretary of State with a registered agent of CT Corporation System, 155 Federal Street, Suite

1

700, Boston, MA 02110.  X Payments LLC, a subsidiary of X Corp., has the same registered agent in Massachusetts at the same Boston address.  *See* Exhibit A.

    While Plaintiff could have served X Corp.'s registered agent in Massachusetts with the subpoena, X Corp. tells civil litigants and law enforcement not to do that.  Since X Corp. owns one of the most prominent social media services in the world and receives (or more accurately, evades) a large number of subpoenas and other law enforcement requests, it has a dedicated electronic portal to handle their submission—a portal which does not actually work, as described and depicted in Plaintiff's motion.  ECF No. 209 at 4.  In its opposition at ECF No. 215, X Corp. does not deny that its subpoena portal is broken and does not deny Plaintiff's assertion that the portal does not function as advertised.[1]  The entire purpose of this electronic portal is nominally to facilitate service of process through alternative means that X Corp. itself has authorized—yet in court, X Corp. is silent on this issue, as is the Magistrate Judge's Order.

    It is evident that X Corp.'s electronic maze is actually intended to stonewall and complicate service of process of legal requests, including but not limited to subpoenas, but X Corp. also instructs those with subpoenas to send them not to the registered agent of the company state in the state where litigation is pending, but rather, to a specific address in Bastrop, Texas.  This, of course, is a mailbox that the company deliberately does not check so that it can still evade its compliance obligations.

---

[1] *See* ECF No. 209-1 at 30 under the heading "Where to submit requests," stating "**All legal requests**, including preservations, requests for account information (routine and emergency), and content removal requests may be submitted via X's Legal Request Submissions site" (emphasis added).  Contradicting itself, the same document also says "Non-law enforcement requests should be submitted through our Help Center," and "If you experience issues or are requesting access to our Legal Request Submissions site, you may ask for assistance through our web form (https://support.twitter.com/forms/lawenforcement) by selecting 'other inquiries' for the type of request," but following these directions just results in the error "**This form is for law enforcement / government officials only.**" (emphasis in original).

X Corp.'s deliberately misleading instructions—"use our unusable portal" or "send mail to a mailbox in Texas we make sure never to check," to paraphrase—are intended to doom those submitting subpoenas to fail, and constitute a waiver of any argument regarding service of process. Were X Corp. silent on the issue of how to serve itself with a subpoena, which it is not (*see* ECF No. 209-1 at 15-34), it might have the right to complain about service.

**B.     The Magistrate Judge's Order Does Not Dispute That X Corp. Failed To Object To Plaintiff's Subpoena Even After Confirming Receipt Twice**

In his motion at ECF No. 209, Plaintiff alleges that X Corp. did not object to the subpoena even after two different lawyers retained by X Corp. confirmed receipt. The Magistrate Judge reaches no different conclusion. Federal Rule of Civil Procedure 45(d)(2)(B) plainly uses the words "***If an objection is made***" (emphasis added) before describing the *conditional* requirement that an objection must be served in the court for the district "where compliance is required." The Magistrate Judge's Order never references these words in the Rule, proceeding as though they are not part of the Rule and thus effectively writing them out of it. This "if" clause is present for a reason: to avoid unnecessary confusion by having pointless parallel proceedings in multiple jurisdictions.

Unlike the Arizona case cited by the Magistrate Judge, *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, Case No. 2:23-mc-00032-PHX-DWL, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023), all involved parties, non-parties and the Court itself seem to agree here that no objection was made (*see* ECF No. 215, X Corp.'s opposition to Plaintiff's motion to compel at ECF No. 209, confirming receipt of the subpoena and failing to allege that any objection was made). Compliance is now required in this District, where X Corp. is already registered to do business through two different corporate entities via at least one official filing signed by Elon Musk himself.

