# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

     Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, and **MEDIOLEX, LTD.**,

     Defendants.

Case No.: 1:23-cv-10134-DJC

<u>**PLAINTIFF'S SECOND NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND IMPOSE RULE 37 SANCTIONS [LEAVE TO FILE GRANTED VIA ECF NO. 234 ON AUGUST 14, 2025]**</u>

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION ................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.    STATEMENT OF THE ISSUE ..................................................................... 1

II.   FACTUAL BACKGROUND ........................................................................ 1

III.  ARGUMENT .................................................................................................. 4

     A.    Defendant Diego MasMarques, Jr. Has Waived All Objections To Plaintiff's Discovery Requests Through His Persistently Untimely Responses ..................... 4

     B.    In Violation of This Court's Order at ECF No. 200, Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade Willfully Failed To Amend or Supplement Responses To Plaintiff's First Set of Interrogatories and Requests for Document Production and Search For Records ....................................................... 5

          1.    Interrogatory No. 6: Defendant MasMarques's Internet Usernames ......... 5

          2.    Interrogatory No. 9: Blacklist Report Explanation .................................. 12

          3.    Interrogatory No. 10: Defendant MasMarques's E-Mail Addresses ........ 13

          4.    Interrogatory No. 12: ComplaintsBoard Explanation .............................. 14

          5.    Interrogatory No. 13: Defendant MasMarques's Electronic Devices ....... 15

     C.    In Violation of This Court's Order at ECF No. 200, Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade Willfully Failed To Produce Documents In MasMarques's Possession and/or That He Controls ..................... 16

          1.    FOIA Requests and Other Federal Government Communications ........... 16

          2.    Communications with the Office of the Attorney General of the United States ................................................................................................... 17

          3.    Communications with Federal Prosecutors ............................................. 17

          4.    Communications with Federal Judges ..................................................... 17

          5.    Communications with Interpol ............................................................... 17

          6.    Communications with the California Department of Motor Vehicles ...... 17

          7.    Communications with the Arkansas Attorney General ............................ 17

          8.    Communications with Última Hora and/or Other Spanish Media ........... 18

          9.    Communications with Attorney Stephen Weigand / Faruki LLP ............ 18

         10.   Communications with John X. Haro ........................................................ 18

         11.   Communications with Joe Johnson ......................................................... 18

         12.   Communications with Twitter, Inc. and/or X Corp. ................................ 19

         13.   Communications with Tesla, Inc. and/or Omar Qazi .............................. 19

D.      Improperly Cropped and Partial Documents ...................................................... 20

E.      Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade Willfully Failed
        To Substantively Respond To Plaintiff's Second Set of Interrogatories .............. 20

F.      The Court Should Formally Order That Defendant MasMarques Is Liable For
        Activity Linked To His Known E-Mail Addresses, Social Media Accounts, and
        Gripe Site Accounts ............................................................................................ 21

G.      This Court Should Formally Order That Defendant MasMarques Spoliated
        Evidence Related To His Defamation and Harassment of Plaintiff After Being
        Criminally Charged for Related Violations ........................................................ 22

H.      Rule 37 Sanctions Are In Order ........................................................................ 23

IV.     CONCLUSION ................................................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Bonomo, et al v. Factory Mutual Insurance Company*,
    Case No. 1:21-cv-11750-IT (D. Mass. June 9, 2023) .................................................. 4

*Hamelin v. Kinder Morgan, Inc.*,
    2022 WL 17752133, at *3 (D. Mass. Dec. 19, 2022) ................................................. 4

*Malloy v. WM Specialty Mortgage LLC*,
    512 F.3d 23, 26 (1st Cir. 2008) .............................................................................. 24

*Marx v. Kelly, Hart & Hallman, P.C.*,
    929 F.2d 8, 12 (1st Cir. 1991) ................................................................................ 4

*Pulsecard, Inc. v. Discover Card Servs., Inc.*,
    168 F.R.D. 295, 303 (D. Kan. 1996) ....................................................................... 4

*RW Intern. Corp. v. Welch Foods, Inc.*,
    937 F. 2d 11, 15 (1st Cir. 1991) ............................................................................. 25

*Wagner v. St. Paul Fire & Marine Ins. Co.*,
    238 F.R.D. 418, 423 (N.D. W.Va. 2006) .................................................................. 4

*Zhuang v. Saquet, et al*,
    Case No. 1:09-cv-12163-NMG (D. Mass. September 24, 2014) ............................... 24

### <u>Rules</u>

Federal Rule of Civil Procedure 15(a)(1)(B) .................................................................. 1

Federal Rule of Civil Procedure 33 ................................................................................. 4

Federal Rule of Civil Procedure 34 ................................................................................. 4

Federal Rule of Civil Procedure 34(b) ............................................................................ 4

Federal Rule of Civil Procedure 37 ................................................................................. 1

Federal Rule of Civil Procedure 37(a) ........................................................................ 24

Federal Rule of Civil Procedure 37(a)(3) ................................................................... 21

Federal Rule of Civil Procedure 37(a)(4) ................................................................... 24

Federal Rule of Civil Procedure 37(b)(2) ................................................................... 24

Federal Rules of Civil Procedure 33(b)(4) .................................................................... 4

**NOTICE OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT
DIEGO MASMARQUES, JR. AND IMPOSE RULE 37 SANCTIONS**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2025 at 9:00 A.M., or as soon
thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, located at 1
Courthouse Way, Suite 2300, Boston, Massachusetts 02210, Plaintiff Aaron Greenspan
("Plaintiff") will and hereby does move the Court to compel Defendant Diego MasMarques, Jr.
to immediately produce responses to Plaintiff's discovery requests, specifically including
requests for document production and interrogatories, and to impose Rule 37 and/or contempt
sanctions on Defendant MasMarques and his counsel for willfully disobeying an Order of the
Court.

The Court should grant Plaintiff's motion because the above party and his counsel have
repeatedly missed deadlines (including Court-ordered deadlines), obfuscated, delayed, lied to the
Court, and generally made continued progress in this litigation impossible.

This motion is based on this notice of motion and motion, the supporting memorandum
of points and authorities, the pleadings and other papers on file in this action, and any other
evidence that may be offered at a hearing if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF THE ISSUE

The issues raised by this motion are whether Defendant Diego MasMarques, Jr. should
again be compelled to produce further responses to Plaintiff's requests for document production
(served February 12, 2025) and interrogatories (served April 18, 2025 and May 24, 2025);
whether the Court should order a neutral expert to examine his devices, and whether Defendant
MasMarques and his counsel should be subject to Federal Rule of Civil Procedure 37 sanctions.

