UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**DECLARATION OF AARON GREENSPAN
IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES FROM DEFENDANT DIEGO MASMARQUES, JR. AND
IMPOSE RULE 37 SANCTIONS**

I, Aaron Greenspan, declare as follows:

    1.    On August 21, 2025, I accessed the X Corp. website at https://www.x.com, formerly known as Twitter and formerly accessible at https://www.twitter.com, with the intent of demonstrating to this Court that Defendant Diego MasMarques, Jr.'s e-mail address "56546@protonmail.com" is linked to an active Twitter/X ("Twitter") account.

    2.    First, I began the Twitter account recovery process and provided an e-mail address I invented for demonstration purposes that would not be likely to be linked to any active Twitter account: "demonstration@thisemailaddressdoesnotexist.com". A true and correct copy of a screenshot of my web browser showing this e-mail address entered into the first step of the Twitter account recovery process is below:

1



3. When I clicked on the "Next" button, I received an error message stating, "Sorry, we could not find your account," confirming that the e-mail address "demonstration@thisemailaddressdoesnotexist.com" is not linked to any active Twitter account. A true and correct copy of a screenshot of my web browser displaying that error is below:



4.  Based on my over 30 years of experience as a computer programmer and a programmer of web-based application software in particular, Twitter's software is presently designed to display "Sorry, we could not find your account." followed by a variable error code whenever a database query based on the provided e-mail address fails to match at least one row in the Twitter user table. In other words, the general error message displayed would be displayed for *any* e-mail address unconnected to an active user account.

5.  Next, I began the Twitter account recovery process a second time, but this time I provided the e-mail address "56546@protonmail.com" that Mr. MasMarques belatedly disclosed on July 25, 2025 in response to my Interrogatory No. 10. A true and correct copy of a screenshot of my web browser showing that e-mail address entered into the dialog box constituting the first step of the Twitter account recovery process is below:



3

6. This time, when I clicked on the "Next" button, I received a different screen, which stated, "Confirm your username," indicating that the e-mail address provided, 56546@protonmail.com, is linked to an active Twitter account.



7. When Mr. MasMarques stated in response to Interrogatory No. 6, "I don't use social media" under oath, he committed the crime of perjury.

8. Mr. MasMarques has not amended his response to Interrogatory No. 6 despite my repeated communications with his attorney, Ashley Andrade, about this specific issue.

9. To the best of my knowledge, I first informed Attorney Andrade that Mr. MasMarques is a prolific user of social media on May 7, 2025 via e-mail, a true and correct copy of which is attached as Exhibit A to this declaration, when I stated regarding Mr. MasMarques, "I also know for a fact that he's had something like a dozen Twitter (now X) accounts that he's used to post lies about me. His most recent is @x13757. If he denies that it's him, he's lying to you. There are e-mails from Twitter/X to him for each of those accounts. There are e-mails to him for each Direct Message he received on Twitter."

10. Despite my clear warning, Attorney Andrade has willfully chosen to continue falsely denying that her client uses social media through present day, in violation of numerous Rules of Professional Conduct and ethical obligations as an officer of this Court.

11. The false statements repeated by Defendant MasMarques and Attorney Andrade throughout the discovery process have made this litigation more complex and have wasted dozens, if not hundreds, of hours of my time, for which I believe I should be compensated.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct and that this declaration was executed on August 22, 2025 in San Francisco, California.

Dated: August 22, 2025

_____
Aaron Greenspan

**EXHIBIT A**
May 7, 2025 E-Mail from Plaintiff Aaron Greenspan to Attorney Ashley Andrade

**From:** Aaron Greenspan aaron.greenspan@plainsite.org
**Subject:** Re: Greenspan v. MasMarques
**Date:** May 7, 2025 at 10:58 PM
**To:** Ashley Andrade ashley@andrade-legal.com

Ashley,

Below is what I sent to Simon Mann. I of course do not know what went on between Mr. MasMarques and his prior attorneys, but I can hazard a guess: since he is a fabulist, he kept insisting that they file false statements before the court, and they didn't want to lose their law licenses. Not only am I sensitive to that kind of thing, but Mr. MasMarques lying about me for the better part of a decade in public, thousands of times, is the reason why there is an ongoing case at all. Since he's incoherent, many of his lies are provably false (and easily so), which he doesn't appear to understand. For example, claiming that I shouted inappropriately in court in California through some sort of "loudspeaker" (see Mann's response to Request for Production of Documents No. 1) when A) there was no "loudspeaker" and B) the court transcript says otherwise, just isn't going to work out well for him. And it's a non-compliant non-response that I will not accept. As another example, his PI, John X. Haro, also lied under oath, and that's easily provable, too. So the perjury issue will be a problem for you going forward I think.

