**EXHIBIT D**
Defendant Diego MasMarques, Jr.'s Answers To Second Set of Interrogatories
Dated July 22, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES JR., et. al.<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**DEFENDANT DIEGO MASMARQUES, JR.'S ANSWERS TO SECOND SET OF INTERROGATORIES**

Defendant Diego MasMarques, Jr. ("<u>Defendant</u>"), by and through undersigned counsel, hereby answers Plaintiff's Second Set of Interrogatories, as follows:

**PRELIMINARY STATEMENT**

1.      These answers and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts at trial.

2.      By making the accompanying answers and these objections to Plaintiff's interrogatories, Defendant does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such answers into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these answers and objections herein without in any way implying that he considers the interrogatories thereto to be relevant or material to the subject matter of this action.

1

3. Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the answers and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

4. Defendant objects to each interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court, and to the extent these interrogatories lack any definitions or instructions.

5. Defendant objects to each Interrogatory to the extent it is overly broad, unduly burdensome, or not proportional to the needs of the case, including where the Interrogatory is not limited in time or subject matter scope. Defendant further objects to any Interrogatory that seeks information not relevant to any party's claim or defense or not reasonably calculated to lead to the discovery of admissible evidence under Federal Rule of Civil Procedure 26(b)(1).

6. Defendant objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or any other applicable privilege or protection recognized under federal law.

7. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or other reasons. The failure to include any general objection in any specific response does not waive any general objection to that Request. Moreover, Defendant does not waive his right to amend and/or supplement his answers.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

8.  Defendant objects to the definition of "YOU," "YOUR," or "ANYONE ACTING ON YOUR BEHALF" as overbroad, vague, and improperly expansive to include individuals or entities over whom Defendant has no control, and to the extent it seeks privileged or irrelevant information.

9.  Defendant objects to the Definition of "PLAINTSITE" to the extent that it seeks information relating to unnamed and unidentified staff and contributing authors. Defendant asserts that this aspect of the definition is vague, overbroad, and not reasonably limited in scope. Furthermore, Plaintiff brings this action in his personal capacity, and any such information relating to "Plainsite" is not relevant to the underlying litigation, as Think Computer Corporation, which is the company under which Plainsite operates, is a separate legal entity and not a party to the underlying litigation.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 20

Explain in YOUR own words why and how the June 5, 2018 Traceable Post on ComplaintsBoard described in ¶¶ 74-75 of the FAC contained two URLs that had only been accessed on June 5, 2018 by the IP address 24.60.59.25, which was registered to an account YOU admit YOU shared with YOUR late wife in her name at YOUR home address according to a subpoena response from Comcast as described in ¶ 76 of the FAC.

> ANSWER: Just because I might have clicked on a link in a post doesn't mean I wrote the post. I also don't remember posting anything on ComplaintsBoard on June 5, 2018. In fact, the only post I do remember making on ComplaintsBoard was around April 3, 2018, where I shared some publicly available documents about Think Computer Foundation's nonprofit status and raised concerns about whether it was really operating as a proper nonprofit.

3

**INTERROGATORY NO. 21**

Explain in YOUR own words why and how the IP address 24.60.59.25, which was registered to an account YOU admit YOU shared with YOUR late wife at YOUR home address according to a subpoena response from Comcast as described in ¶ 76 of the FAC, made the first non-automated access request to Plaintiff's October 12, 2014 essay "The Internet Court is Now In Session," which at the time was only posted at http://www.aarongreenspan.com/writing/20141012/the-internet-court-is-now-in-session/, on January 15, 2018, the same day that the January 15, 2018 post libeling Aaron Greenspan on the "Blacklist Report" gripe site, archived by the Internet Archive at https://web.archive.org/web/20180323181359/http://www.blacklistreport.com:80/2018/01/aaron greenspan-aka-aaron-jacob-greenspan-owns-and-runs-plainsite-org-under-a-fraudulent-501cnon-profit-called-think-computer-where-his-father-neil-s-greenspan-is-the-vp-and-treasurer/, was posted containing a copied-and-pasted version of that same essay.

> OBJECTION: Defendant objects to Interrogatory No. 21 on the grounds that it is overly broad, speculative, and not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1). Defendant further objects to this Interrogatory because it references a hyperlink that does not appear in the First Amended Complaint and is currently inaccessible. It also refers to a purported "non-automated access request" used to obtain Plaintiff's October 12, 2014 essay, "The Internet Court Is Now In Session"—facts that are neither alleged nor incorporated into the operative complaint.
>
> Accordingly, this Interrogatory is not properly tailored to any claim or defense in this action as required by the Federal Rules of Civil Procedure. Defendant respectfully declines to respond.

