**EXHIBIT G**
Defendant Diego MasMarques, Jr.'s Amended and Supplemental Document Request Responses
Dated May 20, 2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN,<br><br>　　Plaintiff<br><br>v.<br><br>DIEGO MASMARQUES JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVSTEV, MEDIOLEX, LTD., and ASTRAD, LTD.,<br><br>　　Defendants. | Case No.: 1:23-cv-10134-DJC |

**DEFENDANT DIEGO MASMARQUES, JR.'S AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF AARON GREENSPAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT.**

Defendant Diego MasMarques, Jr. ("Defendant"), by and through undersigned counsel, hereby amends his responses to Plaintiff's First Set of Requests for Production of Documents and Things pursuant to Rules 26(e) and 34 of the Federal Rules of Civil Procedure. These amended responses are made in good faith and are intended to clarify and supplement Defendant's original document responses and production served on April 17, 2025.

The documents previously produced, or being reproduced herewith as part of this supplemental production, consist of two parts: "*Part 1*", comprising 72 documents that include previously produced documents served on April 17, 2025, and "*Part 2*", comprising primarily of email communications (collectively, the "Supplemental Production"). The parties shall, in good faith, confer and agree to a stipulated Protective Order to govern the confidentiality of the materials produced in "Part 2" of the Supplemental Production.

To the extent any additional objections are asserted herein, Defendant respectfully submits that such objections are made in accordance with Fed. R. Civ. P. 26(e) and are necessary to clarify or preserve Defendant's position based on further review of the document requests, applicable privileges, or newly identified concerns. Defendant reserves the right to supplement or amend these responses and document production.

## PRELIMINARY STATEMENT

1. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Plaintiff's requests for production, Defendant does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that he considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3. Defendant will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Defendant.

4. Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1. Defendant objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different

from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Defendant objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to each definition, instruction, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, or any other applicable privilege or protection recognized under federal law. To the extent that any such protected materials are inadvertently disclosed, such disclosure shall not be deemed a waiver of any applicable privilege or protection, pursuant to the applicable rules, including Federal Rule of Evidence 502. For purposes of this production, Defendant is not required to include on any privilege log communications between Defendant and his current or former counsel in the underlying litigation.

4.      Defendant objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiff from Plaintiff's own files or documents that Plaintiff previously produced as part of the ongoing litigation. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendant.

5.      To the extent any of Plaintiff's document requests ("Request" or "Requests") seek documents that include expert material, including but not limited to survey materials, Defendant objects to any such Requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such Requests, and to assert additional objections or

privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

6.  Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that Request. Moreover, Defendant does not waive his right to amend and/or supplement his responses.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1.  Defendant objects to Definition No. 3 regarding "DOCUMENT" or "DOCUMENTS" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

2.  Defendant objects to Definition No. 8 regarding "PLAINTSITE" to the extent that it seeks documents relating to unnamed and unidentified staff and contributing authors. Defendant asserts that this aspect of the definition is vague, overbroad, and not reasonably limited in scope. Furthermore, Plaintiff brings this action in his personal capacity and any such documents relating to "Plainsite" is not relevant to the underlying litigation as Think Computer Corporation, which is the company of which Plainsite operates under, is a separate legal entity and not a party to the underlying litigation.

3.  Defendant objects to Instruction No. 5 regarding the metadata production fields referenced in Appendix 1 to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure and this Court's Local Rules and never agreed to by the parties.

4.  Defendant objects to Instruction No. 10 regarding DOCUMENTS "created,

generated, sent, received, produced, modified, executed, and/or amended between January 1, 2018, and the date of YOUR response" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.1**

All DOCUMENTS that refer to Aaron Greenspan.

