UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON JACOB GREENSPAN,

Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

Defendants.

Case No.: 1:23-cv-10134-DJC

### DEFENDANT DIEGO MASMARQUES, JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR PROTECTIVE ORDER

Defendant Diego MasMarques, Jr. ("Defendant"), by and through his undersigned counsel, submits this opposition to the motion for leave to file a motion for protective order made by Plaintiff Aaron Jacob Greenspan ("Plaintiff").

### FACTUAL BACKGROUND

Plaintiff's underlying motion is untimely, meritless, and rife with factual misrepresentations that have become characteristic of his filings. *See* Doc. No. 236. He filed it just before the close of fact discovery on August 29, 2025, and only after his own scheduled deposition on August 19, 2025. Once again, Plaintiff resorts to exaggerated rhetoric, accusing Defendant and his counsel of "deliberate delay" and "play[ing] games," when the actual correspondence demonstrates the opposite: Defendant's counsel attempted in good faith to reach a reasonable resolution to avoid unnecessary motion practice, while Plaintiff refused to act cooperatively.

Between August 15 and 18, 2025 (not "the one week" Plaintiff misstates in his motion), the parties engaged in negotiations regarding Plaintiff's refusal to produce certain documents

1

responsive to Defendant's Rule 30(b)(2) deposition notice and three related document requests. These included requests for copies of the postings and statements that Plaintiff attributes to Defendant as "libelous"—allegations that have persisted for years without competent evidence (and which Defendant denies).

To avoid further motion practice and keep discovery on track, Defendant's counsel—with the Defendant's agreement—proposed a narrow, balanced stipulation: Plaintiff could designate as "*Attorneys' Eyes Only*" those postings and materials he deemed "pornographic" or "extremely disturbing", with Defendant's counsel agreeing to redact pornographic images, names and identifiers of family members and private individuals, personal contact information (e.g., phone numbers and private emails), and other sensitive identifiers such as home addresses, places of worship, and healthcare providers before sharing the materials with Defendant. The defense further proposed that the parties agree to a general stipulation where these categories of information be redacted from public filings, with unredacted versions filed under seal, so that the personal information, of colleagues, friends, and family members who are private nonparties would not be unnecessarily placed on the public docket.

Defendant also made one central and reasonable condition: that references to sealed or expunged matters—including any convictions that have been expunged and criminal complaints covered by a valid expungement order—not be filed on the public docket, but instead be redacted from public filings and, if necessary, filed only under seal. This request was entirely consistent with Massachusetts law, which treats expunged and sealed matters as though they never occurred, and with Rule 26(c), which is designed to protect against "annoyance, embarrassment, oppression, or undue burden." Plaintiff rejected this condition outright, dismissed it as "silly," and refused to enter into the stipulation. After Plaintiff's rejection, Defendant's counsel made

clear there was no agreement and reminded Plaintiff that, absent a protective order entered by the Court, Plaintiff remained obligated under Rules 26, 30, and 34 to produce responsive documents unredacted.

## **ARGUMENTS**

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending....The [C]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1).  A showing of good cause is required to justify any protective order." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).  However, that burden rests on the moving party.  *Id*. at 8.

To show good cause, the party seeking the protective order must demonstrate a particular need for protection; "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986).  *See, e.g., United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").  Moreover, the harm must be significant, not a mere trifle. *See, e.g., Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (refusing protective order where proponent's only argument in its favor was the broad allegations that the disclosure of certain information would "injure the bank in the industry and local community"). *Citytrust v. Joy*, 460 U.S. 1051, 75 L. Ed. 2d 930, 103 S. Ct. 1498 (1983).  Plaintiff has not come close to meeting this standard, nor does he even attempt it.

As an initial matter, the documents at issue are not subject to any privilege, nor are they deemed trade secrets or confidential records. They are third-party postings from various public

3

websites, including Twitter (now X), Complaints Board, Blacklist Report.  Now, having put these very materials at the center of his defamation allegations, Plaintiff attempts to shield them wholesale from discovery and public scrutiny by demanding a blanket protective order to prevent them from "reappearing" online, even though many were and likely still are publicly accessible and thus cannot, by definition, be "confidential".

Plaintiff claims generalized "sensitiv[ity]" but fails to demonstrate any specific harm that outweighs the fundamental presumption of public access to judicial records.  *See Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).  His unilateral designations of materials as "*Attorneys' Eyes Only*" or "*Confidential*" also have no force absent a Court order or stipulation, and do not substitute for the showing of good cause required under Rule 26(c).  *See* Doc. Nos. 227–228.

By contrast, it was reasonable for Defendant to request that sealed or expunged records not be placed on the public docket but instead filed under seal if necessary.  Plaintiff rejected this reasonable and legally appropriate condition, confirming that his true aim is not to protect legitimate privacy interests, but to obstruct discovery and continue to harass the Defendant.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Honorable Court deny Plaintiff's motion for leave in its entirety.

Respectfully submitted,

DEFENDANT, DIEGO MASMARQUES, JR.,

By his Attorney,

*/s/ Ashley A. Andrade*

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

Dated:  September 5, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on September 5, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ashley A. Andrade*

Ashley A. Andrade
BBO # 697189