UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>    v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE ECF NO. 240

Plaintiff respectfully requests that this Court grant leave to file a motion to strike ECF No. 240 from the record as untimely. Plaintiff filed his Motion for Leave To File Motion for Protective Order on August 20, 2025. ECF No. 236. Defendant MasMarques filed his opposition—containing false and misleading statements as per usual, ***including but not limited to the false filing date in the Certificate of Service***—on September 6, 2025, seventeen (17) days later. ECF No. 240. Civil Local Rule 7-1(b)(2) states in relevant part, "A party opposing a motion shall file an opposition within 14 days after the motion is served, unless (1) the motion is for summary judgment, in which case the opposition shall be filed within 21 days after the motion is served, or (2) another period is fixed by rule or statute, or by order of the court." Neither exception applies here.

This particular late filing (in which opposing counsel attempts to fool the Court into thinking it was filed less late than it was) appeared on the docket after years of late filings from

1

Defendant MasMarques, about which his latest counsel has been repeatedly warned.  *See*, *e.g.*, ECF No. 237 at 4, ECF No. 212 at 2, ECF No. 193 at 11.  "With no showing of 'good cause,' the late filing is not excusable."  *Pena Real Estate Investments, LLC v. One Hardt, LLC et al*, Case No. 1:22-cv-11544-IT (D. Mass. December 20, 2023).  If Defendant MasMarques, whose criminal conviction underlies the claims at issue in this action, can file whatever he wants on the docket whenever he wants, even with a docket control order already in place, and especially if his lawyer can then simply lie about it, there is no point to having a rule-based system of laws.  Plaintiff is prejudiced by having to constantly worry that he will be required to respond to Defendant MasMarques's latest fabrications and/or lies at any time, and requests that he be permitted to motion to strike any such filing (*see*, *e.g.*, ECF Nos. 28, 34, 143 struck in whole or in part by ECF Nos. 41, 77, 148), or that the Court intervene to enforce the Rules *sua sponte*.

Dated: September 7, 2025             Respectfully submitted,

*/s/ Aaron Greenspan*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

Plaintiff conferred with counsel for Defendant Diego MasMarques, Jr. regarding this motion, who did not assent to its filing.

*/s/ Aaron Greenspan*
Aaron Greenspan

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 7, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

                                                                     */s/ Aaron Greenspan*
                                                                       Aaron Greenspan