UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AARON GREENSPAN,<br><br>    Plaintiff,<br><br>v.<br><br>DIEGO MASMARQUES JR., et. al.<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Diego MasMarques, Jr. ("Defendant") respectfully submits the following opposition to Plaintiff Aaron Greenspan's ("Greenspan") Motion to Compel:

### I. RELEVANT BACKGROUND

1. On July 8, 2025, this Court granted in part Plaintiff's initial motion to compel and directed Defendant to provide discovery responses by July 22, 2025. *See* Doc. No. 200.

2. On or about June 18, 2025, written fact discovery closed in this action.

3. On July 22, 2025, in accordance with the Court's July 8, 2025 Order, Defendant served his amended answer to Interrogatory No. 13, responses to Plaintiff's Second Set of Interrogatories, and completed his document production. In her accompanying email, Defendant's counsel noted that Plaintiff's interrogatories exceeded the 25-interrogatory limit under FRCP Rule 33, without leave of Court, and accordingly no responses would be provided to Interrogatories 26 through 30. About ninety minutes later, Plaintiff replied by email, summarily declaring Defendant's discovery responses to be "nonresponsive" and "deficient"—without

1

offering any explanation or identifying specific objections.[1]  In response, and in a good faith effort to avoid unnecessary motion practice, defense counsel asked Plaintiff to specifically identify which discovery responses he believed were "deficient" or "nonresponsive" and to "explain what [he] believes is lacking."

4.  On July 23, 2025, Plaintiff sent Defendant a list of 15 purported "deficiencies" in Defendant's discovery production.[2]  In response, Defendant's counsel addressed each item in turn, providing detailed explanations and clarification.  Defendant's counsel also provided a detailed description of the scope of her in-person review of Defendant's devices.

5.  On July 25, 2025, after confirming that certain redacted personal information had already been disclosed in public filings, Defendant's counsel—acting in good faith and to avoid unnecessary motion practice—reissued Defendant's document production with those redactions removed.  At 3:38 p.m. that same day, a copy of the updated document production was sent to Plaintiff via Dropbox, along with redaction and privilege logs and a supplemental response to Interrogatory No. 10.[3]

---

[1] Plaintiff further informed defense counsel of his intention to file various motions—including a motion to quash his scheduled deposition, motion to extend the discovery deadline for issuing FRCP Rule 45 subpoenas, motion for sanctions, a renewed motion to compel, and a "motion to amend" (without specifying what he sought to amend).

[2] Most of the alleged "deficiencies" identified by Plaintiff are based on pure speculation regarding documents he merely *assumes* must exist and, therefore, must be in Defendant's possession, rather than any actual discovery obligation under Rule 34.  Plaintiff also broadly objected to all redactions in Defendant's production, despite defense counsel explaining—and documenting via redaction and privilege logs—that only a limited number of redactions were made by the defense. Most redactions appeared in documents as originally received and related to other matters involving the parties, such as public records obtained through FOIA requests to the Marlborough Mayor's Office and filings from unrelated legal proceedings.

[3] The supplemental response included an old email address last used in 2018, which Defendant had previously forgotten existed.

6. At approximately 4:25 p.m. on July 25, 2025—and just one hour after Defendant, in good faith, had further supplemented his document production— Plaintiff filed a motion for leave to submit his second—and third attempted— motion to compel as well as motion to quash[4] his scheduled deposition. *See* Doc. 213.

7. On or about August 14, 2025, this Court granted Plaintiff's leave to file a second motion to compel. *See* Doc. 234. Nine days later, on or about August 25, 2025, Plaintiff filed the underlying motion to compel. *See* Doc. 237.

8. Fact Discovery closed on August 29, 2025.

## ARGUMENTS

### A. PLAINTIFF'S MOTION TO COMPEL IS UNTIMELY AND MUST BE DENIED.

Even setting aside the deficiencies on the merits, Plaintiff's motion is untimely. The Court granted leave to file a motion to compel on August 14, 2025, yet Plaintiff waited until August 25, 2025 to file—eleven days later and only four days before the close of fact discovery on August 29, 2025.

