UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE ECF NO. 242

Plaintiff respectfully requests that this Court grant leave to file a motion to strike ECF No. 242 (in conjunction with a motion to strike ECF No. 240) from the record under Federal Rule of Civil Procedure 12(f), and as untimely. In ECF No. 242, his opposition to Plaintiff's Second Motion to Compel Discovery Responses from Defendant Diego MasMarques, Jr. and Impose Rule 37 Sanctions (ECF No. 237), Defendant MasMarques makes several false, impertinent, and scandalous statements to the Court that impugn Plaintiff's integrity. Furthermore, ECF No. 242 was filed late, just days after another similarly late filing.

Apparently not content with the number of false statements they have already made to the Court, Defendant MasMarques and his latest counsel, Attorney Ashley Andrade, use ECF No. 242 to add more. On page 1, in paragraph 2, it is false that "written fact discovery closed in this action" on "June 18, 2025." In fact, written fact discovery closed on June 20, 2025. ECF No. 170. Plaintiff previously warned Attorney Andrade about this falsehood in ECF No. 223 at 2.

1

On page 2, in footnote 2, it is false that Plaintiff relied on "pure speculation regarding documents he merely *assumes* must exist." Plaintiff personally designed the software systems that generated some of the documents that are in Defendant MasMarques's possession, custody or control, and is familiar enough with other similar software systems to know that they generated documents in Defendant MasMarques's possession, custody or control. By calling Plaintiff's logical reasoning an assumption, Defendant MasMarques appears to question whether mathematics and physical principles, such as gravity, still operate on this planet. They do.

On page 3, it is false that "Plaintiff's motion [to compel] is untimely." Defendant MasMarques cites no statute, no rule, and no deadline to support this fabrication. ECF No. 234, dated August 14, 2025, which authorized the filing of ECF No. 237, did not specify any timeframe by which the motion was required to be filed, and Defendant MasMarques admits that it was filed well before the close of fact discovery. It is also categorically false that Plaintiff exhibited a "lack of diligence," given that Attorney Andrade well knows that she (1) sandbagged Plaintiff with demands for thousands of pages of documents covering years of events, *months after the close of written discovery*, in violation of Federal Rule of Civil Procedure 34 and just days before forcing him to fly cross-country for his August 19, 2025 deposition; (2) was stringing Plaintiff along regarding a hypothetical protective order with one patently absurd condition until the day of the deposition itself; and (3) ultimately did not even attempt to respond to the extraordinarily detailed and heavily substantiated allegations in Plaintiff's motion, which took years of due diligence to compile in aggregate, and which Defendant MasMarques has now admitted to by waiver. It is also false that Plaintiff has in any way "sought to expand discovery." The requests in Plaintiff's second motion to compel are the much same that arose from Plaintiff's first motion, the Court's Order on which *Defendant MasMarques and his counsel defied*.

On page 4, it is obviously false that Defendant MasMarques "timely asserted objections" to Plaintiff's discovery requests, and it is also false that Plaintiff "identifie[d] no relevant authority." Plaintiff identified at least *four* relevant authorities in the motion, all from this Court or the United States Court of Appeals for the First Circuit, the rulings of which are binding on this Court. Therefore, the phrase "nor any order of this Court" is also false.

It is further false that Plaintiff offered only "speculation or conjecture." Attorney Andrade herself admits that Plaintiff attached discovery documents to his motion, as required by the Court at ECF No. 234 and by Civil Local Rule 37.1(b)(4) ("The memorandum shall state with particularity the following: (4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, *and the response thereto*" (emphasis added)). Yet the way in which she makes this admission is also false. On page 8, Defendant MasMarques claims that "Plaintiff has further compounded the burden by attaching *the entirety* of Defendant's discovery responses as exhibits to his motions—an unnecessary tactic that serves no legitimate purpose but to harass Defendant" (emphasis added). Aside from being an admission that Attorney Andrade is not familiar with this Court's Civil Local Rules or apparently even its orders in this very action, it is a false statement of fact that Plaintiff attached "the entirety of Defendant's discovery responses." As Plaintiff's motion states, "the entirety" of just what Attorney Andrade called "Part 2" of those responses would have been "636 pages of partially-redacted documents." Plaintiff attached 35 pages in Exhibit 10 (ECF No. 237-10), or just 5.5% of "Part 2" of Defendant MasMarques's responses—and none of Part 1. Each and every one of those documents was cited somewhere in Plaintiff's motion, and Plaintiff was *required* to attach them by order and by rule of this Court.

