UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

Defendants.

Case No.: 1:23-cv-10134-DJC

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION TO STRIKE ECF NO. 242**

Defendant Diego MasMarques, Jr. ("Defendant") respectfully submits this opposition to Plaintiff Aaron Greenspan's ("Plaintiff") Motion for Leave to File a Motion to Strike ECF No. 242 ("Motion"). *See* Doc. No. 243.

As an initial matter, motions to strike are made pursuant to Rule 12(f), which provides that a "court may order stricken from any ***pleading*** any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a), however, explicitly excludes everything other than a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or a third-party answer from its definition of a "pleading". Rule 12(f) applies only to pleadings. *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997) (noting that Rule 12(f) has no applicability to motions made in pursuit of or in opposition to summary judgment). Defendant's opposition to Plaintiff's motion to compel is not a pleading. *See, e.g.,* Doc. Nos. 237, 242. Consequently, Rule 12(f) is inapplicable and Plaintiff's Motion should be denied on this basis alone.

1

Even if Rule 12(f) were applicable, Plaintiff fails to meet his high bar. "Scandalous matter constitutes statements that 'improperly cast[ ] a derogatory light on someone.'" *Carney v. Town of Weare*, Civil No. 15-cv-291-LM, 2016 U.S. Dist. LEXIS 8809, 2016 WL 320128, at *5 (D.N.H. Jan. 26, 2016) (citation omitted). "As to scandalous matter, 'it is ***not enough that the matter offends the sensibilities of the objecting party*** if the challenged allegations describe acts or events that are relevant to the action.'" *Autila v. Mass. Bay Transp. Auth.*, 342 F.R.D. 23, 31 (D. Mass. 2022) (*quoting In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)) (emphasis added). Moreover, motions to strike are "rarely granted absent a showing of prejudice to the moving party." *Wilmington Tr., Nat'l Ass'n v. Howe*, Docket No. 2:21-cv-00278-NT, 2022 U.S. Dist. LEXIS 86616, 2022 WL 1522247, at *4 (D. Me. May 13, 2022); *accord Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (finding motions to strike "disfavored in practice"); *see, e.g., Fraser v. Prudential Ins. Co. of Am.*, Civil Action No. 14-14161-GAO, 2018 WL 1940008, at *3 (D. Mass. Feb. 2, 2018) (denying motion to strike because movant did not show "how it was harmed or otherwise prejudiced").

Here, Plaintiff contends that Defendant made "false, impertinent, and scandalous statements" that "impugn Plaintiff's integrity," reciting various perceived offenses—such as, *inter alia,* describing Plaintiff's evidence as "pure speculation" or stating Defendant acted in "good faith." *See* Doc. No. 243, pp. 1-3. Plaintiff asserts that "[b]y calling Plaintiff's logical reasoning an assumption, Defendant MasMarques appears to question whether mathematics and physical principles, such as gravity, still operate on this planet." *Id.*, at p. 1. Defendant has never questioned mathematics or the laws of physics; rather, he disputes the unsupported reasoning on which Plaintiff's claims rely. These are legal arguments, not scandalous attacks.

Plaintiff also offers no evidence of prejudice—only the conclusory assertion that he is "prejudiced by having to constantly worry that he will be required to respond to Defendant's latest fabrications and/or lies." *Id.*, at p. 5. Such vague grievances do not satisfy Rule 12(f). *Hayes* v. McGee, No. 10-40095-FDS, 2011 U.S. Dist. LEXIS 1485, *7, 2011 WL 39341 (D. Mass. Jan. 6, 2011) (reasoning motions to strike are disfavored and typically require a "gross violation" of Rule 8's pleading requirements).

Because Plaintiff fails to meet the heavy burden Rule 12(f) imposes, this Honorable Court should deny Plaintiff's Motion. Defendant further requests that the Court award Defendant the reasonable attorney's fees and costs incurred in responding to this motion, pursuant to the Court's inherent authority, as Plaintiff's Motion is frivolous.

    Respectfully submitted,

    DEFENDANT, DIEGO MASMARQUES, JR.,

    By his Attorney,

    */s/ Ashley A. Andrade*
    _____
    Ashley A. Andrade, Esq.
    ANDRADE LEGAL, LLC
    867 Boylston Street, 5th Floor #1119
    Boston, MA 02116
    BBO# 697189
    Phone: 617.206.1822
    Email: ashley@andrade-legal.com

Dated: September 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed electronically on September 23, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Ashley A. Andrade

Ashley A. Andrade
BBO # 697189

4