UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION IN EXCESS OF TWENTY PAGES**

**I.    INTRODUCTION**

Defendant Diego MasMarques, Jr. appears to be attempting to employ a creative strategy: by front-running the Court's pending decisions on Plaintiff's subpoena to non-party X Corp. (ECF No. 235) and Plaintiff's second motion to compel (ECF No. 237), he hopes to prematurely advance his position while key evidentiary issues remain unresolved.  The Court should deny this bad-faith request.

**II.   ARGUMENT**

    **A.    Defendant MasMarques Does Not Require Twenty or More Excess Pages**

Defendant MasMarques does not require twenty (20) or more excess pages for his summary judgment brief.  As his counsel is well aware, there is no limit to the number of pages for the documents that will presumably be attached to the brief: Defendant MasMarques's

declaration and the separate statement of purportedly uncontested facts.  Defendant MasMarques is free to include as many facts as he can marshal in those documents.  Ultimately, the legal argument synthesizing those facts should not require twice as much room as the Court has found fit for a typical lawsuit.  The standard 20-page limit has proven sufficient for countless complex cases in this District, including those with far more causes of action and longer discovery periods than this matter.  Plaintiff's willingness to consent to an additional ten (10) pages was already generous and provides substantial additional space beyond the standard limit.  Defendant MasMarques does not cite a single authority justifying his request.  Nor does Defendant MasMarques's motion identify any way in which this lawsuit is atypical.  Long-running disputes between parties are common, and the fact that there are six active causes of action is quite standard.

      **B.**    **Defendant MasMarques Should Not Be Permitted To Front-Run The Court's Decisions**

The Court set out a Scheduling Order that properly put discovery before dispositive motions because it is a waste of the parties' and the Court's time to adjudicate dispositive motions when discovery is incomplete.  Here, although discovery is closed, there are still two timely discovery motions pending.  Yet on October 3, 2025, Attorney Andrade wrote to Plaintiff by e-mail, "We'll be filing our motion for summary judgment next week," referring to this week, when she also believed, "With the government shutdown, the Court's calendar may slow down…so rulings could be delayed further…"  The Court should require Defendant MasMarques to wait until ECF Nos. 235 and 237 are resolved before filing his summary judgment motion, so that he cannot later claim that he was denied due process.  Alternatively, the Court should ensure that Defendant MasMarques understands that he will be waiving his right to contest evidence that could be produced after his summary judgment motion is filed.

## III. CONCLUSION

The Court should deny Defendant MasMarques's motion and require all summary judgment motions to be filed after the full resolution of ECF Nos. 235 and 237. However, if the Court agrees to an additional ten pages for Defendant MasMarques, Plaintiff should be granted the same accommodation.


Dated: October 7, 2025                Respectfully submitted,


                                      Aaron Greenspan, *pro se*
                                      440 N. Barranca Avenue #6720
                                      Covina, CA 91723
                                      Phone: +1 415 670 9350 x101
                                      E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_____
Aaron Greenspan