UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON GREENSPAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 23-10134-DJC |
| v. ) | |
| ) | |
| DIEGO MASMARQUES, ) | |
| ) | |
| Defendant. ) | |

ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL
[Docket No. 237]

October 31, 2025

Boal, M.J.

Pro se Plaintiff Aaron Greenspan moves to compel documents and interrogatory responses from Defendant Diego MasMarques.  Docket No. 237.  For the following reasons, I grant in part and deny in part the motion.[1]

I.    FACTUAL AND PROCEDURAL BACKGROUND

Greenspan owns and operates Think Computer Corporation, a software company that operates PlainSite, a website that provides free access to court documents and other public records.  Docket No. 54 ¶ 2.  PlainSite published information regarding MasMarques' alleged criminal history.  See id. ¶ 37.  Since 2016, MasMarques has allegedly sought the removal of his criminal records from PlainSite, which Greenspan refused.  Id. ¶¶ 36-41.  Thereafter, Greenspan alleges that MasMarques, among other actions, sent him threatening emails, harassed him and his

---

[1]  On February 12, 2025, Chief Judge Casper referred this case to the undersigned for full pretrial management.  Docket No. 152.

family, made defamatory posts, and filed false complaints about Greenspan.  See, e.g., id. ¶¶ 46, 50-53, 55-56, 115, 132-33.  Greenspan has brought claims, including libel, abuse of process, civil conspiracy, and malicious prosecution, against MasMarques.  See, e.g., id. ¶¶ 96-109, 129-148, 183-196.

Greenspan served his first set of document requests on February 12, 2025, and his first set of interrogatories on April 18, 2025.  Docket Nos. 179 at 5-6.  At a scheduling conference, this Court ordered MasMarques to respond to the document requests by May 8, 2025.  See Docket Nos. 169; 173.  On April 17, 2025, MasMarques' prior counsel provided document responses, which Greenspan argued were insufficient.  Docket Nos. 179 at 5-6; 181 at 1-2.  Subsequently, Greenspan filed his first motion to compel on May 21, 2025.  Docket No. 179.

On May 23, 2025, MasMarques served interrogatory responses.  Docket No. 189 at 3.  After conferral, MasMarques supplemented his document production.  Docket No. 181 at 3.  On May 24, 2025, he also provided amended interrogatory responses.  Id.; Docket No. 189 at 3.  MasMarques bifurcated the production of documents, turning over the first part of the production but arguing that a protective order was needed prior to the disclosure of the remaining documents.  Docket No. 181 at 3.

On July 8, 2025, this Court granted in part and denied in part the first motion to compel.  Docket No. 200.  Specifically, this Court ordered MasMarques' counsel to, among other things, confer with her client and supplement the responses as appropriate with respect to Interrogatory Nos. 6, 9, 10, and 12.  Id.  This Court further ordered MasMarques to answer Interrogatory No. 13 but denied the motion with respect to Interrogatory Nos. 14-19 as those requests did not seek relevant information or were otherwise improper.  Id.  This Court also denied MasMarques' request for a protective order at that time.  Id. at 5-6.

On July 22 and 25, 2025, MasMarques supplemented his responses to Interrogatory Nos. 13 and 10, respectively.  Docket Nos. 237-4; 237-6.  On July 22, 2025, MasMarques answered Greenspan's second set of interrogatories, namely Interrogatory Nos. 20-30.  Docket No. 237-5.  For Interrogatory Nos. 26-30, MasMarques objected on the ground these interrogatories "exceed[ed] the numerical limit set forth in Fed. R. Civ. P. 33(a)(1)" and declined to respond.  Id. at 9-11.

On August 25, 2025, Greenspan filed his second motion to compel.  Docket No. 237.  MasMarques filed an opposition.  Docket No. 242.

II.     ANALYSIS

A.     Standard of Review[2]

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit."  Id.

