UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FRCP 72(a) OBJECTION TO ORDER AT ECF NO. 251

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully requests that this Court grant leave to file a formal Objection to Magistrate Judge Jennifer C. Boal's non-dispositive Order at ECF No. 251 in this action, filed October 31, 2025 (less than fourteen days ago). Plaintiff has a First Amendment right to petition the government and numerous rights to file various types of documents without impediment pursuant to the Federal Rules of Civil Procedure.[1]

---

[1] Federal Rule of Civil Procedure 72(a) specifically uses the word "must" in the sentence, "The district judge in the case *must* consider timely objections…" (emphasis added). This suggests that any material delay in *permitting* an objection to be filed in a timely manner would not be lawful, nor would it be lawful for a court to prevent a Rule 72(a) objection from being filed. Thus, this motion for leave is being filed only out of respect for the Court and will be followed by the formal Objection before the deadline of "14 days" is over, or any decision denying leave will be contested on appeal. Alternatively, if time does not permit, the Court should construe this motion for leave as an Objection itself.

1

Plaintiff believes that Magistrate Judge Boal may have inadvertently made errors of law in her Order and respectfully requests the ability to fully brief the issues. For example, in the Order, Magistrate Judge Boal overlooked the plain text of Rule 33(b)(4), which requires "good cause" for "the court" to override waiver of discovery objections, at least with regard to interrogatories.[2] Magistrate Judge Boal identifies none, ruling only that she "decline[d] to find that MasMarques has waived his objections," when that is not her role and no finding is necessary, given that the Rule mandates that, "Any ground not stated in a timely objection is waived." Federal Rule of Civil Procedure 33(b)(4). The role of the Court in this context is only to "find" "good cause" to *reverse* the waiver, which it does not and cannot do in the Order given Defendant MasMarques's long history of litigation abuse and deliberate delay.

Magistrate Judge Boal also incorrectly misconstrues Plaintiff's concerns over the validity of Defendant MasMarques's purported discovery responses to Interrogatory Nos. 6, 9, 10, and 12 as a substantive "dispute" over "respective views of the facts." In fact, Defendant MasMarques's untimely opposition brief at ECF No. 242 at no point presents any view of any fact related to those Interrogatories or any other, so it is unclear exactly what the Court is referring to. Magistrate Judge Boal cited Plaintiff's brief with "Docket No. 237 at 9-19" regarding Plaintiff's allegations about Defendant MasMarques's willful failure to comply with his discovery obligations, and cited nothing from Defendant MasMarques in response because there is no rebuttal on these points—and even if there were, such a rebuttal was not timely filed. This is therefore not so much a "dispute" as a waiver by Defendant MasMarques. "[F]ailure to address the argument waives any opposition to it..." *Bean v. NICE Systems, Inc.*, Case No. 1:23-cv-

---

[2] As noted in Plaintiff's motion, ECF No. 237 at 4, the wording of the relevant clauses of Federal Rules of Civil Procedure 33 and 34 differs here, but the procedures are generally the same, which may impact the amount of discretion available to the Court.

12394-BEM, n. 7 (D. Mass. April 30, 2025) citing *Montany v. University of New England*, 858 F. 3d 34, 41 (1st Cir. 2017).

The Court acknowledges that Defendant MasMarques violated a prior court order by failing to provide "all of the information requested," yet deems his response "sufficient" and this latest violation non-sanctionable. Plaintiff respectfully disagrees, at least as to the sufficiency of the response, and notes the pattern of violations. Plaintiff cannot be sure all devices still in Defendant MasMarques's possession have been checked for the presence or deletion of responsive documents if Plaintiff does not know what devices they are. If, for example, Defendant MasMarques were to present a mobile device at trial and claim that it was his only mobile device, Plaintiff would have no way of verifying that it was the same device referenced in discovery without a serial number. This also applies to laptop and desktop computers. Again, if Defendant MasMarques is savvy enough to use PGP encryption, which he clearly is, then he is savvy enough to swap devices. He has already sold off the most important device in this case.

As to Interrogatory No. 21, it is indisputably relevant to this action, and the Magistrate Judge erred in her ruling by suggesting that it is not. First Amended Complaint ¶¶ 48, 50-52, 63-64, and others detail Defendant MasMarques's use of the Blacklist Report website to defame Plaintiff. Defendant MasMarques responded to Interrogatory No. 21 by stating "I've never posted on Blacklist Report." Yet one Blacklist Report post in question contained content—a 2014 essay—that was only available on Plaintiff's personal website and hosted on Plaintiff's company's server. That web server's log indicates that Defendant MasMarques's home IP address was the first IP address to access that 2014 essay on the same day in 2018 that it appeared on Blacklist Report alongside libelous content targeting Plaintiff. Thus, Interrogatory No. 21 seeks to clarify whether Defendant MasMarques did, in fact, post on Blacklist Report.

As to the document requests, the Magistrate Judge relies on false assurances from opposing counsel that are contradicted by plain facts.  The Court's reliance is thus misplaced and should be reviewed.  Additional documents clearly exist by Defendant MasMarques's own admission that Defendant MasMarques is withholding, as they may prove to be dispositive.

Therefore, for these and other reasons, Plaintiff respectfully requests that this Court permit the filing of Rule 72(a) Objection to ECF No. 251.

Dated: October 31, 2025           Respectfully submitted,

*/s/ Aaron Greenspan*
Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

### CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

Civil Local Rule 7.1(a)(2) would not appear to apply to this motion since it concerns the filing of formal objections to the Court's rulings themselves.

*/s/ Aaron Greenspan*
Aaron Greenspan

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_____
Aaron Greenspan