UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>    v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S RESPONSE TO AMENDED NOTICE OF DEPOSITION**

Pursuant to Federal Rules of Civil Procedure 30 and 34, as well as this Court's Scheduling Order at ECF No. 170, Plaintiff hereby objects and responds to Defendant Diego MasMarques, Jr.'s Schedule A to his Amended Notice of Deposition dated August 14, 2024 (the "Requests") as follows:

**GENERAL OBJECTIONS**

To simplify these objections and responses and to avoid repetition, Plaintiff incorporates each of the following objections into each of his responses to the Requests. The following objections also apply to each of the Definitions and Instructions. To the extent that certain General Objections are cited in response to an individual Definition, Instruction, or Request, the absence of any other General Objection from the response is not intended and should not be construed as a waiver of any other General Objection applicable to information falling within the scope of the individual Definition, Instruction, or Request.

1

1.	Plaintiff objects to each Request on the basis that the written discovery cutoff in this action was on "June 20, 2025" (*see* ECF No. 170), that Defendant Diego MasMarques, Jr. failed to serve any written discovery requests before that date, and that the original Notice of Deposition and Amended Notice of Deposition were served on July 21, 2025 and August 14, 2025 respectively, well after written discovery had closed.

2.	Plaintiff objects to each Request to the extent that it seeks documents or information (i) not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or (ii) otherwise beyond the scope of discovery under the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California (the "Civil Local Rules"), or other applicable rules or laws.

3.	Plaintiff objects to each Request to the extent that it seeks the production of information or documents that are protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, the common interest privilege, and/or any other applicable privilege or immunity recognized under statute or applicable case law. Plaintiff will not produce such documents or disclose such information.  The inadvertent production of any information, which is privileged or otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery of such information or the subject matter thereof.

4.	Plaintiff objects to each Request to the extent that it seeks the production of trade secrets, confidential business information, proprietary information, and/or otherwise nonpublic

documents or information. Plaintiff will provide such information or documents that is otherwise discoverable subject to the objections, only under a protective order negotiated by the parties and entered by the Court. Notwithstanding the execution and entry of such a protective order, Plaintiff reserves all rights to assert that some information is so sensitive or unrelated to the facts at issue that it should not be produced at all.

5. Plaintiff objects to each Request to the extent that it seeks sensitive, private, and confidential personal information, the production of which would infringe upon the legitimate, reasonable privacy interests of the named individuals or organizations to an extent incommensurate with Defendant MasMarques's legitimate discovery needs.

6. Plaintiff objects to each Request to the extent that it improperly purports to require Plaintiff to search for and produce materials that are not within his possession, custody, or control.

7. Plaintiff objects to each Request to the extent that it is not limited to the production of documents or information relating to a reasonable period of time.

8. Plaintiff objects to each Request to the extent that it purports to seek the production of "all" documents on a particular subject. Plaintiff will respond to the Requests based upon a reasonable search of Plaintiff's files.

9. Plaintiff objects to each Request to the extent that it purports to demand documents pursuant to Federal Rule of Civil Procedure 30 based on a deposition that has not yet taken place and for which no transcript exists.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiff objects to the instructions and definitions attached to the Requests to the extent that they concede that the Requests were and are being improperly served under "Rule 34" and not Rule 30 well after the close of written discovery in this action.

2. Plaintiff objects to the instructions attached to the Requests to the extent they seek to alter the obligations imposed by the Federal Rules of Civil Procedure, Civil Local Rules, any other applicable rules or laws, or case law. In responding to the Requests, Plaintiff will comply with those rules and laws.

3. Plaintiff objects to the instructions and definitions attached to the Requests to the extent that it is unclear what "These documents shall be produced as *[sic]* the time and place of the deposition" means.

4. Plaintiff objects to the instructions and definitions attached to the Requests to the extent that Plaintiff is now expected to respond in far less time that would have been allowed pursuant to Federal Rule of Civil Procedure 34 had proper requests under that Rule been served before the June 20, 2025 deadline.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

Subject to the General Objections and Objections to Instructions and Definitions, which are incorporated into each of the following responses to individual Requests, Plaintiff further responds to the individual Requests as follows:

**AMENDED NOTICE OF DEPOSITION SCHEDULE A DOCUMENT REQUEST NO. 1:**

All DOCUMENTS and ELECTRONICALLY STORED INFORMATION in YOUR possession, custody, and control RELATING TO each of the alleged defamatory and/or libelous posts you claim are attributed to DEFENDANT in this LAWSUIT, including without limitation,

4

all screenshots of each and all posts and DOCUMENTS supporting any basis for the attribution to DEFENDANT (e.g., IP logs, DEVICE identifiers, login/session data, account recovery email/phone, payment/subscriber info, investigator reports, and witness statements).

