**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S FRCP 72(a) OBJECTION TO ORDER AT ECF NO. 251**
**[LEAVE TO FILE GRANTED VIA ECF NO. 255 ON NOVEMBER 4, 2025]**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 1

    A. The Magistrate Judge Failed To Identify Any "Good Cause" That Would Preclude Defendant MasMarques Waiving His Discovery Objections Because MasMarques Has None ................................................................................ 1

    B. Interrogatories ............................................................................................. 3

        1. Interrogatory Nos. 6, 9, 10, and 12 ................................................ 3

        2. Interrogatory No. 13 ....................................................................... 4

        3. Interrogatory No. 21 ....................................................................... 5

    C. Document Requests ..................................................................................... 6

III. CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Alifax Holding SpA v. Alcor Scientific, Inc., et al*,
   Case No. 1:14-cv-00440-MSM-AEM (D. Rhode Island January 11, 2019) .............................. 9

*Bean v. NICE Systems, Inc.*,
   Case No. 1:23-cv-12394-BEM, n. 7 (D. Mass. April 30, 2025) ................................................. 4

*Benitez-Garcia v. González-Vega*,
   468 F.3d 1 (1st Cir. 2006) ............................................................................................................ 2

*Bonomo, et al v. Factory Mutual Insurance Company*,
   Case No. 1:21-cv-11750-IT (D. Mass. June 9, 2023) ................................................................. 2

*In re Bushay*,
   327 B.R.695, 703 (B.A.P. 1st Cir. 2005) ..................................................................................... 2

*In re Luis Diesel Services, Inc.*,
   2018 WL 2102322 (B.A.P. 1st Cir. 2018) ................................................................................... 2

*In Re Salicrup*,
   Case No. 22-02714-ESL, Adv. Proc. 23-00049 (D. Puerto Rico Bankruptcy June 3, 2024) ..... 2

*Man Against Xtinction v. Comm'r of Maine Dep't of Marine Res.*,
   Case No. 1:19-cv-00406-LEW, 2020 WL 5578408, at *3 (D. Maine September 17, 2020) ..... 3

*Montany v. University of New England*,
   858 F. 3d 34, 41 (1st Cir. 2017) ................................................................................................... 4

*Theravance Biopharma US, Inc., et al v. Lee*,
   Case No. 3:17-cv-05044-VC (N.D. Cal. October 31, 2017) ....................................................... 5

**Rules**

Federal Rule of Civil Procedure 33 ........................................................................................ 2, 3

Federal Rule of Civil Procedure 33(b)(4) ............................................................................... 1, 2

Federal Rule of Civil Procedure 37 ........................................................................................ 2, 3

Federal Rule of Civil Procedure 37(a)(4) ................................................................................... 8

Federal Rule of Civil Procedure 37(b) ........................................................................................ 2

Federal Rule of Civil Procedure 56 ............................................................................................ 3

Federal Rule of Civil Procedure 72(a) ................................................................................. passim

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff respectfully files this Objection to Magistrate Judge Jennifer C. Boal's non-dispositive Electronic Order at ECF No. 251, filed October 31, 2025 (less than fourteen days ago).

## I. INTRODUCTION

In ECF No. 251 (the "Order"), Magistrate Judge Boal granted in part and denied in part Plaintiff's second motion to compel discovery materials from Defendant Diego MasMarques, Jr. at ECF No. 237. The Magistrate Judge's Order continues a pattern of declining to enforce clear discovery rules despite Defendant MasMarques's serial violations of this Court's orders and numerous rules, while conflating MasMarques's and his counsel's deliberate evasiveness and refusal to comply with factual disputes that must be resolved on summary judgment. The Federal Rules of Civil Procedure are clear that issues concerning obviously evasive or missing discovery responses must be resolved at the discovery phase, and are not the same thing as factual disputes. The Magistrate Judge's Order should be reviewed *de novo* and reversed for the following reasons.

## II. ARGUMENT

### A. The Magistrate Judge Failed To Identify Any "Good Cause" That Would Preclude Defendant MasMarques Waiving His Discovery Objections Because MasMarques Has None

Magistrate Judge Boal overlooked the plain text of Rule 33(b)(4), which requires "good cause" for "the court" to override waiver of discovery objections, at least with regard to interrogatories.[1] Magistrate Judge Boal identifies none, ruling only that she "decline[d] to find that MasMarques has waived his objections," when that is not her role and no finding is

---

[1] As noted in Plaintiff's motion, ECF No. 237 at 4, the wording of the relevant clauses of Federal Rules of Civil Procedure 33 and 34 differs here, but the procedures are generally the same, which may impact the amount of discretion available to the Court.

