UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

Defendants.

No. 1:23-cv-10134-DJC

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF 261)**

Defendant Diego MasMarques, Jr. ("Defendant") opposes Plaintiff Aaron Greenspan's ("Plaintiff") request for leave to seek a 60-day extension (or a floating extension to "30 days after" the resolution of Rule 72(a) objections and subpoena responses, "whichever date comes latest"). *See* Doc. No. 261. Plaintiff's request is a bad faith delay tactic, unsupported by good cause or excusable neglect under Fed. R. Civ. P. 6(b)(1) and/or Fed. R. Civ. P. 16(b)(4), inconsistent with Rule 56 and the Court's Scheduling Order, and part of Plaintiff's pattern of meritless filings.

**I.     RELEVANT FACTUAL BACKGROUND**

1.     On or about June 20, 2025, written discovery closed, and on August 29, 2025, fact discovery closed. *See* Doc. No. 170 (Scheduling Order).

2.     On or about October 7, 2025, Defendant filed a motion for leave to file a summary judgment motion in excess of 20 pages and to file motion to seal, which this Court granted on October 15, 2025. *See* Doc. Nos. 248, 250. During that time, Defendant conferred

1

with Plaintiff regarding redactions to the summary judgment materials and asked Plaintiff to identify any trade secrets or other confidential information in the deposition transcript that he believed required redaction.

3. On November 6, 2025, Defendant filed his Motion for Summary Judgment (Doc. No. 257) in accordance with Rule 56(b) and this Court's Scheduling Order. *See* Doc. No. 170 at 2.

4. On November 7, 2025, Defendant served Plaintiff with the unredacted summary judgment motion briefing and exhibits (including those redactions that Plaintiff had previously asked Defendant to make on the public docket, which Defendant agreed to[1]) and emailed the Court Clerk for guidance on how to electronically submit the unredacted/under-seal materials to the Court, copying Plaintiff.[2]

5. That same day, Plaintiff observed that his opposition deadline fell on Thanksgiving and requested an extension, and Defendant graciously offered a four-day courtesy extension in light of the holiday.

6. Rather than accept that reasonable accommodation, a few hours later Plaintiff pivoted to demand a 60-day extension, at a minimum, based on unspecified personal "deadlines"

---

[1] Not surprisingly, Plaintiff's Opposition to Defendant's Motion to Seal does not substantively address these narrowly tailored, requested redactions. *See* Doc. No. 262. Instead, Plaintiff attempts to weaponize the fact that Defendant redacted the names of Plaintiff's family members and friends—redactions Plaintiff himself previously requested and discussed with defense counsel—to argue against sealing on the ground that certain other non-parties are identified by name. *See id*. Plaintiff also selectively attacks Defendant's redaction of Defendant's personal phone number and email address, as well as information concerning matters that are subject to expungement orders. *Id*. Plaintiff offers no legal basis under the Federal Rules or applicable sealing standards to justify exposing such personal and sensitive information on the public docket.

[2] An unredacted courtesy hard copy of the summary judgment filing, organized in a tabbed binder, was hand-delivered to the Court on Monday, November 10, 2025.

2

in December and the resolution of his now *four* pending Rule 72(a) objections in this Action. *See, e.g.,* Doc. Nos. 211-12, 235, 260 (Plaintiff's 72(a) objections).[3]

7.  In response, Defendant declined the 60-day request and advised Plaintiff that such an extensive extension constitutes unnecessary delay and is inconsistent with the Federal Rules of Civil Procedure, including Rules 1, 6(b), and 16(b).[4]

8. On November 8, 2025, Plaintiff filed the underlying motion for leave.

## II.   ARGUMENTS

### A. There Is No Good Cause for the Requested Extension, and Plaintiff Improperly Seeks to Extend the Scheduling Order.

"In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013) (*citing* Fed. R. Civ. P. 6(b)(1)); *see also* Rule 1 (mandating the "just, speedy, and inexpensive" determination of actions). In addition, the scheduling order, set pursuant to Federal Rule of Civil Procedure 16, may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008) ("The deadlines established in the scheduling order may be extended on a showing of good cause."). The purpose of the good cause standard is to "preserve the integrity and effectiveness of Rule 16(b) scheduling orders." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004). "The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant." *Miceli v. JetBlue Airways*

---

[3] Plaintiff also threatened defense counsel with a frivolous BBO complaint for filing the summary judgment motion at this time.
[4] Thereafter, Defendant's counsel reviewed the Scheduling Order and confirmed that, under its terms, Plaintiff already has 30 days to file his opposition—nine more days than the Federal Rules of Civil Procedure otherwise provide.

3

*Corp.*, 914 F.3d 73, 86 (1st Cir. 2019).  Plaintiff's request for an extension, however, falls far short of good cause.

As an initial matter, Plaintiff seeks a 60-day extension or, worse, some unspecified date tied to the resolution of all four of his frivolous Rule 72(a) objections and/or subpoena responses—"whichever date comes latest."  That is not an extension of time; it is an open-ended stay in disguise.  Such indefinite delay is prejudicial, inconsistent with Rule 1's directive for the "just, speedy, and inexpensive determination" of actions, and wholly unsupported by any showing of diligence.

Plaintiff's shifting explanations only further highlight why his request is meritless.  First, Plaintiff's initial excuse—that the deadline falls on Thanksgiving—does not warrant relief under the Federal Rules.  Rule 6(a)(1)(C) already provides that when a deadline falls on a legal holiday, it automatically moves to the next business day.  Second, after defense counsel agreed to extend Plaintiff's deadline by four days as a courtesy, Plaintiff abandoned his holiday-related excuse and then demanded a *sixty* day extension on the ground that he is awaiting rulings on his now *four* Rule 72(a) objections.  Plaintiff, however, identifies no stay, no order holding summary-judgment briefing in abeyance, and no authority suggesting that the mere pendency of Rule 72(a) objections entitles him to halt Rule 56 briefing.  *See* Doc. No. 261.  Nor can Plaintiff's Rule 72(a) objections—each of which fails to identify any cognizable error of law—constitute good cause to suspend this Court's Scheduling Order.  *See, e.g.,* Doc. Nos. 211–12, 235, 260.

