UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

    Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

    Defendants.

**DEFENDANT DIEGO MASMARQUES, JR.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

i

Plaintiff's 25-page opposition to Defendant's summary judgment papers (the "Opposition" or "Pl. Opp."), substitutes rhetoric and invective for evidence. Despite its length, the Opposition fails to identify specific facts supported by record citations sufficient to create a genuine dispute of material fact, as required by Fed. R. Civ. P. 56(c). *See* Doc. No. 265. Instead, the Opposition confirms one thing: Plaintiff lacks any competent evidence whatsoever to support his claims. As set forth herein and further addressed in Defendant's forthcoming motion to strike, Plaintiff's Opposition filings are replete with inadmissible evidence, improper assertions, and violations of Rule 56 and the Federal Rules of Evidence, and fail to create any genuine issue of material fact. *See* Doc. Nos 265, 266, 269, 270. Summary judgment in Defendant's favor is not only warranted, it is required under Rule 56 as a matter of law.

A. **Plaintiff's Opposition Lacks Record Citations and Relies on Unsupported Speculation and Inadmissible Evidence.**

For the vast majority of his Opposition, Plaintiff cites to no specific, admissible evidence, and often no evidence at all. *See* Doc. No. 265 at 1-31. Instead, Plaintiff appears to expect the Court "to ferret through the record to discern whether any material fact is genuinely in dispute"—something Rule 56 does not permit. *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). Where Plaintiff does attempt to invoke the evidentiary record, his citations collapse into one of two categories: (1) his own self-serving interpretation of prior

---

[1] These include: (1) Declaration of Aaron Greenspan in Support of Opposition to Defendant's Motion for Summary Judgment (Doc. No. 266, pp. 1–13); (2) Plaintiff's Amended Declaration (Doc. No. 270, pp. 1–4) (together the original and amended declarations shall be considered "Plaintiff's Declaration"); (3) Plaintiff's Response to Defendant MasMarques' Statement of Uncontested Material Facts("Plaintiff's Response to DSMF") (Doc. No. 265-1 at 1–43); and (4) Plaintiff's Statement of Material Facts as to Which There Is a Genuine Issue to Be Tried ("Plaintiff's Additional Statement") (Doc. No. 265-2 at 1–50).
[2] Defendant further objects to all amendments and supplemental filings Plaintiff submitted *after* his Opposition deadline, including Doc. Nos. 269 and 270.

1

Court rulings issued before the close of fact discovery, or (2) his own declaration—cited only nine times across a 25-page brief and amended without leave of Court on December 14, 2025, the day before Defendant's reply was due. *See* Pl. Opp. at 1–31; Doc. No. 266 (original declaration); Doc. No. 270 (amended declaration). Neither constitutes competent summary-judgment evidence, and neither satisfies the requirements of Fed. R. Civ. P. 56(c).

### B. No Genuine Dispute as to Material Facts Exist.

Plaintiff's Response to DSMF contain statements not supported by citations to the record, as required by Local Rule 56.1. *See* Doc. No. 265-1, at 1–43. Accordingly, and as further addressed in Defendant's forthcoming motion to strike, all facts Plaintiff has failed to properly dispute with citations to the record—as well as all statements in his Response to DSMF that lack record support—**must** be deemed admitted or otherwise be excluded. *Mekonnen v. OTG Mgmt., LLC*, 394 F. Supp. 3d 134, 146 (D. Mass. 2019).

Plaintiff's Opposition likewise fails to cite to Plaintiff's Response to DSMF (Doc. No. 265-1, at 1–43) or Plaintiff's Additional Statement (Doc. No. 265-2 at 1–50), further confirming no genuine issue of material facts exist. *See Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (internal citation omitted) (holding a genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party").

### C. Plaintiff Misstates the Effect of the Court's Prior Rulings

Contrary to Plaintiff's assertions, nothing in the Court's prior rulings—all issued *before* the close of fact discovery—resolved any of the factual issues that now govern summary judgment. Pl. Opp. at 10—11. The Court's Rule 12 decision—submitted when Defendant was proceeding *pro se*—did not address the statute of limitations or the evidentiary questions relevant

under Rule 56. *See* Doc. No. 118. Nor does the Court's July 14, 2025 order suggest that Anti-SLAPP protections are unavailable at the summary judgment stage. *See* Doc. No. 207. To the contrary, as Defendant explained in his opening brief—and as Plaintiff ignores—Massachusetts law indeed permits Anti-SLAPP protections at summary judgment.

### D. Plaintiff Fails to Show His Claims Are Timely

Contrary to Plaintiff's apparent assumption, it is Plaintiff—***not*** Defendant—who bears the burden of proving that his claims were timely commenced once the statute of limitations is raised as an affirmative defense. *Wolsfelt v. Gloucester Times,* 98 Mass. App. Ct. 321, 324 (2020). Therefore, "in order for a plaintiff's claim to survive a summary judgment motion, he must demonstrate a reasonable expectation of proving that the claim was timely filed." *Koe v. Mercer,* 450 Mass. 97, 101, 876 N.E.2d 831 (2007).[3] Plaintiff's Opposition offers nothing.

