UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

Defendants.

Case No.: 1:23-cv-10134-DJC

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO MODIFY THE SCHEDULING ORDER**

Defendant Diego MasMarques, Jr. ("Defendant") respectfully requests that the Court deny Plaintiff's renewed attempt to delay summary judgment briefing and extend the Scheduling Order. *See* Doc. No. 267. Plaintiff has not—either here or in his prior motion for leave filed last month—demonstrated "good cause" as required by Fed. R. Civ. P. 16(b)(4). Rather, Plaintiff's request, now his second within a matter of weeks, appears designed to delay the proceedings, not to remedy any genuine impediment to filing a dispositive motion.

## I. FACTUAL BACKGROUND

Plaintiff asks the Court to---again--extend the dispositive-motion deadline by an additional 60 days, or alternatively until 30 days after the Court rules on his Rule 72(a) objections, whichever is later  *See* Doc. Nos 262 and 267. The current Scheduling Order requires *all* dispositive motions to be filed by **December 19, 2025**. *See* Doc. No. 170.

1

To date, Defendant has complied with the Scheduling Order and timely filed his summary-judgment motion on November 6, 2025 and, unlike Plaintiff, has not sought to prolong this litigation. *See* Doc. Nos. 257 and 258

Plaintiff even responded to Defendant's summary judgment motion on December 8, 2025. *See* Doc. Nos 265 and 266.

Plaintiff argues that an extension of the Scheduling Order is warranted because (1) his Rule 72(a) objections remain pending and may purportedly impact what evidence he may rely on at summary judgment, and (2) the federal government shutdown purportedly contributed to the absence of rulings on those objections. *See* Doc. No. 267. Neither argument establishes good cause. As further addressed below, this Court should reject Plaintiff's delay attempts.

## II. ARGUMENT

### A. **Plaintiff Has Not Shown Good Cause And Seeks an Extension Solely for Strategic Delay.**

Plaintiff's request is particularly unpersuasive given that he has already demonstrated his ability to brief dispositive issues within the existing schedule. *See* Doc. Nos 265 and 266. He filed a timely and lengthy opposition to Defendant's summary-judgment motion. *Id.* Nothing prevented Plaintiff from preparing and filing his own dispositive motion concurrently, other than his failure to marshal competent evidence in support of his claims. Plaintiff's request thus reflects not an inability to comply with the Scheduling Order, but a deliberate choice not to do so.

Courts in this Circuit recognize that when a party has had ample time to prepare and the extension request is motivated by litigation strategy rather than a reasonable impediment, Rule 16(b)(4) is not satisfied. *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004) (*quoting See Rosario- Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("[Indifference" by the moving

party 'seals off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause").

## B. Plaintiff's Pending Rule 72(a) Objections Do Not Prevent Him from Filing Summary Judgment

Plaintiff suggests that summary judgment should be delayed because his Rule 72(a) objections remain unresolved. Doc. No. 267 at 1. But pending objections do not toll deadlines, and litigants routinely file dispositive motions while objections are outstanding. Moreover, fact discovery is closed, regardless of Plaintiff's position.

Plaintiff also identifies **no** excluded evidence that he cannot presently use, nor any ruling that actually prevents him from filing his motion. He simply prefers to wait for additional rulings before filing. But "[s]ummary judgment motions are decided on the record *as it stands*, not on the pleadings or on the nonmovant's vision of what facts might some day be unearthed by the litigation equivalent of an archeological dig." *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001) (emphasis added). Courts consistently hold that such strategic delay does not constitute good cause. "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004) (internal citations and quotations omitted).

To the extent Plaintiff contends that he cannot yet present evidence, Rule 56 provides a specific mechanism for relief. Under Rule 56(d), a party must submit an affidavit demonstrating good cause for the inability to present evidence, a plausible basis for believing that the evidence exists, and an explanation of why the additional facts are material. *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007). Plaintiff has submitted no such affidavit, nor has any

asserted evidentiary limitation impeded his ability to file his opposition papers. *See* Doc. Nos. 265, 266, 269, 270.

**C. The Government Shutdown Has No Relevance to Plaintiff's Ability to Prepare His Filing**

Plaintiff suggests that the Court's timing in ruling on his objections may be attributable to the federal government shutdown in October and November and implicitly invokes that circumstance as "good cause" for an extension. *See* Doc. No. 267 at 1. This argument fails. Plaintiff offers no evidence that any shutdown affected this Court's docket, and it plainly had no impact on Plaintiff's ability to prepare or file his opposition—or any of the seven filings he submitted during the shutdown period. *See* Doc. No. 265 and 266; *see also* Doc Nos. 247, 249, 253, 254, 260, 261, 262. Rule 16(b)(4) requires a showing that the asserted circumstance *actually* impaired the movant's ability to comply with the Court's deadline—not merely that external events occurred elsewhere in government.

### III. CONCLUSION

Plaintiff has not demonstrated good cause under Rule 16(b)(4) or Rule 6(b)(1). His request is untethered to any reasonable impediment and appears designed solely to delay the proceedings and reshape Court-ordered deadlines to suit his strategic preferences. Plaintiff's pattern of repetitive, unsupported filings further suggests an effort to multiply proceedings and impose unnecessary litigation costs on Defendant, rather than to advance the merits of his claims.

The Court should deny Plaintiff's renewed attempt to extend the Scheduling Order. Defendant further respectfully requests that the Court caution Plaintiff that continued filings of this nature—if pursued without a good-faith basis—may warrant sanctions.

        Respectfully submitted,

        DEFENDANT, DIEGO MASMARQUES, JR.,

        By his Attorney,

        */s/ Ashley A. Andrade*
        Ashley A. Andrade, Esq.
        ANDRADE LEGAL, LLC
        867 Boylston Street, 5th Floor #1119
        Boston, MA 02116
        BBO# 697189
        Phone: 617.206.1822
        Email: ashley@andrade-legal.com

Dated: December 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically on December 16, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

        */s/ Ashley A. Andrade*

        Ashley A. Andrade
        BBO # 697189