# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>    v.<br><br>**DIEGO MASMARQUES, JR.** a/k/a **DIEGO MAS HOWARD** a/k/a **RICKY MAS MARQUES** a/k/a **JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

## SUPPLEMENTAL DECLARATION OF AARON GREENSPAN IN SUPPORT OF OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR SUMMARY JUDGMENT

I, Aaron Greenspan, declare as follows:

1. I am the plaintiff in this action. I am a resident of the State of California and am competent to testify. I make this declaration based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. At all times relevant to this action, I did not have separate personal and business telephone numbers and I did not own a cell phone. Instead, I have always used an iPod Touch with Skype through a single telephone number as my personal and business phone. Once Skype was discontinued by Microsoft, I separated my personal and business telephone numbers.

3. My work involves communicating with journalists about a wide variety of topics, often behind the scenes and off the record concerning subjects completely unrelated to myself but with which I can often assist due to my ability to query records on PlainSite about a variety

1

of subjects. Not every one of the "50 to 100 times" I have spoken with different journalists described in my August 19, 2025 deposition was on-the-record or a formal interview, and not every one of those times was for an interview about me.

4. I have been involved as a party in previous litigation where each case has often spanned multiple courts and docket numbers.

a) Below is a table of related legal proceedings concerning an inaccurate book and subsequent movie about Facebook's origins:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 6/3/2014 | Court of Appeals for the First Circuit | 14-1596 | Greenspan v. Random House, Inc., *et al* |
| 2/6/2013 | Supreme Court of the United States | 12-965 | Greenspan v. Random House, Inc., *et al* |
| 5/11/2012 | Court of Appeals for the First Circuit | 12-1594 | Greenspan v. Random House, Inc., *et al* |
| 11/18/2011 | Massachusetts District Court | 1:11-cv-12000-RBC | Greenspan v. Random House, Inc., *et al* |

b) Below is a table of related, non-expunged legal proceedings concerning harassment and libel by Diego MasMarques, Jr.:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 1/20/2023 | Massachusetts District Court | 1:23-cv-10134-DJC | Greenspan v. MasMarques et al |
| 2/4/2020 | California Court of Appeal | H047904 | Mas Marques v. Greenspan |
| 7/29/2019 | Middlesex County Superior Court | 1981CV02204 | Mas Marques, Diego v. Greenspan, Aaron Jacob |
| 4/8/2019 | Marlborough District Court | 1921AC000120 | MasMarques v. Greenspan |
| 7/24/2018 | Ohio Northern District Court | 1:18-mc-00071-CAB | Digital Millennium Copyright Act to Copyright Agent, Namecheap, Inc., Legal Department |
| 4/4/2018 | Superior Court of California, County of Santa Clara | 18CH008067 | Greenspan v. MasMarques |

2

c) Below is a table of related legal proceedings concerning harassment and libel at the behest of Elon Musk and Tesla, Inc. based in part upon harassment and libel by Diego MasMarques, Jr.:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 7/31/2024 | California Northern District Court | 3:24-cv-04647-MMC | Greenspan v. Musk *et al* |
| 6/12/2024 | Superior Court of California, County of San Francisco | CGC-24-615352 | Aaron Greenspan v. Elon Musk *et al* |
| 2/24/2023 | Superior Court of California, County of Alameda | 23CV028370 | Musk, an individual v. Greenspan, an individual, *et al*. |
| 7/26/2022 | Court of Appeals for the Ninth Circuit | 22-16110 | Aaron Greenspan v. Omar Qazi, *et al* |
| 5/20/2020 | California Northern District Court | 3:20-cv-03426-JD | Greenspan v. Qazi *et al* |

