**EXHIBIT N**

Select Filings From *Greenspan v. MasMarques*, Superior Court of California for the County of Santa Clara Case No. 18CH008067

FILED

2018 DEC -4 P 2: 10



M. Sorum

1  Diego Mas Marques
   PO Box 560042
2  Medford, MA 02156
3  56546@protonmail.com

4

5              **Superior Court of the State of California**

6                   **For the County of Santa Clara**

7                                                                      **BY FAX**

8  Diego Mas Marques                    ) Case No. 18CH008067
                                        ) Honorable Judge Deborah Ryan
9              Plaintiff,               )
                                        ) **Notice of Letter**
10     vs.                              )
                                        )
11                                      )
   Aaron Jacob Greenspan,               )
12                                      ) **DATE: November 29, 2018**
            Defendant.                  ) **DEPT: 11**
13                                      )
                                        )
14                    L H               )

15  _____

16                        **NOTICE OF LETTER**
17

18     Notice of Letter is hereby given that on November 29, 2018 at the Superior Court of Santa Clara,

19  191 North First Street, San Jose, California 95113, Plaintiff, respectfully requests the admission of

20  the accompanied letter with the attached documents, as proof of the ongoing harassment by Aaron

21  Jacob Greenspan. Plaintiff respectfully requests the Termination of the Restraining Order that was

22  acquired by Aaron Jacob Greenspan by way of fraud and lies on this court. Plaintiff was not served
23
    any documents in May of 2018. Plaintiff requests a permanent long term Restraining Order against
24
25  Aaron Jacob Greenspan for the safety and security of Plaintiff and his immediate family.

26  Respectfully submitted this 29th day of November, 2018.

27  Diego Mas Marques

28

                                 - 1 -
                              Notice of Letter

Diego Mas Marques
PO Box 560042
Medford, MA 02155

Honorable Judge Deborah Ryan
Superior Court of the State of California
For the County of California
191 North First Street
San Jose, CA 95113

Case No. 18CH008067


Honorable Judge Ryan,


The purpose of this letter is to communicate to Your Honor the incessant harassment, stalking, shaming, defaming and cyberbullying that myself and my immediate family have been enduring and receiving on a continuous and daily basis from the defendant Aaron Jacob Greenspan.

I received a Temporary Restraining Order on July 3, 2018 and since this date the continuous harassment and stalking by Aaron Jacob Greenspan and he has been consistently escalating his harassment and stalking tactics towards myself and my immediate family. Aaron Jacob Greenspan is relentless in his abusive behaviors, as he uses his computer to go on a harassment and stalking rampage towards myself and my family.

Attached with this letter you will find the abusive and harassing Tweets that Aaron Jacob Greenspan initiated at approximately 5pm on October 9, 2018 where he uploaded my home address on one of his Twitter accounts "plainsite@plainiste" and also uploaded my personal information on another one of his Twitter accounts "aarongreenspan@aarongreenspan". It should be noted that Aaron Jacob Greenspan uploaded my home address and other personal information on myself and my wife, such as her place of employment on the very same day that Aaron Jacob Greenspan was served the Restraining Order on October 9, 2018.

Aaron Jacob Greenspan even made an online comment that the Restraining Order was illegally served to him, by the Santa Clara Superior Court.

Every day since October 9, 2018 Aaron Jacob Greenspan has been uploading and posting my private information all over the search engines, using various methods, such as Twitter, gripe sites that apparently he has recently created since October, 2018. Aaron Jacob Greenspan still

to this day is posting my home address online on gripe sites, my wife's place of employment and much more.

Aaron Jacob Greenspan has gone so far as to upload pictures of me on his Twitter account and newspaper articles from Spain that he has somehow acquired by having hacked in to my msn email account in 2017. All of this information was not on any search engines since the early 2000's and it was on my msn email account that was hacked in to by Aaron Jacob Greenspan. These pictures and Spanish newspaper articles starting appearing on the search engines around January of 2018 and Aaron Jacob Greenspan has been relentless with the harassment and stalking. He simply refuses to stop doing all of this harassment, stalking and shaming towards myself and my family.

As far back as July 20, 2018 Aaron Jacob Greenspan posted a Tweet with his Twitter account aarongreenspan@aarongreenspan stating my name online and that he is threatening to sue me for monetary damages unless I retract all of my July 3, 2018 court filing.

On October 10, 2018 I filed a police report with my local police station to document this harassment by Aaron Jacob Greenspan. Shortly after doing this the local police started to arrive at my home. From what my Attorney told me here was that Aaron Jacob Greenspan has been relentlessly calling my local police station, courthouse, DA's Office and stating that he is a victim when he is the perpertrator of all of this constant and continuous harassment, stalking and online shaming and defaming. My Attorney explained to me that Aaron Jacob Greenspan at times was calling my local courthouse around 5 times a day insisting that they file charges against me, or otherwise he was going to sue the court and take the matter to the Massachusetts Superior Court.

Aaron Jacob Greenspan even called or emailed my local police station and told them that some picture came from my IP address. That is impossible, as I have not uploaded any type of picture that Aaron Jacob Greenspan is falsely accusing me of and making reference to.

Aaron Jacob Greenspan has been continuously contacting me by email since July 18, 2018 using a fake email amirnoy7@gmail.com, telling me that he is does not like Aaron Greenspan and that he is born in Israel and wanted to send me information on Aaron Greenspan in the form of attachments in these emails. There were many attachments and at first I did open some of them up, as he was quite convincing at first that he was not Aaron Greenspan. I have dozens of these emails from this email address and in one I asked him if he was Aaron Greenspan and with a play on words, he stated at first yes and then no. These emails from Aaron Jacob Greenspan continued until October 24, 2018.

On November 4 and 5th, 2018 Aaron Jacob Greenspan was at it again using another fake email account jasonterry5@gmail.com and admitting that he was now using another fake account like he did with the last one amirnoy7@gmail.com. I have contacted the FBI by phone and the Duty Officer at the Boston FBI Headquarters took down this information and was quite interested in these email addresses that came in my inbox with a circle with a line through them. The FBI

Duty Agent told me that he was going to give all of this information to the FBI Cyber Team to look in to. I also explained to the FBI Duty Agent in Boston that Aaron Jacob Greenspan called my local police station and told them that some picture came from my IP address and that he is a Hacker and has hacked in to my msn email account. I filed an FBI IC3 complaint on the matter of Aaron Jacob Greenspan having hacked in to my msn email account and this was confirmed completely when Aaron Jacob Greenspan has now started uploading this personal information that was only found in my msn email account, as the Spanish Media companies have not released any of this information on the search engines.

Also, on the same day that Aaron Jacob Greenspan was served the Restraining Order on October 9, 2018 he started upload copyright material that is all on Spanish and has now himself translated all of this copyright material in to English to fit his narrative and to harass, stalk, shame and defame me all over the search engines.

Aaron Jacob Greenspan has been uploading my personal data in a relentless manner for weeks on Twitter and on gripe site. Twitter at first suspended his account but after the suspension was lifted, Aaron Jacob Greenspan took to Twitter once again and in a relentless manner started to upload personal information on myself and my family. As a consequence Twitter then Blocked Aaron Jacob Greenspan's Twitter account and Twitter had him take down these Tweets that were not only a violation of Twitter's Terms & Conditions but also of the Restraining Order that was served on him on October 9, 2018 at the Santa Clara Superior Court.

On November 22, 2018 I found my home address posted on a gripe site once again by Aaron Jacob Greenspan and filed another police complaint.

I just found out that Aaron Jacob Greenspan has also been relentlessly contacting the Mayor's Office where I live and he is doing this both by phone and emails. The Assistant to the Mayor had continuously asked Aaron Jacob Greenspan to stop calling them but he does not listen to anyone and continued to contact the Mayor's Office making all kinds of derogatory comments about myself and my family, by communicating to them my personal information, in order to harass, stalk and shame me right where I live.

I have had to spend more money here hiring an Attorney to defend myself against all of Aaron Jacob Greenspan's continuous defamatory comments and his constant lies to my local police, courthouse, DA's Office, Mayor's Office and I'm sure that this individual is contacting other State Agencies and anyone who will listen to his lies, in order to create problems for me right where I live. Of course Aaron Jacob Greenspan is not going to communicate to anyone the methods and tactics that he has been continuously using and currently uses to harass, stalk, shame and defame myself and my family. Aaron Jacob Greenspan is pretending to be innocent and a victim, when the opposite is true.

