UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

Plaintiff,

v.

DIEGO MASMARQUES JR., et. al.

Defendants.

Case No.: 1:23-cv-10134-DJC

**DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION TO STRIKE AND FOR SANCTIONS PURSUANT TO RULE 56(H)**

Defendant Diego MasMarques, Jr. ("Defendant") respectfully requests that this Honorable Court grant Defendant leave to file a motion to strike. Plaintiff Aaron Greenspan's ("Plaintiff") opposition filings (Doc. Nos. 265, 265-1, 265-2, 266, 266-1—18) to Defendant's summary-judgment motion are not merely argumentative or weak on the merits (which they are), they are pervasively and repeatedly noncompliant with the Federal Rule of Civil Procedure, the Federal Rules of Evidence, and this Court's Local Rules.[1] These filings—including Plaintiff's declaration (Doc. No. 266) and exhibits submitted therewith (Doc. Nos. 266-1–18); his response to Defendant's Statement of Uncontested Material Facts, Doc. No. 265-1 ("Response to DSMF"); his unauthorized Statement of Material Facts in Genuine Dispute, Doc. No. 265-2 ("Additional Facts"); and all subsequent amendments and supplemental filings submitted *after*

---

[1] Defendant's reply in support of his motion for summary judgment addressed the procedural and evidentiary issues raised in Plaintiff's opposition filing, preserved related objections, and advised the Court of his intent to seek relief through a motion to strike. *See* Doc. No. 272 at 1—2.

1

Plaintiff's opposition deadline without leave of this Court—and, more egregiously, ***even after*** Defendant filed his reply, Doc. No. 272—including, without limitation, Doc. Nos. 269, 269-1, 269-2, 269-3, 270, 274, and 274-1–5 (collectively, the "<u>Unauthorized Amendments</u>")—contain systemic evidentiary and procedural defects that render substantial portions of Plaintiff's opposition filing inadmissible at summary judgment. *See Setterlund v. Potter*, 597 F. Supp. 2d 167, 170 (D. Mass. 2008); *Goguen v. Textron, Inc.*, 234 F.R.D. 13, 16 (D. Mass. 2006).

Accordingly, Defendant respectfully requests that the Court grant leave to: strike all inadmissible statements contained in Plaintiff's declaration (Doc. No. 266) and the exhibits submitted therewith (*see* Doc Nos. 266-1—18, excluding 266-12); strike the Unauthorized Amendments, Doc. Nos. 269, 269-1, 269-2, 269-3, 270, 274, 274-1–5, in their entirety; and strike Plaintiff's Additional Facts in their entirety (Doc. No. 265-2 at 1–50). Defendant further requests that the Court either strike Plaintiff's Response to DSMF (Doc. No. 265-1 at 1–43) or deem Defendant's Statement of Uncontested Material Facts admitted. To the extent Plaintiff's opposition to Defendant's motion for summary judgment or any subsequent filings—including, without limitation, the Plaintiff's summary judgment materials (*see* Doc. Nos. 277 and 277-1)—rely on inadmissible or stricken materials challenged herein, Defendant respectfully requests that such materials be stricken and disregarded and, where they implicate inadmissible character evidence or non-party privacy interests, sealed and/or appropriately redacted.

By way of example, and without attempting to catalogue every defect in Plaintiff's opposition filing, the following categories illustrate why a separate Motion to Strike is warranted:

## I. BASIS FOR LEAVE TO FILE MOTION TO STRIKE

1. **Improper Amendments and Supplementations *After* Opposition Deadline:** Plaintiff's serial, Unauthorized Amendments after his December 8, 2025 opposition deadline and without leave, including his abhorrent attempt to revise his defected response to Defendant's Statement of Undisputed Material Facts after Defendant's reply, must be stricken entirely. *See*, e.g., Doc. Nos. 269, 269-1, 269-2, 269-3, 270, 274, 274-1-5. Such conduct violates Federal Rules of Procedure 6(b) and 56, as well as Local Rules 7.1 and 56.1 and cannot be cured through piecemeal supplementation of the record. *See Mehic v. Dana-Farber Cancer Inst., Inc.*, No. 15-12934-IT, 2018 U.S. Dist. LEXIS 149564, at *40 (D. Mass. Aug. 31, 2018).

