## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

     Plaintiff,

  v.

DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,

     Defendants.

Case No.: 1:23-cv-10134-DJC

### PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR LEAVE TO FILE A MOTION TO STRIKE AND FOR SANCTIONS PURSUANT TO RULE 56(H)

Defendant Diego MasMarques, Jr. has filed an eight-page motion once again in violation of the Court's standing pre-filing order, which requires motions for leave to be no more than "five pages."  ECF Nos. 78 ("**[N]either Greenspan nor MasMarques may make any other filing in this case without first seeking and receiving leave of Court to do so. Such motion to leave shall not exceed five pages, shall comply with L.R. 7.1 and shall not attach any exhibits.**" (emphasis in original)), 119 ("The remaining parties are advised that other than the filing of the joint statement ordered to be filed in this Order, the parties are not permitted to file any other papers in this matter without first seeking leave of Court.").  The purpose of the filing is to further—aspirationally, with the Court's assistance—Defendant MasMarques's years-long, extralegal, disturbing cover-up of his own criminal misconduct—itself in flagrant disregard of orders of this Court and the Court of Appeals—that this litigation is about.  ECF No. 54 ¶ 1.

1

Defendant MasMarques spends two pages arguing that everything Plaintiff has filed in response to MasMarques's motion for summary judgment should be struck for every reason—never mind the fact that he is estopped from making such arguments by his own filing *days ago*. *See* ECF No. 275 at 2 ("[A] motion to strike is generally not the proper vehicle to challenge a motion for summary judgment. *Turner v. Hubbard Sys., Inc.*, 153 F. Supp. 3d 493, 496 (D. Mass. 2015).") Upon closer examination, all of his "reasons" are nonsensical and frivolous:

a)  It is not a "legal conclusion" that Plaintiff does not *consider himself* to be a public figure, has never owned a gun or other weapon, that certain conduct or filings by Defendant MasMarques were factually false, that Plaintiff did not provide the California DMV with a false address, or that as a point of fact, Attorney Ashley Andrade has made false statements to Plaintiff and the Court.[1] Nothing Plaintiff has stated in his declarations is "conclusory."

b)  Unlike Defendant MasMarques, Plaintiff has supported his declaration[2] with ample facts to explain why, when, and where applicable, beliefs or suspicions mattered in context. For example, in ¶ 12, Plaintiff clarifies that Blacklist Report is different than "other websites" that do not facilitate anonymous posting, which the operative complaint also explains. In ¶ 17, Plaintiff's *past* suspicion led to involving the Marlborough Police, which had material consequences (including the eventual issuance of the subpoena at ECF No. 54-3). In ¶ 19, Plaintiff's belief

---

[1] The most recent example is in ECF No. 275, which also violates the pre-filing order and falsely states that Plaintiff provided "deposition testimony admitting that he did in fact reside at the location during the relevant timeframe." In fact, Plaintiff made no such admission and lived in California during the relevant timeframe, which Attorney Andrade deliberately evades defining.

[2] Plaintiff amended his declaration in opposition to Defendant MasMarques's summary judgment motion initially at ECF No. 266 via ECF No. 270 simply to update ¶ 1 to clarify that it was made based on his personal knowledge as required by Rule 56(c)(4).

is substantiated and explained by the documents in Exhibit O, ECF No. 274-3.  In

¶ 38, Plaintiff's belief is explained directly below in ¶ 39 and in Exhibit M.

c)    Nothing in Plaintiff's declaration's ¶ 11, 15, 16, 19, or 33 requires "expert"

knowledge any more than reading a phone book does.  Plaintiff's descriptions of

the facts are corroborated besides by ECF No. 54-3 and fit well within Federal

Rule of Evidence 901.  ¶ 28 describes how the passage of time affects a routine

government process.  ¶ 29 about FOIA logs requires no expert knowledge at all.

Exhibit J (ECF No. 266-10) is not Plaintiff's opinion at all.  As with the rest, ¶ 33

is based on personal knowledge, *e.g.* counting, and do not require sophisticated

"principles" or "methods" as contemplated by Federal Rule of Evidence 702.

There was never any need for Plaintiff to disclose himself as an expert witness.

d)    Plaintiff's statement in his declaration's ¶ 6 mirrors the allegation in the operative

complaint's ¶ 45.  There is no hearsay in ¶ 17, which only discusses Plaintiff's

knowledge.  ¶ 24 is supported by the transcript of the August 19, 2025 deposition.

There is no hearsay in ¶ 25.  The Internal Revenue Service documents supporting

¶¶ 26-27 can be found in Exhibit P, ECF No. 274-4.[3]  There is no hearsay in ¶ 29

or in ¶ 31.  As for ¶¶ 40-52, the argument that documents and the paragraphs

authenticating them constitute "hearsay" appears to be made in bad faith.

