UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>    v.<br><br>**DIEGO MASMARQUES, JR.** a/k/a **DIEGO MAS HOWARD** a/k/a **RICKY MAS MARQUES** a/k/a **JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION TO ALTER SCHEDULING ORDER
[AUTHORIZED BY ECF NO. 170 ON APRIL 14, 2025]**

Plaintiff respectfully requests that this Court amend the Scheduling Order entered on April 14, 2025 at ECF No. 170 for the express purpose of re-opening discovery for 7 days so that Plaintiff can re-issue a subpoena to X Corp. and issue two additional subpoenas to Google, LLC and Reddit, Inc. Plaintiff further requests that the Court authorize service of the X Corp. subpoena by e-mail upon X Corp. given that (1) X Corp. provides no valid physical address, mailing address,[1] or individual upon whom to serve a subpoena; (2) the X electronic service portal does not function as advertised and is restricted only to law enforcement users; and (3) attorneys representing X Corp. are already on the electronic service list in this action. Finally, Plaintiff requests that the parties be permitted a short round of briefing regarding the responses to

---

[1] X Corp. claims that its "registered office" is located at "865 FM 1209, Building 2, Bastrop, TX 78602" which is a mailbox it deliberately does not check. *See* https://x.com/en/tos.

1

those subpoenas, if necessary, before the Court's decision on summary judgment is issued.

The requested discovery may provide dispositive evidence of authorship, potentially eliminating the need for trial and serving judicial economy. It could not be completed before August 29, 2025 because Plaintiff was significantly shortchanged on the time permitted to conduct discovery due to Defendant Diego MasMarques, Jr.'s obstruction and ***fourteen-month-long delay*** in properly answering the operative First Amended Complaint. *Compare* the filing dates of ECF No. 118, the Court's Memorandum and Order on the motions to dismiss, filed March 25, 2024 and ECF No. 178, Defendant MasMarques's Amended Answer, filed May 17, 2025. Between the time that a proper Answer was on file and the end of fact discovery on August 29, 2025, Plaintiff had little more than three months to handle multiple rounds of interrogatories, document requests, a cross-country deposition that involved complications with the transcript and debate over venue, and subpoenas.[2] Then, in violation of ¶ 2 of Magistrate Judge Boal's Standing Order Re: Briefing of Summary Judgment Motions, Defendant MasMarques filed his motion for summary judgment two months early as Plaintiff's Federal Rule of Civil Procedure 72(a) objections were still outstanding, including objections involving discovery.

Plaintiff is not asking to serve any additional written or other discovery requests on Defendant MasMarques directly, which means he would have to do nothing. The three subpoenas would cost him $0.00 to respond to, because they would not require his response, and would require virtually no additional time to be added to the calendar. A trial date has not yet

---

[2] Plaintiff attempted to begin discovery even prior to that, but Defendant MasMarques, acting through a variety of different attorneys in sequence, simply refused to comply. Only after Defendant MasMarques engaged his most recent attorney in May 2025 did he begin complying with the Federal Rules of Civil Procedure. It did not make sense to subpoena entities until after Defendant MasMarques responded truthfully and fully to interrogatories, which never happened.

been set and thus there is no way that Defendant MasMarques could be prejudiced. All three companies that Plaintiff envisions issuing or re-issuing subpoenas to are located within the United States (unlike former defendant Mediolex, Ltd.). And unlike X Corp., both Google, LLC and Reddit, Inc. have standard, non-evasive processes for handling subpoenas, which is a matter of routine for them.

"Whether to re-open discovery is a question of 'informed discretion.' *Fusco v. Gen. Motors Corp.*, 11 F.3d 259, 267 (1st Cir. 1993)." *Alifax Holding SpA v. Alcor Scientific, Inc.*, Case No. 1:14-cv-00440-WES (D. Rhode Island January 11, 2019). Good cause exists here, both because Plaintiff lacked the necessary time to handle discovery (especially as a *pro se* litigant with no assistance waiting on an obstructive opponent to comply) and because Defendant MasMarques has provably lied under oath in many of his discovery responses, necessitating further investigation that might have been avoided otherwise. For example, Defendant MasMarques swore and Attorney Andrade reiterated that he "stopped using that [56546@protonmail.com] address in 2018," but California court documents prove that he used it throughout 2019 and well into 2020. Defendant MasMarques also never properly disclosed eight (8) GMail e-mail addresses he clearly used despite multiple opportunities to do so.

The content of each proposed subpoena would be as follows:

| Recipient | Proposed Request |
|---|---|
| X Corp. | Twitter/X account owner metadata including but not limited to name, e-mail address, telephone number, IP address history, sign up date, and last date of access, for all accounts listed in the attached Exhibit A:<br><br>1. @LiarsStalkers<br>2. @badbadwebsites<br>3. @Giza299792458N<br>4. @BrightLightNewz<br>5. @Witchestoday<br>6. @x13757<br>7. @Diegomasmarque5 |

3

| | |
|---|---|
| | 8. @diegomasmarque1<br>9. @R62607249<br>10. @JohnFuenchem<br>11. @bea96534 |
| Google, LLC | Account owner metadata including but not limited to name, e-mail address, telephone number, IP address history, sign up date, and last date of access, for all accounts that created or posted on the Google Group "Expose abusive data mining websites" (https://groups.google.com/g/expose-abusive-data-mining-websites/) and the e-mail addresses in the attached Exhibit A:<br><br>1. 986842a@gmail.com<br>2. 87764a@gmail.com<br>3. 87754a@gmail.com<br>4. 8986431@gmail.com<br>5. bronx1842@gmail.com<br>6. 958957z@gmail.com<br>7. 466536677t@gmail.com<br>8. t99878978876786@gmail.com |
| Reddit, Inc. | Reddit account owner metadata including but not limited to name, e-mail address, telephone number, IP address history, sign up date, and last date of access, for all accounts listed in the attached Exhibit A:<br><br>1. 198412345<br>2. ManufacturerFast7523<br>3. AdPlenty7528<br>4. Ok-Exercise-3238 |

Defendant MasMarques is likely to argue that this is merely a delay tactic. It is not. Plaintiff has been diligent about all matters in this litigation, and in fact, it has been Defendant MasMarques who has routinely delayed and made filings well past their deadlines, including discovery responses served well past various deadlines. *See* ECF No. 212 at 5. Those late responses amount to a waiver of any objection to this modest and reasonable request to obtain the answers he has refused to provide.

In short, despite Plaintiff's belief that he has more than enough evidence to prevail on summary judgment, in case the Court disagrees, Plaintiff requests a limited seven-day window to issue and serve narrow, tailored subpoenas in order to obtain dispositive information that

4

Plaintiff should have had the chance to obtain—and would have, but for Defendant MasMarques's delay tactics. If Defendant MasMarques has nothing to hide about his conduct, then he should have no objection to Plaintiff issuing the above subpoenas.

Dated: January 26, 2026                Respectfully submitted,

*(signature)*
Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

Plaintiff conferred with counsel for Defendant Diego MasMarques, Jr. regarding this motion. Opposing counsel did not assent.

*(signature)*
Aaron Greenspan

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 26, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

*/s/ Aaron Greenspan*
Aaron Greenspan