UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT DIEGO MASMARQUES, JR.

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A. That Defendant MasMarques Does Not Like The Facts of This Case Does Not Change Them ...................................................................................................... 1

    B. Defendant MasMarques's Last-Ditch Effort To Invoke Anti-SLAPP Protection on Conduct Unprotected by the First Amendment Fails ............................................. 2

    C. Plaintiff's Defamation Claim Is Built on a Mountain of Evidence, and More Exists That Plaintiff Should Have Been Permitted To Obtain ............................... 3

        1. Plaintiff Is Not a Public Figure At All, or At *Most* a Limited-Purpose Public Figure for Purposes Unrelated To This Action.............................. 6

        2. Plaintiff Has Shown Malice ........................................................................ 8

        3. Plaintiff Has Shown Falsity ....................................................................... 9

        4. Defendant MasMarques's Refusal To Stop Libeling Plaintiff Extended Even Beyond The Filing Date of This Action In 2023 ............................... 9

    D. There Is No Genuine Dispute of Material Fact Regarding Abuse of Process ........ 9

    E. There Is No Genuine Dispute of Material Fact Regarding Malicious Prosecution ........................................................................................................... 10

    F. There Is No Genuine Dispute of Material Fact Regarding Conspiracy ................ 10

    G. There Is No Genuine Dispute of Material Fact Regarding False Light/Invasion of Privacy .................................................................................................................. 11

    H. There Is No Genuine Dispute of Material Fact Regarding Intentional Infliction of Emotional Distress ............................................................................................... 11

    I. Plaintiff Is Entitled To Significant Damages ....................................................... 12

III. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Allianz Global Risks Us Insurance Company v. Ja Miara Transportation, Inc., et al*,
   Case No. 1:08-cv-11901-DPW (D. Mass. November 4, 2010) ................................................. 6

*Bell v. Associated Press*,
   584 F. Supp. 128, 131 (1984) ...................................................................................................... 7

*Broadway Management Services Ltd. v. Cullinet Software*,
   652 F. Supp. 1501, 1503 (D. Mass. 1987) ............................................................................... 10

*Cohen v. Hurley*,
   20 Mass.App. 439, 442, 480 N.E.2d 658 (1985) ..................................................................... 10

*Correllas v. Viveiros*,
    410 Mass. 314, 319 (1991) .................................................................................................. 2

*Ellis v. Time, Inc., et al*,
    26 Media L. Rep. (BNA) 1225, 1997 WL 863267, at *4 (D.D.C. November 18, 1997) ........... 7

*Parker v. Landry*,
    935 F.3d 9, 18 (1st Cir. 2019) ............................................................................................ 11

*Prop. Rights Law Group, P.C. v. Lynch*,
    Case No. 1:13-cv-00273-SOM-RLP (D. Hawaii *filed* May 30, 2013) ....................................... 3

*Scott v. Harris*,
    550 U.S. 372, 127 S.Ct. 1769, 1771 (2007) .......................................................................... 1

*Sriberg v. Raymond*,
    370 Mass. 105, 108 (1976) ................................................................................................... 3

*USA v. Jahanrakhshan*,
    Case No. 3:17-cr-00414-N (N.D. Tex. filed August 8, 2017) ................................................ 10

*Waldbaum v. Fairchild Publications, Inc.*,
    627 F.2d 1287, 1296-98 (D.C.Cir.1980) ................................................................................ 7

*White v. Blue Cross & Blue Shield of Mass., Inc.*,
    442 Mass. 64, 66 (2004) ....................................................................................................... 3

**<u>Statutes</u>**

42 U.S.C. § 1985(3) ................................................................................................................ 11

**<u>Rules</u>**

Federal Rule of Civil Procedure 56 ............................................................................................ 4

I.      **INTRODUCTION**

Defendant Diego MasMarques, Jr.'s late-filed opposition brief—late even despite a holiday weekend providing extra time—which the Court need not consider, demands "*evidence*" (emphasis in original), but then refuses to discuss it. Instead, opposing counsel shifts the focus to non-issues and purported signs that this entire endeavor has somehow been a retaliatory project undertaken by an "authoritarian" who happens to run a website full of court records. Quoting no one and putting words in Plaintiff's mouth by claiming that Plaintiff's entire motion "can be reduced to a single proposition: '*Because I said so*.',"  Defendant MasMarques forgets that Plaintiff's position in this matter from day one has been premised on the fact that <u>**this Court**</u> "said so," ***as did the United States Court of Appeals for the First Circuit, when at least four federal judges agreed that MasMarques's case records should not be sealed***. FAC ¶ 1.

