UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>    Plaintiff,<br><br>  v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>    Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION TO DISCHARGE COUNSEL AND FOR ORDER ALLOWING WITHDRAWAL**

**I.      INTRODUCTION**

On January 21, 2026, Attorney Ashley Andrade filed Defendant Diego MasMarques, Jr.'s opposition to Plaintiff's motion for summary judgment.  ECF No. 285.  While Plaintiff contests the legal arguments in that opposition brief, such as the unsupported and false statement that "Plaintiff already admits that he is *at least* a limited public figure," disagreements in court over legal arguments are routine.  What is not routine in court is the kind of provably false statement of fact that Attorney Andrade included in footnote 6: that the e-mail address 56546@protonmail.com "has not been used by Defendant since late 2018."  *Id*. at 9, n. 6.

On January 27, 2026, Plaintiff filed a reply brief accompanied by a declaration containing pages from the Superior Court of California for the County of Santa Clara bearing official court clerk stamps and Defendant MasMarques's contact information and signature.  These documents

1

prove that Defendant MasMarques actively used 56546@protonmail.com—the address in question—as his e-mail address in 2019 and 2020.  ECF No. 287-1 ¶¶ 3-5, Exhibits A-B.

One day later, on January 28, 2026, Defendant MasMarques terminated Attorney Andrade.  This is the fourth time Defendant has terminated counsel in this specific action and the eighth lawyer he has cycled through since 2018.  Attorney Andrade's termination follows the exact pattern Plaintiff warned her about on May 7, 2025, her second day representing Defendant MasMarques: his three prior attorneys lasted 8 days, 6 days, and 17 days, likely because, as Plaintiff argued, "he is a fabulist" who "kept insisting that they file false statements before the court, and they didn't want to lose their law licenses."  ECF No. 287-1 at 18.

Therefore, Plaintiff opposes withdrawal, or in the alternative, requests that withdrawal be conditioned on Attorney Andrade correcting her false statements to this Court and explaining under oath the circumstances of her termination.  The Court should also consider issuing a referral of Attorney Andrade to the Massachusetts Board of Bar Overseers.

**II.    ARGUMENT**

    **A.    Legal Standard**

Under Civil Local Rule 83.5.2(c)(2), an attorney seeking to withdraw with no successor counsel must show "good cause."  Withdrawal is not automatically granted.  Reliance on a client's perjury that an attorney has been cautioned about in advance in writing is not good cause.  "More to the point, for the reasons set forth below, the court does not believe that the primary reason proffered by Defendants' counsel in support of the motion, is a communication problem sufficient to permit withdrawal."  *Miller v. Dunn & Phillips, PC*, 839 F. Supp. 2d 383,

385 (D. Mass. 2011).[1]  Withdrawal also hinges upon professional obligations.  "Disciplinary Rule 2-110, provides guidance to attorneys seeking to withdraw, as well as to judges deciding whether to permit withdrawal.

> [A] lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

DR 2-110(A)(2)."  *Hammond v. TJ Litle and Co., Inc.*, 809 F. Supp. 156, 159-160 (D. Mass. 1992).  Although the Disciplinary Rules have since been updated, the principle remains the same.  Currently, Massachusetts Rule of Professional Conduct 3.3(a)(1) requires "A lawyer shall not knowingly make a false statement of fact or law to a tribunal *or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer*" (emphasis added).  An attorney who has made false statements, knowingly or not, cannot simply withdraw and evade the obligation to correct those statements once warned.

### B.     The Timing of This Withdrawal Request Is Highly Suspicious

The timeline of events is as follows.  On May 6, 2025, Attorney Andrade filed her Notice of Appearance.  ECF No. 174.  On May 7, 2025, Plaintiff warned her that her client, Defendant MasMarques, "is a fabulist" who lies under oath.  ECF No. 287-1 at 18.  Throughout 2025, Attorney Andrade was forced to facilitate amendments and supplemental versions of her client's discovery responses because he kept lying under oath.  ECF Nos. 237-3, 237-4, 237-6, 237-8.  On January 21, 2026, Attorney Andrade filed her opposition brief containing the false statement

---

[1] This citation was inadvertently omitted from ECF No. 291.  Unlike the errors described herein, this was not an artificial intelligence error or an invalid or improper citation, but a simple editing error, and it is now voluntarily corrected.  Nonetheless, Plaintiff apologizes to the Court and the parties for the oversight.

