UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AARON GREENSPAN**,

    Plaintiff,

  v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DEFENDANT DIEGO MASMARQUES, JR. IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (ECF NO. 257-3)**
**[LEAVE TO FILE GRANTED VIA ECF NO. 293 ON FEBRUARY 5, 2026]**

1

**NOTICE OF MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DEFENDANT DIEGO MASMARQUES, JR. IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (ECF NO. 257-3)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2026 at 9:00 A.M., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom 11, located at 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, Plaintiff Aaron Greenspan ("Plaintiff") will and hereby does move the Court to strike portions of the Declaration of Defendant Diego MasMarques, Jr. in support of his Motion for Summary Judgment (ECF No. 257-3).

The Court should grant Plaintiff's motion because the aforementioned Declaration contains material not suitable as evidence on summary judgment.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff respectfully requests that this Court strike portions of the Declaration of Defendant Diego MasMarques, Jr. in support of his Motion for Summary Judgment, ECF No. 257-3 (the "Declaration"). Defendant MasMarques's Declaration purports to be made on "personal knowledge" in ¶ 1, and yet much of its contents could best be described as conspiracy theories with no substantive foundation, let alone documentary support.

**II.   STATEMENT OF THE ISSUE**

The issue raised by this motion is whether portions of the Declaration of Defendant Diego MasMarques, Jr. should be struck.

### III. FACTUAL BACKGROUND

Plaintiff initiated this action against Defendant MasMarques on January 20, 2023. ECF No. 1. A First Amended Complaint ("FAC"), ECF No. 54, was filed pursuant to Rule 15(a)(1)(B) on July 25, 2023 subsequent to Plaintiff being served with an Answer to the initial Complaint by Defendant Sergei Igorevich Kudriavtsev on July 20, 2023 (docketed as ECF No. 56 on July 26, 2023). The Court struck multiple frivolous filings by Defendant MasMarques on June 14, 2023. ECF No. 41. Defendant MasMarques filed a motion to dismiss on August 21, 2023. ECF No. 66. The motion to dismiss was granted in part and denied in part on March 25, 2024. ECF No. 118. Defendant MasMarques filed an improper document styled as an "Answer" responding to the initial Complaint on July 8, 2024. ECF No. 143. The Court selectively struck parts of ECF No. 143 on February 12, 2025. ECF No. 148. Defendant MasMarques moved for summary judgment on November 6, 2025. ECF No. 257. A sworn declaration was attached to his motion containing false and irrelevant material. ECF No. 257-3.

### IV. ARGUMENT

After three years of litigation in this action alone, it is clear that Defendant MasMarques has no regard for the truth. In addition to the false statements he routinely makes under penalty of perjury, numerous other statements have no business being in Defendant MasMarques's Declaration pursuant to the Federal Rules of Evidence, and all such statements should be struck from the record pursuant to the Court's own authority and the Federal Rules of Evidence.

The Declaration's ¶¶ 15 ("I believe these individuals—including Plaintiff—are involved with leagle.com"), 20 ("I believe he was responsible for these breaches"), 22 ("I noticed that online searches for my name produced two full pages of plainsite.org content displaying my court records"), 31 ("I believe Plaintiff was behind this as retaliation"), 32 ("I reasonably believe that Plaintiff's true weapon is his 'computer and hacking skills…'"), 49 ("We received repeated phone calls from unidentified callers" [implying a belief that Plaintiff was directly responsible

3

for such calls]), 50 ("I believe Plaintiff was responsible"), 68 ("on information and belief"), 76 ("Plaintiff's relentless fabricated attacks and abusive filings" [characterizing litigation activity based on belief]), and 79 ("I believe Plaintiff is using me as a scapegoat to silence his critics") are based on statements that contain the words "I believe" or variations thereon or are simply statements of Defendant MasMarques's beliefs, not any actual knowledge.

Meanwhile, ¶ 66 ("One day, I overheard two coworkers…") is literal hearsay: Defendant MasMarques telling the Court what he thinks he heard other people saying at his former unspecified workplace. This is not permissible evidence on summary judgment pursuant to Federal Rule of Evidence 802.

Declaration ¶ 35 ("I was informed that a Shaker Heights Police Officer had gone to Plaintiff's family's residence to serve my TRO but was told by Plaintiff's father that he did not live there—which I have since learned was not the case.") purports to describe that Defendant MasMarques "learned" something, but he never states what he learned, how he learned it, when any of this supposedly happened, or what document the Court can examine to confirm that his learnings are accurately represented. Defendant MasMarques produced no documents to Plaintiff about these circumstances as part of discovery. Therefore, it is not clear what "personal knowledge" is being attested to here in violation of Federal Rule of Civil Procedure 56(c)(4).

Declaration ¶ 58 ("During this time in 2021, I considered filing suit against Plaintiff but feared it would consume more years of my life") is irrelevant as Defendant MasMarques has not filed any claims against Plaintiff in this action and none are pending against Plaintiff in any other action. Nor would this impact the Court's findings on summary judgment even were it true. Pursuant to Federal Rule of Evidence 402, "Irrelevant evidence is not admissible."

Finally, ¶¶ 65 ("I have never been convicted of murder, attempted murder, rape, stalking,

4

or attempted vehicular homicide, and have no history of mental illness") and 71 ("I have had no direct contact with Omar Qazi, Elon Musk, any individual with the last name [redacted]…" and "I have never encouraged anyone to publish or repost false or defamatory statements...") are obviously false and contradict other evidence in this action.  *See, e.g., USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-2 (D. Mass. filed October 15, 2009) (noting "you shall be subject to the Special Mental Health Aftercare Condition" after release from prison for his "Murder" conviction).  This also calls into question Defendant MasMarques's competence to testify on any matter at all.

### V.   CONCLUSION

At minimum, the aforementioned portions of Defendant MasMarques's Declaration should be struck from the record.

Dated: February 9, 2026            Respectfully submitted,

*[signature]*
Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org


### CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

Plaintiff conferred with former counsel for Defendant Diego MasMarques, Jr. regarding the motion to leave underlying this filing.  She did not assent.

*[signature]*
Aaron Greenspan

5

...

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 9, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

Aaron Greenspan