FILED IN CLERKS OFFICE
FEB 10 '26 AM10:35 USDC MA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
AARON JACOB GREENSPAN,             )
                                   )
Plaintiff,                         )
                                   )
v.                                 )   Case No.: 1:23-cv-10134-DJC
                                   )
DIEGO MAS MARQUES, JR. et al.      )   Honorable Denise J. Casper
                                   )
                                   )
Defendants,                        )
                                   )
_____

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN DISCOVER

## MOTION TO ENFORCE COURT ORDERS, FOR PROTECTIVE ORDER, AND FOR LIMITED FILING RESTRICTIONS

# I. INTRODUCTION

Plaintiff Aaron Jacob Greenspan again seeks relief he is not entitled to, filing yet another motion **without first seeking leave of Court**, in direct violation of existing Court orders. His latest motion—purporting to continue or reopen discovery—is untimely, procedurally barred, and substantively meritless. Discovery in this case **closed on August 29, 2025**, and Plaintiff has made no showing of good cause, diligence, or changed circumstances as required by **Federal Rule of Civil Procedure 16(b)(4)**.

1

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN DISCOVER

More significantly, this filing is not an isolated incident. Plaintiff has repeatedly disregarded Court-imposed filing restrictions, ignored procedural rules, and engaged in **abusive, disrespectful, and harassing conduct**, *including disparaging statements directed at* **Magistrate Judge Jennifer C. Boal** when rulings do not go his way. His conduct undermines the orderly administration of justice and imposes unnecessary burden and expense on Defendant.

The Court should deny Plaintiff's motion outright, enforce its prior orders, confirm that discovery is closed, and impose narrow, prospective restrictions to prevent further abuse.

## II. PROCEDURAL BACKGROUND

1. The Court entered a Scheduling Order governing discovery in this matter.
2. Fact discovery **closed on August 29, 2025**.
3. Plaintiff did not move to extend discovery prior to the deadline.
4. The Court has previously ordered Plaintiff to **seek leave of Court before filing certain motions**, including discovery-related filings.
5. Plaintiff nevertheless filed the present motion **without seeking leave**, in direct violation of the Court's order.
6. Plaintiff's motion identifies no newly discovered evidence, no intervening change in law, and no facts that could not have been pursued during the discovery period.

## III. LEGAL STANDARD

A scheduling order "may be modified only for **good cause and with the judge's consent**." Fed. R. Civ. P. 16(b)(4). The First Circuit has made clear that the good-cause inquiry focuses on the **diligence of the moving party,** and that allowing post-deadline modifications without such a

2

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN DISCOVER

showing undermines the purpose of Rule 16. *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154–55 (1st Cir. 1992).

Discovery is also constrained by proportionality and may not be used as a tool of harassment or oppression. Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Federal courts further possess **inherent authority** to enforce their orders and to restrict litigants who engage in vexatious conduct. *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34–35 (1st Cir. 1993).

## IV. ARGUMENT

### A. Plaintiff's Motion Is Procedurally Barred and Violates Court Orders

*Plaintiff was required to* **seek leave of Court before filing this motion.** *He did not. That failure* alone warrants denial. Courts in this District routinely deny motions filed in violation of express leave-of-court requirements, particularly where the violation is part of a pattern rather than an oversight.

Plaintiff cannot evade Court orders simply by ignoring them. Continued tolerance of such conduct would render the Court's directives meaningless.

### B. Plaintiff Fails to Demonstrate Good Cause to Reopen Discovery

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN

DISCOVER

Even if Plaintiff had complied with procedural requirements, his motion fails on the merits. He does not allege diligence. He does not identify newly discovered evidence. He does not explain why discovery could not have been pursued before August 29, 2025.

Under *Riofrio Anda*, the absence of diligence ends the inquiry. Plaintiff's dissatisfaction with how the case is progressing—or with prior rulings—does not constitute good cause.

