FILED IN CLERKS OFFICE
FEB 10 '26 AM10:38 USDC MA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| AARON JACOB GREENSPAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:23-cv-10134-DJC |
| ) | |
| DIEGO MAS MARQUES, JR. et al. ) | Honorable Denise J. Casper |
| ) | |
| ) | |
| Defendants, ) | |
| ) | |

---

## DEFENDANT DIEGO MASMARQUES, JR.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DECLARATION (ECF NO. 295)

### I. INTRODUCTION

Plaintiff's Motion to Strike portions of Defendant's summary-judgment declaration is procedurally improper, legally unsupported, and emblematic of the litigation conduct that has already required repeated Court intervention in this case.

Rather than addressing the merits of Defendant's Motion for Summary Judgment, Plaintiff seeks to litigate credibility, intent, and character through a motion to strike, a practice the First Circuit and this Court have repeatedly rejected. See *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001).

The challenged statements are based on Defendant's personal observations, perceptions, and experiences and are properly considered under Rule 56. To the extent Plaintiff disputes their accuracy or interpretation, such disputes go to **weight**, not admissibility.

The motion should be denied in its entirety.

1

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c)(4), declarations submitted at summary judgment must be based on personal knowledge and set forth facts that could be presented in admissible form at trial.

Critically, **courts in this District do not strike evidence merely because it contains inferences, beliefs, or conclusions drawn from personal experience**, nor because the opposing party contests its truth. *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000).

Motions to strike are "generally disfavored" and are routinely denied where the Court can simply **disregard or discount** any portions it finds unpersuasive. *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001).

## III. ARGUMENT

### A. Plaintiff Improperly Uses a Motion to Strike to Contest Credibility

Plaintiff's primary objection is that Defendant uses phrases such as "I believe" or "I reasonably believe." That objection misunderstands Rule 56.

Statements reflecting belief or inference are admissible where, as here, they are **grounded in personal observation and experience**. *United States v. Valdivia*, 680 F.3d 33, 52 (1st Cir. 2012).

Plaintiff's disagreement with Defendant's interpretation of events is **not a basis for striking testimony** and is especially inappropriate at summary judgment, where credibility determinations are not made.

### B. Plaintiff's Hearsay Objections Are Overstated and Misapplied

Plaintiff labels certain statements as "hearsay" without addressing whether they are offered for the truth of the matter asserted.

Statements describing what Defendant heard, observed, or was told are admissible for non-hearsay purposes, including:

- notice
- state of mind
- motive
- context for subsequent actions

2

See Fed. R. Evid. 803(3); *United States v. Cruz-Diaz*, 550 F.3d 169, 176 (1st Cir. 2008).

At summary judgment, evidence need only be capable of being presented in admissible form at trial. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50–51 (1st Cir. 1990).

### C. Plaintiff's Relevance Objections Ignore the Broad Scope of Rule 401

Plaintiff argues that certain statements are "irrelevant" because he believes they do not advance his claims. That is not the standard.

Evidence is relevant if it has **any tendency** to make a fact more or less probable. Fed. R. Evid. 401. The challenged statements provide context for Defendant's actions, perceptions, and responses to Plaintiff's conduct—matters plainly relevant to the claims and defenses at issue.

### D. Plaintiff's Attempt to Disqualify Defendant as a Witness Is Improper

Plaintiff's assertion that Defendant is categorically incompetent to testify is **unsupported, inflammatory, and legally baseless**.

Competency is presumed under Federal Rule of Evidence 601. Plaintiff's arguments instead amount to an improper character attack that has no place in a motion to strike and underscores the abusive nature of the filing.

### E. The Motion Reflects Vexatious Litigation Conduct

This is not Plaintiff's first attempt to burden the docket with motions that **do not advance the resolution of the case**. Courts in this Circuit have cautioned against precisely this form of motion practice. *Rogan*, 267 F.3d at 27.

The appropriate remedy is denial of the motion and consideration of the declaration for whatever weight the Court deems appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court **DENY Plaintiff's Motion to Strike in its entirety.**

3

DEFENDANT DIEGO MASMARQUES, JR.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DECLARATION (ECF NO. 295)

Dated: February 10, 2026                                          Respectfully submitted,

                                                                  /s/ Diego Mas Marques, Jr
                                              ,                   P.O. Box 301
                                                                  Marlborough, MA 01752
                                                                  dmas5@protonmail.com

## CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the foregoing was served upon Plaintiff Aaron Jacob Greenspan via the Court's CM/ECF system.

Date: February 10, 2026                                /s/ Diego Mas Marques, Jr
                                                       PO Box 301
                                                       Marlborough, MA 01752
                                                       dmas5@protonmail.com