FILED IN CLERKS OFFICE
FEB 10 '26 AM 10:37 USDC MA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| Aaron Jacob Greenspan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:23-cv-10134-DJC |
| ) | |
| DIEGO MAS MARQUES, JR, et al. ) | Honorable Denise J. Casper |
| ) | |
| ) | |
| Defendant, ) | |
| ) | |

---

## MOTION TO STRIKE PLAINTIFF'S FILINGS ECF 291 AND ECF 292 AS VEXATIOUS, HARASSING, AND DOXXING

### INTRODUCTION

Defendant **Diego MasMarques, Jr.**, respectfully moves this Court to strike Plaintiff **Aaron Jacob Greenspan's** filings **ECF Nos. 291 and 292** from the record. These filings are not only baseless and frivolous, but they are also part of a larger campaign of harassment and doxxing by Plaintiff. The filings contain defamatory statements, false accusations, and personal attacks against Defendant **MasMarques** and his legal counsel, all designed to intimidate and harm.

Rather than addressing the legitimate legal issues in this case, Plaintiff's motions serve to escalate the conflict by resorting to improper tactics, including publicizing personal information (doxxing) with the intent to damage Defendant's reputation and privacy. These tactics undermine

1

the integrity of the judicial process and are impermissible under the Federal Rules of Civil Procedure.

For the reasons set forth below, Defendant **MasMarques** respectfully requests that this Court strike **ECF Nos. 291 and 292** in their entirety.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure grant this Court the authority to strike any pleading or part of a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Courts have the discretion to strike pleadings that serve no legitimate legal purpose and that are made in bad faith, or those that contribute to the harassment or improper targeting of another party.

This Court has long held that the purpose of Rule 12(f) is to prevent the abuse of the legal system, including the harassment of litigants and the use of the Court to further personal vendettas, as seen in the current filings.

## II. ARGUMENT

### A. ECF Nos. 291 and 292 Are Vexatious, Harassing, and Doxxing

Plaintiff **Greenspan's** filings in **ECF Nos. 291 and 292** are abusive in nature and should be stricken for several reasons. These filings go beyond legitimate legal argumentation and instead serve to harass, intimidate, and harm Defendant **MasMarques** personally. In particular, they are part of a pattern of doxxing and harassment.

1. **False Statements and Harassment**:

    In **ECF No. 291**, Plaintiff repeats false statements about Defendant **MasMarques**'s use of an email address, presenting irrelevant court documents that mislead the Court and serve no purpose other than to attack Defendant personally. These filings misstate the facts and instead of focusing on the issues at hand, Plaintiff uses them to defame and harass Defendant.

2. **Doxxing and Personal Attacks**:

    Plaintiff's **ECF Nos. 291** and **292** are also replete with personal attacks on Defendant **MasMarques** and his legal counsel. In these filings, Plaintiff includes personal details, including confidential information about Defendant's prior legal representation and tactics aimed at publicizing Defendant's private affairs. This constitutes clear **doxxing**, which is an attempt to publicly humiliate and intimidate Defendant by exposing his private information to the public, as then Aaron Jacob Greenspan uploads all of this on to his doxxing website plainsite.org and it serves no legitimate legal purpose.

3. **Harassing Legal Counsel**:

    Plaintiff also targets Defendant **MasMarques**'s legal counsel, **Attorney Ashley Andrade**, in a defamatory and harassing manner. These personal attacks on Attorney Andrade serve only to vilify her without any substantiated legal basis. The deliberate spread of misinformation about an attorney's professional conduct constitutes harassment and serves to discredit her personally, rather than addressing legitimate legal concerns.

3

Aaron Jacob Greenspan has also harassed defendant's prior defense Attorneys and he refuses to cease and desist with this constant harassment and intimidation tactics.

**B. The Filings Are Part of a Larger Pattern of Doxxing and Harassment by Plaintiff**

Plaintiff **Greenspan** has repeatedly engaged in similar tactics throughout this litigation, using the Court as a platform for personal attacks rather than addressing substantive legal issues. Plaintiff's filings, including **ECF Nos. 291** and **292**, reflect a broader campaign to harass and intimidate Defendant **MasMarques**, as well as his legal counsel, and the prior legal counsels through the dissemination of personal information.

1. **Repeated Use of Doxxing and Harassment:**

    Over the course of this litigation, Plaintiff has shown a consistent pattern of resorting to doxxing—releasing personal, private information with the intention of causing harm. *This pattern is most evident in ECF Nos. 291 and 292, where Plaintiff continues to use* the legal process and the Docket of this Federal Court, as a tool for harassment and defamation, rather than seeking a legitimate legal resolution.

2. **Abusive Litigation Tactics:**

    These filings, as part of Plaintiff's broader strategy, are emblematic of a pattern of vexatious litigation intended to harass and intimidate Defendant **MasMarques**. Plaintiff has regularly filed motions and documents that contain irrelevant, inflammatory, and defamatory material, rather than focusing on the substantive legal claims in this case.

**C. The Court Should Strike These Filings to Protect Judicial Integrity**

4

MOTION TO STRIKE PLAINTIFF'S FILINGS ECF 291 AND ECF 292 AS VEXATIOUS, HARASSING, AND DOXXING

Allowing **ECF Nos. 291** and **292** to remain on the record would encourage further abuse of the judicial process, as it would permit Plaintiff **Greenspan** to continue using the Court for personal attacks and the spreading of defamatory content. Such actions have no place in a legal proceeding and should not be tolerated.

Striking these filings is essential to maintaining the integrity of the judicial process, ensuring that the case proceeds on the merits and not as a platform for harassment or personal vendettas. The Court has the authority and responsibility to prevent the misuse of legal proceedings for improper purposes, including the practice of doxxing and harassment.

## III. CONCLUSION

For the reasons stated above, Defendant **Diego MasMarques, Jr.** respectfully requests that this Court strike **ECF Nos. 291** and **292** in their entirety. These filings serve no legitimate legal purpose and are clearly designed to harass, intimidate, and harm Defendant **MasMarques** and his legal counsel. Allowing these filings to remain on the record would encourage further abuse of the judicial process and undermine the integrity of these proceedings.

Defendant **MasMarques** also requests that the Court consider sanctions against Plaintiff **Aaron Jacob Greenspan** for his ongoing pattern of vexatious litigation, harassment, and doxxing, throughout this case and take any other actions deemed necessary to protect the Court's integrity and prevent further abuse.

| | |
|---|---|
| Dated: February 10, 2026 | Respectfully submitted, |
| | /s/ Diego Mas Marques, Jr |
| , | P.O. Box 301 |
| | Marlborough, MA 01752 |
| | dmas5@protonmail.com |

MOTION TO STRIKE PLAINTIFF'S FILINGS ECF 291 AND ECF 292 AS VEXATIOUS, HARASSING, AND DOXXING

## CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the foregoing was served upon Plaintiff Aaron Jacob Greenspan via the Court's CM/ECF system.

Date: February 10, 2026                                 /s/ Diego Mas Marques, Jr
                                                        PO Box 301
                                                        Marlborough, MA 01752
                                                        dmas5@protonmail.com

,