UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| AARON GREENSPAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 23-cv-10134-DJC |
| DIEGO MASMARQUES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON MOTIONS TO SEAL
[Docket Nos. 259, 264, 276]

April 15, 2026

Boal, M.J.

Plaintiff Aaron Greenspan and Defendant Diego MasMarques, Jr., each seek to seal portions of the summary judgment record. Docket Nos. 259; 264; 276.[1] For the following reasons, this Court grants in part and denies in part the motions.

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." Bradford & Bigelow, Inc. v. Richardson, 109 F.Supp.3d 445, 447 (D. Mass. 2015) (citation omitted). "This is because of the longstanding tradition of public access to trials and pre-trial motions in our judicial system—a tradition that is protected both by the common law and the First Amendment." Id. (citations omitted); see also United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013) (citations omitted) ("Courts have long recognized 'that public monitoring

---

[1] On February 12, 2025, Judge Denise J. Casper referred the case to the undersigned for full pretrial management but no dispositive motions. Docket No. 152. On December 12, 2025, she referred the pending dispositive motions as well as non-dispositive motions at Docket Nos. 259 and 264. Docket No. 268.

of the judicial system fosters the important values of quality, honesty and respect for our legal system.'"). "What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing." Bradford & Bigelow, Inc., 109 F.Supp.3d at 447. "The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it." Id. For materials filed in connection with motions for summary judgment, "the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests." Id. at 448.

Generally, an individual's privacy rights "are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." Kravetz, 706 F.3d at 62 (citation omitted). "[W]here the public's right of access competes with privacy rights, it is proper for the district court, after weighing the competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." Id. (internal quotation omitted). Medical information is "universally presumed to be private, not public," unless that privacy interest is waived. Id. at 63 (quoting In re Bos. Herald, Inc., 321 F.3d 174, 190 (1st Cir. 2003)). In addition, "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." Id. at 62. A court "must carefully balance the competing interests that are at stake in that particular case.'" Jean-Pierre v. J&L Cable TV Servs., Inc., No. 1:18-CV-11499, 2021 WL 6773087, at 2 (D. Mass. June 28, 2021) (quoting Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)).

Greenspan and MasMarques both seek an order sealing portions of the summary judgment record that refer to medical information, personal identifiers, criminal records and

court proceedings, and corporate financial data.  After careful consideration and review of the subject documents, this Court rules as follows:

Medical and Private Information.  Because medical information is afforded a strong presumption of privacy, such information may be sealed here.  Docket Nos. 257-1 at 30; 257-2 at ¶ 80; 265 at 27; 266 at ¶ 52; 266-13; 277-1 at 27.[2]

Personal Identifiers and Third-Party Interests.  This Court finds that protecting the privacy of non-parties is a significant countervailing interest, particularly given some of the allegations in this case.  Accordingly, portions of Docket Nos. 257-3 at 16-19; 258-1 at 4, 23, 85, 106-107; 258-12; 265-2 at 17; 266-7;[3] 266-8 at 23, 32, 43, 80; 266-9 at 7-8, 11-15;[4] 277-1 at 25-26 may remain redacted to shield phone numbers, addresses, email addresses, and individuals (together "Personal Identifiers") tangential to the core allegations in the case.  Because these identifiers are irrelevant to the core legal issues here, their redaction does not impede the public's ability to monitor the judicial process.  Additionally, Docket Nos. 265 at 26; 266 at ¶ 39; and 258-19 at 11, 29, 31-32 may be sealed as they refer to sensitive matters concerning third parties that are uninvolved in this case or corporate financial data that also meets the good cause standard.  Finally, although Greenspan objects to the redaction of a certain named individual, see Docket No. 262 at 2, he does not argue that the individual is a public figure or that the name is material to this case; accordingly, the name will remain redacted.

---

[2] All citations refer to the document and page numbers assigned by ECF.

[3] Although Greenspan seeks to seal the entirety of Docket No. 266-7, this Court orders the document unsealed except as to Personal Identifiers.

[4] Although Greenspan seeks to seal the entirety of Docket No. 266-9, this Court orders the document unsealed except as to Personal Identifiers.

Public Records and Information Central to Adjudication.  Except as to Personal Identifiers, the request to seal with respect to documents already in the public domain or central to this Court's decision-making is denied.  Docket Nos. 257-2 at ¶¶ 19-23; Docket Nos. 257-3 at ¶¶ 2-6,[5] 8-9; 258-1 at 19; 258-6; 258-10 refer to MasMarques' past criminal conviction, the public legal record related to that conviction, and other publicly available court documents, and they should not be sealed.  There is no compelling reason to restrict access to information that is already part of the public record.  Further, documents such as Docket Nos. 266-6; 266-7; 266-9 [6] contain information central to this Court's adjudication and should not be sealed in their entirety; rather, they should be sealed as indicated above.  Accordingly, the party that filed any document that contains portions that this Court has now found should be unsealed must file a new version of the document consistent with this Order.

So Ordered.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[5] MasMarques also seeks to redact the heading above paragraph 2.  That request is similarly denied.

[6] Greenspan argues that information deemed confidential pursuant to the Court's Protective Order should be filed under seal.  Docket No. 264 at 2.  However, a document's designation as confidential under a stipulated protective order alone is not enough to meet the good cause standard.  See Bradford & Bigelow, Inc., 109 F.Supp.3d at 448.