**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

AARON GREENSPAN,

    Plaintiff,

   v.

DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,

    Defendants.

Case No.: 1:23-cv-10134-DJC

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S**
**MOTION FOR EXTENSION OF TIME TO COMPLY WITH ECF NO. 306**

After delaying this case by years through late filings, missed deadlines, and numerous extensions; employing a series of attorneys who lied to the Court; ignoring or outright violating numerous orders of this Court; and filing frivolous motion after frivolous motion to the point of vexatiousness, Defendant Diego MasMarques, Jr. requests—without complying with Civil Local Rule 7.1(a)(2) or the Court's Orders at ECF No. 78 or 119—additional time to respond to ECF No. 306. His request should be denied, or if it is granted, that time should be treated as a re-opening of discovery so that Plaintiff can use it to serve Google and Reddit with subpoenas.

Defendant MasMarques claims—supported by yet another false declaration under oath—that he "did not receive Plaintiff's filing at ECF No. 305" even though it was filed through CM/ECF with his latest e-mail address, dmas5@protonmail.com, as clearly stated on the Notice of Electronic Filing. There has never been any prior issue in this action with electronic service

1

via CM/ECF, nor is there any technical reason to expect that there would be one now.  Defendant MasMarques submitted no SMTP logs to support his latest dog-ate-my-homework excuse, does not represent that he checked his spam folder(s), and is frankly not believable on any subject at this stage.  Yet even if he is telling the truth, it does not matter.  The relevant document here was not Plaintiff's response, but rather the Court's Order itself at ECF No. 304, and Defendant MasMarques has not represented that he failed to receive *that* document.  Nonetheless, more than two months later, he has failed to comply with ECF No. 304 (on top of the Court's discovery orders and various other orders he violated throughout the history of this litigation, whether or not he was represented by counsel at any given time).

Rather than additional leniency, contempt sanctions are in order here.  Defendant MasMarques was ordered to do something, he failed to do it, and now he is asking for further special treatment which is itself a violation of two other Court Orders requiring that he ask for leave first because of his history of frivolous requests!  The solution is not further acquiescence via an extension of time.  It is accountability.  But if the Court is inclined to grant Defendant MasMarques extra time six months past the summary judgment deadline to comply, then Plaintiff, who is also *pro se*, should be permitted to serve additional subpoenas, which would not prejudice Defendant MasMarques or have a material impact on the case schedule.

Dated: June 21, 2026                    Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

2

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on June 21, 2026 I filed the foregoing with the Clerk of Court using

the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.


Aaron Greenspan