UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

Plaintiff,

v.

DIEGO MASMARQUES, JR. a/k/a DIEGO
MAS HOWARD a/k/a RICKY MAS MARQUES
a/k/a JACK JONES, SERGEI IGOREVICH
KUDRIAVTSEV, MEDIOLEX, LTD., and
ASTRAD, LTD.,

Defendants.

FILED IN CLERKS OFFICE

JUN 25 '26 PM1:31 USDC MA

Case No.: 1:23-cv-10134-DJC

## DEFENDANT'S RESPONSE TO PLAINTIFF'S CORRECTED STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED IN OPPOSITION TO DEFENDANT DIEGO MASMARQUES, JR.'S MOTION FOR SUMMARY JUDGMENT (DOC. NO 269-1)

Defendant Diego MasMarques, Jr. ("Defendant") responds to Plaintiff Aaron Greenspan's

("Plaintiff") Corrected Statement of Material Facts as to which there is a Genuine Issue to be

Tried in Opposition to Defendant Diego Mas Marques, Jr.'s Motion for Summary Judgment

(Doc. No. 269-1) as follows:

I.                        GENERAL OBJECTIONS

Defendant objects to Plaintiff's Corrected Statement of Material Facts to the extent it

violates Fed. R. Civ. P. 56(c) and Local Rule 56.1 by presenting an overlong, argumentative,

cumulative, and evidentiary narrative rather than a concise statement of material facts genuinely

necessary to resolve the motion for summary judgment. Local Rule 56.1 requires a concise

1

statement of material facts supported by record citations; it does not authorize a party to submit an expansive factual brief, character narrative, or compilation of immaterial background, legal argument, speculation, hearsay, and unsupported attribution. Defendant further objects that many asserted facts are immaterial under Fed. R. Civ. P. 56(a), not supported by admissible evidence under Fed. R. Civ. P. 56(c)(1), incapable of being presented in admissible form under Fed. R. Civ. P. 56(c)(2), or inadmissible under Fed. R. Evid. 401, 402, 403, 404, 602, 701, 702, 801–802, and 901. Defendant responds to Plaintiff's numbered statements solely to comply with Local Rule 56.1 and without waiving any objection that Plaintiff's statement is excessive, argumentative, cumulative, immaterial, or otherwise improper.

## II.                          DEFENDANT'S RESPONSES[1]

## I.    GENERAL FACTS

### A.    The Parties

#### 1.    Plaintiff Aaron Greenspan's Background

1.    At all relevant times, Plaintiff Aaron Greenspan ("Plaintiff") was a resident of the State of California for the majority of each year.  ECF No. 54 ¶ 20.

**RESPONSE**: Undisputed only that Plaintiff resided primarily in California during relevant periods, except for the brief Ohio period reflected in Plaintiff's deposition. Andrade Decl., Ex. 1 (Pl. Dep. 131:6-25).

---

[1] Defendant includes Plaintiff's section headings and subheadings solely because they appear in Plaintiff's Corrected Statement of Material Facts and to maintain consistency and ease of reference in responding to Plaintiff's numbered paragraphs. Defendant does not adopt, admit, or concede the accuracy, propriety, materiality, or admissibility of any heading or subheading. To the extent any heading or subheading contains argument, characterization, legal conclusion, speculation, unsupported attribution, or other improper matter, Defendant expressly disputes and objects to it under Fed. R. Civ. P. 56, Local Rule 56.1, and Fed. R. Evid. 401, 402, 403, 404, 602, 701, 702, 801–802, and 901.

2.      Plaintiff is a citizen of California.  ECF No. 54 ¶ 20.

**RESPONSE**: Undisputed only that Plaintiff resided primarily in California during relevant periods, except for the brief Ohio period reflected in Plaintiff's deposition. Andrade Decl., Ex. 1 (Pl. Dep. 131:6-25).

3.      Plaintiff incorporated Think Computer Corporation as a for-profit corporation in 1998 as a freshman in high school.  ECF No. 68-1 ¶ 1.

**RESPONSE**: Undisputed only that Plaintiff founded Think Computer Corporation, which operates PlainSite. Andrade Decl., Ex. 1 (Pl. Dep. 9:20-10:5, 11:10-18, 73:16-21); FAC ¶¶ 1-4. Disputed to the extent Plaintiff offers this background fact as material to any remaining claim or defense beyond Plaintiff's operation of PlainSite and related entities.

4.      Plaintiff incorporated Think Computer Foundation as a non-profit corporation in 2000 as a senior in high school.  Greenspan Declaration ¶ 2.

**RESPONSE**: Undisputed only that Plaintiff founded and controlled TCF, with his father Neil Sanford Greenspan, VP, Treasurer and Board Member and his mother Judith Keene Greenspan, Board Member. Disputed to the extent Plaintiff omits TCF's later dissolution, as a result of the related Ohio Attorney General Investigation. Andrade Decl., Ex. 1 (Pl. Dep. 74:2-9, 75:1-25, 77:11-79:9); Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 14.

5.      In 2001, the Internal Revenue Service granted Think Computer Foundation tax-exempt status under section 501(c)(3) of the Internal Revenue Code.  Greenspan Declaration ¶ 2.

RESPONSE: Undisputed only that TCF previously had 501(c)(3) status; disputed to the extent Plaintiff omits TCF's later dissolution and revocation issues, as a result of the Ohio Attorney General Investigation and plainsite.org under TCF was initially authorized as a 501(c)(3) status, by the IRS, but was within weeks denied. Plaintiff for over a decade told the public that monetary donations to plainsite.org were tax deductible and that it was still a 501(c)(3), when it was denied by the IRS. Andrade Decl., Ex. 1 (Pl. Dep. 74:2-9, 75:1-25, 77:11-79:9); Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 14.

6.      Non-profit organizations are commonly referred to as "501(c)(3)" organizations. 26 U.S.C. § 501(c)(3).

**RESPONSE**: Disputed. Defendant objects to this statement as immaterial and not a properly supported statement of material fact under Local Rule 56.1. Plaintiff relies solely on his own declaration to offer an opinion or characterization concerning 501(c)(3) nonprofit organizations, but Plaintiff has not been disclosed or qualified as an expert on nonprofit organizations or tax-exempt entities. His declaration does not establish the statement as an undisputed material fact, and the statement has no bearing on the claims or defenses at issue. Accordingly, the statement should be disregarded for purposes of summary judgment.

7.      Non-profit organizations are not commonly referred to as "501c" organizations.

Greenspan Declaration ¶ 3.

**RESPONSE**: Disputed. Defendant objects to this statement as immaterial and not a properly supported statement of material fact under Local Rule 56.1. Plaintiff relies solely on his own declaration to offer an opinion or characterization concerning 501(c)(3) nonprofit organizations, but Plaintiff has not been disclosed or qualified as an expert on nonprofit organizations or tax-exempt entities. His declaration does not establish the statement as an undisputed material fact, and the statement has no bearing on the claims or defenses at issue. Accordingly, the statement should be disregarded for purposes of summary judgment.

8.      Plaintiff attended high school in Shaker Heights, Ohio and graduated from Harvard College in 2004 *cum laude* with Advanced Standing in three years.  ECF No. 68-1 ¶ 3.  *See also* Plaintiff's Deposition Transcript at 13:21-25, 14:6-10.

**RESPONSE**: Undisputed only for purposes of this motion.

9.      Plaintiff is a software developer who also advocates for legal transparency as part of his work.  Plaintiff's Deposition Transcript at 9:18-19, 13:17-19.

**RESPONSE**: Undisputed only for purposes of this motion. Disputed as plaintiff advocates for legal transparency, as a means to profit off legal documents on plainsite.org.

10.     Despite occasional media attention and interest from government bodies surrounding specific topics, such as his involvement with the creation of The Facebook at

Harvard, Plaintiff is not known to the majority of, or even a significant fraction of, the American public. Plaintiff's Deposition Transcript at 26:17-22.

**RESPONSE**: Disputed to the extent Plaintiff minimizes his public profile. Plaintiff admits extensive public advocacy, media interviews, public testimony, litigation involving public figures, and approximately 100 FOIA requests and is well known in California and Ohio. Andrade Decl., Ex. 1 (Pl. Dep. 20:13-15, 24:2-8, 25:1-23, 26:4-16, 26:23-27:9, 27:24-28:12, 29:24-30:16, 31:15-20, 55:22-57:8, 60:23-61:8, 225:1-3); Doc. No. 226, Ex. C, at 9.

11.     Plaintiff filed a lawsuit in 2011 in this Court in part because he was improperly *omitted* from the 2010 motion picture "The Social Network," causing *fewer* people to be aware of his name. *Greenspan v. Random House, Inc. et al*, Case No. 1:11-cv-12000-RBC (D. Mass. *filed* November 18, 2011).

**RESPONSE**: Undisputed only for purposes of this motion; immaterial to the summary-judgment issues. Disputed to the extent Plaintiff minimizes his public profile. Plaintiff admits extensive public advocacy, media interviews, public testimony, litigation involving public figures, and approximately 100 FOIA requests. Andrade Decl., Ex. 1 (Pl. Dep. 20:13-15, 24:2-8, 25:1-23, 26:4-16, 26:23-27:9, 27:24-28:12, 29:24-30:16, 31:15-20, 55:22-57:8, 60:23-61:8, 225:1-3); Doc. No. 226, Ex. C, at 9.

12.     Plaintiff does not have and has never had a dedicated page in his name on Wikipedia. Rather, Wikipedia redirects to the "Criticism of Facebook" page for the query "Aaron Greenspan". Greenspan Declaration ¶ 4.

**RESPONSE**: Undisputed only for purposes of this motion; immaterial to the summary-judgment issues. Disputed to the extent Plaintiff minimizes his public profile. Plaintiff admits extensive public advocacy, media interviews, public testimony, litigation involving public figures, and approximately 100 FOIA requests. Andrade Decl., Ex. 1 (Pl. Dep. 20:13-15, 24:2-8, 25:1-23, 26:4-16, 26:23-27:9, 27:24-28:12, 29:24-30:16, 31:15-20, 55:22-57:8, 60:23-61:8, 225:1-3); Doc. No. 226, Ex. C, at 9.

13.     Plaintiff sued Elon Musk, Tesla, Inc., Omar Qazi, and Qazi's company Smick Enterprises, Inc. in May 2020 in federal court in the United States District Court for the

Northern District of California and at that stage, the case was heard primarily by United States District Judge James Donato in San Francisco, California. *Greenspan v. Qazi, et al*, Case No. 3:20-cv-03426-JD (N.D. Cal. *filed* May 20, 2020).

**RESPONSE**: Undisputed for purposes of this motion. Disputed though, for some unfounded reason plaintiff repeatedly mentioned defendant's name in that lawsuit in a defamatory manner and Judge James Donato dismissed this lawsuit in May of 2022.

14.     Plaintiff is not and has never been declared a "vexatious litigant." ECF Nos. 61-1, 118.

**RESPONSE**: Undisputed only that Plaintiff contends he has not been declared a vexatious litigant; Disputed to the extent offered to negate the challenged statements or damages. Disputed plaintiff has filed dozens of lawsuits, that were dismissed. Andrade Decl., Ex. 1 (Pl. Dep. 18:20-19:9, 20:23-21:20, 29:24-30:16, 31:15-20, 69:4-9, 70:2-22, 214:15-215:6, 218:12-219:23, 229:24-230:22, 234:1-235:9); MasMarques Decl. ¶¶ 33, 38, 41, 64; Andrade Decl., Exs. 5, 15-17.

### 2.     Defendant Diego MasMarques, Jr.'s Background

15.     At all relevant times, Defendant Diego MasMarques, Jr. was a resident of Massachusetts for the majority of each year. ECF No. 257-2 ¶ 1.

**RESPONSE**: Undisputed.

16.     *Defendant MasMarques has also used the names Diego Mas Howard, Rick, and Ricky. USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-3 at 1 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

17.     Defendant MasMarques is a citizen of Massachusetts. ECF No. 257-2 ¶ 1.

**RESPONSE**: Undisputed.

18.     Defendant MasMarques is a dual citizen of the United States of America and

Germany.  Plaintiff's Deposition Transcript at 222:10-11.

**RESPONSE**: Disputed. Defendant is a United States citizen and is not a citizen of
Germany. Defendant objects that Plaintiff's cited testimony does not establish
Defendant's citizenship and is not competent evidence of Defendant's nationality under
Fed. R. Civ. P. 56(c)(1)–(2). Plaintiff lacks personal knowledge to testify as to
Defendant's citizenship, and any such assertion is inadmissible speculation or hearsay.
Fed. R. Evid. 602, 701, 801–802. MasMarques Decl. ¶ 62.

19.     Defendant MasMarques has claimed that he can "read, write, and speak three

languages" which are "English, German and Spanish." ECF No. 1-6 at 327:18-19. *USA*

*v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 5 at 2 (D. Mass filed October

15, 2009).

**RESPONSE**: Undisputed.

20.     Germany and Spain are part of the European Union, often abbreviated "EU".

Greenspan Declaration ¶ 7.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's
general objections and without conceding materiality.

21.     In German, nouns are capitalized.  Plaintiff's Deposition Transcript at 222:9-10.

**RESPONSE**: Disputed. Defendant objects to this statement as immaterial and not a
properly supported statement of material fact under Local Rule 56.1. Plaintiff relies
solely on his own declaration to offer an opinion or characterization concerning the
German language, but Plaintiff has not been disclosed or qualified as an expert in
German.

22.     Defendant MasMarques's mother worked for the federal government, including

but not limited to working in naval intelligence.  Defendant's Document Def-P2_000244,

ECF No. 237-10 at 21.

**RESPONSE**: Undisputed; disputed as to materiality and relevance in underlying action.

23.    Defendant MasMarques has a criminal history described by the Probation Office of the United States District Court for the Southern District of New York as involving "an outstanding warrant from South Boston District Court from a case dating back to 1994 for 2 counts of Rape" and "3 additional warrants out of various jurisdictions in the Massachusetts area" including "South Boston, Quincy, Brighton, and Woburn" the last of which was for "a 1991 complaint of Assault by his then girlfriend Mary Bulman, who is the mother of his now 18 year old son." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1 at 4-6 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that the cited judicial record contains the quoted or referenced statements. Disputed to the extent that all charges were dismissed and sealed and Plaintiff characterizes those references as convictions or material to any remaining claim or defense. Defendant also objects under Fed. R. Evid. 401, 402, 403, and 404 because the alleged criminal-history narrative is immaterial, unduly prejudicial, cumulative, and improper character evidence. MasMarques Decl. ¶ 65; Andrade Decl., Ex. 1 (Pl. Dep. 216:2-217:20).

24.    The United States District Court for the Southern District of New York further stated that "During a Court appearance on April 3, 2009, there was a finding that he violated terms of Probation and he was ordered to pay a $750.00 Fine which was satisfied on that date." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1 at 6 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that the cited judicial record contains the referenced probation-related statement. Disputed to the extent that the case was dismissed and sealed and Plaintiff offers it as material to any remaining claim or defense. Defendant objects under Fed. R. Evid. 401, 402, 403, and 404 because the statement is immaterial, unduly prejudicial, and improper character evidence.

8

25.     To evade appearing at a criminal trial in the United States, Defendant MasMarques lived for a time in Germany, where his father once worked, and lived for some time in Spain, where his father eventually moved.  Greenspan Declaration Exhibit A at 20.  *See also Mas Marques v. Digital Equipment Corp.*, 637 F. 2d 24 (1st Cir. 1980).

**RESPONSE**: Disputed. Plaintiff's assertion that Defendant acted 'to evade' trial is argumentative, speculative, unsupported by admissible evidence, and not a concise statement of fact. Fed. R. Civ. P. 56(c)(1)-(2). Defendant further objects under Fed. R. Evid. 401, 402, 403, 404, and 602. Defendant agreed to complete the remainder of his sentence in the United States through a treaty transfer. MasMarques Decl. ¶¶ 6-7.

26.     According to the United States Parole Commission, Defendant MasMarques "was found guilty of a 'misdemeanor of bodily harm' in Spain for driving his car at a man who was in the company of Mas Marques' *[sic]* former girlfriend." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-2 at 2 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that the cited USPC record contains the referenced language. Disputed that case was expunged.

27.     On February 28, 2008, the United States Parole Commission imposed a condition of supervised release on Defendant MasMarques requiring that he be "subject to the Special Mental Health Aftercare Condition" because he was found to "have a problem controlling [his] anger." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-2 at 5 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that the cited release condition appears in the referenced USPC material. Disputed to the extent Plaintiff characterizes that condition as evidence of mental illness or as material to the remaining claims. Defendant has no documented history of mental illness. MasMarques Decl. ¶ 65. Defendant further objects under Fed. R. Evid. 401, 402, 403, 404, and 602.

