UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

     Plaintiff,

  v.

DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES, SERGEI IGOREVICH KUDRIAVTSEV, MEDIOLEX, LTD., and ASTRAD, LTD.,

     Defendants.

Case No.: 1:23-cv-10134-DJC

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE ECF NO. 310

Plaintiff Aaron Greenspan respectfully requests leave to file a Motion to Strike Defendant Diego MasMarques, Jr.'s June 25, 2026 "Response to Plaintiff's Corrected Statement of Material Facts," ECF No. 310. Defendant MasMarques was not authorized to file this document, as he remains represented by counsel of record whose withdrawal has never been approved by this Court. This motion does not challenge the Court's Order at ECF No. 309 extending Defendant's deadline to respond; it challenges only the procedural validity of the filing itself.

### I.    BACKGROUND

#### A.    Attorney Andrade's Withdrawal Has Never Been Ruled Upon

On February 2, 2026, Defendant MasMarques filed a Motion to Discharge Counsel and for Order Allowing Withdrawal. ECF No. 289. Attorney Andrade filed her own response the same day. ECF No. 290. Plaintiff opposed her withdrawal, or in the alternative requested that withdrawal be conditioned on Attorney Andrade explaining and correcting false statements she

1

had made to this Court.  ECF Nos. 291-292.  Thus far, no order has issued on ECF No. 289.  The docket reflects no ruling granting or denying withdrawal, no notice of substitution of counsel, and no entry terminating Attorney Andrade's appearance.

Under Civil Local Rule 83.5.2(c), an attorney may withdraw by notice only where successor counsel has appeared, no motions are pending, and no trial date or hearing is scheduled.  Where, as here, none of those conditions is satisfied, withdrawal requires a motion and an order of the Court.  *See* L.R. 83.5.2(c); *see also* Mass. R. Civ. P. 11(c).  Summary judgment motions have been pending since December 2025.  Cross-motions to strike have also been filed as a result of the summary judgment motions.  Attorney Andrade accordingly sought leave by motion, consistent with the Rule.  ECF No. 289.  That motion also remains pending.  Attorney Andrade therefore remains counsel of record for Defendant MasMarques as a matter of record, regardless of any practical communication breakdown between them.

### B.    Defendant Filed ECF No. 310 "*Pro Se*" Without Leave

On June 25, 2026, Defendant MasMarques personally signed and filed ECF No. 310, a 99-page, scanned, non-searchable response to Plaintiff's statement of material facts, listing himself as "*pro se*" and providing his personal contact information rather than counsel's.  He did so without seeking or obtaining leave of Court to proceed without counsel while Attorney Andrade's withdrawal motion remained undecided, and without seeking or obtaining leave to file the extension that the delayed lodging of the paper was based upon.

Notably, ECF No. 310 repeatedly cites "Andrade Decl." and exhibits attached to Attorney Andrade's prior declarations as evidentiary support for Defendant's positions throughout the document.  *See*, *e.g.*, ECF No. 310 at 1, 97 (citing "Andrade Decl., Ex. 1 (Pl.

Dep. ...)" in dozens of individual responses).  The filing is therefore not an independent, unrepresented submission; it is built directly on work product generated during Attorney Andrade's representation, while purporting to have been filed by Defendant MasMarques *pro se*. The writing style suggests that it may have been written by Attorney Andrade herself prior to encountering difficulties with her client (because she lied to the Court and got caught).  Her signature does not appear on the document.

## II.      ARGUMENT

### A.      A Represented Party May Not File *Pro Se* Without Leave of Court

It is well established that a party who has appeared through counsel may not simultaneously file documents *pro se* absent leave of court.  Once an attorney has entered an appearance, that appearance continues until the Court allows withdrawal; a represented party's unilateral pro se filing in the interim is procedurally improper.  "A party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways.  There is no right to hybrid representation in the federal courts.  *United States v. Campbell*, 61 F.3d 976, 981 (1st Cir.1995); *United States v. Nivica*, 887 F.2d 1110, 1121-22 (1st Cir.1989)."  *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004).  The same rule applies in virtually every courtroom nationwide. *See also United States v. Trapnell*, 638 F. 2d 1016, 1027 (7th Cir. 1980); *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel.").

Hybrid representation of this kind creates exactly the confusion this rule is designed to prevent: it is unclear whether Defendant MasMarques is bound by Attorney Andrade's representations, whether Attorney Andrade remains responsible for the contents of filings made

in Defendant's name, and to whom Plaintiff and the Court should direct future filings, service, and conferences.

This is not a hypothetical concern.  ECF No. 310 filing draws directly on Attorney Andrade's declaration and deposition citations while disclaiming her involvement, illustrating precisely the confusion that results when a party files in his own name while remaining formally represented.  The Court should not treat ECF No. 310 as a proper filing, in substance or in timing, when the underlying representation has not been terminated and the filing itself relies on counsel's work product.  Furthermore, months of delay before the filing was lodged took place while it was agreed by all that Defendant MasMarques was represented by Attorney Andrade.  After all, Defendant MasMarques cannot claim ignorance of the requirement that withdrawal be approved by Court order, since *he is the one who filed the motion seeking that approval*.  Again, he filed his "Motion To Discharge Counsel and for Order Allowing Withdrawal" on February 2, 2026.  ECF No. 289.  Yet he then proceeded anyway in June as though it (and this Court's Rules and other Orders) no longer mattered.[1]

### B.    This Motion Does Not Seek Reconsideration of ECF No. 309

The Court's Order at ECF No. 309 addressed only the timing of the response; it did not address, and was not asked to address, whether Defendant was authorized to file that response himself rather than through counsel of record.  Plaintiff raises that question for the first time

---

[1] Plaintiff reiterates for the appellate record that this Court's "protection" of two individual litigants—one consistently *pro se* and the other *pro se* at times—has been anything but "equal." One, Defendant MasMarques—a convicted murderer—has been permitted to repeatedly ignore Court orders, break Court rules, file briefs with fabricated and inaccurate citations generated by artificial intelligence software, make months-late filings, abuse the docket, shirk discovery, harass Plaintiff and his loved ones outside of the courtroom, and escape sanctions even after warnings.  The other, Plaintiff—with no criminal record whatsoever—has done none of these things while being held to a strict standard that would permit no such infractions and carry heavy penalties for each.

here, promptly after the filing at issue.  Granting this motion would not disturb the Court's prior ruling on the extension; it would simply require that any response be filed in a procedurally proper manner—either by Attorney Andrade as counsel of record, or by her client *pro se* after the Court has actually ruled on ECF No. 289 and permitted him to proceed without counsel.

### C.    The Appropriate Remedy

Plaintiff respectfully requests that the Court strike ECF No. 310 without prejudice to refiling, and order that any further filing by or on behalf of Defendant MasMarques be made either (1) by Attorney Andrade, as counsel of record, or (2) by Defendant personally, only after the Court rules on ECF No. 289 and expressly authorizes him to proceed *pro se*.  Plaintiff further requests that the Court resolve ECF No. 289 promptly so that the question of Defendant's representation does not continue to recur at each subsequent stage of this litigation, including any objections to a forthcoming Report and Recommendation.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike ECF No. 310 from the record and grant such other relief as set forth above.

Dated: June 26, 2026                         Respectfully submitted,


Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

5

## CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)

I certify that on June 26, 2026, I attempted to confer with Attorney Ashley Andrade on behalf of Defendant Diego MasMarques, Jr. regarding this motion in a good faith effort to resolve this issue and/or to narrow the issues. Attorney Andrade did not respond.

Aaron Greenspan, *pro se*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.


Aaron Greenspan