## UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| |
|---|
| **AARON JACOB GREENSPAN,** |
| **Plaintiff** |
| **v.** |
| **DIEGO MAS MARQUES, JR., et al** |
| **Defendants** |

Civil Action No. 1:23-cv-10134-DJC

## DEFENDANT DIEGO MAS MARQUES, JR.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

## I. INTRODUCTION

Defendant Diego Mas Marques, Jr. respectfully submits this Memorandum in support of his Motion for Leave to File under Seal official documents issued by the Spanish Ministry of Justice relating to criminal proceedings that were subsequently annulled, cancelled, and expunged in Spain.

Plaintiff has submitted self-translated Spanish newspaper articles concerning those proceedings, without authorization. Plaintiff's submissions include English translations prepared from Spanish-language sources for use in this litigation, where these translations were not done, by an *official translator.*

The underlying Spanish proceedings, however, were officially annulled, cancelled, and expunged by the competent Spanish authorities on December 14, 2020. The Ministry of Justice records reflecting that disposition are the subject of Defendant's proposed sealed filing.

## II. LEGAL STANDARD

There is a strong presumption of public access to judicial records in federal court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). In the First Circuit, this presumption may be overcome where "good cause" exists, and courts must balance the public's right of access against countervailing interests such as privacy, fairness, and the protection of sensitive information.

Even where a presumption of access applies, courts retain discretion to seal documents where the interests favoring confidentiality outweigh the public interest, particularly when sealing is narrowly tailored.

## III. THE MINISTRY OF JUSTICE RECORDS WARRANT SEALING FOR GOOD CAUSE

The documents Defendant seeks to file consist of official records issued by the Spanish Ministry of Justice concerning criminal proceedings that were annulled, cancelled, and expunged in Spain.

These records contain sensitive personal information relating to a foreign criminal proceeding that has been formally removed from the Spanish legal record.

Following the expungement, the Spanish newspaper articles concerning those proceedings were removed from the publishers' websites and online archives. To the best of Defendant's knowledge, those articles are no longer publicly available from the original sources.

Plaintiff has nevertheless submitted self-translated versions of those articles, without this having been done, by an official translator. As a result, the Court is being presented with historical reporting and plaintiff-selected translations of materials that are no longer publicly available in their original form.

Defendant respectfully submits that public filing of the Ministry of Justice records would result in the unnecessary republication of sensitive information concerning proceedings that have already been annulled and expunged by the originating jurisdiction.

## IV. THE REQUEST IS NARROWLY TAILORED

Defendant does not seek to withhold relevant evidence from the Court.

Rather, Defendant seeks to file under seal only:

1. Official Spanish Ministry of Justice records concerning the December 14, 2020 annulment, cancellation, and expungement; and

2. Any filings that disclose the contents of those records.

This limited request allows the Court to consider the full procedural history while preventing unnecessary public dissemination of sensitive foreign legal records.

## V. BALANCING OF INTERESTS FAVORS LIMITED SEALING

The public interest in access to judicial records is substantial. However, that interest is outweighed here by the strong confidentiality interests associated with:

- official expungement records from a foreign sovereign;

- sensitive personal information contained in Ministry of Justice documents; and

- the risk of unnecessary republication of materials that have been removed from public availability in their country of origin.

Importantly, sealing is sought not to prevent judicial review, but to ensure that the Court has access to the complete record while minimizing further dissemination of sensitive materials.

A narrowly tailored sealing order therefore appropriately balances transparency with privacy and the interests of justice.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Grant leave to file the Spanish Ministry of Justice records under seal;

2. Maintain those records under seal, along with any portions of filings revealing their contents; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Diego Mas Marques, Jr.

Diego Mas Marques, Jr.

Defendant, Pro Se
P.O. Box 301
Marlborough, MA 01752
Email: dmas5@protonmail.com

Dated: July 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2026, a true and correct copy of the foregoing **Defendant Diego Mas Marques, Jr.'s Memorandum of Law in Support of Motion for Leave to File Documents Under Seal** was filed through the Court's CM/ECF system, which will send electronic notice of the filing to all registered counsel of record and registered CM/ECF participants.

Respectfully submitted,

/s/ Diego Mas Marques, Jr.

Diego Mas Marques, Jr.
Defendant, Pro Se
PO Box 301 Marlborough, MA 01752
Email: dmas5@protonmail.com

Date: July 6, 2026