UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AARON GREENSPAN,

    Plaintiff,

  v.

DIEGO MASMARQUES, JR. a/k/a DIEGO
MAS HOWARD a/k/a RICKY MAS MARQUES
a/k/a JACK JONES, SERGEI IGOREVICH
KUDRIAVTSEV, MEDIOLEX, LTD., and
ASTRAD, LTD.,

    Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE ECF NO. 310
AND FOR SANCTIONS BASED ON UNDISCLOSED ATTORNEY DRAFTING AND
REPEATED FALSE STATEMENTS TO THE COURT**

Plaintiff Aaron Greenspan respectfully moves for leave to file a motion (1) to strike ECF

No. 310, Defendant MasMarques's late response to Plaintiff's statement of material facts, as an

unsigned and/or ghostwritten paper pursuant to Federal Rule of Civil Procedure 11(a), and (2)

for sanctions arising from undisclosed attorney drafting and repeated filing of false statements.

Plaintiff brings this motion now for three reasons.  First, ECF No. 310 remains part of the

record before this Court on the pending cross-motions for summary judgment and the defect

described below bears directly on what this Court may properly consider.  Second, Defendant

MasMarques once again made a brazen false statement to the Court under oath in ECF No. 315.

Third, Defendant MasMarques recently admitted to Plaintiff via e-mail that his former attorney,

Ashley Andrade, instructed him to violate Federal Rule of Civil Procedure 11(a) by removing

her signature from a document she drafted.

1

## I.    FACTUAL BACKGROUND

Defendant MasMarques was represented by Attorney Andrade until this Court granted her motion to withdraw *nunc pro tunc* as of February 2, 2026, on June 29, 2026.  ECF No. 313. While he was represented by counsel, Defendant MasMarques failed to timely respond to Plaintiff's Statement of Uncontested Material Facts, ECF No. 277-2, which incorporated by reference "the contents of [Plaintiff's] ECF No. 269-1 starting with the 'GENERAL FACTS' section through the end of that document."

The Court noted this discrepancy in an Electronic Order issued on June 11, 2026 and gave Defendant MasMarques 14 days to respond.  ECF No. 306.  On June 25, 2026, Defendant MasMarques filed ECF No. 310 as his response to Plaintiff's Statement of Uncontested Material Facts.  ECF No. 310 bears MasMarques's signature alone.  When Plaintiff questioned its authorship in an e-mail addressed to Attorney Andrade, she confirmed on June 27, 2026 that ECF No. 310 was "based on documents previously drafted and part of his client file that were returned to him."  Yet on July 10, 2026, in ECF No. 322, Defendant MasMarques told this court that he had not received "the complete file," notwithstanding the fact that many of the unredacted documents in it were in his direct possession years ago, when he filed them in state court.

This is not the only instance of Defendant MasMarques signing his name alone to a document that his former attorney actually wrote or making a false statement to the Court.  On January 25, 2026, while still representing Defendant, Attorney Andrade served Plaintiff by e-mail with a "Motion and Memorandum in Support of Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11 and the Court's Inherent Authority," signed solely by her and sent before filing pursuant to Federal Rule of Civil Procedure 11(c)(2), the safe-harbor clause.  On July 3, 2026, a substantively identical document was filed as ECF No. 316, but bearing only Defendant MasMarques's signature, on a signature page set in a different typeface (Helvetica, not Times,

used for pages 1-19), with Attorney Andrade's signature block and certificate of service removed and replaced.  This Court denied ECF No. 316 on July 8, 2026, in part because it "fail[ed] to comport with Chief Judge Casper's order requiring the parties to first seek leave of Court."  ECF No. 318.  The Court did not address the authorship of the document.

## II.    ARGUMENT

### A.    First Circuit Precedent Mandates That The Court Must Strike ECF No. 310 As An Unsigned and/or Ghostwritten Paper

Federal Rule of Civil Procedure 11(a) requires that every paper filed with the Court be signed by an attorney of record or, if the party is unrepresented, by the party personally, and provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected."  That obligation is mandatory.

The First Circuit has long held that "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by [her]."  *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971).  The court in *Ellis* explained its reasoning: an attorney who informally prepares a filing without signing it escapes the obligation, imposed on every member of the bar, to represent to the court that there is good ground to support the assertions made.  This district has applied that rule to hold that an attorney's substantial, undisclosed participation in drafting a filing violates Rule 11 precisely because the filing goes unsigned by the person who prepared it. *Pease v. Burns*, 679 F. Supp. 2d 161, 165-66 (D. Mass. 2010).  *See also Duran v. Carris*, 238 F.3d 1268, 1271-72 (10th Cir. 2001) (undisclosed attorney ghostwriting is itself a misrepresentation to the court, permitting a litigant to invoke the liberal construction afforded genuinely unrepresented parties while insulating the drafting attorney from accountability for the positions taken).

