# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

**AARON JACOB GREENSPAN,**

**Plaintiff**

v.

**DIEGO MAS MARQUES, JR.**, et al

**Defendants**

</td><td>

Civil Action No. 1:23-cv-10134-DJC

</td></tr>
</table>

## DEFENDANT DIEGO MASMARQUES, JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE ECF NO. 310 AND FOR SANCTIONS (ECF NO. 325)

Defendant Diego MasMarques, Jr. ("Defendant"), proceeding **pro se**, respectfully submits this Opposition to Plaintiff Aaron Greenspan's Motion for Leave to File Motion to Strike ECF No. 310 and for Sanctions (ECF No. 325), and states as follows:

## I. INTRODUCTION

Plaintiff asks this Court for permission to initiate yet another round of collateral motion practice after discovery has closed and the parties have fully briefed dispositive motions. His Motion, however, does not explain why additional proceedings are necessary. Instead, it argues the merits of a proposed Motion to Strike and for Sanctions that has not been authorized for filing.

The issue presently before the Court is not whether Plaintiff's proposed sanctions motion would ultimately succeed. Rather, the threshold question is whether Plaintiff has demonstrated that *granting leave would materially assist the Court in the efficient resolution of this litigation.*

Plaintiff has not.

Plaintiff devotes nearly all of his Motion to disputed factual assertions and legal arguments directed to the merits of his proposed sanctions motion, while offering little explanation as to *why further collateral proceedings are necessary at this stage of the case. Because Plaintiff has* failed to establish that granting leave would promote judicial economy or otherwise assist the Court in resolving the remaining issues before it, the Motion should be denied.

## II. <u>RELEVANT PROCEDURAL HISTORY</u>

Plaintiff commenced this action on January 20, 2023. Since that time, the parties have engaged in extensive discovery, motion practice, written discovery, document production, depositions, and numerous proceedings before both the District Court and the Magistrate Judge.

Discovery has closed, and the parties have completed briefing on Defendant's Motion for Summary Judgment (ECF No. 257) and Plaintiff's Opposition (ECF No. 265).

During the course of the litigation, Defendant's former counsel withdrew from representation with leave of Court. Defendant thereafter proceeded **pro se**.

Following counsel's withdrawal, Plaintiff filed the present Motion for Leave (**ECF No. 325**) seeking authorization to file an additional Motion to Strike ECF No. 310 and for Sanctions.

Plaintiff contends that ECF No. 310 should be stricken because Defendant's former counsel allegedly participated in its preparation and further seeks permission to pursue sanctions arising from those allegations.

This Opposition addresses only Plaintiff's request for leave. Defendant does not ask the Court, through this Opposition, to decide the ultimate merits of Plaintiff's proposed sanctions motion. Rather, Defendant respectfully submits that Plaintiff has not demonstrated that additional collateral motion practice should be authorized under the present circumstances.

## III. LEGAL STANDARD

Federal district courts possess broad inherent authority to manage their dockets and supervise the orderly administration of litigation. That authority includes discretion to determine whether additional motion practice should be permitted when doing so would promote the efficient and orderly resolution of a case.

The Supreme Court has recognized that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Likewise, the Supreme Court has explained that a district court's inherent authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45–47 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Those principles are consistent with **Federal Rule of Civil Procedure 1,** which directs that the Rules "should be construed, administered, and employed by the court and the parties to secure *the just, speedy, and inexpensive determination of every action and proceeding.*"

Accordingly, when a party seeks leave to initiate additional collateral motion practice, the Court may consider whether the proposed proceedings would materially assist in resolving the litigation, promote judicial economy, or instead unnecessarily expand issues already pending *before the Court.*

## IV. <u>ARGUMENT</u>

### A. Plaintiff Has Not Demonstrated That Leave Should Be Granted.

Leave to file additional collateral motions is not automatic. Rather, Plaintiff bears the burden of demonstrating that such proceedings are necessary and appropriate under the circumstances of this litigation.

