# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AARON JACOB GREENSPAN,**<br><br>**Plaintiff**<br><br>v.<br><br>**DIEGO MAS MARQUES, JR.,** et al<br><br>**Defendants** | Civil Action No. 1:23-cv-10134-DJC |

## DEFENDANT DIEGO MASMARQUES, JR.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF COMPLIANCE (ECF NO. 327)

Defendant Diego Mas Marques, Jr. ("Defendant"), proceeding pro se, respectfully submits this response to Plaintiff Aaron Greenspan's Opposition to Defendant's Notice of Compliance (ECF No. 327). Because ECF No. 327 asks the Court to restrict Defendant's access to the docket and to disregard Defendant's pending summary-judgment motion and all future arguments, Defendant *submits this limited response to address those newly requested sanctions. To the extent the Court* deems prior leave necessary, Defendant respectfully requests leave to file this response.

## I. INTRODUCTION

ECF No. 327 concerns a narrow compliance question arising from the Court's July 9, 2026 *Order, ECF No. 320. The docket reflects that Defendant promptly informed the Court that he did* not possess the unredacted source documents maintained by former counsel, continued seeking

those materials, and filed the documents supplied by the Court after receiving them. The Court itself recognized that Defendant lacked access to the necessary records and entered ECF No. 323 to resolve that problem.

Plaintiff nevertheless asks the Court to "fully restrict" Defendant from further access to the docket and to decline to consider Defendant's summary-judgment motion or "any of his arguments on any topic going forward." ECF No. 327 at 3. Those extraordinary requests are not supported by the limited compliance dispute presented. First Circuit law requires filing restrictions to rest on an adequate record, to follow notice and an opportunity to be heard, and to be narrowly tailored to the specific abusive conduct established. See Cok v. Family Court of Rhode Island, 985 F.2d 32, 34–36 (1st Cir. 1993); Castro v. United States, 775 F.2d 399, 408–10 (1st Cir. 1985).

Plaintiff also opens his filing with the assertion that Defendant has a "criminal history involving violent crimes." ECF No. 327 at 1. Defendant disputes that characterization. The Spanish proceeding relied upon by Plaintiff was canceled and expunged by the competent Spanish authorities, and Defendant understands that he has no current criminal record arising from that matter in Spain. Defendant also has no criminal conviction in the United States. In any event, Plaintiff's collateral allegation does not bear upon the limited issue presented here—whether Defendant complied with the Court's July 9, 2026 Order.

The record shows good-faith efforts to comply, not contumacious conduct warranting the extreme sanctions Plaintiff requests. ECF No. 327 should therefore be overruled or denied, and no restriction should be imposed on Defendant's ability to defend this action or obtain adjudication of his pending dispositive motion.

## II. RELEVANT PROCEDURAL HISTORY

1. On July 9, 2026, the Court entered ECF No. 320 granting Defendant's request for clarification and identifying the records that had to be publicly filed or re-filed with specified redactions removed.

2. On July 10, 2026, Defendant filed ECF No. 322. Defendant stated that he intended to comply fully, but that the documents had been prepared and filed while he was represented by former counsel and that he had not received the complete client file or the unredacted source documents necessary to prepare the public versions. Defendant represented that he would file the required documents immediately upon receiving them.

3. The same day, the Court entered ECF No. 323. The Court expressly recognized that Defendant's efforts to obtain his case files had been unsuccessful and that he lacked access to the records he was required to unseal. The Court therefore stated that it would provide Defendant with copies of ECF Nos. 257-2, 257-3, and 258-1 and would itself unseal ECF Nos. 258-6 and 258-10.

4. On July 13, 2026, after receiving the materials supplied by the Court, Defendant filed his Notice of Compliance and the attached pages as ECF Nos. 324 and 324-1.

5. On July 17, 2026, Plaintiff filed ECF No. 327. Plaintiff argues that Defendant did not file every document "in its entirety" and further asserts that ECF Nos. 258-6 and 258-10 remained incomplete or redacted on PACER. Plaintiff then requests a complete docket-access restriction and asks the Court to disregard Defendant's summary-judgment motion and every future argument.

### III. LEGAL STANDARD

Federal courts possess inherent authority to manage their dockets and protect the orderly administration of justice. See Landis v. North American Co., 299 U.S. 248, 254 (1936); Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991). But inherent authority must be exercised with restraint and discretion, particularly when sanctions affect a litigant's access to the courts. Chambers, 501 U.S. at 44, 50.

The First Circuit permits filing restrictions only in sufficiently extreme circumstances supported by a developed record. Castro, 775 F.2d at 408–10. A litigant's volume of filings or "affinity for litigation," standing alone, is insufficient. Id. at 410. Before a restriction is imposed, the affected litigant must receive notice and an opportunity to oppose the proposed restraint, and any resulting order must be narrowly tailored to the specific circumstances. Cok, 985 F.2d at 34–36. See also Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980) (recognizing that broad filing restraints are an exceptional measure).

Likewise, severe litigation sanctions must be proportionate to the conduct established and ordinarily require a clear record supporting the sanction chosen. See Chambers, 501 U.S. at 44–46, 50; Young v. Gordon, 330 F.3d 76, 81–82 (1st Cir. 2003) (dismissal sanctions require consideration of the totality of circumstances and the severity of the misconduct). Rule 1 also directs that the Federal Rules be employed to secure the just, speedy, and inexpensive determination of every action.

