**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| **AARON JACOB GREENSPAN,** <br><br> **Plaintiff** <br><br> **v.** <br><br> **DIEGO MAS MARQUES, JR., et al** <br><br> **Defendants** |

Civil Action No. 1:23-cv-10134-DJC

## DEFENDANT DIEGO MAS MARQUES, JR.'S MOTION FOR LEAVE TO FILE A MOTION SEEKING AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSING NARROWLY TAILORED PRE-FILING RESTRICTIONS

## PRELIMINARY STATEMENT

This Motion arises from the Court's inherent authority to manage its proceedings and ensure the fair, orderly, and efficient administration of justice. Defendant Diego MasMarques, Jr. ("Defendant"), proceeding pro se, respectfully seeks leave to file the accompanying Motion Seeking an Order Declaring Plaintiff Aaron Jacob Greenspan a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

Defendant recognizes that the relief requested in the accompanying proposed motion is extraordinary and may be granted only upon a fully developed factual record and in accordance

with the governing law. Accordingly, Defendant does not request the immediate imposition of filing restrictions. Rather, Defendant seeks leave to present a comprehensive, organized, and documented procedural record so that the Court may determine, in the exercise of its sound discretion, whether the applicable legal standard has been satisfied.

This request is not based upon any single filing or isolated procedural event. Instead, it is based upon the cumulative procedural history of this litigation, considered together with judicially noticeable public records that Defendant respectfully submits are relevant to the Court's consideration of the requested relief.

The accompanying appendices have been prepared solely to organize that record in a manner intended to facilitate the Court's review and to distinguish the factual record from the legal arguments presented in the accompanying motion.

## INTRODUCTION

Defendant respectfully moves this Court for leave to file the accompanying Motion Seeking an Order Declaring Plaintiff Aaron Jacob Greenspan a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

Leave should be granted because the proposed motion presents a comprehensive, organized, and documented procedural record addressing matters presently dispersed throughout more than three years of litigation. Rather than requiring the Court to reconstruct that history from numerous docket entries, orders, and related proceedings, Defendant has organized the relevant materials into appendices that chronologically and systematically present the procedural record

together with judicially noticeable public records and the legal authorities applicable to the requested relief.

The proposed motion does not ask the Court to prejudge the merits of the requested relief or to impose filing restrictions without first considering the complete record. Instead, Defendant respectfully requests only that the Court permit the filing of the accompanying motion so that the documented record may be presented in an orderly manner and evaluated under the governing legal standards. Defendant recognizes that any determination regarding prospective pre-filing restrictions or other case-management measures rests entirely within the Court's inherent authority and sound discretion.

This request is based upon the cumulative procedural history reflected in the record of this action. Defendant respectfully submits that the organization of that record will assist the Court by separating factual materials from legal argument and by providing a consolidated reference to the procedural history relevant to the accompanying proposed motion.

Accordingly, Defendant respectfully requests that leave be granted so that the accompanying motion and supporting appendices may be filed and considered in accordance with the Court's inherent authority, the Federal Rules of Civil Procedure, and the governing legal standards discussed below.

## I. <u>NATURE OF THE MOTION</u>

This Motion seeks leave of Court to file the accompanying Motion Seeking an Order Declaring *Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions. At this* stage, Defendant does not ask the Court to determine the merits of the proposed motion. Rather,

Defendant requests only that the Court permit the filing of the accompanying motion so that the complete procedural record and supporting legal authorities may be presented in an organized and comprehensive manner.

The accompanying motion is supported by appendices that organize relevant docket entries, Court orders, and judicially noticeable public records.

The accompanying appendices are intended solely to organize the existing record for the Court's convenience. They neither expand the relief requested nor substitute for the legal arguments contained in the accompanying proposed motion. At this stage, the sole issue before the Court is whether Defendant should be granted leave to file that proposed motion.

## II. STATEMENT OF RELEVANT PROCEDURAL HISTORY

### A. Commencement of the Litigation

This civil action commenced on January 20, 2023, when Plaintiff Aaron Jacob Greenspan filed the Complaint in the United States District Court for the District of Massachusetts. Since that time, the parties have engaged in extensive discovery, dispositive motion practice, and numerous collateral proceedings, resulting in a substantial procedural record reflected on the Court's docket.

Throughout the course of this litigation, the Court has entered scheduling orders, resolved discovery disputes, supervised motion practice, and managed the orderly progression of the action. As a result, the docket now reflects more than three years of proceedings encompassing both the merits of Plaintiff's claims and numerous collateral procedural matters.

Following the completion of discovery, Defendant filed a Motion for Summary Judgment

supported by a memorandum of law, a Statement of Undisputed Material Facts, declarations, affidavits, and documentary exhibits. Plaintiff thereafter filed an opposition supported by declarations and multiple exhibits, and the dispositive issues were presented to the Court for determination.

In addition to proceedings addressing the merits of the parties' claims, the docket reflects numerous procedural filings relating to sanctions, motions to strike, requests for judicial notice, motions seeking leave of Court, corrected filings, discovery-related disputes, and other matters concerning the administration of this litigation.

Because the procedural history relevant to the accompanying proposed motion is dispersed throughout numerous docket entries, Defendant has organized the record into appendices arranged both chronologically and by subject matter. Those appendices are intended solely to facilitate the Court's review by consolidating relevant filings, Court orders, and judicially noticeable materials into a single reference source. They do not constitute independent legal argument but instead serve as organizational tools supporting the accompanying motion.

