**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>Plaintiff,<br><br>v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S FRCP 72(b) OBJECTION TO REPORT AND RECOMMENDATION ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AT ECF NO. 338 [LEAVE TO FILE GRANTED VIA ECF NO. 338 ON AUGUST 14, 2026]**

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. STANDARD OF REVIEW ........ 1

III. ARGUMENT ........ 2

A. The First Claim's Disposition Rests On a Misreading of The FAC ........ 2

1. The FAC Names At Least Seven Accounts, and Defendant MasMarques's Own Filings Cite The Relevant Paragraphs ........ 2

2. Plaintiff Used The Exact Procedural Mechanism The R&R Faults Him For Not Using ........ 3

3. Several Statements Are Verifiable Assertions of Fact or Imply Facts ........ 4

4. No Party Presented Pleading Specificity as a Ground For Judgment ........ 5

B. The R&R Credited a Denial That Cannot Support Judgment On Defendant MasMarques's Own Motion ........ 6

1. MasMarques Is Linked To ComplaintsBoard and Twitter Posts ........ 6

2. The R&R Rests On a Rule 56.1 Response Filed Six Months Late In Violation Of The Scheduling Order ........ 9

C. MasMarques's Counter-TRO in California, Which Terminated in 2021, Was a Malicious Prosecution That Abused Legal Process ........ 10

D. The R&R Analyzes Only One Of Two Recognized Civil Conspiracy Theories.. 12

E. The "Unauthenticated" Label Does Not Reach Defendant MasMarques's Own Produced Documents ........ 12

1. The Label Does Not Fit a Substantial Category Of The Evidence ........ 12

2. MasMarques Provided This Court With Outdated Caselaw On Evidence 13

3. The R&R Cited An Unauthenticated Copy Of a Document That Is Authenticated Elsewhere In The Summary Judgment Record ........ 14

4. Describing What a Website Displayed Is Not Expert Or Lay Opinion Testimony ........ 15

5. If Any Foundation Is Found Wanting, The Remedy Is Consideration of Further Evidence, Not Judgment ........ 15

F. The R&R Ignores The Documentary Attribution Evidence In The Record ........ 16

G. The Limitations Disposition of The Twelfth And Fourteenth Claims Is Irreconcilable With The R&R's Own Finding ........ 18

H. The Thirteenth Claim Was Resolved On a Curable Citation Defect ........ 19

I. Matters The R&R Did Not Reach ........ 19

IV. CONCLUSION ........ 20

# TABLE OF AUTHORITIES

**Cases**

*Afrasiabi v. United Press Int'l*,
561 F. Supp. 3d 1, 5 (D. Mass. 2021) .......... 4, 5

*Ahmed v. Johnson*,
752 F. 3d 490, 495 (1st Cir. 2014) .......... 2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 255 (1986) .......... 8

*Cardival v. Smith*,
109 Mass. 158, 159 (1872) .......... 11

*Carmona v. Toledo*,
215 F.3d 124, 131 (1st Cir. 2000) .......... 13

*Celotex Corp. v. Catrett*,
477 U.S. 317, 324 (1986) .......... 13

*Chervin v. Travelers Ins. Co.*,
448 Mass. 95, 112 (2006) .......... 11

*Curry v. WekaIO, Inc.*,
Case No. 1:24-cv-12825-ADB, 2025 WL 552139, at *3 (D. Mass. Feb. 19, 2025) .......... 4

*Denison v. Swaco Geolograph Co.*,
941 F.2d 1416, 1423 (10th Cir. 1991) .......... 13

*Desert Palace, Inc. v. Costa*,
539 U.S. 90, 100 (2003) .......... 8

*Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of P.R., Inc.*,
167 F.3d 1, 9 (1st Cir. 1999) .......... 13

*Johnson v. University of Puerto Rico*,
714 F. 3d 48, 52 (1st Cir. 2013) .......... 2

*Joseph v. Lincare, Inc.*,
989 F.3d 147, 155-56 n.4 (1st Cir. 2021) .......... 13

*Kurker v. Hill*,
44 Mass. App. Ct. 184, 188-89 (1998) .......... 12

*Lluberes v. Uncommon Prods., LLC*,
663 F.3d 6, 13 (1st Cir. 2011) .......... 20

*M.L. v. S.N.*,
85 Mass. App. Ct. 1107, 4 (2014) .......... 19

*MasMarques v. Greenspan*,
Case No. H047904 (Cal. Ct. App. *filed* February 4, 2020) .......... 10, 11

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101, 115-17 (2002) .......... 18, 19

*Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination*,
441 Mass. 632, 642 (2004) .................... 18

*Orr v. Bank of Am. NT & SA*,
285 F.3d 764, 777 n.20 (9th Cir. 2002) .................... 13

*Plourde v. Sorin Group USA, Inc.*,
517 F. Supp. 3d 76, 88 n.3 (D. Mass. 2021) .................... 3

*Reeves v. Sanderson Plumbing Products, Inc.*,
530 U.S. 133, 150-51 (2000) .................... 8, 9

*Riley v. Harr*,
292 F.3d 282, 289 (1st Cir. 2002) .................... 3

*Star Serv. Corp. v. ABM Janitorial Servs.-Ne., Inc.*,
Case No. 1:14-cv-13665-JGD (D. Mass. March 27, 2017) .................... 13

*Tobin v. Liberty Mut. Ins. Co.*,
553 F.3d 121, 130-31 (1st Cir. 2009) .................... 18

*Zabala-De Jesus v. Sanofi-Aventis P.R., Inc.*,
959 F.3d 423, 427-28 (1st Cir. 2020) .................... 8

