**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **AARON GREENSPAN,**<br>**Plaintiff,**<br>**v.**<br>**DIEGO MASMARQUES, JR.,**<br>**Defendant.** | ) | **Case No. 23-cv-10134-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, C.J.** **September 21, 2026**

## I. Introduction

Plaintiff Aaron Greenspan ("Greenspan"), who is proceeding *pro se*, has filed this lawsuit against Defendant Diego MasMarques ("MasMarques"), who is also proceeding *pro se*, for claims arising out of alleged defamatory posts MasMarques made in response to Greenspan's website, PlainSite, publishing documents about his criminal history. D. 54. Against MasMarques, Greenspan alleges libel *per se* (Count I), abuse of process (Count IV), malicious prosecution (Count V), civil conspiracy (Count XII), false light invasion of privacy (Count XIII) and intentional infliction of emotional distress ("IIED") (Count XIV).[1] D. 54.

[1] On March 25, 2024, this Court allowed MasMarques's motion to dismiss, D. 66, as to Count II (civil harassment under the state statute) and Count III (tortious interference). D. 118 at 2. In the same ruling, the Court dismissed the claims against the other defendants. Id.

On November 6, 2025, MasMarques moved for summary judgment, D. 257, and this Court referred this pending motion to Magistrate Judge Boal for Report and Recommendation ("R&R"), D. 268. On December 19, 2025, Greenspan filed a cross-motion for summary judgment, D. 277, and this Court also referred this pending motion for R&R, D. 335. Magistrate Judge Boal issued the R&R on the cross-motions for summary judgment, D. 338, on August 14, 2026. The R&R recommends that the Court allow MasMarques's motion for summary judgment, D. 257, and deny Greenspan's cross-motion for summary judgment, D. 277. D. 338. On August 26, 2026, Greenspan filed objections to the R&R, D. 342, and MasMarques filed his response to those objections on August 28, 2026, D. 343.

After reviewing the R&R, D. 338, Greenspan's objections, D. 342, and MasMarques's response to those objections, D. 343, and for the reasons stated below, the Court ACCEPTS and ADOPTS the R&R.

## II. Discussion

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see Fed. R. Civ. P. 72(b)(3); see also United States v. J.C.D., 861 F.3d 1, 5 n.1 (1st Cir. 2017) (providing same); Velez-Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 33 n.1 (1st Cir. 2006) (providing same). Although it is unnecessary to reiterate the magistrate judge's analysis, the Court has made a *de novo* determination as to all of Greenspan's objections[2] and will address specific arguments raised by

[2] The Court references each objection by its respective, lettered heading in Greenspan's objections. D. 342.

Plaintiff in its Objections.[3]

**A. The R&R's Treatment of the Twitter Screenshot and Affidavit Concerning Same Was Proper and Well-Grounded**

Greenspan objected to the magistrate judge's recommendation on his libel *per se* claim

[3] It is not necessary for the Court to restate the magistrate judge's well-reasoned analysis where it agrees with the R&R. See United States v. Bach, 388 F. App'x 2, 6 (1st Cir. 2010) (internal quotation marks and citation omitted) (concluding that "[a]lthough the district court was required to review the magistrate judge's decision *de novo*, 28 U.S.C. § 636(b)(1)(C), it was not required to make separate findings of fact or issue an opinion setting forth its own reasoning"). This Court has considered Greenspan's Objections A, F, H and I to the R&R *de novo* and reviewed and the arguments addressing same and concludes that the R&R reflects that the magistrate judge properly considered the arguments and evidence presented by the parties.

Greenspan's Objections A (arguing that the magistrate judge misread the complaint, leading to an improper recommendation on Count I) and F (claiming the magistrate judge disregarded documentary evidence linking MasMarques to the online posts) reflect dissatisfaction with the R&R's assessment of the evidence. See D. 342 at 7-11, 21-23. The Court overrules both objections because the Court agrees with the magistrate judge's recommended disposition, D. 338 at 10-12, 15-20, based on its own assessment of the factual record. Objection H (contending that the magistrate judge failed to consider documents that would have led to a different recommendation on Count XIII) provides no legal or factual basis to contend that the R&R's conclusions on the false light invasion of privacy claim (Count XIII), id. at 20-21, are incorrect and that the supporting documents were improperly considered. See D. 342 at 24. The Court overrules this objection and adopts the R&R on this claim based on its assessment of the record, see D. 338 at 20-21, and denies any leave to supplement at this juncture, id. Objection I (asserting that the magistrate judge did not rule on all of the arguments raised in the cross-motions for summary judgement as to Count I) reflects Greenspan's dissatisfaction with the R&R's analysis of his arguments, see D. 342 at 24-25, however, district courts "[are] not required to make findings on every detail, [are] not required to discuss all of the evidence that supports each of the findings made, and [are] not required to respond individually to each evidentiary or factual contention made by the losing side," Addamax Corp. v. Open Software Found., Inc., 152 F.3d 48, 55 (1st Cir. 1998).

