**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>Plaintiff,<br><br>v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e), OR IN THE ALTERNATIVE RULE 60(b)(1)**

Pursuant to this Court's pre-filing orders, ECF Nos. 78, 119, and 334, Plaintiff Aaron Greenspan respectfully requests leave to file a motion to alter or amend the judgment entered on September 21, 2026, ECF No. 345, under Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b)(1). The judgment followed ECF No. 344 (the "Order"), adopting Magistrate Judge Boal's Report and Recommendation, ECF No. 338 (the "R&R").

## I. INTRODUCTION

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," which cannot be extended. Fed. R. Civ. P. 59(e), 6(b)(2); *see Banister v. Davis*, 590 U.S. 504, 507-08 (2020). Plaintiff therefore respectfully requests a ruling on this request before October 19, 2026, 28 days after this Court's entry of judgment. If the Court has not ruled by then, Plaintiff requests, in the alternative, that the Court treat this motion as the Rule 59(e) motion.

## II. ARGUMENT

Leave should be granted so that Plaintiff may address a number of errors and oversights in both the R&R and the Order, many unrefuted. Such errors include but are not limited to:

1. **<u>ComplaintsBoard</u>:** The Order resolves the First Claim by reasoning about a single Twitter password-reset page involving one Twitter account as part of one exhibit. Order at 4-5. Yet ***this matter involves an attack on Plaintiff's reputation via multiple platforms using multiple accounts on each***, as clearly pled in the FAC. Three of the eight statements the R&R held capable of defamatory meaning, (aa), (bb) and (cc), were published on ComplaintsBoard, not Twitter. R&R at 17. The Order does not address the ComplaintsBoard evidence at all: Defendant MasMarques's sworn admission that he posted there, ECF No. 237-3 at 3, his California testimony that he had at least "one account" there, ECF No. 1-6 at 335, and ComplaintsBoard's refusal to register two e-mail addresses he used and admitted ownership of because in ComplaintsBoard's words, the "[e]mail already exists." ECF No. 237-9 at 2-3.

2. **<u>Authentication and Rule 701</u>:** The Order conflates ***two different password reset processes*** and treats authentication as requiring irrefutable proof of authorship. Order at 4-5. Authentication asks only whether an item is what it is claimed to be. Fed. R. Evid. 901(a); *United States v. Paulino*, 13 F.3d 20, 23 (1st Cir. 1994). Who sent a communication is "a separate question not within the purview of Rule 901." *United States v. Alicea-Cardoza*, 132 F.3d 1, 5 (1st Cir. 1997). Defendant MasMarques conceded this point. ECF No. 343 at 2-3. It does not address Plaintiff's description of what Twitter's public page displayed, ECF No. 270 ¶ 33, which is his perception. Fed. R. Evid. 701(a). The Order's bracketed alteration of its legal authority changes that authority's subject, and ***the omitted sentence admits personal-knowledge testimony***. *Lunan Pharm. Grp. Co. v. Long Zhao*, Case No. 1:21-cv-10667-MJJ, ECF No. 196 at 1 (D. Mass. Apr. 11, 2025). The Order also describes a message "shown in the email," Order at

5, where no e-mail was involved. If the clause of ECF No. 270 ¶ 47 stating what the evidence indicates is improper opinion, the remedy is to disregard that clause, not the entire exhibit. *Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682 (1st Cir. 1994).

3. **Summary Judgment Standard:** The Order holds that one exhibit "does not prove" an element. Order at 4. On MasMarques's motion, ***the question was whether a reasonable jury could infer authorship***, disregarding "all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). Under Massachusetts law, an account linked to the defendant, together with "confirming circumstances," permits a reasonable jury to find authorship, and a defendant's denial that he wrote the messages goes "to the weight, not the admissibility." *Commonwealth v. Purdy*, 459 Mass. 442, 450-51 (2011). MasMarques's own filings in this Court repeat the content of actionable statements (ii) and (ll): that Plaintiff "threatened to kill President Trump" and that MasMarques reported this to the Secret Service, ECF No. 300 at 13, and that Plaintiff created "plainsite.org with his partner [] in 2011," ECF No. 143 at 4. *See* GSOF ¶ 254; Fed. R. Civ. P. 56(c)(3); Fed. R. Evid. 801(d)(2)(A). And the Order faults Plaintiff for lacking "Twitter's internal records," Order at 5. These are the records his motion at ECF No. 286 sought, which should have been construed under Rule 56(d), especially since Plaintiff is *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A jury would not be required to credit Defendant MasMarques's denial. He swore that "I do not have or use any social media accounts," ECF No. 257-3 ¶ 72, yet an e-mail address he admits using was still tied to an active Twitter/X account in both August and December 2025. ECF Nos. 237-1 at 4, 277-3 at 2. His counsel told this Court that the same e-mail address had not been used "since late 2018," ECF No. 285 at 9, but this was a lie; he listed it on a notice of appeal he filed on February 4, 2020. ECF No. 287-1 at 15. MasMarques then fired his eighth lawyer in this dispute.

