**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**AARON GREENSPAN**,

Plaintiff,

v.

**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,

Defendants.

Case No.: 1:23-cv-10134-DJC

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO ALTER OR AMEND JUDGMENT AS TO DEFENDANTS KUDRIAVTSEV, MEDIOLEX, LTD. AND ASTRAD, LTD. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e), OR IN THE ALTERNATIVE, RULES 60(b)(1) AND (3)**

Pursuant to this Court's pre-filing orders, ECF Nos. 78, 119, and 334, Plaintiff Aaron Greenspan respectfully requests leave to file a motion under Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b)(1) and (3), to alter or amend the judgment entered on September 21, 2026, ECF No. 345, insofar as it incorporates the dismissal of Defendants Sergei Igorevich Kudriavtsev, Mediolex, Ltd. ("Mediolex") and Astrad, Ltd. (the "ComplaintsBoard Defendants") for lack of personal jurisdiction. ECF No. 118 at 13-22. This request is separate from Plaintiff's pending request concerning Defendant MasMarques, ECF No. 346, because the proposed motion concerns different parties and a different underlying ruling.

## I. INTRODUCTION

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," which cannot be extended. Fed. R. Civ. P. 59(e), 6(b)(2); *see Banister v. Davis*, 590 U.S. 504,

507-08 (2020). Plaintiff therefore respectfully requests a ruling on this request before October 19, 2026. If the Court has not ruled by then, Plaintiff requests, in the alternative, that the Court treat this motion as the Rule 59(e) motion.

## II. ARGUMENT

Leave should be granted because the dismissal of the ComplaintsBoard Defendants rests on grounds the Court has never addressed:

1. **Waiver:** Before any lawyer appeared for him, Defendant Kudriavtsev moved to vacate the default against himself and Mediolex without objecting to jurisdiction, ECF No. 25, and then answered on the merits, offering to "fully engage in the Deposition process" and committing to remove posts "should the court find it requisite to do so." ECF No. 56 at 2. A defendant must raise personal jurisdiction in his "first defensive move." *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983); Fed. R. Civ. P. 12(h)(1). The later motion to dismiss the amended complaint, ECF No. 95, could not revive it. "An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended." *Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974). *See also Pruco Life Ins. Co. v. Wilmington Tr. Co.*, 616 F. Supp. 2d 210, 214-16 (D.R.I. 2009). Kudriavtsev's jurisdictional defense was available when the initial Complaint was filed, and Plaintiff raised his waiver at ECF No. 122, six days after ECF No. 118 entered. The Court denied leave to file a motion on that ground without ever addressing it. ECF No. 131.

2. **Misrepresentations:** The ComplaintsBoard Defendants told the Court that "none of the Mediolex Defendants have any contacts with Massachusetts." ECF No. 95 at 3. At the hearing, their counsel said, "There's not indexing going on of Massachusetts companies, any of that." ECF No. 116-1 at 25 (Tr. 22:5-6). This was false. In addition, at the time, ComplaintsBoard was displaying replies to complaints from *Boston Globe* subscribers under the

heading "The Boston Globe response," on a profile marked "Verified," although the *Globe* had "never engaged this site." *Id.* at 48, 51-52. The Court held that ComplaintsBoard "is not soliciting business from residents in Massachusetts," ECF No. 118 at 14, and denied as moot Plaintiff's request to seek sanctions without reaching the misrepresentations. *Id.* at 22 n.4.

3. **Lost Discovery:** The dismissal put ComplaintsBoard's records beyond reach. Plaintiff sought to serve a Rule 45 subpoena for the account information of 218 ComplaintsBoard accounts that posted about him. ECF No. 194. It was refused because "Judge Casper dismissed Mediolex as a defendant for lack of personal jurisdiction." ECF No. 203; *see* ECF No. 281. As parties, the ComplaintsBoard Defendants would have been required to answer discovery served under Rules 26 and 5. The R&R then held that Plaintiff's failure to name "the exact Twitter or ComplaintsBoard account that authored the subject posts" was "dispositive in and of itself." ECF No. 338 at 18. Misconduct that "substantially interfered with [a party's] ability fully and fairly to prepare for, and proceed at, trial" warrants relief. *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005) (quotation omitted); Fed. R. Civ. P. 60(b)(3).

4. **Relief Sought:** The proposed motion asks the Court to vacate the dismissal and reinstate the claims against the ComplaintsBoard Defendants or, at a minimum, to permit limited jurisdictional discovery. Plaintiff does not anticipate that it would exceed the twenty-page limit. Civil Local Rule 7.1(b)(4).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file a motion to alter or amend the judgment as to the ComplaintsBoard Defendants pursuant to Federal Rule of Civil Procedure 59(e) or in the alternative 60(b)(1) and (3).

Dated: October 15, 2026 Respectfully submitted,

_______________________________
Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that on October 14, 2026, I attempted to confer by e-mail with the ComplaintsBoard Defendants at ivestules@gmail.com, editor.complaintsboard@gmail.com, legal@complaintsboard.com, editor@complaintsboard.com, and support@complaintsboard.com, and attempted to confer with Defendant Diego MasMarques, Jr., regarding this motion in a good faith effort to resolve this issue and/or to narrow the issues. Plaintiff received no response.

_______________________________
Aaron Greenspan, *pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
X Corp.

I further certify that on October 15, 2026, I delivered the foregoing via e-mail to ivestules@gmail.com, and by international first-class mail addressed to each of them at Mediolex, Ltd., Darzauglu 1-303, Riga, Latvia, to the following former defendants in this action:

Sergei Igorevich Kudriavtsev
Mediolex, Ltd.
Astrad, Ltd.

Aaron Greenspan
_______________________
Aaron Greenspan