**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>Plaintiff,<br><br>v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT AND SUPPLEMENT TO MOTION FOR LEAVE TO FILE MOTION TO ALTER OR AMEND JUDGMENT, ECF NO. 346**

Pursuant to this Court's pre-filing orders, ECF Nos. 78, 119, and 334, and Local Rule 7.1(b)(4), Plaintiff Aaron Greenspan respectfully requests leave to file his proposed motion to alter or amend the judgment entered on September 21, 2026, ECF No. 345, under Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b)(1), in a memorandum not exceeding twenty-five pages. In particular, Plaintiff wishes to brief the Massachusetts Supreme Judicial Court's tolling of all civil limitations periods during the COVID-19 pandemic by at least 106 days as to civil state law claims. Plaintiff also intends to file a separate motion for leave, and if granted, a separate motion for relief, regarding the ComplaintsBoard defendants.

## I. INTRODUCTION

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," which cannot be extended. Fed. R. Civ. P. 59(e), 6(b)(2); *see Banister v. Davis*, 590 U.S. 504,

507-08 (2020). Plaintiff therefore respectfully requests a ruling on this motion and on ECF No. 346 before October 19, 2026. If the Court has not ruled by then, Plaintiff requests, in the alternative, that the Court treat ECF No. 346, as supplemented by this motion, as the Rule 59(e) motion.

## II. ARGUMENT

Leave should be granted for the following reasons:

1. **<u>COVID-19 Tolling</u>:** The R&R measured every claim against a single cutoff: "for a claim to survive the tort statute of limitations, the cause of action must have accrued typically no earlier than January 20, 2020." R&R at 10. The Order adopted that finding. Order at 6-8. Both the R&R and the Order are wrong in their analysis. They omit any mention of the Supreme Judicial Court's order that "[a]ll civil statutes of limitations were tolled . . . from March 17, 2020, through June 30, 2020." Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144, ¶ 13 (Mass. June 24, 2020). The Supreme Judicial Court's order reaches every limitations period that had not expired by March 17, 2020. *Shaw's Supermarkets, Inc. v. Melendez*, 488 Mass. 338, 342 (2021) ("'[a]ll' means all"). It added 106 days, so a claim that accrued on or after October 6, 2019 was timely when this action was filed. Under the correct cutoff, statement (y), published on ComplaintsBoard in November 2019, is timely, FAC ¶ 99(y); the proceeding Defendant MasMarques initiated with the California Department of Motor Vehicles terminated in Plaintiff's favor after October 11, 2019, GSOF ¶¶ 180-183; and the notice e-mail on which the Twelfth Claim rests was sent on October 20, 2019. FAC ¶ 191. Timeliness was before the Court on every claim, and the Court "retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). Plaintiff invoked Order OE-144 earlier in this action. ECF No. 108 at 15-16.

2. **Additional Pages:** The Order rests in part on grounds that appear for the first time in the Order itself, and on grounds adopted from Defendant MasMarques's response to Plaintiff's objections, ECF No. 343, to which Plaintiff had no opportunity to reply. The proposed motion addresses the limitations cutoff common to every claim and four separate claims: the First (libel), Second (c. 258E), Fifth (malicious prosecution) and Fourteenth (intentional infliction of emotional distress). Plaintiff has already narrowed it by removing the issues concerning the ComplaintsBoard Defendants, which are the subject of a separate request.

3. **No Prejudice:** Defendant MasMarques has already opposed ECF No. 346, ECF No. 347, and will have a full opportunity to respond to the motion itself. Five additional pages or fewer will not prejudice him.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file a motion pursuant to Federal Rule of Civil Procedure 59(e) or in the alternative 60(b)(1), not exceeding twenty-five pages, raising the grounds described in ECF No. 346 and in this motion.

Dated: October 15, 2026

Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

**CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)**

I certify that on October 14, 2026, I attempted to confer by e-mail with Defendant Diego MasMarques, Jr. regarding this motion in a good faith effort to resolve this issue and/or to narrow the issues. As of filing, he had not responded.

Aaron Greenspan, *pro se*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 15, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
X Corp.

I further certify that on October 15, 2026, I delivered the foregoing via e-mail to ivestules@gmail.com and support@complaintsboard.com, and by international first-class mail addressed to each of them at Mediolex, Ltd., Darzauglu 1-303, Riga, Latvia, to the following former defendants in this action:

Sergei Igorevich Kudriavtsev
Mediolex, Ltd.
Astrad, Ltd.

Aaron Greenspan