**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AARON GREENSPAN**,<br><br>Plaintiff,<br><br>v.<br><br>**DIEGO MASMARQUES, JR. a/k/a DIEGO MAS HOWARD a/k/a RICKY MAS MARQUES a/k/a JACK JONES**, **SERGEI IGOREVICH KUDRIAVTSEV**, **MEDIOLEX, LTD.**, and **ASTRAD, LTD.**,<br><br>Defendants. | Case No.: 1:23-cv-10134-DJC |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AS TO DEFENDANTS KUDRIAVTSEV, MEDIOLEX, LTD. AND ASTRAD, LTD. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e), OR IN THE ALTERNATIVE, RULE 60(b)(1) AND (3)**
**[LODGED CONDITIONALLY PENDING RULING ON PLAINTIFF'S MOTION FOR LEAVE, ECF NO. 348]**

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Legal Standard .......... 1

B. Kudriavtsev Waived Any Objection To Personal Jurisdiction On Behalf of Himself and His Alter-Egos .......... 2

1. His First Two Defensive Moves Did Not Raise The Defense .......... 2

2. The First Amended Complaint Did Not Revive The Defense .......... 3

3. The Waiver Binds Mediolex and Astrad .......... 4

4. The Court Has Never Addressed The Waiver .......... 4

C. The Dismissal Rests On Misrepresentations About The ComplaintsBoard Defendants' Massachusetts Contacts .......... 5

1. Counsel Told The Court The ComplaintsBoard Defendants Had No Massachusetts Contacts .......... 5

2. ComplaintsBoard Was Answering Complaints In The Name Of The Boston Globe .......... 5

3. The Misrepresentations Substantially Interfered With Plaintiff's Case .......... 6

III. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Cryovac, Inc.*,
862 F.2d 910, 923-24 (1st Cir. 1988) ........ 2, 6, 8

*Banister v. Davis*,
590 U.S. 504, 508 (2020) ........ 1

*Glater v. Eli Lilly & Co.*,
712 F.2d 735, 738 (1st Cir. 1983) ........ 2

*Global NAPs, Inc. v. Verizon New England, Inc.*,
489 F.3d 13, 25 (1st Cir. 2007) ........ 2

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770, 774 (1984) ........ 6

*Kemp v. United States*,
596 U.S. 528, 535 (2022) ........ 2

*Krinsk v. SunTrust Banks, Inc.*,
654 F.3d 1194, 1202 (11th Cir. 2011) ........ 3

*Mallory v. Norfolk S. Ry. Co.*,
600 U.S. 122, 144 (2023) ........ 2

*NML Cap. Ltd. v. Republic of Argentina*,
Case No. 2:14-cv-492-RFB-VCF, 2014 WL 3898021, at 9 (D. Nev. Aug. 11, 2014) ........ 8

*O'Brien v. R.J. O'Brien & Assocs., Inc.*,
998 F.2d 1394, 1398-1400 (7th Cir. 1993) ........ 3, 4

*Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*,
953 F.2d 21, 25 (1st Cir. 1992) ........ 2

*Roger Edwards, LLC v. Fiddes & Son Ltd.*,
427 F.3d 129, 134-35 (1st Cir. 2005) ........ 2, 6

*Rowley v. McMillan*,
502 F.2d 1326, 1333 (4th Cir. 1974) ........ 3

*SEC v. Gastauer*,
93 F.4th 1, 6 (1st Cir. 2024) ........ 2

*Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*,
116 F.3d 962, 964 (1st Cir. 1997) ........ 8

*Tiller v. Baghdady*,
294 F.3d 277, 280 (1st Cir. 2002) ........ 2

*United States v. 51 Pieces of Real Prop.*,
17 F.3d 1306, 1314 (10th Cir. 1994) ........ 3