> "Because Respondents did not timely object to Manhattan as the location of compliance, Movants properly filed the Motion to Compel in this District, which encompasses the place of compliance. *See JMC Rests. Holdings, LLC v. Pevida*, No. 14-CV-6157 (WFK) (VMS), 2015 WL 2240492, at *1-3 (E.D.N.Y. May 12, 2015) (concluding that a motion to compel under Rule 45 should have been brought in the Southern District of New York because the place of compliance was Manhattan); *see also* Fed. R. Civ. P. 37(a). For all of those reasons, the Court grants the Motion to Compel."

*Securities and Exchange Commission v. Markman Biologics Corp.*, Case No. 1:23-mc-00432-VEC at 9 (S.D.N.Y. December 15, 2023).

### C.  Plaintiff Followed This Court's Precedent Allowing Service Via Certified Mail When Serving X Corp.

X Corp. does not deny that this Court's own precedent permits service of a Rule 45 subpoena via Certified Mail. X Corp. only emphasizes that it did not receive "actual notice" of the subpoena via Certified Mail because it deliberately never checks its mailbox, or checks it so rarely as to make it functionally useless. Yet X Corp. cannot and does not deny that it already had "actual notice" of the subpoena via e-mail to its inside and outside counsel by the time the United States Postal Service first attempted delivery of the envelope containing the subpoena via Certified Mail, so its point is moot. In fact, X Corp. had actual notice of the subpoena and this Court's precedent allowed service via Certified Mail.

The Magistrate Judge's apparent position, that Plaintiff should have asked for leave of Court to follow the precedent established by her own decision in *In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, Case No. 1:13-md-02419-RWZ at 8 (D. Mass. November 13, 2013), is doubly confusing. First, by requiring Plaintiff—whom the Court has already established is *not* a vexatious litigant (*see* ECF No. 118 at 36)—to request leave to file *any* motion or other document, in violation of the First Amendment, this Court has already put Plaintiff in a position where he is required to litigate this entire lawsuit with one hand

4

tied behind his back. ECF Nos. 78, 119. Now the Magistrate Judge effectively suggests that leave of court is required simply to do things the Court has already established as permissible. *See* ECF No. 229 at 3 ("Here, Greenspan did not seek a leave from this Court to serve the subpoena by alternative means via certified mail…"). But why would a litigant ask for leave to follow a procedure that is not "alternative" in the first place? The *Compounding Pharmacy* ruling already established that Certified Mail service is a reasonable interpretation, used by a growing number of courts, of Rule 45's service requirements (as of twelve years ago), which nowhere state that service must be effectuated in person. Unlike situations involving Rule 4 which explicitly requires personal service of a complaint, Certified Mail service is therefore not "alternative" in the context of Rule 45. Second, while *Compounding Pharmacy* references "leave" of court being granted earlier in that action, that order granting leave had nothing to do with service of process, implying that leave was not required previously by this Court to effectuate service of a subpoena by Certified Mail.[2]

### III.    CONCLUSION

Subpoena recipients should not be permitted to deliberately send civil litigants in circles and then rely on the Federal Rules of Civil Procedure to protest ineffective service. Based on the

---

[2] "Other provisions of the Federal Rules of Civil Procedure seem to assume that documents sent through the mail will, in fact, be delivered to the intended recipient. *See*, e.g., Fed. R. Civ. P. 5(b)(2)(C) (providing that service may be completed by "mailing it to the person's last known address—in which event service is complete upon mailing" (emphasis added)); Fed. R. Civ. P. 4(i)(1)(B) (requiring service of a complaint and summons served upon the United States by "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."); *see also*, e.g., *Doe v. Hersemann*, 155 F.R.D. 630, 630 (N.D. Ind. 1994) (holding 'that personal service is not required by Rule 45(b)(1)' and denying a motion to quash where a subpoena was served by certified mail)." Ellis, Tristan M., "'Delivering' a Subpoena: What Constitutes 'Good Service' Pursuant to Federal Rule of Civil Procedure 45?" TEXAS LAW REVIEW, Online Edition, Vol. 103.

foregoing, Plaintiff respectfully requests *de novo* review of the Electronic Order at ECF No. 229 by a District Judge of this Court.

Dated: August 20, 2025                 Respectfully submitted,

 

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_/s/ Aaron Greenspan_
Aaron Greenspan