## II.   FACTUAL BACKGROUND

Plaintiff initiated this action against Defendant MasMarques on January 20, 2023.  A
First Amended Complaint ("FAC"), ECF No. 54, was filed pursuant to Rule 15(a)(1)(B) on July

25, 2023 subsequent to Plaintiff being served with an Answer to the initial Complaint by Defendant Sergei Igorevich Kudriavtsev on July 20, 2023 (docketed as ECF No. 56 on July 26, 2023). Defendant MasMarques filed a motion to dismiss on August 21, 2023. ECF No. 66. The motion to dismiss was granted in part and denied in part on March 25, 2024. ECF No. 118. Defendant MasMarques filed an improper document styled as an "Answer" responding to the initial Complaint on July 8, 2024. ECF No. 143. The Court selectively struck parts of ECF No. 143 on February 12, 2025. ECF No. 148.

On February 12, 2025, Plaintiff served his first set of requests for production of documents on Defendant MasMarques. The Court then ordered for a second time the filing of an Answer responding to the operative pleading on April 9, 2025, memorialized in the Electronic Order issued on April 29, 2025. ECF No. 173. On April 9, 2025, the Court also authorized the filing of Plaintiff's first motion to compel discovery responses. The Electronic Order also set a deadline of May 8, 2025 for "responses to Greenspan's request for documents." *Id*. On April 17, 2025, via his former counsel, Defendant MasMarques served evasive non-responses that failed to comply with the Federal Rules of Civil Procedure regarding the document requests, including 77 unlabeled, non-Bates stamped, publicly-available, in many cases partial excerpts of files lacking metadata and/or sourcing information, several of which were completely irrelevant to this action. By May 8, 2025, in violation of the Court's Order, Defendant MasMarques did not respond to Plaintiff's requests for documents. On May 9, 2025, Attorney Ashley Andrade wrote, "I'll supplement the document responses produced to you last month and will serve the supplemental responses as soon as I finish my review." This was a lie.

On May 19, 2025 at 3:00 P.M. EST, pursuant to Civil Local Rule 37.1, Plaintiff and Attorney Andrade held a one-hour telephonic conference call regarding Defendant MasMarques's failure to produce discovery responses and his other sanctionable conduct. The parties agreed that Defendant MasMarques would produce responsive documents by May 20, 2025 and interrogatory responses by May 23, 2025. On May 20, 2025, Defendant MasMarques, represented by counsel, violated his agreement. On May 21, 2025, Attorney Andrade produced

only the exact same documents to Plaintiff that had already been produced.

On June 30, 2025, the Court heard argument on Plaintiff's first motion to compel, ECF No. 179. On July 8, 2025, the Court issued an Order at ECF No. 200 granting the motion in part and denying motion in part. That Order required Attorney Ashley Andrade to 1) "check with her client and supplement this interrogatory response [to Interrogatory No. 6] as appropriate"; 2) "check with her client about the response to interrogatory number 9 and supplement as appropriate"; 3) "determine whether there are any further email addresses (including those associated with protonmail.com) that are responsive to interrogatory numbers 10 and 12"; 4) "answer interrogatory number 13"; 5) "ensure that a proper search is conducted of MasMarques' electronic devices and accounts in conjunction with responding to Greenspan's discovery requests and supplement the defendant's responses to both the interrogatories and document requests accordingly"; and 6) "produce [] remaining documents within two weeks of the date of this order". ECF No. 200. On July 22, 2025, Attorney Andrade produced 636 pages of partially-redacted documents with no privilege log, of which 252 pages were part of the initial Complaint, 38 pages were irrelevant PACER records, and 2 pages were blank or completely illegible. The remaining 344 pages—jumbled, with pages within each document often out of order, sometimes water-stained, and often involving duplicate copies—did not include material responsive documents that Plaintiff knows are in Defendant MasMarques's possession, custody, or control. Plaintiff and Attorney Andrade exchanged several e-mails regarding the missing documents and the ways in which the recently-produced documents did not align with Defendant MasMarques's interrogatory responses and prior testimony. On July 25, 2025, Attorney Andrade produced less-redacted versions of the same documents from three days prior along with a privilege log and redaction log, with many redactions attributed to "Miscellaneous." Attorney Andrade also served Plaintiff the same day with a "Supplemental Answer" to Interrogatory No. 10. Plaintiff did not receive amended or supplemental responses to Interrogatories No. 6 or 9, nor did Attorney Andrade conduct a proper search of her client's devices. Although the parties held a meet and confer teleconference on August 25, 2025 for 28 minutes, no agreement was reached.

## III.    ARGUMENT

### A.    Defendant Diego MasMarques, Jr. Has Waived All Objections To Plaintiff's Discovery Requests Through His Persistently Untimely Responses

"'While Rule 34, pertaining to requests for production, does not contain the same language, the Advisory Committee Notes mention that the procedures in Rule 34 are the same as Rule 33.' *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 423 (N.D. W.Va. 2006) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996)).' Waiver from the failure to timely object under Rule 34 has been called `well settled.`' *Id.*; *see also Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) ('If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections' under Rule 34); *Hamelin v. Kinder Morgan, Inc.*, 2022 WL 17752133, at *3 (D. Mass. Dec. 19, 2022) ('Pursuant to Federal Rules of Civil Procedure 33(b)(4) and 34(b), a party's failure timely to object to discovery requests may be deemed a waiver of any objections to those requests.')… [T]he court finds that Plaintiffs have waived objections by failing to timely respond to Defendant's requests under Federal Rules of Civil Procedure 33 and 34, and as repeatedly promised by Plaintiffs." *Bonomo, et al v. Factory Mutual Insurance Company*, Case No. 1:21-cv-11750-IT (D. Mass. June 9, 2023).

There is no question that Defendant MasMarques's discovery responses have all been late, as summarized by the following table:

| Description | Due Date(s) | Date Served | Days Late |
|---|---|---|---|
| Responses to Plaintiff's First Set of Interrogatories | 5/18/2025 | 5/23/2025 | 5 |
| Responses to Plaintiff's First Set of Requests for Production of Documents | ~~3/14/2025~~ ~~5/8/2025~~ 5/20/2025 | 5/21/2025 | 68 |
| Responses to Plaintiff's Second Set of Interrogatories | 6/23/2025 | 7/22/2025 | 29 |

Therefore, the Court must find that Defendant MasMarques has waived all objections to Plaintiff's discovery requests.