Furthermore, Mr. MasMarques has filed select e-mail messages in court before about me and/or PlainSite between himself and a third party, so it's simply not believable that responsive e-mails don't exist. Nor could any privilege possibly apply. I also know for a fact that he's had something like a dozen Twitter (now X) accounts that he's used to post lies about me. His most recent is @x13757. If he denies that it's him, he's lying to you. There are e-mails from Twitter/X to him for each of those accounts. There are e-mails to him for each Direct Message he received on Twitter. I am nearly certain he's communicated repeatedly with Omar Qazi (he can explain). His e-mail addresses are registered with ComplaintsBoard, so there are e-mails from ComplaintsBoard reflecting those registrations. There are also other gripe sites he registered for under hundreds of different aliases. The documents exist, if you don't turn them over by tomorrow I will demand every one of his hard drives since 2016, and I will not hesitate to file a motion to compel immediately upon non-compliance. It will be much easier for everyone if you just turn it all over.

Regards,

Aaron

PlainSite | https://www.plainsite.org

> On May 7, 2025, at 10:40 PM, Ashley Andrade <ashley@andrade-legal.com> wrote:
>
> You can call me Ashley—and thank you for the sentiment. Looks like 17 is the number to beat.
>
> Regarding the responses, could you please clarify which specific requests you believe are non-compliant? Most of the documents my client possesses relating to you and/or PlainSite consist of publicly available materials, including online posts, corporate records, court filings, and so forth. That said, I'll follow up with him to reconfirm whether any additional non-privileged, private documents or written communications exist, and I'll supplement the responses as needed to provide further clarification.
>
> On Wed, May 7, 2025 at 7:30 PM Aaron Greenspan <aaron.greenspan@plainsite.org> wrote:
>> Ms. Andrade,
>>
>> While I appreciate that you are new to this case, a review of the record will reveal that you are Mr. MasMarques's fourth attorney of record. The first attorney lasted eight days. The second lasted four days. The third lasted seventeen days. I will be impressed if you last seven. Since Mr. MasMarques's revolving door of attorneys has added years of delay to the case, I cannot assent to any extensions of time.
>>
>> Mr. MasMarques's purported responses to the First Set of Requests for Production of Documents and Things—which were initially served on him in early February—were non-compliant with the Federal Rules of Civil Procedure, generally non-responsive, and did not include any actual documents that I had requested. He has a little more than 24 hours to comply.
>>
>> If I were you, I would withdraw now.
>>
>> Regards,
>>
>> Aaron
>>
>> PlainSite | https://www.plainsite.org
>>
>>> On May 7, 2025, at 4:24 PM, Ashley Andrade <ashley@andrade-legal.com> wrote:
>>>
>>> Mr. Greenspan,
>>>
>>> I hope this email finds you well. I recently filed a notice of appearance and now represent Diego MasMarques in this matter. Please find attached Defendant's Initial Disclosures.
>>>
>>> It is my understanding that Mr. MasMarques' prior counsel previously served you with Defendant's responses to your First Set of Requests for Production of Documents. If that is not the case, please let me know and I will address it promptly.

of Requests for Production of Documents. If that is not the case, please let me know and I will address it promptly.

I am also aware that the amended answer is currently due tomorrow pursuant to the Court's order dated April 29, 2025. As I'm still in the process of reviewing the record and getting up to speed, would you be willing to assent to a one-week extension? I'd appreciate the courtesy.

Best,
Ashley


--
Ashley Andrade, Esq.
ANDRADE LEGAL
867 Boylston Street, 5th Floor, #1119
Boston, MA 02116
p. 617.206.1822
<Initial Disclosures.pdf>