**INTERROGATORY NO. 22**

Explain why YOU use each of the at least the seven different e-mail addresses listed in YOUR response to Interrogatory No. 10.

4

> ANSWER: Over the years, I've had to create and use various emails because of serious concerns about my privacy and safety—and even that of my family. I'm a private person, but Aaron Jacob Greenspan has repeatedly interfered with that. He has targeted me online whenever he can, using both his personal and business social media accounts—like @aarongreenspan and @plainsite on Twitter (before both were banned)—as well as on various websites (including Plainsite.org) and message boards, and even in court filings, regardless of whether I'm a party in the case.
>
> For example, on or about October 18, 2018–after being served my restraining order–Aaron Greenspan tweeted that I was "someone who serially harasses, rapes, and murders women." His company Twitter account–@plainsite– further amplified those tweets by sharing the restraining order. Twitter even suspended both his personal and company accounts for these harassing tweets (and there were more suspensions later on). Their posts would also repeatedly use my full name, and the city where I live, along with very inflammatory rhetoric and false and misleading claims, such as calling me a "convicted murderer"—all clearly intended to provoke attention, which they unfortunately succeeded in doing.
>
> In many of Aaron Jacob Greenspan's and PlainSite's online posts, they share links to my court documents that Aaron Greenspan republished on PlainSite.org (whether through the RECAP API or himself directly). These documents often include my personal information, such as my home address, email addresses, and contact details, and are published in a way that encourages others to read and spread them further. On PlainSite, my name appears alongside biased and damaging labels, like calling me a "vexatious litigant."
>
> Because of this, I've received harassing and threatening messages, graphic emails, and even disturbing and pornographic materials sent to my home. I've also seen a spike in spam. This has been going on for nearly 8 years. The situation deeply affected both me and my wife while she was still alive—we became afraid for our safety.
>
> As a result, I've had to stop using certain email accounts and create new ones just to regain some level of privacy. One of my accounts was even hacked, and based on the timing and circumstances, I strongly believe Aaron Greenspan was behind it. These days, I use protonmail.com for its added privacy features and my peace of mind.

**INTERROGATORY NO. 23**

INTERROGATORY NO. 23  Identify any circumstance in which YOU realized that YOU had

made a false statement involving Aaron Greenspan.

> OBJECTION: Defendant objects to Interrogatory No. 23 on the grounds that it is vague, ambiguous, argumentative, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Specifically, the Interrogatory assumes facts not in evidence, including the assertion that Defendant made a "false statement" involving Aaron Greenspan. The

5

phrase "false statement" is not defined, overly broad, and subject to multiple interpretations, rendering the request unclear and unduly burdensome. Moreover, the Interrogatory appears designed to harass or embarrass rather than to seek relevant, nonprivileged information, and therefore violates Rule 26(g)(1)(B)(ii).

Subject to and without waiving the General Objections and the foregoing specific objections:

ANSWER: I have not knowingly made any false statements about Aaron Jacob Greenspan.

## INTERROGATORY NO. 24

For each individual listed by name in response to Interrogatory No. 11, describe your relationship with that person and the nature of your conversation with them about Aaron Greenspan and/or PLAINSITE.

OBJECTION: Defendant objects to Interrogatory No. 24 on the grounds that it is overly broad, vague, and not proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks the "nature of [Defendant's] conversation" about "Aaron Greenspan" and/or "Plainsite with each individual named in response to Interrogatory No. 11, without any limitation as to timeframe, subject matter, or relevance to any claim or defense. It would encompass communications with third parties that have no bearing on the issues in dispute. Plaintiff brings this action in his personal capacity, yet the Interrogatory seeks information regarding PlainSite, a website owned and operated by a separate legal entity, which is not a party to this action.

Defendant further objects to this Interrogatory as it seeks information protected by the First Amendment to the United States Constitution, including Defendant's right to petition and communicate with government agencies, officials, or entities. To the extent it seeks disclosure of such petitioning activity, it is further barred under the Massachusetts anti-SLAPP statute, G.L. c. 231, § 59H, which protects individuals from being compelled to disclose or defend against communications made in connection with their right to petition the government. In addition, Defendant also objects to the extent this Interrogatory seeks disclosure of private marital communications, which are protected by the marital communications privilege under applicable law and are not subject to compelled disclosure in civil discovery.