> **Answer:** Objection. The Request is overly broad as it seeks "all documents" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The Request also seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to the extent the Request seeks materials protected by the attorney-client privilege and/or work product doctrine.
>
> Subject to and without waiver of the foregoing objections, Defendant answers as follows: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control that refer to "Aaron Greenspan" have either been previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein. These documents include, but are not limited to, the following:
>
> - Court records relating to two criminal harassment actions involving Plaintiff and Defendant.
>
> - Documents concerning communications with any government entity regarding the publication or dissemination of Defendant's personal or private information—including, without limitation, Defendant's date of birth, residential address, or spouse's place of employment—which Defendant contends were published or shared

- by Plaintiff on public forums, including but not limited to Plainsite and Twitter.

- Documents that Defendant contends evidence an ongoing campaign of online harassment targeting Defendant, including but not limited to publications on so-called "gripe sites" and social media platforms, containing derogatory or offensive statements about Defendant and/or members of Defendant's family.

- Documents that include social media posts and third-party websites allegedly authored or influenced by Plaintiff, containing defamatory or offensive content.

- Communications with government officials, to whom Defendant states he submitted information and documentation relating to Plaintiff's conduct.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.2

All DOCUMENTS that refer to PLAINSITE.

**Answer:** Objection. The Request is overly broad and unduly burdensome as it seeks "all documents" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The Request also seeks documents already in Plaintiff's possession, custody, or control. Defendant further objects to the extent the Request seeks materials protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiver of the foregoing objections, Defendant answers as follows: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control that refer to "PLAINSITE" have either been previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein. The production includes, without limitation, documents evidencing Plaintiff's ownership and operational control of Think Computer Corporation—a for-

profit entity that owns and operates the website PlainSite.org—as well as materials reflecting PlainSite's business model of monetizing public access to court records and related legal content concerning members of the general public, including Defendant; documents purporting to demonstrate the continued publication of such content in violation of expungement or sealing orders or otherwise infringing upon individual privacy rights under applicable law; and documents reflecting third-party complaints, criticisms, and concerns regarding the practices of PlainSite and its corporate entity.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO.3

All DOCUMENTS that refer to Omar Qazi.

**Answer:** <u>Objection</u>. The Request is overly broad as it seeks "ALL DOCUMENTS" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent the Request seeks documents that are publicly available and equally accessible to Plaintiff. Additionally, the Request appears to seek documents not reasonably calculated to lead to the discovery of admissible evidence as Omar Qazi is not a party to the underlying litigation.

<u>Subject to and without waiver of the foregoing objections, Defendant answers as follows</u>: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control that refer to "Omar Qazi" have either been previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein. Defendant further contends that he has had no direct

correspondence or communication with Omar Qazi. To the extent any responsive documents exist, they consist primarily of publicly available materials, including, without limitation, court filings relating to the action brought by Plaintiff against Mr. Qazi and in which Plaintiff repeatedly references Defendant by name, as well as online discussion threads and other content authored by third parties—including Mr. Qazi himself—concerning that action and Mr. Qazi's ongoing legal dispute with Plaintiff (*see* Supplemental Production).

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.4**

All DOCUMENTS that refer to Elon Musk.

**Answer:** Objection. The Request is overly broad and unduly burdensome as it seeks "all documents" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent the Request seeks documents that are publicly available and equally accessible to Plaintiff. Additionally, the Request appears to seek documents not reasonably calculated to lead to the discovery of admissible evidence as Elon Musk is not a party to the underlying litigation.

Subject to and without waiver of the foregoing objections, Defendant answers as follows: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control that refer to "Elon Musk" have either been previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein. Defendant further contends that he has (and has had) no

direct correspondence or communication with Elon Musk.  To the extent any responsive documents exist, they consist primarily of publicly available materials, including, without limitation, court filings relating to the action brought by Plaintiff against Mr. Musk, in which Mr. Qazi is also names as a defendant and which Plaintiff repeatedly references Defendant by name (*see* Supplemental Production).

### REQUEST FOR PRODUCTION OF DOCUMENTS NO.5

All DOCUMENTS that refer to Complaints Board.