By waiting until the eleventh hour, Plaintiff has effectively sought to expand discovery— which he previously informed Defendant's counsel that he intended to do—by motion practice, without ever moving to extend the Court's deadlines. His lack of diligence, combined with the prejudice to Defendant, warrants denial of the motion. Plaintiff's filing is nothing more than an

---

[4] On August 12, 2025, the Court denied Plaintiff's motion to quash his deposition. *See* Doc. 232. Plaintiff appeared for his deposition in Boston, Massachusetts, on August 19, 2025. The following day, on August 20, 2025, Plaintiff sought a protective order concerning documents he had been required to produce pursuant to the deposition notice and related requests. Defendant has not filed a motion to compel those documents at this time but expressly reserves all rights to do so.

attempt to reopen discovery through the back door and burden Defendant with additional, unnecessary costs.

### B. DEFENDANT'S OBJECTIONS WERE PROPERLY PRESERVED AND NOT WAIVED.

Plaintiff's assertion that Defendant "waived all objections" by allegedly serving "persistently untimely" responses is unfounded. Defendant timely asserted objections in accordance with the Federal Rules of Civil Procedure, and those objections remain preserved unless expressly withdrawn or overruled by this Court.  None of which has happened.  Plaintiff identifies no relevant authority, nor any order of this Court, that would convert his dissatisfaction with the timing of responses into a blanket waiver of all objections.  His argument is nothing more than an attempt to rewrite the Federal Rules to his own advantage.

### C.  DEFENDANT HAS SUBSTANTIALLY COMPLIED WITH HIS DISCOVERY OBLIGATIONS AND WITH THIS COURT'S ORDER.

Plaintiff's claim that Defendant and his counsel "willfully failed" to supplement and/or respond to document requests or interrogatories is unfounded and misrepresents the record. Plaintiff must offer more than speculation or conjecture—he needs to present at least some reliable information that Defendant's representations are misleading or substantively inaccurate. *Rivera v. Costco Wholesale Corp.*, 2025 U.S. Dist. LEXIS 13216, *4-5 (D.P.R. Jan. 24, 2025). For each purported issue, Defendant's counsel has already provided reasonable, good-faith explanations directly to Plaintiff. Rather than accept those explanations or pursue the proper remedy of questioning Defendant at deposition, Plaintiff instead levels baseless accusations of misconduct against both Defendant and his counsel—an approach that falls far short of Rule 37's standards.

As an initial matter, Plaintiff fails to explain in his 30 pages why the Defendants' responses were deficient under the Federal Rules of Civil Procedure or how the discovery he seeks would influence the outcome of the instant motion.

Second, Defendant has already produced all non-privileged documents, in his current possession, custody, and/or control responsive to plaintiff's requests, and has acted in good faith to meet his obligations under the Federal Rules of Civil Procedure.

In fact—and as already previously explained to Plaintiff--Defendant's counsel met with Defendant in person and conducted a thorough review of his electronic devices. Defendant's counsel confirmed there were no social media applications (including X), related installers, or saved login credentials on either his iPhone or laptop, including within web browsers. Defendant's counsel also searched for responsive materials, including emails from accounts actively logged in during the review. With respect to other known email accounts, counsel instructed Defendant to re-review those accounts for information relating to Plaintiff to ensure completeness; Defendant complied and confirmed that all responsive materials were identified and collected for production. Defendant's counsel also inquired about external storage devices, and Defendant identified a flash drive, which he searched, and responsive materials from that device were also produced.

Third, to the extent that Plaintiff deems several documents were "produced in incomplete or improper form" (specifically, Document Def-P2_000371, Documents Def-P2_000381-000384, and Document Def-P2_0003665), Defendant produced those documents as they were found in his possession. Neither Defendant nor his counsel redacted or altered these materials in any way. Defendant's counsel had already provided Plaintiff with detailed privilege and

redaction logs explaining which of any documents had been redacted by Defendant and provided an explanation as to the remaining produced documents containing redactions.

Fourth, Defendant is not required to respond to more than 25 interrogatories without leave of Court. No such leave was ever sought by Plaintiff. Plaintiff cannot unilaterally expand the limits established by Rule 33.