On page 5, given the above, it is obviously false that Defendant has acted "in good faith."

3

It is also false that "Defendant produced those [modified] documents as they were found in his possession," because this is impossible. Many of the documents, such as Def-P2_000371 (ECF No. 237-10 at 30) *contain footers proving that the document originated from Defendant MasMarques's ProtonMail e-mail account*, which means that he could have provided the document in native format with no redactions. Defendant MasMarques did not "find" the e-mail in his inbox with redactions from permanent markers. It therefore cannot be true that "Neither Defendant nor his counsel redacted or altered these materials in any way." The same is true for Document Def-P2_000366 (erroneously referred to in ECF No. 242 as "Document Def-P2_0003665"). The lies he and his counsel are putting before the Court are not just false, and are not just sanctionable—they're preposterous to the point of being "scandalous" under Rule 12(f).

On page 6, it is false that "Plaintiff has provided no reliable or competent information to show that Defendants' representations are misleading or substantively inaccurate."

On page 7, it is false that "No litigation hold letter was ever issued to Defendant, nor was there any ongoing litigation between the parties prior to this case that would have triggered such obligations." Plaintiff applied for a restraining order against Defendant MasMarques in California on April 4, 2018. Defendant MasMarques was criminally charged in Massachusetts on November 28, 2018. Defendant MasMarques filed an application for criminal charges against Plaintiff in Massachusetts on April 8, 2019. He then filed a civil action against Plaintiff in Massachusetts state court on July 29, 2019. He then appealed his loss in the restraining order action in California on February 4, 2020. Thus, throughout 2018, 2019, 2020, and most of 2021, there were ongoing civil and/or criminal actions directly involving Plaintiff and Defendant MasMarques. On January 20, 2023, this litigation began. Defendant MasMarques destroyed evidence knowing that he was obligated to preserve it for use in at least four legal proceedings.

On top of the preceding four pages of lies, Attorney Andrade once again submitted a false Certificate of Service with her filing in ECF No. 242, which claims that it was filed electronically on "September 8, 2025," when the PACER header clearly shows otherwise. By waiting until *the literal last minute* to file, after having been warned time and time again, she missed the deadline. This would be excusable were it not part of an undeniable pattern.

As Plaintiff also wrote days ago, "With no showing of 'good cause,' the late filing is not excusable." *Pena Real Estate Investments, LLC v. One Hardt, LLC et al*, Case No. 1:22-cv-11544-IT (D. Mass. December 20, 2023). If Defendant MasMarques, whose criminal conviction underlies the claims at issue in this action, can file whatever he wants on the docket whenever he wants, even with a docket control order already in place, and especially if his lawyer can then simply lie about it, there is no point to having a rule-based system of laws. Plaintiff is prejudiced by having to constantly worry that he will be required to respond to Defendant MasMarques's latest fabrications and/or lies at any time, and requests that he be permitted to motion to strike any such filing (*see, e.g.*, ECF Nos. 28, 34, 143 struck in whole or in part by ECF Nos. 41, 77, 148), or that the Court intervene to enforce the Rules *sua sponte* given the undeniable pattern of violations by Defendant MasMarques and his counsel.

Dated: September 9, 2025            Respectfully submitted,

                                                             */s/ Aaron Greenspan*
Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

## **CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

Plaintiff conferred with counsel for Defendant Diego MasMarques, Jr. regarding this motion, who did not assent to its filing.

_____
Aaron Greenspan

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

Aaron Greenspan