---

[2]  As a threshold matter, Greenspan argues that MasMarques' untimely objections to his discovery requests constitute a waiver.  Docket No. 237 at 8.  MasMarques does not dispute that the objections were untimely.  See Docket No. 242.  Pursuant to Rules 33(b)(4) and 34(b) of the Federal Rules of Civil Procedure, "a party's failure to timely object to discovery requests may be deemed a waiver of any objections to those requests."  Hamelin v. Kinder Morgan, Inc., No. 3:21-cv-30054-MGM, 2022 WL 17752133, at *3 (D. Mass. Dec. 19, 2022).  Whether, however, objections have been waived is within the trial court's discretion.  Bonner v. Triple-S Mgmt. Corp., 68 F.4th 677, 684 (1st Cir. 2023).  Here, I decline to find that MasMarques has waived his objections; instead, I choose to address this motion and the subject discovery requests on the merits.

"Relevance is broadly construed at the discovery stage."  Gardner v. Cape Cod Healthcare, Inc., 344 F.R.D. 127, 132 (D. Mass. 2023) (internal quotation marks omitted).

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information.  See Fed. R. Civ. P. 37(a)(3).  "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant."  Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted).  "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper."  Id. (citation omitted).

    B.    <u>Interrogatories</u>

        1.  <u>Interrogatory Nos. 6, 9, 10, and 12</u>

For Interrogatory Nos. 6, 9, 10, and 12, Greenspan contends that MasMarques' answers are untruthful and cites certain documents as evidence of that assertion.  Docket No. 237 at 9-19. Here, the parties' dispute as to the accuracy of the responses is based on their respective views of the facts.  However, "[a]t the discovery stage of proceedings, the Court does not resolve factual disputes about the weight to give the evidence."  Man Against Xtinction v. Comm'r of Maine Dep't of Marine Res., No. 1:19-CV-00406-LEW, 2020 WL 5578408, at *3 (D. Me. Sept. 17, 2020).  Therefore, while Greenspan may well be right, MasMarques has answered these interrogatories, and Greenspan may use the answers as he sees fit in further proceedings, including during cross-examination where appropriate to do so.  Accordingly, I deny the motion with respect to Interrogatory Nos. 6, 9, 10, and 12.

    2. <u>Interrogatory No. 13</u>

Interrogatory No. 13 asks MasMarques to "[i]dentify each desktop computer, laptop computer, or mobile device [MasMarques has] used to access the internet from home since 2017, including brand, model, serial number, and current location." Docket Nos. 200 at 4; 237-4 at 2-3. MasMarques initially declined to answer the interrogatory, but I ordered him to do so. In his amended response, MasMarques provided some but not all of the information requested. <u>See</u> Docket No. 237-4 at 3. Nevertheless, I find his answer to be sufficient. Therefore, I deny the motion with respect to Interrogatory No. 13.[3]

    3. <u>Interrogatory No. 21</u>

Interrogatory No. 21 asks MasMarques to explain why and how (allegedly) his IP address made an access request to an October 12, 2014, essay written by Greenspan. Docket No. 237-5 at 5. Greenspan fails to explain satisfactorily how that information is relevant to this action. Therefore, I deny the motion with respect to Interrogatory No. 21.

    4. <u>Interrogatory No. 25</u>

Interrogatory No. 25 asks MasMarques to identify every phone number he has used since 2017. <u>Id.</u> at 9. MasMarques objected on the grounds that the interrogatory is overbroad, vague, and not proportional to the needs of this case, and limited his response to the one phone number that was expressly mentioned in the amended complaint. <u>Id.</u> However, in addition to that phone number, Greenspan also alleges, in the amended complaint, that MasMarques has harassed Greenspan and his family from various other phone numbers since 2017. <u>See</u>, <u>e.g.</u>, Docket No. 54 ¶¶ 53, 59, 81. Therefore, information about MasMarques' phone numbers is relevant, and I

---

[3] In his memorandum, Greenspan expands the scope of the interrogatory request to include records about the trade-in of the computer. Docket No. 237 at 20. This Court declines to order the production of those documents based on the record evidence in this case.

grant the motion with respect to Interrogatory No. 25.  MasMarques has fourteen days from the date of this order to provide a complete response.

### 5.  Interrogatory Nos. 26-29

With respect to Interrogatory Nos. 26-29, MasMarques objected on the grounds that Greenspan has exceeded the 25-interrogatory limit under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  See, e.g., 237-5 at 9-11.  Greenspan contends that because MasMarques failed to answer substantively Interrogatory Nos. 13-19, they do not count towards the 25-interrogatory limit.  Docket 237 at 24.