**RESPONSE TO AMENDED NOTICE OF DEPOSITION SCHEDULE A DOCUMENT REQUEST NO. 1:**

In addition to the General Objections and Objections to Instructions and Definitions, each of which is incorporated herein by this reference, Plaintiff objects to this Request on the basis that many responsive documents are of a pornographic, graphic, and/or highly sensitive nature that poses a safety risk, and counsel for Defendant has refused to make reasonable assurances that she will refrain from posting these materials publicly, whether in or out of Court, without attaching irrelevant conditions to her terms, the final form of which she has refused to show Plaintiff.

In light of the foregoing objections, Plaintiff intends to produce limited documents in response to this Request.

**AMENDED NOTICE OF DEPOSITION SCHEDULE A DOCUMENT REQUEST NO. 2:**

All COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION between YOU and DEFENDANT, including, without limitation, submissions, letters, voicemails or emails sent to or from YOU, whether directly, via Plainsite.org, or to or from any of YOUR work-related email addresses, accounts, messaging platforms, portals or other contact channels.

**RESPONSE TO AMENDED NOTICE OF DEPOSITION SCHEDULE A DOCUMENT REQUEST NO. 2:**

In addition to the General Objections and Objections to Instructions and Definitions, each of which is incorporated herein by this reference, Plaintiff objects to this Request on the basis that some of the requested documents involve legal entities that are not party to this lawsuit,

5

which are not central to Plaintiff's claims, and which are under no obligation to produce records without a valid subpoena, which has not been issued.

Notwithstanding the foregoing objections, Plaintiff intends to produce documents in response to this Request.

**AMENDED NOTICE OF DEPOSITION SCHEDULE A DOCUMENT REQUEST NO. 3:**

All DOCUMENTS supporting YOUR claims of injury and damages in the LAWSUIT (including claimed intentional infliction of emotional distress, loss of reputation, loss of asset value, loss of time, and loss of good standing with state and federal government agencies), including, without limitation: medical/treatment records, bills, and provider notes YOU RELY ON; prescriptions and insurance Explanations of Benefits (EOBs); correspondence evidencing reputational harm (client/vendor cancellations, lost deals, termination notices); financial materials (W-2s, 1099s, K-1s, tax returns or schedules relied upon, annual financial statements, profit-and-loss statements, balance sheets, bank/credit-card statements, general ledger exports, A/R and A/P aging) for each of YOUR entities in which YOU have a majority interest or control; appraisals or valuations showing alleged asset-value changes; agency notices regarding "good standing," deficiencies, suspensions, or fines and YOUR responses; invoices for audit or remediation costs; web/social analytics demonstrating traffic or revenue impact; and any entries of time spent (time logs, calendars, billing records) quantifying the claimed diversion of time.

**RESPONSE TO AMENDED NOTICE OF DEPOSITION SCHEDULE A DOCUMENT REQUEST NO. 3:**

In addition to the General Objections and Objections to Instructions and Definitions, each of which is incorporated herein by this reference, Plaintiff objects to this Request on the basis that some of the requested documents involve legal entities that are not party to this lawsuit, which are not central to Plaintiff's claims, and which are under no obligation to produce records

without a valid subpoena, which has not been issued.  Plaintiff further objects to this Request on the basis that some of Plaintiff's claims require no proof of economic damages, rendering the requested documents irrelevant.  Plaintiff further objects to this Request on the basis that damages may be reasonably foreseeable in the future even if no documentary evidence exists at this point in time, and Plaintiff cannot be expected to produce documents that do not yet exist.  Plaintiff further objects to this Request on the basis that proof of economic damages is often not within the possession or control of the person damaged.  Plaintiff further objects to this Request on the basis that there is no functional or other relationship between Plaintiff's tax information and economic damages.

Notwithstanding the foregoing objections, Plaintiff intends to produce limited documents in response to this Request.

## **REQUEST FOR REVIEW OF TRANSCRIPT**

Pursuant to Federal Rule of Civil Procedure 30(e)(1), Plaintiff hereby requests the ability to review any transcript of his deposition in this action presently scheduled for August 19, 2025.

Dated: August 18, 2025            Respectfully submitted,

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

7

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 18, 2025 I served the foregoing on counsel for the following defendants in this action:

Ashley Andrade, Esq.
ANDRADE LEGAL
867 Boylston Street, 5th Floor, #1119
Boston, MA 02116
ashley@andrade-legal.com

*Attorneys for Diego MasMarques, Jr.*

Aaron Greenspan