1

necessary, given that the Rule mandates that, "Any ground not stated in a timely objection is waived." Federal Rule of Civil Procedure 33(b)(4). The role of the Court in this context is only to "find" "good cause" to *reverse* the waiver, which it does not and cannot do in the Order given Defendant MasMarques's long history of litigation abuse and deliberate delay. This is "clearly erroneous." Federal Rule of Civil Procedure 72(a).

Courts strictly enforce Rule 33's waiver provision absent good cause. "Plaintiffs do not provide a reason as to why untimely objections should not be waived. Moreover, Plaintiffs repeatedly assured Defendant that the formal responses to Defendant's requests were forthcoming shortly and did not provide them. Accordingly, the court finds that Plaintiffs have waived objections by failing to timely respond to Defendant's requests under Federal Rules of Civil Procedure 33 and 34, and as repeatedly promised by Plaintiffs." *Bonomo, et al v. Factory Mutual Insurance Company*, Case No. 1:21-cv-11750-IT (D. Mass. June 9, 2023). Similarly, here, Defendant MasMarques offers no explanation at all—let alone good cause—for his failure to timely respond and provides no justification for the delay. His litigation history demonstrates a pattern of deliberate delay and evasion, which counsels against excusing non-compliance, and tips the scale towards Rule 37 sanctions. "'Sanctions under [Fed. R. Civ. P.] 37(b) are appropriate once it is established that a party has failed to comply with a valid discovery order.' *In re Luis Diesel Services, Inc.*, 2018 WL 2102322 (B.A.P. 1st Cir. 2018), quoting, *In re Bushay*, 327 B.R.695, 703 (B.A.P. 1st Cir. 2005). Dismissal for violation of a discovery order is within the court's discretion upon thoughtful consideration of all applicable factor. *See e.g.*, *Benitez-Garcia v. González-Vega*, 468 F.3d 1 (1st Cir. 2006)." *In Re Salicrup*, Case No. 22-02714-ESL, Adv. Proc. 23-00049 (D. Puerto Rico Bankruptcy June 3, 2024). The Magistrate Judge's failure to enforce the waiver provision rewards the very conduct the Rules are designed to prevent.

### B. Interrogatories

#### 1. Interrogatory Nos. 6, 9, 10, and 12

The Magistrate Judge's Order conflates failure to comply with mandatory discovery obligations with "factual disputes about the weight to give the evidence," when no disagreement was even voiced. This is "clearly erroneous." Federal Rule of Civil Procedure 72(a). Magistrate Judge Boal also incorrectly misconstrues Plaintiff's concerns over the validity of Defendant MasMarques's purported discovery responses to Interrogatory Nos. 6, 9, 10, and 12 as a substantive "dispute" over "respective views of the facts," and cites *Man Against Xtinction v. Comm'r of Maine Dep't of Marine Res.*, Case No. 1:19-cv-00406-LEW, 2020 WL 5578408, at *3 (D. Maine September 17, 2020) as justification.[2] Failure to comply with basic discovery obligations, by, for example, feigning memory loss, is more fundamental than minor disputes about how to weigh various facts. Plaintiff's summary judgment motion will be irreparably harmed and prejudiced if the Court does not enforce its own discovery rules with regard to Defendant MasMarques, both because Plaintiff needs adequate discovery to respond to Defendant MasMarques's summary judgment motion,[3] and because Plaintiff needs adequate discovery to prepare his own.

---

[2] *Man Against Xtinction* is easily distinguishable from the present action because here, Defendant MasMarques's testimony during roughly a dozen hours of hearings in Santa Clara County, California are already part of the record at ECF No. 1-6. Direct contradictions between his earlier testimony under oath and present discovery responses fall under Federal Rule of Civil Procedure 37, not Rule 56. "If the discovering party asserts than an answer is incomplete or evasive, again he may look to Rule 37(a) for relief, and he should add this assertion to his motion to overrule objections." Federal Rule of Civil Procedure 33, Notes of Advisory Committee on Rules—1970 Amendment Subdivision (a)(3). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Federal Rule of Civil Procedure 37(a)(1).

[3] For example, Defendant MasMarques argues, "The undisputed record contains no competent evidence that Mr. MasMarques authored or was otherwise at fault for the publication of any allegedly defamatory statement." ECF No. 257-1 at 8. The discovery process entitles Plaintiff to obtain that "competent evidence" from his opponent *prior* to summary judgment.