Moreover, Plaintiff is already receiving more time than provided under the Federal Rules.  Under the Scheduling Order, he has 30 days to file his opposition—9 more days than is

typically afforded for summary judgment briefing—making his request for nearly three times the standard amount of time not only unnecessary but wholly unjustified.

Lastly, Plaintiff's claimed need for additional time is belied by his recent flurry of filings—including the instant motion, his *fourth* Rule 72(a) objection, and his opposition to Defendant's motion to seal—all submitted within the last week. *See* Doc. Nos. 260, 261, and 262. Far from lacking time, the record demonstrates that Plaintiff has been fully able to actively litigate this case; what he has not shown is any good cause that would justify this extension.

### B. **Plaintiff Has Not Shown Excusable Neglect for His Failure to Extend the Discovery Deadlines.**

Where, as here, a litigant's extension request rests on already expired deadlines (i.e., fact and written discovery deadlines), more is required: he must show that his failure to request an extension in a timeous manner constitutes excusable neglect. *See* Fed. R. Civ. P. 6(b)(1); *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, No. 12-2419, 730 F.3d 23, 26, 2013 U.S. App. LEXIS 18844, *6 (1st Cir. Ct. Sep. 11, 2023); *see also Tubens v. Doe*, 976 F.3d 101, 104–05 (1st Cir. 2020).

Here, Plaintiff has not even attempted to make such a showing with respect to the supposed additional discovery he claims to need to respond to Defendant's summary judgment motion. Indeed, he identifies no motion to extend discovery filed before fact discovery closed three months ago or written discovery closed five months ago (because he cannot), and he offers no explanation for why he never sought to extend the discovery deadlines at any point—including now.

Equally fatal to his request, Plaintiff ignores the fact that discovery is closed. Seeking rulings on his multiple Rule 72(a) objections to the Court's prior discovery orders is not the same as reopening discovery and does not entitle him to additional time or additional discovery.

5

Accordingly, Plaintiff's references to purported subpoenas and the purported "dispositive evidence" he claims to be awaiting are meaningless absent an extension of the discovery deadline—which he has ***never*** sought.  *See, e.g.,* Doc. No. 261 at 2.

As one court in this Circuit has explained, "[t]o the extent that he is seeking to reopen discovery to obtain additional evidence — such as security footage — he has not demonstrated why he could not have obtained such evidence before the close of discovery, or, if the evidence postdates the close of discovery, why it is necessary for him to obtain it before responding to the defendants' motion for summary judgment." *See Salvato v. Portland Hous. Auth.*, No. 2:19-cv-00384-LEW, 2021 U.S. Dist. LEXIS 124882, *4 (D. Me. Jul. 5, 2021).  The same is true here: Plaintiff identifies no specific discovery he diligently pursued but was unable to obtain before the deadline, nor explains why any post-deadline material is necessary to oppose summary judgment.

Moreover, after nearly three years of litigation, Plaintiff's latest effort to delay only underscores that he has no evidence tying Defendant to the allegedly defamatory posts at issue or otherwise supporting his time-barred claims.  Accordingly, Plaintiff cannot show good cause or excusable neglect because this motion is about neither; it is simply an attempt to postpone the inevitable dismissal of his meritless claims.

### C. Plaintiff's Complaints About Service Lack Merit And Show No Prejudice.

Defendant filed his summary judgment motion on November 6, 2025, and, less than 24 hours later, provided Plaintiff with the unredacted versions of said filing on November 7, 2025, while defense counsel simultaneously emailed the Court Clerk regarding the proper method for submitting the electronic unredacted versions to the Court, with Plaintiff copied on the correspondence.

Plaintiff identifies no cognizable prejudice from receiving unredacted materials less than 24 hours after Defendant's filing and cannot show that any aspect of Defendant's service or sealing procedures hindered his ability to oppose summary judgment. Rather, Plaintiff is attempting to manufacture a procedural issue where none exists because he lacks any substantive response to the summary judgment motion and is trying to buy himself time. That is not a valid basis for an extension; it is gamesmanship and is being done in bad faith.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff has shown neither good cause to modify the Court's Scheduling Order under Rules 16(b)(4) and 6(b)(1)(A), nor—given that the relevant discovery deadlines have already expired—excusable neglect under Rule 6(b)(1)(B). Because Plaintiff's request is supported by neither fact nor law, Defendant respectfully requests that the Court deny Plaintiff's motion for leave to seek an extension, warn Plaintiff that further frivolous or dilatory motion practice may result in sanctions under Rule 11, Rule 16(f), and the Court's inherent authority, and, in the alternative, that if any extension is granted, the Court impose appropriate limits on Plaintiff's filings until it has ruled on either parties' summary judgment materials.

Respectfully submitted,

DEFENDANT, DIEGO MASMARQUES, JR.,

By his Attorney,

*/s/ Ashley A. Andrade*

Ashley A. Andrade, Esq.
ANDRADE LEGAL, LLC
867 Boylston Street, 5th Floor #1119
Boston, MA 02116
BBO# 697189
Phone: 617.206.1822

Dated: November 18, 2025                Email: ashley@andrade-legal.com

8

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this document was filed electronically on November 18, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                                      */s/ Ashley A. Andrade*

                                                      Ashley A. Andrade
                                                      BBO # 697189