### E. Plaintiff *Still* Cannot Produce Competent Evidence Linking Defendant to Any Alleged Defamatory Statement.

Plaintiff devotes nearly ten pages to conjecture regarding IP addresses, alleged VPN usage, perceived "patterns," and his personal interpretations of online conduct. Pl. Opp. at 8–15. What he lacks is "definite, competent evidence to rebut the motion." *Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 581 (1st Cir. 1994) (internal quotations removed). Contrary to what Plaintiff characterizes as evidence, "a party cannot ward off summary judgment with 'proffers that depend . . . on arrant speculation, optimistic surmise, or farfetched inference.'" *Lang v. Wal-Mart Stores E., L.P.*, 813 F.3d 447, 460 (1st Cir. 2016) (*quoting Fragoso v. Lopez*,

---

[3] Plaintiff's attempt to claim fraudulent concealment to toll the statute of limitations is also nonsensical since he blamed Defendant for these allegedly defamatory posts since 2018. Doc. No. 266, ¶ 17; Doc. No. 270, ¶ 17. *See Salois v. Dime Sav. Bank of N.Y., FSB*, 128 F.3d 20, 25 (1st Cir. 1997) (citations and internal quotations omitted) (applying doctrine of fraudulent concealment only applies "where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part.").

991 F.2d 878, 887 (1st Cir. 1993)); *see also Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995) (internal quotation marks omitted) ("The evidence illustrating the factual controversy . . . must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

Plaintiff's Opposition filings attempt to manufacture an evidentiary link between Defendant and the alleged defamatory posts by appending copies of those posts to his declaration and asserting—without foundation or personal knowledge—that Defendant authored them. *See* Doc. No. 270, ¶¶ 40—52. Such "unsupported, speculative assertions" and conclusory statements in an affidavit submitted in opposition to summary judgment **do not** create a genuine or a material fact sufficient to warrant proceeding to trial. *Garmon v. Natl. R.R. Passenger Corp.*, 844 F.3d 307, 315 (1st Cir. 2016); Pl. Opp. at 1–31; Doc. No. 266, ¶ 40;

### F. Plaintiff Fails to Rebut the Evidence Establishing His Public-Figure (or Even Limited-Purpose Public Figure) Status

Plaintiff cannot credibly dispute his status as a public or limited-purpose public figure by asserting—implausibly—that such issues "were resolved hundreds of years ago," while simultaneously admitting that he has been interviewed, on or off the record, 50 to 100 times. *See* Doc. Nos. 265 at 11 and 265-1 at ¶ 8. Courts have consistently held in defamation cases that individuals who engage in repeated media interviews are, at a minimum, limited-purpose public figures. *See, e.g., Ellis v. Time*, 1997 WL 863267, at *6 (D.D.C. 1997) (plaintiff is limited public figure where he was the subject of five articles in newspapers ranging from the Washington Post to the Russian newspaper Izvestia); *Bell v. Associated Press*, 584 F. Supp. 128, 131 (plaintiff is limited public figure where "over one hundred newspaper articles have appeared concerning his various activities during the course of plaintiff's career"); *Secord v. Cockburn*, 747 F. Supp. 779, 784 (D.D.C. 1990) (plaintiff is limited pubic figure as he "appeared as a speaker at many

4

political gatherings and has been interviewed on network television programs … including Nightline, Good Morning America and Cross-Fire (the latter to discuss [the allegedly defamatory publication]) and in publications … demonstrating 'access to the channels of effective communication' that the Supreme Court felt characterized a public figure.").

Furthermore, Plaintiff's mere denial of the allegedly defamatory statements is insufficient to establish actual malice or to create a genuine dispute of material fact under Rule 56. As the United States Supreme Court has even noted, "such denials are so commonplace in the world of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 692 n.37, 105 L. Ed. 2d 562, 109 S. Ct. 2678 (1989) (internal quotations removed).

### G. **Plaintiff is Not Entitled to Damages for Time Spent Litigating This Action.**

Plaintiff is a non-attorney *pro se* litigant, he cannot recover attorney's fees for his purported "1,375 hours defending himself." *See* Doc. No. 265 at 23; *Sykes v. Dish Network*, 2005 Mass. App. Div. 58, 60 n. 5 ("Generally, a party proceeding without legal counsel is not entitled to recover legal fees.").

### CONCLUSION

For the reasons set forth above and in Defendant's opening brief, Plaintiff has failed to produce competent evidence creating any genuine dispute of material fact. Summary judgment in Defendant's favor is required under Fed. R. Civ. P. 56. Defendant further requests that the Court impose sanctions under Rule 56(h), strike Plaintiff's improper submissions, and award Defendant the expenses incurred in responding to them. Plaintiff's Opposition relies on unsupported assertions, inadmissible evidence, and filings submitted in apparent bad faith— precisely the type of conduct Rule 56(h) is designed to remedy.

        Respectfully submitted,

        DEFENDANT, DIEGO MASMARQUES, JR.,

        By his Attorney,

        */s/ Ashley A. Andrade*
        Ashley A. Andrade, Esq.
        ANDRADE LEGAL, LLC
        867 Boylston Street, 5th Floor #1119
        Boston, MA 02116
        BBO# 697189
        Phone: 617.206.1822
        Email: ashley@andrade-legal.com

Dated: December 15, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed electronically on December 15, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

        */s/ Ashley A. Andrade*

        Ashley A. Andrade
        BBO # 697189