d) Below is a table of various public-interest lawsuits involving Freedom of Information Act and/or public records law or rule violations:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 10/27/2025 | Court of Appeals for the D.C. Circuit | 25-5378 | Aaron Greenspan v. DOT, *et al* |
| 6/12/2023 | District of Columbia District Court | 1:23-cv-01816-BAH | Greenspan v. Executive Office for U.S. Attorneys *et al* |
| 7/12/2022 | Delaware Court of Chancery | 2022-0613-KSJM | Twitter, Inc. v. Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc. |
| 4/26/2022 | District of Columbia District Court | 1:22-cv-01153-RCL | Greenspan v. U.S. Securities and Exchange Commission |
| 2/3/2022 | District of Columbia District Court | 1:22-cv-00280-DLF | Greenspan v. U.S. Department of Transportation *et al* |
| 1/27/2022 | District of Columbia District Court | 1:22-cv-00216-APM | Greenspan v. U.S. Securities and Exchange Commission |
| 7/20/2021 | District of Columbia District Court | 1:21-cv-01968-TNM | Greenspan v. Board of Governors of the Federal Reserve System |
| 5/23/2014 | California Northern District Court | 5:14-cv-02396-JTM | Think Computer Foundation et al v. Administrative Office of the United States Courts *et al* |

e) Below is a table of legal proceedings concerning my defense against various individuals upset with their records being published on PlainSite:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 10/9/2024 | Superior Court of California, County of Los Angeles | 24CHRO02070 | Jones, Donray, Jr v. Greenspan, Aaron Jacob |
| 9/30/2024 | California Central District Court | 2:24-cv-08388-RGK-BFM | K. Lavender v. Aaron Greenspan *et al* |
| 4/11/2022 | USPTO Trademark Trial and Appeal Board | 92079458-CAN | Aaron Greenspan v. Melayna Lokosky |
| 3/22/2017 | California Northern District Court | 5:17-mc-80036-HRL | In Re: DMCA Subpoena to Sucuri, Inc. |

f) Finally, I have been personally involved in three (3) small claims actions about unrelated topics over a period of eighteen years.

5. Think Computer Corporation has been involved as a party in previous litigation where each case has often spanned multiple courts and docket numbers.

a) Below is a table of related legal proceedings concerning a trademark dispute with a company in Irvine, CA that began calling itself "Think Computer Products" shortly after Think Computer Corporation was incorporated:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 11/14/2007 | USPTO Trademark Trial and Appeal Board | 92048439-CAN | H. Co. Computer Products v. Think Computer Corporation |
| 11/7/2006 | USPTO Trademark Trial and Appeal Board | 91173792-OPP | Think Computer Corporation v. H. Co. Computer Products |
| 5/6/2002 | USPTO Trademark Trial and Appeal Board | 91125553-OPP | Think Computer Corporation v. H. Co. Computer Products, Inc. |

b) Below is a table of related legal proceedings concerning a dispute with Mark Zuckerberg and Facebook, Inc. over Facebook's origins and intellectual property:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 1/26/2011 | USPTO Trademark Trial and Appeal Board | 91198355-OPP | Facebook, Inc. v. Think Computer Corporation |
| 3/12/2009 | USPTO Trademark Trial and Appeal Board | 92050675-CAN | Think Computer Corporation v. Facebook, Inc. |
| 4/15/2008 | USPTO Trademark Trial and Appeal Board | 92049206-CAN | Think Computer Corporation v. Facebook, Inc. |

    c) Below is a table of related legal proceedings concerning a trademark dispute with United Business Media, LLC, which began using the name "Think Services" without permission:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 5/20/2009 | USPTO Trademark Trial and Appeal Board | 91190291-OPP | Think Computer Corporation v. United Business Media LLC Plaintiff |
| 5/6/2009 | USPTO Trademark Trial and Appeal Board | 92050924-CAN | Think Computer Corporation v. United Business Media LLC Plaintiff |
| 5/6/2009 | USPTO Trademark Trial and Appeal Board | 92050925-CAN | Think Computer Corporation v. United Business Media LLC Plaintiff |
| 5/6/2009 | USPTO Trademark Trial and Appeal Board | 92050926-CAN | Think Computer Corporation v. United Business Media LLC Plaintiff |