Your Honor, I have attached a few of the Tweets that Aaron Jacob Greenspan has posted on Twitter but these are just the tip of the iceberg, as there are so many more. I have an entire

stack of documented proof of many more Tweets and derogatory comments that clearly demonstrates the continuous harassment, stalking, shaming and defaming by Aaron Jacob Greenspan. Over the last few weeks Aaron Jacob Greenspan has been calling me all kinds of derogatory names on these gripe sites where most of them have only just been created since October 9, 2018. Aaron Jacob Greenspan is also creating variations of my name so that all of his harassing and derogatory comments are spreading all over the search engines. As a matter of fact Aaron Jacob Greenspan did not remove all of his harassing Tweets and many have made their way to the search engines and now found not only under my name but many variations of my name, in order to further harass and stalk myself and my family in a relentless manner.

Your Honor, for the facts stated above, I am requesting that the Restraining Order acquired by Aaron Jacob Greenspan be Terminated, as he is using this as a pure retaliatory tool against myself and my family and is costing taxpayers a lot of money with his continuous false accusations, lies to the court and with all of his harassment and stalking he is causing myself and my family "to suffer substantial emotional distress" and causing social alarm with his continuous abusive behaviors of harassing, stalking shaming, defaming and cyber bullying tactics towards myself and my immediate family.

Your Honor, I respectfully request a long term Restraining Order against Aaron Jacob Greenspan with detailed conditions set in it that will put a stop to all of this uploading on the search engines of my personal information and copyright materials on myself and my immediate family, by Aaron Jacob Greenspan and remove all of the personal information and any and all derogatory comments made online by Aaron Jacob Greenspan towards myself and my immediate family.

Respectfully submitted on November 29, 2018

Diego Mas Marques

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/10/2019 4:04 PM
Reviewed By: M. Sorum
Case #18CH008067
Envelope: 3373688**

Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SANTA CLARA

**AARON GREENSPAN**,

     Petitioner,

     v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO
MAS HOWARD a/k/a RICKY**,

     Respondent.

Case No.: 18CH008067

Date:   October 7, 2019
Time:  1:30 P.M.
Dept.:  11
Judge:  Hon. Carol Overton

Date of First Filing: April 4, 2018

### MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AND REASONABLE EXPENSES INCLUDING ATTORNEY'S FEES

**I.    Introduction**

    Pursuant to California Code of Civil Procedure § 128.5, Petitioner Aaron Greenspan

moves for monetary sanctions against Respondent Diego MasMarques in an amount not less than

$9,276.72 to cover attorney's fees and costs. Petitioner is a data journalist whose work involves

publishing millions of court dockets and documents, including but not limited to public domain

materials involving Respondent's criminal conviction for murder in Spain and his subsequent

extradition to the United States, where Respondent served time in federal prison. Respondent

has a documented history of harassment, and has harassed Petitioner since approximately February

2017, including throughout the entirety of these proceedings despite the implementation of

consecutive temporary and permanent restraining orders against him.  Accordingly, Respondent is

facing new pending charges of criminal harassment and violation of a restraining order (referring

to a restraining order originating in this case) in Marlborough District Court in the

Commonwealth of Massachusetts.

Initial notice of this motion was made to the general public via Aaron Greenspan's

personal Twitter account (@AaronGreenspan) on July 20, 2018, as follows:

> "Pursuant to CA Code of Civil Procedure § 128.5, this is a NOTICE to DIEGO
> MASMARQUES that I plan to file a MOTION FOR SANCTIONS seeking
> monetary damages in the Superior Court of CA, County of Santa Clara, Case No.
> 18CH008067, unless his July 3 filings are retracted in 21 days."

On December 12, 2018, Respondent MasMarques acknowledged before this Court that he had

received this notice.  December 12, 2018 Tr. 130:6-19.  Nonetheless, Respondent did not

withdraw his frivolous and baseless July 3, 2018 cross-request for a temporary restraining order

("TRO") against Petitioner, and caused the Court and Petitioner to endure more than ten hours

of avoidable hearing testimony over the course of ten months.  During Respondent's testimony,

Respondent perjured himself no fewer than thirty (30) times.  Respondent's cross-request for a

permanent restraining order against Petitioner was ultimately denied by this Court on August 30,

2019.  Even so, Respondent proceeded to petition for a restraining order against Petitioner in

*another* case which he secretly initiated on July 29, 2019 in the Superior Court of Middlesex

County, Massachusetts.  Respondent's frivolous complaint in that duplicative, parallel case was

dismissed on September 10, 2019.

## II.  Factual and Procedural Background

### A. Diego MasMarques, Jr. Plots Revenge

Respondent began harassing Petitioner via e-mail, telephone, and through on-line posts in

approximately February 2017 after he discovered that Petitioner's website, PlainSite, was one of

many sites that had posted public records involving his criminal record in federal court.  On

January 7, 2018, Respondent posted at least two messages to the website ComplaintsBoard.com

using the pseudonym "Aaron Greenspan is Insane."  The first message read as follows:

> "Everybody! We have to work together to shut plainsite.org and the fraudulent
> 501c Think Computer down once and for all. How are we going to do it? First by
> filing massive amounts of complaints with the FBI's IC3, FCC and FTC. Second
> by filing massive amounts of complaints with employer of Aaron Greenspan's
> father Neil S Greenspan and with the local authorities in Ohio and California
> including the Attorney General's Offices.
> Third by posting the photos of Aaron Greenspan on the web. If he Hacks in to the
> websites which by the way he has been doing to remove photos then we will
> resort to creating our own websites that can easily be made online. People need to
> realize that Aaron Greenspan is also associated with another vicious website called
> leagle.com and that this Nut is extremely vindictive. What that means is that he
> will resort to altering and uploading the legal information on his vicious website
> plainsite.org and will intentionally defame and shame all non-jews. We have
> observed that Aaron Greenspan does not do this to other Jews only to non-Jews. If
> he finds out that he posted something that defames a Jew he immediately removes
> the information from the web. This guy is extremely racist and hater people and
> most of all hates himself. That's understandable.
> We should have Aaron Greenspan locked up in a Psychiatric Hospital for
> observation for an undetermined period of time. He should not be allowed any
> access to computers, smart devices and most definitely no access to anyone's
> information Ashe enjoys destroying people's livelihoods and families.
> We have freedoms in the US that is true but Aaron Greenspan has intentionally
> abused these freedoms and the rights of other people."[1]

The second message followed up on the plans outlined in the first:

> "That's what we need to do is get his insane parents **fired from their jobs**. This
> family belongs in a mental institution" (emphasis added).

Numerous additional messages posted in the months that followed—messages that

included Petitioner's contact information as well as his family members' contact information—

reiterated these themes alongside calls for harassment and grotesque false accusations.  These posts

---

[1] *See* https://www.complaintsboard.com/complaints/wwwplainsiteorg-they-posted-wrong-details-about-me-they-ruined-my-life-c783354.html#c2077190.  Despite Respondent denying authorship in Middlesex County Superior Court during a hearing on September 10, 2019, the phrase "FBI's IC3, FCC and FTC" in the first post above verbatim matches a PlainSite Contact Us form submission delivered to Petitioner as an e-mail on March 14, 2017. The form submission was completed by Respondent as "Diego MasMarques" with telephone number "+1 617 416 8670" and the e-mail address "87764a@gmail.com", in which Respondent wrote, "Remove my hand written signature that you have allowed to on the web. I will give your fucking website three days until this Friday March 16, 2017 to remove my handwritten signature from the web, otherwise I will be filing a complaint with the Attorney General's Office, **FBI's IC3, FCC and FTC**" (emphasis added).  Respondent has further admitted to using ComplaintsBoard.com, and several of Respondent's e-mail addresses are tied to unknown accounts on the site, preventing a new user from signing up with them.  February 28, 2019 Tr. 66:27-67-10.

clearly articulated Respondent's desire to exact revenge on Petitioner, for doing nothing more than legally posting public domain materials, by filing "massive amounts" of fraudulent complaints regarding Petitioner with various civil government and criminal law enforcement agencies. They also touched on themes that Respondent had frequently invoked, and continues to invoke, in his harassment of Petitioner: a supposedly fake non-profit organization, a false allegation of Petitioner's involvement with a website called leagle.com, conspiracy theories about hacking, the false notion that Petitioner requires psychiatric treatment, and various anti-Semitic remarks. These themes also manifest in Respondent's frivolous and false filings before this Court.