2. **Legally and Procedurally Flawed Testimony:**

    a. <u>Legal Conclusions and Advocacy Masquerading as Fact:</u> Plaintiff's declaration repeatedly advances legal conclusions and advocacy rather than admissible factual testimony. Plaintiff asserts, *inter alia,* that he does not consider himself to be a public figure (Doc. No. 266 ¶¶ 4), that he never owned a weapon (*see id.* at ¶ 23), that Defendant's conduct or certain court filings were "false," "fraudulent," or "illegal" (*see id.* at ¶¶ 20, 22, 24, 25—27), that Plaintiff did not provide the California DMV with a false address (*see id.* ¶¶ 30—31) and that defense counsel purportedly engaged in improper or unethical conduct (*see id.* at ¶ 39). Affidavits "may not contain arguments or conclusory assertions," and such material must be disregarded at summary judgment. *See, e.g., Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 796 (1st Cir. 1992); *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991).

    b. <u>Speculation and "Belief" Testimony in Violation of Rule 56(c)(4) and Fed. R. Evid. 602:</u> Throughout his declaration, Plaintiff relies on speculative formulations such as "I

believe," "I suspected," or "I concluded" to attribute intent, motive, authorship, or causation to Defendant, or to attribute anonymous calls, online postings or governmental actions to Defendant, without explaining how he acquired such personal knowledge, when he learned of them, or establishing that he could competently testify to them at trial. *See, e.g.*, Doc. Nos. 266 ¶¶ 9—10, 12, 14, 17—21, 25, 29, 34—36, 38—52. Such testimony fails Rule 56(c)(4). *See also, Hoffman v. Applicators Sales & Serv., Inc.*, 439 F.3d 9, 16 (1st Cir. 2006); *Quinones v. Buick*, 436 F.3d 284, 290–91 (1st Cir. 2006).

c. <u>Improper Expert Testimony Without Qualification or Disclosure:</u> Plaintiff purports to offer technical opinions regarding IP addresses, server logs, metadata, font characteristics, and internal features of Twitter/X. *See, e.g.,* Doc. No. 266 ¶¶ 11, 15–16, 19, 28—29, 33; *see also* Doc. No. 266-10. These opinions plainly require specialized technical knowledge and fall outside the scope of permissible lay testimony under Federal Rule of Evidence 701 and Plaintiff was never disclosed as an expert under Rule 26(a)(2), offers no qualifications, and provides no reliable methodology. *See, e.g.,* Fed. R. Evid. 701 and 702. Plaintiff also offers no documentary evidence or expert testimony to support his alleged loss of income or any claimed medical condition, and instead relies on a purported medical journal submitted without any admissible foundation. *See, e.g.,* Doc. No. 266 ¶¶ 36–38; *see also* Doc. No. 266-18.

d. <u>Hearsay and Third-Party Statements Offered for Their Truth:</u> Plaintiff recounts alleged statements by law enforcement officers, government agencies, third parties, and foreign newspapers, offering those statements for the truth of the matters asserted. *See,*

*e.g.,* Doc. Nos. 266 ¶¶ 6, 17, 24–27, 29, 31, 40–52; *see also* Doc. No. 274-3. These out-of-court statements constitute inadmissible hearsay, and Plaintiff identifies no applicable exception. Evidence that is inadmissible hearsay "may not be considered on summary judgment." *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998) (citing Fed. R. Civ. P. 56(e)); *see also United States v. Rivera-Hernandez*, 497 F.3d 71, 80 (1st Cir. 2007).

3. **Reliance on Unauthenticated and Inadmissible Exhibits:** Plaintiff's filings rely on testimony and exhibits consisting of purported online posts, takedown requests, emails, and other materials claimed to have been authored by Defendant, as well as purported digital records, none of which are supported by any admissible foundation establishing authorship, accuracy, or reliability. *See, e.g.,* Doc. No. 266 ¶¶ 40–52; Doc. Nos. 266-1–18. *See also* Doc. No. 269-3; Doc. No. 270 ¶¶ 40–52; Doc. No. 274-3—5. Such materials violate Federal Rule of Evidence 602 and cannot be considered on summary judgment. *See, e.g., Carmona v. Toledo,* 215 F.3d 124, 131 (1st Cir. 2000); *Murphy v. Nat'l Grange Mut. Ins. Co.*, No. 13-11363-FDS, 2014 U.S. Dist. LEXIS 147576, at *11–12 (D. Mass. Oct. 16, 2014).

4. **Reliance on Inadmissible and Immaterial Character Evidence:** Plaintiff's filings improperly rely on inadmissible character evidence concerning a prior criminal conviction in a foreign jurisdiction that has since been expunged, in an effort to attack Defendant's character. Putting aside Plaintiff's misrepresentation of the foreign record and reliance on hearsay evidence, such evidence is categorically inadmissible and wholly immaterial to the claims and defenses at issue in this action, and therefore should be stricken and sealed from the record, or, in the alternative, appropriately redacted. *See* Fed. R. Evid. 401, 402, 403, 404, and

609(c); *see, e.g.,* Doc. No. 265 at 6–9, 11–12, 22, 24, 27, 29–30; Doc. No. 265-2 ¶¶ 15–46; Doc. No. 266 ¶ 40; Doc. No. 266-1; *see also* Doc. Nos. 269-2, 269-3, and 270 at ¶ 40.