Plaintiff's documentary exhibits are properly authenticated.  The citation to *Carmona v*.

*Toledo*, 215 F.3d 124, 131 (1st Cir. 2000), where a party "simply appended a purported copy of

the investigation file—unsworn, uncertified, and, at first, untranslated—to the motion," is totally

---

[3] As ¶ 27 states, Plaintiff is expecting a letter from the Internal Revenue Service that clarifies
their error and was hoping to file all related documents at once.  Since that letter still has not
arrived, Plaintiff decided to file the documents he has before the December 19 deadline.

inapposite. *Id.* at 131. Nor does *Murphy v. Nat'l Grange Mut. Ins. Co.*, No. 13-11363-FDS, 2014 U.S. Dist. LEXIS 147576, at *11–12 (D. Mass. Oct. 16, 2014) have any relevance here.

There is no issue here with "inadmissible character evidence." Plaintiff notes Defendant MasMarques's criminal history because the publication of public records concerning that history is the basis for this entire lawsuit and because such evidence is admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Federal Rule of Evidence 404(b)(2). The other cited rules are irrelevant.

Plaintiff did not violate any protective order. Defendant MasMarques admitted via discovery that his mother worked for the federal government and in U.S. Naval intelligence in particular. ECF No. 237-10 at 21. Furthermore, her listing at USAID and the State Department in a General Services Administration telephone directory is of public record and freely available on Google Books. Plaintiff was not required to consult with Defendant MasMarques or his attorney(s) to publish public records about him or anyone—***the fundamental point of this entire lawsuit***. Nor did Attorney Andrade raise any issue about sensitive topics in discovery when she forced Plaintiff to fly to Boston and meet her in person on August 19, 2025, at which point discovery matters were discussed (as Plaintiff provided improperly-requested discovery materials to Attorney Andrade on that date, at that meeting).

Plaintiff's separate Statement of Material Facts As To Which There Is A Genuine Issue To Be Tried at ECF No. 265-2, corrected at ECF No. 269-1, is a perfectly valid filing that fully complies with Federal Rule of Civil Procedure 56 and Local Rule 56.1, which, in fact, requires it. "A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." Local Rule 56.1. *See also Briggs v. Boat/U.S.,*

*Inc. et al*, Case No. 1:12-cv-11795-DJC (D. Mass. September 16, 2014) (permitting and citing both "D. 87" and "D. 88", the former being a "Separate Statement of Facts"). Local Rule 56.1 *does not require* that a *response* to a movant's "concise statement of the material facts of record" contain the same "page references to affidavits, depositions and other documentation" which is why Plaintiff did not initially file a version with that extra detail. Since Defendant MasMarques protested, Plaintiff provided the extra citation links requested at ECF No. 274 (with no new facts) before filing his own summary judgment motion, all within the deadline for dispositive motions. In *Mehic v. Dana-Farber Cancer Inst., Inc.*, No. 15-12934-IT, 2018 U.S. Dist. LEXIS 149564, at *40 (D. Mass. Aug. 31, 2018), a party "filed the supplemental affidavit six weeks after she filed the opposition to the summary judgment motion and the original affidavit" after being "previously allowed plaintiff two extensions of time to file the opposition." Thus, *Mehic* is inapposite. Furthermore, Defendant MasMarques violated Magistrate Judge Boal's Standing Order ¶ 2 on the sequence of cross-motions, forcing Plaintiff to rush to focus first on his opposition brief two months early. Had he followed the proper sequence, all of Plaintiff's motion exhibits would have been in the record by the time the cross-motion was filed. Plaintiff also filed for an extension of time, which thus far has not been ruled upon. Nonetheless, Plaintiff made corrections or amended his filings in a matter of days despite the Court not ruling on his request—all while battling the multiple serious health effects described in Plaintiff's papers.[4]

There is no improper narrative here, no problem with Plaintiff's filings, and no basis for sanctions, either under Rule 56(h) which requires bad faith clearly not present here, nor under any other Rule. Defendant MasMarques's last-ditch attempt to bury the evidence in order to salvage his summary judgment motion—while violating a court order—should be denied.

---

[4] *See* ECF No. 258-1 at 6:22-23 ("I do have a condition that actually makes me fatigued").

Dated: December 20, 2025        Respectfully submitted,

Aaron Greenspan, *pro se*
956 Carolina Street
San Francisco, CA  94107-3337
Phone: +1 415 670 9350
Fax: +1 415 373 3959
E-Mail: aaron.greenspan@plainsite.org

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2025 I filed the foregoing with the Clerk of Court

using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

Aaron Greenspan