Defendant MasMarques advocates a delusional, hyperbolic, and cherry-picked version of events that "blatantly contradicts the [record] so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1771 (2007). Simply put, Defendant MasMarques admits that he posted on ComplaintsBoard (contradicting his prior denials under oath, *compare* ECF No. 237-3 to ECF No. 237-2), and implicitly admitted in court in California that he used Twitter by stating that he was unsure if a specific account belonged to him (contradicting his later blanket denials, *compare* ECF No. 1-6 at 335:13-15 to ECF No. 237-2 at 7). Even now, his sworn statements about when he used e-mail accounts are contradicted by his own court filings. Nothing he says can be believed, which is why there is no *genuine* dispute here as to any issue.

II.     **ARGUMENT**

    A.      **That Defendant MasMarques Does Not Like The Facts of This Case Does Not Change Them**

Defendant MasMarques argues that "Vincent Bellomo" lacks a citation on page 4 of

1

Plaintiff's brief. That citation is ECF No. 266-5, Plaintiff's document GREENSPAN00009. The fact that Defendant MasMarques has used "many aliases over a period of years" is established all throughout ECF No. 266-5, as well as by the caption of this case, which starting with ECF No. 1 noted Defendant MasMarques's name as "DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES." These are absurd objections.

The opposition brief then makes a number of sweeping generalizations unsubstantiated by specifics, such as the allegation that "Plaintiff also mischaracterizes Defendant's prior testimony in the Superior Court of California for the County of Santa Clara." Opposition at 5. How did Plaintiff "mischaracterize" Defendant's prior testimony? It's unclear. He did commit perjury dozens of times. Defendant MasMarques also takes the bold position that nothing can be "false or misleading" unless this Court has made affirmative findings to that effect. That is false. Plaintiff has every right to dispute falsehoods his opponent's record even while it is clear that there is no genuine dispute of material fact only when *actual facts* are presented to the Court.

    **B.    Defendant MasMarques's Last-Ditch Effort To Invoke Anti-SLAPP Protection on Conduct Unprotected by the First Amendment Fails**

Defendant MasMarques's criminal and harassing conduct is not protected by the First Amendment, and therefore it is not protected by any state anti-SLAPP statute. His quotation-free citations are unavailing, as what *Correllas* actually says is, "Statements made in the course of a judicial proceeding which pertain to that proceeding are, of course, absolutely privileged and cannot support a claim of defamation, even if uttered with malice or in bad faith." *Correllas v. Viveiros*, 410 Mass. 314, 319 (1991). Plaintiff is not merely suing for defamation, nor is Plaintiff suing on the basis of "[s]tatements made in the course of a judicial proceeding which pertain to that proceeding." The opposition brief's next citation to *Sriberg* similarly states, "statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are

2

absolutely privileged provided such statements relate to that proceeding." *Sriberg v. Raymond*, 370 Mass. 105, 108 (1976). Here, Defendant MasMarques has the same problems as before.

In any event, all of this is conditioned on the falsehood that "Plaintiff nowhere identifies evidence of improper conduct separate and distinct from Defendant's exercise of his petitioning rights." Opposition at 7. Plaintiff identifies such evidence virtually everywhere in this case. Was Defendant MasMarques attempting to "petition" the Latvian government when he posted on ComplaintsBoard? ECF No. 277-1 at 7. Was he trying to "petition" U.S. officials by posting pseudonymously on Reddit? ECF No. 277-1 at 14-15. The argument is absurd on its face. Anti-SLAPP law does not and cannot apply here, this latest invocation is untimely and improper in an opposition brief on summary judgment, and this Court already denied such relief. The only one "retaliating" in this case is Defendant MasMarques, against anyone publishing his public records.