3

about one of Defendant MasMarques's myriad ProtonMail e-mail accounts.  ECF No. 285.  On January 27, 2026, Plaintiff filed court documents from the California proceedings proving the statement false.  ECF 287-1.  On January 28, 2026, Defendant MasMarques terminated Attorney Andrade "effective immediately."  ECF No. 289 at 1.

This timeline suggests one of two scenarios, both problematic.  It is possible that Attorney Andrade finally refused to file additional false statements after being confronted with proof she had repeated Defendant's perjury on the record and thus, Defendant MasMarques terminated her for refusing to continue making false representations.  Alternatively, Defendant MasMarques may now be attempting to distance himself from Attorney Andrade's false statements by terminating her and claiming he did not know she was filing false representations.  This seems unlikely given that Attorney Andrade's statements were based on Defendant MasMarques's own perjurious statements.

Either scenario demonstrates Defendant MasMarques's pattern of terminating attorneys when caught in false statements.  Attorney Andrade should not be permitted to withdraw without correcting the record and explaining under oath what happened.

### C. This Is Defendant MasMarques's Fourth Attorney Termination In This Action and His Eighth Since Attacking Plaintiff

There is an undeniable pattern here.  Defendant MasMarques cycles through attorneys the same way that many people dispose of water bottles: without regard for their surroundings and the effects on other people.  Below are listed only those attorneys involved in Defendant MasMarques's dispute with Plaintiff and/or related dockets:[2]

---

[2] Newspaper reports from Spain, which Defendant MasMarques has attempted to have erased from the internet (attempts that in many cases succeeded), describe a similar pattern involving five additional attorneys who defended him in serial fashion in the matter of the killing of Tatiana Vasic.  ECF No. 269-2 at 25.

| Attorney Name | Notice of Appearance | Request for Withdrawal | Days |
|---|---|---|---|
| Brian Murphy | December 3, 2018 | December 7, 2018 | 4 |
| Steven Goldwyn | December 21, 2018 | February 1, 2019 | 42 |
| Paul Gannon | February 6, 2019 | Unknown | |
| Tim Gomes | May 2, 2019 | May 2, 2019 | 0.1 |
| Joseph E. Phelan | March 1, 2023 (ECF No. 18) | March 9, 2023 (ECF No. 22) | 8 |
| Timothy J. Connors | February 24, 2025 (ECF No. 156) | March 2, 2025 (ECF No. 159) | 6 |
| Simon B. Mann | April 8, 2025 (ECF No. 166) | April 25, 2025 (ECF No. 171) | 17 |
| Ashley Andrade | May 7, 2025 (ECF No. 174) | February 2, 2026 (ECF No. 289) | 271 |

The Court should be concerned by any litigant displaying such a pattern because such a litigant might be terminating attorneys when they refuse to file false statements or when they are caught filing false statements. The Court should not facilitate this pattern by permitting hasty withdrawal without any accountability.

### D. Attorney Andrade Has Ethical Obligation to Correct Her False Statements To This Court

Attorney Andrade made numerous false statements to this Court, both at hearings and in filings. She filed multiple Certificates of Service that provably stated the wrong date of service because she was repeatedly late filing. She even cited a case about two individuals named "Greenspan" that does exist, but has nothing to do with the plaintiff here, Aaron Greenspan—this, after her client fabricated a citation of his own using artificial intelligence software. Then she cited a non-existent opinion in her late-filed ECF No. 285 at 8 when she failed to check the opinion's date. Even if Attorney Andrade did not "knowingly" make such statements at the time they were made—and she did make them knowingly—she is now on notice they are false. Attorney Andrade has an ethical obligation to correct *all of them* before withdrawing.