### C. Plaintiff's Conduct Is Harassing and Abusive

Plaintiff's filings reflect a pattern of conduct that goes beyond zealous advocacy. He has responded to adverse rulings with **disparaging and insulting commentary directed at Magistrate Judge Boal** and he continues to burden Defendant with improper motions after deadlines have passed.

Discovery is not a weapon. *Oppenheimer Fund*, 437 U.S. at 351. Plaintiff's attempt to reopen closed discovery—while simultaneously disregarding filing restrictions—demonstrates that the motion is intended to harass and delay rather than to advance legitimate litigation objectives.

### D. The Court Should Enforce Its Orders and Impose Limited Filing Restrictions

The First Circuit has expressly authorized courts to impose filing restrictions where a litigant engages in vexatious conduct, provided the restrictions are narrowly tailored. *Cok*, 985 F.2d at 34.

Here, Defendant does not seek to bar Plaintiff from the courthouse. Defendant seeks only to enforce compliance with Court orders and to prevent repetitive, abusive motion practice. A

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN DISCOVER

requirement that Plaintiff obtain **prior leave of Court** before filing discovery-related or case-management motions is reasonable, proportionate, and necessary.

### *Footnote re Sanctions*

*Plaintiff's repeated violations of Court orders, coupled with disrespectful and disparaging statements directed at Magistrate Judge Boal when relief is denied, reflect abusive litigation conduct rather than good-faith advocacy. Defendant does not presently seek monetary sanctions, but respectfully requests that the Court issue an express warning that continued misconduct may result in sanctions pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 11. See* **Cok v. Family Court of Rhode Island**, 985 F.2d 32, 34 (1st Cir. 1993).

## V. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. **DENY** Plaintiff's Motion to Continue or Reopen Discovery;

2. **ENFORCE the Court's prior orders** requiring Plaintiff to seek leave before filing motions, and strike the present motion as improperly filed;

3. **CONFIRM** that discovery closed on August 29, 2025 and shall not be reopened absent extraordinary circumstances;

4. **ISSUE a protective order pursuant to Rule 26(c)** prohibiting Plaintiff from serving further discovery requests without prior leave of Court;

5. **IMPOSE limited filing restrictions**, requiring Plaintiff to obtain leave of Court before filing any discovery-related or case-management motions;

6. **WARN Plaintiff** that further violations may result in sanctions, including monetary sanctions or broader filing restrictions; and

7. Grant such other and further relief as the Court deems just and proper.

5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN

DISCOVER

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter an Order:

1. **Denying** Plaintiff's Motion to Continue or Reopen Discovery in its entirety;

2. **Enforcing** the Court's prior orders requiring Plaintiff to seek leave of Court before filing motions and **striking** Plaintiff's improperly filed motion;

3. **Confirming** that discovery closed on August 29, 2025 and shall not be reopened absent extraordinary circumstances and prior leave of Court;

4. **Issuing a protective order** pursuant to Federal Rule of Civil Procedure 26(c) prohibiting Plaintiff from serving further discovery requests without prior leave of Court;

5. **Imposing limited filing restrictions**, requiring Plaintiff to obtain prior leave of Court *before filing any discovery-related or case-management motions*;

6. **Warning Plaintiff** that further violations of Court orders or continued abusive conduct may result in sanctions, including monetary sanctions or broader filing restrictions; and

7. **Granting such other and further relief** as the Court deems just and proper

Dated: February 10, 2026                                  Respectfully submitted,

,                                                         /s/ Diego Mas Marques, Jr
                                                          P.O. Box 301
                                                          Marlborough, MA 01752
                                                          dmas5@protonmail.com

6

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE OR REOPEN

DISCOVER

## CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the foregoing was served upon Plaintiff Aaron Jacob Greenspan via the Court's CM/ECF system.

Date: February 10, 2026                               /s/ Diego Mas Marques, Jr
                                                      PO Box 301
                                                      Marlborough, MA 01752
                                                      dmas5@protonmail.com