28.    In the late 1990s, while residing in Palma de Mallorca, Spain, Defendant

MasMarques had a romantic relationship with a woman named Tatiana Vasic.  Greenspan

Declaration Exhibit A at 2.

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper material containing
the referenced narrative. Disputed to the extent offered for the truth of the matter asserted
or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2)
and Fed. R. Evid. 401, 402, 403, 404, and 802. The Spanish conviction did not involve
Plaintiff, predated the events at issue, Defendant served his sentence and was released in
2008, and Spain expunged the conviction in December 2020. MasMarques Decl. ¶¶ 6-10,
55-56.

29.    Defendant MasMarques engaged in "acts of domestic violence" against Ms.

Vasic.  *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-2 at 2 (D. Mass

filed October 15, 2009).

**RESPONSE**: Undisputed only that the cited USPC record and/or Spanish newspaper
material contains the referenced language. Disputed to the extent Plaintiff offers the
statement for the truth of the matter asserted, as character evidence, or as material to the
remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401,
402, 403, 404, and 802.

30.    Ms. Vasic at some point determined that she wanted to end her relationship with

Defendant MasMarques, who disagreed.  Greenspan Declaration Exhibit A at 34-35.

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper material containing
the referenced narrative, that is not factual. Disputed to the extent that defendant ended
the relationship with Tatjana in September of 1999 and offered for the truth of the matter
asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P.
56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

31.    Defendant MasMarques broke into Ms. Vasic's house in Spain repeatedly.

*Greenspan Declaration Exhibit A at 35.*

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper material containing
the referenced narrative, that is not factual.. Disputed to the extent offered for the truth of

the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

32.     Ms. Vasic filed several complaints about Defendant MasMarques with Spanish authorities.  Greenspan Declaration Exhibit A at 34.

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper material containing the referenced narrative. Disputed to the extent offered for the truth of the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

33.     Both a prior ex-girlfriend and Ms. Vasic recommended that Defendant MasMarques seek psychological help.  Greenspan Declaration Exhibit A at 7, 12.

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper material containing the referenced narrative. Disputed to the extent offered for the truth of the matter asserted or as material to the remaining claims. Disputed as Defendant broke off with first girlfriend, who was from from Chile, with a Swedish passport and wanted to go to the Untied States, which Defendant declined. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

34.     The final time that Defendant MasMarques broke into Ms. Vasic's home in Spain in December 1999, they had an argument, and Ms. Vasic fell into a coma from the injuries she sustained, from which she later died.  Greenspan Declaration Exhibit A at 3, 6, 12, 14, 24, 27, 30.

**RESPONSE:** Undisputed only that Plaintiff cites Spanish newspaper material containing the referenced narrative, which is not factual. Disputed to the extent offered for the truth of the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802. Defendant further states that the cause of death was unknown and USPC classified the Spanish offense as voluntary manslaughter under U.S. law and that Spain expunged the conviction in December 2020. MasMarques Decl. ¶¶ 9, 56.

35.     *After she died, Defendant MasMarques called Ms. Vasic parents repeatedly in a* harassing manner and according to their recounting to a newspaper reporter in Spain, left

11

them with long-distance telephone bills, which he refused to pay.  Greenspan Declaration Exhibit A at 7.

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper material containing the referenced narrative, that is not factual. Disputed as defendant did not call the parents as falsely stated to the extent offered for the truth of the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

36.    Ms. Vasic was pregnant when she died.  Greenspan Declaration Exhibit A at 3.

**RESPONSE**: *Undisputed only that Plaintiff cites one Spanish newspaper material* containing the referenced statement, that is not factual. Disputed as Ms. Vasic was not pregnant to the extent offered for the truth of the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

37.    Defendant MasMarques was tried and convicted for the death of Ms. Vasic.

Ultimately, a jury ruled 8-1 to convict him.  Greenspan Declaration Exhibit A at 33-35.

**RESPONSE:** Undisputed only that Defendant was convicted in Spain as reflected in the judicial record. Disputed as defendant was initially found not guilty by a majority vote of 9 to 0, but this was not accepted by the Prosecutor who returned the verdict back to the jurors and gave them an alternative charge of homicido "dolo eventual", which was not even in the Spanish Penal Code and the verdict was 8 to 1, as to Plaintiff's characterization of the conviction and any implication that Defendant was convicted of murder under U.S. law. The USPC classified the offense as voluntary manslaughter under U.S. law; Defendant served his sentence and was released in 2008; and Spain expunged the conviction in December 2020. MasMarques Decl. ¶¶ 2, 6-10, 55-56. Defendant further objects under Fed. R. Evid. 401, 402, 403, and 404.

38.    Defendant MasMarques has never provided Plaintiff with documents from his Spanish conviction involving Ms. Vasic's death, but according to his own description, he was charged with "Article 138 homocidio" and "Article 202.1 allanamiento de morada." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 17 at 2 (D. Mass *filed* June 12, 2017).

**RESPONSE**: Undisputed only that the cited filing contains the referenced description of Spanish charges. Defendant further contends that he served his sentence and was released in 2008; and Spain expunged the conviction in December 2020. MasMarques Decl. ¶¶ 2, 6-10, 55-56. Defendant further objects under Fed. R. Evid. 401, 402, 403, and 404.

39. The death of Ms. Vasic and subsequent trial resulted in newspaper coverage of the crime. Greenspan Declaration Exhibit A.

**RESPONSE**: Undisputed only that Spanish newspapers published coverage concerning the Spanish trial proceedings. Disputed to the extent Plaintiff offers newspaper coverage, that is not all factual and for the truth of the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

40. The Spanish newspaper *Última Hora* issued several articles in which Defendant MasMarques was referred to as "Diego Mas," "Diego Mas Howard" and "Diego MH." Greenspan Declaration Exhibit A.

**RESPONSE**: Undisputed only that the cited Spanish newspaper articles used the referenced names. Disputed to the extent Plaintiff offers the articles for any broader truth, character inference, or material fact. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802.

41. *Periódico de Ibiza y Formentera* and/or *Última Hora* reported that Defendant MasMarques had previously been charged with other serious crimes in the United States and Spain. Greenspan Declaration Exhibit A at 19-20.

**RESPONSE**: Undisputed only that Plaintiff cites Spanish newspaper articles reporting the referenced allegations. Disputed to the extent offered for the truth of the matter asserted or as material to the remaining claims. Defendant objects under Fed. R. Civ. P. 56(c)(2) and Fed. R. Evid. 401, 402, 403, 404, and 802. Defendant has never been convicted of murder, attempted murder, rape, stalking, or attempted vehicular homicide. MasMarques Decl. ¶ 65.

42. On November 29, 2005, the International Prisoner Transfer Unit of the United States Department of Justice noted that "The United States has approved the request of

13

[Defendant MasMarques] to be transferred to the United States pursuant to the Council of Europe Convention on the Transfer of Sentenced Persons to serve the balance of his sentence imposed by a court in Spain." *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-3 at 1 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that Defendant agreed to complete the remainder of his sentence in the United States under a foreign-prisoner treaty transfer. Disputed to the extent that the details of Defendant's foreign conviction are immaterial to the remaining claims and defenses and unduly prejudicial; the conviction occurred in Spain, did not involve Plaintiff, and Defendant served his sentence and was released in 2008. MasMarques Decl. ¶¶ 6-10, 55.

43.     The International Prisoner Transfer Unit of the United States Department of Justice further determined that the "relevant law(s)" in the United States corresponding to Defendant MasMarques's crimes in Spain were 18 U.S.C. § 2111, "Special maritime and territorial jurisdiction (Robbery)" and 18 U.S.C. § 1111, "Murder". *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-3 at 4-6 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that initial DOJ transfer paperwork used the referenced statutory comparison. Disputed as to Plaintiff's characterization because the U.S. Parole Commission later classified the offense as voluntary manslaughter under U.S. law. Disputed as the USPC initially places the charges at highest levels, then once in the United States, they are determined. Defendant further objects that Plaintiff's criminal-history characterization is immaterial, unduly prejudicial, and improper character evidence. MasMarques Decl. ¶¶ 8-9, 55-56, 65.

44.     On February 13, 2006, Defendant MasMarques voluntarily agreed to serve the remainder of his sentence in the United States of America. *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-4 at 1 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed only that Defendant voluntarily agreed to serve the remainder of his sentence in the United States.

14

45.     Defendant MasMarques served time in federal prison in the New York City, New York Correctional Treatment Center until he was released in 2008. *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1-2 at 6 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed to the extent that Defendant served time in federal prison. Disputed as it is called Metropolitan Correctional Center. Disputed to the extent that any criminal-history narrative is immaterial to Plaintiff's remaining claims and defenses, unduly prejudicial, and improper character evidence. MasMarques Decl. ¶¶ 6-10, 55; Andrade Decl., Exs. 10-11.

46.     Around "October 11, 2015," Defendant MasMarques "looked up [his] name in Google and was shocked to see that a legal decision had been done, without any notification to me and I found out about this online" despite his voluntary decision to transfer his sentence from Spain to the United States, causing records relating to his conviction and transfer to be public via the federal Public Access to Court Electronic Records (PACER) database (https://www.pacer.gov). *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 17 at 2 (D. Mass filed October 15, 2009).

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only that Defendant later discovered public online records relating to the treaty transfer. Defendant objects that Plaintiff's criminal-history narrative is immaterial and unduly prejudicial; the conviction occurred in Spain, did not involve Plaintiff, Defendant served his sentence, and Spain expunged the conviction in December 2020. MasMarques Decl. ¶¶ 10-12, 14, 55-56.

## B.     PlainSite

47.     Plaintiff has run the PlainSite legal and financial information service on a day-to-day basis since 2011. Plaintiff's Deposition Transcript at 74:10-13.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

15

48.     PlainSite is accessible on the internet at https://www.plainsite.org.  Greenspan

Declaration Exhibit B at 2.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

49.     At all relevant times, PlainSite made many public records, such as court dockets

and government documents, accessible to the public free of charge.  Greenspan

Declaration ¶ 2.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed as plaintiff is highly selective in what legal documents, that he likes to show the public, and fabricates a list of people that he has it out for on his plainsite.org and it is not free of charge, as plaintiff is making money when the public clicks on this website and through advertising. Disputed plaintiff does IP Harvesting with his website plainsite.org. Disputed plaintiff charges anywhere from $2,500 to $4,500 to suppress not even delete each URL from his plainsite.org.

50.     At all relevant times, PlainSite has had a "Contact Us" form that allows members

of the public to file requests to suppress or remove information from PlainSite.

Greenspan Declaration Exhibit B at 4-5.

**RESPONSE**: Undisputed for purposes of this motion.

51.     A record for Case No. 1:09-cr-10304-MLW, *USA v. MasMarques* exists on

PlainSite.  Greenspan Declaration Exhibit C.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

**C.      Defendant MasMarques's Sealing Attempts**

52.     On July 16, 2013, Defendant MasMarques re-filed a motion to seal dated

"January 18, 2013" as ECF No. 5-1 in Case No. 1:09-cr-10304-MLW before this Court.

*USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 5-1 (D. Mass *filed* July 16, 2013).

**RESPONSE**: Undisputed only that the cited court docket reflects the filing described.

53.     On September 22, 2015, Judge Mark L. Wolf Court denied Defendant MasMarques's motion to seal. *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 7 (D. Mass *filed* September 22, 2015).

**RESPONSE:** Undisputed only that the cited court docket reflects the order described. Disputed as this was requested to not go on the internet, and if so, defendant was going to withdraw the request to seal, but this was immediately posed by leagle.com, which is owned and run by plaintiff.

54.     On November 12, 2015, Defendant MasMarques filed a Notice of Appeal regarding Judge Wolf's ruling, appealing the matter to the United States Court of Appeals for the First Circuit ("First Circuit"). *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 10 (D. Mass *filed* November 12, 2015).

**RESPONSE**: Undisputed only that the cited court docket reflects the filing described. Defendant withdrew the appeal.

55.     On November 13, 2015, the appeal was assigned Case No. 15-2360. *USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 12 (D. Mass *filed* November 13, 2015).

**RESPONSE**: Undisputed only that the cited court docket reflects the number described.

56.     On November 19, 2015, the First Circuit docketed Case No. 15-2360 as a criminal appeal. *USA v. MasMarques*, Case No. 15-2360, ECF No. 00106920158 (1st Cir. *filed* November 19, 2015).

17

**RESPONSE:** Undisputed only that the cited court docket reflects the number described.

57.     The same day, November 19, 2015, Defendant MasMarques separately filed a document with the First Circuit that was assigned Case No. 15-2402, styled as "PLAINTIFF'S EMERGENCY WRIT OF MANDAMUS MOTION, DECLARATION, AND MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR SEALING JUDGE MARK L. WOLF'S DECISION AND THE REMOVAL FROM ALL PUBLIC FORUM'S *[sic]* INCLUDING 'LEAGLE.COM' AND ALL INTERNET ACCESS". *USA v. MasMarques*, Case No. 15-2402, ECF No. 00106920326 (1st Cir. *filed* November 19, 2015).

**RESPONSE**: Undisputed only that the cited court docket reflects the title and number described.

58.     The relief that Defendant MasMarques sought in First Circuit Case No. 15-2402 was denied on December 1, 2015. *USA v. MasMarques*, Case No. 15-2402 (1st Cir. December 1, 2015).

**RESPONSE**: Undisputed only that the cited court docket reflects the order described.

59.     Defendant MasMarques sought to seal both First Circuit Case Nos. 15-2360 and 15-2402 through motions filed on December 2, 2015. *USA v. MasMarques*, Case No. 15-2360, ECF No. 00117249588 (1st Cir. *filed* December 2, 2015). *USA v. MasMarques*, Case No. 15-2402, ECF No. 00117249588 (1st Cir. *filed* December 2, 2015).

**RESPONSE**: Undisputed only that the cited court docket reflects the filing described.

60.     On December 28, 2015, Appellate Judge Sandra L. Lynch denied Defendant MasMarques's motions to seal both First Circuit Case No. 15-2360 and 15-2402. *USA v.*

*MasMarques*, Case No. 15-2360 (1st Cir. *filed* December 28, 2015). *USA v. MasMarques*, Case No. 15-2402 (1st Cir. *filed* December 28, 2015).

**RESPONSE**: Undisputed only that the cited court docket reflects the order described. Defendant withdrew the appeal.

## D.    Defendant MasMarques Contacts Plaintiff

61.    Liborio Bellomo is a convicted felon, murderer, and crime boss associated with the Genovese mob in New York City. Greenspan Declaration Exhibit D at 2-6.

**RESPONSE**: Undisputed only that Plaintiff cites materials concerning Liborio Bellomo. Disputed to the extent Plaintiff offers that background as material to any remaining claim or defense. Defendant objects under Fed. R. Evid. 401, 402, 403, and 404.

62.    Vincent Gigante was also a convicted felon, murderer, and crime boss who was Liborio Bellomo's predecessor. Greenspan Declaration Exhibit D at 7-18.

**RESPONSE**: Undisputed only that Plaintiff cites materials concerning Vincent Gigante. Disputed to the extent Plaintiff offers that background as material to any remaining claim or defense. Defendant objects under Fed. R. Evid. 401, 402, 403, and 404.

63.    On July 20, 2016, Defendant MasMarques sent an e-mail to domains@thinkcomputer.com using the alias "Vincent Bellomo" and using the e-mail address 8986431@gmail.com that contained the statements "Remove the following URL and all URL's that reference the name Diego MasMarques from your database and the Search Engines" and "I' *[sic]* going to give you a heads up and let you know that I am filing complaints against your website with the FCC and the FBI's IC3. Lastly, I want you to send me your real fucking name, address, phone number and the exact country that you are operating out of." Plaintiff's Document GREENSPAN00009, Greenspan Declaration Exhibit E at 2.

19

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

64.     On February 21, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form three (3) times.  Plaintiff's Documents GREENSPAN00010-000012, *Greenspan Declaration Exhibit E at 3-5.*

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

65.     On February 22, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form nine (9) times.  Plaintiff's Documents GREENSPAN00013-000021, Greenspan Declaration Exhibit E at 6-14.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

66.     Also on February 22, 2017, Defendant MasMarques sent an e-mail to domains@thinkcomputer.com using the alias "David G" and using the e-mail address bronx1842@gmail.com requesting removal of his two First Circuit cases from PlainSite. Plaintiff's Documents GREENSPAN00022, Greenspan Declaration Exhibit E at 15.

20

RESPONSE: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

67.    On February 27, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form four (4) times.  Plaintiff's Documents GREENSPAN00023-000026, Greenspan Declaration Exhibit E at 16-19.