ECF Nos. 310 and 316 originated in documents Attorney Andrade prepared during her representation of Defendant MasMarques.  Under *Ellis* and *Pease*, those documents are required

to bear her signature. By her own account and her client's, they do not. Attorney Andrade no longer represents Defendant MasMarques and has not sought to sign either filing.

This is a material concern. Although ECF No. 316 has been adjudicated, because ECF No. 310 in is Defendant's Civil Local Rule 56.1 response, striking it leaves the corresponding assertions in Plaintiff's statement of material facts without any compliant response, and those assertions should accordingly be treated as uncontroverted for summary judgment purposes.

**B.**     **The Undisclosed Drafting Of These Documents Is Part of a Pattern of Defendant MasMarques Misleading The Court, Not An Isolated Lapse**

Plaintiff and Defendant MasMarques have been involved in litigation since 2018. In that time, Plaintiff has repeatedly pointed out—to multiple judges—Defendant MasMarques's pervasive dishonesty, which is the basis for this action. The issues here are similarly serious. *Camacho v. Dean*, Case No. 1:14-cv-01428-YK (M.D. Penn. June 17, 2015) (an attorney's undisclosed facilitation of a client's filings around the time of withdrawal raises "profound ethical issues," and noting that federal courts have almost universally condemned the practice).

The pattern here is fully admitted. Attorney Andrade has confirmed in writing that ECF No. 310's content originated with her. The provenance of ECF No. 316 is demonstrable by comparing the January version to the July version, which appear to differ only in their signature pages. Defendant MasMarques has separately admitted to Plaintiff via e-mail that Attorney Andrade instructed him to swap her signature for his own after she asked to withdraw.

This conduct sits alongside a broader, troubling record. The Court has previously addressed Defendant MasMarques's submission of unsupported or inaccurate assertions (*see* ECF No. 150 regarding fabricated citations and ECF No. 191 regarding a false-in-context citation and failure to seek leave), and has cautioned him regarding its authority to impose sanctions should he continue to file inaccurate briefs. Nonetheless, he then filed ECF No. 315, falsely stating under oath that "Plaintiff has sworn that he does not maintain, contribute to, or

4

have any Wikipedia content online…" and that there is a Wikipedia page entitled "Aaron Greenspan" "approximately 30 pages long." ECF No. 315 at 5. He did not, and there is not.

The Court has also had occasion *days ago* to deny a filing by Defendant MasMarques for disregarding the leave requirement of ECF No. 119, immediately after that requirement was reiterated to him. Before that, several of Defendant MasMarques's filings were struck, including but not limited to portions of his months-delayed Answer to the First Amended Complaint. *See* ECF Nos. 41 ("Plaintiff's motion to strike D. 28, Mr. MasMarques's affidavit, is ALLOWED."); 77 ("Plaintiff Greenspan's motion, D. 46, to strike D. 34, Defendant MasMarques's affidavit, is ALLOWED for reasons similar to those articulated in D. 41, striking D. 28, an earlier affidavit filed by MasMarques."); 119 ("The remaining parties are advised that other than the filing of the joint statement ordered to be filed in this Order, the parties are not permitted to file any other papers in this matter without first seeking leave of Court."); 148 ("Plaintiff's motion to strike Defendant's answer is ALLOWED only to the following extent…"); 314 ("MasMarques is reminded of the Court's explicit order"); 318 ("MasMarques is again reminded that he must comply"). In contrast, Plaintiff has complied and none of Plaintiff's filings have been struck.

## III.    CONCLUSION

Plaintiff respectfully requests that this Court grant leave for Plaintiff to file a motion to strike ECF No. 310 pursuant to Federal Rule of Civil Procedure 11(a) and/or issue sanctions.

Dated: July 16, 2026              Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

5

## <u>CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)</u>

I certify that on several occasions between July 12, 2026 (Pacific Time) and today, July 16, 2026, I attempted to confer with Defendant Diego MasMarques, Jr. regarding this motion in a good faith effort to resolve this issue and/or to narrow the issues.  He did not withdraw any document as requested.

Aaron Greenspan, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026 I filed the foregoing with the Clerk of Court using

the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

Aaron Greenspan