The Motion devotes the majority of its discussion to the merits of Plaintiff's proposed sanctions motion, including allegations concerning ECF No. 310, Defendant's former counsel, and *purported violations of Federal Rule of Civil Procedure 11. However, those arguments assume* the very conclusion Plaintiff must first establish—that the Court should authorize the filing of an additional collateral motion.

The question presently before the Court is considerably narrower. Before considering the merits of Plaintiff's proposed sanctions arguments, the Court must first determine whether additional *motion practice is necessary or appropriate given the present posture of this litigation.*

Plaintiff's Motion offers little explanation as to why another round of collateral proceedings would materially assist the Court in resolving the issues that remain pending. Instead, Plaintiff asks the Court to reach the merits of a motion that has not yet been authorized for filing.

Because Plaintiff has not demonstrated that granting leave would promote the efficient resolution of this action, the Motion should be denied.

Plaintiff likewise identifies no meaningful prejudice that would result from denial of leave. Nor does he explain why the issues he seeks to raise cannot, if necessary, be addressed through the Court's existing authority over the pending proceedings. The absence of any demonstrated prejudice further weighs against authorizing additional collateral motion practice.

## B. Plaintiff's Motion Relies Upon Disputed Factual Assertions That Do Not Justify Additional Motion Practice.

Plaintiff's request for leave rests principally upon three factual assertions: that ECF No. 310 allegedly remains before the Court and should therefore be stricken; that Defendant allegedly made false statements in ECF No. 315; and that Defendant allegedly admitted his former counsel instructed him to remove counsel's signature from ECF No. 310 in violation of Rule 11.

Defendant disputes Plaintiff's characterization of those events.

More importantly, however, the existence of factual disputes does not itself establish that leave should be granted. The parties have disagreed throughout this litigation on numerous factual and legal issues. Plaintiff's disagreement with Defendant's account of the underlying events does not automatically warrant another round of collateral motion practice.

At this stage, the Court need not resolve the factual disputes identified in Plaintiff's Motion. The threshold question is whether those disputed allegations justify authorizing an additional Motion to Strike and for Sanctions. Plaintiff has not demonstrated that they do.

## C. Plaintiff's Authorities Do Not Establish That Leave Should Be Granted.

Plaintiff principally relies upon *Ellis v. State of Maine*, **448 F.2d 1325, 1328 (1st Cir. 1971)**, *Duran v. Carris*, **238 F.3d 1268, 1271–73 (10th Cir. 2001), Pease v. Burns, 679 F. Supp. 2d 161, 165–66 (D. Mass. 2010),** and **Camacho v. Dean, Case No. 1:14-cv-01428-YK (M.D. Pa. June 17, 2015), in support of** his request for leave.

According to Plaintiff, these decisions require the Court to permit additional motion practice because Defendant's former counsel allegedly participated in preparing ECF No. 310.

Plaintiff's cited authorities do not resolve the procedural issue presently before the Court. While each decision addresses attorney accountability or undisclosed attorney participation under its own facts, none holds that allegations of attorney involvement automatically entitle a litigant to file an additional Motion to Strike or for Sanctions. Nor do they deprive the Court of its discretion to determine whether further collateral motion practice is warranted under the circumstances of a particular case.

### 1. *Ellis v. State of Maine*

Plaintiff cites *Ellis* for the proposition that when an attorney substantially prepares a filing submitted on behalf of a litigant proceeding **pro se**, the attorney should sign the filing and assume the responsibilities imposed by Federal Rule of Civil Procedure 11.

Defendant does not dispute the general principle that attorneys remain responsible for filings they prepare or sign.

However, *Ellis* does not hold that every allegation of attorney participation requires a district court to authorize a collateral Motion to Strike or for Sanctions. Nor does it address the procedural posture presented here, where the Court is asked only whether leave should be granted to initiate additional motion practice after counsel has withdrawn and the client is proceeding **pro se**.