## IV. ARGUMENT

### A. The docket demonstrates good-faith efforts to comply with ECF No. 320.

Defendant did not ignore the Court's directive. One day after ECF No. 320 entered, Defendant informed the Court of the precise impediment to immediate compliance: former counsel retained the complete file and Defendant lacked the unredacted source documents. ECF No. 322. The Court accepted that factual explanation in ECF No. 323, expressly observing that Defendant's efforts to obtain his files had been unsuccessful and that he lacked access to the records he was required to unseal.

ECF No. 323 then divided the compliance process. The Court would provide Defendant with ECF Nos. 257-2, 257-3, and 258-1 so that he could prepare the required public versions. Separately, the Court stated that it would unseal ECF Nos. 258-6 and 258-10. Defendant filed ECF Nos. 324 and 324-1 after receiving the materials supplied to him.

That sequence is inconsistent with Plaintiff's accusation that Defendant made a knowingly false representation of compliance. At minimum, it demonstrates a documented, good-faith effort to follow the Court's instructions under circumstances the Court itself recognized and addressed.

### B. Any PACER issue involving ECF Nos. 258-6 and 258-10 was not an act of noncompliance by Defendant.

Plaintiff argues that ECF Nos. 258-6 and 258-10 remained incomplete or redacted on PACER. ECF No. 327 at 2. But ECF No. 323 expressly stated: "This Court will unseal Docket Nos. 258-6 and 258-10." The Court did not direct Defendant to re-create or re-file those two records after announcing that the Court itself would unseal them.

Accordingly, the PACER display status of ECF Nos. 258-6 and 258-10 cannot fairly support a finding that Defendant disobeyed ECF No. 320. If any further administrative correction is necessary, Defendant will comply with any additional direction from the Court. It does not justify punitive relief against Defendant.

## C. Plaintiff's collateral accusations do not resolve the compliance issue.

ECF No. 327 includes accusations concerning a purported criminal history, Defendant's prior counsel, the number of attorneys allegedly retained, state-court litigation, and generalized claims of falsehood. Those matters do not determine whether Defendant acted in good faith in response to ECF Nos. 320 and 323.

Defendant has expressly corrected Plaintiff's characterization of the Spanish matter. Beyond that limited correction, Defendant respectfully submits that the Court need not adjudicate foreign-record issues in order to decide this docket-compliance dispute. The relevant evidence is the federal docket itself: Defendant disclosed the document-access problem, the Court acknowledged it, the Court supplied records and assumed responsibility for unsealing two exhibits, and Defendant filed the materials he received.

## D. Plaintiff has not established the prerequisites for a filing restriction.

Plaintiff asks the Court to "fully restrict Defendant MasMarques from further access to the docket." ECF No. 327 at 3. That request is unlimited in subject matter and duration. It is therefore the type of sweeping restriction the First Circuit has cautioned against.

In Cok, the First Circuit vacated an overbroad filing injunction because the litigant lacked adequate notice and an opportunity to respond and because the restraint was not sufficiently tailored. 985 F.2d at 34–36. In Castro, the court explained that filing injunctions may be justified

Page 6 of 8

only in extreme circumstances involving repeated frivolous or vexatious litigation and must not be so broad that they impermissibly impair access to the courts. 775 F.2d at 408–10. ECF No. 327 does not develop the record required for such relief. It identifies one disputed compliance event, despite the Court's own finding that Defendant lacked access to the necessary files. It does not propose a narrowly tailored restriction tied to a defined category of abusive filings. Nor does it establish that lesser measures would be inadequate. Plaintiff's request should therefore be denied.

## E. Disregarding Defendant's summary-judgment motion and all future arguments would be disproportionate and unrelated to the asserted conduct.

Plaintiff separately asks the Court to decline to consider Defendant's summary-judgment motion and "any of his arguments on any topic going forward." ECF No. 327 at 3. That request bears no reasonable relationship to the alleged defect in a later unsealing filing.

Sanctions should be calibrated to the conduct at issue. See Chambers, 501 U.S. at 44–46, 50. The summary-judgment motion was filed months before the July 2026 compliance dispute and should be decided on its record and governing law, not forfeited because Plaintiff disputes the completeness of ECF No. 324-1. Likewise, a prospective refusal to consider every future argument would effectively deny Defendant the ability to defend himself and would exceed what is necessary to manage the docket.

If the Court determines that a particular page or document must be re-filed, the direct and proportionate remedy is a clear instruction identifying what remains to be filed and a reasonable deadline for compliance. Defendant stands ready to follow any such instruction.

**F. Plaintiff has not shown bad faith warranting inherent-power sanctions.**

A court's inherent sanctioning authority is reserved for conduct that abuses the judicial process and must be exercised with caution. Chambers, 501 U.S. at 44–46, 50. Here, the docket contains no basis to infer that Defendant concealed the document-access issue or deliberately defied the Court. Defendant disclosed the problem immediately, sought a brief extension, accepted the Court's assistance, and then filed the supplied material.

Plaintiff's disagreement with the sufficiency of that filing does not transform the documented chronology into bad faith. The Court should reject the requested sanctions.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court: (1) deny the relief requested in ECF No. 327; (2) decline to impose any restriction on Defendant's access to the docket; (3) decline to disregard Defendant's pending Motion for Summary Judgment or future arguments; and (4) if the Court concludes that any additional document must be filed or re-filed, identify the specific item and allow Defendant a reasonable period to comply.

Respectfully submitted,

/s/ Diego Mas Marques, Jr.

**Diego Mas Marques, Jr.**
Defendant, Pro Se
PO Box 301
Marlborough, MA 01752
dmas5@protonmail.com

Dated: July 17, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all registered participants in this action.

/s/ Diego Mas Marques, Jr.

**Diego Mas Marques, Jr.**
Defendant, Pro Se

Dated: July 17, 2026