The foregoing procedural history is presented solely to provide the context necessary for the legal standards discussed below. Defendant respectfully submits that the accompanying proposed *motion and supporting appendices organize the existing record so that it may be evaluated under* the governing principles of federal law.

## III. LEGAL STANDARD GOVERNING THIS MOTION

### A. The Court's Inherent Authority to Manage Its Proceedings

Federal courts possess inherent authority to manage their proceedings, protect the integrity of the judicial process, and ensure the orderly administration of justice. This authority exists

independently of any statute or rule and is essential to the judiciary's ability to resolve disputes fairly and efficiently.

The Supreme Court has long recognized that federal courts possess inherent powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Those powers include the authority to regulate proceedings before the court, protect the integrity of the judicial process, address litigation practices that interfere with the fair administration of justice, and impose appropriate measures when necessary to preserve the orderly disposition of cases.

The exercise of a court's inherent authority must be undertaken with restraint and discretion. Because inherent powers are potent, they should be exercised only when justified by the circumstances presented and only to the extent necessary to protect the proper administration of justice. Accordingly, any exercise of such authority must remain narrowly tailored to the particular circumstances of the case before the Court.

Defendant respectfully submits that the accompanying proposed motion is presented within this established legal framework. At this stage, Defendant seeks only leave to present the complete procedural record so that the Court may determine, in the exercise of its inherent authority and sound discretion, whether any further relief is warranted.

## B. Authority Under the All Writs Act

Congress has likewise recognized the inherent authority of the federal courts through the All

**Writs Act, 28 U.S.C. § 1651(a)**, which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The All Writs Act does not create an independent source of jurisdiction. Rather, it authorizes federal courts to issue orders necessary to protect the exercise of their existing jurisdiction and to ensure the effective administration of pending proceedings. Consistent with that authority, federal courts have, in appropriate circumstances, entered narrowly tailored pre-filing orders designed to prevent abusive litigation practices while preserving meaningful access to the courts. *See Pavilonis v. King*, **626 F.2d 1075, 1079 (1st Cir. 1980)**.

Because restrictions on future filings implicate important considerations of access to the courts, such measures are recognized as extraordinary remedies. Consequently, courts have consistently *required that any restrictions be supported by an adequate factual record, tailored to the particular circumstances presented*, and imposed only after careful consideration of the applicable legal standards.

Defendant does not request that such relief be imposed at this stage. Rather, Defendant *respectfully requests leave to file the accompanying proposed motion so that the Court may* evaluate whether the documented procedural history satisfies those standards

## C. Federal Rule of Civil Procedure 1

Federal Rule of Civil Procedure 1 provides that the Federal Rules "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." This guiding principle reflects the judiciary's continuing obligation to manage litigation in a manner that promotes efficiency, fairness, and the conservation of judicial resources.

The Court's inherent authority, exercised in conjunction with the Federal Rules of Civil Procedure, provides the framework through which district courts supervise litigation, manage their dockets, and address procedural practices that unnecessarily burden the parties or the Court. Defendant respectfully submits that the accompanying proposed motion is consistent with these principles because it seeks only to present an organized procedural record for the Court's consideration. Defendant requests that the Court evaluate that record under the governing legal standards while preserving the Court's broad discretion to determine whether any additional relief is appropriate.

## D. Judicial Notice Under Federal Rule of Evidence 201

Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it either is generally known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Federal courts routinely take judicial notice of matters of public record, including court filings, judicial opinions, governmental records, corporate registration records, and other official documents. Judicial notice of such materials is generally appropriate to recognize the existence of those records and the procedural history they reflect, rather than to establish the truth of

disputed factual assertions contained within them.

The accompanying proposed motion references judicially noticeable materials solely for those limited purposes. Defendant respectfully requests that the Court consider such public records only to the extent permitted by Federal Rule of Evidence 201 and the governing precedents concerning judicial notice in federal proceedings.

Accordingly, the judicially noticeable materials included within the accompanying appendices are intended to supplement—not replace—the procedural record already before the Court and to assist the Court in evaluating the documented history relevant to the accompanying proposed motion.

## E. Governing First Circuit Standards for Pre-Filing Restrictions

Courts within the First Circuit recognize that pre-filing restrictions are an extraordinary remedy that must be exercised with restraint and only in appropriate circumstances. See *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980); *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34–35 (1st Cir. 1993). Although district courts possess both inherent authority and statutory authority under the All Writs Act to protect the integrity of their proceedings, any restriction on future filings must be narrowly tailored and supported by an adequate factual record.

The United States Court of Appeals for the First Circuit has recognized that a district court may impose carefully tailored filing restrictions when necessary to prevent abusive litigation practices that interfere with the fair and efficient administration of justice. At the same time, the First Circuit has emphasized that such restrictions should not be imposed lightly because they implicate the important principle of meaningful access to the courts.

Accordingly, before imposing prospective filing restrictions, courts ordinarily consider whether the record demonstrates a pattern of litigation conduct warranting such relief, whether the affected litigant has received notice and an opportunity to be heard, and whether any proposed restriction is appropriately limited to address the specific circumstances presented. The purpose of such measures is not to deny access to the courts but to preserve the orderly administration of justice while protecting the rights of all litigants.