**Statutes**

5 U.S.C. § 552(a)(6) .................... 18

California Code of Civil Procedure § 391 .................... 4

**Rules**

California Rule of Court 8.140(b) .................... 11

District of Massachusetts Civil Local Rule 56.1 .................... 9, 10

Federal Rule of Civil Procedure 11(a) .................... 10

Federal Rule of Civil Procedure 16(b) .................... 9

Federal Rule of Civil Procedure 19(a)(1)(A) .................... 19

Federal Rule of Civil Procedure 26(a)(2) .................... 15

Federal Rule of Civil Procedure 56 .................... 13

Federal Rule of Civil Procedure 56(c)(1)(A) .................... 1

Federal Rule of Civil Procedure 56(c)(2) .................... 13, 15

Federal Rule of Civil Procedure 56(f)(2) .................... 6

Federal Rule of Civil Procedure 72(b) .................... 1

Federal Rule of Civil Procedure 72(b)(3) .................... 1, 16

Federal Rule of Evidence 701 .................... 15

Federal Rule of Evidence 702 .................... 15

Federal Rule of Evidence 901(b)(1) .................... 14

Federal Rule of Evidence 901(b)(4) .................... 13, 14

Federal Rule of Evidence 902(4) ........................................................................................ 13

**<u>Other Authorities</u>**

Restatement (Second) of Torts § 674 cmt. j ....................................................................... 11

Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiff Aaron Greenspan respectfully files this Objection to Magistrate Judge Jennifer C. Boal's Report and Recommendation ("R&R") filed and entered August 14, 2026 at ECF No. 338 (less than fourteen days ago).

## I. INTRODUCTION

The R&R resolves Plaintiff's First Claim for Libel *Per Se* by first holding that eight of thirteen timely statements impute criminal and/or professional misconduct and are susceptible of defamatory meaning, rejecting MasMarques's Anti-SLAPP defense as untimely and already-decided. The claim fails solely because the R&R departed from the proper standard, by requiring "proof" rather than reasonable inference, by crediting the denials of a defendant who provably lied to the Court repeatedly, and by failing to address most of the evidence put forth, while improperly weighing only a fraction of it. Plaintiff further objects to the dispositions of the Civil Conspiracy, False Light and IIED Claims, which rest on a limitations finding irreconcilable with the R&R's own holding, and to the dispositions of the Malicious Prosecution and Abuse of Process Claims, which overlooked key statements of fact and a ***2021*** termination date MasMarques himself acknowledged as accurate.[1] Summary judgment should therefore not enter for Defendant MasMarques on any claim, and should enter for Plaintiff on all claims.

## II. STANDARD OF REVIEW

The R&R is dispositive and subject to *de novo* review. Federal Rule of Civil Procedure 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and may "receive further evidence." *Id.* "To determine whether a trial-worthy issue exists, we look to all of the record materials on file, including the pleadings, depositions, and affidavits. Fed.R.Civ.P. 56(c)(1)(A); *Johnson v. University of Puerto Rico*, 714

[1] Plaintiff does not object to the ruling on the motion to strike at ECF No. 295.

F. 3d 48, 52 (1st Cir. 2013). We may neither evaluate the credibility of witnesses nor weigh the evidence." *Ahmed v. Johnson*, 752 F. 3d 490, 495 (1st Cir. 2014).

## III. ARGUMENT

### A. The First Claim's Disposition Rests On a Misreading of The FAC

The R&R states:

> "Greenspan fails to name the exact Twitter or ComplaintsBoard account that authored the subject posts. *See* Docket No. 54 at ¶ 99. The complaint provides a chart that simply lists the quote, date and social media site. *This failure is dispositive in and of itself.* It renders any attempt to link MasMarques to any particular Twitter or ComplaintsBoard account meaningless."

R&R at 18 (emphasis added).

#### 1. The FAC Names At Least Seven Accounts, and Defendant MasMarques's Own Filings Cite The Relevant Paragraphs

The R&R's premise is incorrect. The FAC names at least seven accounts, alleges MasMarques's registration of each, and also contains a screenshot of one of the account's posts:

| FAC ¶ | Account | Allegation |
|---|---|---|
| 61 | @badbadwebsites | Registered on or about March 30, 2018 |
| 74 | Expose 501(c)(3) Fraud | Posted on June 5, 2018 |
| 89 | @BrightLightNewz | Registered November 11, 2019 at 9:21 P.M. |
| 91 | @Giza299792458N | Registered February 23, 2021 |
| 92 | @WitchesToday | Registered September 23, 2021 |
| 93 | @Giza299792458N | Specific October 26, 2021 post omitted from R&R quoted and attributed to "his @Giza299792458N Twitter account" |
| 94 | @diegomasmarque5 | Registered April 13, 2022 |

FAC ¶ 95 incorporates each of these allegations into the First Claim by reference. The R&R erroneously read ¶ 99 in isolation. Paragraph 99 is a chart of *exemplar* statements, expressly framed as such: "The false and defamatory statements are so numerous as to be impossible to list fully, but touch on a number of general themes, represented by the following examples." FAC ¶ 99. The account names are pleaded in the narrative paragraphs that ¶ 95

incorporates, and are additionally highlighted in FAC Exhibit B (sample Twitter posts, including account names, on pages 46-51), ECF No. 54-2, which the R&R completely overlooks.

Without analyzing FAC ¶¶ 61-94, the R&R found thirteen statements timely "published between January 29, 2020 and March 4, 2023." R&R at 16. The summary judgment filings describe additional ComplaintsBoard, Twitter/X, Reddit, and Google Groups accounts allegedly registered by MasMarques after January 2020—some *during the course of this litigation*.[2]

Defendant MasMarques's own filings affirm that Plaintiff properly identified accounts in the FAC. His summary judgment memorandum states, "Even the Twitter handles Plaintiff speculates belong to Defendant—@giza299792458N and @witchestoday, which Defendant denies—do not suggest the challenged posts conveyed objectively verifiable facts. *Riley*, 292 F.3d at 289; ***FAC ¶¶ 91-92***." ECF No. 257-1 at 13 (emphasis added). His opposition to Plaintiff's cross-motion repeats the same paragraph citation. ECF No. 285 at 15 n.8. Thus, despite Defendant MasMarques repeatedly citing the FAC's account-naming paragraphs, the R&R held that the FAC names no accounts at all, and made that holding dispositive.[3]

### 2. Plaintiff Used The Exact Procedural Mechanism The R&R Faults Him For Not Using

R&R Footnote 21 states that "[t]he proper procedural mechanism . . . for incorporating new factual matters or claims is by moving to amend or supplement the Amended Complaint, not by raising them for the first time in opposition to or support of dispositive motions." R&R at 11 n.21 (citing *Plourde v. Sorin Group USA, Inc.*, 517 F. Supp. 3d 76, 88 n.3 (D. Mass. 2021)).