(Count I) in Objections B[4] and E.[5] See D. 342 at 11-15, 17-21. Greenspan's arguments hinge on a finding that the Twitter password reset screenshot and accompanying affidavit, D. 266-8; D. 270 suggest that MasMarques made the alleged libelous posts. Id. Greenspan's theory that establishes that MasMarques owned the Twitter account that made the posts in question requires two unsupported logical links: 1) the email is actually associated with the account and 2) the person who owns the email also owns the account and authored the statements. The screenshot does not prove the first link and the affidavit improperly assumes the second.

First, the admissibility objection is deficient because it relies upon an unauthenticated Twitter password reset screenshot to show that an email address is affiliated with a particular account. D. 270 ¶ 47; D. 338 at 19 & n.26. To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "If the court discerns enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be, then Rule 901(a) is satisfied." United

[4] In Objection B, Greenspan also contends, in part, that MasMarques's opposition to Greenspan's statement of material facts was untimely, which is a procedural objection that does not question the magistrate judge's conclusions in the R&R. See D. 342 at 14-15. District courts have discretion in considering late-filed responses. See Perry v. Wolaver, 506 F.3d 48, 56 n.10 (1st Cir. 2007) (addressing whether to accept an opposition to a motion for summary judgment filed late, the First Circuit stated "we generally defer to the district court's broad discretion in assessing such case management decisions"). The magistrate judge, relying on her discretion to do so, gave MasMarques fourteen days from entering her order on June 11, 2026 to respond to Greenspan's statement of material facts, see D. 306, and he filed his response within that timeframe on June 25, 2026, D. 310. Accordingly, the Court finds no reason to reject the R&R on those grounds.

[5] In Objection E, Greenspan seems to suggest that, under Fed. R. Civ. P. 56(c)(2), the Court should alert him to inadmissibility of the evidence he has proffered and appears to misread Fed. R. Civ. P. 72(b)(3) to entitle him to provide supplementary evidence. See D. 342 at 20-21; Fed. R. Civ. P. 56(c)(2) (requiring the material relied upon to support or dispute a fact in connection with a motion for summary judgment to be admissible); Fed. R. Civ. P. 72(b)(3) (providing that a district judge has the discretion to order additional evidence for its consideration). Such consideration of additional evidence remains committed to the Court, id., and the Court concludes that such is not warranted here. Accordingly, the Court will not consider the additional declaration in support of Greenspan's objection to the R&R, D. 342-1.

States v. Paulino, 13 F.3d 20, 23 (1st Cir. 1994). Greenspan suggests that the password reset page indicates that MasMarques authored the posts. See D. 270 ¶ 47; D. 266-8. Under Fed. R. Evid. 901, authentication requires evidence showing what the screenshot is, and in the affidavit, Greenspan impermissibly expresses his belief about what it implies.

Second, even assuming *arguendo* Greenspan satisfies the admissibility requirements as to the exhibits under Fed. R. Evid. 901, the affidavit constitutes improper lay opinion under Fed. R. Evid. 701 by asserting that the password reset message shown in the email is associated with the account that allegedly made libelous posts. See Freedom Wireless, Inc. v. Boston Commc'ns Grp., Inc., 369 F. Supp. 2d 155, 157 (D. Mass. 2005) (noting "Rule 701 explicitly bars lay witnesses from giving opinions based on technical or specialized knowledge"; rather, "lay opinion is proper only when it involves a witness 'stat[ing] his conclusions based upon common knowledge or experience'") (quoting United States v. Oliver, 908 F.2d 260, 263-64 (8th Cir. 1990)). Greenspan assumes that the account belongs to MasMarques and that MasMarques authored the imputed statements, but he offers no personal knowledge of Twitter's internal records, the account's registered email or its ownership and instead offers lay opinion on technical and specialized matters for same, D. 338 at 19-20. Accordingly, his statements exceed the scope of permissible Fed. R. Evid. 701 testimony. See Lunan Pharm. Grp. Co. v. Long Zhao, No. 21-cv-10667-MJJ, 2025 WL 5276091, at *1 (D. Mass. Apr. 11, 2025) (concluding that an individual "may not opine as to how [a process works], where such testimony requires specialized knowledge outside of the purview of lay witnesses").

Accordingly, the Court overrules the objection and adopts the R&R as to Count I.

**B. The Statute of Limitations Bar Greenspan's Malicious Prosecution and Abuse of Process Claims**

In Objection C, Greenspan objects to the magistrate judge's conclusion that his abuse of

process (Count IV) and malicious prosecution (Count V) claims are time-barred. See D. 342 at 15-16. "The black-letter rule is that the statute of limitations on a malicious prosecution claim begins to run upon the termination of the antecedent criminal proceedings," and "[t]he statute of limitations on these claims expired three years later." Nieves v. McSweeney, 241 F.3d 46, 51, 53 (1st Cir. 2001). Here, Greenspan's malicious prosecution claim is based on an application for criminal charges in Marlborough District Court, D. 54 ¶ 145, and the matter was closed on May 15, 2019, id. ¶ 147. This action commenced on January 20, 2023, D. 1, almost one year after the statute of limitation expired, making this claim barred by same. Moreover, Greenspan's argument that the magistrate judge did not properly consider an allegation first raised in his opposition to summary judgment, but not pled in his complaint, is unavailing. See D. 54 ¶¶ 145-48; D. 342 at 10-12; Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 76 (1st Cir. 2016) (holding that "[p]laintiffs may not 'raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment'") (quoting Calvi v. Knox Cty., 470 F.3d 422, 431 (1st Cir. 2006)).