4. **<u>The FAC and Rule 56(f)</u>:** The R&R deemed "dispositive" the FAC's supposed failure to name accounts, R&R at 18, ***even though the FAC names them*** at ¶¶ 61, 74, 89, and 91-94. Defendant MasMarques never moved on that ground. Plaintiff should have been able to respond to the Court, and the Order does not address Rule 56(f)(2). *See Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir. 1996). Defendant MasMarques himself cited FAC ¶¶ 91-92 as naming "the Twitter handles Plaintiff speculates belong to Defendant." ECF No. 257-1 at 22.

5. **<u>Malicious Prosecution</u>:** Neither the R&R nor the Order measure addresses MasMarques's California TRO cross-request, which was properly pleaded, FAC ¶¶ 118, 131, 208, 144, and which MasMarques himself addressed *in his malicious-prosecution arguments*, ECF No. 257-1 at 13, 29-30. His appeal from its denial was twice dismissed for failure to procure the record, finally in August 2021, with remittitur in late 2021. MResp. ¶¶ 140-142. Under Massachusetts law the claim accrues on termination of the underlying civil proceeding, *Billings v. Commerce Ins. Co.*, 458 Mass. 194, 199 (2010), and an appealed proceeding is pending until the appeal is disposed of, Order at 6 (quoting *Gulf Refin. Co. v. United States*, 269 U.S. 125, 137 (1925)). "If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail." Restatement (Second) of Torts § 674 cmt. j (1977).

6. **<u>IIED</u>:** Due to MasMarques, Plaintiff was improperly detained by federal agents; investigated by state authorities, restricting his ability to drive; reported to police repeatedly on false pretenses; repeatedly audited; and MasMarques also admits he attempted to have Plaintiff placed in a psychiatric institution at least twice. This meets the "beyond all possible bounds of decency" standard. The Order treats this as dispositive, Order at 8, although the R&R made findings only on the distress element and described the conduct as "no doubt distressing." R&R at 13 n.23. Intentional infliction requires no bodily harm, *Agis v. Howard Johnson Co.*, 371

Mass. 140, 144 (1976), and the objective-symptom requirement the Order applies belongs to negligent infliction, *Payton v. Abbott Labs*, 386 Mass. 540, 556 (1982).

7. **<u>156-Day-Late Rule 56.1 Response</u>:** With no excusable neglect analysis, the Court lacked discretion to accept MasMarques's months-late response to Plaintiff's statement of facts. Order at 4 n.4. *Perry v. Wolaver* deferred to a finding of excusable neglect for a filing "approximately 7 days late." *Id.* Here, the Rule 56.1 response was filed June 25, 2026, ***156 days late***, without any motion or finding of excusable neglect. Plaintiff's statement of facts must therefore be deemed admitted, L.R. 56.1, including GSOF ¶ 121. MasMarques's extension was expressly premised on his "pro se status," ECF No. 309, although ***he was represented by counsel at all relevant times uninterrupted throughout summary judgment briefing***. ECF No. 313. Notably, Plaintiff's *pro se* January request for seven days of discovery was denied as untimely. ECF No. 303. This, after Plaintiff had only three months of real discovery because MasMarques filed his Amended Answer at ECF No. 178, the first to comply with the Rules, over a year late.

8. **<u>Discovery</u>:** Plaintiff served X Corp. by certified mail, and both its inside and outside counsel also confirmed that they received the subpoena by e-mail. ECF No. 229 at 3. This Court has held mail service proper, without leave, where it is "reasonably calculated to complete delivery" and the recipient "received actual notice." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 1:13-md-02419, ECF No. 572 (D. Mass. Nov. 13, 2013) (Boal, M.J.). The subpoena went unenforced. ECF Nos. 229, 283. MasMarques opposed a neutral forensic examination of his devices, ECF No. 242 at 6, and then argued that Plaintiff "offers no expert testimony, forensic analysis, or platform authentication." ECF No. 285 at 9.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file a motion pursuant to Federal Rule of Civil Procedure 59(e) or in the alternative 60(b)(1).

Dated: September 23, 2026 Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that on September 23, 2026, I conferred with Defendant Diego MasMarques, Jr. regarding this motion in a good faith effort to resolve this issue and/or to narrow the issues. He did not consent to its filing.

Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
Mediolex, Ltd.
Astrad, Ltd.
Sergei Igorevich Kudriavtsev
X Corp.

________________________________
Aaron Greenspan