*White v. N.H. Dep't of Emp. Sec.*,
455 U.S. 445, 450 (1982) ........ 1

**Statutes**

47 U.S.C. § 230 ........ 3

**Rules**

Federal Rule of Civil Procedure 5 ........ 7
Federal Rule of Civil Procedure 5(b)(2)(C) ........ 7
Federal Rule of Civil Procedure 12(g)(2) ........ 3
Federal Rule of Civil Procedure 12(h)(1)(A) ........ 3
Federal Rule of Civil Procedure 12(h)(1)(B) ........ 3
Federal Rule of Civil Procedure 26 ........ 7
Federal Rule of Civil Procedure 26(b)(1) ........ 7
Federal Rule of Civil Procedure 33(a)(1) ........ 7
Federal Rule of Civil Procedure 34(a) ........ 7
Federal Rule of Civil Procedure 45 ........ 7
Federal Rule of Civil Procedure 59(e) ........ 1
Federal Rule of Civil Procedure 60(b)(1) ........ 1, 2
Federal Rule of Civil Procedure 60(b)(3) ........ 1, 2, 6, 9

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2004) ........ 3

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b)(1) and (3), Plaintiff Aaron Greenspan respectfully moves the Court to alter or amend the judgment entered on September 21, 2026, ECF No. 345, insofar as it incorporates the dismissal of Defendants Sergei Igorevich Kudriavtsev, Mediolex, Ltd. and Astrad, Ltd. (the "ComplaintsBoard Defendants") for lack of personal jurisdiction. ECF No. 118 at 13-22. That interlocutory ruling merged into the judgment. Plaintiff's motion concerning Defendant MasMarques is filed separately. This motion concerns different parties and a different ruling.

Two grounds support relief. First, Defendant Kudriavtsev waived any objection to personal jurisdiction before any lawyer appeared for him, and the Court has never addressed that waiver. Second, the dismissal rests on representations by the ComplaintsBoard Defendants' counsel that they had no contacts with Massachusetts and did not index Massachusetts companies. At the time, ComplaintsBoard was displaying replies to complaints from subscribers of *The Boston Globe* under the heading "The Boston Globe response," on a profile it had marked "Verified." The *Globe* had never engaged the site; the representations were fabricated. The dismissal then placed ComplaintsBoard's records beyond the reach of discovery, including records Plaintiff needed to tie Defendant MasMarques to libelous posts at issue. ECF No. 203.

## II. ARGUMENT

### A. Legal Standard

Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Relief is available where "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Global NAPs, Inc. v. Verizon New England, Inc.*, 489 F.3d 13,

25 (1st Cir. 2007). This motion is filed within 28 days of the judgment. Fed. R. Civ. P. 59(e). In the alternative, Rule 60(b)(1) permits relief from "mistake," which "includes legal errors made by judges." *Kemp v. United States*, 596 U.S. 528, 535 (2022). Rule 60(b)(3) permits relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The movant must prove the misconduct by clear and convincing evidence and show that it "substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial." *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134-35 (1st Cir. 2005) (quoting *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002)); *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923-24 (1st Cir. 1988).

### B. Kudriavtsev Waived Any Objection To Personal Jurisdiction On Behalf of Himself and His Alter-Egos

#### 1. His First Two Defensive Moves Did Not Raise The Defense

"[P]ersonal jurisdiction is a personal defense that may be waived or forfeited." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 144 (2023) (plurality opinion). A party forfeits it by "express submission, conduct, or failure to assert the defense." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992). A defendant who wishes to contest personal jurisdiction "must do so in [his] first defensive move, be it a Rule 12 motion or a responsive pleading." *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983); *accord SEC v. Gastauer*, 93 F.4th 1, 6 (1st Cir. 2024).

Defendant Kudriavtsev made two defensive moves before any lawyer appeared for him, and neither raised the defense. The first was his motion to vacate the default against "Sergei Kudriavtsev and Mediolex Ltd," which he signed for both. ECF No. 25 at 1, 5. It objected only that Plaintiff had used the wrong postal address for service, and asked the Court to "allow me to file a response to the initial complaint once I have been properly served." *Id.* A motion to vacate a default is a defensive move, and a defendant who omits the jurisdictional objection from

it waives the objection. *United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1314 (10th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398-1400 (7th Cir. 1993). Having objected to service and omitted any objection to jurisdiction, Kudriavtsev could not raise it later by motion. *See* Fed. R. Civ. P. 12(g)(2), (h)(1)(A).

His second defensive move was his Answer. ECF No. 56. It asserted a defense on the merits under 47 U.S.C. § 230 and no jurisdictional defense. *Id.* at 1-2. It went further, stating, "I, Serguei Kudriavtsev, stand ready to fully engage in the Deposition process through a video conference. Furthermore, I commit to overseeing the removal of all posts pertaining to Aaron Greenspan from ComplaintsBoard.com, should the court find it requisite to do so." *Id.* at 2. An offer to be deposed in this action, as well as a commitment to carry out whatever removal this Court finds necessary, is an express acceptance of the Court's authority. An answer that omits the defense waives it. Fed. R. Civ. P. 12(h)(1)(B).

**2. The First Amended Complaint Did Not Revive The Defense**

Counsel first raised personal jurisdiction in the motion to dismiss the First Amended Complaint ("FAC"), filed October 3, 2023. ECF No. 95. An amended complaint does not revive a waived jurisdictional defense. "An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended." *Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) (personal jurisdiction); *see Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2004))). *Krinsk* allows a defendant to plead anew when an amendment "changes the theory or scope of the case," *id.* (citation omitted),

but personal jurisdiction concerns the defendant's relationship with the forum, not the theory of the claims. The FAC did not change Kudriavtsev's relationship with Massachusetts.

**3. The Waiver Binds Mediolex and Astrad**

Kudriavtsev is the ultimate beneficial owner of Mediolex and Astrad and, by his own sworn account, "the person who makes the decision" regarding ComplaintsBoard. FAC ¶ 22. He moved to vacate the default against "Sergei Kudriavtsev and Mediolex Ltd" in his own name, signed as both, called Mediolex's Riga address "my correct postal address," and described ComplaintsBoard's former lawyer as the attorney "that represented us." ECF No. 25 at 1-3, 5. He committed in the first person to "overseeing the removal of all posts" from ComplaintsBoard. ECF No. 56 at 2. All three later appeared through the same counsel, who served them at the personal e-mail address Kudriavtsev uses in his own correspondence and withdrew for all three at once. ECF No. 115 at 1, 3; ECF No. 25 at 4. At a minimum, Kudriavtsev's waiver requires reinstatement of the claims against him.

**4. The Court Has Never Addressed The Waiver**

Plaintiff raised the waiver six days after ECF No. 118 entered, while that order remained subject to revision. ECF No. 122 (citing ECF Nos. 25, 56). The Court denied leave to file the request, together with Plaintiff's motion for leave to seek reconsideration, in a single electronic order that did not address the waiver. ECF No. 131. The question has never been decided. Plaintiff did not raise it in opposing the motion to dismiss, ECF No. 108, but once a defendant has "submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction." *O'Brien*, 998 F.2d at 1399.

### C. The Dismissal Rests On Misrepresentations About The ComplaintsBoard Defendants' Massachusetts Contacts

#### 1. Counsel Told The Court The ComplaintsBoard Defendants Had No Massachusetts Contacts

The motion to dismiss stated that "none of the Mediolex Defendants have any contacts with Massachusetts," and that they had not "solicited business from Massachusetts" or "engaged in business in Massachusetts." ECF No. 95 at 3. It called the "Top Ten" page "the only link Plaintiff alleges between Mediolex and Massachusetts." *Id.* at 6. At the hearing, counsel went further. Asked about the Massachusetts vendors on which Plaintiff alleged ComplaintsBoard relies, he answered: "Well, first, it's factually false. There are no vendors here. There's not indexing going on of Massachusetts companies, any of that." ECF No. 116-1 at 25 (Tr. 22:4-6). He added that "there is no business that's being transacted," and that "the Mediolex defendants aren't aware of any contacts that they have with Massachusetts." *Id.* at 24-25 (Tr. 21:13-14, 22:21-23).

The Order adopted the substance of these statements. It held that ComplaintsBoard "is not soliciting business from residents in Massachusetts," ECF No. 118 at 14, that Plaintiff had not shown "what business they solicit," *id.* at 15, and that MasMarques's use of the website did not give the ComplaintsBoard Defendants contacts with Massachusetts, *id.* at 19.

#### 2. ComplaintsBoard Was Answering Complaints In The Name Of *The Boston Globe*

As of December 22, 2023, ComplaintsBoard's profile page for *The Boston Globe* bore a "Verified" badge and reported that the *Globe* had resolved 13 of 15 complaints, concluding that "The Boston Globe offers excellent customer service." ECF No. 116-1 at 2, 51. The complaints came from *Globe* subscribers about home delivery, billing and cancellation. Replies appeared beneath them under the *Globe*'s logo and the heading "The Boston Globe response," such as: "I apologize for any inconvenience you have incurred. I have contacted our delivery manager and

will continue to follow up on your delivery." *Id.* at 52. ComplaintsBoard tells businesses that claiming a profile lets them "leave official public responses." ECF No. 25 at 2. But the *Globe*'s counsel confirmed, "To our knowledge we've never engaged this site," and the *Globe* then sent ComplaintsBoard a notice requesting removal. ECF No. 116-1 at 48. By February 8, 2024, the complaints were gone, but the "Verified" profile remained. *Id.* at 65.

Displaying replies in the name of a Massachusetts newspaper, to that newspaper's subscribers, under a badge indicating that ComplaintsBoard had verified its profile, is the indexing of a prominent Massachusetts company and a contact with Massachusetts. It is not "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). It deceived and continues to deceive[1] Massachusetts readers, and a State "may rightly employ its libel laws to discourage the deception of its citizens." *Id.* at 776.

### 3. The Misrepresentations Substantially Interfered With Plaintiff's Case

These were statements of fact, made to the Court in the course of this litigation, about the defendants' own business. That is the conduct with which Rule 60(b)(3) is principally concerned. *Roger Edwards*, 427 F.3d at 134 (distinguishing "fraud or misstatements perpetrated in the course of litigation" from fraud in the underlying dispute). They were not "bland denials" addressed to an adversary or "the assertion of a legal position." *Id.* at 136-37. The ComplaintsBoard Defendants knew what their own website displayed. Whoever wrote the replies, ComplaintsBoard marked the profile "Verified," displayed the replies as the *Globe*'s, and removed the complaints when the *Globe* objected. Where misconduct is knowing, substantial interference may be presumed. *Anderson*, 862 F.2d at 925-26; *see Roger Edwards*, 427 F.3d at 136.

---

[1] *See* https://www.complaintsboard.com/the-boston-globe-b133870.

Even without a presumption, the interference was substantial. Misconduct substantially interferes with a case where it "precluded inquiry into a plausible theory" or "denied [the movant] access to evidence that could well have been probative on an important issue." *Anderson*, 862 F.2d at 925. Plaintiff could not test these statements. No jurisdictional discovery took place. The statements were made in a brief and at oral argument by an out-of-state attorney who immediately thereafter left his law firm and ceased working as a litigator, not in a declaration subject to cross-examination. Plaintiff captured the *Globe* profile two months after the hearing and brought it to the Court's attention three weeks later. ECF No. 114 at 2. Counsel did not correct the record. On the day he moved to withdraw, Plaintiff asked whether he stood by everything he had filed and argued. He replied: "Of course I stand by everything I said/filed/argued in court." ECF No. 116-1 at 72; *see* ECF No. 115. The Court then dismissed for lack of jurisdiction and, on that basis, denied as moot Plaintiff's request for leave to seek sanctions, without reaching the misrepresentations. ECF No. 118 at 22 n.4. They were never tested, never corrected and never adjudicated.

The dismissal also cost Plaintiff the discovery on which his claims against Defendant MasMarques depended. As parties, the ComplaintsBoard Defendants would have been required to answer interrogatories and document requests served on them under Rules 26 and 5, rather than Rule 45, wherever they are located. Fed. R. Civ. P. 5(b)(2)(C), 26(b)(1), 33(a)(1), 34(a). As dismissed foreign nonparties, they were beyond the reach of a Rule 45 subpoena. In June 2025, Plaintiff sought leave to serve Mediolex by e-mail with a Rule 45 subpoena for the owner name, e-mail address, telephone number, IP address, sign-up date and last date of access of 218 ComplaintsBoard accounts that had posted about him. ECF Nos. 188, 194; Ex. A. Plaintiff pointed out that Kudriavtsev had already submitted to the Court's jurisdiction. ECF No. 194 at 3. The request was denied because "Judge Casper dismissed Mediolex as a defendant for lack of

personal jurisdiction," and "the only people who cannot be served under Rule 45 are foreign nationals residing in a foreign country." ECF No. 203 (citing ECF No. 118 at 22, and quoting *NML Cap. Ltd. v. Republic of Argentina*, Case No. 2:14-cv-492-RFB-VCF, 2014 WL 3898021, at *9 (D. Nev. Aug. 11, 2014)). The Court overruled Plaintiff's timely objection. ECF No. 281.

Those records went to the question on which the case against Defendant MasMarques was decided. The R&R held that Plaintiff "fails to name the exact Twitter or ComplaintsBoard account that authored the subject posts," and that "[t]his failure is dispositive in and of itself." ECF No. 338 at 18. Defendant MasMarques argued that Plaintiff offered no "platform authentication tying Defendant to the accounts at issue." ECF No. 285 at 9. Three of the eight statements the R&R held capable of defamatory meaning were published on ComplaintsBoard. ECF No. 338 at 17. The dismissal obtained through the misrepresentations removed the one source that could have identified the accounts behind those statements. That is the denial of "access to evidence that could well have been probative on an important issue" that *Anderson* describes. 862 F.2d at 925.

At a minimum, the Court should vacate the dismissal and permit limited jurisdictional discovery. "[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997). Plaintiff has been diligent. He raised the waiver, the *Globe* profile and the need for ComplaintsBoard's records at each opportunity. ECF Nos. 114, 116, 122, 188, 194, 211. That discovery should cover the *Globe* profile, its "Verified" status, the source of the replies posted under the *Globe*'s name, and ComplaintsBoard's other dealings with Massachusetts businesses and residents.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court alter or amend the judgment, ECF No. 345, to vacate the dismissal of the claims against Defendant Kudriavtsev, and against Mediolex, Ltd. and Astrad, Ltd. as his alter egos, ECF No. 118 at 13-22, and to reinstate those claims. In the alternative, Plaintiff requests that the Court vacate that dismissal under Rule 60(b)(3) and permit limited jurisdictional discovery into the ComplaintsBoard Defendants' contacts with Massachusetts.

Dated: October 18, 2026

Respectfully submitted,

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

**<u>CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 7.1(a)(2)</u>**

Plaintiff attempted to confer with Defendants Kudriavtsev, Mediolex, Ltd. and Astrad, Ltd. regarding this filing by e-mail to ivestules@gmail.com on October 13, 2026 and editor.complaintsboard@gmail.com, legal@complaintsboard.com, editor@complaintsboard.com, and support@complaintsboard.com on October 14, 2026. They did not respond.

Aaron Greenspan

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2026 I filed the foregoing with the Clerk of Court using the CM/ECF system to the following defendants and non-parties in this action:

Diego MasMarques, Jr.
X Corp.

I further certify that on October 18, 2026, I delivered the foregoing via e-mail to ivestules@gmail.com, editor.complaintsboard@gmail.com, editor@complaintsboard.com, legal@complaintsboard.com, support@complaintsboard.com, and by international first-class mail addressed to each of the following former defendants in this action at Darzauglu 1-303, Riga, LV-1012, Latvia:

Sergei Igorevich Kudriavtsev
Mediolex, Ltd.
Astrad, Ltd.

Aaron Greenspan
Aaron Greenspan