**B.      In Violation of This Court's Order at ECF No. 200, Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade Willfully Failed To Amend or Supplement Responses To Plaintiff's First Set of Interrogatories and Requests for Document Production and Search For Records**

This Court was clear as to what Defendant MasMarques and his counsel needed to do, and they in many instances simply refused to do it.  That is because Defendant MasMarques and Attorney Andrade are engaged in a cover-up of Defendant MasMarques's years-long criminal harassment campaign, and even with enormous holes in production and evasive responses to interrogatories, the evidence is overwhelming.

**1.      Interrogatory No. 6: Defendant MasMarques's Internet Usernames**

Plaintiff's Interrogatory No. 6 requests that Defendant MasMarques "Identify each username YOU have ever used on the internet."  In response, Defendant MasMarques answered on May 23, 2025 under penalty of perjury, "I don't use social media and don't remember ever creating any usernames.  If I did, it would have been to view content."

Defendant MasMarques's perjurious response is contradicted both by documents in Plaintiff's possession, which Plaintiff produced to opposing counsel at his deposition on August 19, 2025, as well as documents produced by Defendant MasMarques.

First, consistent with Plaintiff's allegations in the First Amended Complaint, it is at this stage readily apparent that Defendant MasMarques has A) been a frequent user of social media for years at least, B) created dozens, if not hundreds, of different usernames on various websites to disguise his identity, and C) deployed these accounts, sometimes in concert with co-conspirators, as part of a deliberate campaign to harass and libel owners and operators of websites that hosted and maintained court records, including but not limited to Plaintiff.  Plaintiff can state these facts with certainty for the following nineteen (19) reasons:

a) **<u>Matching IP Address</u>:** As described in the First Amended Complaint ⁋ 74-75, Defendant MasMarques's home IP address 24.60.59.25, confirmed by a subpoena response from his internet service provider, Comcast, was the first non-machine IP

address to access certain URLs embedded in a ComplaintsBoard post by user "Expose 501(c)(3) Fraud" on the same day when that post appeared, June 5, 2018.

b) **Open Admission:** Defendant MasMarques has admitted to his identity repeatedly on social media. Twitter account @R62607249 stated, "Apparently Aaron Greenspan has sued your company, as he is a Vexatious Litigant. We have a RO against this individual…" Twitter account @Giza299792458N wrote on or around May 11, 2021, "I too am a victim for many years of Aaron Greenspan." The next day, the same account posted scanned images of Massachusetts criminal case documents from Case No. 1821CR000187 against Defendant MasMarques that were not publicly available pursuant to Massachusetts law.

c) **Private Admission:** In Document Def-P2_000241, Defendant MasMarques admits, "I filed a complaint with Twitter" regarding specific posts made by Plaintiff. At the time (and still), Twitter's post reporting functionality was only available to other Twitter users with registered accounts. Therefore, Defendant MasMarques had a Twitter account.

d) **Existing ComplaintsBoard Account 1:** The gripe site ComplaintsBoard would not permit a new user to register using the e-mail address 8587@protonmail.com as of April 27, 2019 because "Email already exists. Please change email," indicating the presence of an account in its user database already registered to that e-mail address, which Defendant MasMarques disclosed as his own. *See* Document GREENSPAN00002.

e) **Existing ComplaintsBoard Account 2:** Defendant MasMarques used the e-mail address 958957z@gmail.com to file PlainSite Request 4V9C9RJ on June 17, 2017 and PlainSite Request 4W2ZE7U on June 25, 2017. *See* Document GREENSPAN00080. The gripe site ComplaintsBoard would not permit a new user to register using the e-mail address 958957z@gmail.com as of April 27, 2019 because "Email already exists. Please change email," indicating the presence of an

account in its user database already registered to that e-mail address, which Defendant MasMarques disclosed as his own. *See* Document GREENSPAN00004.

f) **Existing Scribd Account:** Defendant MasMarques disclosed 56546@protonmail.com as one of his many e-mail addresses in his "Supplemental Answer" to Interrogatory No. 10 on July 25, 2025. The social media website Scribd would not permit a new user to register using the e-mail address 56546@protonmail.com as of August 13, 2025 because "An account with this email already exists." *See* Document GREENSPAN00006.

g) **Existing Twitter Account:** At least as early as August 12, 2025, Twitter did not allow a user to request a link to reset an account password unless the provided account e-mail address was already in its database. When provided with the e-mail address 56546@protonmail.com, Twitter did not provide the error message "Sorry, we could not find your account," but instead proceeded to a screen asking the user to "Confirm your username," thus indicating that Defendant MasMarques's e-mail address 56546@protonmail.com is linked to an active Twitter account. *See* attached Declaration of Aaron Greenspan.

h) **Twitter E-Mail Match:** Defendant MasMarques disclosed 8586@protonmail.com and 8587@protonmail.com as two of his many e-mail addresses in response to Interrogatory No. 10 on May 23, 2025. As shown in ECF No. 182-4, these e-mail addresses perfectly match the unredacted portion of the redacted e-mail address registered to Twitter/X ("Twitter")[1] account @Giza299792458N ("85\*\*@p\*\*\*\*\*\*\*\*\*.\*\*\*") as of May 11, 2021.[2] Which of the two he actually used is irrelevant for the purposes of identification. *See* Document GREENSPAN00339.

---

[1] After Elon Musk acquired Twitter, Inc. and converted it to X Corp., pages from the Twitter website became more difficult to access and print. Plaintiff therefore began using the open-source Nitter service to access and print Twitter pages, as it faithfully reproduces the text and graphic contents of Twitter posts.

[2] Each asterisk disclosed by Twitter corresponds to one character in the e-mail address.

i) **Prior Testimony:** In court in the Superior Court of California for Santa Clara County under penalty of perjury, Defendant MasMarques responded to the question "Do you control or have you ever controlled the Twitter account @R62607249?" by stating, "I don't recall. I don't remember." This is an usual response if Defendant MasMarques had never used social media as he now claims, as his memory of which accounts might or might not be his should not have factored into his evaluation at all.

j) **Unique Conspiracy Theories:** In court in the Superior Court of California for Santa Clara County, Defendant MasMarques has espoused a number of unique and false conspiracy theories, primarily:

1) that Plaintiff purportedly is a "malicious hacker";

2) that Plaintiff purportedly owns the court website leagle.com;

3) that Plaintiff purportedly admitted to extorting individuals via a specific post on Twitter that was actually just referring to the threshold number of "$2,500" in the PlainSite Privacy Policy;

4) that Plaintiff purportedly engaged in "out of control shouting" in the courtroom in Santa Clara County; and

5) that Plaintiff is purportedly a vexatious litigant.

Twitter accounts @R62607249, @badbadwebsites, @Giza299792458N, @WitchesToday, @x13757, Reddit accounts 198412345, ManufacturerFast7523, AdPlenty5728 and Ok-Exercise-3238, among others on various sites, each posted one or more variations on these same conspiracy theories, believed by no other person.

k) **Unique Wording 1:** The phrase "cyberstalking, doxxing and harassing monetized website plainsite.org" appears verbatim in Defendant MasMarques's Document Def-P2_000162 — a private e-mail — and on the About page of the now-banned public Google Group "Expose abusive data mining websites" started by "lola crum" in or around 2022. Before the content was removed due to the ban, the same account falsely accused Plaintiff by name of being "married" to "another deranged

homosexual" and obsessed over PlainSite and leagle.com.  *See* Document GREENSPAN05600.[3]  "lola crum" also posted about Plaintiff on the obsolete Spanish-language USENET group es.rec.aviation.  Defendant MasMarques admits that he speaks Spanish (*see* Document Def-P2_000358) and privately referenced both Google Groups and USENET in his Document Def-P2_000163.

l)  **Unique Wording 2:** Defendant MasMarques used the unusual phrasing "Decency Act 230" to refer to 47 U.S.C. § 230, Section 230 of the Communications Act of 1934 enacted as part of the Communications Decency Act of 1996 (which most people refer to as the "Communications Decency Act," "CDA 230," or "Section 230").  This exact phrase appeared in a private January 3, 2022 e-mail Defendant MasMarques sent to his former probation officer produced as Document Def-P2_000350, and a false December 10, 2022 private e-mail report Defendant MasMarques made to the United States Cybersecurity & Infrastructure Security Agency (CISA) produced as Document Def-P2_000255.  It also appears in ECF Nos. 28, 34, 140 and 143, which Defendant MasMarques filed *pro se*, posts from the @Giza299792458N Twitter account, as well as numerous posts on ComplaintsBoard under the usernames "Online cyber stalkers working together" from a post dated February 20, 2021 and "[Redacted] Cyber Stalker" from a post dated March 12, 2022.

m)  **Unique Account Notation:** In court in the Superior Court of California for Santa Clara County, when filing documents *pro se*, Defendant MasMarques used unique and improper notation to refer to Twitter accounts, such that he put the same username both before and after the "@" symbol.  For example, on December 4, 2018, Defendant MasMarques filed a letter with that court in which he accused Plaintiff of

---

[3] The unredacted version of this document is confidential and has not yet been provided to opposing counsel in the absence of a protective order or stipulated agreement on handling confidential information.  *See* ECF No. 236.  In addition to Document GREENSPAN05600, Plaintiff has redacted, to the minimal extent possible, irrelevant and libelous portions of Documents Def-P2_000255 and Def-P2_000345 that involve third parties.

having "uploaded my home address on one of his Twitter accounts 'plainsite@plainiste' *[sic]* and also uploaded my personal information on another one of his Twitter accounts 'aarongreenspan@aarongreenspan'".  On April 13, 2022, Defendant MasMarques registered the Twitter account @Diegomasmarque5 and gave it the name "Diegomasmarques@diegomasmarques".  *See* Document GREENSPAN00841.  On April 25, 2022, he used this account to tell Tesla fans that Plaintiff "has lots of fake Twitter accounts as well".  *See* Document GREENSPAN00702.

n)  **Numeric Obsession:** Defendant MasMarques has a notable preference for usernames that contain at least four numbers, often with one letter at the beginning or the end (@R62607249, @Giza299792458N, @x13757, 8586, 8587, 56544, 56546, 85086, 87754a, 87764a, 986842a, etc.).  This pattern is useful for someone whose goal is to quickly create as many usernames as possible.

o)  **Middle Name Obsession:** In court in the Superior Court of California for Santa Clara County, in private e-mails, and in false government complaints, Defendant MasMarques constantly invoked Plaintiff's middle name, Jacob, which Plaintiff rarely uses except for completing government forms.  *See*, *e.g*., Documents Def-P2_000255, Def-P2_000314.  The Twitter accounts @badbadwebsites, @Giza299792458N, @WitchesToday and @x13757 all posted constantly about "Aaron Jacob Greenspan".  *See*, *e.g*., Document GREENSPAN01029.

p)  **Color Inkjet Printer:** In court in the Superior Court of California for Santa Clara County, Defendant MasMarques presented numerous exhibits printed on a color inkjet printer with faded ink.  Twitter accounts @LiarsStalkers, @Giza299792458N and @x13757, among many others on various sites, posted scanned images of some of these same exhibits that were printed on a color inkjet printer with faded ink.  *See*, *e.g*., Documents GREENSPAN00209, GREENSPAN01096.

q) **White-Out Usage:** In court in the Superior Court of California for Santa Clara County, on May 2, 2019, Defendant MasMarques presented Plaintiff with a physical copy of a Massachusetts court document that differed from the version he had presented to that court because it contained White-Out (the office supply that resembles white paint) applied to the page to cover up information he was concerned might identify him.  ECF No. 1-6 at 314.  Prior to that hearing, Plaintiff had noticed scanned images on gripe sites of articles about his security work printed on a color ink-jet printer that also appeared to have White-Out applied to them.

r) **Matching Timeline:** On October 17, 2020, Twitter account @badbadwebsites posted "Perhaps people need to get together & make an appointment w the FBI so they take action once and for all against all these abuses."  *See* Document GREENSPAN00280. According to Defendant MasMarques's Document Def-P2_000214, this would be days after he went "to the FBI in Chelsea, MA and the Secret Service at the Tip O'Neill building around September of 2020.  I went there in person and both agencies listened…"  On May 17, 2021, Twitter account @Giza299792458N followed up with a post to @FBI and @SecretService asking those agencies to "please look further in to what Aaron Greenspan is doing online and using plainsite.org @plainsite @aarongreenspan & his other legal document data mining and gripe sites to cyber stalk, harass, lots of doxing, hacking & harvesting IP addresses."  *See* Document GREENSPAN00350.

s) **Improper Capitalization:** Defendant MasMarques is a dual German-American citizen who knows German.  In the German language, nouns are capitalized. Improper capital letters frequently appear in the text for words in Defendant MasMarques's *pro se* court documents, as well as in the social media posts that Plaintiff has identified as likely having been written by him.  *See*, *e.g.*, ECF No. 58 at 1 (improperly capitalizing "Cease & Desist").  *See also* Documents

GREENSPAN00416 (improperly capitalizing "Tesla Stock"), GREENSPAN00941 (improperly capitalizing "Borders" and "Illegal Immigrants").

## 2.     Interrogatory No. 9: Blacklist Report Explanation

Plaintiff's Interrogatory No. 9 requests that Defendant MasMarques, "Explain the full circumstances surrounding the appearance of the Mac OS username 'tech' in a post YOU wrote on the "Blacklist Report" website."  The conditions surrounding this request are elucidated in FAC ¶ 63.

Defendant MasMarques responded to Interrogatory No. 9 on May 23, 2025 by stating, "I've never posted on Blacklist Report."  Yet a post on Blacklist Report contains the statement, "We know this because we have contacted the IRS' 501c office and have made inquiries.  We are several people who have filed formal IRS 13909 complaints against Aaron Greenspan…"  Defendant MasMarques has now disclosed ten (10) documents that are "formal IRS 13909 complaints against Aaron Greenspan" as part of fact-based discovery, not including additional IRS whistleblower complaints.  *See* Documents Def-P2_000094, Def-P2_000012, Def-P2_000013, Def-P2_000014, Def-P2_000019, Def-P2_000095, Def-P2_000015, Def-P2_000016, Def-P2_000017, Def-P2_000007.  In addition, as described above, Defendant MasMarques's Mac OS username appears on Blacklist Report, as does a rant regarding Lisa Dube, his former probation officer.

The same Blacklist Report post goes further.  It also states, "We will not stop exposing this Sociopath Aaron Jacob Greenspan until he backs off and stops terrorizing people online with his monetized websites leagle.com and plainsite.org."  Defendant MasMarques has also now disclosed at least twelve (12) different documents in which he falsely alleges that Plaintiff owns leagle.com.  *See* Documents Def-P2_000382, Def-P2_000468, Def-P2_000185, Def-P2_000224, Def-P2_000244, Def-P2_000358, Def-P2_000242, Def-P2_000350, Def-P2_000163, Def-P2_000345, Def-P2_000255, Def-P2_000348.

For all of these reasons, Defendant MasMarques's response to Interrogatory No. 9 is not believable and the Court should compel Defendant MasMarques to both amend his interrogatory response and produce responsive documents regarding his posts on Blacklist Report.

### 3. Interrogatory No. 10: Defendant MasMarques's E-Mail Addresses

Interrogatory No. 10 states, "Identify each e-mail address YOU have ever used on the internet." Defendant MasMarques initially responded by disclosing seven (7) e-mail addresses.

The following table summarizes the status of all of Defendant MasMarques's known e-mail addresses:

| No. | E-Mail Address | Discovery Disclosure Date | Information Source |
|---|---|---|---|
| 1 | 3378@protonmail.com | May 23, 2025 | Answers to Interrogatories |
| 2 | 5653@protonmail.com | | |
| 3 | 56544@protonmail.com | | |
| 4 | 8587@protonmail.com | | |
| 5 | 8586@protonmail.com | | |
| 6 | dmas5@protonmail.com | | |
| 7 | rickymas@msn.com | | |
| 8 | 56546@protonmail.com | July 25, 2025 | Supplemental Answer to Interrogatory No. 10 |
| 9 | 5653@proton.me[4] | | |
| 10 | 85086@protonmail.com | Never | ECF No. 1-6 at 333:12-13 |
| 11 | rickymas@icloud.com | Never | May 2, 2017 E-Mail (GREENSPAN00065) |
| 12 | dmas6@protonmail.com | Never | ECF No. 22 Signature Block |
| 13 | b97988@outlook.com | Never | PlainSite Request 5AVFCOY (GREENSPAN00087) |
| 14 | 87754a@gmail.com | Never | PlainSite Request 49XFQ6K (GREENSPAN00039) |
| 15 | 87764a@gmail.com | Never | PlainSite Request 44JX7ZA (GREENSPAN00010) |
| 16 | 986842a@gmail.com | Never | September 10, 2017 E-Mail (GREENSPAN00086) |
| 17 | 958957z@gmail.com | Never | PlainSite Request 4V9C9RJ (GREENSPAN00080) |
| 18 | 8986431@gmail.com | Never | July 20, 2016 E-Mail (GREENSPAN00009) |

---

[4] ProtonMail now allows a user to make use of the "protonmail.com" domain name or the "proton.me" domain name for the same account, but it appears that Defendant MasMarques only did so for his 5653 ProtonMail username.

| 19 | 466536677t@gmail.com | Never | PlainSite Request 5VC0DB1 (GREENSPAN00101) |
| 20 | t99878978876786@gmail.com | Never | PlainSite Request 5XPKXMS (GREENSPAN06081) |
| 21 | bronx1842@gmail.com | Never | PlainSite Request 44TFI8L (GREENSPAN00013) |

Despite falsely claiming under oath, "I only have, I think, two e-mail addresses," in the Superior Court of California for Santa Clara County on May 2, 2019, Defendant MasMarques has now admitted to the use of 9 out of 21 known e-mail addresses, but has not performed an adequate search of those accounts or produced documents from them. ECF No. 1-6 at 333:9-10. The other 13 e-mail accounts therefore have not yet been examined to see if responsive documents exist that are connected to them.

Attorney Andrade has known about Plaintiff's concerns regarding Defendant MasMarques's e-mail addresses for months. The topic was discussed at the June 30, 2025 hearing. Nonetheless, despite the Court's explicit order to "supplement the defendant's responses to both the interrogatories and document requests accordingly," the only amendment to Defendant MasMarques's e-mail address list came three days after production of documents because Plaintiff pointed out that e-mail addresses appeared in those specific documents that had not been disclosed. The Court should again order Defendant MasMarques to both amend his interrogatory response and produce responsive documents regarding each e-mail account and issue sanctions.

### 4. Interrogatory No. 12: ComplaintsBoard Explanation

Interrogatory No. 12 states, "Explain why some of YOUR known e-mail addresses are registered with ComplaintsBoard." Although Defendant MasMarques initially responded on May 23, 2025 by stating, "I've read posts on ComplaintsBoard. I've never registered my email with ComplaintsBoard," he amended his answer the next day to state, "Aside from the content I shared in 2018 (see my Amended Answer to Interrogatory No. 5), I've mostly just read posts on ComplaintsBoard and don't remember ever registering any email. As far as I can remember, if

an email was used, it would've been for that 2018 post—but I'm not certain if the site even required an email to make a posting back then."

ComplaintsBoard did require an e-mail address to post during the relevant period in this litigation. As discussed above, on April 27, 2019, Plaintiff attempted to create ComplaintsBoard accounts using two of Defendant MasMarques's known e-mail addresses, 8587@protonmail.com and 958957z@gmail.com, and was prevented from doing so because those e-mail addresses were already linked to existing ComplaintsBoard accounts. *See* Documents GREENSPAN00002, GREENSPAN00004. There would be no need to create more than one ComplaintsBoard account simply to "read posts." The Court should compel Defendant MasMarques to both amend his interrogatory response and produce responsive documents regarding his posts on ComplaintsBoard.

### 5.     Interrogatory No. 13: Defendant MasMarques's Electronic Devices

Interrogatory No. 13 states, "Identify each desktop computer, laptop computer, or mobile device YOU have used to access the internet from home since 2017, including brand, model, serial number, and current location." Defendant MasMarques answered on May 23, 2025 by stating, "Defendant objects to this Interrogatory in its entirety and declines to provide a substantive response." On July 22, 2025, Defendant MasMarques served an amended answer stating, "Since 2017, while living in Marlborough, Massachusetts, I've used a few devices to access the internet from home. From 2017 to 2019, I used a desktop Apple iMac, which I later traded in and replaced with a MacBook that I still use as my main computer. I've also had an iPhone 8 since around 2017, and it has been my primary cell phone since that time."

Defendant MasMarques's amended response omits the requested model, serial number, and current location of each device. Furthermore, despite the Court's Order to do so, Attorney Andrade further failed to conduct a proper search of her client's electronic devices. She does not know which web browsers are installed on them; what, if any, VPN software is installed; what, if any, graphics software is installed, etc. As someone who, through her e-mail correspondence with Plaintiff, revealed that she does not know how to read basic URL notation denoting a HTTP

port, Attorney Andrade lacks the technical skills to discern whether that software might have been installed previously. She did not make any effort to ensure that each and every one of her client's dozens, if not hundreds, of e-mail accounts were checked. Instead, she certified that she did not see a ComplaintsBoard "app." ComplaintsBoard has no "app" and never did. Attorney Andrade's representations are useless and devoid of meaning.

The Court should therefore compel Defendant MasMarques to both amend his interrogatory response and produce responsive documents regarding the purported sale of the "desktop Apple iMac" that would have been his primary computer while many of the posts at issue in this lawsuit were made. The Court should further require Attorney Andrade to inspect Defendant MasMarques's home to ensure that electronic devices are not being hidden from the Court and appoint a neutral technical expert to examine all of Defendant MasMarques's devices for information dating back to January 1, 2017, with Defendant MasMarques to bear any associated costs.

C.  **In Violation of This Court's Order at ECF No. 200, Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade Willfully Failed To Produce Documents In MasMarques's Possession and/or That He Controls**

The following categories of documents have been referenced by Defendant MasMarques as existing, yet were never produced:

1.  **FOIA Requests and Other Federal Government Communications**

In Document GREENSPAN00752, Defendant MasMarques wrote on July 6, 2022, "FOIA requests have also been sent out and there is lots of great information." Plaintiff requested copies of this "great information" but it was never produced, especially insofar as Defendant MasMarques elsewhere admits (*see* Document Def-P2_000377) that he communicated with the Federal Trade Commission and Federal Communications Commission. Plaintiff is also aware that Defendant MasMarques communicated with the Securities and Exchange Commission about Plaintiff. All of these communications were possibly in a FOIA context but possibly also outside of FOIA.

        **2.      Communications with the Office of the Attorney General of the United States**

In the Superior Court of California for the County of Santa Clara, Defendant MasMarques filed a copy of a letter from the United States Department of Justice Mail Referral Unit dated June 4, 2018 referencing a letter he submitted on May 29, 2018. *See* Document GREENSPAN00149. That May 29, 2018 letter was not produced.

        **3.      Communications with Federal Prosecutors**

On October 26, 2021, Defendant MasMarques stated on Twitter that he communicated with a "Federal District Attorney," presumably referring to federal prosecutors. *See* Document GREENSPAN00536. These communications were never produced.

        **4.      Communications with Federal Judges**

On May 23, 2022, Defendant MasMarques stated on Twitter that communicated "in detail to Judge Donato," a federal judge in the Northern District of California who was presiding over Plaintiff's separate, but related, litigation involving Tesla, Inc. ("Tesla") and Elon Musk at the time. *See* Document GREENSPAN00740. These communications were never produced.

        **5.      Communications with Interpol**

In his partial production of his communications with the California Attorney General, Defendant MasMarques referenced communications with Interpol regarding Plaintiff. See Document Def-P2_000383. These communications were never produced.

        **6.      Communications with the California Department of Motor Vehicles**

In response to Interrogatory No. 11, Defendant MasMarques admits that he spoke with "the California DMV." Any complaint would have been filed in writing. These communications were never produced.

        **7.      Communications with the Arkansas Attorney General**

In response to Interrogatory No. 11, Defendant MasMarques admits that he spoke with "the Attorney[] General of…Arkansas." Any complaint would have been filed in writing. These communications were never produced.

### 8.    Communications with Última Hora and/or Other Spanish Media

In Document Def-P2_000383, Defendant MasMarques admits that he "contacted those Spanish Media companies and they confirmed that their Servers have been Hacked," falsely implying that Plaintiff broke into servers owned by media companies abroad, presumably to plant stories about Defendant MasMarques.  These communications were never produced.

### 9.    Communications with Attorney Stephen Weigand / Faruki LLP

In Document Def-P2_000128, an unknown individual wrote by hand the e-mail address of Stephen Weigand of Faruki LLP, former counsel for Namecheap, the domain name registrar of Blacklist Report.  Mr. Weigand was opposing counsel in a DMCA subpoena miscellaneous case that Plaintiff filed in 2018 in the Northern District of Ohio, Case No. 1:18-mc-00071-CAB. Neither Mr. Weigand nor Faruki LLP represented Defendant MasMarques so attorney-client privilege does not apply.  To the extent that any communications exist between Mr. Weigand or Faruki LLP and Defendant MasMarques, these communications were never produced.

### 10.    Communications with John X. Haro

During the pendency of the proceedings before the Superior Court of California for Santa Clara County, Defendant MasMarques hired at least one private investigator, John X. Haro of Najar Investigations.  Presumably, Defendant MasMarques communicated with his contractor. These communications were never produced.

### 11.    Communications with Joe Johnson

In Document Def-P2_000343, Defendant MasMarques writes an e-mail to Joe Johnson, the vexatious litigant plaintiff in a lawsuit against Think Computer Corporation that was filed in Prince George's County, Maryland in 2022.  To the extent that Mr. Johnson replied to Defendant MasMarques's e-mail or there were any follow-up communications, these communications were never produced.

### 12.     Communications with Twitter, Inc. and/or X Corp.

In Document Def-P2_000314, Defendant MasMarques writes an e-mail dated September 3, 2019 to former Twitter, Inc. Global Managing Director Brad Keown, which indicates a call prior to that.  There is no indication as to how Defendant MasMarques obtained Mr. Keown's contact information, and no indication that Mr. Keown replied.  However, on September 23, 2019, approximately three weeks later, Plaintiff's personal @AaronGreenspan account was "locked" because it purportedly "violated the Twitter Rules" by posting an informational statement about Defendant MasMarques.  *See* Document GREENSPAN00261.  On September 24, 2019, Plaintiff received an e-mail from Twitter stating, "Our support team has reviewed your account and it appears we made an error.  We've determined there was no violation and have restored your account to full functionality."  *See* Document GREENSPAN00263.  This suggests that Mr. Keown believed Defendant MasMarques's false statements, took action internally at Twitter, and likely replied to him accordingly.  To the extent that there are additional communications between Defendant MasMarques and Twitter, these communications were never produced.

### 13.     Communications with Tesla, Inc. and/or Omar Qazi

In Document Def-P2_000217, Defendant MasMarques writes an e-mail to former counsel for Tesla, Inc.  To the extent that there are additional communications between Defendant MasMarques and Tesla or its agent Omar Qazi, with whom Defendant MasMarques frequently communicated on Twitter and possibly through the comments section on Qazi's website(s), these communications were never produced.  Furthermore, the Court should re-evaluate its ruling in ECF No. 200 regarding Interrogatory No. 16 ("Identify YOUR sources of income since 2016.") given Defendant MasMarques's statements on social media about his investment in Tesla.  *See* Document GREENSPAN00416 (stating "When I purchased Tesla Stock @$80 early in 2020 I thought it was going to hit $500 soon…").  To the extent that Defendant MasMarques's harassing, libelous and conspiratorial conduct was motivated by his

desire to prevent the value of any Tesla shares he owned from decreasing due to Plaintiff's research on Tesla and Elon Musk, Plaintiff is entitled to that information.

### D.    Improperly Cropped and Partial Documents

Several documents were produced in incomplete or improper form.  Document Def-P2_000371 contains incomplete e-mail header information.  Documents Def-P2_000381-000384 have cut off footers, possibly to hide the fact that there are missing pages.  Document Def-P2_000366[5] also has a cut off footer that hides the total number of pages.

The Court should order these documents to be produced in full in proper form.

### E.    Defendant Diego MasMarques, Jr. and Attorney Ashley Andrade Willfully Failed To Substantively Respond To Plaintiff's Second Set of Interrogatories

Plaintiff served his second set of interrogatories on Defendant MasMarques on May 24, 2025.  Defendant MasMarques did not respond until July 22, 2025, nearly a month late.  Since Defendant MasMarques answered twelve (12) but did not respond with any substantive answer at all to seven (7) of the interrogatories in Plaintiff's first set, ignoring Interrogatory Nos. 13, 14, 15, 16, 17, 18, and 19, Plaintiff served eleven (11) more interrogatories in his second set, such that the total number of substantive responses would amount to twenty-three (23).

In response to the second set of interrogatories, Defendant MasMarques refused to answer Interrogatory No. 21, inquiring about the definitive link between his home IP address and a post on Blacklist Report.  His answer to Interrogatory No. 25 is evasive, and does not actually identify any telephone number Defendant MasMarques has ever used—only one he claims he did not.  Defendant MasMarques did not provide any substantive answer to Interrogatory Nos. 26-30.  In all, he provided substantive (but untimely) answers to sixteen (16) interrogatories and evaded answering fourteen (14).

---

[5] Opposing counsel surmises, without any factual basis, that the redactions in this document are due to "FOIA."  ECF No. 218 at 4, n. 4.  This is false.  Defendant MasMarques is the source of this document—the portion of the document footer that is visible shows that it was printed from his ProtonMail e-mail account—and he filed it unredacted in court in California.

As with the answers to Plaintiff's first set of discovery requests discussed above, the answers Defendant MasMarques did provide to the second set of interrogatories are problematic for him because they contradict his prior testimony from California as well as other interrogatory responses and documents.  For example, in response to Interrogatory No. 23, Defendant MasMarques writes, "I have not knowingly made any false statements about Aaron Jacob Greenspan."  Yet in Document Def-P2_000185 dated November 29, 2021, Defendant MasMarques writes to his former probation officer, "I believe that there's a high possibility that [Aaron Jacob Greenspan] owns and runs another vicious monetized website called leagle.com." Defendant MasMarques also admits as of April 24, 2023 in Document Def-P2_000348 that he is aware that "Aaron Jacob Greenspan repeatedly denies that he is the owner of leagle.com…" This careful, conditional wording disappears when he writes to the FBI's Phoenix and New York offices, the United States Secret Service, the IRS, the United States Department of Homeland Security, the Ohio Attorney General, and the United States Attorney's Office for the Southern District of New York, "Cyber Stalker & Hacker Aaron Jacob Greenspan aka Aaron Greenspan, owns and runs just about every data mining online, plainsite.org leagle.com" via his @WitchesToday Twitter account on July 14, 2023.  *See* Document GREENSPAN01029.

Such answers are evasive.  "For purposes of a motion for order compelling discovery, an evasive or incomplete answer to an interrogatory is to be treated as a failure to answer.  Fed.R. Civ.P. 37(a)(3).  Answers are insufficient if they fail to supply facts which were omitted from the complaint, and if they neither clarify nor narrow the broad issues posed by the complaint." *Rickles, Inc.* v. *Frances Denney Corp*., 508 F. Supp. 4, 7 (D. Mass. 1980).

### F.    The Court Should Formally Order That Defendant MasMarques Is Liable For Activity Linked To His Known E-Mail Addresses, Social Media Accounts, and Gripe Site Accounts

Through this motion, Plaintiff has provided ample evidence that e-mail addresses enumerated above and the social media and/or gripe site accounts below are attributable to, and at all relevant times were controlled by, Defendant Diego MasMarques, Jr.:

| Account Name | Platform | Approximate Dates Active |
|---|---|---|
| @R62607249 | Twitter | August 2018 - 2019 |
| @LiarsStalkers | Twitter | October 2018 - 2019 |
| @badbadwebsites | Twitter | March 2018 - 2021 |
| @Giza299792458N | Twitter | February 23, 2021 - 2023 |
| @WitchesToday | Twitter | September 23, 2021 - 2023 |
| @Diegomasmarque1 | Twitter | 2022 - 2023 |
| @Diegomasmarque5 | Twitter | April 13, 2022 - 2023 |
| @x13757 | Twitter | February 2025 - Present |
| 198412345 | Reddit | April 27, 2018 - Present |
| ManufacturerFast7523 | Reddit | March 19, 2022 - Present |
| AdPlenty5728 | Reddit | April 7, 2022 - Present |
| Ok-Exercise-3238 | Reddit | March 11, 2023 - Present |
| lola crum | Google Groups | June 2022 - 2023 |
| Expose 501(c)(3) Fraud | ComplaintsBoard | June 2018 |
| Online cyber stalkers working together | ComplaintsBoard | February 2021 |
| [Redacted] Cyber Stalker | ComplaintsBoard | March 2022 |

This list of accounts is not exhaustive; there are at least dozens, but probably hundreds, more.

### G. This Court Should Formally Order That Defendant MasMarques Spoliated Evidence Related To His Defamation and Harassment of Plaintiff After Being Criminally Charged for Related Violations

In his Amended Answer to Interrogatory No. 13, served on July 22, 2025, Defendant MasMarques states that he "traded in and replaced" a "desktop Apple iMac," which he used as his "main computer" from "2018 to 2019." As Defendant MasMarques acknowledges, notwithstanding the later improper expungement of the proceedings, he was criminally charged in November 2018 by the Middlesex County District Attorney's Office with violations involving the restraining order(s) that Plaintiff secured against him. It is therefore surprising that the "main computer" containing evidence of those alleged crimes was allegedly disposed of shortly after criminal charges were filed. That same computer would have contained records of relevance in this action. The Court should order Defendant MasMarques to explain the circumstances surrounding the disposal of his "desktop Apple iMac" in more detail, and to identify any backup hard drives or similar devices still in his possession or control that may have retained data from its storage device(s). Alternatively, the Court should order that Defendant MasMarques is responsible for the spoliation of evidence and that an adverse inference should be drawn.

### H.     Rule 37 Sanctions Are In Order

Defendant MasMarques's repeated discovery failures in this action are not an accident. Defendant MasMarques knows exactly what he is doing and is himself extremely technologically savvy, having responded to at least one of Plaintiff's e-mails when he was representing himself with evidence of usage of a PGP encryption key.  PGP encryption is notoriously difficult to use and generally only favored by computer programmers, cryptographers, journalists handling extremely sensitive information, intelligence analysts and agents, and other experts.  The following message shows Defendant MasMarques's unsolicited, encrypted "Happy Birthday" e-mail message to Plaintiff in 2024 signed with an unknown PGP key:



Defendant MasMarques also began using Virtual Private Networks ("VPNs") to shield his IP address after Plaintiff successfully linked it to his ComplaintsBoard posts in 2018.  A defendant who purportedly fails to remember how he used his computer, what his usernames and e-mail addresses are, or where he put various records amidst dozens of numbered e-mail accounts, but who can simultaneously also figure out how to use PGP encryption and VPN technology while remembering every detail about Plaintiff's life, simply cannot be believed. Notably, in addition to persistently libeling Plaintiff on a website run by Latvians and Russians,

Defendant MasMarques has also made posts supporting the Russian Federation, such as this very specific post among others praising Russian President Vladimir Putin and criticizing Ukraine:



*See* Documents GREENSPAN00654 (image showing Defendant MasMarques re-tweeting the account of the Chinese Embassy in Russia), GREENSPAN00941 (favorably quoting President Putin), GREENSPAN00944 (retweeting "FriendOfRussia" with username @NoMoreNATO stating, "The world supports President Putin.").

Even if his political views do border on treasonous, the Court should not tolerate this type of willful deception from Defendant MasMarques or his counsel, who for months—and even at Plaintiff's August 19, 2025 deposition—has insisted that Defendant MasMarques has never used social media. Her willingness to continue lying to Plaintiff in violation of numerous Rules of Professional Conduct as an officer of the Court, while simply ignoring the Court's Order at ECF No. 200, should be addressed. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Federal Rule of Civil Procedure 37(a)(4).

This Court has terminated cases with patterns of evasive discovery conduct in the past in favor of the party requesting discovery. "Plaintiff has repeatedly failed to provide the documents requested by the defendant without sound excuse. Responses to defendant's January, 2014 motion to compel further discovery are currently seven months overdue under Rule 34 and six months late under the terms of the March, 2014 order, and thus a dismissal of the case is warranted. *See Malloy v. WM Specialty Mortgage LLC*, 512 F.3d at 26 (dismissing case where responses were seven months overdue under the rules). Such an extensive delay is evidence of a deliberate course of action." *Zhuang v. Saquet, et al*, Case No. 1:09-cv-12163-NMG (D. Mass. September 24, 2014). Plaintiff's operative claims were permitted to proceed in March 2024. Nearly seventeen months later, Plaintiff still does not have all of the documents requested.

"The taxonomy of Rule 37 is progressive. If an order to answer is issued under Rule 37(a), and then disobeyed, Rule 37(b)(2) comes into play, authorizing the trial court to impose

further sanctions, including the ultimate sanction...” *RW Intern. Corp. v. Welch Foods, Inc.*, 937 F. 2d 11, 15 (1st Cir. 1991). Again, the “ultimate sanction” would be default judgment, and it is appropriate for all of the reasons Plaintiff has explained in the past in this action and hereby incorporates by reference. *See* ECF No. 176.

## IV.    CONCLUSION

Throughout this litigation, Defendant Diego MasMarques, Jr. has delayed, obfuscated, and lied to Plaintiff and to the Court. This must end. Plaintiff respectfully requests that this motion be granted.


Dated: August 25, 2025            Respectfully submitted,


                                  Aaron Greenspan
                                  956 Carolina Street
                                  San Francisco, CA  94107-3337
                                  Phone: +1 415 670 9350
                                  Fax: +1 415 373 3959
                                  E-Mail: aaron.greenspan@plainsite.org


## CERTIFICATE OF COMPLIANCE WITH CIVIL LOCAL RULES 7.1(a)(2) AND 37.1

I hereby certify that the provisions of Civil Local Rules 7.1(a)(2) and 37.1 have been complied with and that Plaintiff has conferred with counsel for Defendant Diego MasMarques, Jr. in an effort to narrow the issues involved and avoid court intervention.


Dated: August 25, 2025


                                  Aaron Greenspan

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025 I filed the foregoing with the Clerk of Court

using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.


Aaron Greenspan