Subject to and without waiving the General Objections and the foregoing specific objections:

ANSWER:

- **Jeffrey Smith**— Jeffrey Smith was the Assistant Chief of Probation at the First Circuit Court in Boston. Before the federal district court denied my motion to seal the International Treaty Transfer case on September 22, 2015 —a decision I respectfully disagree with and believe was unfair—Mr. Smith had been working to get the case sealed at the federal level, since the underlying conviction in Spain was expected to be expunged (and has since been expunged). I've spoken with Mr. Smith about how Aaron Jacob Greenspan and his website, PlainSite.org, have harmed my reputation by spreading false and misleading information about me. I also discussed the significant financial harm this has caused, as well as the serious disruption to both my personal and professional life. The damage has extended beyond me—my wife's reputation has also been affected. I shared with Mr. Smith screenshots of the offensive and defamatory URLs that now appear not only under my name, but also under my wife's.

- **Liz Garcia** – Liz Garcia was an investigator with the Arkansas Attorney General's Office. I spoke with her after filing a complaint in or around February 2017. During our conversation, she told me that sites like Leagle.com—which I believe is connected to Aaron Jacob Greenspan—had received numerous complaints. She explained that the owners of Leagle.com are difficult to identify, as they list only an email address, and the physical addresses and phone numbers they provide are often fake or lead nowhere. This immediately raised red flags for me. I asked Ms. Garcia not to forward my complaint unless there was a verifiable address on record, as I was concerned that the owner or owners of Leagle.com might retaliate—and I'd be left fighting a ghost. Within three weeks of filing my complaint against Leagle.com, I began experiencing online harassment and doxxing. This activity originated from two websites—both posing as 501(c)(3) organizations but operating for profit. One was PlainSite.org, which is owned and operated by Aaron Jacob Greenspan. The other was UnitedStatesCourts.org, which was owned and operated by Jeffrey Allen Steinport.

- **Diego MasMarques, Sr. (my father)** – I didn't want to involve or worry my elderly father in the ongoing issues with Aaron Greenspan. But I ultimately had no choice after Aaron Greenspan arranged for the sheriff to serve the temporary restraining order—part of the Santa Clara County Superior Court case in May 2018—at my father's home, even though Aaron Greenspan knew I didn't live there.

- **John X. Haro** – Mr. Haro works as a private investigator and security guard. He is also a former Police Officer and served in the United States Military. I initially hired him to serve a restraining order on Aaron Jacob Greenspan after he had been avoiding service for several months. I later retained Mr. Haro to accompany me to two court hearings in Santa Clara County. I did this out of fear for my safety, as I was genuinely concerned about what Aaron Greenspan might do.

7

**INTERROGATORY NO. 25**

Identify each telephone number YOU have used since 2017 and identify the type of connection for each, e.g., landline, mobile, VoIP, etc.

> OBJECTION: Defendant objects to Interrogatory No. 25 on the grounds that it is overbroad, vague, and not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks identification of every telephone number Defendant has "used" since 2017, without limitation to any telephone number, communication, or allegation specifically referenced in the First Amended Complaint.
>
> It further seeks the disclosure of private and potentially sensitive personal information, including information regarding personal, professional, shared, or third-party phone numbers, that have no relevance to any claim or defense in this action. The request lacks any reasonable limitation in subject matter, relevance, or connection to the issues in dispute, and appears more intended to burden or invade privacy than to obtain discoverable information.
>
> Subject to and without waiving the foregoing objections or General Objections, Defendant will limit his response to any telephone numbers specifically referenced in the allegations of the First Amended Complaint:
>
> ANSWER: I've never owned or used the phone number (929) 448-8094. All the phone numbers I've personally had since 2017 have been tied to Massachusetts area codes, such as 617.

**INTERROGATORY NO. 26**

Describe in detail the typical work schedules of YOUR late wife, Mary Bulman MasMarques, while she was employed as a nurse, including the timeframes by year when those schedules applied.

> OBJECTION: Defendant objects to Interrogatory No. 26 on multiple grounds, including, without limitation, that this Interrogatory exceeds the numerical limit set forth in Fed. R. Civ. P. 33(a)(1), which permits no more than 25 interrogatories absent leave of court or stipulation. Notwithstanding the foregoing, Plaintiff has reached the 25-interrogatory limit, and no response is required.
>
> Subject to and without waiving the General Objections and the foregoing specific objections, Defendant declines to respond further to Interrogatory No. 26.

**INTERROGATORY NO. 27**

Explain in detail the security measures YOU employed to protect access to YOUR refurbished Mac computer referenced in Interrogatory Response No. 7, including physical security (locked doors or drawers), user account passwords, password-protected screensavers, encryption, post-it notes, etc.

> OBJECTION: Defendant objects to Interrogatory No. 27 on multiple grounds, including, without limitation, that this Interrogatory exceeds the numerical limit set forth in Fed. R. Civ. P. 33(a)(1), which permits no more than 25 interrogatories absent leave of court or stipulation. Notwithstanding the foregoing, Plaintiff has reached the 25-interrogatory limit, and no response is required.
>
> Subject to and without waiving the General Objections and the foregoing specific objections, Defendant declines to respond further to Interrogatory No. 27.

**INTERROGATORY NO. 28**

List the case number, venue, status, and where applicable, outcome, for every docket in every legal proceeding in which YOU have been a named party, worldwide, since age 18, whether open, closed, sealed, or expunged.

> OBJECTION: Defendant objects to Interrogatory No. 28 on multiple grounds, including, without limitation, that this Interrogatory exceeds the numerical limit set forth in Fed. R. Civ. P. 33(a)(1), which permits no more than 25 interrogatories absent leave of court or stipulation. Notwithstanding the foregoing, Plaintiff has reached the 25-interrogatory limit, and no response is required.
>
> Subject to and without waiving the General Objections and the foregoing specific objections, Defendant declines to respond further to Interrogatory No. 28.

**INTERROGATORY NO. 29**

List the names and locations of your employer(s) and the duration of each span of employment since YOU left federal prison in 2008.

> OBJECTION: Defendant objects to Interrogatory No. 29 on multiple grounds, including, without limitation, that this Interrogatory exceeds the numerical limit set forth in Fed. R. Civ. P. 33(a)(1), which permits no more than 25 interrogatories, including discrete

subparts, absent leave of court or stipulation. Notwithstanding the foregoing, Plaintiff has reached the 25-interrogatory limit, and no response is required.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendant declines to respond further to Interrogatory No. 29.

**<u>INTERROGATORY NO. 30</u>**

Identify each person (by e-mail address, social media handle, and/or name) YOU have ever

corresponded with regarding Aaron Greenspan and the date(s) of correspondence.

<u>OBJECTION</u>: Defendant objects to Interrogatory No. 30 on multiple grounds, including, without limitation, that this Interrogatory exceeds the numerical limit set forth in Fed. R. Civ. P. 33(a)(1), which permits no more than 25 interrogatories absent leave of court or stipulation. Notwithstanding the foregoing, Plaintiff has reached the 25-interrogatory limit, and no response is required.

Subject to and without waiving the General Objections and the foregoing specific objections, Defendant declines to respond further to Interrogatory No. 30.

**AS TO OBJECTIONS:**

*/s/ Ashley Andrade*
_____
Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

Dated: July 22, 2025

## SWORN STATEMENT UNDER PENALTY OF PERJURY

I do solemnly declare and affirm under the penalties of perjury that the foregoing Answers to Plaintiff's Second Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

*Diego MasMarques, Jr.*
Diego MasMarques, Jr. (Jul 22, 2025 19:28 EDT)

Diego MasMarques, Jr.

Dated: 07/22/2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I served the foregoing document on the opposing party by electronic mail.

*/s/ Ashley Andrade*

Ashley A. Andrade, Esq.
BBO# 697189

11

# Defendant Answer to Second Set of Interrogatories 7.22.2025

Final Audit Report                                                                 2025-07-22

| | |
|---|---|
| Created: | 2025-07-22 |
| By: | Ashley Andrade (ashley@andrade-legal.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAArFH1n_styBtaJOYHE8IfvdPJ8stgio7K |

## "Defendant Answer to Second Set of Interrogatories 7.22.2025" History

- Document created by Ashley Andrade (ashley@andrade-legal.com)
  2025-07-22 - 11:18:28 PM GMT

- Document emailed to Diego MasMarques, Jr. (3378@protonmail.com) for signature
  2025-07-22 - 11:18:31 PM GMT

- Email viewed by Diego MasMarques, Jr. (3378@protonmail.com)
  2025-07-22 - 11:24:36 PM GMT

- Document e-signed by Diego MasMarques, Jr. (3378@protonmail.com)
  Signature Date: 2025-07-22 - 11:28:29 PM GMT - Time Source: server

- Agreement completed.
  2025-07-22 - 11:28:29 PM GMT

Adobe Acrobat Sign