**Answer:** Objection. The Request is overly broad as it seeks "all documents" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1).  Defendant also objects to the extent the Request seeks documents that are publicly available and equally accessible to Plaintiff.  Additionally, the Request appears to seek documents not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, Defendant answers as follows: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control that refer to "ComplaintsBoard", have either been previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein.  To the extent any responsive documents exist, they consist primarily of publicly available posts and other content published by third parties on the ComplaintsBoard website (*see* Supplemental Production).

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.6**

All e-mail messages to YOU from Twitter, since renamed X.

> **Answer:** <u>Objection</u>. The Request is vague and ambiguous as to the term "e-mail messages," overly broad in temporal and subject matter scope. Defendant further objects on the basis that the Request seeks information not relevant to any party's claim or defense and not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). To the extent the Request seeks automatically generated, generic, or system emails (e.g., password resets, terms of service updates), such materials are neither relevant nor likely to lead to the discovery of admissible evidence.
>
> <u>Subject to and without waiver of the foregoing objections, Defendant answers as follows</u>: Defendant has conducted a reasonable and diligent search, and has no e-mail messages to Defendant from Twitter (now known as X), in his possession, custody, or control. Defendant further asserts that he does not maintain or possess a Twitter/X account.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.7**

All DOCUMENTS that refer to any gripe site.

> **Answer:** <u>Objection</u>. This Request on the grounds that it is vague and ambiguous, including, but not limited to, the undefined term "gripe site." Defendant further objects on the grounds that the Request is overly broad as it seeks "all documents" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent the Request seeks documents that are publicly available and

equally accessible to Plaintiff.

<u>Subject to and without waiver of the foregoing objections, Defendant answers as follows</u>: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control that refer to any so-called "gripe sites." To the extent any responsive documents exist, they consist primarily of publicly available posts, content, and other materials authored by third parties and found on websites such as ComplaintsBoard, some of which were previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein.

### **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8**

All DOCUMENTS to or from any non-judicial federal, state or local government agency regarding any website that aggregates court records, including but not limited to PLAINSITE.

**Answer:** <u>Objection</u>. The Request is overly broad as it seeks "all documents" without limiting the scope to information relevant to any party's claim or defense and proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Defendant also objects to the extent the Request seeks documents that are publicly available and equally accessible to Plaintiff. Additionally, the Request appears to seek documents not reasonably calculated to lead to the discovery of admissible evidence.

<u>Subject to and without waiver of the foregoing objections, Defendant answers as follows</u>: Defendant has conducted a reasonable and diligent search, and all non-privileged, responsive documents in his possession, custody, or control to or from any non-judicial federal, state or local government agency regarding any website that

aggregates court records, including but not limited to PLAINSITE, have either been previously produced or are being produced herewith (*see* Supplemental Production) as part of Defendant's amended and supplemental responses to the Requests set forth herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.9**

All DOCUMENTS reflecting YOUR employment history since 2017.

**Answer:** Objection. This Request is overly broad in scope and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The Request also appears to seek information not reasonably calculated to lead to the discovery of admissible evidence and is not tailored to any specific issue in the litigation as Defendant's employment history is not relevant to the claims or defenses at issue in this matter.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.10**

All DOCUMENTS reflecting YOUR investments in Tesla, Inc. common stock since 2017.

**Answer:** Objection. This Request is overly broad in scope and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). The Request also appears to seek information not reasonably calculated to lead to the discovery of admissible evidence and is not tailored to any specific issue in the litigation as any purported investments in Tesla, Inc. common stock is not relevant to the claims or defenses at issue in this matter.

          Respectfully submitted,
          DIEGO MAS MARQUES,
          By his Attorney,

          */s/ Ashley Andrade*
          _____

          Ashley A. Andrade, Esq.
          ANDRADE LEGAL, LLC
          867 Boylston Street, 5th Floor #1119
          Boston, MA 02116
          BBO# 697189
          Phone: 617.206.1822
          Email: ashley@andrade-legal.com

Dated:  May 20, 2025

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2025, I served the foregoing document on the opposing party by electronic mail.

                                      */s/ Ashley  Andrade*
                                      Ashley A. Andrade, BBO # 697189