Fifth, Plaintiff's speculation that additional documents "should" exist, and if not produced then it is due to some nefarious intent by Defendant and his counsel, is insufficient to justify a motion to compel. Plaintiff's dissatisfaction with the content of the responses does not transform them into a discovery violation. Nor is Plaintiff's request for the appointment of a neutral technical expert to examine Defendant's devices supported by good cause. *See Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005) (declining to appoint expert in computer forensics to help confirm speculative conjecture that certain email exists). *See also La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 172 (D. Del. 1973) (refusing to compel production where defendant avers that it has produced all responsive documents in its possession). Here, Plaintiff has provided no reliable or competent information to show that Defendants' representations are misleading or substantively inaccurate.

Finally, Plaintiff's accusation that Defendant and his counsel engaged in a "cover up" is wholly inappropriate and unsupported. The Federal Rules provided Plaintiff a proper mechanism to test the sufficiency of Defendant's responses: he could have deposed Defendant and asked about them directly. Plaintiff chose not to do so, and instead resorts to baseless accusations in meritless motion filings.

D.  **PLAINTIFF'S REQUESTS TO DEEM DEFENDANT "LIABLE" FOR CERTAIN ACCOUNTS AND TO IMPOSE SPOLIATION SANCTIONS ARE PROCEDURALLY IMPROPER AND UNSUPPORTED UNDER RULE 37.**

Plaintiff's request that the Court formally declare Defendant "liable" for activity associated with certain email or social media accounts is procedurally improper. The Federal Rules do not permit liability findings on a discovery motion. Rule 37 provides for limited remedies—such as compelling production or awarding fees—not summary adjudications of substantive claims. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (holding sanctions must be narrowly tailored to remedy the discovery violation, not a substitute for summary adjudication). Plaintiff's request is nothing more than an attempted end-run around Rule 56's standards for summary judgment—which Plaintiff plainly cannot satisfy. Further, the Marlborough District Court has already dismissed and later expunged a criminal complaint based on some of these very allegations about some of these same accounts, expressly finding that some of the accounts referenced were could not be attributed to Defendant.

Equally flawed is Plaintiff's demand for spoliation sanctions. Rule 37(e) requires proof that (1) electronically stored information that should have been preserved in the anticipation or conduct of litigation was lost, (2) the loss was due to a party's failure to take reasonable steps, and (3) the lost information cannot be restored or replaced. Only upon such a showing may a Court impose sanctions, and severe sanctions like adverse inference require a finding of intent to deprive. Plaintiff has made no such showing. *See Hardy v. UPS Ground Freight, Inc.*, 3:17-cv-30162-MGM, 2019 U.S. Dist. LEXIS 121277, *15 (D. Mass. July 22, 2019) (rejecting sanctions where no showing of intent or duty to preserve was made).

No litigation hold letter was ever issued to Defendant, nor was there any ongoing litigation between the parties prior to this case that would have triggered such obligations. Plaintiff points only to speculation and a routine trade-in of a desktop computer years before this action began. That is not evidence of spoliation. *Hardy*, 2019 U.S. Dist. LEXIS 121277, *4-5.

Moreover, if Plaintiff truly believed Defendant's preservation was deficient, the proper course was to explore that issue in deposition under Rules 30 and 33. Plaintiff chose not to depose Defendant before discovery closed and now substitutes unsupported accusations of a "cover up" for actual evidence. That approach falls far short of Rule 37's requirements and cannot justify the extreme sanctions Plaintiff seeks.

### E.   PLAINTIFF'S MOTION IS HARASSING, DUPLICATIVE, AND SHOULD BE DENIED IN ITS ENTIRETY.

Defendant has been forced to expend substantial time, resources, and attorneys' fees responding to Plaintiff's duplicative and meritless filings. Plaintiff has further compounded the burden by attaching the entirety of Defendant's discovery responses as exhibits to his motions—an unnecessary tactic that serves no legitimate purpose but to harass Defendant.

### CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to compel should be denied in its entirety and this Court should award Defendant his reasonable expenses, including attorneys' fees, incurred in responding to this baseless filing. Rule 37 of the Federal Rules of Civil Procedure provides in relevant part that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees", unless the Court finds that "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Respectfully submitted,

DEFENDANT, DIEGO MASMARQUES, JR.,

By his Attorney,

/s/ Ashley A. Andrade
_____

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822
Email: ashley@andrade-legal.com

Dated: September 8, 2025

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on September 8, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Ashley A. Andrade
_____

Ashley A. Andrade
BBO # 697189