Rule 33(a)(1) of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  Fed. R. Civ. Pro. 33(a)(1); see also L.R. 26.1(c) ("Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side . . . to . . . 25 interrogatories.").  Moreover, "every interrogatory which is served and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purpose of 33(a) . . . ." Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 588 (C.D. Cal. 1999).  Otherwise, a party could serve an unlimited number of frivolous and objectionable interrogatories that obligate the responding party to answer, defeating the purpose of the numerical limit.  See Advisory Committee Note to 1993 Amendment to Rule 33 ("The purpose of [the numerical limit was] to reduce the frequency and increase the efficiency of interrogatory practice" because "the device can be costly and may be used as a means of harassment.").

Here, I already found that Interrogatory Nos. 14-19 sought irrelevant information or were otherwise improper, and I ordered MasMarques to answer Interrogatory No. 13.  Docket No. 200

at 4.  As a result, Interrogatory Nos. 13-19 count towards the 25-interrogatory limit.  Because Greenspan did not seek leave from this Court before serving them, I deny the motion with respect to Interrogatory Nos. 26-29.

      C.    <u>Documents</u>

Greenspan contends that MasMarques failed to produce communications between MasMarques and various government agencies, individuals, media companies, Twitter, and Tesla.[4]  <u>See</u> Docket No. 237 at 20-24.  In support, Greenspan points to various Bates-stamped documents that he argues show the existence of other documents that MasMarques has not produced.  <u>See</u> <u>id.</u>

"A court cannot compel a party to produce documents that do not exist."  <u>Yourga v. City of Northampton</u>, No. 16-30167-MGM, 2018 WL 4268894, at *1 n.2 (D. Mass. Sept. 6, 2018) (internal quotations marks omitted).  Mere speculation that documents exist is insufficient to compel production.  <u>In re Lorazepam & Clorazepate Antitrust Litig.</u>, 219 F.R.D. 12, 17 (D.D.C. 2003) ("The federal courts are often confronted with a party's complaint that its opponent must have documents that it claims not to have.  Such suspicion is, however, insufficient to warrant granting a motion to compel."); <u>Kinetic Concepts, Inc. v. ConvaTec Inc.</u>, 268 F.R.D. 226, 252 (M.D.N.C. 2010) ("[E]ven an informed suspicion that additional non-privileged documents exist . . . cannot alone support an order compelling production of documents.").

Here, MasMarques has reaffirmed that he "produced all non-privileged documents, in his current possession, custody, and/or control."  Docket No. 242 at 5.  The evidence presented by

---

[4]  Greenspan also complains that several documents were produced in incomplete or improper form.  Docket No. 237 at 24.  MasMarques' attorney represents that the documents were produced as they were found and that neither MasMarques nor his attorney redacted or altered these materials in any way.  Docket No. 242 at 5.  Therefore, there is nothing to compel.

Greenspan, on the other hand, fails to persuade this Court that additional documents exist. Therefore, I deny the motion with respect to the documents.

     D.    <u>Other Requests</u>

Greenspan asks this Court to find MarMarques liable for activities linked to certain email and social media accounts.  Docket No. 237 at 25-29.  This request is inappropriate for a motion to compel.  <u>See</u> Fed. R. Civ. P. 37(3)(B) (allowing a party seeking discovery to "move for an order compelling answer, designation, production, or inspection").  Therefore, I deny the request.

Greenspan also requests that an adverse inference of spoliation be drawn against MasMarques because MasMarques traded-in and replaced his Apple computer in 2019.  Docket No. 237 at 26-27.  "Before an inference of spoliation may be drawn, its proponent must show at a bare minimum that the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence and the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)."  <u>McLaughlin v. Lenovo Glob. Tech. (United States) Inc.</u>, 682 F. Supp. 3d 149, 162 (D. Mass. 2023) (internal quotation marks omitted).  Here, Greenspan has not satisfied the elements necessary to show spoliation.  Thus, I deny the request.

## III.   <u>CONCLUSION</u>

For the reasons stated above, this Court grants in part and denies in part the motion. MasMarques shall, within fourteen days from the entry of this order, provide a complete answer to Interrogatory No. 25.  This Court declines to award sanctions against either party.


          /s/ Jennifer C. Boal
          JENNIFER C. BOAL
          U.S. MAGISTRATE JUDGE