Nor is there any real dispute here to speak of. Defendant MasMarques's untimely opposition brief at ECF No. 242 at no point presents any view of any fact related to Interrogatory Nos. 6, 9, 10, and 12 or any other, so it is unclear exactly what the Court is referring to. Magistrate Judge Boal cited Plaintiff's brief with "Docket No. 237 at 9-19" regarding Plaintiff's allegations about Defendant MasMarques's willful failure to comply with his discovery obligations, and cited nothing from Defendant MasMarques in response because there is no rebuttal on these points—and even if there were, such a rebuttal was not timely filed. This is therefore not so much a "dispute" as a waiver by Defendant MasMarques. "[F]ailure to address the argument waives any opposition to it..." *Bean v. NICE Systems, Inc.*, Case No. 1:23-cv-12394-BEM, n. 7 (D. Mass. April 30, 2025) citing *Montany v. University of New England*, 858 F. 3d 34, 41 (1st Cir. 2017).

2. **Interrogatory No. 13**

The Court acknowledges that Defendant MasMarques violated a prior court order by failing to provide "all of the information requested," yet deems his response "sufficient" and this latest violation non-sanctionable. Plaintiff respectfully disagrees, at least as to the sufficiency of the response, and notes the pattern of violations. Ignoring such a pattern of violations, including violations of a court order, is "contrary to law." Federal Rule of Civil Procedure 72(a).

Industry-standard forensic practices, as reflected in the Electronic Discovery Reference Model (EDRM) and ISO/IEC 27050 standards for electronic discovery, require unique device identifiers such as serial numbers to: (1) establish definitive device identification and prevent substitution; (2) maintain forensic chain of custody; (3) enable verification that devices presented at trial match those referenced in discovery; (4) link devices to network activity through operator records; and (5) determine whether devices have been disposed of, potentially indicating

4

spoliation.  Without serial numbers, Plaintiff cannot verify whether any device Defendant MasMarques presents at trial is the same device he claims to have used during the relevant period.  Model and type information alone is insufficient—multiple devices can share the same model designation.  Given that Defendant MasMarques admittedly "traded in" his iMac (thereby disposing of a key device), uses PGP encryption demonstrating technical sophistication, and has a documented pattern of evasive responses, the risk of device swapping is substantial.  The missing serial numbers are not merely nice-to-have information—they are fundamental to authenticating digital evidence and preventing spoliation.  Defendant MasMarques's privacy concerns ring hollow given that serial numbers are regularly produced in discovery without incident, his purported security concerns are contradicted by his own public postings, and the information is essential to verify compliance with discovery obligations.

Furthermore, Plaintiff cannot be sure all devices still in Defendant MasMarques's possession have been checked for the presence or deletion of responsive documents if Plaintiff does not know which devices they are.  This is why federal courts routinely order production of device serial numbers in electronic discovery to authenticate digital evidence and maintain chain of custody.  *See*, *e.g. Theravance Biopharma US, Inc., et al v. Lee*, Case No. 3:17-cv-05044-VC (N.D. Cal. October 31, 2017) (identifying electronic devices by serial number in civil matter).

### 3.    Interrogatory No. 21

Interrogatory No. 21, ultimately about Defendant MasMarques's use of the Blacklist Report website, is indisputably relevant to this action, and the Magistrate Judge clearly erred in her ruling by suggesting that it is not.  First Amended Complaint ¶¶ 48, 50-52, 63-64 and others detail Defendant MasMarques's use of the Blacklist Report website to defame Plaintiff.  Plaintiff has already surfaced ample evidence clearly establishing an indisputable link between Defendant

MasMarques and numerous Blacklist Report posts through his confirmed IP address, admitted Mac OS username ("tech"), unique and quirky writing style, and personal contacts (such as his former probation officer, Lisa Dube, who also makes an appearance in posts on the site). Yet Defendant MasMarques responded to Interrogatory No. 21 by stating "I've never posted on Blacklist Report."

One Blacklist Report post in question contained content—a 2014 essay—that was only available on Plaintiff's personal website and hosted on Plaintiff's company's server. That web server's log indicates that Defendant MasMarques's home IP address was the first IP address to access that essay on the same day that it appeared on Blacklist Report alongside libelous content targeting Plaintiff in 2018. Thus, Interrogatory No. 21 seeks to clarify whether Defendant MasMarques did, in fact, post on Blacklist Report. This is a key point that is at the center of this litigation, especially now that Defendant MasMarques has attempted to front-run the evidence by filing a summary judgment motion (*see* ECF No. 257) in which he claims through counsel that Plaintiff "offers no competent evidence that Mr. MasMarques even published any of the allegedly defamatory posts at issue (much less the ones post-2019)." ECF No. 257-1 at 3.

### C. Document Requests

Defendant MasMarques admits that additional responsive documents exist that he has deliberately withheld from Plaintiff. The Magistrate Judge gives Defendant MasMarques and his counsel the benefit of the doubt, which at this stage of the proceedings is unmerited, and refers to these plain admissions as Plaintiff's "[m]ere speculation." This is both "clearly erroneous" and "contrary to law." Federal Rule of Civil Procedure 72(a).

Deductive reasoning and logic are different than speculation. For example, when Defendant MasMarques tells a contact at Twitter, Inc. that he filed a report about Plaintiff's

6

account, that means there must be documentation of that report, certainly at the (now-former) offices of Twitter, Inc., but also on Defendant MasMarques's side. Yet no documents showing his report were produced. Why not? Because they would reveal that indeed, Defendant MasMarques had at least one Twitter account. Moreover, Plaintiff *proved* in his declaration at ECF No. 237-1 that according to x.com, Defendant MasMarques *still has* an active Twitter account. Proof is also different than "speculation."

The Twitter example is just one of many. Regarding Plaintiff's Request for Production of Documents No. 1 ("All DOCUMENTS that refer to Aaron Greenspan"), we know that Defendant MasMarques corresponded with the Arkansas Attorney General, California Department of Motor Vehicles, and his own hired private-investigator-slash-bodyguard-slash-perjurer-for-hire, John X. Haro, because he has admitted it either in this action or because public records from prior actions make clear that communication took place. This is not "speculation;" Mr. Haro did not wander into the courtroom in Santa Clara County on his own and subsequently file perjurious documents about Plaintiff. Nor did the California Department of Motor Vehicles flag Plaintiff's driver's license on its own. The documents reflecting those communications with Defendant MasMarques are simply missing. We know that he corresponded with federal judges, prosecutors, Tesla, Inc. and Omar Qazi because he admitted as much on Twitter. This is not "speculation."

The Magistrate Judge may have regarded as more speculative, for example, the suggestion that the May 23, 2022 Twitter post by the @Witchestoday account,

> "Yes! Communicated in detail to Judge Donato to expose this cyber stalker who refuses to stop. He lied repeatedly to Judge Donato a Federal Judge and made up such fictitious nonsense about everyone he wrote about to use the court to attack his victims and this is a crime"

was posted by Defendant MasMarques. This post obviously suggests the existence of documents involving correspondence between the owner of the @Witchestoday account and the chambers of United States District Judge James Donato of the Northern District of California, who was at the time presiding over litigation involving Plaintiff, and ultimately ruled against Plaintiff on several claims. Yet Plaintiff provided this Court with ample evidence—from the leagle.com ownership conspiracy theory that only Defendant MasMarques espouses, to the July 6, 2022 Twitter post stating that the same account owner had also "sent out" "FOIA requests" about Plaintiff (*see* Plaintiff's Document GREENSPAN00752, ECF No. 237-9 at 27), which Defendant MasMarques admits to having done (*see* ECF No. 242 at 2, n. 2)—that this was indeed posted by MasMarques. Moreover, one FOIA request in particular was submitted by Defendant MasMarques only 17 days before his @Witchestoday post, while the submitter was still waiting on a response during the 20-business day statutory window pursuant to 5 U.S.C. 552(a)(6). *See* ECF No. 54-5 at 35-36 (Defendant MasMarques's United States Securities and Exchange Commission FOIA Request No. 22-02308-FOIA Dated June 19, 2022). Federal agency FOIA logs are public information. No other person submitted FOIA requests about Plaintiff during this timeframe to the best of Plaintiff's knowledge, rendering this Twitter post alone dispositive proof of Defendant MasMarques's ownership.

If Defendant MasMarques's communications with a federal judge had any impact on Plaintiff's separate litigation, those documents would be significant in the context of both this lawsuit and that one. "These documents are relevant to critical disputes in this action. Moreover, the Federal Rules of Civil Procedure reflect that a party may be ordered to produce additional materials if the party's response is 'evasive or incomplete.' Fed. R. Civ. P. 37(a)(4)."

*Alifax Holding SpA v. Alcor Scientific, Inc., et al*, Case No. 1:14-cv-00440-MSM-AEM (D. Rhode Island January 11, 2019).

Even if the Court is still unconvinced that Plaintiff has established anything more than a speculative link between Defendant MasMarques and his dozens of internet accounts, it was improper for the Magistrate Judge to rule on Plaintiff's second motion to compel *before* the District Judge could complete her rulings on the Mediolex and X Corp. subpoenas, the responses to which could conclusively identify whether specific ComplaintsBoard and/or Twitter accounts discussed in the motion belong to Defendant MasMarques.

The Court's reliance on Defendant MasMarques and his counsel to honestly report that their search for records is complete—after Defendant MasMarques violated a court order according to the Magistrate Judge[4]—is misplaced and confusing. The missing documents should be produced.

## III. CONCLUSION

Plaintiff respectfully requests *de novo* review of the Electronic Order at ECF No. 251 by a District Judge of this Court.

Dated: November 8, 2025                    Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

---

[4] "I ordered him to do so… MasMarques [then] provided some but not all of the information requested." ECF No. 251 at 5.

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 8, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

                                                 Aaron Greenspan