    d) Below is a table of related legal proceedings concerning a dispute with the formerly-named California Department of Financial Institutions over the constitutionality of the California Money Transmission Act of 2010, which was subsequently amended twice due in part to the litigation and my lobbying:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 1/30/2015 | Superior Court of California, County of Santa Clara | 2015-1-SC-059236 | Think Computer Corporation v. California Department Of Business Oversight, *et al* |
| 5/6/2013 | California Northern District Court | 5:13-cv-02054-EJD | Think Computer Corporation v. Dwolla, Inc. *et al* |
| 11/14/2011 | California Northern District Court | 5:11-cv-05496-HRL | Think Computer Corp v. Venchiarutti *et al* |

    e) Below is a table of related legal proceedings concerning a patent dispute with Square, Inc. over Think Computer Corporation's patented mobile payment technology, which it copied without permission:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 4/8/2016 | Court of Appeals for the Federal Circuit | 16-1818 | Think Computer Corporation v. Square, Inc. |
| 1/29/2015 | USPTO Patent Trial and Appeal Board | CBM2015-00067 | Square, Inc. v. Think Computer Corporation |
| 7/21/2014 | USPTO Patent Trial and Appeal Board | CBM2014-00159 | Square, Inc. v. Think Computer Corporation |
| 3/25/2014 | California Northern District Court | 3:14-cv-01374-EDL | Think Computer Corporation v. Square, Inc. |

    f) Below is a table of legal proceedings concerning Think Computer Corporation's defense against two individuals upset with their records being published on PlainSite:

| Filed | Venue | Case No. | Title |
|---|---|---|---|
| 8/14/2025 | Supreme Court of Maryland | SCM-PET-0244-2025 | Joe Johnson v. Spireon, Inc. |
| 7/2/2025 | Court of Appeals of Maryland | ACM-REG-0908-2025 | Think Computer Corporation d/b/a Plainsite v. Joe Johnson |
| 11/6/2024 | Court of Appeals of Maryland | ACM-REG-1754-2024 | Joe Johnson v. Think Computer Corporation d/b/a Plainsite |
| 10/4/2024 | Court of Appeals of Maryland | ACM-REG-1503-2024 | Joe Johnson v. Think Computer Corporation d/b/a Plainsite |
| Unknown (~2023) | Ohio Supreme Court | Unknown (Declined) | Shawn Weiler v. Google LLC, a California Corp. *et al* |
| 10/13/2022 | Ohio Court of Appeals | CA-22-112038 | Shawn Weiler v. Google LLC, a California Corp. *et al* |
| 10/6/2022 | Maryland District Court | 8:22-cv-02573-TDC | Johnson v. Think Computer Corporation |

| 9/23/2022 | Maryland District Court | 8:22-cv-02422-TDC | Johnson v. Think Computer Corporation |
| --- | --- | --- | --- |
| 7/20/2022 | Prince George's County Circuit Court | CAL22-21998 | Johnson v. Think Computer Corporation |
| 6/15/2022 | Prince George's County District Court | 05-02-0012322-2022 | Johnson, Joe v. Think Computer Corp |
| 5/13/2022 | Cuyahoga County Common Pleas Court | CV22963458 | Shawn Weiler v. Google LLC *et al* |

    g) Finally, beyond those seven core legal disputes, Think Computer Corporation has been involved in three (3) small claims actions about unrelated topics and one (1) trademark opposition proceeding over a period of eighteen years.

6.     I have no knowledge of the Spanish legal system and Defendant MasMarques has provided me with no documents in the discovery phase of this action, or at any other time, to support his assertions about his involvement with the Spanish legal system.

7.     I have personally witnessed Mr. MasMarques make false statements under oath about a variety of topics, including but not limited to legal matters. On September 10, 2019, as Exhibit C to my Motion for Sanctions in the Superior Court of California for the County of Santa Clara Case No. 18CH008067, I filed a table of 33 false statements by Mr. MasMarques made in or to that court.

8.     I have no knowledge of Mr. MasMarques's personal life except what has been reported in various news articles from Spain; that public records indicate that his family once lived in Germany and Spain and he married Mary Bulman, who recently passed away; and based on what he filed in court, that he has a brother in Germany and a son. I have never attempted to contact any of Mr. MasMarques's relatives.

9.     I have no knowledge of Mr. MasMarques's discovery of public records about him and Mr. MasMarques has provided me with no documents in the discovery phase of this action,

or at any other time, to support his assertions about his initial discovery of public records about him.

10. I have no knowledge of complaints filed to government agencies by Mr. MasMarques for which I do not already have the relevant documents and for which he has provided me with no documents in the discovery phase of this action, or at any other time.

11. Defendant MasMarques's July 3, 2018 request for a Cross-Temporary Restraining Order was not carefully evaluated by the Superior Court of California for the County of Santa Clara, as it is obvious that "hacking skills" involving a "computer" do not amount to a dangerous "weapon" posing a "threat of violence," let alone a physical "weapon" of any kind.

12. On July 20, 2018, I posted a notice pursuant to California Code of Civil Procedure § 128.5(f)(1) on Twitter, where I knew Mr. MasMarques would see it because he frequently used Twitter.

13. As of November and December 2018, the Superior Court of California for the County of Santa Clara did not allow public access to civil court records over the internet with limited exceptions for "complex" cases. Civil Harassment cases (those involving restraining orders) were not considered complex civil cases.

14. Judge Carol Overton incorrectly calculated the number of hearings in which I was represented by counsel and under California law should not have taken that factor into account when evaluating my request for attorney's fees besides.

15. I have never threatened anyone with violence or made any statement that any reasonable person would have interpreted as a threat of violence.

16. I do not know who authored the Ripoff Report post reflected in Exhibit 13 to the Declaration of Ashley Andrade but it is possible that Mr. MasMarques did.

17.     The staff assigned to the investigation of Think Computer Foundation by the Office of the Ohio Attorney General who still remained on the investigation—as one investigator asked to be re-assigned to a different unit in the middle, possibly because she found the investigation to be illegitimate and politically motivated given Think Computer Foundation's support for transparency around the affairs of Donald Trump—were incompetent and did not know how to distinguish negative from positive numbers, leading them to the false conclusion that I may have borrowed a large sum of money from Think Computer Foundation that, in fact, I never did.  Unable to prove that such non-existent borrowing took place, and without any related violation of law to charge, the remaining staff offered the option to dissolve the non-profit in Ohio but re-incorporate elsewhere, suggesting a political motivation behind the investigation while having used complaints such as Defendant MasMarques's as a pretext to open it in the first place.

18.     The Internal Revenue Service erroneously ignored several years worth of faxed correspondence in reply to serial CP259A notices entitled, "You didn't file a required annual tax return."  Each time I received such an erroneous notice on behalf of Think Computer Foundation, I responded immediately by completing and signing the section on page 4 of the notice that stated "My organization ceased operations," and faxed it back to the Internal Revenue Service at the fax number provided.  As of August 26, 2025, the Internal Revenue Service confirmed that it had ignored these submissions in error, by which point Think Computer Foundation had already been erroneously added to the Exempt Organization Auto-Revocation List.  I have since followed up with the Internal Revenue Service and was informed that Think Computer Foundation should be removed from the Exempt Organization Auto-Revocation List since it was only placed there due to the agency's serial errors.

19. The @AaronGreenspan Twitter account had approximately 2,000 followers, whereas the @PlainSite Twitter account had approximately 25,000 followers.

20. Omar Qazi was unaware of my existence before mid-January 2019.

21. I do not have editorial control over *The New York Times* or any other newspaper.

22. As Exhibit N, I have attached true and correct copies of excerpts from select filings in the Superior Court of California for the County of Santa Clara in Case No. 18CH008067.

23. As Exhibit O, I have attached true and correct copies of excerpts of select correspondence with law enforcement authorities in the Commonwealth of Massachusetts that omit pornographic and other attachments.

24. As Exhibit P, I have attached true and correct copies of select correspondence with the Internal Revenue Service regarding Think Computer Foundation.

25. As Exhibit Q, I have attached true and correct copies of relevant definitions of certain words from Oxford Languages.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct and that this declaration was executed on December 16, 2025 in San Francisco, California.

Dated: December 16, 2025                Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_____
Aaron Greenspan