A multitude of individuals, including but not limited to Respondent, have in fact harassed Petitioner and his family in the manners described above. This harassment continues to this day.

**B. The Initial Restraining Order Against Diego MasMarques, Jr.**

After enduring increasingly threatening harassment for over a year, and approximately three months after Respondent authored the above posts, Petitioner requested a temporary restraining order from this Court on April 4, 2018. Petitioner accurately indicated that Respondent posed a threat of violence based both on the messages he had transmitted, which included profanity and implicit threats of physical violence, and his documented criminal history. The request was summarily granted. Petitioner hired Francis J. Trapasso & Associates (the "Process Server") to serve Respondent at his home in Marlborough, Massachusetts. The Process Server made five attempts to serve Respondent in April 2018 at the correct address, and left a card with Respondent's wife, Mary MasMarques, on two occasions. Respondent himself would not consent to service by accepting the paperwork. Petitioner then hired the Middlesex County Sheriff's Office to effect service of process. On its own accord, the Middlesex County Sheriff's Office conducted a "Diligent Search" on May 4, 2018 and determined that "Diego MasMarques" lived in Medford, Massachusetts. On May 19, 2018, Deputy Sheriff Stephen F. Hickey served Diego MasMarques at 1 Walkling Court, Apartment F, Medford, MA 02155.

Respondent later argued that the "Diego MasMarques" served was his father, Diego MasMarques, Sr., who does live in Medford. Petitioner sent copies of newspaper photographs of Diego MasMarques, Jr. to the Middlesex County Sheriff's Office, which compared them to their photographs on file internally and the recollection of Deputy Sheriff Hickey, who confirmed to Petitioner that he had served the correct individual: Respondent Diego MasMarques, Jr.

When the Marlborough Police Department additionally attempted to serve Respondent with the restraining order against him via telephone, Respondent reportedly hung up on Sergeant Zachary Attaway before Seargeant Attaway could read the contents of the documents to him.

Nonetheless, while using PlainSite on April 8, 2018 starting at 9:52:33 P.M. Eastern Daylight Time, Respondent downloaded the relevant paperwork that comprised the service packet from his home IP address, 24.60.59.25,[2] using a Mac OS X-based computer and the Safari web browser. Respondent was therefore on notice that the initial TRO against him was in effect as early as April 8, 2018. This activity is reflected in the PlainSite Apache server logs.

## C. The Fraudulent Cross-Request

Incensed by the issuance of a permanent restraining order against him by this Court on June 19, 2018, Respondent decided to follow through with his aforementioned plan to retaliate against Petitioner by filing a baseless and fraudulent restraining order cross-request of his own. On July 3, 2018, he filed Forms CH-600 (Request to Terminate Civil Harassment Restraining Order), CH-610 (Notice of Hearing on Request to Terminate Civil Harassment Restraining Order), and CH-100 (Request for Civil Harassment Restraining Orders) (collectively, the "Cross-Request"). Petitioner responded on July 18, 2018 by filing a Motion to Strike pursuant to California Code of Civil Procedure section 435.5, which outlined the numerous false statements in Respondent's filings, and which is incorporated here by reference. On August 14,

---

[2] As reflected in Trial Exhibit 12, the Comcast Legal Response Center replied to a subpoena from the Middlesex County District Attorney's Office on July 27, 2018 confirming that the IP address 24.60.59.25 is associated with Respondent's home address.

2018, the Court conducted a hearing where Petitioner was represented by Katrina Saleen (making a special appearance) and Respondent appeared via telephone *pro se*. The Court declined to rule on the Motion to Strike and allowed for a future hearing "to make a determination of the credibility of the witnesses." August 14, 2018 Tr. 4:21-23. That next hearing took place on October 9, 2018, by which point Respondent had failed to serve Petitioner with notice of the Cross-Request and associated documents. Petitioner appeared at the October 9, 2018 hearing *pro se* and waived service of the Cross-Request, but the Court's schedule was too impacted to hear the matter in full. Another hearing date was set for December 12, 2018.

On December 12, 2018, Respondent—who had flown to San Jose from Massachusetts to appear *pro* se—was given the opportunity to withdraw his Cross-Request. He declined. December 12, 2018 Tr. 8:2-3. Due to Respondent's obfuscatory rambling and countless false statements, the hearing did not conclude even after 3.5 hours and was continued to February 28, 2019. In February, the hearing once again did not conclude for similar reasons and was again continued to May 2, 2019. Hearing testimony finally concluded at 5:00 P.M. on May 2, 2019. The parties opted to waive the opportunity to file trial briefs, choosing instead to allow the Court to make its decision based on the existing case record.

On August 30, 2019, the Court rendered a decision to enforce a two-year restraining order against Respondent and to deny the Cross-Request. On September 9, 2019, Respondent filed a supposed Notice of Hearing regarding a motion for reconsideration of the Court's August 30, 2019 Order, but as with every other filing made in the case, Respondent failed to serve Petitioner.

**D. Parallel Proceedings in Marlborough District Court in the Commonwealth of Massachusetts**

During the months between each hearing subsequent to Respondent's filing of his fraudulent Cross-Request, Respondent continued to post harassing materials concerning

Petitioner and his family members in violation of the sequential restraining orders against him. These materials encouraged others to post further materials, to make more phone calls, file more baseless complaints, and send more e-mails, all of which happened.  Ultimately, the Marlborough Police prosecutor filed an application for a criminal complaint against Respondent before the Marlborough District Court, Docket No. 1821AC000354, on November 15, 2018.  On November 28, 2018, First Assistant Clerk Magistrate Daryl Whitney conducted a hearing and determined that probable cause existed for the charges against Respondent to issue, which they did on Docket No. 1821CR001157.  Again outraged, Respondent retaliated by filing his own application for criminal charges against Petitioner, since the police refused to file charges on his behalf.  Via telephone, another probable cause hearing was held before the Marlborough District Court on May 9, 2019 concerning Respondent's suggested charges against Petitioner in Docket No. 1921AC000120.  On May 15, 2019, Petitioner's Motion to Dismiss was granted and First Assistant Clerk Magistrate Daryl Whitney found that there was no probable cause for any charges to issue.  *See* Exhibit A.

Respondent's criminal charges in Massachusetts remain pending.  In his criminal case, Respondent has cycled through three attorneys who have withdrawn so far (Francis M. Doran, Steven C. Goldwyn, and Brian E. Murphy), and is now represented by a fourth (Paul J. Gannon).

### E.  Ongoing Harassment by Respondent

No matter how many restraining orders are imposed against him, Respondent simply refuses to stop harassing Petitioner and Petitioner's family.  In addition to the absurd, fraudulent and baseless application for criminal charges against Petitioner, Respondent has filed similarly fraudulent and baseless complaints concerning petitioner with:

    1.  The San Francisco, California Police Department (at least two times)

    2.  The San Jose, California Police Department

    3.  The Shaker Heights, Ohio Police Department

4. The Secretary of State of Delaware

5. The Ohio Attorney General's Office

6. The Arkansas Attorney General's Office

7. The California Attorney General's Office

8. The Department of the Treasury, Internal Revenue Service (at least three times)

9. The Attorney General of the United States

10. The Federal Bureau of Investigation

11. The United States Attorney for the Northern District of California

12. The Office of Senator Dianne Feinstein

13. The Office of Senator John Kennedy

14. The Office of Senator Christopher Coons

15. The Office of Senator Tom Carper

16. The Office of Senator Ed Markey

17. An Unknown Authority (seeking to have Petitioner involuntarily committed to a

psychiatric institution)

Petitioner also directly caused others to file fraudulent and baseless complaints with:

18. The Pennsylvania Attorney General's Office

19. The United States Department of Health and Human Services Office of Civil

Rights (regarding a false accusation against Petitioner's father, Dr. Neil Greenspan,

who does not see patients, for supposedly violating HIPAA)

20. Case Western Reserve University (falsely accusing Dr. Greenspan of extortion)

21. University Hospitals of Cleveland (falsely accusing Dr. Greenspan of extortion)

As a result of these fraudulent filings, constituting a grotesque abuse of process, Petitioner's

non-profit organization has also been subjected to pointless audits by both the Ohio Attorney

General's Office and the Internal Revenue Service. *See* Trial Exhibit 21; Cross-Request pp. 11-12.

# III. **Argument**

Sanctions under Code of Civil Procedure § 128.5 apply to "bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay," including "cross-complaint[s]." California Code of Civil Procedure § 128.5. "A determination of frivolousness requires a finding the motion is 'totally and completely without merit' (§ 128.5, subd. (b)(2)), that is, 'any reasonable attorney would agree such motion is totally devoid of merit.' (*Karwasky v. Zachay* (1983) 146 Cal.App.3d 679, 681, 194 Cal.Rptr. 292.)" *Decker v. UD Registry, Inc.* (2003) 129 Cal. Rptr. 2d 892, 898.

## A. Respondent's Cross-Request Was Frivolous On Its Face

As described fully in Petitioner's July 18, 2018 Motion to Strike, Respondent's Cross-Request was frivolous on its face. The Motion to Strike highlighted fourteen (14) discrete problems and/or falsehoods within the Cross-Request, in addition to a blanket allegation of "hacking" Respondent's MSN e-mail account (which was completely false), as well as a partial admission of guilt by Respondent (in the form of Respondent admitting that he posted several items on ComplaintsBoard.com regarding Petitioner, though he claimed he could not recall any details). May 2, 2019 Tr. 56:28-57:4.

In general, the Cross-Request was frivolous because it failed to provide any evidence whatsoever that Petitioner had committed the alleged acts of "harassment" that Respondent put forth. In fact, Petitioner made no "phone calls" to or "request[s for] money" from Respondent, nor did Petitioner instruct anyone else to make such calls or requests. Respondent simply fabricated these allegations. Similarly, the allegations of "selective" uploading, of stalking, terrorizing, and intentionally defaming Respondent—all part of his Form CH-100 submission— were fabrications. "A complete lack of evidence to substantiate key allegations of [a claim] is sufficient ground for imposition of sanctions for the filing of a frivolous pleading." *580 Folsom*

*Assocs. v. Prometheus Dev. Co.* (1990) 223 Cal.App.3d 1, 22; *Frank Annino & Sons Constr. v. McArthur Rests.* (1989) 215 Cal.App.3d 353, 359.

Combined with the January 2018 ComplaintsBoard.com posts outlining Respondent's desire to harass Petitioner and his family with false complaints to the point where Peititioner's parents would be "fired from their jobs," the fact that Respondent's Form CH-100 contained so many outright falsehoods is *prima facie* evidence that the Cross-Request was submitted to the Court for several improper purposes: namely, to further harass Petitioner, to harass Petitioner's family, and to cause delay. Unfortunately, using the Court as one of his instruments, Respondent was successful. Instead of accepting the terms of the permanent restraining order of June 19, 2018, Respondent needlessly dragged Petitioner and/or Petitioner's counsel to hearings on August 14, 2018, October 9, 2018, December 12, 2018, February 28, 2019, and May 2, 2019.

## B. Respondent Has Failed To Serve Petitioner With Any Documents

Furthermore, since Respondent refused to serve *any* of his filings on Petitioner throughout these proceedings, and because the Santa Clara County Superior Court does not make its case materials available electronically for non-complex matters, Petitioner has had to drive two hours round trip repeatedly just to obtain the case materials Respondent had filed, further wasting Petitioner's time and money. Respondent was and is hardly ignorant of issues concerning service of process; in fact, he is an expert when it comes to evasion of service as described previously. Deliberate failure to notify the target of a restraining order is evidence of bad faith. *Brewster v. Southern Pacific Transportation Co.,* 235 Cal.App.3d 701, 714 (1991).

## C. Respondent Undercut This Court By Going Judge Shopping—Again

On July 29, 2019, while this Court was still evaluating its ruling in the case, Respondent quietly went to the Superior Court of Middlesex County, Massachusetts to request *another* restraining order against Petitioner. *See* Exhibit B. Once again, an initial, limited TRO expiring August 6, 2019 was granted based on Respondent's false representations, and then another, finally

expiring on September 5, 2019.[3] Just as Respondent had no intent of abiding by the rulings of the two federal judges who ruled against him in 2015, Respondent clearly had no intention of honoring this Court's decision, whatever it ended up being.

Furthermore, true to form, Respondent did not serve Petitioner with any papers in this parallel proceeding. Petitioner only discovered its existence on September 3, 2019, when the Middlesex County Superior Court sent a notice by mail. Unbeknownst to Petitioner, a hearing was already scheduled for September 5, 2019 (not even mentioned in the notice), and it was the *fourth* hearing to take place in the case. Petitioner filed a Motion to Strike Respondent's complaint on September 4, 2019, and on September 10, 2019, Respondent's complaint was dismissed.

### D. Respondent Has Lied Under Oath Constantly During These Proceedings

Unfortunately, nothing Respondent says can be trusted. Throughout these proceedings, Respondent has lied under oath constantly, and has compounded his lies by falsely accusing Petitioner of lying. *See* Exhibit C. While the Court waited on court reporters to be available for each subsequent hearing, Respondent authored thousands of posts harassing Petitioner using hundreds of aliases on dozens of websites. He then appeared in Court, swore an oath to tell the truth, and blamed Petitioner for supposed harassment. Respondent repeated this act on February 28, 2019 and May 2, 2019.

### E. The Requested Fees Are Reasonable

Petitioner requests court costs and fees that are far below market rate. The "reasonable hourly rate" for attorney services is "that prevailing in the community for similar work." *PLCM Group v. Drexier*, 22 Cal.App.4th 1084 at 1195 (2000). Attorney Timothy Broderick's rate of $400.00 per hour is entirely reasonable under the lodestar method. Similarly, at the Ohio-based

---

[3] Respondent was forced to choose that particular court because the Marlborough District Court, closer to his home, had already dismissed his frivolous application for criminal charges against Petitioner.

firm of Krugliak, Wilkins, Griffiths & Dougherty Co., LPA, Attorney Nate Tucker's $195.00 per

hour rate is reasonable, and Attorney David J. Lewis's $340.00 per hour rate is reasonable.  The

remaining charges represent fees and costs incurred by Petitioner on account of Respondent's

unlawful behavior.

The fees and costs requested are as follows:

| Date | Description | Amount |
|------|-------------|--------|
| 4/4/2018 | Court Round-Trip Gas (from San Jose) | $0.58 |
| 4/4/2018 | Court Street Parking | $4.00 |
| 4/9/2018 | Francis J. Trapasso & Associates | $75.00 |
| 4/24/2018 | Court Round-Trip Gas (from San Jose) | $0.58 |
| 4/27/2018 | Francis J. Trapasso & Associates | $75.00 |
| 5/2/2018 | Francis J. Trapasso & Associates Refund | ($75.00) |
| 5/3/2018 | Middlesex County Sheriff's Office | $75.00 |
| 6/1/2018 | Middlesex County Sheriff's Office | $25.00 |
| 6/19/2018 | Court Round-Trip Gas (from San Jose) | $0.58 |
| 6/19/2018 | Court Street Parking | $4.00 |
| 6/19/2018 | Envelope: Service by Mail | $0.10 |
| 6/19/2018 | Postage: Service by Mail | $0.50 |
| 6/25/2018 | San Jose Police Department Public Records Fee | $0.78 |
| 7/18/2018 | OneLegal: Service by E-Filing | $2.00 |
| 7/20/2018 | OneLegal: Service by E-Filing | $2.00 |
| 7/24/2018 | DMCA Subpoena Filing Fee | $47.00 |
| 9/4/2018 | Court Round-Trip GCRTA | $5.00 |
| 10/9/2018 | Court Round-Trip CalTrain (from San Francisco) | $19.90 |
| 12/6/2018 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 12/6/2018 | Court Street Parking | $3.00 |
| 12/6/2018 | Deanne Helgesen: June Transcript | $24.30 |
| 12/6/2018 | Envelope: June Transcript | $0.10 |
| 12/12/2018 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 12/12/2018 | Court Garage Parking | $16.00 |
| 12/12/2018 | Timothy Broderick: Legal Representation | $2,500.00 |
| 2/18/2019 | Kathy Keay: December Hearing Transcript | $500.00 |
| 2/18/2019 | Postage: December Hearing Transcript | $0.50 |
| 2/18/2019 | Envelope: December Hearing Transcript | $0.10 |
| 2/28/2019 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 2/28/2019 | Court Garage Parking | $14.00 |
| 2/28/2019 | Timothy Broderick: Legal Representation | $2,200.00 |
| 3/4/2019 | Lisa Brown: February Hearing Transcript | $245.70 |
| 3/4/2019 | Postage: February Hearing Transcript | $0.55 |
| 3/4/2019 | Envelope: February Hearing Transcript | $0.10 |
| 3/8/2019 | OneLegal: Service by E-Filing | $2.00 |
| 3/19/2019 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 3/19/2019 | Court Street Parking | $0.00 |
| 4/2/2019 | OneLegal: Service by E-Filing | $2.00 |
| 4/8/2019 | OneLegal: Service by E-Filing | $2.00 |
| 4/9/2019 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 4/9/2019 | Court Street Parking | $1.75 |
| 4/17/2019 | Kathy Keay: August and October Hearing Transcripts | $50.00 |
| 4/22/2019 | Krugliak, Wilkins, Griffiths & Dougherty Co., LPA: Legal Retainer | $3,000.00 |
| 5/2/2019 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 5/2/2019 | Court Garage Parking | $13.00 |
| 5/10/2019 | OneLegal: Service by E-Filing | $2.00 |

| | | |
|---|---|--:|
| 5/13/2019 | OneLegal: Service by E-Filing | $6.00 |
| 5/20/2019 | Amy Gooding: May Hearing Transcript | $332.10 |
| 5/20/2019 | Postage: May Hearing Transcript | $0.55 |
| 5/20/2019 | Envelope: May Hearing Transcript | $0.10 |
| 8/13/2019 | Postage: DMCA Subpoena Documents | $2.05 |
| 8/23/2019 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 8/23/2019 | Court Street Parking | $4.00 |
| 8/28/2019 | OneLegal: Service by E-Filing | $2.00 |
| 9/4/2019 | Court Round-Trip Gas (from San Francisco) | $11.10 |
| 9/4/2019 | Court Street Parking | $2.00 |
| **TOTAL** | | **$9,276.72** |

The summary breakdown of these fees and costs is as follows:

| Description | Amount |
|---|--:|
| Attorney's Fees | $7,700.00 |
| Transcript Fees | $1,152.10 |
| Service of Process Fees | $195.00 |
| Filing Fees | $47.78 |
| Transportation | $115.44 |
| Parking | $61.75 |
| Office Supplies & Postage | $4.65 |
| **TOTAL** | **$9,276.72** |

In addition, at its discretion, the Court should levy a substantial punitive monetary sanction against Respondent to discourage further frivolous filings and to cover potential costs associated with Respondent's latest requested hearing in this Court on October 7, 2019.

**IV.** **Conclusion**

To avoid potentially costly legal proceedings, all Respondent Diego MasMarques, Jr. needed to do was leave Petitioner Aaron Greenspan and his family alone. He actively refused, insisting on following through with his criminal plan to exact revenge. Given that Respondent has acted consistently in bad faith throughout these proceedings as set out in his January 2018 posts, Petitioner respectfully requests that Respondent reimburse him $9,276.72 plus a substantial punitive monetary sanction to discourage further frivolous filings, plus any future fees and costs Petitioner may incur if Respondent opposes this motion.

Respectfully submitted this 10th day of September, 2019.

Aaron Greenspan
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**<u>EXHIBIT C</u>**
Chart of False Statements by Respondent Diego MasMarques, Jr.

**Santa Clara County Superior Court Case No. 18CH008067**
**Greenspan v. MasMarques**
False Statements by Mr. MasMarques

| No. | Lie by Mr. MasMarques | Source(s) | Contradictory Evidence |
|---|---|---|---|
| 1 | Aaron Greenspan is extorting people | Various Harassing Posts; Ohio Attorney General Complaint | Mr. MasMarques tried to bribe Aaron Greenspan on May 3, 2017, who refused to accept any money in exchange for content removal |
| 2 | "Q: Did you call [Aaron Greenspan] a parasite? A: No." | February 28, 2019 Transcript 83:15-17 | On March 13, 16, 20 and 2017, Mr. MasMarques sent five different messages through the PlainSite Contact Us form using the word "parasite" |
| 3 | "Q: Did you call [Aaron Greenspan] a sociopath? A: No." | February 28, 2019 Transcript 83:18-19 | The word "sociopath" has been used on at least 100 posts authored by Mr. MasMarques |
| 4 | Mr. MasMarques was convicted of *involuntary* manslaughter | December 12, 2018 Transcript 33:5-21; February 28, 2019 Transcript 27:8-15 | PACER metadata states "Voluntary Manslaughter," as does the Court's opinion (Trial Exhibit 16). PACER document states that the United States Sentencing Commission considered the crime "murder." |
| 5 | Aaron Greenspan has published sealed documents | July 3, 2018 Form CH-100 Page 3 | Posted documents are not sealed; no sealed documents are posted. |
| 6 | Aaron Greenspan is guilty of tax evasion | February 28, 2019 Transcript 12:22-23 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 7 | Aaron Greenspan owns a weapon (i.e. a gun) | July 3, 2018 Form CH-100 Page 3 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 8 | Aaron Greenspan owns Leagle.com | Ohio Attorney General Complaint; Arkansas Attorney General Complaint; Massachusetts Criminal Charges Application | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 9 | Aaron Greenspan hacked Mr. MasMarques's MSN email account | February 28, 2019 Transcript 47:6-7, IC3 Complaint attached to July 3, 2018 Form CH-100; July 3, 2018 Form CH-610 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 10 | Aaron Greenspan hacked into "legal database of [Orrick]" (law firm in ConnectU case) | February 28, 2019 Transcript 47:25-27 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 11 | Aaron Greenspan selectively uploads of only the most negative legal documents | July 3, 2018 Form CH-100 Pages 1, 3; December 12, 2018 Transcript 128:25-28 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 12 | Aaron Greenspan harassed Mary Bulman by phone | July 3, 2018 Form CH-100 Page 2 | Mr. MasMarques has provided no proof; it did not happen. (Impossible to prove a negative.) |
| 13 | Mary Bulman was not served | December 12, 2018 Transcript 21:11-24; Affidavit of "Mary Mas Marques" Filed August 3, 2018 attached to Form CH-610 | April 19, 2018 Declaration of Robert Bolivar, Constable, describing Mary Bulman, Wife as "white female, brown hair, 40's, 5'7, 200 lbs" |
| 14 | "Mr. Greenspan is taking my name…and he's altering it to no end. He's changing my first name to Rick…" | February 28, 2019 Transcript 37:23-25 | Used "Rick" in 2011 in John. J. O'Connor & Son Funeral Home Notice, as well as rickymas@msn.com e-mail, as well as signing messages "Rick" |
| 15 | Aaron Greenspan has uploaded documents about Mr. MasMarques to third-party websites | July 3, 2018 Form CH-600 / Form MC-025, Page 4 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 16 | Aaron Greenspan has specifically "made sure that [documents] are coming up under my | February 28, 2019 Transcript 38:7-10 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |

| | | | |
|---|---|---|---|
| | wife's name [on search engines]." | | |
| 17 | Aaron Greenspan runs a fake/fraudulent non–profit organization | Various Harassing Posts; July 3, 2018 Form CH-600 / Form MC-025, Page 4 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 18 | "Attorney's Fees: 7,500; Court Costs: 2,000" | July 3, 2018 Form CH-600 Page 3; July 3, 2018 Form CH-100 Page 5 | Mr. MasMarques has not been represented by counsel in these proceedings and has not paid any court costs |
| 19 | Aaron Greenspan "stalked" Mr. MasMarques after the December 12, 2018 hearing | March 26, 2019 Declaration of Diego MasMarques (Filed March 27, 2019) and attached Declaration of John X. Haro | April 2, 2019 Declaration of Aaron Greenspan and attached receipts |
| 20 | Aaron Greenspan has posted pictures of another person under Mr. MasMarques's name on gripe sites with comments | February 28, 2019 Transcript 39:24–41:4 | Mr. MasMarques has provided no proof; it is not true. (Impossible to prove a negative.) |
| 21 | Aaron Greenspan insisted on taking Mr. MasMarques's photograph in court | February 28, 2019 Transcript 43:22–44:3 | Mr. MasMarques has provided no proof; it is not true. He could not possibly have heard anything I said from inside the elevator. |
| 22 | "There was never a picture of [Mr. MasMarques] online at all." | February 28, 2019 Transcript 47:11 | There are several pictures of Mr. MasMarques freely available online on the website of *Ultima Hora*. |
| 23 | "Q: Do you have any other names or aliases that you use or have used in the last three years? A: No." | February 28, 2019 Transcript 63:19–21 | Numerous e-mails from various aliases associated with Mr. MasMarques's name and/or IP address; numerous gripe site posts under various aliases. |
| 24 | "I only [posted on ComplaintsBoard] one time. That's it." | February 28, 2019 Transcript 68:20 | Numerous posts associated with Mr. MasMarques's writing style; at least two ComplaintsBoard accounts already associated with Mr. MasMarques's known e-mail address. |
| 25 | "I have no social media at all." | February 28, 2019 Transcript 68:23 | @badbadwebsites Twitter account; @R62607249 Twitter account |
| 26 | "Q: Did you ever search for images of Mr. Greenspan's father, Dr. Neil Greenspan? A: No, I did not." | February 28, 2019 Transcript 77:19–21 | Server logs in Trial Exhibit 11 |
| 27 | "Q: Did you ever access an image of Dr. Greenspan? A: No, I did not." | February 28, 2019 Transcript 77:22–23 | Server logs in Trial Exhibit 11 |
| 28 | Aaron Greenspan is a vexatious litigant | Various Harassing Posts; March 28, 2019 Motion Filed by Mr. MasMarques | Fails to meet the statutory definition of vexatious litigant |
| 29 | "There's another [criminal charge] that's going to be dismissed next month in June." | May 2, 2019 Transcript 31:17–18 | No criminal charges in the Marlborough District Court against Mr. MasMarques have been dismissed as of September 10, 2019. |
| 30 | "I'm not the one being charged, your Honor." | May 2, 2019 Transcript 32:23–24 | Mr. MasMarques is being criminally charged on multiple counts. |
| 31 | "Q: How many accounts do you have on ComplaintsBoard? A: One. One. I think one account." | May 2, 2019 Transcript 56:28–57:2 | More than one e-mail address Mr. MasMarques has disclosed to the Court is already in use on ComplaintsBoard.com. |
| 32 | "Q: Do you control the Twitter account @badbadwebsites, which was established on or around March 30th, 2018? A: No." | May 2, 2019 Transcript 57:13–57:15 | The @badbadwebsites posted harassing materials regarding Petitioner and Dr. Greenspan with the exact same writing style as Mr. MasMarques's court filings and other fake accounts |
| 33 | "I don't have anything to do with these names that he's saying." | May 2, 2019 Transcript 64:24–25 | The harassing and threatening e-mail messages sent from "Vincent Bellomo" were sent from Mr. MasMarques's IP address. |

Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/10/2020 2:51 PM
Reviewed By: M. Sorum
Case #18CH008067
Envelope: 4009237**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA

**AARON GREENSPAN**,

    Petitioner,

    v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY**,

    Respondent.

Case No.: 18CH008067

Date: April 7, 2020
Time: 2:00 P.M.
Dept.: 11
Judge: Hon. Carol Overton

Date of First Filing: April 4, 2018

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF JANUARY 28, 2020 ORDER RE: PETITIONER'S MOTION FOR ATTORNEY'S FEES/SANCTIONS

### I.    Introduction

    Pursuant to California Code of Civil Procedure § 1008, Petitioner Aaron Greenspan respectfully moves for reconsideration of the Court's Order dated January 28, 2020 denying monetary sanctions against Respondent Diego MasMarques, Jr. in an amount not less than $9,276.72 to cover attorney's fees and costs.[1]

---

[1] On the attached Proof of Service, Deputy Clerk of Court Asimina Theoharis stated in her sworn declaration that the Court's Order was "deposit[ed]…with postage fully prepaid…on January 28, 2020." Yet the envelope is stamped by the Court's Neopost device as of "01/29/2020," and was postmarked by the United States Postal Service on January 30, 2020. As of yet, the Court does not make civil harassment filings available to the public or to litigants electronically over the internet. Accordingly, the 10-day statutory filing deadline should start from January 31, 2020, when Petitioner was actually served by mail. *See* Exhibit A.

## II.     Factual and Procedural Background

The Court held a hearing on October 30, 2019 to ascertain facts surrounding two motions: (1) Respondent's motion for reconsideration of the Court's denial of his July 3, 2018 cross-request for a restraining order against Petitioner; and (2) Petitioner's motion for attorney's fees/sanctions against Respondent.  On January 28, 2020, the Court issued its Order on both matters, denying the relief sought by each party.  On February 4, 2020, Respondent filed a Notice of Appeal concerning his separate motion for reconsideration of the cross-request denial.

## III.    Argument

### A. The Court's January 28, 2020 Order Cites No Laws, No Facts and No Legal Precedent To Support Denial of Attorney's Fees, Costs and/or Sanctions

On January 28, 2020, the Court entered a very brief Order denying Petitioner's motion for attorney's fees, costs, and/or sanctions against Respondent (the "Motion").  The Court offered only two short paragraphs to explain the ruling, neither of which referenced any law, fact or legal citation.  The Court did not dispute the hourly rate of attorney Timothy Broderick, the details of any of the receipts presented, Petitioner's calculations, or the total amount requested.

Instead, the Court noted that, "Petitioner was not represented by counsel for the majority of the proceedings herein."  Yet Petitioner did not seek compensation for any time when he was unrepresented by counsel.  While the Court's assertion is not relevant to any analysis of whether Petitioner is entitled to attorney's fees as a matter of law, it is also simply untrue with regard to hearing time.  According to the number of minutes spent in the courtroom for this case, Petitioner spent more time represented by counsel than not.  On August 14, 2018, attorney Katrina Saleen made a special appearance for Petitioner.  And on December 12, 2018 and February 28, 2019, attorney Broderick made special appearances for Petitioner, sitting in court for seven hours exclusive of billable travel time.  All told, these appearances by counsel add up to approximately 7.25 hours, whereas Petitioner appeared *pro se* for only about 6.6 hours.

None of this matters, however, because Petitioner's decision to appear *pro se* for select hearings and filings cannot be held against him so long as attorneys who charged for their services were actually hired, which they clearly did. There is no statute or precedent that indicates a minimum threshold of attorney usage to qualify for a fee award. Nor can one's *pro se* status be used as a rationale to ignore a legitimate request for the reimbursement of costs—outlined in detail, with receipts attached wherever possible, in Petitioner's Motion. The Court's Order did not address the issue of costs at all, and accordingly, there is no reason to deny them.

Court Orders that fail to elucidate a judge's reasoning are invalid. "Such a summary order violates due process and precludes this court from determining whether the trial court abused its discretion…" *Morin v. Rosenthal*, 19 Cal. Rptr. 3d 149 – Cal.App.2nd 155 (2004).

**B. The July 3, 2018 Cross–Request Was Entirely Baseless and Frivolous**

"A motion is totally and completely without merit for purposes of a finding of frivolousness under section 425.16, subdivision (c)(1) or section 128.5 only if any reasonable attorney would agree that the motion is totally devoid of merit. … This is an objective standard." *Chitsazzadeh v. Kramer & Kaslow*, 199 Cal.App.4th 676, 683-684 (2011).

Respondent filed a cross-request for a restraining order against Petitioner on July 3, 2018 without *any evidence whatsoever* that it was warranted. Not a single fact that Respondent alleged against Petitioner in his form CH-100 was true. Petitioner was not "selectively downloading" legal documents about Respondent to embarrass or harm him, nor was Petitioner "sending selective documents to people" about him unprompted as falsely alleged in item (3).[2] As explained repeatedly, Respondent's cases are among tens of millions of ***public records*** on PlainSite

---

[2] Petitioner followed proper procedure by reporting Respondent's criminal activity to the Marlborough, Massachusetts Police Department and the FBI. When the police were unresponsive, Petitioner properly contacted the office of the Mayor of Marlborough. Respondent was later criminally charged with violating a restraining order issued by this Court and with criminal harassment. Trial Exhibit 12. Respondent retaliated by lodging false complaints with dozens of government agencies, including the California Department of Motor Vehicles, which prevented Petitioner from registering his car or driving legally for a period of time in October 2019; and the Ohio Attorney General, which necessitated the expense of $3,000.00 on attorneys. Trial Exhibit 21. A person reporting criminal activity to the police is not a valid basis for another person to obtain a restraining order.

that have been obtained through automated means.  In July 2018, Petitioner was not using any

computers in Santa Clara County, as falsely alleged in item (5).  Petitioner did not call or instruct

anyone to call Respondent, or to extort him, as falsely alleged in item (7).  Petitioner never

gained access to "sealed documents from DOJ" or attempted to "harass, stalk, shame and defame"

Respondent *in any way* leading up to July 3, 2018 when the Form CH-100 was filed or

thereafter.  Respondent's characterization of Petitioner's computer as a "weapon" for the

purposes of Form CH-100 is frivolous and absurd on its face.  Respondent's statement about

calling and threatening Petitioner with a restraining order in item (11) is an outright fabrication, as

are the unsubstantiated fees and costs listed in item (14), as well as the wild and false allegations of

"hacking" Respondent's e-mail account presented in attachments and in open court.[3]

In summary, ***there is not a single fact—not one—in Respondent's Form CH-100 that***

***stands up to even light scrutiny because the entire filing has <u>zero</u> factual basis***.  Accordingly, the

Court's statement that, "Although in the Court's judgment Respondent's evidence did not meet

the required burden of proof, it was not devoid of factual basis/evidentiary support," is flat-out

wrong.  Indeed, no factual basis or evidentiary support whatsoever is cited in the Court's Order

to support this conclusory statement.  Respondent's cross-request was a planned, manipulative,

vindictive, harassing, and immensely wasteful extension of his decade-long campaign to harass

Petitioner and *numerous other individuals* outlined in Petitioner's Opposition to Respondent's

Motion to Seal (filed April 8, 2019) who have had the great misfortune of coming across

Respondent's public records by mistake.  In addition, while presenting his arguments to this

Court, Respondent *repeatedly* lied under oath (as described in Exhibit C to the Motion) and

despite putting together hundreds of pages worth of binders of supposed "evidence"—almost all

of it completely irrelevant—displayed immediate and complete memory loss when questioned on

---

[3] During the hearing on February 28, 2019, Respondent backtracked and admitted he was only "pretty sure it was done by Mr. Greenspan," indicating that his initial filing was merely frivolous supposition based on nothing. February 28, 2019 Tr. 47:6-7.  Not only did Petitioner never break into Respondent's e-mail account, but Respondent has never presented a shred of evidence to support the notion that it was "hacked" into at all.

key facts during cross-examination.  What sensitive information appeared on PlainSite?  "I don't recall at this point, Your Honor."  February 28, 2019 Tr. 22:14-15.  Where did Respondent post about Petitioner?  "I don't recall."  February 28, 2019 Tr. 65:23.  Did Respondent write comments?  "I don't -- I don't recall."  February 28, 2019 Tr. 66:28.  Which account(s) did Respondent use on ComplaintsBoard?  "I don't recall."  May 2, 2019 Tr. 57:4.  Had Respondent ever controlled a harassing Twitter account that was specifically targeted at Petitioner?  "I don't recall.  I don't remember."  May 2, 2019 Tr. 57:15.

In actuality, though his sanity is clearly in question according to the United States Department of Justice, Respondent's memory is just fine.  The only facts he claims that he cannot recall are the facts that would implicate him in a persistent, deliberate, and criminal attempt to destroy Petitioner's life and the lives of his family members.  While he throws a veritable temper tantrum at the mere mention of his name anywhere by anyone on the internet—a near-certainty given that he was convicted in the murder of a woman and the attempted murder of a man, aside from the serial charges of rape and harassment dating back to the 1990s—any question concerning *his* thousands of posts encouraging the world to harass Petitioner and Petitioner's family is enough to cause a sudden bout of forgetful stupor.  The Court should not be fooled by this charade.  "I don't recall" is not what "factual basis" and "evidentiary support" looks like.

### C. Respondent Doth Protest Too Much

The Court reasonably explains in its Order that "to the extent Petitioner seeks to have the Court consider facts/circumstances outside the scope of the evidentiary record of these proceedings (e.g. post-hearing events) the Court must decline to do so."  But one crucial fact already in the evidentiary record has taken on new significance.  On May 2, 2019, in the middle of the court hearing, Respondent handed Petitioner what became Trial Exhibit G, a document Respondent falsely claimed indicated that "criminal charges" had been filed against Petitioner.  In reality, the Exhibit was an *application* for charges filed by Respondent in Massachusetts, which was

summarily denied.  In court, Petitioner protested that the document Respondent had provided to him was different from the Trial Exhibit G being provided to the Court.  "This is actually not the same.  They're different because he whited out part of the document," Petitioner stated.  Respondent responded, confirming this: "I whited out my address."  May 2, 2019 Tr. 36:24-27.

In mid-November 2019, only weeks after the October 30, 2019 hearing and months before its transcript was finally available on February 6, 2020, images of articles concerning Petitioner began appearing on ComplaintsBoard.com.  These images were embedded in the usual false, libelous and harassing diatribes written under various pseudonyms intended to target Petitioner and his family members.  The articles in question were the same completely irrelevant articles Respondent had raised in court about Petitioner's computer security work from 2005-2006, but presented on ComplaintsBoard.com in a unique manner: printed out and scanned in again, **_but with white-out covering text in the top corner of each page_**.

It strains credulity to imagine that in the context of the numerous semantic similarities between Respondent's e-mails and the ComplaintsBoard posts, the proven links between a ComplaintsBoard post and Respondent's IP address, several of Respondent's known e-mail addresses being already in use and unavailable for new ComplaintsBoard accounts, and Respondent's own admission to posting about Petitioner on ComplaintsBoard, that these posts featuring white-out are merely a coincidence.  Rather, they provide additional proof that Respondent has been lying to the Court under oath for the entirety of these proceedings, starting with his baseless and vindictive cross-request on July 3, 2018.  It is not typical for articles to appear on-line as printed-out, scanned-in, partially whited-out documents.  But it is Respondent's signature.  This type of behavior merits sanctions.

### D. The Court Must Avoid Setting A Precedent That Endangers Journalists

The Court may conceivably want to refrain from punishing litigants for their mental illness.  Unfortunately, the Order as it currently reads does not indicate that that is its intent.  The

Order as it currently reads implicitly equates the baseless, fanatical ramblings of a disturbed individual who does not like public records with "factual basis." This is a dangerous precedent because there simply is no factual basis for Respondent's cross-request at all.

If Respondent's paranoid fantasies are given any weight at all by this Court, it could open up journalists in newsrooms across the country to attack by disgruntled subjects of stories who seek to remove their names from print or electronic media via made-up restraining order applications. If a computer can be a "weapon," so too can a pen. And though it may often be said that the pen is mightier than the sword, that is clearly not what Form CH-100 is asking about when it inquires about weapon ownership.

Even if the Court does not feel that sanctions are appropriate, an award of attorney's fees and costs clearly is. This saga has sapped Petitioner of months worth of productive time and a substantial amount of money. No journalist should have to suffer financially or be hauled to court for years simply because a reader could not accept that public records are public.

**IV.** **Conclusion**

Petitioner respectfully requests that Respondent reimburse him $9,460.97, accounting for the $164.70 October 30, 2019 transcript fee and filing fees for this motion, plus a substantial punitive monetary sanction to discourage further frivolous filings in this Court or any other.

Respectfully submitted this 10th day of February, 2020.

Aaron Greenspan
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**EXHIBIT A**
Court Envelope Containing Order Dated January 28, 2020
Stamped January 29, 2020 and Postmarked January 30, 2020



Superior Court of California
County of Santa Clara

Downtown Superior Court
191 North First Street
San Jose, California 95113

RETURN SERVICE REQUESTED

01/30/20

neopost
01/29/2020
US POSTAGE $000.43

FIRST-CLASS MAIL
AUTO

ZIP 95113
041M12250775

Aaron Greenspan
956 Carolina St.
San Francisco CA. 94107

5 AMGJNMB 94107

## **EXHIBIT B**
Notarized Affidavit of Aaron Greenspan

Aaron Greenspan (*Pro Se*)
956 Carolina Street
San Francisco, CA 94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**

**AARON GREENSPAN**,

    Petitioner,

       v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO**
**MAS HOWARD a/k/a RICKY**,

    Respondent.

Case No.: 18CH008067

Date of First Filing: April 4, 2018

## AFFIDAVIT OF AARON GREENSPAN

I, Aaron Greenspan, state as follows:

1.    On September 10, 2019, I filed a Motion for Sanctions and Reasonable Expenses Including Attorney's Fees before this Court. The matter was heard by Judge Carol Overton on October 30, 2019 at 1:30 P.M. at the civil court in San Jose, California in Department 11.

2.    The Motion was denied by Judge Overton on January 28, 2020 in a short decision lacking any legal citations, specific facts, or precedent.

3.    I have personally accrued thousands of dollars in legal fees and costs, outlined in the Motion, due to the harassing conduct of Diego MasMarques, Jr., all because my company automatically published public records also published elsewhere—containing nothing confidential

or under seal—in which Mr. MasMarques was clearly charged with "Murder" pursuant to 18 U.S.C. § 1111.

4. Think Computer Foundation, of which I am President, has also been forced to spend $3,000.00 on attorneys thus far as a result of a false complaint filed by Mr. MasMarques with the Attorney General of the State of Ohio during these proceedings and because of these proceedings. This false complaint is before the Court as Trial Exhibit 21.

5. Among numerous other agencies, Mr. MasMarques also filed false complaints with the Internal Revenue Service that I believe triggered an audit, which is ongoing; and with the California Department of Motor Vehicles, which caused my vehicle registration to lapse without notice due to a silent "block" on my account, which also prevented me from re-registering my car. For a time in October 2019 I could not legally drive as a result.

6. Aside from his e-mail, telephone, and bureaucratic harassment, I believe that Mr. MasMarques has used numerous gripe sites, including but not limited to BlackListReport.com and ComplaintsBoard.com, to wage a sustained disinformation campaign targeting my family and me for harassment by others. This campaign has been successful, as my family members have repeatedly informed me that they feel harassed, as do I. I believe Mr. MasMarques has been posting on ComplaintsBoard.com and other gripe sites using a variety of pseudonyms for the entirety of these proceedings, and he has lied about this fact under oath in court on numerous occasions.

7. Mr. MasMarques presented me with a sheet of paper in court on May 2, 2019 that contained white-out in an attempt to mask his mailing address, which is already part of the court record anyway. A version of that sheet of paper without the white-out was ultimately introduced as Trial Exhibit G. I noted the discrepancy on the record, which was recorded by the court stenographer on page 36, lines 24-27 of the May 2, 2019 hearing transcript.

8.      Mr. MasMarques admitted to using white-out to mask his mailing address.  In his words, "I whited out my address."  Shortly thereafter, he explained, "He doesn't need to know my address.  He knows too much of my business already."

9.      On November 16, 2019, after the October 30, 2019 hearing on the Motion, it came to my attention that copies of articles concerning my computer security work from 2005-2006 were being posted by someone on ComplaintsBoard.com using the pseudonym "Glendale California say no to Hackers" who was making the exact same false and harassing arguments that Mr. MasMarques has made for years.  One article was entitled "Payroll firm pulls Web services, citing data leak," originally published by ZDNet on March 2, 2005.  Another article was entitled, "South Station hack shows security train not on schedule," originally published by the *Boston Business Journal* on February 21, 2005.  Upon further examination, I realized that these articles had been printed out on a color ink-jet printer on what appeared to be 8.5" x 11" paper and then scanned in again, as opposed to being posted directly as rasterized PDF images.  Each page in these images uploaded to ComplaintsBoard.com contained white-out in the top right corner:



10.     Throughout 2019, Mr. MasMarques also printed his court exhibits on a color ink-jet printer.

11.     Though it is conceivable that a different person could have, in theory, learned about Mr. MasMarques's conduct involving white-out during the May 2, 2019 court hearing and decided to copy it, the transcript of that hearing has never been published on the internet to the best of my knowledge, so there is no way anyone else would have known about it, or picked out that minor detail among the transcript's 123 pages.

12.     In Mr. MasMarques's October 1, 2019 Memorandum in Opposition to Aaron Jacob Greenspan's Motion for Sanctions and Reasonable Expenses Including Attorney's Fees filed with the Court, Mr. MasMarques attached 235 pages of irrelevant documents to his filing—including both of the specific articles mentioned above from the *Boston Business Journal* (his Exhibit E) and ZDNet (his Exhibit G). Though the filing before the Court is monochrome, its

pages appear to have been scanned from ink–jet printer output, and the top right header that would normally display the date and time of printing is unexpectedly blank in Exhibits E and G.

13.     Mr. MasMarques admitted to having posted material about me, including images, on ComplaintsBoard.com on at least one occasion, though he claimed not to remember what, how, or under what name.  February 28, 2019 Tr. 65:26-67:13.

14.     Mr. MasMarques admitted that I had correctly identified his Mac OS username, "tech," during the October 30, 2019 court hearing, stating, "Also, Mr. Greenspan knew my user name on my computer.  I'm like, how do you know all of this?"  October 30, 2019 Tr. 39:1-2.

15.     I ascertained the username on Mr. MasMarques's computer because it was mistakenly included in one of the thousands of harassing posts he has authored about my family and me, in place of an image on his computer's desktop that he intended to upload on a page that was once located at https://www.blacklistreport.com/2018/05/aaron-greenspan-owns-and-runs-career-and-reputation-destroying-monetized-websites-such-as-leagle-com-and-plainsite-org/. Later, I succeeded at having BlackListReport.com taken down entirely on account of Mr. MasMarques's unlawful conduct.  A summary of this page containing the username reference was saved by Google even after the page itself had been removed from the internet.

16.     I have never posted any content about Mr. MasMarques or his family on any gripe site, including ComplaintsBoard.com.  I have never posted any public content on ComplaintsBoard.com at all.

17.     Mr. MasMarques has already ignored the rulings of two judges in Spain, a federal district judge in the District of Massachusetts, a First Circuit Court of Appeals federal appellate judge, the Marlborough District Court Clerk-Magistrate, a Middlesex County Superior Court judge, and Judge Overton in this Court—seven judges in all.  He also continues to post harassing material about my family and me despite the active restraining order issued against him, as well as

associated criminal charges.  Accordingly, I believe that this Court should reconsider its Order dated January 28, 2020 and that he should be sanctioned.

18.     In May 2019, I requested that the Court issue an order requiring the removal of Mr. MasMarques's content from ComplaintsBoard.com and other sites, which was never formally denied.  ComplaintsBoard.com is run by Mediolex Ltd., a Seychelles-based company operating in Latvia and Russia that will only honor **court orders** requiring content removal.  Therefore, a mediated outcome would have no effect because a contract between parties would not result in a court order for the removal of harassing content.  Mr. MasMarques also cannot be trusted.

19.     Although I have accurately represented to this Court in the past that I have gone out of my way to avoid invoking Mr. MasMarques's name except on rare occasion to inform the public of the progress of this case (which has broad relevance for a variety of reasons), I am not the restrained party in this case.  I reserve the right to write about this case in a public forum—including Mr. MasMarques's name—and to exercise my First Amendment rights as I see fit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Dated February 7, 2020.

*See Attached*
*California Jurat*

_____
Aaron Greenspan
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**       GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1 _____
2 _____
3 _____
4 _____
5 _____
6 _____

_____       _____
*Signature of Document Signer No. 1*       *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___San Francisco___

Subscribed and sworn to (or affirmed) before me

on this _07_ day of _February_, 20 _20_,
             *Date*          *Month*              *Year*
by
(1) _Aaron Greenspan_____

(and (2)_____),
                    *Name(s) of Signer(s)*

**BRAULIO GARCIA**
COMM. # 2149826
NOTARY PUBLIC ● CALIFORNIA
San Francisco County
Commission Expires Apr 21, 2020

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
                      *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

────────────── **OPTIONAL** ──────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2017 National Notary Association