5. **Violation of Protective Order:** Plaintiff improperly discloses confidential and non-public information, including information relating to Defendant's family members—particularly Defendant's mother and her former employment with the federal government. This information concerns a private non-party, is wholly irrelevant to the claims or defenses in this action, and has no legitimate basis for inclusion in any filing, and its disclosure also violates this Court's Protective Order and warrants exclusion and/or appropriate redaction. *See* Doc. No. 245 (entering protective order). *See also* Doc. No. 265-2 at 4; Doc. No. 265 at 7. Furthermore, Defendant was never consulted regarding Plaintiff's intent to include materials or information from Defendant's discovery production in public filings or afforded an opportunity to discuss appropriate redactions, despite Defendant, through counsel, expressly providing Plaintiff that opportunity (which he admits). *See, e.g.,* Doc. No. 265-2 at ¶ 22; Doc. No. 265 at 7; Doc. No. 266 ¶ 39.

6. **Defective Response to DSMF:** Plaintiff's (original) Response to DSMF contain statements not supported by citations to the record as required by Local Rule 56.1. *See* Doc. No. 265-1 at 1–43. Accordingly, all facts the Response to DSMF has failed to properly dispute with citations to the record (which is all of them)—as well as all statements in his Response to DSMF that lack record support—must be deemed admitted or otherwise be excluded. *Mekonnen v. OTG Mgmt., LLC*, 394 F. Supp. 3d 134, 146 (D. Mass. 2019). Plaintiff's attempt to save his defected filing ***after*** Defendant's reply and ***without*** leave of this Court should further be disregarded. *See, e.g.,* Doc. No. 272; Doc. Nos. 274 and 274-1–5. *See also,* LR. 7.1(b)(3), 56.1; *Mehic v. Dana-*

6

*Farber Cancer Inst., Inc.,* No. 15-12934-IT, 2018 U.S. Dist. LEXIS 149564, at *40 (D. Mass. Aug. 31, 2018).

7. **Defective and Improper Narrative Presented as Additional Facts**: Plaintiff's Additional Facts does not comply with Local Rule 56 and is "an attempt to avoid the rigors that [Local Rule 56] imposes" as he "ignores his responsibility" to address each assertion contained in Defendant's statement of material facts, and then launches into his "own narrative explanation of the facts in the present case." *See Caban Hernandez v. Phillip Morris USA, Inc.*, 486 F.3d 1, 7-8 (1st Cir. 2007). Such improper submissions must be disregarded or stricken from the record. *Id.*

## II. RELIEF SOUGHT

Accordingly, Defendant respectfully requests that this Honorable Court grant leave to file a motion to strike and/or disregard the inadmissible materials discussed above and further order sealed, or in the alternative require immediate and appropriate redaction of, any materials concerning private and sensitive matters—including expunged criminal matters and information relating to non-parties, including Defendant's mother—that have no bearing on the merits of this action, in order to prevent ongoing and irreparable reputational harm. Defendant further requests leave to seek sanctions pursuant to Federal Rule of Civil Procedure 56(h).

Plaintiff submitted multiple amended declarations and a series of unauthorized amended and supplemental filings *after* the opposition deadline—and *even after* Defendant filed his reply—without seeking leave of the Court. *See* Doc. Nos. 269, 269-1, 269-2, 269-3, 270, 274, 274-1–5. These filings repeatedly altered and supplemented purported factual assertions in an apparent effort to cure evidentiary defects and evade summary judgment. *Id.* Such conduct

exceeds permissible correction and reflects a pattern of bad-faith and delay-oriented litigation tactics squarely within the scope of Rule 56(h).[2]

                Respectfully submitted,

                DEFENDANT, DIEGO MASMARQUES, JR.,

                By his Attorney,

                */s/ Ashley A. Andrade*
                Ashley A. Andrade, Esq.
                ANDRADE LEGAL, LLC
                867 Boylston Street, 5th Floor #1119
                Boston, MA 02116
                BBO# 697189
                Phone: 617.206.1822
                Email: ashley@andrade-legal.com

Dated: December 20, 2025

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), undersigned counsel for Defendant certifies that she emailed Plaintiff, in good faith, on or about December 14, 2025 regarding Defendant's request for leave to file a Motion to Strike. Defendant, through counsel, sought Plaintiff's consent to file the proposed motion for leave and Plaintiff declined to provide consent.

                */s/ Ashley A. Andrade*
                Ashley A. Andrade
                BBO # 697189

---

[2] Defendant further advises that he intends to serve Plaintiff with a motion pursuant to Federal Rule of Civil Procedure 11(c)(2). If Plaintiff fails to withdraw or appropriately correct the offending filings within the Rule 11 safe-harbor period, Defendant will file the Rule 11 motion with the Court.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed electronically on December 20, 2025, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Ashley A. Andrade*
Ashley A. Andrade
BBO # 697189