    **C.    Plaintiff's Defamation Claim Is Built on a Mountain of Evidence, and More Exists That Plaintiff Should Have Been Permitted To Obtain**

Plaintiff has indeed explained that Defendant MasMarques "was at fault for the publication of a false statement regarding the plaintiff." *White v. Blue Cross & Blue Shield of Mass., Inc.*, 442 Mass. 64, 66 (2004). Defendant MasMarques erroneously cites to a District of Hawaii case[1] for the proposition that summary judgment should be granted for a defendant "where plaintiff failed to show defendants played any role in publication of alleged defamatory Facebook post." Opposition at 8. Yet that case offers no analysis of the strength of any evidence at all, stating in conclusory fashion, "there is no evidence that Lynch or Rodenhurst played any

---

[1] There is no opinion in *Prop. Rights Law Group, P.C. v. Lynch*, Case No. 1:13-cv-00273-SOM-RLP (D. Hawaii *filed* May 30, 2013) dated "May 20, 2014." There is an opinion dated May 30, 2014, which Plaintiff presumes is the opinion opposing counsel meant to refer to.

3

part in that publication" because there was evidence that a *third* individual, "Miller," did play a part. This citation is therefore inapposite. Competent evidence here points to MasMarques.

Plaintiff's evidence is not "speculative" or "conclusory." Defendant MasMarques's home address is not a matter of "speculation." ECF No. 54-3 at 2. The fact that he was married to Mary MasMarques,[2] with whom he admits sharing a computer, is not "speculative." ECF No. 237-2 at 7. The fact that Defendant MasMarques admits that his computer's username appeared in a Blacklist Report post—a fact omitted in the opposition brief—is not "speculative." *Id*. at 8, ECF No. 1-6 at 245, ECF No. 266-6 at 2. The fact that the name and photograph of Defendant MasMarques's former probation officer Lisa Dubé also appeared on Blacklist Report is not "speculative." ECF No. 266-6 at 9. Nor is the fact that all of the posts in question seem to be written in the exact same style with specific attributes, such as improperly capitalized words, that would be consistent with writing by an individual fluent in German as well as English, as Defendant MasMarques admits he is. *See* ECF No. 266-8 at 11 (Reddit post from 2023).

When Defendant MasMarques states "none of *this* evidence establishes…" (emphasis added) on page 8 of his opposition brief, the word "this" is doing some heavy lifting, because it refers only to one data point: Defendant MasMarques's IP address confirmed by the Comcast subpoena. There are two dozen other data points that Defendant MasMarques carefully omits. Yet he cannot simply White-Out all of the evidence as he has tried to in the past, concluding, "That is it," because "that" is not "it." Covering one's eyes and plugging one's ears is not a "bona fide Rule 56"[3] opposition; it's just a concession. Opposition at 8, 1. Nor does the statute

---

[2] Defendant MasMarques never blames his late wife for his posts and is otherwise silent about how or why his home IP address appeared repeatedly the relevant server logs. This failure to point the finger at anyone else in his opposition brief is equivalent to an admission of authorship.
[3] Defendant MasMarques *suggests* that Plaintiff's motion is non-compliant, but is unable to articulate exactly how, perhaps because there are no Rule 56 compliance issues at all.

4

of limitations apply to ongoing, continuing violations.  ECF No. 266-8 contains posts from 2022 and 2023.  Defendant MasMarques is already back on Twitter/X with yet another new account, happily posting Russian propaganda and promoting posts harassing Plaintiff as of late December.

As for the evidentiary value of Defendant MasMarques's FOIA request and subsequent commentary thereon, which is not "purported" but very obviously real, it has his name on it, and he has never denied filing it.  Plaintiff did not merely allege that he "filed a FOIA request, and that a Twitter account later referenced FOIA activity."  Opposition at 8.  Plaintiff proved that one of Defendant MasMarques's many Twitter accounts then referenced the FOIA request's filing *before there was any public indication that it had been made*.  This is a material difference that is once again deliberately omitted from the brief, conceding the materiality of that evidence.

Opposing counsel is correct that, "A good-faith clarification or correction of prior testimony does not constitute an admission of false testimony or perjury."  Opposition at 9.  It is a mischaracterization, however, to call what transpired here a "good-faith," "clarification," or a "correction."  Defendant MasMarques simply lied under oath yet again, claiming he had never posted on ComplaintsBoard.  When his lawyer convinced him that his lie was untenable, he lied again, claiming he made one post.  Yet that post was a *different* post than the one provably linked to his IP address, so that means he made *at least two* posts.[4]  But for Defendant MasMarques's delays limiting fact discovery, Plaintiff would have also subpoenaed Reddit and Google.

Defendant MasMarques next attempts to defend himself against additional evidence offered by Plaintiff not by denying any of it, but by suggesting that "expert testimony, forensic

---

[4] Had Plaintiff properly been permitted to obtain evidence from Mediolex, Ltd., a shell company alter-ego defendant in this action that consented to jurisdiction through its owner Sergei Igorevich Kudriavtsev at ECF No. 56 ("I, Serguei Kudriavtsev, stand ready to fully engage in the Deposition process through a video conference."), the Court would have before it evidence that Defendant MasMarques created dozens of ComplaintsBoard accounts to make countless posts.

5

analysis, or platform authentication" would be required—for what purpose, it is unclear. "[E]xpert testimony is not required when the jury can determine 'on the basis of their own lay knowledge'…" *Allianz Global Risks Us Insurance Company v. Ja Miara Transportation, Inc., et al*, Case No. 1:08-cv-11901-DPW (D. Mass. November 4, 2010). Expert testimony is not required to confirm that Defendant MasMarques has frequently invoked Plaintiff's middle name in his writing (including before this Court), that the FOIA request and law enforcement reporting timelines matches the respective admissions Defendant MasMarques made on Twitter and in discovery, the fact that White-Out whites out text and looks like white paint, or that numerals are present in most of Defendant MasMarques's e-mail addresses and usernames.[5]

Defendant MasMarques's footnote 6 only proves additional perjury. If the e-mail address 56546@protonmail.com is associated with an active Twitter/X account, which it is, then it cannot be true that it "has not been used by Defendant since late 2018." ECF No. 277-3. Moreover, "56546@protonmail.com" appears at the top of several documents *he filed* in the Superior Court of California for the County of Santa Clara in 2019, and at least two more documents *he filed* in 2020, so clearly "late 2018" is false even aside from his Twitter account.

Generally, by refusing to engage with or refute the evidence against him, Defendant MasMarques admits its validity and materiality. None of his "disputes" are credible.

> 1. **Plaintiff Is Not a Public Figure At All, or At *Most* a Limited-Purpose Public Figure for Purposes Unrelated To This Action**

Opposing counsel begins here with the falsehood that Plaintiff has "already admitted that he has been interviewed, on or off the record, 50 to 100 times." As Plaintiff stated quite clearly

---

[5] Nor is an expert required to point out that images of ink-jet printouts must originate from an ink-jet printer. Plaintiff's deposition establishes that his decades of expertise working with computers and printers qualify him to make such a basic assessment, besides which, Defendant MasMarques could have also hired his own expert to try to prove Plaintiff wrong. He did not.

6

in his response to Defendant MasMarques's purported "Fact" No. 8 (*see* ECF No. 265-1 at 4), "Not every one of the '50 to 100 times' described was on-the-record *or a formal interview*, and not every one of those times was for an interview about Plaintiff." Does Plaintiff know a lot of journalists compared to the average person? Yes, it's part of his job. Does he talk to journalists as a result? Of course. Are those discussions always interviews? Usually not. When they take place, are those interviews always about Plaintiff? Definitely not. Helping a *New York Times* reporter obtain hard-to-find documents about a billionaire is not an "interview" about Plaintiff.

Simply put, Plaintiff is not a public figure. He is *at most* a limited public figure,[6] yet Defendant MasMarques's own citation argues against even that. "First, the Court must 'isolate the public controversy.'" *Ellis v. Time, Inc., et al*, 26 Media L. Rep. (BNA) 1225, 1997 WL 863267, at *4 (D.D.C. November 18, 1997), citing *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1296-98 (D.C.Cir.1980). What is the public controversy here? Defendant MasMarques never says, because there isn't one. In *Bell v. Associated Press*, 584 F. Supp. 128, 131 (1984), the controversy was that an athlete committed a number of crimes—the "various activities" dryly mentioned in the quotation. A longer excerpt reads, "There was a great deal of publicity when he was arrested for trespassing while at Arizona; when he pleaded guilty to disorderly conduct while in Pittsburgh; when, in recent years, he was twice arrested for drunk driving; and when in 1981 he was arrested on charges involving sexual misconduct. In fact, over one hundred newspaper articles have appeared concerning his various activities during the course of plaintiff's career." Plaintiff's conduct is effectively the opposite. He tried to uphold the spirit

---

[6] Opposing counsel again attempts to put words in Plaintiff's mouth, which amounts to willfully including sanctionable falsehoods in the opposition brief. Nowhere did Plaintiff "admit" he was "at the very least a limited-purpose public figure" or anything with similar meaning.

7

of a routine court order from this Court. That is not a public controversy. The attempt to manufacture one in order to shift the standard for libel in Defendant MasMarques's favor fails.

It is false that Plaintiff "affirmatively injects himself into debates over privacy, public records, and the justice system" that have any bearing here. There are only two public debates concerning public records that have made Plaintiff known to *perhaps* a dozen people nationwide. One involves the federal judiciary's illegal PACER fee structure. The other involves the flow of court data between a few non-profit organizations. Both are completely separate and apart from the question of whether Defendant MasMarques defamed Plaintiff on various gripe sites and on social media. While there may be focused debate about the handling of court data, there is no public debate about "whether such publication causes harm or violates one's privacy rights." Legally, it does not. Open records are the price we all pay to live in a free society, as this Court has already informed Defendant MasMarques. The fact that PlainSite has received about 25,000 suppression requests ***yet has never lost a lawsuit involving its publication of public records, of which there have only been four*** (including this one), signals the *lack* of a debate, as virtually every other requestor respectfully operates within this uncontroversial framework.

### 2. Plaintiff Has Shown Malice

Defendant MasMarques has clearly acted with malice. He spun wild conspiracy theories based on fantastic leaps of logic—that Plaintiff owned leagle.com (purportedly because Plaintiff runs PlainSite), that Plaintiff was committing tax fraud (purportedly because he ran a non-profit organization), that Plaintiff provided the California DMV with a false address (purportedly because an incompetent private investigator did not realize Plaintiff had moved), etc.—and presented them as fact, again and again. This is "reckless disregard for the truth," whether or not Defendant MasMarques had knowledge of falsity, which is not required for malice.

8

Plaintiff is not required to provide a reason why Defendant MasMarques recklessly disregarded the truth. All that matters is that he did, repeatedly, without hesitation or remorse.

### 3. Plaintiff Has Shown Falsity

It is false that Plaintiff "belongs in a psychiatric facility," and it was not "rhetorical hyperbole" when Defendant MasMarques repeatedly attempted to have Plaintiff committed to one. This is one of numerous statements broadcast by Defendant MasMarques capable of being shown true or false that were, in fact, false. Defendant MasMarques's brief on falsity is simply a list of conclusory statements and inapposite precedent that skips over the statements that matter.

### 4. Defendant MasMarques's Refusal To Stop Libeling Plaintiff Extended Even Beyond The Filing Date of This Action In 2023

The section devoted to the statute of limitations defense already rejected by this Court shows that he continued to libel Plaintiff from various accounts on social media and otherwise non-stop through 2023. The Court already recognized that the continuous violations doctrine applies here, and the violations are ongoing today. There is no statute of limitations issue.

## D. There Is No Genuine Dispute of Material Fact Regarding Abuse of Process

No state's Department of Motor Vehicles issues injunctions that shut down court record websites. No state judge has the authority to supersede the First Amendment and delete speech uttered by a citizen of a completely different state because someone in their state doesn't like it. No Freedom of Information Act request would have the effect of removing court records. Defendant MasMarques went to the trouble of setting all of these legal processes in motion, because doing so put pressure on one person, Plaintiff, to do the thing that Defendant MasMarques demanded using the alias "Liborio Bellomo" (a famous murderer): "Shut this site down!" This is what abuse of process means. "The essence of the tort of abuse of process is use of process as a threat or a club to coerce or extort some collateral advantage not properly

9

involved in the proceeding. *Cohen v. Hurley*, 20 Mass.App. 439, 442, 480 N.E.2d 658 (1985)." *Broadway Management Services Ltd. v. Cullinet Software*, 652 F. Supp. 1501, 1503 (D. Mass. 1987). It goes without saying that Plaintiff was damaged by not being able to use his motor vehicle, and by having to spend time and money defending against meritless litigation again and again and again, as well as false criminal accusations. Defendant MasMarques's nearly decade-long campaign of harassment is a violation of civil law to be sure, but it also merits prison time. *USA v. Jahanrakhshan*, Case No. 3:17-cr-00414-N (N.D. Tex. filed August 8, 2017).

### E. There Is No Genuine Dispute of Material Fact Regarding Malicious Prosecution

Defendant MasMarques did not just casually cause "transmission of information to a police officer." Opposition at 19. He went to the Marlborough District Court and filed a formal application for criminal charges against an individual whose job it was to legally publish public records about millions of cases, including but certainly not limited to MasMarques's. This Court might ask, of the nearly 20 million dockets on PlainSite (or more on Westlaw, or LexisNexis, or CourtListener), why have more people not followed in Defendant MasMarques's footsteps and also filed criminal charges against Steve Hasker (President & CEO of Thomson Reuters, parent company of Westlaw), for example? The answer is because obviously, doing so would be illegal, and in most jurisdictions, making a false police report is itself a crime.

Defendant MasMarques's litany of inapposite cases about completely different circumstances does not help him. He initiated proceedings more than once that were explicitly found to be without probable cause, and thus terminated in Plaintiff's favor.

### F. There Is No Genuine Dispute of Material Fact Regarding Conspiracy

Defendant MasMarques seeks to muddy waters that are perfectly clear by conflating different statutes and by involving parties that are not part of Plaintiff's conspiracy claim. First,

Plaintiff is not alleging conspiracy under 42 U.S.C. § 1985(3), the statute at issue in *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019). Only mid-way down page 20 of the opposition brief does opposing counsel finally admit, "Plaintiff's theory rests almost entirely on the assertion that ComplaintsBoard" conspired with Defendant MasMarques: one of its users. ComplaintsBoard's actions, augmenting Defendant MasMarques's libelous posts with its own content, exceeded mere "content moderation," and besides, Defendant MasMarques cites no precedent for the argument that "Mere inaction, content moderation decisions, or the operation of automated platform features are insufficient as a matter of law to establish civil conspiracy." Second, there are multiple ways to show conspiracy, and Plaintiff's theory requires no affirmative agreement.

### G. There Is No Genuine Dispute of Material Fact Regarding False Light/Invasion of Privacy

Plaintiff has identified private information, redacted in his brief, as well as evidence that Defendant MasMarques deliberately sought—while using various pseudonyms connected to his numerous fake accounts—to expose that private information, and opposing counsel has chosen to ignore it, thus conceding the point. That information is deliberately omitted here.

### H. There Is No Genuine Dispute of Material Fact Regarding Intentional Infliction of Emotional Distress

Defendant MasMarques's conduct would be considered "extreme and outrageous" and "beyond all possible bounds of decency" by any reasonable juror. Opposition at 22. It is also supported by objective evidence. Defendant MasMarques put Plaintiff in fear of his life more than once, and that fear was credible. When Plaintiff took formal steps to protect himself starting on April 4, 2018 by seeking a restraining order for the first time in his life, Defendant MasMarques doubled down, spewing libel and vitriol on the internet that put Plaintiff at *increased* risk of physical harm. That libelous content made its way around the world, where it

11

was picked up and enhanced by a Latvian gripe site and one of Elon Musk's foot soldiers, which has now spawned litigation of its own. Throughout all of this, Plaintiff was physically affected by a rare medical condition, making the effects of ordinary stress far worse.

### I. Plaintiff Is Entitled To Significant Damages

Plaintiff is, again, not a public figure. He is entitled to significant damages, including punitive damages, due to Defendant MasMarques's intentional campaign to harm him, which among numerous other issues has made raising venture capital nearly impossible.[7] Furthermore, Defendant MasMarques mischaracterizes the reason for Plaintiff explaining the basis for his hourly rate, which is entirely reasonable given Plaintiff's résumé. Prior to this litigation, Plaintiff spent his time and energy documenting and investigating Defendant MasMarques's actions *so that he could be properly reported to law enforcement*. That time is not time "defending himself in this action," both because "this action" had not yet commenced, and because Plaintiff is not the defendant here and although Defendant MasMarques previously threatened to file a cross-complaint based on his baseless conspiracy theories, he never did.

### III. CONCLUSION

There is no genuine dispute as to the material facts in this lawsuit, as long as "facts" are true statements and not Defendant MasMarques's fabrications and conspiracy theories. Defendant MasMarques's strategy is apparently to say that his deliberately incomplete tally of the evidence is insufficient, and that obvious facts need expert analysis. His refusal to engage with the voluminous evidence pointing directly to him amounts to a complete waiver of all substantive arguments. Plaintiff is entitled to summary judgment on all claims.

---

[7] Venture capital funding rounds are typically denominated in the tens of millions of dollars; founders typically receive a 30-35% stake.

12

Dated: January 27, 2026                 Respectfully submitted,

*[signature: Aaron Greenspan]*

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

13

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 27, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_____
Aaron Greenspan