### E. Pending Obligations Make Withdrawal Inappropriate

#### 1. Sanctions Motion

On January 25, 2026, Defendant MasMarques served (but did not file) a Rule 11 sanctions motion signed by Attorney Andrade because Plaintiff filed a summary judgment motion that dared to question her client's delusional and false narrative. If Attorney Andrade withdraws without filing this motion, she evades accountability for an obviously frivolous sanctions threat. The motion is laden with falsehoods and perversions of the record, including the implicit allegations that the California restraining order proceedings beginning in 2018, which terminated in Plaintiff's favor, were purportedly "repetitive, meritless, and harassing litigation" (in fact, Plaintiff had never brought any litigation against Defendant MasMarques prior to seeking that restraining order, and they cannot be "meritless" or "harassing" because Plaintiff won) and that Plaintiff has litigated against Defendant MasMarques for "nine years," when in fact for all of 2017 and the first three months of 2018, Plaintiff had no litigation pending against Defendant MasMarques at all. Plaintiff should have the opportunity to seek Rule 11 sanctions against Attorney Andrade for wasting his time with this frivolous threatened motion.

#### 2. Discovery Violations

Defendant MasMarques and Attorney Andrade violated multiple discovery orders (*see* ECF Nos. 200 and 251). Attorney Andrade represented she "conducted a thorough review of [her client's] electronic devices" when in fact, she did not even know how to read a URL, and failed to mention that the most important device in this case had been purportedly sold off by her client ***while criminal charges were pending against him based upon his use of that device*** years prior. ECF No. 242. Defendant MasMarques still refuses to identify the GMail addresses he used in connection with his harassment of Plaintiff, and Attorney Andrade deliberately misled

6

the Court by using the present-tense word "maintains" in connection with his false denials of social media use, past and present, which suggests, especially in conjunction with additional evidence, that the denials are false. ECF No. 257-2 at 12, ¶ 56.

Permitting Attorney Andrade to withdraw would allow Defendant MasMarques to openly defy the Federal Rules of Civil Procedure and the Court's discovery orders.

### 3. Summary Judgment Briefing

All of Defendant MasMarques's summary judgment materials were prepared by Attorney Andrade, including his motion for summary judgment (ECF No. 267 and related documents), his opposition to Plaintiff's motion for summary judgment (ECF No. 285 and related documents), and the discovery responses referenced in the briefs. These filings are all tainted by false statements. Thus, the Court must reconsider whether Defendant's positions were adequately supported, as there is ample evidence that they were not.

## III. CONCLUSION

Plaintiff respectfully requests the Court enter an Order to Show Cause requiring Attorney Andrade to face sanctions and Defendant MasMarques to have his false summary judgment filings struck, unless Attorney Andrade files, prior to withdrawal, a corrective declaration. That declaration should identify each false and/or misleading statement made to this Court and correct the record with accurate information. It should also contain an explanation under oath regarding the circumstances of her termination on January 28, 2026, whether Defendant MasMarques asked her to file statements she believed were false, what communications occurred between January 27-28, 2026 leading to her termination (with copies), whether she verified the ProtonMail statement and/or underlying testimony before including it in footnote 6, and why she did not heed Plaintiff's May 7, 2025 warning about Defendant MasMarques's perjury. Anything

less would permit the judicial equivalent of a hit-and-run—and not for the first time in this case.[3]

Unless the Court acts, Defendant MasMarques will continue this harmful and prejudicial pattern.

Dated: February 4, 2026              Respectfully submitted,

*[signature: Aaron Greenspan]*

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

---

[3] The Court previously allowed counsel for former defendants Kudriavtsev and Mediolex, Ltd. to withdraw with no explanation immediately after Plaintiff revealed that those entities had been impersonating *The Boston Globe* on ComplaintsBoard while their counsel told the Court that they had not targeted Massachusetts, purportedly depriving the court of jurisdiction.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

_____
Aaron Greenspan