RESPONSE: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

68.    On February 28, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form two (2) times.  Plaintiff's Documents GREENSPAN00027-000028, Greenspan Declaration Exhibit E at 20-21.

RESPONSE: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

69.    On March 5, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form two (2) times.  Plaintiff's Documents GREENSPAN00029-000030, Greenspan Declaration Exhibit E at 22-23.

21

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

70.    On March 11, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form six (6) times.  Plaintiff's Documents GREENSPAN00032-000037, Greenspan *Declaration Exhibit E at 24-29.*

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

71.    On March 13, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form eleven (11) times, including one request that stated in part, "You Mother Fucking scumbags! Have that piece of shit Son of a Bitch lowlife Aaron Greenspan contact me.", another that stated in part, "You Mother Fuckers! Have that sneaky lowlife scumbag Aaron Greenspan get in touch with. Tell that cowardly son of a bitch to have some balls and call me or email.", another that stated in part, "You low life parasitical scumbag dirty Mother Fuckers! Have that big Son of Bitch Aaron Greenspan contact me by phone or email!", another that stated in part, "You Mother Fucking assholes! Remove *the following URL link from your fucking piece of shit database and tell that Mother Fucking Son of a Bitch Coward Aaron Greenspain [sic] if he is the owner to contact me* asap." and "You guys are nothing but parasites leaching off of the personal and private

22

data of the public for your own lazy and selfishness. You Mother Fuckers need to go out and learn a real Trade and do some real work for society, instead of sitting back and hiding behind a computer and fucking people's lives over. You fucking scum parasites!", another that stated in part, "Have this website owner Aaron Greenspan get in touch with me. Send me his address.", and another that stated in part, "Remove any and all references to the name Diego MasMarques from your database you Mother Fuckers! Have that piece of shit scum Aaron Greenspan if he is the real owner of this fucking website to contact me. You low life scumbags!" Plaintiff's Documents GREENSPAN00038-000048, Greenspan Declaration Exhibit E at 30-40.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

72.     On March 14, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form one (1) time, stating in part, "Remove my hand written signature that you have allowed to on the web. I will give your fucking website three days until this Friday March 16, 2017 to remove my handwritten signature from the web, otherwise I will be filing a complaint with the Attorney General's Office, FBI's IC3, FCC and FTC." Plaintiff's Document GREENSPAN00049, Greenspan Declaration Exhibit E at 41.

**RESPONSE**: *Disputed. Defendant does not admit Plaintiff's characterization of the alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this submission to Defendant, Plaintiff relies on inference rather than direct account-authentication evidence. Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties; Defendant also*

23

maintains that his communications concerned removal of his records and personal information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

73.     On March 15, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form four (4) times.  Plaintiff's Documents GREENSPAN00050-000053, Greenspan Declaration Exhibit E at 42-45.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this submission to Defendant, Plaintiff relies on inference rather than direct account-authentication evidence. Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties; Defendant also maintains that his communications concerned removal of his records and personal information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

74.     On March 15, 2017, Defendant MasMarques also sent an e-mail received by Plaintiff using the alias "MA B" and the e-mail address 87764a@gmail.com referring to "Spanish penal code 138" and "NCIC records."  Plaintiff's Document GREENSPAN00054, Greenspan Declaration Exhibit E at 46.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this submission to Defendant, Plaintiff relies on inference rather than direct account-authentication evidence. Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties; Defendant also maintains that his communications concerned removal of his records and personal information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

75.    On March 16, 2017, Defendant MasMarques submitted the PlainSite "Contact

Us" form three (3) times.  Plaintiff's Documents GREENSPAN00055-000057,

Greenspan Declaration Exhibit E at 47-49.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the
alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this
submission to Defendant, Plaintiff relies on inference rather than direct account-
authentication evidence. Plaintiff admitted that his attribution indicators are not
conclusive and that conclusive evidence would be held by third parties; Defendant also
maintains that his communications concerned removal of his records and personal
information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25,
70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16,
150:3-20, 151:9-152:2, 158:1-11).

76.    On March 17, 2017, Defendant MasMarques submitted the PlainSite "Contact

Us" form one (1) time.  Plaintiff's Document GREENSPAN00058, Greenspan

Declaration Exhibit E at 50.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the
alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this
submission to Defendant, Plaintiff relies on inference rather than direct account-
authentication evidence. Plaintiff admitted that his attribution indicators are not
conclusive and that conclusive evidence would be held by third parties; Defendant also
maintains that his communications concerned removal of his records and personal
information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25,
70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16,
150:3-20, 151:9-152:2, 158:1-11).

77.    On March 18, 2017, Defendant MasMarques submitted the PlainSite "Contact

Us" form two (2) times, with both requests stating in part "I want the owners name and

home address as I will go personally to his house to talk to him no matter where he

lives." Plaintiff's Documents GREENSPAN00059-000060, Greenspan Declaration

Exhibit E at 51-52.

**RESPONSE:** Disputed. Defendant does not admit Plaintiff's characterization of the alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this submission to Defendant, Plaintiff relies on inference rather than direct account-authentication evidence. Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties; Defendant also maintains that his communications concerned removal of his records and personal information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

78. On March 20, 2017, Defendant MasMarques submitted the PlainSite "Contact Us" form three (3) times. *GREENSPAN00061-000063, Greenspan Declaration Exhibit E at 53-55.*

**RESPONSE:** Disputed. Defendant does not admit Plaintiff's characterization of the alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this submission to Defendant, Plaintiff relies on inference rather than direct account-authentication evidence. Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties; Defendant also maintains that his communications concerned removal of his records and personal information from PlainSite and related sites. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

79. On December 20, 2017, Defendant MasMarques called Plaintiff at +1 415 670 9350 from a blocked telephone number, identified himself as Diego MasMarques, and requested that Plaintiff remove his name from PlainSite. Plaintiff told Defendant MasMarques that his conduct was unacceptable, that Plaintiff had already reported Defendant MasMarques to the police, and immediately ended the call. Greenspan Declaration ¶ 9.

**RESPONSE:** *Undisputed only that Plaintiff and Defendant had a phone communication* concerning removal of Defendant's information from PlainSite. Disputed as to Plaintiff's characterization. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10); FAC at 48.

80.    Plaintiff did not receive any telephone call from Defendant MasMarques thereafter where Defendant MasMarques identified himself. *Id.*

**RESPONSE**: Undisputed only that Plaintiff claims he received no later self-identified calls from Defendant. Disputed as to any inference that calls where Defendant did not identify himself had taken place. Defendant also maintains that his communications concerned removal of his records and personal information from PlainSite and related sites and were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

81.    *On March 19, 2018, Defendant MasMarques submitted the PlainSite "Contact Us" form one (1) time, stating in part, "You dirty Mother Fucker! Where are you in the Bat Area. You Asshole! You cock sucker!"* Plaintiff's Document GREENSPAN00101, Greenspan Declaration Exhibit E at 86.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the alleged submission, authorship, aliases, or intent. To the extent Plaintiff attributes this submission to Defendant, Plaintiff relies on inference rather than direct account-authentication evidence. Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties; Defendant also maintains that his communications concerned removal of his records and personal information from PlainSite and related sites and were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 130:3-10, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11).

82.    On March 30, 2018, Defendant MasMarques submitted the PlainSite "Contact Us" form one (1) time using his own name from the IP address 24.60.59.25, stating, "Aaron you dirty low life MOTHER FUCKER! You need to fucking stop Terrorizing, Harassing, Stalking and Threatening my life and family online. Your a fucking scum pos *[sic]*. Your not worth a fucking penny. Your just a piece of trash blowing the wind. Stop the fucking harassment you dirt bag! And go fuck yourself!" Plaintiff's Document GREENSPAN06081, Greenspan Declaration Exhibit E at 87.

27

**RESPONSE**: Disputed as to Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

83.     On June 13, 2018, Plaintiff received two calls at +1 415 670 9350 from a blocked telephone number generally alleging that Plaintiff owned the website leagle.com, was "hiding" behind registered agents, and threatening that Plaintiff was "on very, very thin ice" and to "be careful". Greenspan Declaration ¶ 10.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

84.     Throughout 2017 and 2018, Defendant MasMarques also sent e-mails directed at and received by Plaintiff that originated from a number of e-mail addresses and sender names, including but not limited to "A B," "Jack Jones," "Rick" or "Ricky," and "Roger B." Greenspan Declaration Exhibit E.

**RESPONSE**: Disputed. Defendant does not admit Plaintiff's characterization of the communications, authorship, aliases, or intent. The evidentiary record reflects that Defendant communicated with Plaintiff through Plaintiff's business channels because of PlainSite, made complaints regarding publication of his records and personal information, and maintains his complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70-71; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 130:3-10, 139:9-20); FAC at 48.

28

### E.    Libelous Posts Appear on BlacklistReport

85.    In or around late 2017, Defendant MasMarques used a refurbished, Mac OS-based computer that he had acquired from a store whose staff had created a user account called "tech" and which he appropriated as his own user account after purchase.  ECF No. 1-6 at 245:9-12.  ECF No. 237-2 at 8.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

86.    The default location for user folders on Mac OS computers is represented by the text "/Users/" followed by the user name.  Greenspan Declaration Exhibit J.

**RESPONSE:** Disputed as stated and as to materiality. Defendant does not admit Plaintiff's generalized technical characterization absent competent foundation or expert testimony, and the asserted Mac OS folder convention does not itself establish that Defendant authored any Blacklist Report post. Defendant further denies Plaintiff's attribution of Blacklist Report posts to him; Plaintiff's testimony acknowledges that some posts lacked Defendant's name and that attribution involved inference from other indicators. MasMarques Decl. ¶ 72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2).

87.    Defendant MasMarques began posting about Plaintiff on a website called "Blacklist Report" (formerly located at http://www.blacklistreport.com) in or around September 2017.  Greenspan Declaration ¶ 11.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

88.    When it was operational, the Blacklist Report website did not identify or otherwise verify the authors of posts unless the author decided to voluntarily include their name in a post and automatically watermarked all images posted.  Greenspan Declaration ¶ 11.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

89.    Posts on Blacklist Report were generally derogatory and critical, no matter the targeted individual.  Greenspan Declaration ¶ 11.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

90.    Posts on Blacklist Report about Plaintiff contained false statements of fact. Greenspan Declaration ¶ 11.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

91.    Many of the posts on Blacklist Report about Plaintiff contained embedded images.  Greenspan Declaration ¶ 11.

**RESPONSE**: *Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).*

92.    Defendant MasMarques posted on the Blacklist Report website with the intent to remain anonymous.  Greenspan Declaration ¶ 12.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and denies any alleged intent to remain anonymous. Plaintiff's own evidence relies on inference and non-conclusive indicators rather than direct proof of authorship. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2).Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901.

93.    One post on Blacklist Report, formerly at the URL https://www.blacklistreport.com/2018/05/aaron-greenspan-owns-and-runs-career-and-reputation-destroying-monetized-websites-such-as-leagle-com-and-plainsite-org/ making reference to leagle.com and referring to Plaintiff specifically, contained, in place of images that failed to upload, the text "/Users/tech/Desktop/Brian W Carver Co-Founder of Courtlistener.com.jpg" as well as the text "/Users/tech/Desktop/Mike Lissner Lead Developer and Co-Founder", identifying the author of the post as an individual whose Mac OS username was "tech".  Greenspan Declaration Exhibit F at 2. *See also* ECF No. 1-6 at 245:2-12.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

94.    CourtListener is a website located at https://www.courtlistener.com that, like PlainSite, stores millions of court records.  Greenspan Declaration ¶ 5.

31

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

95.    In 2017 and thereafter, CourtListener stored records regarding Defendant MasMarques's criminal conviction in Spain.  Greenspan Declaration ¶ 5.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

96.    A Blacklist Report post dated January 20, 2018, formerly at the URL http://www.blacklistreport.com/2018/01/lisa-dube-aka-lisa-dube-carpenter/, was entitled "LISA DUBE AKA LISA DUBE CARPENTER" and contained statements such as "Lisa Dube Carpenter became a Federal Probation Officer in Massachusetts after a few short months of working as a Social Worker" and "Lisa Dube Carpenter fully enjoys the power and control she commands over people under her and it is clear that Lisa Dube Carpenter is a complete Control Freak. This individual should never been able to even obtain this type of Federal Job but once she did has come in first with her humble act and telling people these tales that she has a good moral compass, when in fact the opposite is true." Plaintiff's Documents GREENSPAN01215-01216, Greenspan Declaration Exhibit F at 9-10.

**RESPONSE**: Disputed as to authorship and materiality. Defendant denies Plaintiff's attribution of the Blacklist Report post to him. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

97.    Lisa Dubé is the name of Defendant MasMarques's former probation officer.

*USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1 at 1-2 (D. Mass *filed* October 15, 2009).

32

**RESPONSE**: Undisputed only that Lisa Dube was Defendant's probation officer. Disputed to the extent Plaintiff attribute's Defendant to any purported post. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

98.     The Blacklist Report post about Lisa Dubé contained an image with a typeset caption and gray speech bubble with a thick border and text therein superimposed on a photograph of a Caucasian woman, as follows:



Greenspan Declaration ¶ 11. *See also* Plaintiff's Document GREENSPAN01215, Greenspan Declaration Exhibit F at 9.

> **RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

99.     Other posts on Blacklist Report contained images with similar gray speech bubbles, such as the below image of Plaintiff's parents which also references a "501c" and uses improperly capitalized words:



Greenspan Declaration ¶ 11.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of Blacklist Report posts to him. Similar formatting, image style, phrasing, or capitalization does not establish authorship, and Plaintiff's evidence relies on nonconclusive indicators rather than direct proof. Defendant further denies Plaintiff's attribution of Blacklist Report posts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2).

## F.    Libelous Posts Appear on ComplaintsBoard

100.    Defendant MasMarques began posting pseudonymously about Plaintiff on a

website called "ComplaintsBoard" (located at https://www.complaintsboard.com) in or

around early 2018.  Greenspan Declaration ¶ 13.

**RESPONSE**: *Disputed. Defendant denies Plaintiff's attribution of multiple* ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory

lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

101.    On June 5, 2018, a pseudonymous user called "Expose 501(c)(3) Fraud" authored a post on ComplaintsBoard formerly at the URL https://www.complaintsboard.com/complaints/plainsiteorg-think-computer-corporation-plainsiteorg-under-fraudulent-501c-think-computer-censor-father-neil-s-greenspan-is-the-vp-and-treasurer-c959688.html?page=6#c1914301 that contained two URLs from the website of Think Computer Foundation: (1) http://www.thinkcomputer.org/about/index.html and (2) http://www.thinkcomputer.org/home/photo1.jpg as well as the statements that "Aaron Jacob Greenspan owns and runs PDFSR.COM where he uploads documents to harass and stalk people" and further stating that "Aaron Jacob Greenspan has one person working for him in Indonesia where supposedly PDFSR.COM is based with a fake address of course." Greenspan Declaration Exhibit G at 2.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

102.    Harassment is a crime.  California Penal Code § 653.2.

35

**RESPONSE**: Undisputed as a general legal proposition; disputed as immaterial and not proof that Defendant made the challenged statements and/or committed the crime of harassment. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

103.    Stalking is a crime.  18 U.S.C. § 2261A.

**RESPONSE**: Undisputed as a general legal proposition; disputed as immaterial and not proof that Defendant made the challenged statements. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

104.    Plaintiff does not have and has never had any person working for him in

Indonesia.  Greenspan Declaration ¶ 14.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

105.    Plaintiff does not have and has never had any affiliation with PDFSR.COM.

Greenspan Declaration ¶ 14.

RESPONSE: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

106.    In 2018, Think Computer Foundation's website was hosted on Think Computer

Corporation's server, to which Plaintiff has direct access.  Greenspan Declaration ¶ 15.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

107.    The server logs from June 5, 2018 revealed that the first and only individual to

access those URLs did so from the IP address 24.60.59.25.  Greenspan Declaration ¶ 15.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

108.    The IP address 24.60.59.25 was and is registered to Comcast Cable Communications, LLC ("Comcast"). *Greenspan Declaration* ¶ 16. *See also* ECF No. 54-3 at 2.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

109.    Plaintiff suspected Defendant MasMarques was responsible for posts on numerous websites and had contacted the Marlborough Police Department regarding Defendant MasMarques's activity. *Greenspan Declaration* ¶ 17.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

110.    On or around July 12, 2018, the Middlesex County District Attorney's Office issued a subpoena to Comcast. ECF No. 54-3 at 2.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

111.    Comcast responded to the Middlesex County District Attorney's Office's subpoena in a letter dated July 27, 2018 identifying the registered subscriber using the IP address 24.60.59.25 from June 5, 2018 through June 16, 2018 as Mary MasMarques at 4512 Willow Trail, Marlborough, MA 01752.  ECF No. 54-3 at 2.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

112.    At all relevant times, Defendant MasMarques resided at 4512 Willow Trail, Marlborough, MA 01752.  ECF No. 178 ¶ 21.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

113.    At all relevant times, Mary MasMarques was the wife of Defendant MasMarques.

*USA v. MasMarques*, Case No. 1:09-cr-10304-MLW, ECF No. 1 at 6 (D. Mass *filed* October 15, 2009).

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

114.    Defendant MasMarques and Mary MasMarques shared use of their internet connection.  ECF No. 237-2 at 7.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

115.    Defendant MasMarques and Mary MasMarques shared use of their computer with the "tech" username.  ECF No. 237-2 at 7.

38

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only for purposes of this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

116.     Defendant MasMarques admits that he once posted on ComplaintsBoard in a post that contained several images related to Think Computer Foundation, presumably using a different account than the "Expose 501(c)(3) Fraud" account, which made no such post. ECF No. 237-3 at 3.

**RESPONSE**: *Undisputed in part and disputed in part. Undisputed only for purposes of* this motion as to the limited fact stated; disputed to the extent offered to prove Defendant authored the challenged posts. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

117.     Defendant MasMarques admits that he controls and/or uses the e-mail address 8587@protonmail.com.  ECF No. 237-2 at 9.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

118.     ComplaintsBoard would not permit a new user to register using the e-mail address 8587@protonmail.com as of April 27, 2019 because "Email already exists. Please change email," *indicating the presence of an account in its user database already registered to* that e-mail address.  Plaintiff's Document GREENSPAN00002, ECF No. 237-9 at 2.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

39

119.    Defendant MasMarques used the e-mail address 958957z@gmail.com to file

PlainSite Request 4V9C9RJ on June 17, 2017 and PlainSite Request 4W2ZE7U on June

25, 2017.  Plaintiff's Document GREENSPAN00080, ECF No. 237-9 at 10.

**RESPONSE**: Undisputed only for purposes of this motion as to the limited fact stated.
Disputed to the extent offered to prove Defendant authored the requests. Andrade Decl.,
Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26;
Doc. No. 237-3; Doc. No. 54-5, at 14.

120.    ComplaintsBoard would not permit a new user to register using the e-mail address

958957z@gmail.com as of April 27, 2019 because "Email already exists. Please change

email," indicating the presence of an account in its user database already registered to

that e-mail address, which Defendant MasMarques disclosed as his own.  Plaintiff's

Document GREENSPAN00004, ECF No. 237-9 at 3.

**RESPONSE**: *Disputed. Defendant denies Plaintiff's attribution of multiple*
ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory
lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P.
56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published
only one Complaints Board post, dated April 3, 2018, sharing public Ohio business
records for TCF; Plaintiff admitted his indicators were not conclusive and that no
ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep.
83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3;
Doc. No. 54-5, at 14.

121.    Defendant MasMarques registered multiple accounts on ComplaintsBoard and

used them to authored multiple posts about Plaintiff. *See* ¶¶ 98, 103-117.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple
ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory
lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P.
56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published
only one Complaints Board post, dated April 3, 2018, sharing public Ohio business
records for TCF; Plaintiff admitted his indicators were not conclusive and that no
ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep.

40

83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

122. Defendant MasMarques's posts led to other individuals posting on

ComplaintsBoard and similar websites about Plaintiff. Greenspan Declaration ¶ 17.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

123. Numerous posts authored by other individuals about Plaintiff contained composite

pornographic images involving Plaintiff and his family members and/or featured Nazi

imagery. *Greenspan Declaration ¶ 17.*

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

124. Defendant MasMarques frequently referred to Plaintiff's Jewish religion in his

posts and once sent a PlainSite "Contact Us" form that began with "Shalom my friends!"

"Shalom" is the Hebrew word for "Hello." Greenspan Declaration ¶ 18.

**RESPONSE**: Disputed. Defendant denies Plaintiff's attribution of multiple ComplaintsBoard posts or accounts to him and objects that Plaintiff's attribution theory lacks competent authentication and personal-knowledge foundation under Fed. R. Civ. P. 56(c)(1)-(2) and Fed. R. Evid. 602 and 901. The evidentiary record reflects he published

41

only one Complaints Board post, dated April 3, 2018, sharing public Ohio business records for TCF; Plaintiff admitted his indicators were not conclusive and that no ComplaintsBoard post identifies Defendant as author. Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2); MasMarques Decl. ¶ 26; Doc. No. 237-3; Doc. No. 54-5, at 14.

125.    Defendant MasMarques communicated repeatedly with Matthew Mahgrefteh, an individual using the pseudonym "Amir Noy," who Plaintiff believes was responsible for the pornographic and/or Nazi-themed images. Greenspan Declaration ¶ 19.

**RESPONSE**: *Disputed. Defendant denies Plaintiff's characterization and any implication* that communications with Matthew Mahgrefteh establish that Defendant authored, directed, or caused pornographic, Nazi-themed, or other third-party posts about Plaintiff. Plaintiff's assertion rests on belief and attribution by inference, not competent account-authentication evidence. Defendant denies making multiple ComplaintsBoard or social-media posts about Plaintiff, and Plaintiff admitted that his attribution indicators are not conclusive and that conclusive evidence would be held by third parties. MasMarques Decl. ¶¶ 26, 71-72; *see also* Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 158:1-11, 221:1-222:13); Doc. No. 237-3.

## G.    Plaintiff Applied for a Restraining Order Against Defendant MasMarques in the Superior Court of California for Santa Clara County

126.    On April 4, 2018, Plaintiff filed Judicial Council of California Form CH-100 with the Superior Court of California for the County of Santa Clara, which was assigned Case No. 18CH008067. Case No. 18CH008067 Docket.

**RESPONSE**: Undisputed only that Plaintiff sought a TRO alleging harassment. Dispute there was no harassment. This was fabricated by Plaintiff after Defendant called Plaintiff on March 28, 2018 and stated an R/O will be sought, if the harassment does not stop.

127.    *Plaintiff made the decision to file for a restraining order after being told by law* enforcement that they could not take any legal action against Defendant MasMarques unless a restraining order was in place. Greenspan Declaration ¶ 20.

42

**RESPONSE**: Disputed as to Plaintiff's subjective reason and materiality; undisputed only that Plaintiff sought a TRO alleging harassment. FAC ¶ 62; MasMarques Decl. ¶ 27.

128. Plaintiff's filing fee was waived pursuant to California Code of Civil Procedure § 527.6(y) based on his representation that there was a credible threat of violence against him. Greenspan Declaration ¶ 20.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only that Plaintiff made the representation; disputed that it establishes any actual credible threat, as plaintiff lied under oath. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 52, 70; Andrade Decl., Ex. 1 (Pl. Dep. 139:9-20).

129. Plaintiff did not initially know Defendant MasMarques's home address. Greenspan Declaration ¶ 21.

**RESPONSE**: Disputed. The statement is immaterial or incomplete; The evidentiary record reflects Plaintiff sought a TRO, service issues later led the Santa Clara Court temporarily to vacate it, and Defendant attended the hearing. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 47-48.

130. Plaintiff paid the Middlesex County Sheriff's Office to serve Defendant MasMarques at 4512 Willow Trail, Marlborough, MA 01752. Greenspan Declaration ¶ 21.

**RESPONSE**: Disputed. The statement is immaterial or incomplete; The evidentiary record reflects Plaintiff sought a TRO, service issues later led the Santa Clara Court temporarily to vacate it, and Defendant attended the hearing. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 47-48.

131. The Middlesex County Sheriff's Office conducted an address search of their own and found a different match than the address Plaintiff had suggested: 1 Walking Court, Apartment F, Medford, MA 02155. Greenspan Declaration ¶ 21.

**RESPONSE**: Disputed. The statement is immaterial or incomplete; The evidentiary record reflects Plaintiff sought a TRO, service issues later led the Santa Clara Court

43

temporarily to vacate it, and Defendant attended the hearing. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 47-48.

132.    Defendant MasMarques's father was also named Diego MasMarques.  ECF No. 1-6 at 37:6-7.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

133.    The Middlesex County Sheriff's Office served Defendant MasMarques's father in error at 1 Walking Court, Apartment F, Medford, MA 02155.  ECF No. 1-6 at 37:3-5.

**RESPONSE**: Disputed. The statement is immaterial or incomplete; The evidentiary record reflects Plaintiff sought a TRO, service issues later led the Santa Clara Court temporarily to vacate it, and Defendant attended the hearing. Plaintiff was unable to serve defendant at his home address, so plaintiff intentionally had his father served. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 47-48.

134.    *Plaintiff was not present for the service of process activity by the Middlesex* County Sheriff's Office, which ignored the photographs of Defendant MasMarques that Plaintiff had sent them.  ECF No. 1-6 at 104:20-25.

**RESPONSE**: Disputed. The statement is immaterial or incomplete; The evidentiary record reflects Plaintiff sought a TRO, could not serve defendant at his home address, so resorted to having his father served, service issues later led the Santa Clara Court temporarily to vacate it, and Defendant attended the hearing. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 47-48.

135.    Plaintiff believed Defendant MasMarques had been served with the California restraining order paperwork based on what he was told by the Middlesex County Sheriff's Office.  ECF No. 1-6 at 104:20-25.

**RESPONSE**: Disputed. Plaintiff knew that defendant did not live at that address. The statement is immaterial or incomplete; The evidentiary record reflects Plaintiff sought a TRO, service issues later led the Santa Clara Court temporarily to vacate it, and Defendant attended the hearing. FAC ¶ 62; MasMarques Decl. ¶¶ 27, 47-48.

136.    On July 3, 2018, Defendant MasMarques filed a request to terminate the

California restraining order proceedings as well as a cross-request for a restraining order

against Plaintiff.  Case No. 18CH008067 Docket.  *See also* ECF No. 1-6 at 25-27.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's
general objections and without conceding materiality, admissibility, or Plaintiff's
characterization. Dispute, plaintiff lied under oath on April 4, 2018 to acquire a TRO
based on his fabricated lies under oath.

137.    Defendant MasMarques's cross-request for a restraining order against Plaintiff

represented that Plaintiff owned a "gun or other weapon."  Greenspan Declaration ¶ 22.

**RESPONSE**: Undisputed only that Defendant's cross-request included the referenced
"gun or other weapon" representation. Disputed to the extent Plaintiff implies Defendant
knowingly made a false statement or that the representation was unsupported, malicious,
or material to any remaining claim; Defendant's cross-request explained that he believed
Plaintiff's "weapon" was his computer and alleged online conduct. MasMarques Decl. ¶¶
27, 32, 52, 70.

138.    On the basis of Defendant MasMarques's representation about Plaintiff's

ownership of a "gun or other weapon," his filing fee was also waived pursuant to

California Code of Civil Procedure § 527.6(y).  Greenspan Declaration ¶ 22.

**RESPONSE**: Undisputed only that Defendant's filing fee was waived based on the cited
court filing; Disputed to the extent Plaintiff implies Defendant knowingly made a false
statement or that the fee waiver is material to any remaining claim or defense.
Defendant's cross-request explained that he believed Plaintiff's "weapon" was his
computer and alleged online conduct, and Plaintiff's civil-harassment claim has been
dismissed. MasMarques Decl. ¶¶ 27, 52, 70; D. 118 at 37-38.

139.    Plaintiff has never owned a gun or other weapon within the meaning of California

Code of Civil Procedure § 527.6.  Greenspan Declaration ¶ 23.

**RESPONSE**: Disputed as stated. Plaintiff's assertion that he has never owned a "gun or
other weapon within the meaning of California Code of Civil Procedure § 527.6" is a
legal conclusion and does not resolve what Defendant believed when he filed his cross-

request. Defendant's position was that Plaintiff used his computer and online platforms as the instrumentality of the alleged harassment, and the California court later denied Plaintiff's fee/sanctions motions and found Defendant's position was not frivolous or baseless. MasMarques Decl. ¶¶ 27, 52, 54, 70; Andrade Decl., Ex. 9; Andrade Decl., Ex. 1 (Pl. Dep. 210:2-211:9).

140.    On August 30, 2019, Judge Carol Overton of the Superior Court of California for the County of Santa Clara granted Plaintiff's request for a restraining order against Defendant MasMarques and denied Defendant MasMarques's cross-request for a restraining order against Plaintiff.  Case No. 18CH008067 Docket.

**RESPONSE:** Undisputed only that the Santa Clara Court ultimately entered a two-year order in Plaintiff's favor and terminated Defendant's TRO; Disputed to the extent Plaintiff omits that the court denied Plaintiff's fee/sanctions motions and found Defendant's case was not frivolous or baseless. Judge Carol Overton stated on May 2, 2019 that if the Marlborough, MA case had been dismissed, then she would have most likely dismissed both TRO's. At the time the Marlborough, MA case was not yet dismissed, but was dismissed on November 24, 2020 and expunged on February 9, 2021. MasMarques Decl. ¶¶ 51, 53-54; Andrade Decl., Ex. 8; Andrade Decl., Ex. 9; Andrade Decl., Ex. 1 (Pl. Dep. 210:2-211:9).

141.    Defendant MasMarques filed an appeal of Judge Overton's decision, which was assigned Case No. H047904, and which he failed to prosecute.  Case No. 18CH008067 Docket.  Case No. H047904 Docket.

**RESPONSE:** Undisputed only that Defendant filed an appeal assigned Case No. H047904 and that the appeal was dismissed on procedural grounds. Disputed to the extent Plaintiff characterizes the dismissal as a failure to prosecute that establishes frivolousness, bad faith, or lack of factual support. Defendant objects that the statement is immaterial to any remaining claim or defense and is not a proper statement of material fact under Fed. R. Civ. P. 56(a), Fed. R. Civ. P. 56(c), and Local Rule 56.1.

142.    The California restraining order proceedings lasted from April 4, 2018 through November 4, 2021, the date of the Remittitur from the California Court of Appeal.  Case No. 18CH008067 Docket.

46

**RESPONSE:** Undisputed only that the California proceedings occurred over the referenced period.

### H.    The Office of the Attorney General of Arkansas Contacts Plaintiff

143.    On June 8, 2018, Shawn J. Johnson of the Office of the Attorney General of Arkansas contacted Plaintiff to inquire about a complaint filed by Defendant MasMarques regarding the website leagle.com, which had published one or more court records relating to his criminal conviction.  ECF No. 54-5 at 12.

**RESPONSE:** *Undisputed only that the Arkansas Attorney General contacted Plaintiff* about Defendant's complaint.

144.    Plaintiff has never had any affiliation with leagle.com and does not know anything about leagle.com's corporate structure or ownership.  ECF No. 68-1 at 97.

**RESPONSE:** Undisputed only that Plaintiff claims he has no affiliation with leagle.com; Disputed to the extent the statement is offered as a legal conclusion, speculation about Defendant's state of mind, or proof that Defendant acted with falsity or improper purpose. Fed. R. Civ. P. 56(c); Fed. R. Evid. 602, 701, 802. The evidentiary record reflects that Defendant made complaints concerning the publication of his court records, personal information, and concerns about Plaintiff's entities, and Defendant maintains those complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18–19, 21, 24–25, 70; Doc. No. 54-5, at 2–10; Andrade Decl., Ex. 1 (Pl. Dep. 139:9–20).

145.    There is therefore no paper trail connecting Plaintiff to leagle.com that members of the public might base supposition upon. *Id.*

**RESPONSE:** Undisputed only that there is no public paper trail connecting Plaintiff to leagle.com; Disputed to the extent the statement is offered as a legal conclusion, speculation about Defendant's state of mind, or proof that Defendant acted with falsity or improper purpose. Fed. R. Civ. P. 56(c); Fed. R. Evid. 602, 701, 802. The evidentiary record reflects that Defendant made complaints concerning the publication of his court records, personal information, and concerns about Plaintiff's entities, and Defendant maintains those complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18–19, 21, 24–25, 70; Doc. No. 54-5, at 2–10; Andrade Decl., Ex. 1 (Pl. Dep. 139:9–20).

146.    Defendant MasMarques informed the Office of the Attorney General of Arkansas that Plaintiff owns leagle.com.  ECF No. 54-5 at 2, 12.

**RESPONSE:** Undisputed that Defendant made the complaint; Disputed to the extent the statement is offered as a legal conclusion, speculation about Defendant's state of mind, or proof that Defendant acted with falsity or improper purpose. Fed. R. Civ. P. 56(c); Fed. R. Evid. 602, 701, 802. The evidentiary record reflects that Defendant made complaints concerning the publication of his court records, personal information, and concerns about Plaintiff's entities, and Defendant maintains those complaints were made in good faith. MasMarques Decl. ¶¶ 13, 18–19, 21, 24–25, 70; Doc. No. 54-5, at 2–10; Andrade Decl., Ex. 1 (Pl. Dep. 139:9–20).

147.    Numerous pseudonymous posts on ComplaintsBoard made the same allegation: that Plaintiff owns leagle.com.  ECF No. 68-1 at 29-38.

**RESPONSE:** Undisputed only that the cited materials purport to show pseudonymous ComplaintsBoard posts making the referenced allegation. Disputed to the extent Plaintiff contends those posts establish that Defendant authored them, that Defendant controlled the accounts, or that any complaint Defendant made was false or made in bad faith. Defendant objects that the statement relies on unauthenticated third-party internet posts, hearsay, and unsupported attribution or inference, and is not a proper statement of material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. Fed. R. Evid. 602, 801–802, 901. MasMarques Decl. ¶¶ 26, 70–72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22–84:4, 150:3–20, 151:9–152:2).

148.    On December 25, 2017, a pseudonymous ComplaintsBoard user with the handle "Abraham 7" posted at the URL https://www.complaintsboard.com/plainsiteorg-think-computer-corporation-aaron-jacob-greenspan-posting-personal-and-private-information-on-his-website-c849789, "The Public has to file complaints against Aaron Greenspan with the FBI's IC3. FTC and FCC. The sooner the better. Also, with the IRS non-profit division for fraudulently advertising that plainsite.org is under a 501c non-profit called Think Computer Corporation. Aaron Greenspan is also involved with another vicious website called leagle.com. He is working with some guy called Jeffrey Allen Steinport

and both of them are together running leagle.com. Both of these people are Hackers!"

mirroring the language of Defendant MasMarques's July 20, 2016 e-mail threatening to

file complaints with the "FCC and the FBI's IC3". Plaintiff's Documents

GREENSPAN01318-01319, Greenspan Declaration Exhibit G at 5-6.

**RESPONSE:** Undisputed only that the cited materials purport to show pseudonymous
ComplaintsBoard posts making the referenced allegation; Disputed to the extent Plaintiff
contends those posts establish that Defendant authored them, that Defendant controlled
the accounts, or that any complaint Defendant made was false or made in bad faith.
*Defendant objects that the statement relies on unauthenticated third-party internet posts,*
hearsay, and unsupported attribution or inference, and is not a proper statement of
material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. Fed. R. Evid. 602, 801–
802, 901. MasMarques Decl. ¶¶ 26, 70–72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22–84:4,
150:3–20, 151:9–152:2).

149.    On April 22, 2018, a pseudonymous user with the handle "Basil 6" posted a

complaint on ComplaintsBoard with the title "Aaron Greenspan a/k/a Aaron Jacob

Greenspan owner of vicious monetized plainsite.org / hacker and online harassment and

stalking" that contained one altered, scanned image of IRS Form 13909 and six images of

Think Computer Foundation corporate documents printed on a color ink-jet printer and

then scanned at an angle, as well as statements such as, "Aaron Greenspan, his father Neil

S Greenspan and his mother Judith Keene Greenspan all together have concocted this

501c tax evasion and tax fraud operation in which they hide their monetized websites

such as leagle.com and plainsite.org under and this scam is called Think Computer

Corporation and Think Computer Foundation and also Thinklink, Greenspan

Technologies and many more front 501c tax fraud companies now based out of Delaware,

so they can hide their identities and don[']t have to disclose their monetized websites and

don't have to turn in yearly earning reports." Plaintiff's Documents

GREENSPAN01395-01396, Greenspan Declaration Exhibit G at 19-20.

**RESPONSE:** Undisputed only that the cited materials purport to show pseudonymous ComplaintsBoard posts making the referenced allegation. Disputed to the extent Plaintiff contends those posts establish that Defendant authored them, that Defendant controlled the accounts, or that any complaint Defendant made was false or made in bad faith. Defendant objects that the statement relies on unauthenticated third-party internet posts, hearsay, and unsupported attribution or inference, and is not a proper statement of material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. Fed. R. Evid. 602, 801–802, 901. MasMarques Decl. ¶¶ 26, 70–72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22–84:4, 150:3–20, 151:9–152:2).

150.    On May 2, 2019 before the Superior Court of California for the County of Santa Clara, Defendant MasMarques was asked, "How many accounts do you have on ComplaintsBoard?" and responded "One. One. I think one account." ECF No. 1-6 at 334:28-335:2.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

151.    When asked "What is the name of that account?" Defendant MasMarques responded "I don't recall. It's when I uploaded eight pages." ECF No. 1-6 at 335:3-4.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

152.    On May 23, 2025, Defendant MasMarques stated in response to Plaintiff's Interrogatory No. 5 in this action, "While I have looked at posts on ComplaintsBoard, I have never posted anything on the site myself." ECF No. 237-2 at 6.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

153.    On May 24, 2025, Defendant MasMarques stated in an amended response to Plaintiff's Interrogatory No. 5 in this action, "To the best of my memory—and after giving it more thought—in early 2018, just before Plaintiff filed a harassment complaint against me, I uploaded or shared a link to publicly available documents on what I believe was ComplaintsBoard. The content related to Think Computer Foundation's 501(c)(3) nonprofit status." ECF No. 237-3 at 3.

**RESPONSE**: *Undisputed for purposes of this motion only, subject to Defendant's* general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

### I.    Defendant MasMarques's False Government Complaints Regarding Plaintiff

154.    On April 2, 2018, using the name "Rick" and his 8587@protonmail.com e-mail address, Defendant MasMarques filed a complaint with the Delaware Department of Justice Division of Consumer Protection about Plaintiff and Plaintiff's "501c" which he described as a "fraudulent entity." ECF No. 54-5 at 10.

**RESPONSE:** Undisputed that said complaint was made; Disputed as to Plaintiff's characterization of Defendant's complaints as false. The evidentiary record reflects he made agency complaints in good faith concerning publication of his records, personal information, and concerns about TCC/TCF. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 80:3-81:4, 77:11-79:9); Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 14.

155.    On June 24, 2018, Defendant MasMarques filed a complaint with the Office of the Attorney General of Ohio regarding Plaintiff, generally alleging "Tax Fraud," "attempts to extort money" and fraud on the "USPTO" among other crimes related to Plaintiff's "501c". ECF No. 54-5 at 14.

51

**RESPONSE:** Undisputed that said complaint was made; Disputed as to Plaintiff's characterization of Defendant's complaints as false. The evidentiary record reflects he made agency complaints in good faith concerning publication of his records, personal information, and concerns about TCC/TCF. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 80:3-81:4, 77:11-79:9); Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 14.

156.    Defendant MasMarques's complaint used the phrases "monetized websites" and

"ICANN WHOIS" in reference to his belief that Plaintiff continued to "operate

leagle.com". *Id.*

**RESPONSE:** Undisputed that said complaint was made; Disputed as to Plaintiff's characterization of Defendant's complaints as false. The evidentiary record reflects Defendant made agency complaints in good faith concerning publication of his records, personal information, and concerns about TCC/TCF. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 80:3-81:4, 77:11-79:9); Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 14.

157.    The Office of the Attorney General of Ohio conducted an "investigation" into

Think Computer Foundation while the PlainSite website openly criticized Donald Trump.

Greenspan Declaration ¶ 24.

**RESPONSE:** Undisputed for purposes of this motion.

158.    At the end of its "investigation," the Office of the Attorney General of Ohio chose

not to file any charges and suggested the option of Plaintiff shutting down Think

Computer Foundation in order to re-incorporate in a different state.  Greenspan

Declaration ¶ 24.  *See also* Plaintiff's Deposition Transcript at 75:6-18.

**RESPONSE:** Undisputed for purposes of this motion.

159.    Plaintiff was concerned that Defendant MasMarques would continue filing false

complaints no matter where Think Computer Foundation was incorporated.  Plaintiff's

Deposition Transcript at 75:19-25.

52

**RESPONSE:** Undisputed as to Plaintiff's state of mind; Disputed as to Plaintiff's characterization of Defendant's complaints as false. The evidentiary record reflects he made agency complaints in good faith concerning publication of his records, personal information, and concerns about TCC/TCF. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Andrade Decl., Ex. 1 (Pl. Dep. 80:3-81:4, 77:11-79:9); Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 14.

160.    In 2021, Plaintiff shut down Think Computer Foundation.  Plaintiff's Deposition Transcript at 75:6-11.

**RESPONSE:** Undisputed. Disputed the father Neil Sanford Greenspan shut down Think Computer Foundation in May of 2021.

161.    When Plaintiff returned to the United States from international travel in June 2019, he was detained by United States Customs and Border Patrol at the airport on the basis of one of the then-active invalid and unconstitutional temporary restraining orders being active.  Greenspan Declaration ¶ 25.

**RESPONSE:** Undisputed only that Plaintiff claims he was detained by U.S. Customs and Border Protection in June 2019 in connection with then-active restraining-order information. Disputed to the extent Plaintiff characterizes Defendant's TRO or any related order as "invalid" or "unconstitutional," which is a legal conclusion and not a proper statement of material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. Defendant further disputes materiality and any implication that the detention establishes wrongdoing, bad faith, or liability by Defendant. MasMarques Decl. ¶¶ 31–32, 47–48, 51–54, 70.

162.    Plaintiff was not free to leave the custody of the United States Customs and Border Patrol until they investigated the matter.  Greenspan Declaration ¶ 25.

**RESPONSE:** Undisputed for purposes of this motion.

163.    Defendant MasMarques filed complaints regarding Plaintiff and Plaintiff's non-profit organization, Think Computer Foundation, with the Internal Revenue Service on at

least five separate occasions on or around August 29, 2017, April 2, 2018, May 5, 2018,

May 24, 2018, and September 8, 2020.  ECF No. 237-10 at 2-11.

**RESPONSE**: Undisputed for purposes of this motion.

164.    On August 20, 2019, Think Computer Foundation was notified by the Internal

Revenue Service that it had been "selected for an audit" for fiscal year 2018.  Greenspan

Declaration ¶ 26.

**RESPONSE**: *Undisputed for purposes of this motion.*

165.    The Internal Revenue Service audit of Think Computer Foundation found no

issues.  Greenspan Declaration ¶ 26.

**RESPONSE:** Disputed. The evidentiary record reflects TCF was investigated/audited
and later dissolved or faced revocation of its 501(c)(3) status. MasMarques Decl. ¶¶ 13,
18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Doc. No. 226, Ex. C, at 6-7; Andrade Decl.,
Ex. 1 (Pl. Dep. 77:11-79:9); Andrade Decl., Ex. 14.

166.    Plaintiff informed the Internal Revenue Service that Think Computer Foundation

had been shut down, but due to its antiquated computer infrastructure, the Internal

Revenue Service ignored Plaintiff's repeated written notifications and erroneously added

*Think Computer Foundation to the "auto-revocation" list of Exempt Organizations that*

*failed to file a return for three years in a row in 2025.*  Greenspan Declaration ¶ 27.

**RESPONSE:** Disputed. The evidentiary record reflects TCF was investigated/audited
and later dissolved or faced revocation of its 501(c)(3) status. MasMarques Decl. ¶¶ 13,
18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Doc. No. 226, Ex. C, at 6-7; Andrade Decl.,
Ex. 1 (Pl. Dep. 77:11-79:9); Andrade Decl., Ex. 14.

167.    Plaintiff informed the Internal Revenue Service about its compounded errors and

was told that Think Computer Foundation would be removed from the "auto-revocation"

list.  Greenspan Declaration ¶ 27.

**RESPONSE**: Disputed. The evidentiary record reflects TCF's 501(c)(3) status was revoked. MasMarques Decl. ¶¶ 13, 18-19, 21, 24-25, 70; Doc. No. 54-5, at 2-10; Doc. No. 226, Ex. C, at 6-7; Andrade Decl., Ex. 1 (Pl. Dep. 77:11-79:9); Andrade Decl., Ex. 14.

168.    On June 19, 2022, Defendant MasMarques filed a Freedom of Information Act ("FOIA") request with the United States Securities and Exchange Commission ("SEC") regarding "Aaron Jacob Greenspan/Think Computer Corporation/Think Computer Foundation" which was assigned SEC Request No. 22-02308-FOIA.  ECF No. 54-5 at 35-36.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

169.    Federal agencies such as the SEC make logs of the FOIA requests they receive available to the general public on a monthly basis.  Greenspan Declaration ¶ 28.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

170.    New SEC FOIA logs are made public after the end of the month they reflect. Greenspan Declaration ¶ 28.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

171.    The June 2022 SEC FOIA log was not available to the public as of July 6, 2022. Greenspan Declaration Exhibit K.

**RESPONSE**: *Undisputed only that Defendant filed the SEC FOIA request identified in* the preceding paragraph. Disputed to the extent Plaintiff uses the later SEC FOIA log to attribute any Twitter/X post, social-media account, or other anonymous online content to Defendant. The inference is speculative and not competent Rule 56 evidence; Defendant

55

denies having or using Twitter/X or social-media accounts, and Plaintiff admitted that conclusive account-identification evidence would be held by third parties. MasMarques Decl. ¶¶ 71-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

172.    Once the June 2022 SEC FOIA log was made public it showed that only

Defendant MasMarques had made a FOIA request with the SEC about Plaintiff during

that month.  Greenspan Declaration ¶ 29.

**RESPONSE:** Undisputed only that Defendant filed the SEC FOIA request identified in the preceding paragraph. Disputed to the extent Plaintiff uses the later SEC FOIA log to attribute any Twitter/X post, social-media account, or other anonymous online content to Defendant. The inference is speculative and not competent Rule 56 evidence; Defendant denies having or using Twitter/X or social-media accounts, and Plaintiff admitted that conclusive account-identification evidence would be held by third parties. MasMarques Decl. ¶¶ 71-72; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

173.    No other individual made a FOIA request specifically about Plaintiff to any

agency during the years 2021 or 2022.  Greenspan Declaration ¶ 29.

**RESPONSE:** Disputed. Defendant lacks knowledge sufficient to admit Plaintiff's broad assertion that no other individual made a FOIA request about Plaintiff to any agency during 2021 or 2022. Defendant objects that the statement is unsupported by competent evidence, lacks adequate foundation, and is not a proper statement of material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. Plaintiff's declaration does not establish personal knowledge of all FOIA requests submitted to all agencies during the referenced period. Fed. R. Evid. 602. Defendant further disputes materiality and any inference that this assertion establishes Defendant authored, controlled, or caused any Twitter/X post or other online content. MasMarques Decl. ¶¶ 71–72.

174.    On or about October 4, 2022, Defendant MasMarques filed a complaint with the

California Department of Motor Vehicles ("CADMV") regarding Plaintiff, generally

alleging that Plaintiff had provided CADMV with a false address.  ECF No. 257-3 ¶ 36.

**RESPONSE:** Disputed. The evidentiary record reflects Defendant filed a DMV complaint after multiple service attempts upon Plaintiff's San Jose, CA residence. MasMarques Decl. ¶¶ 34-36, 52; Doc. No. 54-5, at 16.

56

175.    Plaintiff did not provide CADMV with a false address. Plaintiff's residential address was 500 Race Street, Apartment 4321, San Jose, CA 95126 from September 2016 through June 2018, at which point his lease ended and he decided to spend time visiting his family in Ohio for the summer. Greenspan Declaration ¶ 30.

**RESPONSE:** Disputed. The evidentiary record reflects Defendant filed a DMV complaint after multiple service attempts upon Plaintiff. Plaintiff did not update his real address with the California RMV, MasMarques Decl. ¶¶ 34-36, 52; Doc. No. 54-5, at 16.

176.    At the point when Plaintiff left his residence in California, his mail was properly forwarded to his family's home in Ohio and he did not know his next mailing address in California. Greenspan Declaration ¶ 30.

**RESPONSE:** Disputed. The evidentiary record reflects Defendant filed a DMV complaint after multiple service attempts upon Plaintiff. Plaintiff moved back with his parents in Shaker Heights, Ohio to avoid being served with defendant's TRO MasMarques Decl. ¶¶ 34-36, 52; Doc. No. 54-5, at 16.

177.    The CADMV requires that, "If you move, you must notify DMV of your new address within ten days" and further clarifies that the purpose is to ensure a proper "mailing address." Greenspan Declaration ¶ 31.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

178.    Plaintiff returned to California on September 5, 2018 and immediately moved into 956 Carolina Street, San Francisco, CA 94107. Greenspan Declaration ¶ 31.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed this address was already occupied by Plaintiff's partner Eric Steven Teasley and Plaintiff left California to avoid being served Defendant's TRO.

179.    Plaintiff updated his address with CADMV on September 11, 2018, within 10 days of moving to a new address within California.  Greenspan Declaration ¶ 31.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed, Plaintiff had for many months not updated his new address.

180.    In October 2019, Plaintiff realized that he had not received the annual notification from CADMV providing the requisite information necessary to renew his vehicle registration.  Nor was Plaintiff able to renew his vehicle registration on-line or at a kiosk when he attempted to nonetheless.  Greenspan Declaration ¶ 32.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed, Plaintiff did not update his new address in the required time.

181.    Without renewing his vehicle registration, Plaintiff was unable to drive legally. California Vehicle Code § 4000(a)(1).

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed, Plaintiff did not update his new address in the required time.

182.    On October 11, 2019, Plaintiff called CADMV and learned that a "stop," also called a "Vehicle License Transfer" had been placed on his vehicle's account due to a complaint that had been filed with the CADMV Investigations Division.  ECF No. 54-5 at 17.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed, Plaintiff did not update his new address in the required time.

183.    Plaintiff received a letter from CADMV on October 17, 2019 stating, "DMV Investigations, Milpitas District Office, began investigating the matter in October 2018.

58

In October 2019, DMV Investigations concluded the matter and found no violations or wrongdoing." ECF No. 54-5 at 18.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding Plaintiff's characterization. Disputed, California RMV went by with what Plaintiff told them, which was not truthful.

**J.      Defendant MasMarques's Additional Frivolous Litigation Against Plaintiff**

184.    On April 8, 2019, Defendant MasMarques filed an application for criminal charges against Plaintiff in Marlborough District Court Case No. 1921AC000120, stating that Plaintiff had "ADMITTED TO VIOLATING THE R/O OVER A DOZEN TIMES AND HE IS STILL CONTINUING W/THESE VIOLATIONS TODAY." ECF No. 54-5 at 24-25.

**RESPONSE:** Undisputed only that the cited court filings or docket events occurred; Disputed as to Plaintiff's characterization that the litigation was frivolous or fraudulent. Disputed, Plaintiff did violate Defendant's R/O more than a dozen times, on Twitter and other Social Media outlets, without hesitation. The evidentiary record reflects the California court later found Defendant's position was not frivolous, baseless, or devoid of evidentiary support. MasMarques Decl. ¶¶ 51, 54; Doc. No. 54-5, at 27-34; Doc. No. 68-1, at 84-95; Andrade Decl., Ex. 9; Andrade Decl., Ex. 1 (Pl. Dep. 210:2-211:9).

185.    A probable cause hearing was held on May 9, 2019 before the Marlborough District Court in Case No. 1921AC000120.  Case No. 1921AC000120 Docket.

**RESPONSE:** Undisputed only that the cited court filings or docket events occurred. Disputed, Plaintiff lied under oath and filed documents, that were not relevant to defame Defendant, before the court.

186.    On May 15, 2019, First Assistant Clerk Magistrate Darryl Whitney found "No Probable Cause for the complaint to issue" and the case was dismissed.  ECF No. 54-5 at 26.

**RESPONSE:** Undisputed only that the cited court filings or docket events occurred.

Disputed, Plaintiff lied under oath to manipulate the courts findings.

On July 29, 2019, Defendant MasMarques filed a complaint against Plaintiff in the Middlesex County Superior Court which was assigned Case No. 1981CV02204. ECF No. 54-5 at 27-31.

187. On July 29, 2019, Defendant MasMarques filed a complaint against Plaintiff in the Middlesex County Superior Court which was assigned Case No. 1981CV02204. ECF No. 54-5 at 27-31.

**RESPONSE:** Undisputed only that the cited court filings or docket events occurred.

188. On September 4, 2019, Plaintiff filed a motion to strike the complaint on account of fraud on the court in Middlesex County Superior Court Case No. 1981CV02204. Case No. Case No. 1981CV02204 Docket.

**RESPONSE:** Undisputed only that the cited court filings or docket events occurred.

Disputed, there was no fraud, Defendant stated the truth, but decided to not pursue this matter, as Plaintiff continued lying under oath, before the court. On September 19, 2019, Plaintiff's motion was granted and the case was dismissed. ECF No. 54-5 at 32.

189. On September 19, 2019, Plaintiff's motion was granted and the case was dismissed. ECF No. 54-5 at 32.

**RESPONSE:** Undisputed only that the cited docket or court record reflects that Plaintiff's motion was granted and the case was dismissed. Disputed as to any characterization that the dismissal establishes that Defendant's filing was frivolous, fraudulent, malicious, or unsupported. Defendant further objects to the extent Plaintiff offers this statement as material to any dismissed claim, including civil harassment, or as improper character evidence. Fed. R. Civ. P. 56(c); Fed. R. Evid. 401, 402, 403, 404.

　　　The evidentiary record reflects that the California court later found Defendant's position was not frivolous, baseless, or devoid of factual/evidentiary support.

MasMarques Decl. ¶¶ 51, 54; Andrade Decl., Ex. 9; Andrade Decl., Ex. 1 (Pl. Dep. 210:2–211:9).

### K.   Defendant MasMarques's Social Media Posts Regarding Plaintiff

190.   At all relevant times, Twitter allowed users with registered accounts to file reports about specific posts.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Disputed, Twitter had a phone number to contact them to file reports of abuse of the Twitter Rules and Defendant did just that and filed complaints about the harassment from Plaintiff's Twitter accounts @aarongreenspan and @plainsite, that were finally and permanently shut down in June of 2023.

191.   On February 28, 2019, before the Superior Court of California for the County of Santa Clara, Defendant MasMarques stated, "No. I have no social media at all. No social media. Mr. Greenspan is one of the reasons why I would never have any social media." ECF No. 1-6 at 237:23-25.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. It is impossible to have social media with an individual such as Plaintiff when he literally obsesses with harassing, stalking and hacking his victims, such as Defendant and others, who Plaintiff targets online.

192.   On May 2, 2019, before the Superior Court of California for the County of Santa Clara, Defendant MasMarques responded to the question, "Would you call Twitter a social media site? Would you just agree with that statement that it's a social media site?" with, "A social media site? Yes, I would." ECF No. 1-6 at 335:5-8.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

193.    On May 23, 2025, in response to Plaintiff's Interrogatory No. 6, Defendant MasMarques denied that he uses or had ever used social media to post with a registered account, stating, "I don't use social media and don't remember ever creating any usernames.  If I did, it would have been to view content."

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

194.    On September 26, 2025, in his declaration filed November 6, 2025, Defendant MasMarques stated only regarding the present tense, "I do not have or use any social media accounts."

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization.

195.    On March 30, 2018, Twitter account @badbadwebsites posted, "We will start exposing bad websites that are data mining the public's personal information for the sole purpose of the owners of these websites to make easy money at the expense of people's careers, reputations and financial security. These bad websites only care about $$$!" [text covered by user interface menu bar in print view on last page but still copyable], "The owner of plainsite.org, Aaron Greenspan thinks he can Judge over the public, as to what legal info he will upload on an individual in a selective manner. This individual believes he is Judge & Jury and can harm the public however he feels like it.", and "Aaron Jacob Greenspan owner of plainsite.org under fraudulent 501c goes in to the Federal database Pacer & uploads for next to nothing in a selective manner the public's legal documents that brings the most traffic to plainsite.org He sells subscrip's [sic] @ $99 mo".

62

Plaintiff's Documents GREENSPAN00256-00257, Greenspan Declaration Exhibit H at 13-14.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); *Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).*

196.    On March 31, 2018, Twitter account @badbadwebsites posted, "Attorney Jeffrey Allen Steinport was operating a similar site to plainsite.org called unitedstatescourts.org and was using a PO Box in his home town of Grand Rapids, fake name, no phone number. He was outed changed contact info using Privacy Guard to Panama w fake name". Plaintiff's Document GREENSPAN00256, Greenspan Declaration Exhibit H at 13.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

197.    Jeffrey Steinport reported Defendant MasMarques to the Federal Bureau of Investigation. *Greenspan Declaration ¶ 6.*

**RESPONSE:** Disputed. Defendant was the one who contacted and filed a complaint with the Phoenix FBI and after speaking to an FBI Agent from that office in July of 2017m the FBI Agent told me that he was shutting the website unitedstatescourts.org down, which

was immediately done and objects that this assertion is not supported by competent admissible evidence and is not a proper statement of material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. It should be noted, that both Jeffrey Allen Steinport and Plaintiff went on the full attack online against Defendant after filing a complaint with the Arkansas Attorney General's Office, regarding leagle.com. Also, Jeffrey Allen Steinport had destroyed many careers and reputations of people, but hid his identity from the public, by entering false information on ICANN WHOIS, where one is supposed to enter their correct name, address and contact information. Jeffrey Allen Steinport had also initially received a 501(c)(3) from the IRS for his website unitedstatescourts.org, that was quickly cancelled, but Jeffrey Allen Steinport for many years continued to ask the public for monetary donations and telling the public, that these monetary donations were tax deductible, which they were not, as there was no 501(c)(3) authorized and that was just one reason, why the Phoenix FBI Agent had Jeffrey Allen Steinport remove his website form the internet. Though, for some strange reason, Plaintiff has been allowed to continue with his website plainsite.org. Plaintiff cites only his own declaration for what Jeffrey Steinport allegedly reported to the FBI, but Plaintiff has not established personal knowledge of Steinport's communications with the FBI, and the statement appears to rely on hearsay. Fed. R. Evid. 602, 801–802. The assertion is also immaterial unless tied to an admissible fact relevant to a remaining claim or defense. Defendant further states that he made complaints regarding Jeffrey Allen Steinport and related publication of Defendant's court records. MasMarques Decl. ¶¶ 14, 16, 19.

198.    On April 4, 2018, Twitter account @badbadwebsites posted, "Another bad website designed to invade your privacy and wreck your reputation for $: leagle.com ICANN WHOIS says it belongs to a Donald Johnson from Arkansas. That's all made up to hide owners real identity who is an Attorney. Leagle.com destroys careers". Plaintiff's Document GREENSPAN00254, Greenspan Declaration Exhibit H at 11.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

199.    On April 4, 2018, Twitter account @badbadwebsites posted, "Another bad website is PDFSR.com the owner has given completely fake contact info to ICANN WHOIS but one can be assured that the owner is most likely right here in the US sitting back on their computer raking in cash at the public's expense." Plaintiff's Document GREENSPAN00252, Greenspan Declaration Exhibit H at 9.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

200.    On April 4, 2018, Twitter account @badbadwebsites posted, "US Congress needs to enact a 'Right to be Forgotten Law' like in the EU so that Americans can have harmful URL's taken down. Internet is like the Wild West in the USA and the laws need to be updated to reflect the times we are in with all these online trolls trying to make easy $".

*Id.*

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

201.    On April 4, 2018, Twitter account @badbadwebsites posted, "In the EU if some terd doesn't want to work for a living and goes creates and runs a website that gathers the

public's legal info within a short time, they will have the police at their door and criminally charged. In the USA why is this acceptable. First Amendment is no excuse".

*Id.*

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post; Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish *authorship; Plaintiff admitted conclusive evidence would be in the control of third* parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

202.    On April 28, 2018, Reddit account 198412345 posted, "Aaron Jacob Greenspan also owns and runs with his father Neil S Greenspan the vicious monetized website leagle.com under a fake name and address in Arkansas, so they can hide their identities from the public because they are doing so much damage to people's careers and reputations all across the USA, just so these selfish greedy nuts can make some eassy *[sic]* money off the backs of hard working men and women in the USA." and "Aaron Jacob Greenspan goes to the United States Patent and Trademark Office and buys up lots of Trademark Names, that he then hoards. When a new start-up company comes along that will actually produce something and do something productive, this Aaron Greenspan blackmails and extorts lots of money out of the new owner or owner of the start-up company that is looking for the specific Trademark name that Aaron Greenspan is selfishly hoarding, so he can make money without having to lift a finger. Aaron Greenspan has never done real work in his entire life. Most likely his father set him up with all these schemes because he realized that Aaron Greenspan is anti-social and could

66

not get along with other people in a place of business." in response to the thread it started entitled "Aaron Greenspan angry because he is being outed with his 501c non-profit tax evasion and tax fraud schemes, so he is gong *[sic]* around defaming and is completely unhinged. Who would even hire this nut?" Greenspan Declaration Exhibit I at 2.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive *indicators and third-party information, which Defendant objects is insufficient under Fed.* R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties.  MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

203.    In August 2018, the Twitter account @R62607249 began posting about "Aaron Greenspan" and identified itself with "We have a RO against this individual in a California Court."  Plaintiff's Documents GREENSPAN00187-00188, Greenspan Declaration Exhibit H at 15-16.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties.  MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

204.    On August 30, 2018, including the handle of venture capitalist Marc Andreessen *in the post so as to generate a mention notification for Mr. Andreessen,* @R62607249 wrote that Plaintiff is a "Vexatious Litigant," again stating, "We have a RO agains *[sic]*

this individual in a California Court." Plaintiff's Documents GREENSPAN00187,

Greenspan Declaration Exhibit H at 15.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

205.    On August 30, 2018, the @R62607249 Twitter account wrote similar posts

directed at the venture capital firm Kleiner Perkins Caulfield & Byers, famous for partner

John Doerr having invested in Google; Sequoia Capital, famous for partner Michael

Moritz having invested in Google, Yahoo!, PayPal; and other companies. *Id.*

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

206.    On May 9, 2019, Defendant MasMarques was asked, "Do you control or have you

ever controlled the Twitter account @R62607249?" and responded "I don't recall. I don't

remember." ECF No. 1-6 at 335:13-15.

**RESPONSE:** Undisputed only that the cited transcript reflects the quoted question and answer. Disputed as to any characterization or inference that the answer establishes that Defendant controlled, used, or posted from the @R62607249 Twitter/X account. Defendant denies having or using Twitter/X or any social-media account, and Plaintiff's attribution theory relies on non-conclusive indicators and third-party information

insufficient to establish authorship or control under Fed. R. Civ. P. 56(c)(1)–(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901. MasMarques Decl. ¶¶ 71–72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 150:3–20, 151:9–152:2).

207.    In October 2018, the @LiarsStalkers Twitter account began posting about Plaintiff on Twitter.  Plaintiff's Document GREENSPAN00208, Greenspan Declaration Exhibit H at 18.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant *denies having or using Twitter/X or any social-media account and denies Plaintiff's* attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties.  MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

208.    On October 21, 2018, the @LiarsStalkers Twitter account authored a post on Twitter stating, "Aaron Greenspan's Resume should read like this: OCD when it comes to Harassing, Stalking, Shaming, Threatening and Defaming. Enjoys receiving free money by being a Serial Litigant. Does not like to work for a living but sit back on computers & do Hacking." with an embedded image that depicted an article about Plaintiff from legal blog *Above The Law* printed out on a color ink-jet printer and then scanned with the left edge of the sheet of paper visible in the image.  Plaintiff's Documents GREENSPAN00208-00209, Greenspan Declaration Exhibit H at 18-19.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant *denies having or using Twitter/X or any social-media account and denies Plaintiff's* attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third

parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

209.    On October 21, 2018, the @LiarsStalkers Twitter account authored several other posts mentioning Plaintiff by name, including but not limited to, "Aaron Greenspan is a Hacker, Harasser, Stalker and Liar who is a public menace to American Society and a danger to our National Security." Plaintiff's Document GREENSPAN00209, Greenspan Declaration Exhibit H at 19.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

210.    More than one of the @LiarsStalkers Twitter posts featured improperly capitalized nouns. Plaintiff's Document GREENSPAN00208-00211, Greenspan Declaration Exhibit H at 18-21.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

211.    On October 17, 2020, the @badbadwebsites Twitter account responded to a thread by the @WholeMarsBlog Twitter account run by Omar Qazi and beginning with "Aaron

Greenspan is a liar" stating, "Perhaps people need to get together & make an appointment w the FBI so they take action once and for all against all these abuses". Plaintiff's Document GREENSPAN00280, Greenspan Declaration Exhibit H at 23.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish *authorship; Plaintiff admitted conclusive evidence would be in the control of third* parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

212.    On May 8, 2023, Defendant MasMarques e-mailed his former probation officer Jeffrey Smith stating, "I have already gone to the FBI in Chelsea, MA and the Secret Service at the Tip O'Neill building around September of 2020. I went there in person and both agencies listened and took all the documents and evidence of Aaron Jacob Greenspan cyberstalking, doxxing, harassing and threatening myself and immediate family online." Defendant's Document Def-P2_000214, ECF No. 237-10 at 16.

**RESPONSE:** Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Plaintiff threatened to kill President Trump on his Twitter accounts @aarongreenspan and @plainsite and simply would not cease and desist with his online abuses, doxxing, harassment and threats, towards Defendant, his family and many other people, such as Elon Musk and Omar Qazi and many others.

213.    On May 8, 2021, Twitter account @Giza299792458N posted, "Here is the real owner of leagle.com." above a screenshot containing Plaintiff's name, "Aaron Greenspan". Plaintiff's Document GREENSPAN00324, Greenspan Declaration Exhibit H at 24.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

214.    On May 9, 2021, Twitter account @Giza299792458N posted, "1996 Decency Act *230 needs to be thrown out. Sooner the better." Plaintiff's Document* GREENSPAN00331, Greenspan Declaration Exhibit H at 29.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

215.    On May 11, 2021, Twitter account @Giza299792458N posted, "I too am a victim for many years of Aaron Greenspan. He refuses to stop with his harassment campaigns." Plaintiff's Document GREENSPAN00324, Greenspan Declaration Exhibit H at 24.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

216.    The Twitter feature to reset a user's password previously disclosed a redacted form of the user's e-mail address, if available, where each redacted character in the e-mail address was replaced by an asterisk.  Greenspan Declaration ¶ 33.

**RESPONSE:** Defendant objects that this assertion is not a proper statement of material fact under Fed. R. Civ. P. 56(c) and Local Rule 56.1. Plaintiff offers a generalized technical characterization of Twitter/X's password-reset functionality without competent foundation, authentication, personal knowledge, or expert testimony. Fed. R. Evid. 602, 701, 702, 901. The statement is also immaterial unless tied to admissible evidence establishing that any specific Twitter/X account belonged to, was controlled by, or was used by Defendant, which Defendant denies. MasMarques Decl. ¶¶ 71–72.

217.    As of May 11, 2021, the redacted e-mail address connected to the Twitter account @Giza299792458N was "85**@p*********.***".  Plaintiff's Document GREENSPAN00339, Greenspan Declaration Exhibit H at 30.

**RESPONSE:** Undisputed to the extent Defendant disclosed the use of certain email addresses at one point. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties.  MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

218.    In his response to Plaintiff's Interrogatory No. 10, Defendant MasMarques disclosed the use of the e-mail addresses 8586@protonmail.com and 8587@protonmail.com, both of which match the redacted pattern "85**@p*********.***".  ECF No. 237-2 at 9.

**RESPONSE:** Undisputed to the extent Defendant disclosed the use of certain email addresses at one point. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient

insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

219.    On September 24, 2021, Twitter account @Giza299792458N posted in response to the @WholeMarsBlog Twitter account, "Lots of people don't seem to understand how dangerous Aaron Greenspan is. He is extremely aggressive and has ocd *[sic]* with the public's personal and legal data collecting, which is then at any time used to attack his victims. *He files false police reports, lies to Judges...*" and *"He files lots of false police reports.Lies [sic]* under oath to Federal & State Judges. Makes repeated harassing phone calls to Court Clerk's *[sic]* to try & get his way with harassment, intimidation & threats. For some strange reason he has yet to be criminally charged for any of his crimes".

Plaintiff's Document GREENSPAN00470, Greenspan Declaration Exhibit H at 31.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

220.    On October 20, 2021, Twitter account @Giza299792458N posted in response to the @WholeMarsBlog Twitter account, "Twitter isn't following their own rules to permanently shut down @aarongreenspan and @plainsite. He files false copyright violation complaints, while he violates copyright materials & nothing happens. He signs people up with pornographic co.'s like Pleasure Dome, harasses stalks" and "He harasses

his targeted victims to no end. He signs people up with porno co.'s like Pleasure Dome, which is based where? San Francisco. He hacks in to Social Media & email accounts. Files false police reports, lies to Judge's, Police, Court Clerk's nothing happens? He continues" and "He is a vexatious litigant, well known to many Attorneys in the Bay area, he files vexatious complaints with insane ramblings to get people to give up and just pay him some money. Never give up! Fight back and don't ever give him one penny. Why hasn't he been criminally charged?" Plaintiff's Document GREENSPAN00522, Greenspan Declaration Exhibit H at 35.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

221.    On October 26, 2021, Twitter account @Giza299792458N posted, "100% Aaron Greenspan is mentally ill and he enjoys filing false complaints and setting people up to get what he wants, like money. Now why haven't the Attorneys put a complete stop to this nonsense and gotten this case dismissed, so the counter suing can begin. Many vicitms [sic]". Plaintiff's Document GREENSPAN00534, Greenspan Declaration Exhibit H at 38.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed.

R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

222.    On October 26, 2021, Twitter account @Giza299792458N posted a two-part thread with the first part containing an image of a Caucasian woman with blonde hair and the second part stating, "Aaron Greenspan is a complete meddling little be***h. *[asterisks in original]* This creep uploaded my employer's address, phone number, other personal identifying info online. Can a doctor please put this creep exactly where he belongs! In a Psychiatric Facility. The sooner the better for all of humanity". Plaintiff's Document GREENSPAN00535, Greenspan Declaration Exhibit H at 39.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

223.    The woman with blonde hair depicted in the first part of the aforementioned thread was not the account owner of @Giza299792458N, but a pornographic actress whose photograph had been appropriated from another website. Greenspan Declaration ¶ 34, Plaintiff's Documents GREENSPAN00531, 00535, 00538, Greenspan Declaration Exhibit H at 36, 39, 41.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive

indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

224.    On October 28, 2021, the @Witchestoday Twitter account posted, "Aaron Greenspan is a professional extortionist who only knows how to extort money out of people using their data with plainsite.org. He's never worked a day in his life." Plaintiff's Document GREENSPAN00555, *Greenspan Declaration Exhibit H at 42.*

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

225.    On November 10, 2021, the @Witchestoday Twitter account posted, "Aaron Jacob Greenspan is a malicious hacker. He's hacked in to MBTA Boston 2005, PayMaxx, GSA online bidding website NYC, email & Social Media accounts and uses plainsite.org to extort money to remove URL's, extortion, IP Address Harvesting, doxxing & harassment. Report" and "@SecretService Aaron Jacob Greenspan refuses to cease & desist & delete doxxing materials using plainsite.org & he does lots of targeted harassment, cyberstalking, threatens people & just refuses to stop. There is a detailed report on file about Aaron Jacob Greenspan." Plaintiff's Document GREENSPAN00587, Greenspan Declaration Exhibit H at 46.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

226.    On November 29, 2021, Defendant MasMarques wrote to his former probation officer Jeffrey Smith via e-mail, "I filed a complaint with Twitter...." ECF No. 237-10 at 19.

**RESPONSE:** Undisputed for purposes of this motion. Disputed to the extent that Plaintiff relies on this statement as evidence that because Defendant made a complaint to Twitter, he has or had a Twitter/X account. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

227.    On February 23, 2022, the @Witchestoday Twitter account posted, "Aaron Greenspan has and still is violating the Feds RICO ACT: Bribery & Extortion using plainsite.org, Money Laundering by sticking the money in fraudulent 501c3's, Dealing in obscene matter, Theft. Embezzlement, Criminal copyright infringement, Securities Fraud, Arson" and in reply to the SEC's @SECGov and @SEC_Enforcement Twitter accounts, "Aaron Greenspan is violating the RICO Act and working with other co-conspirators to devaluate Stocks on Social Media and then together Short those targeted Stocks, which are Security Violations. Aaron Greenspan has done wire fraud, laundered money, lied to

the Feds and much more". Plaintiff's Document GREENSPAN00634, Greenspan Declaration Exhibit H at 47.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

228. On February 25, 2022, the @Witchestoday Twitter account retweeted a post from the official account of the Chinese Embassy in Russia. Plaintiff's Document GREENSPAN00670, Greenspan Declaration Exhibit H at 53.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

229. On April 2, 2022, the @Witchestoday Twitter account posted, "@FBIPhoenix @paraga @TwitterSafety Aaron Jacob Greenspan is a dangerous hacker who hacks in to emails, social media accounts & much more. https://www.bizjournals.com/boston/blog/ mass-high-tech/2005/02/south-station-hack-shows-security-train.html *[expanded embedded URL]* https://www.zdnet. com/article/payroll-site-closes-on-security-worries/ FBI has visited Aaron Greenspan many occasions". Plaintiff's Document GREENSPAN00680, Greenspan Declaration Exhibit H at 55.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

230.    The same articles referenced in the aforementioned April 2, 2022 @Witchestoday Twitter post were presented to, but not necessarily docketed as exhibits in, the Superior Court of California for the County of Santa Clara Case No. 18CH008067. ECF No. 1-6 at 441:24-442:7 and 440:16-23.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

231.    On April 19, 2022, the @Witchestoday Twitter account posted, "In most EU countries a character like Aaron Jacob Greenspan would be forcibly brought before a Judge by law enforcement and would have to undergo a psych evaluation. Most likely inpatient and he would not be allowed to own plainsite.org or access the internet for safety". Plaintiff's Document GREENSPAN00700, Greenspan Declaration Exhibit H at 59.

**RESPONSE:** Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's

attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

232.    In April 2022, the Twitter account @Diegomasmarque5 signed up with a display

name of "Diegomasmarques@diegomasmarques".  Plaintiff's Document

GREENSPAN00702, Greenspan Declaration Exhibit H at 60.

**RESPONSE**: Undisputed to the extent accounts existed. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

233.    On April 25, 2022, the Twitter account @Diegomasmarque5 responded to the

@WholeMarsBlog Twitter account and Plaintiff's @AaronGreenspan Twitter account

stating, "He conspires with other data mining website owners on the low". *Id.*

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

234.    On April 30, 2022, the Twitter account @Witchestoday reposted the @DnKornev

Twitter account, with a display name of "MilitaryRussia.Ru". Plaintiff's Document

GREENSPAN00711, Greenspan Declaration Exhibit H at 64.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced
post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant
denies having or using Twitter/X or any social-media account and denies Plaintiff's
attribution of the identified social-media posts. Plaintiff relies on non-conclusive
indicators and third-party information, which Defendant objects is insufficient under Fed.
R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish
authorship; *Plaintiff admitted conclusive evidence would be in the control of third*
parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6);
Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

235.    On May 21, 2022, the Twitter account @Witchestoday responded to the

@WholeMarsBlog Twitter account, stating, "Possible to now do a Gofundme to sue

Aaron Greenspan for his ton of abuse. A Class Action lawsuit?" Plaintiff's Document

GREENSPAN00728, Greenspan Declaration Exhibit H at 69.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced
post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant
denies having or using Twitter/X or any social-media account and denies Plaintiff's
attribution of the identified social-media posts. Plaintiff relies on non-conclusive
indicators and third-party information, which Defendant objects is insufficient under Fed.
R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish
authorship; Plaintiff admitted conclusive evidence would be in the control of third
parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6);
Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

236.    On May 21, 2022, Plaintiff responded from the @PlainSite Twitter account by

embedding the @Witchestoday post and writing, "Convicted murderer Diego

MasMarques, Jr. has been itching to start a class-action lawsuit against PlainSite for

years. The only problem is that there's nothing to sue over." and "You were convicted of

killing someone and of trying to kill another. And this is just one of three Twitter accounts

82

you've been using recently." Plaintiff's Document GREENSPAN00727, Greenspan

Declaration Exhibit H at 68.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

237.    On May 21, 2022, the Twitter account @Witchestoday responded to the

@PlainSite Twitter account's posts, stating, "Aaron Greenspan is a convicted hacker and

stalker who needs to get a real job instead of cyber stalking, doxxing and harassing

people. Try to be a good boy for once". *Id.*

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

238.    In this exchange, the Twitter account @Witchestoday did not deny Plaintiff's

allegation that it belonged to Defendant MasMarques. *Id.*

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third

83

parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

239.    On May 24, 2022, the Twitter account @Witchestoday posted, "Yes!

Communicated in detail to Judge Donato to expose this cyber stalker who refuses to stop.

He lied repeatedly to Judge Donato a Federal Judge and made up such fictitious nonsense

about everyone he wrote about to use the court to attack his victims and this is a crime".

Plaintiff's Document GREENSPAN00740, Greenspan Declaration Exhibit H at 73.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

240.    On July 6, 2022, responding to the Twitter account @WholeMarsBlog discussing

Plaintiff, the Twitter account @Witchestoday posted, "FOIA requests have also been sent

out and there is lots of great information". Plaintiff's Document GREENSPAN00752,

Greenspan Declaration Exhibit H at 74.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

241.    On July 6, 2022, Defendant MasMarques's SEC FOIA Request No. 22-02308-FOIA had been pending for 17 days and was not yet fulfilled, no other FOIA requests about Plaintiff were pending in the United States, and knowledge of the request from the June 2022 SEC FOIA log was not yet public.  *See* ¶¶ 163-168.

**RESPONSE**: Undisputed for purposes of this motion. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which *Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and* Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11)., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13, 158:1-11).

242.    On February 16, 2023, the @Giza299792458N Twitter account retweeted a poll from a Twitter account called "FriendOfRussia" comparing support for Russia and Ukraine underneath the statement, "The world supports President Putin" with Russian flags.  Plaintiff's Document GREENSPAN00944, Greenspan Declaration Exhibit H at 75.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on nonconclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties.  MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

243.    On February 25, 2025, the Twitter account @x13757 posted a scanned image of a printout from a color ink-jet printer with faded ink that matches an exhibit presented by

Defendant MasMarques in Superior Court of California for the County of Santa Clara.

Plaintiff's Document GREENSPAN01096, Greenspan Declaration Exhibit H at 76.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

244.    On February 25, 2025, the Twitter account @x13757 posted a link to a

ComplaintsBoard post about Plaintiff.  Plaintiff's Document GREENSPAN01098,

Greenspan Declaration Exhibit H at 78.

**RESPONSE**: Undisputed only that the cited materials purport to show the referenced post. Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

245.    In June 2025, after Defendant MasMarques engaged Ashley Andrade as counsel

on or around May 6, 2025, and after Plaintiff repeatedly raised the issue of Defendant

MasMarques's libelous attacks on social media, the Twitter account @x13757 stopped

posting.  ECF No. 174.  *See also* Greenspan Declaration ¶ 35.

**RESPONSE**: *Undisputed only that Defendant engaged Ashley Andrade as counsel on or about May 6, 2025.* Disputed as to the remainder of the statement; Defendant denies having or using Twitter/X or any social-media account, including @x13757, and denies Plaintiff's attribution of that account or its alleged cessation of posting to Defendant. Plaintiff's timing-based inference is speculative, lacks competent authentication and

personal-knowledge foundation, and is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship, control, or causation. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 150:3-20, 151:9-152:2, 158:1-11).

246.    Twitter confirms that at least one of Defendant MasMarques's e-mail addresses,

56546@protonmail.com, remains linked to an account on the platform.  ECF No. 237-1

at 1-4.

**RESPONSE**: Disputed to the extent that Plaintiff attributes said post to Defendant. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of the identified social-media posts. Plaintiff relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship; Plaintiff admitted conclusive evidence would be in the control of third parties.  MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

## L.    Damages

247.    Plaintiff is capable of earning roughly $1 million per year at least.  Plaintiff's

Deposition Transcript at 207:5-9.

**RESPONSE**: Disputed. The evidentiary record reflects Plaintiff made nearly $1 million in 2018 through his businesses and voluntarily reduced salary thereafter, but Plaintiff offers no expert testimony or sufficient tax/wage support for his claimed damages. Andrade Decl., Ex. 1 (Pl. Dep. 207:2-12).

248.    Defendant MasMarques has required Plaintiff to spend time documenting and

defending against his conduct each year since 2017.  Greenspan Declaration Exhibits F-I.

**RESPONSE**: Disputed. Plaintiff's claimed time damages are unsupported and include time responding to takedown requests and government inquiries; Plaintiff does not bill hourly or charge the claimed rate. Doc. No. 226, Ex. C, at 2-8; Andrade Decl., Ex. 1 (Pl. Dep. 204:1-19, 205:2-8, 205:22-206:11, 207:13-19).

249.    During late 2018 and thereafter, as Plaintiff was attempting to defend himself

against the proliferation of false and libelous posts spreading across the internet and

accessible via search engines, Plaintiff had the opportunity to interact with prominent venture capitalists John Doerr and Michael Moritz, neither of whom were willing to engage about fundraising. Plaintiff's Deposition Transcript at 185:21-190:3.

**RESPONSE**: Disputed. Plaintiff identified no lost contract, investor, or client and admitted no venture-capital firm said posts deterred investment. Plaintiff has filed many frivolous lawsuits against companies and people in California Doc. No. 226, Ex. C, at 9; Andrade Decl., Ex. 1 (Pl. Dep. 41:14-21, 190:8-18); Doc. No. 68-1, at 26, 54.

250.    Prior to those interactions, Defendant MasMarques deliberately attempted to poison Plaintiff's relationships with Kleiner Perkins Caulfield & Byers and Sequoia Capital, which are or have been led by Mr. Doerr and Mr. Moritz, respectively. *See* ¶ 206.

**RESPONSE**: Disputed. Plaintiff offers speculation and no evidence that Defendant caused any loss of investment or fundraising opportunity. Andrade Decl., Ex. 1 (Pl. Dep. 41:14-21, 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 190:8-18); Doc. No. 226, Ex. C, at 9.

## II.    PATTERN EVIDENCE

251.    In court before the Superior Court of California for Santa Clara County, Defendant MasMarques made a number of allegations:

  a)  that Plaintiff purportedly is a "malicious hacker";

  b)  that Plaintiff purportedly owns the court website leagle.com;

  c)  that Plaintiff purportedly admitted to extorting individuals via a specific post on Twitter that was actually just referring to the threshold number of "$2,500" in the PlainSite Privacy Policy;

  d)  that Plaintiff purportedly engaged in "out of control shouting" in the courtroom in Santa Clara County; and

  e)  that Plaintiff is purportedly a vexatious litigant.

88

**RESPONSE**: Undisputed only that Defendant made certain allegations about Plaintiff in court filings or proceedings. Disputed to the extent Plaintiff offers those allegations as "pattern evidence" to prove authorship of anonymous or pseudonymous online posts. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts, and Plaintiff admitted that conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

252. Twitter accounts @R62607249, @badbadwebsites, @Giza299792458N, @WitchesToday, @x13757, Reddit accounts 198412345, ManufacturerFast7523, AdPlenty5728 and Ok-Exercise-3238, among others on various sites, each posted one or more variations on these same conspiracy theories, believed by no other person. Case No. 18CH008067 Docket. *See also* ECF No. 1-6, Greenspan Declaration Exhibits H, I.

**RESPONSE**: Undisputed only that the cited exhibits purport to show online posts by the identified accounts. Disputed that those posts were authored by Defendant or that Plaintiff's pattern-evidence theory establishes authorship. Plaintiff relies on non-conclusive indicators, not direct account-authentication evidence; Defendant denies having or using social-media accounts, and Plaintiff admitted that conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

253. The phrase "cyberstalking, doxxing and harassing monetized website plainsite.org" appears verbatim in Defendant MasMarques's Document Def-P2_000162 —a private e-mail—and on the About page of the now-banned public Google Group "Expose abusive data mining websites" started by "lola crum" in or around 2022. ECF No. 237-10 at 13. Before the content was removed due to the ban, the same account falsely accused Plaintiff by name of being "married" to "another deranged homosexual" and obsessed over PlainSite and leagle.com. "lola crum" also posted about Plaintiff on the obsolete Spanish-language USEN.ET group es.rec.aviation. *See* Plaintiff's Document

GREENSPAN05600.[2] ECF No. 237-9 at 33. Defendant MasMarques referenced both Google Groups and USENET ("alt.fan.states.massachusetts") in Defendant's Documents Def-P2_000163 and Def-P2_000244. ECF No. 237-10 at 14, 21.

**RESPONSE**: Undisputed only that Defendant authored or sent the cited email; disputed that the overlap in phrases or topics establishes authorship of any Google Group, USENET, Twitter/X, ComplaintsBoard, or other third-party online content. Plaintiff's pattern-evidence assertions depend on inference and non-conclusive indicators rather than direct account-authentication evidence. Defendant denies having or using social-media accounts. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

254. "Decency Act 230" appeared in a private January 3, 2022 e-mail Defendant MasMarques sent to his former probation officer produced as Document Def-P2_000350, and a false December 10, 2022 private e-mail report Defendant MasMarques made to the United States Cybersecurity & Infrastructure Security Agency (CISA) produced as Document Def-P2_000255. ECF No. 237-10 at 27, 22. It also appears in court records in this action, which Defendant MasMarques filed *pro se*, posts from the @Giza299792458N Twitter account, as well as numerous posts on ComplaintsBoard under the usernames "Online cyber stalkers working together" from a post dated February 20, 2021 and "[Redacted] Cyber Stalker" from a post dated March 12, 2022. ECF Nos. 28, 34, 140 and 143.

**RESPONSE:** Undisputed only that Defendant drafted and sent the cited email. Disputed to the extent Plaintiff contends this phrase overlap establishes authorship of any Twitter/X, ComplaintsBoard, or other third-party online content. Plaintiff's pattern-evidence

---

[2] The un-redacted version of this document is confidential and has not yet been provided to opposing counsel in the absence of a protective order or stipulated agreement on handling confidential information. *See* ECF No. 236. In addition to Document GREENSPAN05600, Plaintiff has redacted, to the minimal extent possible, irrelevant and libelous portions of Documents Def-P2_000255 and Def-P2_000345 that involve third parties.

assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

255.    The Twitter accounts @badbadwebsites and @Witchestoday both use the unusual phrase "ICANN WHOIS". Plaintiff's Documents GREENSPAN00252-000256, 000709, Greenspan Declaration Exhibit H at 9-13, 62. So does Defendant MasMarques in numerous e-mails he disclosed. ECF No. 237-10 at 14, 15, 18, 19, 21, 22, 27. Defendant MasMarques also used the phrase before various courts and agencies. ECF No. 54-5 at 14.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

256.    In court in the Superior Court of California for Santa Clara County, when filing documents *pro se*, Defendant MasMarques used unique and improper notation to refer to Twitter accounts, such that he put the same username both before and after the "@" symbol. For example, on December 4, 2018, Defendant MasMarques filed a letter with that court in which he accused Plaintiff of having "uploaded my home address on one of his Twitter accounts 'plainsite@plainiste' *[sic]* and also uploaded my personal information on another one of his Twitter accounts 'aarongreenspan@aarongreenspan'". On April 13, 2022, Defendant MasMarques registered the Twitter account @Diegomasmarque5 and gave it the name "Diegomasmarques@diegomasmarques". *See*

¶ 232. On April 25, 2022, he used this account to tell Tesla fans that Plaintiff "has lots of fake Twitter accounts as well". *See* Plaintiff's Document GREENSPAN00702, Greenspan Declaration Exhibit H at 60.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

257.    Defendant MasMarques has a notable preference for usernames that contain at least four numbers, often with one letter at the beginning or the end (@R62607249, @Giza299792458N, @x13757, 8586, 8587, 56544, 56546, 85086, 87754a, 87764a, 986842a, etc.).  This pattern is useful for someone whose goal is to quickly create as many usernames as possible.  Greenspan Declaration Exhibits E, H.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

258.    In court in the Superior Court of California for Santa Clara County, in private e-mails, and in false government complaints, Defendant MasMarques constantly invoked Plaintiff's middle name, Jacob, which Plaintiff rarely uses except for completing government forms.  *See, e.g.*, Defendant's Documents Def-P2_000255, Def-P2_000314. The Twitter accounts @badbadwebsites, @Giza299792458N, @WitchesToday and @x13757 all posted constantly about "Aaron Jacob Greenspan".  Greenspan Declaration Exhibit H.

92

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

259.    In court in the Superior Court of California for Santa Clara County, Defendant MasMarques presented numerous exhibits printed on a color ink-jet printer with faded ink.  Twitter accounts @LiarsStalkers, @Giza299792458N and @x13757, among many others on various sites, posted scanned images of some of these same exhibits that were printed on a color ink-jet printer with faded ink.  *See, e.g.*, Plaintiff's Documents GREENSPAN00209, GREENSPAN01096, Greenspan Declaration Exhibit H at 19, 76.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

260.    In court in the Superior Court of California for Santa Clara County, on May 2, 2019, Defendant MasMarques presented Plaintiff with a physical copy of a Massachusetts court document that differed from the version he had presented to that court because it contained White-Out (the office supply that resembles white paint) applied to the page to cover up information he was concerned might identify him.  ECF No. 1-6 at 314.  Prior to that hearing, Plaintiff had noticed scanned images on gripe sites *of articles about his security work printed on a color ink-jet printer with faded ink that* also appeared to have White-Out applied to them.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

261.    On October 17, 2020, Twitter account @badbadwebsites posted "Perhaps people need to get together & make an appointment w the FBI so they take action once and for all against all these abuses." *See* Plaintiff's Document GREENSPAN00280, Greenspan *Declaration Exhibit H at 23. According to Defendant MasMarques's Document Def-P2_000214*, this would be days after he went "to the FBI in Chelsea, MA and the Secret Service at the Tip O'Neill building around September of 2020. I went there in person and both agencies listened…" On May 17, 2021, Twitter account @Giza299792458N followed up with a post to @FBI and @SecretService asking those agencies to "please look further in to what Aaron Greenspan is doing online and using plainsite.org @plainsite @aarongreenspan & his other legal document data mining and gripe sites to cyber stalk, harass, lots of doxing, hacking & harvesting IP addresses." *See* Plaintiff's Document GREENSPAN00350, ECF No. 237-9 at 21.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

262.    Improper capital letters frequently appear in the text for words in Defendant MasMarques's *pro se* court documents, as well as in the social media posts that Plaintiff has identified as likely having been written by him. *See, e.g.*, ECF No. 58 at 1

(improperly capitalizing "Cease & Desist"). *See also* Greenspan Declaration Exhibits E, F, G, H, I.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

263.    In discovery, Defendant MasMarques did not disclose his use or ownership of the e-mail addresses 85086@protonmail.com, rickymas@icloud.com, dmas6@protonmail.com, b97988@outlook.com, 87754a@gmail.com, 87764a@gmail.com, 986842a@gmail.com, 958957z@gmail.com, 8986431@gmail.com, 466536677t@gmail.com, t99878978876786@gmail.com, or bronx1842@gmail.com, yet all appear in documents clearly linked to him.  Greenspan Declaration Exhibit E. *See also* ECF No. 22 at 2.

**RESPONSE**: Disputed. Plaintiff's pattern-evidence assertions do not establish authorship and are based on non-conclusive indicators. Defendant denies having or using social-media accounts; Plaintiff admitted conclusive evidence is held by third parties and that his indicators are not conclusive. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 150:3-20, 151:9-152:2, 158:1-11).

264.    In a complaint filed with the Office of the California Attorney General, Defendant MasMarques admitted that he "contacted those Spanish Media companies." Defendant's Document Def-P2_000383.  ECF No. 237-10 at 34.

**RESPONSE**: Undisputed in part and disputed in part. Undisputed only that the cited document contains the quoted statement. Disputed that it supports Plaintiff's authorship or concealment theories. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

265.    Several article URLs on the websites of Spanish news outlets *Última Hora* and

*Periódico de Ibiza y Formentera*, *e.g.* https://ultimahora.es/sucesos/ultimas/

2000/07/18/902253/diego-mas-howard-yo-no-mate-a-tatiana.html, https://

www.periodicodeibiza.es/sucesos/ultimas/2000/07/18/902253/diego-mas-howard-yo-no-

mate-a-tatiana.html, https://www.ultimahora.es/sucesos/ultimas/2000/07/19/902063/

tatiana-vassic-comunico-a-la-policia-que-su-ex-novio-la-estaba-acosando.html, https://

www.ultimahora.es/sucesos/ultimas/2000/07/22/901607/condenado-el-hombre-que-

golpeo-a-su-ex-novia-tras-entrar-en-su-casa-1.html, and https://www.ultimahora.es/

sucesos/ultimas/2000/07/27/900869/condenado-a-15-anos-el-hombre-que-mato-a-su-ex-

companera-en-son-caliu.html about Defendant MasMarques (then using the name Diego

Mas Howard) previously available as recently as 2023 now display "Error 404" instead.

**RESPONSE**: Undisputed for purposes of this motion only, subject to Defendant's general objections and without conceding materiality, admissibility, or Plaintiff's characterization. Spanish newspapers have deleted these articles from the internet, as the case in Spain was expunged in December of 2020. Plaintiff has taken Spanish newspaper articles and then self translated them in to English, without authorization.

266.    Defendant MasMarques supplied an incomplete list of his e-mail addresses in

response to Plaintiff's Interrogatory No. 10, even after having the opportunity to amend.

ECF Nos. 237-2, 237-6.

**RESPONSE**: Disputed. Defendant denies Plaintiff's characterization of discovery responses and denies that any alleged omission creates a genuine issue of material fact. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

267.    Defendant MasMarques supplied an incomplete list of his telephone numbers in

response to Plaintiff's Interrogatory No. 25, even after having the opportunity to amend.

ECF No. 237-5.

**RESPONSE**: Disputed. Defendant denies Plaintiff's characterization of discovery responses and denies that any alleged omission creates a genuine issue of material fact. MasMarques Decl. ¶ 72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2, 221:1-222:13).

268.    An active Twitter/X account is linked to one of Defendant MasMarques's e-mail

addresses.  ECF No. 237-1.

**RESPONSE**: Disputed. Defendant denies having or using Twitter/X or any social-media account and denies Plaintiff's attribution of any active Twitter/X account to him. Plaintiff's account-linkage assertion relies on non-conclusive indicators and third-party information, which Defendant objects is insufficient under Fed. R. Civ. P. 56(c)(1)-(2), Local Rule 56.1, and Fed. R. Evid. 602 and 901 to establish authorship, control, or use of any account. MasMarques Decl. ¶¶ 71-72; Doc. No. 237-2 (Def. Ans. Interrog. No. 6); Andrade Decl., Ex. 1 (Pl. Dep. 150:3-20, 151:9-152:2, 158:1-11).

269.    Defendant MasMarques made more than one post to Blacklist Report about

Plaintiff.  Greenspan Declaration Exhibit F.

**RESPONSE**: Disputed. Defendant denies making multiple posts on the identified websites; The evidentiary record reflects only one ComplaintsBoard post sharing public Ohio business records for TCF and no competent direct evidence tying Defendant to the other challenged posts. MasMarques Decl. ¶¶ 26, 72; Doc. No. 237-2; Doc. No. 237-3; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2).

270.    Defendant MasMarques made more than one post to ComplaintsBoard about

Plaintiff.  Greenspan Declaration Exhibit G.

**RESPONSE**: Disputed. Defendant denies making multiple posts on the identified websites; The evidentiary record reflects only one ComplaintsBoard post sharing public Ohio business records for TCF and no competent direct evidence tying Defendant to the other challenged posts. MasMarques Decl. ¶¶ 26, 72; Doc. No. 237-2; Doc. No. 237-3; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2).

271.    Defendant MasMarques made more than one post on social media about Plaintiff.

Greenspan Declaration Exhibits H, I.

**RESPONSE**: Disputed. Defendant denies making multiple posts on social media; The evidentiary record reflects only one ComplaintsBoard post sharing public Ohio business records for TCF and no competent direct evidence tying Defendant to the other challenged posts. MasMarques Decl. ¶¶ 26, 72; Doc. No. 237-2; Doc. No. 237-3; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 142:12-16, 150:3-20, 151:9-152:2).

272.    Defendant MasMarques has made false statements in public about Plaintiff with reckless disregard for the truth.  ECF No. 237, Greenspan Declaration Exhibits F-I.

**RESPONSE**: Disputed. This is an argumentative legal conclusion, not a proper statement of fact; Defendant denies making false statements about Plaintiff with reckless disregard for the truth. MasMarques Decl. ¶¶ 26, 70, 72; Doc. No. 237-2; Doc. No. 237-3; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2).

273.    Defendant MasMarques has deliberately concealed his name in connection with false statements he has made about Plaintiff to evade liability.  ECF No. 237, Greenspan Declaration Exhibits F-I.

**RESPONSE**: Disputed. This is an argumentative legal conclusion, not a proper statement of fact; Defendant denies concealing his identity to evade liability. MasMarques Decl. ¶¶ 26, 70, 72; Doc. No. 237-2; Doc. No. 237-3; Andrade Decl., Ex. 1 (Pl. Dep. 83:22-84:4, 139:9-20, 142:12-16, 150:3-20, 151:9-152:2).

Dated: June 25, 2026                    Respectfully submitted,

                                        /s/ Diego Mas Marques, Jr.

                                        _____
                                        Diego Mas Marques, Jr., *pro se*
                                        PO Box 301
                                        Marlborough, MA 01752
                                        Dmas5@protonmail.com

98

99

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I filed the foregoing using the CM/ECF system to all parties in this action:

_____

Diego Mas Marques, Jr., *pro se*
PO Box 301
Marlborough, MA 01752
Dmas5@protonmail.com