Accordingly, *Ellis* does not establish that Plaintiff is entitled to the procedural relief requested.

## 2. *Duran v. Carris*

Plaintiff likewise relies upon *Duran* to argue that undisclosed attorney participation may warrant sanctions.

*Duran*, however, arose in a materially different context involving an appellate brief and the professional obligations of counsel appearing before the United States Court of Appeals for the Tenth Circuit. The court discussed attorney accountability and candor toward the tribunal under the circumstances presented there.

Nothing in *Duran* holds that allegations concerning attorney participation automatically require a district court to authorize additional collateral motion practice. Nor does the decision eliminate the Court's discretion to determine whether such proceedings would materially assist in resolving the litigation before it.

### 3. *Pease v. Burns*

Plaintiff also cites **Pease v. Burns, 679 F. Supp. 2d 161, 165–66 (D. Mass. 2010)** in support of his request.

Although *Pease v. Burns*, **679 F. Supp. 2d 161, 165–66 (D. Mass. 2010)**, applied *Ellis* under the facts before that court, it did not announce a categorical rule requiring district courts to authorize *additional sanctions litigation whenever attorney participation is alleged.*

### 4. Camacho v. Dean

Plaintiff similarly relies upon, *Camacho v. Dean*, **No. 1:14-cv-01428-YK (M.D. Pa. June 17, 2015)**.

Although *Camacho* discusses undisclosed attorney participation in filings under the circumstances presented there, it likewise does not hold that leave to initiate additional collateral motion practice must be granted whenever such allegations are asserted.
Rather, the decision reflects the broader principle that courts possess discretion in supervising proceedings before them.

### 5. Plaintiff's Authorities Do Not Resolve the Question Before This Court.

The common principle reflected in Plaintiff's cited authorities is that courts possess authority to regulate attorney conduct and enforce compliance with applicable procedural and ethical *obligations where appropriate.*

Defendant does not dispute that proposition.

The issue presently before this Court, however, is different. The question is not whether courts possess authority to address attorney conduct. The question is whether Plaintiff has demonstrated that leave should be granted to file an additional Motion to Strike and for Sanctions in this case.

None of Plaintiff's cited authorities answers that question. Each arose under materially different facts and procedural circumstances, and none requires the Court to authorize the additional collateral motion practice Plaintiff seeks here.

Accordingly, Plaintiff's reliance upon those authorities does not establish entitlement to the relief requested in ECF No. 325.

## D. Judicial Economy Weighs Against Granting Plaintiff's Request.

This litigation has been pending for more than three years. Discovery has closed, the parties have completed briefing on dispositive motions, and the Court has devoted substantial judicial resources to managing the case.

Plaintiff has not shown how permitting an additional Motion to Strike and for Sanctions would materially advance the resolution of the remaining issues before the Court. Instead, granting leave would require further briefing and judicial consideration of matters collateral to the dispositive issues already pending.

Federal Rule of Civil Procedure 1 directs that the Rules be administered to secure the just, speedy, and inexpensive determination of every action. Under these circumstances, judicial economy and the efficient administration of justice weigh against authorizing another round of collateral motion practice.

For these reasons, Plaintiff's Motion for Leave should be denied.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Diego Mas Marques, Jr. respectfully requests that the Court deny Plaintiff's Motion for Leave to File Motion to Strike ECF No. 310 and for Sanctions (ECF No. 325) in its entirety, and grant such other and further relief as the Court deems just and proper.

/s/ Diego Mas Marques, Jr.

**Diego Mas Marques, Jr.**
Defendant, pro se

PO Box 301
Marlborough, MA 01752

July 16, 2026`

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2026, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all

counsel of record.

Respectfully submitted,

/s/ Diego Mas Marques, Jr.

**Diego Mas Marques, Jr.**
Defendant, Pro Se

Dated: July 16, 2026