Defendant recognizes these governing principles and does not request that the Court impose any filing restrictions through the present Motion for Leave. Rather, Defendant respectfully requests permission to file the accompanying proposed motion so that the Court may evaluate the documented procedural history under the applicable legal standards, after providing whatever process the Court determines is appropriate.

Because the present filing seeks only leave to submit the accompanying proposed motion, Defendant does not ask the Court to determine at this stage whether the substantive requirements for pre-filing restrictions have been satisfied. Rather, Defendant requests only that the Court permit the complete record to be presented for its consideration.

## IV. APPLICATION OF THE GOVERNING LEGAL STANDARDS TO THE DOCUMENTED PROCEDURAL RECORD

Having set forth the governing legal standards applicable to this Motion for Leave, Defendant respectfully submits that the documented procedural record should now be evaluated under those principles.

The following discussion applies those standards to the existing record solely for the

purpose of demonstrating that leave should be granted to file the accompanying proposed motion. In doing so, Defendant relies exclusively upon the Court's docket, orders entered in this action, and judicially noticeable public records identified within the accompanying appendices.

## A. The Existing Record Is Fully Developed

The procedural record before the Court is sufficiently developed to permit meaningful consideration of whether Defendant should be granted leave to file the accompanying proposed motion.

This action has been pending since January 20, 2023. During that period, the parties have completed extensive discovery, participated in numerous discovery-related proceedings, and fully briefed dispositive motions. The Court has entered multiple scheduling orders, resolved procedural disputes, supervised the orderly progression of the litigation, and managed substantial collateral motion practice.

The existing docket therefore reflects a comprehensive procedural record of the litigation, including pleadings, discovery filings, dispositive motions, declarations, affidavits, exhibits, requests for judicial notice, motions seeking leave of Court, motions to strike, sanctions-related filings, corrected submissions, and numerous Court orders addressing procedural matters arising during the course of this action.

Because the relevant procedural history is dispersed throughout a substantial docket, Defendant has organized the existing record into appendices arranged chronologically and by subject matter. Those appendices do not supplement the evidentiary record, introduce new factual allegations, or

expand the relief requested. Rather, they are intended solely to consolidate materials already contained within the Court's record or otherwise subject to judicial notice so that the Court may review them efficiently.

Defendant respectfully submits that the purpose of the accompanying appendices is organizational rather than evidentiary. They are designed to assist the Court in locating and reviewing the procedural history relevant to the accompanying proposed motion without requiring the reconstruction of years of litigation from numerous individual docket entries. Accordingly, Defendant respectfully submits that the present record is sufficiently complete to permit consideration of whether leave should be granted to file the accompanying proposed motion.

Defendant respectfully submits that permitting the filing of the accompanying proposed motion will not expand the existing record or require additional discovery. Rather, it will present the procedural history already before the Court in a consolidated format designed to facilitate efficient review while preserving the Court's complete discretion to determine whether any further proceedings or relief are warranted.

## B. The Proposed Motion Is Based Upon the Cumulative Procedural History

Defendant respectfully submits that the accompanying proposed motion is not predicated upon any single filing, isolated procedural event, or individual disagreement arising during the course of this litigation. Rather, it is based upon the cumulative procedural history reflected in the Court's docket, together with judicially noticeable public records that Defendant respectfully submits are relevant to the Court's consideration of the proposed motion.

The procedural materials collected within the accompanying appendices have been organized chronologically and by subject matter for the sole purpose of facilitating the Court's review.

Those materials include relevant docket entries, Court orders, publicly available judicial records, and other materials that Defendant believes are appropriate subjects of judicial notice under Federal Rule of Evidence 201. Defendant does not submit these appendices as independent evidence or as a substitute for the existing record.

Instead, they are intended to provide an organized reference to materials that are already before the Court or otherwise capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

The proposed motion asks the Court to evaluate the documented procedural history in its entirety rather than focusing upon individual filings or procedural events in isolation.

Defendant respectfully submits that the cumulative record provides the appropriate context within which the Court may determine whether the requested relief should ultimately be considered after full briefing and any additional proceedings the Court deems appropriate. Consistent with the limited nature of the present Motion for Leave, Defendant does not request that the Court draw factual findings or legal conclusions from the accompanying appendices at this stage.

Rather, Defendant requests only that leave be granted so that the complete procedural record may be presented in an organized manner through the accompanying proposed motion, thereby permitting the Court to evaluate that record under the governing legal standards

discussed above.

The accompanying appendices are organized to correspond with the procedural and legal issues discussed throughout this Motion. Each appendix identifies the relevant portions of the existing record or judicially noticeable public materials upon which Defendant relies, thereby permitting the Court to review those materials efficiently while preserving the distinction between factual documentation and legal argument.

## Appendices

## Supporting Defendant Diego MasMarques, Jr.'s Motion for Leave to File a Motion Seeking an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions

These appendices are submitted solely to organize the existing procedural record and judicially noticeable public records referenced throughout Defendant's Motion for Leave. They are intended to facilitate the Court's review and do not constitute independent legal argument or additional evidence beyond the existing record and materials properly subject to judicial notice.

## APPENDIX A

## CHRONOLOGICAL PROCEDURAL TIMELINE

**United States District Court**

**District of Massachusetts**

**Aaron Jacob Greenspan v. Diego MasMarques, Jr., et al.**

## Civil Action No. 1:23-cv-10134-DJC

## <u>Purpose of Appendix A</u>

This Appendix provides a chronological summary of the principal procedural events reflected on the Court's official docket. It is intended solely to assist the Court in reviewing the procedural history relevant to Defendant's Motion for Leave and the accompanying Motion Seeking an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

The entries below summarize procedural events only and are not intended as legal argument or factual findings.

## <u>Chronological Timeline</u>

**January 20, 2023**
ECF No. 1 — Plaintiff files the Complaint commencing this civil action.

**January 20, 2023**
ECF Nos. 2–11 — Plaintiff files initial motions, including requests for electronic filing privileges, temporary restraining order, alternative service, and related preliminary filings. The Court grants electronic filing and alternative service.

**January 31, 2023**
ECF Nos. 12–13 — Plaintiff files affidavits of service.

**February 21–22, 2023**
ECF Nos. 14–16 — Plaintiff seeks and obtains entries of default against multiple defendants.

**March 1–30, 2023**
ECF Nos. 18–26 — Defendant appears, moves to vacate default, and the parties begin extensive motion practice concerning default and related procedural matters.

**April–May 2023**
ECF Nos. 27–35 — Plaintiff moves to amend the Complaint. Numerous declarations, motions to

strike, responses, replies, and procedural filings are submitted by both parties.

**June 14, 2023**
ECF Nos. 36–45 — The Court enters multiple electronic orders resolving the pending motions,

vacates the default against Defendant Diego MasMarques, Jr., strikes certain filings, establishes

deadlines, and manages further proceedings.

**June–September 2023**
ECF Nos. 46–79 — The parties continue filing motions concerning declarations, temporary

restraining orders, motions to dismiss, motions to strike, default issues, amended pleadings, and

*related procedural matters.*

**September 5, 2023**
ECF No. 78 — The Court orders that neither Plaintiff nor Defendant may file additional motions

without first obtaining leave of Court, except as specifically authorized.

**September–October 2023**
ECF Nos. 80–110 — Additional motions concerning remote appearances, pro hac vice

admission, amended pleadings, defaults, and motions to dismiss are filed. Oral argument is held

on the pending motions to dismiss.

**March 25, 2024**
ECF No. 118 — The Court issues its Memorandum and Order resolving the motions to dismiss,

dismissing certain claims while allowing others to proceed.

**March–July 2024**
ECF Nos. 119–145 — The Court conducts scheduling proceedings. Numerous motions for leave,

judicial notice, reconsideration, continuances, appointment of counsel, counterclaims, default,

and related procedural matters are filed.

**February 12, 2025**
ECF Nos. 146–153 — The Court resolves multiple pending motions, partially strikes

Defendant's Answer, denies several motions, refers pretrial matters to Magistrate Judge Jennifer

C. Boal, and schedules further case management.

**February–August 2025**
ECF Nos. 154–256 — Discovery proceeds under the supervision of Magistrate Judge Jennifer C. Boal. The parties engage in written discovery, depositions, discovery disputes, scheduling conferences, and related pretrial proceedings.

**November 6, 2025**
ECF No. 257 — Defendant files Motion for Summary Judgment.

ECF No. 257-1 — Memorandum of Law in Support.

ECF No. 257-2 — Statement of Undisputed Material Facts.

ECF No. 257-3 — Declaration of Defendant Diego MasMarques, Jr.

ECF No. 258 — Affidavit of Ashley Alexandra Andrade with supporting exhibits.

**December 8, 2025**

ECF No. 265 — Plaintiff files Opposition to Motion for Summary Judgment.

ECF No. 265-1 — Plaintiff's Response to Defendant's Statement of Undisputed Material Facts.

ECF No. 266 — Plaintiff's Declaration.

ECF Nos. 266-1 through 266-18 — Plaintiff's supporting exhibits.

**February 2026**

ECF Nos. 291–292 — Plaintiff files opposition and corrected opposition concerning Defendant's discharge of counsel.

**February–July 2026**

ECF Nos. 293–326 — The parties continue filing motions concerning sanctions, discovery, judicial notice, procedural matters, and post-summary-judgment issues.

ECF No. 327 — Plaintiff files the motion that gave rise to Defendant's present request for leave to file the accompanying Motion Seeking an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

**Present Filing**

ECF No. 329— Defendant Diego MasMarques, Jr.'s Motion for Leave to File a Motion Seeking

an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

## Summary

This Appendix is intended solely as an organizational roadmap to the procedural history reflected on the Court's official docket. It neither supplements the evidentiary record nor advances independent legal argument, but is provided solely for the Court's convenience in reviewing the chronology of this litigation.

# APPENDIX B

## COMPREHENSIVE DOCKET INDEX

**United States District Court**
**District of Massachusetts**

**Aaron Jacob Greenspan v. Diego MasMarques, Jr., et al.**
**Civil Action No. 1:23-cv-10134-DJC**

## Purpose of Appendix B

## Summary

Appendix B provides a consolidated index of the principal docket entries referenced throughout Defendant's Motion for Leave and the accompanying appendices. It is intended solely to facilitate efficient review of the procedural history reflected on the Court's docket and should be read in conjunction with the official docket maintained by the Clerk of Court.

This appendix does not supplement the evidentiary record or advance independent legal argument.

It is intended solely as an organizational reference to assist the Court in locating significant pleadings, motions, responses, orders, notices, and related filings discussed

throughout Defendant's Motion for Leave and the accompanying appendices.

The entries summarized below are derived from the official docket maintained by the Clerk of Court. They are organized in chronological order and are provided solely for the convenience of the Court. Nothing contained in this appendix is intended to supplement the evidentiary record, advance independent legal argument, or characterize the merits of any filing.

## Docket Index

The following entries identify the principal filings relevant to the procedural history discussed throughout Defendant's Motion for Leave.

## I. COMMENCEMENT OF THE ACTION

**ECF No. 1** — *Complaint commencing this civil action.*

**ECF No. 2** — Motion for Leave to File Electronically Pro Se.

**ECF No. 3** — Motion for Temporary Restraining Order.

**ECF No. 6** — Motion for Alternative Service.

**ECF No. 7** — Notice of Case Assignment.

**ECF No. 9** — Summons Issued.

**ECF Nos. 12–13** — Affidavits of Service.

## II. DEFAULT PROCEEDINGS

**ECF No. 14** — Motion for Entry of Default.

**ECF No. 15** — *Order Granting Motion for Entry of Default.*

**ECF No. 16** — Clerk's Entry of Default.

**ECF Nos. 19–20** — Defendant's Motions to Vacate Default.

**ECF No. 21** — Plaintiff's Motion to Strike Motions to Vacate.

**ECF No. 39** — Order Vacating Default as to Defendant Diego MasMarques, Jr.

**ECF No. 42** — Order Regarding Default as to Kudriavtsev and Mediolex.

## III. <u>AMENDED PLEADINGS</u>

**ECF No. 27** — Motion to Amend Complaint.

**ECF No. 54** — First Amended Complaint.

**ECF No. 55** — Certificate of Service of Amended Complaint.

**ECF No. 71** — Order Allowing Amendment; First Amended Complaint Becomes Operative Pleading.

## IV. <u>MOTIONS TO DISMISS</u>

**ECF No. 66** — Defendant Diego MasMarques, Jr.'s Motion to Dismiss.

**ECF No. 67** — Memorandum in Support of Motion to Dismiss.

**ECF No. 68** — Plaintiff's Opposition.

**ECF No. 95** — Motion to Dismiss Filed by Remaining Defendants.

**ECF No. 108** — Plaintiff's Opposition.

**ECF No. 109** — Reply Memorandum.

**ECF No. 110** — Motion Hearing.

**ECF No. 118** — Memorandum and Order Resolving Motions to Dismiss.

## V. <u>PRELIMINARY INJUNCTION / TRO PROCEEDINGS</u>

**ECF No. 57** — Plaintiff's Emergency Motion for Temporary Restraining Order.

**ECF No. 58** — Defendant's Motion for Temporary Restraining Order.

**ECF Nos. 59–61** — Oppositions and Reply.

**ECF No. 70** — Order Denying Requests for Injunctive Relief.

## VI. <u>LEAVE-TO-FILE ORDERS AND CASE MANAGEMENT</u>

**ECF No. 78** — Order Requiring Prior Leave of Court Before Additional Filings.

**ECF No. 119** — Notice of Scheduling Conference.

**ECF No. 120** — Standing Order Regarding Remote Appearances.

**ECF No. 128** — Scheduling Order.

**ECF No. 135** — Scheduling Order Establishing Deadline for Defendant's Answer.

**ECF No. 151** — Order Directing Parties to Submit Proposed Case Schedules.

**ECF No. 152** — Referral to Magistrate Judge Jennifer C. Boal for Full Pretrial Proceedings.

**ECF No. 153** — Notice of Initial Scheduling Conference.


## VII. <u>DEFENDANT'S ANSWER</u>

**ECF No. 143** — Defendant Diego MasMarques, Jr.'s Answer to the First Amended Complaint.

**ECF No. 148** — *Order Partially Granting Motion to Strike Portions of Defendant's Answer.*


## VIII. <u>DISCOVERY AND PRETRIAL PROCEEDINGS</u>

**ECF Nos. 154 and thereafter** — Discovery scheduling, case management, discovery disputes, and pretrial proceedings conducted under the supervision of Magistrate Judge Jennifer C. Boal.


## IX. <u>SUMMARY JUDGMENT PROCEEDINGS</u>

**ECF No. 257** — Defendant's Motion for Summary Judgment.

**ECF No. 257-1** — Memorandum of Law in Support.

**ECF No. 257-2** — Statement of Undisputed Material Facts.

**ECF No. 257-3** — Declaration of Defendant Diego MasMarques, Jr.

**ECF No. 258** — Affidavit of Ashley Alexandra Andrade with Exhibits.

**ECF No. 265** — Plaintiff's Opposition to Motion for Summary Judgment.

ECF No. 265-1 — Plaintiff's Response to Statement of Undisputed Material Facts.

ECF No. 266 — Plaintiff's Declaration.

ECF Nos. 266-1 through 266-18 — Plaintiff's Exhibits.

## X. COUNSEL WITHDRAWAL / PRO SE APPEARANCE

ECF No. 291 — Plaintiff's Opposition to Defendant's Motion to Discharge Counsel.

ECF No. 292 — Corrected Opposition.

ECF Nos. 293–296 — Related filings concerning counsel's withdrawal and Defendant's continued pro se representation.

## XI. SANCTIONS, JUDICIAL NOTICE, AND COLLATERAL MOTION PRACTICE

ECF Nos. 111, 114, 121, 122, 125, 126, 127 — Motions for Leave, Judicial Notice, Reconsideration, Default, and Related Relief.

ECF Nos. 144–150 — Orders Resolving Motions Concerning Defendant's Answer, Counterclaim, Appointment of Counsel, and Related Requests.

ECF Nos. 300 through 327 — Subsequent motions concerning sanctions, judicial notice, collateral procedural issues, and post-summary-judgment proceedings.

ECF No. 327 — Plaintiff's Motion Giving Rise to the Present Request for Leave.

## XII. PRESENT MOTION

ECF No. 329 — Defendant Diego MasMarques, Jr.'s Motion for Leave to File a Motion Seeking an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

Appendix B provides a consolidated index of the principal docket entries referenced throughout

Defendant's Motion for Leave and the accompanying appendices. It is intended solely to facilitate efficient review of the procedural history reflected on the Court's docket and should be *read in conjunction with the official docket maintained by the Clerk of Court. This appendix does* not supplement the evidentiary record or advance independent legal argument.

## C. Plaintiff's Documented Pattern of Repetitive and Abusive Litigation Warrants Consideration of the Proposed Motion

Defendant respectfully submits that the accompanying proposed motion is not based upon disagreement with Plaintiff's legal theories, nor upon the mere fact that Plaintiff has initiated numerous lawsuits over the course of many years.

The federal courts have long recognized that access to the courts is a fundamental right, and the filing of multiple lawsuits, standing alone, does not justify the imposition of prospective filing restrictions.

Rather, the accompanying proposed motion is based upon the cumulative procedural record presented in this action together with judicially noticeable public records reflecting Plaintiff's extensive litigation history over approximately two decades.

Those materials are submitted solely to permit the Court to evaluate whether the totality of the documented record warrants consideration of the narrowly tailored relief requested in the accompanying motion.

As reflected in Appendix C and the accompanying judicially noticeable records, Plaintiff has commenced numerous civil actions in both federal and state courts over approximately two

decades involving a broad range of defendants, including private individuals, corporations, nonprofit organizations, governmental agencies, internet service providers, media organizations, and judicial officers.

Defendant does not contend that every prior lawsuit was frivolous merely because it was unsuccessful. Instead, Defendant respectfully submits that the number, frequency, subject matter, and procedural disposition of those actions constitute objective matters of public record that the Court may consider to the extent permitted under Federal Rule of Evidence 201.

In evaluating whether narrowly tailored pre-filing restrictions are warranted, courts have also considered objective factors such as the litigant's history of litigation, whether the litigation reflects a pattern of vexatious, harassing, or duplicative filings, the burden imposed on opposing parties and the courts, and whether less restrictive sanctions would adequately protect the judicial process. **See also** *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

Although *Safir* is not controlling in the First Circuit, its analytical framework is consistent with the First Circuit's requirement that any pre-filing restriction be narrowly tailored and supported by an adequate factual record.

The accompanying appendices further demonstrate that Plaintiff's litigation activities have frequently generated extensive collateral motion practice, requests for emergency relief, repeated motions for reconsideration, motions to strike, requests for judicial notice, amended filings, corrected filings, sanctions-related proceedings, and other procedural disputes requiring substantial judicial resources. Defendant relies exclusively upon official court records and other judicially noticeable materials and does not request that the Court accept disputed factual allegations contained within those records for their truth.

Defendant further submits that the procedural history of the present action should be considered together with Plaintiff's documented litigation history. During the course of this litigation, the docket reflects extensive motion practice, numerous requests for judicial notice, multiple amended and corrected filings, discovery disputes, motions requiring prior leave of Court, sanctions-related proceedings, and other collateral matters extending over more than three years.

These procedural events are reflected in the official docket and summarized in Appendices A and B solely for the Court's convenience.

The purpose of presenting these materials is not to relitigate issues previously decided by this Court or by other courts. Rather, Defendant respectfully submits that the cumulative procedural history provides the factual context necessary for the Court to determine whether the accompanying proposed motion should be considered on its merits and whether any prospective case-management measures are appropriate under the governing standards established by the Supreme Court and the United States Court of Appeals for the First Circuit.

The litigation history summarized in Appendix C is presented not as evidence of liability or wrongdoing in any prior proceeding, but solely to assist the Court in evaluating whether the cumulative procedural record satisfies the legal standards governing the narrowly tailored relief *requested in the accompanying proposed motion.*

The relief sought in the accompanying proposed motion is intentionally narrow. Defendant does not seek to prohibit Plaintiff from accessing the courts or to impair Plaintiff's ability to pursue claims that are presented in good faith and in accordance with applicable procedural rules.

Instead, Defendant respectfully requests only that the Court consider whether narrowly tailored pre-filing procedures are appropriate to protect the orderly administration of justice, conserve judicial resources, and prevent repetitive or abusive litigation practices, should the Court ultimately determine that the documented record satisfies the governing legal standards.

Accordingly, Defendant respectfully submits that the cumulative record presented through the accompanying appendices is sufficient to warrant consideration of the accompanying proposed motion and respectfully requests that leave be granted so that the Court may evaluate the complete record under the procedures and standards it deems appropriate.

## **Purpose of Appendix C**

This appendix provides a verified chronological compilation of civil proceedings involving *Plaintiff Aaron Jacob Greenspan that Defendant has identified through official court records and* other judicially noticeable public records.

The proceedings are arranged chronologically to assist the Court in reviewing the litigation history referenced throughout Defendant's Motion for Leave and the accompanying proposed Motion Seeking an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions.

The proceedings summarized below are derived solely from official court records and other publicly available sources appropriate for judicial notice under Federal Rule of Evidence 201. Nothing contained in this appendix is intended to characterize the merits of any individual proceeding or to supplement the evidentiary record before this Court.

## APPENDIX C

## <u>VERIFIED CHRONOLOGICAL LITIGATION HISTORY OF PLAINTIFF</u> <u>AARON JACOB GREENSPAN</u>

The proceedings identified below are arranged chronologically according to their filing dates and

are compiled from official federal and state court records and other judicially noticeable public records. Proceedings that could not be positively attributed to Plaintiff Aaron Jacob Greenspan

have been intentionally omitted.

## 2008

## Think Computer Corporation v. Lucius Perry Gregg III

**Superior Court of California, County of Alameda**
Berkeley Courthouse

**Case No.:** BS08375128

**Role:** Plaintiff — Think Computer Corporation

**Filed:** March 6, 2008

**Nature of Proceeding:** Small claims action seeking recovery of mailing-list membership fees.

**Disposition:** Voluntarily dismissed without prejudice on April 8, 2008.

## 2011

## Think Computer Corporation v. Venchiarutti, et al.

**United States District Court, Northern District of California**

**Case No.:** 5:11-cv-05496

**Role:** Plaintiff

**Filed:** November 14, 2011

**Closed:** June 25, 2015

## Greenspan v. Random House, Inc., et al.

**United States District Court, District of Massachusetts**

**Case No.:** *1:11-cv-12000*

**Role:** Plaintiff

**Filed:** November 18, 2011

**Closed:** May 9, 2012

## 2012

## Greenspan v. Random House, Inc., et al.

**United States Court of Appeals for the First Circuit**

**Case No.:** 12-1594

**Role:** Appellant

**Filed:** May 11, 2012

**Closed:** October 16, 2012

## 2013

## Think Computer Corporation v. Dwolla, Inc., et al.

**United States District Court, Northern District of California**

**Case No.:** *5:13-cv-02054*

**Role:** Plaintiff

**Filed:** May 6, 2013

**Closed:** March 24, 2014

## 2014

## Think Computer Corporation v. Square, Inc.

**United States District Court, Northern District of California**

**Case No.:** 3:14-cv-01374

**Role:** Plaintiff

**Filed:** March 25, 2014

**Closed:** September 5, 2018

## Think Computer Foundation, Think Computer Corporation, and Aaron Jacob Greenspan v. Administrative Office of the United States Courts, et al.

**United States District Court, Northern District of California**

**Case No.:** 5:14-cv-02396

**Role:** Plaintiff

**Filed:** May 23, 2014

**Closed:** April 13, 2015

## Greenspan v. Random House, Inc., et al.

**United States Court of Appeals for the First Circuit**

**Case No.:** 14-1596

**Role:** Appellant

**Filed:** June 3, 2014

**Closed:** November 7, 2014

## Think Computer Foundation, et al. v. Administrative Office of the United States Courts, et al.

**United States Court of Appeals for the Ninth Circuit**

**Case No.:** 14-17570

**Role:** Appellant

**Filed:** December 30, 2014

**Closed:** January 13, 2015

## 2016

## Think Computer Corporation v. Square, Inc.

**United States Court of Appeals for the Federal Circuit**

**Case No.:** 16-1818

**Role:** Appellant

**Filed:** April 8, 2016

**Closed:** July 24, 2017

## 2017

## In re DMCA Subpoena to Sucuri, Inc.

**United States District Court, Northern District of California**

**Case No.:** 5:17-mc-80036

**Role:** Movant

**Filed:** March 22, 2017

**Closed:** March 22, 2017

## 2018

## In re Digital Millennium Copyright Act Subpoena to Copyright Agent, Namecheap, Inc.

**United States District Court, Northern District of Ohio**

**Case No.:** 1:18-mc-00071

**Role:** Applicant / Interested Party

**Filed:** July 24, 2018

**Closed:** September 4, 2018

## Greenspan v. MasMarques

**Superior Court of California, County of Santa Clara**

**Case No.:** 18CH008067

**Role:** Petitioner — Aaron Jacob Greenspan

**Filed:** 2018

**Nature of Proceeding:** Civil Harassment Restraining Order proceeding.

**Disposition:** Petition denied following contested proceedings. On January 28, 2020, the Superior Court entered an order concerning Defendant Diego MasMarques, Jr.'s request for sanctions and reasonable expenses.

## 2019

## Think Computer Foundation v. Brian Carver

**Superior Court of California, County of Alameda**

Hayward Hall of Justice

**Case No.:** HS19010259

**Role:** Plaintiff — Think Computer Foundation

**Filed:** March 8, 2019

**Nature of Proceeding:** Small claims action.

**Disposition:** Dismissed following trial.

## Think Computer Foundation v. Rebecca Fleming, et al.

**Superior Court of California, County of Santa Clara**

**Case No.:** 19CV359896

**Role:** Petitioner

**Filed:** December 9, 2019

**Nature of Proceeding:** Unlimited Civil Petition.

**Disposition:**

## 2020

## Greenspan v. Qazi, et al.

**United States District Court, Northern District of California**

**Case No.:** 3:20-cv-03426

**Role:** Plaintiff

**Filed:** May 20, 2020

**Closed:** May 19, 2022

## 2021

## Greenspan v. Board of Governors of the Federal Reserve System

**United States District Court, District of Columbia**

**Case No.:** 1:21-cv-01968

**Role:** Plaintiff

**Filed:** July 20, 2021

**Closed:** December 1, 2022

## 2022

### Greenspan v. U.S. Securities and Exchange Commission

**United States District Court, District of Columbia**

**Case No.:** 1:22-cv-00216

**Role:** Plaintiff

**Filed:** January 27, 2022

**Closed:** May 4, 2026

### Greenspan v. U.S. Department of Transportation, et al.

**United States District Court, District of Columbia**

**Case No.:** 1:22-cv-00280

**Role:** Plaintiff

**Filed:** February 3, 2022

**Closed:** September 8, 2025

### Greenspan v. U.S. Securities and Exchange Commission

**United States District Court, District of Columbia**

**Case No.:** 1:22-cv-01153

**Role:** Plaintiff

**Filed:** April 26, 2022

**Status:**

### Greenspan v. Qazi, et al.

**United States Court of Appeals for the Ninth Circuit**

**Case No.:** 22-16110

**Role:** Appellant

**Filed:** July 26, 2022

**Closed:** April 4, 2024

## Johnson v. Think Computer Corporation

**United States District Court, District of Maryland**

**Case No.:** 8:22-cv-02422

**Role:** Defendant (Think Computer Corporation)

**Filed:** September 23, 2022

**Closed:** May 31, 2023

# 2023

## Greenspan v. MasMarques, Jr., et al.

**United States District Court, District of Massachusetts**

**Case No.:** 1:23-cv-10134-DJC

**Role:** Plaintiff

**Filed:** January 20, 2023

**Status:** Pending

## Greenspan v. Executive Office for United States Attorneys, et al.

**United States District Court, District of Columbia**

**Case No.:** 1:23-cv-01816

**Role:** Plaintiff

**Filed:** June 12, 2023

**Status:**

**2024**

## Greenspan v. Musk, et al.

**Superior Court of California, County of San Francisco**

**Case No.:** CGC-24-615352

**Role:** Plaintiff

**Filed:** June 12, 2024

**Nature of Proceeding:** Civil action.

**Procedural History:** Removed to the United States District Court for the Northern District of California on July 31, 2024, and later remanded to the Superior Court on July 17, 2025.

## Greenspan v. Musk, et al.

**United States District Court, Northern District of California**

**Case No.:** 3:24-cv-04647

**Role:** Plaintiff

**Filed:** July 31, 2024 (upon removal)

**Disposition:** Remanded to the Superior Court of California, County of San Francisco.

## K. Lavender v. Aaron Greenspan, et al.

**United States District Court, Central District of California**

**Case No.:** 2:24-cv-08388

**Role:** Defendant

**Filed:** September 30, 2024

**Closed:** October 1, 2024

## 2025

## Greenspan v. Department of Transportation, et al.

**United States Court of Appeals for the District of Columbia Circuit**

**Case No.:** 25-5378

**Role:** Appellant

**Filed:** October 27, 2025

**Status:** Pending

## 2026

## Greenspan v. Tesla, Inc., et al.

**United States Court of Appeals for the Ninth Circuit**

**Case No.:** 26-1608

**Role:** Appellant

**Filed:** March 17, 2026

**Status:** Pending

## Summary

Appendix C provides a chronological compilation of judicially noticeable litigation involving *Plaintiff Aaron Jacob Greenspan identified through official court records and other public* sources. It is intended solely as an organizational reference to assist the Court in reviewing the cumulative litigation history discussed throughout Defendant's Motion for Leave. This appendix does not request that the Court draw conclusions regarding the merits of any individual proceeding, but instead provides a consolidated reference to publicly available judicial records.

## V. <u>CONCLUSION AND REQUEST FOR RELIEF</u>

Defendant Diego Mas Marques, Jr. respectfully submits that the accompanying proposed motion presents an organized and comprehensive procedural record assembled from the Court's official docket and judicially noticeable public records. The proposed motion does not request the immediate imposition of any filing restrictions or other extraordinary relief. Rather, Defendant seeks only leave to present that documented record in an orderly manner so that the Court may determine, in the exercise of its inherent authority and sound discretion, whether the governing legal standards warrant further consideration of the narrowly tailored relief requested. Granting leave will not expand the evidentiary record, require additional discovery, or prejudice any party. Instead, it will assist the Court by consolidating the procedural history, relevant docket entries, and judicially noticeable materials into a single organized presentation that distinguishes factual documentation from legal argument and facilitates efficient judicial review.

Respectfully Submitted

/s/ Diego Mas Marques, Jr.

**Diego Mas Marques, Jr.**
Defendant, Pro Se
PO Box 301
Marlborough, MA 01753
dmas5@protonmail.com

July 18, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on **July 18, 2026**, a true and correct copy of the foregoing **Defendant Diego Mas Marques, Jr.'s Motion for Leave to File a Motion Seeking an Order Declaring Plaintiff a Vexatious Litigant and Imposing Narrowly Tailored Pre-Filing Restrictions**, together with all accompanying appendices, was filed electronically through the Court's CM/ECF system.

I further certify that, because all participants in this action are registered CM/ECF users, service was accomplished automatically by the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

Respectfully submitted,

/s/ Diego Mas Marques, Jr.

**Diego Mas Marques, Jr.**
Defendant, Pro Se
P.O. Box 301
Marlborough, MA 01753
dmas5@protonmail.com

**Dated:** July 18, 2026