---

[2] MasMarques argues that several accounts are "not included" in the FAC. ECF No. 285 at 15 n. 8. Footnote 8 is split across pages 15-16. On page 16, he admits the FAC includes at least two.

[3] R&R Footnote 25 compounds the error. The R&R acknowledges that Plaintiff identified specific account names in his Rule 56.1 statement and attributed them to particular libelous statements, then discounts those identifications—without any citation to precedent—because "these allegations are absent from the complaint." R&R at 19 n.25. Yet they are not absent. In any event, a Rule 56.1 statement is the proper location in the summary judgment record for facts.

Plaintiff moved for leave to file a Second Amended Complaint.[4] ECF No. 102. The proposed pleading filed at ECF No. 108-2, with a redline copy at ECF No. 108-6, added allegations concerning libelous statements published between 2020 and 2023, including statements on platforms not described in the FAC. *See* ECF No. 108-6 at 29-31, statements 6-10, 16-19, 22, and 24. Judge Casper denied leave on the basis that the "proposed amendments do not allege new facts that would change the Court's analysis as to the two claims against MasMarques..." ECF No. 118 at 38.[5] She did not address the new statements or hold that those allegations were futile. Plaintiff therefore invoked the very mechanism Footnote 21 identifies, but was denied on a ground that did not reach the new statements. Plaintiff cannot be faulted for failing to plead by amendment what he sought leave to plead by amendment and was refused.

### 3. Several Statements Are Verifiable Assertions of Fact or Imply Facts

The R&R recommends judgment for MasMarques as to statements (z), (dd), (ee), (gg), and (hh) on the ground that each is rhetorical hyperbole or non-actionable opinion. R&R at 16-17. Plaintiff objects as to all. Plaintiff never "harass[ed]" his neighbors or had "victims." Even an opinion remains actionable where a reasonable person would read it to assert objective fact, *Curry v. WekaIO, Inc.*, Case No. 1:24-cv-12825-ADB, 2025 WL 552139, at *3 (D. Mass. Feb. 19, 2025), or where it "implies the existence of underlying defamatory facts," *Afrasiabi v. United Press Int'l*, 561 F. Supp. 3d 1, 5 (D. Mass. 2021). Both authorities are cited. R&R at 15-16.

The R&R holds that labeling Plaintiff a "vexatious litigant" is "non-actionable opinion or comment on judicial proceedings." R&R at 17. In California, where Plaintiff and readers reside, "vexatious litigant" is not a term of rhetoric. It is a binary status defined by statute through four enumerated criteria, for which there is an official register. Cal. Code Civ. Proc. § 391.

[4] ECF No. 102 is a motion for leave to file a motion for leave, the result of the pre-filing order(s) entered in this case at ECF Nos. 78 and 119, which should have been confined to MasMarques.
[5] Plaintiff preserves for appeal his objection to the dismissal of the ComplaintsBoard Defendants for lack of personal jurisdiction given Kudriavtsev's active consent. *See* ECF No. 56 at 2.

Whether a given person appears on that list is a question of objective fact, capable of being proved true or false by consulting the register. Plaintiff has never been declared a vexatious litigant by any court and has never appeared on the Judicial Council's list of vexatious litigants,[6] nor has Defendant MasMarques argued otherwise. Furthermore, three judges—two in this action alone—have now ruled that Plaintiff is not vexatious. ECF Nos. 118, 150, 334.

The R&R reasons that statements that Plaintiff "should be" committed under a "5150" hold or placed in "[a] padded cell with 4 point restraints" express non-actionable "frustration." R&R at 16-17. Plaintiff does not contend the statements assert a completed diagnosis. Rather, they imply that the speaker possesses facts establishing that Plaintiff is mentally ill and dangerous. MasMarques contacted SFPD about this and "[o]n two occasions, [] filed a 5150 Motion to have Aaron Jacob Greenspan placed in a 72 hour involuntarily hold in a psychiatric institution…" ECF No. 300 at 10. This is not merely frustration, but action and an assertion that predicate facts exist. A statement is not shielded merely because it is cast as a recommendation where it "implies the existence of underlying defamatory facts." *Afrasiabi*, 561 F. Supp. 3d at 5.

**4. No Party Presented Pleading Specificity as a Ground For Judgment**

Rule 56 does not measure the specificity of the pleading, which happens at the motion to dismiss stage—a stage Plaintiff already passed successfully. Judge Casper evaluated each claim's specificity under Rule 12(b)(6) and sustained it on March 25, 2024. ECF No. 118.

The pleading-specificity observation appears only once in MasMarques's summary judgment memorandum, in a single unsupported footnote appended to the section arguing that the statements in one particular paragraph—not the chart of libelous statements Plaintiff supplied—are non-actionable opinion: "Plaintiff fails to identify or provide the specific Twitter handles associated with each of the alleged defamatory posts at issue. FAC ¶ 90." ECF No.

[6] *See* https://courts.ca.gov/system/files/file/vexlit.pdf.

257-1 at 13 n.13. The R&R cites no authority that suggests that a statement-by-statement correlation matrix is required and therefore cannot mandate judgment on that basis.

The actual attribution argument, in Section IV.C.1 of the same memorandum, entitled "No Evidence Defendant Published Any Allegedly Defamatory Statement," is framed as an evidentiary failure. ECF No. 257-1 at 8-9. It says nothing about the adequacy of the pleading.

Where a court grants summary judgment on a ground not raised by the movant, Rule 56(f) requires notice and time to respond. Fed. R. Civ. P. 56(f)(2). Plaintiff received neither.

### B. The R&R Credited a Denial That Cannot Support Judgment On Defendant MasMarques's Own Motion

Summary judgment asks if facts are in genuine dispute. The R&R states, "[T]his Court finds that Greenspan has failed to adduce specific facts such that a reasonable jury could infer that MasMarques made the posts in question, ***particularly where MasMarques denies having a Twitter or social media account***. *See* ECF No. 274 at ¶ 56." R&R at 18 (emphasis added).

#### 1. MasMarques Is Linked To ComplaintsBoard and Twitter Posts

First, three of the eight statements the R&R found actionable—(aa), (bb), and (cc)—were published on ComplaintsBoard, not Twitter, from February 22, 2020 through March 6, 2020. After purportedly remembering—with the help of a court order—that some of his prior sworn responses were actually false, ***Defendant MasMarques admitted to using ComplaintsBoard***. *Compare* ECF No. 237-2 at 6, "I have never posted anything on [ComplaintsBoard] myself" *with* ECF No. 237-3 at 3, "I uploaded or shared a link to publicly available documents on what I believe was ComplaintsBoard." His summary judgment memorandum states that an April 3, 2018 ComplaintsBoard post is "the only post Defendant [MasMarques] admits to ever making." ECF No. 257-1 at 3. Yet the suggestion that he only made one post, or never had an account at all, is contradicted by discovery documents showing that *multiple* e-mail addresses belonging to

him were registered. *See* ECF No. 237-9 at 2-3.[7] *See also* FAC ¶ 74-77; ECF No. 54-3.

As for Twitter, his denial is contradicted, just as are his similar denials of A) having a landline (which is *part of the FAC* at ECF No. 54-3, but was not included in any answer to Interrogatory No. 25 even after amendment; *see* ECF No. 237-5 at 9), and B) using 56546@protonmail.com "since late 2018" (which he used on February 4, 2020—within three years of this action—to file a frivolous appeal in California state court he ultimately lost). ECF No. 285 at 9. MasMarques personally signed and filed the Notice of Appeal listing that e-mail address on February 4, 2020, ECF No. 287-1 at 15, and later disclosed the same address in his Supplemental Answer to Interrogatory No. 10, ECF No. 237-6 at 2. Days after these issues were noted by Plaintiff, MasMarques moved to discharge his counsel, stating that "[t]he attorney-client relationship has irretrievably broken down." ECF No. 289. The motion was granted *nunc pro tunc* without inquiry, leaving the obvious issues of candor unexamined. ECF No. 313.

As to Plaintiff's declaration authenticating evidence, the R&R states that a protonmail.com account directly linking MasMarques to an active Twitter account "does not provide sufficient evidence to prove that MasMarques posted the subject statements." R&R at 19 n.26. Such reasoning applies the wrong standard. Plaintiff is not required to *prove* authorship at summary judgment; he is required to adduce evidence from which a reasonable jury could find it. Conclusive evidence that, despite his blanket denials, a Twitter/X account is registered to an e-mail address the declarant has acknowledged as his own supports a reasonable inference that he controlled the account and authored its posts, especially when no other explanation has been provided. The alternative hypothesis—that some unidentified party obtained his credentials and

[7] The Court declined to compel further production after finding that Defendant MasMarques had not fully complied with its prior Order to compel discovery responses. ECF No. 251 at 5 ("…I ordered him to do so. In his amended response, MasMarques provided some but not all of the information requested."). Plaintiff identified twelve known e-mail addresses for which Defendant MasMarques produced no documents. ECF No. 237 at 13-14. These are material.

posted instead—finds no support in the record, and the Court must disregard evidence favorable to the movant that a jury could disregard. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). Plus, even circumstantial evidence is entitled to the same weight as direct evidence, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003), and Plaintiff need not exclude every conceivable alternative explanation to defeat summary judgment and reach a jury.

As to the remaining statements, crediting the denial at summary judgment again inverts the standard. On a defendant's motion, the record must be viewed "in the light most favorable to the nonmoving party," which here is the plaintiff. *Zabala-De Jesus v. Sanofi-Aventis P.R., Inc.*, 959 F.3d 423, 427-28 (1st Cir. 2020). Credibility determinations and the weighing of evidence are jury functions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Twitter denials are further contradicted by Defendant MasMarques's shifting story in discovery. He revised his responses after changing lawyers, then amended and supplemented them repeatedly, each time only after Plaintiff identified documentary proof that an earlier answer was false or incomplete. The docket entry for ECF No. 237 lists his Answers dated May 23, 2025, Amended Answers dated May 24, 2025, an Amended Answer dated July 22, 2025, a Supplemental Answer dated July 25, 2025, and Amended and Supplemental Document Request Responses dated May 20, 2025. He thereafter amended his answer to Interrogatory No. 25.

This Court already characterized the accuracy of Defendant MasMarques's discovery denials as a contested factual matter. On October 31, 2025, in denying Plaintiff's motion to compel, the Court reasoned that the parties' dispute "as to the accuracy of the responses is based on their respective views of the facts," that at the discovery stage the Court "does not resolve factual disputes about the weight to give the evidence," and that "while Greenspan may well be right," he could use Defendant MasMarques's answers "in further proceedings, including during cross-examination where appropriate to do so." ECF No. 251 at 4. Yet the R&R ignored them.

Plaintiff need only highlight these already-acknowledged "factual disputes" to show that there is a genuine dispute of material fact. At summary judgment, such contradictions mandate that a court must "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves*, 530 U.S. at 151. A dispute identified as factual is not one that may be resolved on summary judgment.

**2. The R&R Rests On a Rule 56.1 Response Filed Six Months Late In Violation Of The Scheduling Order**

The R&R states that its facts are drawn in part from "Greenspan's Statement of Uncontested Material Facts and MasMarques' Response (Docket Nos. 277-2; 310)." R&R at 5 n.2. ECF No. 310 was filed on June 25, 2026—six months and six days after Plaintiff served his statement, and more than five months after the response was due.

The Scheduling Order entered April 14, 2025 under Rule 16(b) required that "[o]ppositions to dispositive motions must be filed within 30 days after service of the motion." ECF No. 170 at 2. Plaintiff served his statement of material facts on December 19, 2025. ECF Nos. 277-2. Defendant MasMarques filed an opposition brief, ECF No. 285, on January 21, 2026 through counsel of record, but filed no response to Plaintiff's statement of facts and transmitted no consolidated statement to the Clerk. Nearly five months later, on June 11, 2026, this Court noted the deficiency *sua sponte* and directed him to respond within fourteen days in the precise format required by ¶ 7(c) of the Scheduling Order and Civil Local Rule 56.1. ECF No. 306. When Defendant MasMarques sought sixty additional days, this Court found the request "excessive," the supporting arguments "unpersuasive," and the response "already overdue," granting three weeks "considering MasMarques' pro se status." ECF No. 309.

Yet Defendant MasMarques was not *pro se* at that time as a withdrawal motion was still pending, nor was he *pro se* when he was indisputably represented by Attorney Andrade in January 2026 when the document was actually due. Defendant MasMarques did not move to

discharge her until February 2, 2026, and this Court granted that motion *nunc pro tunc* to that date only on June 29, 2026. *See* ECF Nos. 289; 313. *Pro se* status therefore is not an excuse.

Civil Local Rule 56.1 supplies the consequence of such a violation: material facts set forth by the moving party are deemed admitted unless controverted by the opposing party's required statement. Even if whether to excuse noncompliance rests in the Court's discretion, that discretion must rest on a valid rationale. The R&R built its foundation on an untimely filing.[8]

### C. MasMarques's Counter-TRO in California, Which Terminated in 2021, Was a Malicious Prosecution That Abused Legal Process

The R&R holds the Fifth Claim (Malicious Prosecution) time-barred because Plaintiff "attests that MasMarques brought a number of cases against him, the last of which was filed on July 29, 2019 and dismissed on September 19, 2019," citing GSOF ¶¶ 184, 186-187, and 189. R&R at 12. The R&R does not address ¶¶ 141 and 142 of the same statement of facts.

GSOF ¶ 142 states that "[t]he California restraining order proceedings lasted from April 4, 2018 through November 4, 2021, the date of the Remittitur from the California Court of Appeal." Defendant MasMarques responded: "Undisputed only that the California proceedings occurred over the referenced period." MResp. ¶ 142. GSOF ¶ 141 states that in Case No. H047904, Defendant MasMarques appealed Judge Overton's decision and failed to prosecute the appeal. His response was that it is "[u]ndisputed only that Defendant filed an appeal assigned Case No. H047904 and that the appeal was dismissed on procedural grounds." MResp. ¶ 141.

A malicious prosecution claim accrues when the underlying action terminates. R&R at 12. Dismissal of proceedings for failure to prosecute them is itself a favorable termination.

[8] Plaintiff twice sought to strike ECF No. 310 on two different grounds: first, that First Circuit precedent forbids a represented party from filing "*pro se*," and second, that Defendant MasMarques and his former counsel both admitted in writing that counsel drafted the document, yet she failed to sign it, in violation of Federal Rule of Civil Procedure 11(a). ECF Nos. 311, 325. Neither motion was resolved on the merits. *See* ECF Nos. 313, 339. The admissibility of the document on which the R&R's statement of facts rests has therefore never been adjudicated.

*Chervin v. Travelers Ins. Co.*, 448 Mass. 95, 112 (2006) (citing Restatement (Second) of Torts § 674 cmt. j); *see Cardival v. Smith*, 109 Mass. 158, 159 (1872). MasMarques cites *Chervin* for the accrual rule in his own memorandum. ECF No. 257-1 at 4. MasMarques initiated and the California court granted a series of frivolous counter-temporary restraining orders against Plaintiff, later found invalid, on the basis that Plaintiff's "computer" was a "weapon." FAC ¶¶ 205-208; ECF No. 266 ¶ 25; GSOF ¶¶ 137-138; MResp. ¶¶ 137-138. California Court of Appeal Case No. H047904, challenging the counter-TRO's dismissal, was dismissed in late 2021 pursuant to California Rule of Court 8.140(b) as "[t]he appellant [] failed to procure the record on appeal within the time limits allowed . . . and [] further failed to apply to this court for relief from default." That dismissal in Plaintiff's favor—not the 2019 trial court ruling in *another* frivolous case he filed against Plaintiff—is the termination that started the limitations clock.[9]

The Fourth Claim (Abuse of Process) is likewise affected. MasMarques signed and filed his Notice of Appeal on February 4, 2020, ECF No. 287-1 at 15, yet another abuse of legal process to prolong harassment, within the limitations period, in a proceeding he pursued and lost.

Finally, should the Court reach the merits of the Fifth Claim, Defendant MasMarques's assertion that "Plaintiff was never arrested, charged, or prosecuted as a result of Defendant's cross-TRO or TRO applications," DSOF ¶ 48, recites the absence of something Massachusetts law does not require. Arrest is not an element of malicious prosecution. In any event, against his will, Plaintiff was detained by United States Customs and Border Protection in June 2019 upon returning from international travel, on the basis of a then-active order arising from Defendant MasMarques's cross-request. ECF No. 266 ¶ 25; GSOF ¶ 161. Defendant MasMarques does not deny that Plaintiff was detained against his will. MResp. ¶ 161.

[9] Defendant MasMarques's own memorandum asserts that any such proceeding terminated "no later than May 15, 2019 . . . or, at the latest, August 2019 (i.e., termination of Defendant's cross-TRO in Santa Clara Court)." ECF No. 257-1 at 4. Yet his response at MResp. ¶ 142 states otherwise, accepting that the appeal continued into 2021. The R&R ignored this admission.

**D. The R&R Analyzes Only One Of Two Recognized Civil Conspiracy Theories**

R&R Footnote 24 concludes that Plaintiff "has not produced any evidence showing a shared plan, mutual agreement, or concerted action between MasMarques and any administrators of the ComplaintsBoard platform." R&R at 14 n.24. That analysis addresses a single theory of liability, but it is not Plaintiff's theory.

Massachusetts recognizes two distinct forms of civil conspiracy. The first is a rare "true conspiracy" requiring proof of a peculiar power of coercion exercised jointly. The second is "concerted action," which requires a common design or agreement together with substantial assistance in the commission of the underlying tort. *Kurker v. Hill*, 44 Mass. App. Ct. 184, 188-89 (1998). Under the concerted action theory, a defendant need not participate in each step of the tortious course of conduct; it is enough that he knew of the tortious conduct and gave substantial assistance or encouragement to it. Plaintiff's theory is that the ComplaintsBoard operators, placed on notice of Defendant MasMarques's conduct by Plaintiff's 2019 communication, thereafter continued to host, facilitate, and enhance his posts, and in ***2022*** modified the platform to further them. The concerted action theory remains undecided.

**E. The "Unauthenticated" Label Does Not Reach Defendant MasMarques's Own Produced Documents**

The R&R discounts Plaintiff's evidence as "unauthenticated." R&R at 19-20. It states that the supporting documents "are unauthenticated and Greenspan's assertions as to their significance are speculative and/or constitute improper lay opinion," and again that "[t]he supporting documents are also unauthenticated." *Id.*

**1. The Label Does Not Fit a Substantial Category Of The Evidence**

A party's production of a document from his own files in response to a discovery request is itself evidence satisfying that standard. Indeed, even courts applying the most restrictive formulation of the authentication requirement at summary judgment recognize that "documents

produced by a party in discovery [are] deemed authentic when offered by the party-opponent." *Star Serv. Corp. v. ABM Janitorial Servs.-Ne., Inc.*, Case No. 1:14-cv-13665-JGD (D. Mass. March 27, 2017) (quoting *Orr v. Bank of Am. NT & SA*, 285 F.3d 764, 777 n.20 (9th Cir. 2002)). The circumstances of production are likewise among the "distinctive characteristics . . . taken together with all the circumstances" contemplated by Federal Rule of Evidence 901(b)(4). *See Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991). Defendant MasMarques's testimony in the Superior Court of California is separately self-authenticating as each transcript is a certified copy of a public record. Federal Rule of Evidence 902(4).

The R&R thus applied a blanket characterization to the body of Plaintiff's attribution evidence without distinguishing these materials, as many were MasMarques's own admissions.

### 2. MasMarques Provided This Court With Outdated Caselaw On Evidence

Federal Rule of Civil Procedure 56(c)(2) permits an objection that material "cannot be presented in a form that would be admissible in evidence." The burden is on the proponent "to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 Advisory Committee note to 2010 amendment.

The authority Defendant MasMarques offered for a bright-line authentication bar predates the 2010 amendment. ECF No. 285 at 9 (citing *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000), and *Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of P.R., Inc.*, 167 F.3d 1, 9 (1st Cir. 1999)). The First Circuit has not analyzed the amendment's effect; its later decisions apply *Carmona* without addressing it, and it has expressly noted the resulting tension with other circuits, which read the amended Rule 56 to require only that evidence "be capable" of authentication at trial. *Joseph v. Lincare, Inc.*, 989 F.3d 147, 155-56 n.4 (1st Cir. 2021) (collecting cases); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the non-moving party must produce evidence in a form that would be admissible at trial in order

to avoid summary judgment."). Plaintiff preserves the issue. In any event, the materials identified above satisfy the authentication requirement under either reading.

Screenshots are authenticable by a party's own testimony under Federal Rule of Evidence 901(b)(1). Plaintiff submitted three declarations for that purpose. ECF Nos. 237-1, 270, 278. Footnote 26 of the R&R acknowledged one and then set it aside, reasoning that "such linkage does not provide sufficient evidence to prove that MasMarques posted the subject statements." R&R at 19 n.26. That is not an admissibility ruling, and it states the wrong burden for summary judgment: Plaintiff need not "prove" authorship to show a genuine dispute of material fact.

### 3. The R&R Cited An Unauthenticated Copy Of a Document That Is Authenticated Elsewhere In The Summary Judgment Record

The R&R's single worked example illustrates the point. It describes "a screenshot showing a Twitter password-reset email for the account @GIZA299792458N, which displayed a partially redacted email address 85**@p*********.***," and concludes that "[t]he supporting documents are unauthenticated." R&R at 19. (It displays a web page, not an "email.") The citation given is to ECF No. 237-9 at 20—an exhibit to Plaintiff's second motion to compel.

The same password reset page is in the summary judgment record at ECF No. 266-8 at 30, Bates number GREENSPAN00339, as part of Exhibit H to Plaintiff's declaration. Plaintiff declared that Exhibit H comprises "true and correct copies of posts from Twitter/X" associated with the accounts at issue, including @Giza299792458N. ECF No. 270 ¶ 47. The R&R cited the earlier copy, missed both declarations, and then called the evidence "unauthenticated."[10,11]

[10] The document is also self-evidencing. Its face bears the Twitter page header, the account name @Giza299792458N, the date of capture, the source URL https://twitter.com/account/send_password_reset, and Plaintiff's Bates number. Those are "distinctive characteristics . . . taken together with all the circumstances." Federal Rule of Evidence 901(b)(4) .

[11] The same is true of the other exhibit the R&R labels "unauthenticated." ECF No. 266-8 at 60 is a further page of Exhibit H, authenticated by the same declaration. ECF No. 270 ¶ 47. ECF No. 237-2 at 9 is MasMarques's own signed answer to interrogatories, produced by him in discovery and thus addressed in Section E.1 above.

MasMarques never objected to this exhibit with any specificity. He did obtain leave to file a motion to strike Plaintiff's summary judgment exhibits, ECF Nos. 279, 294, and then never filed. His opposition brief lists categories of exhibits it labels "largely unauthenticated," ECF No. 285 at 3 n.2, but limits its objection to Twitter/X "posts and forum content."

#### 4. Describing What a Website Displayed Is Not Expert Or Lay Opinion Testimony

The R&R states that Plaintiff's assertions "are speculative and/or constitute improper lay opinion," R&R at 19, and that Plaintiff "provides improper lay opinion on many issues, including technical and scientific matters," R&R at 19. That characterization originates in Defendant MasMarques's motion for leave, which grouped Plaintiff's declaration paragraphs concerning the password-reset feature together with "IP addresses, server logs, metadata, font characteristics, and internal features of Twitter/X" and asserted that all of them required disclosure of an expert under Federal Rules of Evidence 701-702. ECF No. 279 at 4.

Paragraph 33 of Plaintiff's declaration states that "[t]he Twitter feature to reset a user's password previously disclosed a redacted form of the user's e-mail address, if available, where each redacted character in the e-mail address was replaced by an asterisk." ECF No. 266 ¶ 33; ECF No. 270 ¶ 33. That is an easily-verifiable description of what a website displayed, by a witness who used it. It rests on perception, not on methodology, and it is admissible under Federal Rule of Evidence 701 as testimony "rationally based on the witness's perception." Counting asterisks requires no specialized knowledge whatsoever. Neither Rule 702 nor Rule 26(a)(2) is implicated, and the R&R did not distinguish this paragraph from the technical assertions with which Defendant MasMarques grouped it.

#### 5. The Court Should Permit Consideration of Further Evidence

Rule 56(c)(2) contemplates that a proponent be permitted "to show that the material is admissible as presented or to explain the admissible form that is anticipated." Rule 56 Advisory

Committee note to 2010 amendment. Plaintiff was never advised that any exhibit's foundation was deficient. Plaintiff therefore submits herewith a declaration supplying the circumstances of capture for the exhibits the R&R identified, as "further evidence" under Rule 72(b)(3).

### F. The R&R Ignores The Documentary Attribution Evidence In The Record

Plaintiff's response to Defendant MasMarques's Statement of Uncontested Material Facts sets out twenty (20) attribution factors, lettered (a) through (t). ECF No. 274 at 27-34. Of these twenty (20), the R&R engages in depth with just two (2). It addresses the redacted Twitter password-reset email address, and then "specific behavioral patterns" citing ECF No. 274 at 30-32, which address the pattern-inference factors (o) through (t). R&R at 19. The R&R omits:

- ***Defendant MasMarques's own private e-mail contains the distinctive phrasing of two actionable statements.*** MasMarques produced Document Def-P2_000162, a private e-mail, which contains the phrase "cyberstalking, doxxing and harassing monetized website plainsite.org." ECF No. 274 ¶ 58(l); GSOF ¶ 253; MResp. ¶ 253. Statement (ll), found actionable, reads in relevant part that Plaintiff and another individual "run @aarongreenspan & @plainsite to promote their *datamining monetized website plainsite.org* since 2011 and being used daily for *cyberstalking, doxing & harassment* purposes..." FAC ¶ 99(ll). Statement (jj), also found actionable, asks Twitter to shut down "these vicious *doxing, cyber stalking and harassing* Twitter accounts." FAC ¶ 99(jj).[12] The same phrase also appears on the About page of a Google Group, "Expose abusive data mining websites." ECF No. 274 ¶ 58(l). This comparison requires no expertise and no technical inference. The pattern recurs with other odd phrases, such as "Decency Act 230," which appears in a private 2022 e-mail MasMarques admits drafting

[12] The same three-element construction—a triad of "dox[x]ing," "cyberstalking," and "harassing," attached to the phrase "monetized website plainsite.org"—appears in a private e-mail MasMarques produced from his own files and in two of the eight statements the R&R held capable of defamatory meaning. *See also* FAC Exhibits B and E, ECF Nos. 54-2, 54-5.

and sending, GSOF ¶ 254; MResp. ¶ 254, and in a 2021 @Giza299792458N post stating, "1996 Decency Act 230 needs to be thrown out." GSOF ¶ 214.

- ***Defendant's sworn testimony in California is inconsistent with his years-later categorical denial.*** Asked in the Superior Court of California, "Do you control or have you ever controlled the Twitter account @R62607249?", MasMarques answered: "I don't recall. I don't remember." ECF Nos. 1-6 at 335, 274 ¶ 58(j). A witness who had never used social media would have no need to search his memory for which accounts were his.
- ***Non-public court records about Defendant appeared on an account attributed to him.*** On or about May 12, 2021, the @Giza299792458N Twitter account posted scanned images of case documents from Marlborough District Court Case No. 1821CR000187—a criminal case against Defendant MasMarques, who lives in Marlborough—that were not publicly available under Massachusetts law. ECF Nos. 237-9 at 21, 274 ¶ 58(b).
- ***Current account-existence tests tie Defendant's disclosed addresses to the platforms at issue.*** Defendant MasMarques disclosed 8587@protonmail.com and 958957z@gmail.com as his. ECF No. 237-9 at 10. ComplaintsBoard refused new registration for both on April 27, 2019, returning, "Email already exists. Please change email." ECF Nos. 237-9 at 2-3; 274 ¶ 58(e)-(f). MasMarques belatedly disclosed 56546@protonmail.com in his Supplemental Answer to Interrogatory No. 10, for which Twitter's password-reset flow proceeded to "Confirm your username" rather than returning "Sorry, we could not find your account." ECF Nos. 237-1 at 1-4; 274 ¶ 58(h), 278. The R&R suggests that this does not amount to proof that MasMarques has a Twitter account, which in turn amounts to an as-yet-undisclosed impossible standard.
- ***The FOIA timing correlation.*** Defendant MasMarques admitted filing FOIA requests concerning Plaintiff. ECF No. 242 at 2 n.2. The @WitchesToday account posted about

FOIA activity directed at Plaintiff on July 6, 2022, just days after MasMarques submitted a June 19, 2022 request to the U.S. Securities and Exchange Commission ("SEC")—within 5 U.S.C. § 552(a)(6)'s 20-business-day window, but before its existence was public via the SEC's FOIA log. ECF Nos. 237-9 at 27, 274 ¶ 58(c); GSOF ¶¶ 170-172.

Again, Plaintiff need not exclude every alternative explanation; he must adduce evidence from which a reasonable jury could find in his favor. These data points are all properly in the record for a jury to evaluate. This evidence was not found wanting; the R&R simply did not address it.

### G. The Limitations Disposition of The Twelfth And Fourteenth Claims Is Irreconcilable With The R&R's Own Finding

The R&R holds that thirteen statements identified in the FAC were published within the limitations period. R&R at 12. It then holds the Fourteenth Claim (IIED) time-barred because the FAC purportedly "fails to isolate specific component acts occurring within the three years prior to filing," and states that Plaintiff "points to no statements of fact that support his allegation of post-January 2020 acts." R&R at 14. The thirteen timely defamatory statements are post-January 2020 acts. Massachusetts law applies the continuing violation doctrine where the actionable wrong is a "series of related events that have to be viewed in their totality in order to assess adequately" the acts involved. *Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination*, 441 Mass. 632, 642 (2004); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-17 (2002); *see Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 130-31 (1st Cir. 2009).

An IIED claim premised on a years-long campaign of harassment shares that structure. No single post, bogus lawsuit, criminal charge, frivolous appeal, etc. is by itself conduct beyond all possible bounds of decency; the actionable wrong is *the campaign*, and "a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115. The R&R itself notes that *M.L. v. S.N.* assumed that a claim of intentional infliction of emotional distress may validly allege a continuing tort. R&R at 14. Component acts falling outside the limitations period may

therefore be considered in determining liability, *Morgan*, 536 U.S. at 117, while the thirteen timely statements anchor the claim. That aggregation also answers R&R Footnote 23: severity is measured against the course of conduct, not against any single post viewed in isolation.

### H. The Thirteenth Claim Was Resolved On a Curable Citation Defect

The R&R recommends judgment on the Thirteenth Claim because Plaintiff's assertions "lack the requisite citations to evidentiary support in the record." R&R at 21. The supporting documents were filed under seal with this Court's approval to protect the privacy of third parties whom MasMarques also targeted, and Plaintiff's statement of material facts identifies the underlying disclosures. GSOF ¶¶ 99, 123. To the extent those citations are insufficient, Plaintiff requests leave to supplement the record. Federal Rule of Civil Procedure 72(b)(3).

### I. Matters The R&R Did Not Reach

The Court may affirm on any ground the record supports. Plaintiff therefore addresses grounds raised that the R&R did not decide. They are not conceded. First, damages for any statements found actionable are presumed, and the absence of proof of economic loss is not a basis for judgment. Defendant's damages arguments go to quantum, which is for the jury.[13] Plaintiff preserves his claim for actual damages, but the libel *per se* claim does not depend on it.

Second, MasMarques argued that Plaintiff is a public or limited-purpose public figure and cannot establish actual malice. ECF No. 257-1 at 9-14. Plaintiff concedes neither, nor that he injected himself into any controversy. A limited-purpose public figure is one who voluntarily injects himself into "a particular public controversy" and becomes a public figure only "for a limited range of issues" defined by his "participation in the particular controversy giving rise to

[13] The Think joinder attempt also fails for the same reason. Presumed damages for libel *per se* compensate injury to the reputation of the person defamed. The libelous statements name Plaintiff *personally* and accuse him *personally* of crimes. Only Plaintiff can recover for injury to his personal reputation; Think's absence does not prevent complete relief on that theory. Federal Rule of Civil Procedure 19(a)(1)(A).

the defamation." *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 13 (1st Cir. 2011)—the authority Defendant MasMarques himself cites. ECF No. 257-1 at 9-10.

Even assuming that establishes a controversy Plaintiff entered, the eight actionable statements are not germane to it. Accusations that Plaintiff evades taxes, hacks accounts, lies to judges and police, signs people up for pornography, extorts and blackmails victims, and made a "death threat" are not commentary on public records, nor do they manufacture a "controversy."

Actual malice presents a jury question in any event. Statement (aa) opens with the assertion "I know for a fact." FAC ¶ 99(aa). A speaker's claim to certain knowledge of a fabricated accusation is evidence of knowing falsity. The accounts at issue also repeated specific false assertions MasMarques advanced previously: that Plaintiff owns leagle.com; that a reference to the PlainSite Privacy Policy's "$2,500" threshold amounted to extortion; and that Plaintiff is a malicious hacker. ECF No. 274 ¶ 58(k). Yet in discovery, MasMarques admitted that it was his "belie[f]" that it was merely a "possibility" that Plaintiff owned leagle.com, which a reasonable jury could find to be reckless disregard for the truth. ECF No. 237-10 at 15, 18.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court reject the recommendation that summary judgment enter for Defendant on any claims, and that summary judgment be entered for Plaintiff on all claims, or in the alternative, the matter proceed to trial.

Dated: August 26, 2026

Respectfully submitted,

[signature]

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

Aaron Greenspan