"As distinguished from a claim for malicious prosecution, however, an action for abuse of process accrues on the date the prior proceeding was filed," however, the three-years statute of limitations still applies. Britton v. Thompson, No. 986204B, 1999 WL 1318995, at *3 (Mass. Super. Mar. 30, 1999). Greenspan suggests that when MasMarques filed a notice to appeal he restarted or tolled the limitations period for abuse of process. D. 342 at 16. "An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below, or, . . . 'a proceeding in the original cause, and the suit is pending until the appeal is disposed of.'" Gulf Ref. Co. of Louisiana v. United States, 269 U.S. 125, 137 (1925) (quoting Mackenzie v. Engelhard Co., 266 U.S. 131, 142, 143 (1924)). The "prior proceeding" at issue here commenced on July 3, 2018, D. 54 ¶ 131, and as noted above, Greenspan filed his complaint in this action on January 20, 2023,

D. 1. Since an appeal of the underlying case does not toll or delay the statute of limitations clock for an abuse of process claim and this action commended after the statute of limitations expired, his abuse of process claim is barred by same.

Accordingly, the Court overrules the objection and adopts the R&R as to Counts IV and V.

### C. **Failure To Consider the Concerted Action Theory Does Not Provide a Basis to Reject the Magistrate Judge's Recommendation as to Count XII**

In Objection D, Greenspan objects to the magistrate judge's failure to consider an alternative theory of relief for his civil conspiracy claim (Count XII). See D. 342 at 17. "In Massachusetts, there are two types of civil conspiracy," and "[u]nder the two theories of civil conspiracy, liability cannot attach without evidence that the defendants acted in combination or to forward a common plan." Rosenfeld v. Egy, No. 01-cv-10730-DPW, 2003 WL 222119, at *16 (D. Mass. Jan. 29, 2003) (internal quotation marks and citation omitted); see Soni v. Bos. Med. Ctr. Corp., 683 F. Supp. 2d 74, 100 (D. Mass. 2009) (noting that to support a claim for civil conspiracy, "the plaintiff must allege facts showing the existence of an agreement or common plan between two or more persons"). Accordingly, prevailing on this claim requires the same showing of a common plan or agreement between MasMarques and the administrators of ComplaintsBoard. See Soni, 683 F. Supp. 2d at 100. Because this common plan or agreement showing is indistinguishable as to either theory, the R&R's reasoning on the concerted theory necessarily disposes of the concerted action theory. See D. 338 at 14 n.24.

Accordingly, since the same deficiency defeats both theories, the Court overrules the objection and adopts the R&R as to Count XII.

### D. **The Continuing Violation Doctrine Does Not Alter the Conclusion That the IIED Claim Fails**

In Objection G, Greenspan argues that the magistrate judge should have applied the continuing violation doctrine to his IIED claim (Count XIV), allowing a court to consider the related libelous posts that fall outside of the statute of limitation. D. 342 at 23-24. Even if categorized as ongoing, Greenspan does not overcome the dispositive requirement that MasMarques's alleged conduct must "go beyond all possible bounds of decency, and [be] regarded as atrocious, and utterly intolerable in a civilized community." Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987); see Silva v. Town of Uxbridge, 771 F. Supp. 3d 56, 74 (D. Mass. 2025) (concluding that "[d]ismissal is appropriate if the 'conduct alleged in the complaint does not rise to this level [as required for IIED]'") (quoting Polay v. McMahon, 468 Mass. 379, 385-86 (2014)).

The R&R found that sufficient evidence was not produced to establish an IIED claim, and the asserted evidence produced to establish distress was too attenuated to support liability. D. 338 at 13 n.23 (concluding that "[e]ven if Greenspan's claim was not time barred, it fails," explaining that Greenspan has not produced sufficient facts to show that his distress was so severe as to exceed all possible bounds of decency, as his assertions of lost sleep and worry are unsupported by any evidence of medical treatment or other objective manifestations of severe distress). The Court agrees with the magistrate judge's analysis, and because the argument is deficient as a matter of law, the continuing violation doctrine, even assuming that it applies to an IIED claim, cannot revive it. See id. at 13-14.

Accordingly, the Court overrules the objection and adopts the R&R as to Count XIV.

## III. Conclusion

For the foregoing reasons and after *de novo* determination by this Court, the Court ACCEPTS and ADOPTS the R&R, D. 338. Accordingly, Defendant's motion for summary judgment, D. 257, is ALLOWED; the Plaintiff's motion for summary judgment, D. 277, is

DENIED.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge